The information available on Case.net is provided as a service and is not considered an official court record.

Case.net: - Docket Entries

| Respond to Selected Documents |     Sort by date: Descending Ascending     Display options: All Entries ⌄

**05/22/2026**

**Entry of Appearance Filed**

Entry of Appearance - Matthew Clement; Electronic Filing Certificate of Service.
**Filed By:** MATTHEW ALAN CLEMENT
**On Behalf Of:** RICKEY L. HENDERSON, JANE HENDERSON

**05/12/2026**

**Note to Clerk eFiling**

**Filed By:** MARTIN L DAESCH

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** MARTIN L DAESCH
**On Behalf Of:** RICKEY L. HENDERSON, JANE HENDERSON

**Judge/Clerk - Note**

Please remit $6.50 for filing fees to proceed with case processing.

**05/11/2026**

**Filing Info Sheet eFiling**

**Filed By:** JESSE BARRETT ROCHMAN

**Pet Filed in Circuit Ct**

Petition; Ex. 1 - Saber Petition for Deficiency; Ex. 2 - Henderson Counterclaim; Ex. 3 - Declarations for 2011-2012 Policy; Ex. 4 - Declarations for 2012-2013 Policy; Ex. 5 - Declarations for 2013-2014 Policy; Ex. 6 - Declarations for 2014-2015 Policy; Ex. 7 - Declarations for 2015-2016 Policy; Ex. 8 - Declarations for 2016-2017 Policy; Ex. 9 - Unicover VI Insurance Policy; Ex. 10 - Disclaimer Letter; Ex. 11 - Final Judgment; Ex. 12 - Post-Judgment Agreement.
**Filed By:** JESSE BARRETT ROCHMAN
**On Behalf Of:** RICKEY L. HENDERSON, JANE HENDERSON

Close                                                                           *Exhibit A*

Electronically Filed - COLE CIRCUIT - May 22, 2026 - 02:33 PM

## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | | |
|---|---|---|
| RICKEY L. HENDERSON & | ) | |
| JANE HENDERSON, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 26AC-CC00235 |
| | ) | |
| | ) | |
| UNIVERSAL UNDERWRITERS | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ENTRY OF APPEARANCE

Comes now Matthew A. Clement of Clement, Van Ronzelen & Schulte LLC, and enters his appearance on behalf of Plaintiffs Rickey L. Henderson and Jane Henderson.

Respectfully Submitted,

/s/*Matthew A. Clement*
Matthew A. Clement          #43833
CLEMENT, VAN RONZELEN &
SCHULTE, LLC
630 Bolivar Street; Suite 101
Jefferson City, Missouri 65101
(573) 691-4800 (phone)
(573) 298-4212 (fax)
mclement@cvrslaw.com

*Attorneys for Plaintiffs*

Electronically Filed - COLE CIRCUIT - May 22, 2026 - 02:33 PM

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, the foregoing was electronically filed with the Clerk of the Court of Cole County, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.


/s/ Matthew A. Clement
For the Firm

Electronically Filed - COLE CIRCUIT - May 12, 2026 - 10:05 AM

**IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**

RICKEY L. HENDERSON &
JANE HENDERSON,

     Plaintiffs,

v.

Universal Underwriters Insurance Company,

     Defendant.

Case No. 26AC-CC00235

<u>**ENTRY OF APPEARANCE**</u>

COMES NOW Martin L. Daesch of OnderLaw, LLC, and hereby enters his appearance on behalf of Plaintiffs Rickey L. Henderson and Jane Henderson.

**ONDERLAW, LLC**

By:   */s/ Martin L. Daesch*
     Martin L. Daesch, #40494 110
     E. Lockwood Ave.
     St. Louis, MO 63119
     (314) 963-9000 (telephone)
     (314) 963-1700 (facsimile)
     daesch@onderlaw.com
     *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 12, 2026, the foregoing pleading was filed electronically to be served by operation of the Court's electronic mailing system upon all attorneys of record.

*/s/ Martin L. Daesch*

1

Electronically Filed - COLE CIRCUIT - May 12, 2026 - 10:05 AM

**ONDERLAW, LLC**

By:    /s/ *Jesse B. Rochman*
         Martin L. Daesch, #40494
         Jesse B. Rochman, #60712
         Craig W. Richards, #67262
         110 E. Lockwood Ave.
         St. Louis, MO 63119
         (314) 963-9000 (telephone)
         (314) 963-1700 (facsimile)
         daesch@onderlaw.com
         rochman@onderlaw.com
         richards@onderlaw.com

2

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

RICKEY L. HENDERSON &
JANE HENDERSON,

     Plaintiffs,

v.

Universal Underwriters Insurance Company,

     Defendant.

Case No.

**HOLD FOR SERVICE**

### Petition

Rickey L. Henderson & Jane Henderson ("Plaintiffs" or "Hendersons"), through the undersigned counsel, sue Universal Underwriters Insurance Company ("Universal"):

### Background

1. Saber Acceptance Company, LLC ("Saber") sued Plaintiffs for a deficiency judgment on November 16, 2015. A copy of Saber's petition is attached as **Exhibit 1** ("Petition").

2. Hendersons counterclaimed against Saber for themselves and a class of similarly situated consumers. A copy of Hendersons' counterclaim against Saber is attached as **Exhibit 2** ("Counterclaim").

3. Universal issued insurance policies to Saber. Copies of the declaration pages for the known policies are attached as **Exhibits 3–8**.

4. A copy of the provisions for each coverage part in **Exhibits 3–8** is attached as **Exhibit 9**.

5. Around March 3, 2016, Universal (through Patti Gay) had a conversation with Saber regarding available coverage for the Counterclaim.

1

6.    Around March 3, 2016, Universal disclaimed coverage for the Counterclaim. A copy of the disclaimer letter is attached as **Exhibit 10**.

7.    On March 20, 2026, the court entered judgment on the Petition and Counterclaim in favor of Hendersons and every Class member. A copy of the judgment is attached as **Exhibit 11**.

8.    The Judgment awarded $141,155,760 in damages and $56,462,304 in attorney's fees, for a total judgment of $197,618,064. Post-judgment interest accrues at approximately $48,727.74 per day. As of May 11, 2026, the amount due, including post-judgment interest, is approximately $200,639,183.99.

9.    Around April 20, 2026, Saber and Hendersons entered into a Post-Judgment Collection agreement ("Agreement"). A copy of the Agreement is attached as **Exhibit 12**.

10.    Plaintiffs are assignees of Saber's rights, claims, and causes of action against Universal, including claims relating to insurance coverage, defense, indemnity, denial or limitation of coverage, reservation of rights, and claim handling. *See* Agreement ¶ 6.

## Jurisdiction and Venue

11.    This Court has jurisdiction over the parties to this Petition.

12.    Venue is proper in Cole County, Missouri, because that is where Universal's registered office is maintained or its registered agent is located.

## Parties

13.    Hendersons are residents and citizens of Missouri.

14.    Universal is a Missouri domestic insurance company and a Missouri citizen.

2

## Insurance Policies

15. Universal issued these policies to Saber ("Policy" or "Policies"):

| Policy No. | Policy Period | Exhibit |
|---|---|---|
| 315894 | 6-1-2011 to 6-1-2012 ("2011 Policy") | 3 |
| 315894 | 6-1-2012 to 6-1-2013 ("2012 Policy") | 4 |
| 315894 | 6-1-2013 to 6-1-2014 ("2013 Policy") | 5 |
| 315894 | 6-1-2014 to 6-1-2015 ("2014 Policy") | 6 |
| 315894 | 6-1-2015 to 6-1-2016 ("2015 Policy") | 7 |
| 315894 | 6-1-2016 to 6-1-2017 ("2016 Policy") | 8 |

16. Upon information and belief, Universal issued policies to Saber with policy periods that predated the policy period for the 2011 Policy. The 2011 Policy declarations state that the declarations page was "substituted" and that "all previous declarations pages" were void effective May 1, 2012, with changes indicated by "+."

17. Upon information and belief, Universal issued policies to Saber with policy periods that post-dated the policy period for the 2016 Policy.

18. Coverage Part 500 of the Policies provides Universal will pay those sums Saber "legally must pay as DAMAGES because of INJURY to which this insurance applies … caused by an OCCURRENCE arising out of YOUR GARAGE OPERATIONS or AUTO HAZARD."

19. Coverage Part 500 of the Policies provides Universal has the right and duty to defend Saber against "any SUIT asking for DAMAGES…."

20. Coverage Part 500 of the Policies has these definitions, among others:

"AUTO" means a land motor vehicle, trailer or semi-trailer, other land equipment capable of moving under its own power, equipment for use with it, and animal drawn equipment.

"AUTO HAZARD" means the ownership, maintenance or use of any AUTO YOU own or which is in YOUR care, custody, or control and is:

1. used for the purpose of YOUR garage business;
2. used principally in YOUR garage business with occasional use for other business or nonbusiness purposes….

3

"DAMAGES" means: 1. amounts awardable by a court of law….

"GARAGE OPERATIONS" means the ownership, maintenance or use of that portion of any premises where YOU conduct YOUR garage business. GARAGE OPERATIONS includes all other operations necessary or incidental to YOUR garage business.

"INJURY" means, with respect to:

1. Group 1

   a. bodily injury, sickness, disease or disability (including death resulting from any of these)….;

   b. damage to, or loss of use of, tangible property….

2. Group 2

   mental anguish, mental injury, fright, shock, or humiliation except when arising from DISCRIMINATION.

3. Group 3

   a. false arrest or imprisonment;
   b. malicious prosecution;
   c. abuse of process; …
   f. wrongful repossession of an AUTO; …
   h. libel or slander;
   i. defamation of character; …
   k. common law claims for invasion of the right of privacy.

"OCCURRENCE" means:

   1. with respect to … INJURY Groups 1 and 2, an accident, including continuous or repeated exposure to conditions which result in such INJURY … neither intended nor expected from the standpoint of a reasonably prudent person;

   2. with respect to INJURY Groups 3, 4, 5 and 6, acts or offenses of the INSURED which result in such INJURY….

"SUIT" means a civil action for DAMAGES, including arbitration or mediation to which the INSURED must submit or submits with OUR consent. A class action is one SUIT.

4

21.     Coverage Part 660 of the Policies provides Universal will pay those sums Saber "legally must pay as DAMAGES because of INJURY to which this insurance applies … caused by an OCCURRENCE arising out of the following hazards when shown in the declarations: a. PREMISES HAZARD; b. PRODUCTS-COMPLETED OPERATIONS HAZARD…."

22.     Coverage Part 660 of the Policies provides Universal has the right and duty to defend Saber against "any SUIT asking for DAMAGES…."

23.     Coverage Part 660 of the Policies has these definitions, among others:

"AUTO" means:

1. a land motor vehicle, trailer or semi-trailer, designed for travel on public roads and includes its permanently attached equipment;

2. any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

"DAMAGES" means: 1. amounts awardable by a court of law….

"INJURY" means, with respect to:

1. Group 1

a. bodily injury, sickness, disease or disability (including death resulting from any of these)….;

b. damage to, or loss of use of, tangible property….

2. Group 2

mental anguish, mental injury, fright, shock, or humiliation except when arising from DISCRIMINATION.

3. Group 3

a. false arrest or imprisonment;
b. malicious prosecution;
c. abuse of process; …

5

f. wrongful repossession of an AUTO; …

h. libel or slander;

i. defamation of character; …

k. common law claims for invasion of the right of privacy.

"OCCURRENCE" means:

1. with respect to … INJURY Groups 1 and 2, an accident, including continuous or repeated exposure to conditions which result in such INJURY … neither intended nor expected from the standpoint of a reasonably prudent person;

2. with respect to INJURY Groups 3, 4, 5 and 6, acts or offenses of the INSURED which result in such INJURY….

"PREMISES HAZARD" means the ownership, maintenance or use of the premises scheduled in the declarations and all operations necessary or incidental thereto, except the PRODUCTS-COMPLETED OPERATIONS HAZARD.

"PRODUCT" means the goods or products, other than real property, YOU make, sell, service or repair, or those goods or products made or sold by others trading under YOUR name. It includes any container (other than a vehicle) for the goods or products, but does not include a vending machine or any property (other than a container) rented or located for the use of others but not sold.

"PRODUCTS-COMPLETED OPERATIONS HAZARD" means INJURY as defined in Groups 1 and 2, occurring away from the premises YOU own or rent and resulting from YOUR WORK or YOUR PRODUCT. It includes … the providing or failure to provide warnings or instructions for YOUR WORK or YOUR PRODUCT.

"SUIT" means a civil action for DAMAGES, including arbitration or mediation to which the INSURED must submit or submits with OUR consent. A class action is one SUIT.

"WORK" means work or operations YOU perform or work someone else performs for YOU….

24. Coverage Part 980 provides excess follow-form coverage that generally follows the terms and conditions of the underlying Policies.

6

25. Universal disclaimed coverage for the Counterclaim based on Endorsement No. 367, which provides:

This insurance does not apply to DAMAGES, LOSS or INJURY arising out of the operations described in the declarations, regardless of whether such operations are conducted by YOU or on YOUR behalf or whether the operations are conducted for YOU or for others. This exclusion also applies to all activities necessary or incidental to the activities of the described operations.

26. Universal insured Saber across multiple policy years under Policy No. 315894.

27. The 2011 Policy and 2012 Policy did not have Endorsement No. 367.

28. The 2011 Policy and 2012 Policy each included substantial underlying liability coverage and $30 million umbrella coverage. Those two policy years alone appear to provide approximately $62 million in aggregate limits when the umbrella and underlying coverages are considered.

29. Upon information and belief, any Universal policy issued to Saber that predated the 2011 Policy did not have Endorsement No. 367 and would have similar limits to the 2011 Policy.

30. Endorsement No. 367 varied by policy year and required a policy-specific analysis.

31. The 2013 Policy, 2014 Policy, and 2015 Policy declarations state:

All operations relating to the repossession of vehicles whether performed by a named insured or other party. All operations performed by Saber Acceptance Co LLC relating to collection and handling of nonpublic information the decision to extend credit to customer collection of payments, selling of any loan to 3rd party, the checking or reporting or failure [sic] to report credit, the handling of any title replated to a loan transaction & the act of repossessing or authorizing the repossession of any vehicle. This exclusion does not apply to the use of any "OWNED AUTO" while in the possession [sic] of Saber Acceptance Co., LLC or any other named insured on this policy.

32. The 2016 Policy declarations state:

All operations relating to the use of an "OWNED AUTO" while involved in the act of repossessing a vehicle, and performed by a named insured. All operations performed by Saber Acceptance Company, LLC, or any other named insured

7

relating to collection and handling of non public information, the decision to extend credit to a customer, the collection of payments, the selling of any loan to a third party, the checking or reporting or failure to report credit.

33.     Universal's later policy years used materially different wording for Endorsement No. 367. The 2016 Policy declarations did not broadly exclude all repossession-related conduct. Instead, the repossession-related language referred to "all operations relating to the use of an 'owned auto' while involved in the act of repossessing a vehicle, and performed by a named insured," followed by other various operations.

34.     Additional terms, conditions, definitions, and exclusions are in **Exhibit 9**.

### Insurance Coverage for the Counterclaim

35.     The allegations in the Counterclaim seek to impose liability on Saber for injury covered by the Insuring Agreements in at least Coverage Parts 500, 660, and 980.

36.     The allegations in the Counterclaim seek to impose liability on Saber for occurrences and/or injury under the Policies.

37.     The Counterclaim alleged Saber's right-to-cure, presale, and post-sale notices were deficient under Missouri law, including the Uniform Commercial Code, resulting in actual damages to Hendersons and the Class not less than the minimum damages provided under the Uniform Commercial Code, including loss of use of tangible property and cost of alternative transportation; loss from the inability to obtain, or increased costs of, alternative financing; harm to credit worthiness, credit standing, credit capacity, character, and general reputation; harm caused by defamation, slander and libel; harm caused by invasion of privacy; and other uncertain and hard-to-quantify actual damages, which includes emotional distress damages.

38.     No exclusions in the Policies cover all the allegations in the Counterclaim. Alternatively, Universal waived or is estopped from enforcing any exclusion that may apply

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

because, among other reasons, any denial or reservation of rights letters failed to give fair notice of the bases upon which it might dispute coverage, were ambiguous, or otherwise insufficient; and cause prejudice to Saber because, among other reasons, they were not given an opportunity to investigate these defense before entering the Agreement.

39. The allegations in the Counterclaim are not cast solely and entirely within any exclusion in the Policies when considering all reasonable interpretations of the allegations.

40. Saber provided timely notice of the Counterclaim to Universal.

41. Universal wrongly refused to defend, waived any control of the defense of the Counterclaim or underlying litigation, and lost all contractual rights to demand compliance with any prohibitory or affirmative policy provisions, including the duty to cooperate.

42. Universal knew or should have known that the Counterclaim and certified class claims created exposure exceeding any single policy limit and potentially implicating multiple policy years.

43. Universal failed to act in good faith to use reasonable diligence in obtaining Saber's cooperation.

44. The Counterclaim alleged facts giving rise to at least potential coverage under the Policies' covered Injury categories, including loss of use of tangible property, mental anguish, humiliation, emotional distress, harm to creditworthiness, harm to credit standing, harm to credit capacity, harm to character and general reputation, defamation, slander, libel, invasion of privacy, and wrongful repossession.

45. The Final Judgment later confirmed that Saber's liability was not limited to statutory UCC damages. The Court found that Saber communicated deficiency balances to consumer reporting agencies, that those communications were disseminated to third parties, and

<center>9</center>

that they constituted oral or written publication of material that slandered or libeled Hendersons and every Class member.

46.     The Final Judgment also found that the injuries arose from publication and republication of misleading deficiency information to third parties and resulting reputational and privacy harms, not from repossession activities or lending operations.

### Universal's March 3, 2016 Disclaimer

47.     On or about March 3, 2016, Universal, through Patti Gay, issued a disclaimer letter regarding available coverage for Counterclaim.

48.     The disclaimer letter was addressed to David Hurt at Regal Car Sales and Credit LLC, identified the Counterclaim by claim number and case number, and denied liability coverage based on Endorsement No. 367.

49.     Universal stated that "the policy contains endorsement 0367 which excludes all operations related to the repossession of vehicles" and that the lawsuit involved "the alleged violation of the Uniform Commercial Code in regards to the repossession and sale of the plaintiff vehicle."

50.     Universal's disclaimer did not identify the specific policy year it was applying.

51.     Universal's disclaimer did not analyze the 2011 Policy or 2012 Policy (or any policy that predated those policies), which did not list or include Endorsement No. 367.

52.     Universal's disclaimer did not analyze any prior declarations-page history or any earlier Saber policy years.

53.     Universal's disclaimer did not analyze material differences in Endorsement No. 367's wording among later policy years.

10

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

## Universal's Knowledge and Inconsistent Coverage Positions

54.     Before issuing its March 3, 2016 disclaimer, Universal had already litigated the distinction between repossession and post-repossession UCC notice/sale conduct in *Wolfe Auto. Grp., LLC v. Universal Underwriters Ins. Co.*, 808 F.3d 729 (8th Cir. 2015). There, Universal successfully argued that UCC pre-sale and post-sale notices were not part of repossession itself, but occurred after repossession was complete and in connection with a separate sale/disposition event.

55.     Universal knew that UCC notice claims required a policy-specific and conduct-specific analysis rather than a categorical denial based on the words "repossession" or "sale."

56.     Universal's March 3, 2016 disclaimer did not conduct that analysis. Instead, Universal denied coverage believing Endorsement No. 367 excluded operations related to repossession.

57.     Universal did not separately analyze the Counterclaim's allegations of credit reporting, publication to third parties, reputational harm, defamation, libel, slander, invasion of privacy, or emotional distress.

58.     Universal did not analyze policy years in which Endorsement No. 367 was absent.

59.     Before denying coverage to Saber, Universal defended and agreed to indemnify General Credit Acceptance Company, LLC ("GCAC") in a materially similar Missouri UCC class-action case under a similar Universal policy that did not contain Endorsement No. 367.

60.     Upon information and belief, before and after denying coverage to Saber, Universal defended and/or agreed to indemnify other insurers in materially similar Missouri UCC class-action cases under similar Universal policies that did not contain Endorsement No. 367.

11

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

61.    Universal's handling of GCAC and other similar Missouri UCC class-action cases shows Universal understood materially similar Missouri UCC class-action claims trigger defense and indemnity obligations when Endorsement No. 367 was absent.

62.    Universal nevertheless denied coverage for Saber without analyzing the known policy years that did not contain Endorsement No. 367 and without conducting a reasonable investigation into whether earlier Saber policies or declarations also lacked that endorsement.

63.    Zurich/Universal later recognized Nicholas Financial, Inc. ("NFI") as another Missouri class action involving alleged "violations of the UCC."

64.    In the NFI matter, Zurich recognized the significance of adverse findings to coverage defenses and incurred or reserved substantial attorney's fees and expenses in connection with coverage litigation and related efforts.

65.    Saber presents a materially worse coverage posture for Universal than NFI because known Saber policy years lack the exclusion Universal relied on, Universal had previously defended and indemnified a materially similar Missouri UCC class action when that exclusion was absent, and the Final Judgment confirms covered-type publication, reputational, privacy, and emotional-distress injuries distinct from repossession or lending operations.

### The Final Judgment

66.    On March 20, 2026, after reviewing the record and conducting an independent judicial investigation into the allegations, defenses, evidence, and arguments presented at the March 10, 2026 damages hearing, the Circuit Court of Jasper County entered Final Judgment in favor of Hendersons and the certified Class of Missouri Citizens and against Saber.

67.    The Final Judgment found Saber's form presale notice violated the UCC as to every Class member.

12

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

68. The Final Judgment found Saber communicated deficiency balances regarding Hendersons and each Class member to consumer reporting agencies, and that the information was thereafter disseminated to third parties through consumer credit reports.

69. The Final Judgment found those communications falsely or misleadingly represented that the balances were lawfully owed and collectible and constituted oral or written publication of material to third parties that slandered or libeled Hendersons and every Class member.

70. The Final Judgment found Saber's communications occurred after repossession, constituted separate acts of publication of information to third parties, and were distinct from repossession activities or loan-servicing functions.

71. The Final Judgment found the publication and dissemination of misleading deficiency information injured the credit reputation and personal reputation of Hendersons and every Class member, including harm to creditworthiness, credit standing, credit capacity, character, and general reputation.

72. The Final Judgment found the injuries arose from publication and republication of misleading deficiency information to third parties and resulting reputational and privacy harms, not from repossession activities or lending operations.

73. The Final Judgment found Saber did not intend to violate the UCC, did not intend to injure any Class member, and did not know its UCC violations or publication of information would violate Class members' rights or inflict injury.

74. The Final Judgment awarded each Class member $21,124 for economic damages, including credit damage, resulting from libel, slander, and invasion of privacy, and $60,000 for

non-economic damages, including emotional distress, resulting from libel, slander, and invasion of privacy.

75. The Court entered Final Judgment for $197,618,064, together with post-judgment interest at 9% per annum.

76. Post-judgment interest accrues at approximately $48,727.74 per day. As of May 11, 2026, the amount due, including post-judgment interest, is approximately $200,639,183.99.

## Count I – Declaratory Judgment

77. The allegations above are alleged in Count I.

78. An actual controversy exists between Hendersons and Universal.

79. This Court is vested with the power to declare the rights and liabilities of the parties and to grant such relief as it deems necessary and proper.

80. Universal must undertake a reasonable investigation to determine whether a factual basis exists which would bring the Counterclaim within the coverage of any of the Policies.

81. Under the Policies, Universal owed Saber a duty to defend the Counterclaim.

82. Under the Policies, Universal owed Saber a duty to indemnify for the Counterclaim and any resulting judgment.

83. Universal's breach of the Policies excused Saber from any obligations or duties under the Policies.

84. Hendersons seek judicial determination regarding the parties' respective rights and obligations under the Policies about insurance coverage, and the defense and indemnification by Universal for the Counterclaim.

85. Saber complied with, or was excused from complying with, the applicable conditions of each Policy.

14

## Count II – Breach of Contract (Indemnification)

86.     The allegations above are alleged in Count II.

87.     Each Policy is an enforceable contract between Universal and Saber, and Hendersons sue as assignees of Saber's rights under those Policies.

88.     In consideration of Saber's promise to pay policy premiums, each Policy contractually obligated Universal to provide insurance coverage to Saber for the Counterclaim and any resulting judgment.

89.     Saber complied with the conditions precedent to recovery for each Policy.

90.     Universal breached, and continues to breach, its obligations in the Policies by denying coverage of the Counterclaim.

91.     Universal breached the Policies by refusing to defend Saber under the liability coverages implicated by the Counterclaim.

92.     Universal breached the Policies by refusing to indemnify Saber for liability reflected in the Final Judgment that falls within the Policies' coverage.

93.     The Final Judgment includes damages because of covered Injury, including damages for libel, slander, invasion of privacy, reputational harm, credit damage, and emotional distress.

94.     Universal could not defeat its duty to indemnify by relying on Endorsement No. 367.

95.     Alternatively, Universal could not defeat its duty to indemnify without analyzing all potentially triggered Policy years, including policy years in which Endorsement No. 367 was absent.

96. Universal could not defeat its duty to indemnify by characterizing the entire action as repossession-related when the Counterclaim alleged independent publication, credit reporting, reputational, privacy, emotional-distress injuries, and sending defective UCC required notices after repossession.

97. As a result of the Counterclaim, Saber has incurred substantial defense costs and a judgment related to the Counterclaim.

98. Plaintiffs, as Saber's assignees, are entitled to recover all amounts owed under the Policies, including defense costs, indemnity, interest, and other damages caused by Universal's breach.

## Count III – Breach of Contract (Duty to Defend)

99. The allegations above are alleged in Count III.

100. In consideration of Saber's promise to pay policy premiums, the Policies obligated Universal to defend Saber against the Counterclaim.

101. Universal's duty to defend was triggered if the Counterclaim alleged facts giving rise to the potential or possibility of coverage under any Policy.

102. There was a possibility or potential for coverage based on comparing each Policy with the allegations in the Counterclaim, the facts known by Universal, the facts reasonably apparent to Universal, and/or the facts Universal could have ascertained from a reasonable investigation.

103. The Counterclaim alleged facts giving rise to potential coverage, including alleged wrongful repossession, loss of use, credit reporting, reputational harm, defamation, slander, libel, invasion of privacy, mental anguish, humiliation, and emotional distress.

16

104. The Counterclaim alleged, and the Final Judgment confirmed, covered-type injuries including publication, republication, defamation, slander, libel, invasion of privacy, reputational injury, credit injury, mental anguish, humiliation, and emotional distress.

105. Universal breached its obligations under each Policy when it refused to defend Saber under the liability coverage parts implicated by the Counterclaim, or alternatively refused to provide a defense sufficient to discharge Universal's fiduciary, contractual and good-faith obligations.

106. Universal could not defeat its duty to defend by relying on Endorsement No. 367.

107. Alternatively, Universal could not defeat its duty to defend without analyzing all potentially triggered Policy years, including policy years in which Endorsement No. 367 was absent.

108. Universal could not defeat its duty to defend by characterizing the entire action as repossession-related when the Counterclaim alleged independent publication, credit reporting, reputational, privacy, emotional-distress injuries, and sending defective UCC required notices after repossession.

109. Universal's denial of coverage excused Saber from any obligations or duties under each Policy.

110. Because of Universal's breach, Saber had a judgment entered against it.

111. Because of Universal's wrongful refusal to defend, Universal is at least liable to the limits of the Policies (including excess limits) plus attorney fees, expenses, and other damages.

112. Universal wrongfully refused to defend Saber.

113. Hendersons ask this Court to enter judgment against Universal to at least the limits of the Policies (including excess limits) attorney's fees, expenses, other damages, and all other relief deemed proper, including all damages that are a consequence of Universal's breach.

### Count IV – Bad Faith Failure to Defend or Settle

114. The allegations above are alleged in Count IV.

115. Universal sent correspondence regarding the Counterclaim denying liability coverage and refusing to defend Saber under the liability coverages implicated by the Counterclaim.

116. Saber had the contractual right to control Saber's defense and settlement of the Counterclaim.

117. By denying coverage and refusing to defend, Universal relinquished any contractual right to control Saber's defense or settlement of the Counterclaim and left Saber to protect itself from the risk of judgment.

118. Universal knew, or should have known, that the Policies obligated Universal to defend Saber, advance or pay defense costs, and provide coverage for at least potentially covered portions of the Counterclaim, but Universal consciously and intentionally denied those obligations.

119. Universal breached its duty to act as a fiduciary in good faith and acted in bad faith for at least the following reasons:

a. Universal denied coverage based on Endorsement No. 367 without conducting a reasonable investigation into all potentially triggered Policies.

b. Universal failed to conduct a reasonable policy-history investigation before relying on Endorsement No. 367 as a categorical bar to coverage for the entire class-action

18

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Counterclaim, especially considering the attached Policies were issued under the same policy number.

c. Universal failed to search for, request, review, or analyze earlier policies, declarations pages, endorsements, or policy-history materials that may have shown additional policy years without Endorsement No. 367.

d. Universal relied on Endorsement No. 367 as a categorical bar without analyzing whether that endorsement existed in each triggered Policy year.

e. Universal relied on Endorsement No. 367 as a categorical bar without analyzing whether its wording materially differed among Policy years.

f. Universal failed to analyze the 2011–12 and 2012–13 Policies, which did not contain or list Endorsement No. 367.

g. Universal failed to account for the fact that the later Policies expressly listed Endorsement No. 367 when Universal intended that endorsement to apply, while earlier Policies did not.

h. Universal failed to analyze material differences between later versions of Endorsement No. 367, including narrower language in later policy years.

i. Universal failed to conduct a policy-specific and conduct-specific coverage analysis before denying coverage.

j. Universal failed to analyze whether the Counterclaim alleged potentially covered injuries independent of repossession, including credit reporting, publication to third parties, reputational harm, defamation, libel, slander, invasion of privacy, mental anguish, humiliation, emotional distress, loss of use, and sending deficient UCC required notices after repossession.

19

k.  Universal failed to analyze that the Counterclaim alleged publication and dissemination of allegedly false or misleading deficiency-balance information to third parties through consumer credit reports.

l.  Universal failed to analyze that those allegations potentially fell within covered Injury categories, including personal injury, advertising injury, mental injury, property damage/loss of use, defamation, libel, slander, and invasion of privacy.

m.  Universal failed to give effect to Missouri law requiring exclusions to be construed narrowly against the insurer and coverage provisions to be construed to afford coverage rather than defeat it.

n.  Universal failed to account for its own prior handling of GCAC, where Universal defended and indemnified materially similar Missouri UCC class-action claims under a Universal policy that did not contain Endorsement No. 367.

o.  Universal failed to account for its knowledge from *Wolfe Automotive* that UCC notice, sale, and disposition conduct required a conduct-specific analysis rather than a categorical repossession label.

p.  Universal ignored or failed to reconcile legal and factual information known to Universal showing that Missouri UCC class-action claims trigger defense and indemnity obligations when Endorsement No. 367 was absent.

q.  Universal denied coverage and refused to defend Saber under an inadequate disclaimer

r.  Universal failed to seek timely declaratory relief while providing a defense to protect Saber from the risk of judgment.

s.  Universal failed to give equal consideration to Saber's financial interests.

20

t.  Universal acted to protect its own financial interests at the expense of Saber's financial interests.

u.  Universal knew the Counterclaim was significant and that any judgment could exceed Saber's assets and applicable policy limits. In the alternative, Universal failed to reasonably investigate whether the Counterclaim was so significant that any judgment could exceed Saber's assets and applicable policy limits.

v.  Universal knew, or should have known, that its denial of coverage and refusal to defend or settle could result in an excess judgment against Saber.

w.  Universal knew, or should have known, that Saber lacked sufficient assets to pay a substantial class-wide judgment and that such a judgment would financially harm or ruin Saber.

x.  Universal failed to attempt in good faith to settle or resolve the Counterclaim when, under all circumstances, Universal could and should have done so had it acted fairly and honestly toward Saber and with due regard for Saber's interests.

y.  Universal took no reasonable steps to resolve the Counterclaim within available policy limits despite having a reasonable opportunity to do so.

z.  Universal denied coverage based on a categorical application of Endorsement No. 367 despite knowing, or having reason to know, that no rational, principled basis existed to apply that endorsement to all potentially triggered Policies and all potentially covered injuries.

120.  As a direct and proximate result of Universal's actions and omissions, a judgment was entered against Saber in excess of Saber's assets and available insurance coverage.

21

121. As a direct and proximate result of Universal's failure to defend, provide coverage, and attempt to settle or resolve the Counterclaim in good faith, Saber suffered damage to its financial status, credit status, business operations, and legal position.

122. Universal's actions and omissions were not mere negligence or mistake. They were deliberate claims-handling choices by Universal to place its own economic interests above Saber's financial interests.

123. Universal acted in bad faith by intentionally disregarding Saber's financial interests in an effort to avoid responsibilities imposed by the Policies.

124. Universal's conduct was willful, wanton, and reckless in disregard of Saber's rights because Universal consciously chose a coverage-denial position that protected Universal's own financial interests while exposing Saber to ruinous liability.

125. Universal's conduct was wrongful, intentional, and committed in conscious disregard of Universal's contractual, fiduciary, and legal obligations to Saber.

126. Hendersons ask this Court to enter judgment against Universal for Saber's actual damages, attorney's fees, costs, interest, the full amount of the judgment entered on the Counterclaim, and all other proper relief.

### Count V – Vexatious Refusal to Pay, § 375.420, RSMo.

127. The allegations above are alleged in Count V.

128. The Policies are contracts of insurance issued by Universal.

129. Saber was an insured under the Policies.

130. Plaintiffs are assignees of Saber's rights, claims, and causes of action against Universal, including claims relating to insurance coverage, defense, indemnity, denial, disclaimer, limitation of coverage, reservation of rights, and claim handling.

22

131. The Counterclaim alleged facts giving rise to coverage, or at least potential coverage, under one or more Policies issued by Universal.

132. Universal owed Saber insurance benefits under the Policies, including defense benefits, defense-cost reimbursement or advancement, indemnity benefits, and/or other amounts due because of Universal's obligations under the Policies.

133. Universal refused to provide insurance benefits owed under the Policies.

134. Universal's refusal to pay or provide coverage was without reasonable cause or excuse.

135. Universal's refusal was vexatious because Universal relied on Endorsement No. 367 as a categorical bar to coverage without conducting a reasonable investigation into all potentially triggered Policies.

136. Universal's refusal was vexatious because Universal failed to analyze the 2011 Policy and 2012 Policy, which did not contain or list Endorsement No. 367.

137. Universal's refusal was vexatious because Universal failed to search for, request, review, or analyze earlier Policies, declarations pages, endorsements, or policy-history materials that may have shown additional policy years without Endorsement No. 367.

138. Universal's refusal was vexatious because Universal failed to analyze whether Endorsement No. 367 existed in each triggered Policy year.

139. Universal's refusal was vexatious because Universal failed to analyze whether Endorsement No. 367's wording materially differed among Policy years.

140. Universal's refusal was vexatious because later Policies expressly listed Endorsement No. 367 when Universal intended that endorsement to apply, while earlier Policies did not.

23

141. Universal's refusal was vexatious because Universal treated Endorsement No. 367 as a categorical bar despite the absence of that endorsement in known triggered policy years.

142. Universal's refusal was vexatious because Universal failed to analyze whether the Counterclaim alleged potentially covered injuries independent of repossession, including credit reporting, publication to third parties, reputational harm, defamation, libel, slander, invasion of privacy, mental anguish, humiliation, emotional distress, loss of use, and sending defective notices required by the UCC after repossession.

143. Universal's refusal was vexatious because Universal failed to analyze that the Counterclaim alleged publication and dissemination of allegedly false or misleading deficiency-balance information to third parties through consumer credit reports.

144. Universal's refusal was vexatious because Universal failed to analyze that those allegations potentially fell within covered Injury categories, including personal injury, advertising injury, mental injury, property damage/loss of use, defamation, libel, slander, and invasion of privacy.

145. Universal's refusal was vexatious because Universal failed to apply Missouri law requiring exclusions to be construed narrowly against the insurer and coverage provisions to be construed to afford coverage rather than defeat it.

146. Universal's refusal was vexatious because Universal denied coverage based on a broad, categorical reading of Endorsement No. 367 rather than a policy-specific and conduct-specific analysis.

147. Universal's refusal was vexatious because Universal failed to account for its own prior handling of GCAC, where Universal defended and indemnified materially similar Missouri UCC class-action claims under a Universal policy that did not contain Endorsement No. 367.

24

148. Universal's refusal was vexatious because Universal failed to account for its knowledge from *Wolfe Automotive* that UCC notice, sale, and disposition conduct required a conduct-specific analysis rather than a categorical repossession label.

149. Universal's refusal was vexatious because Universal failed to account for information known to Universal showing that Missouri UCC class-action claims trigger defense and indemnity obligations when Endorsement No. 367 was absent.

150. Universal's refusal was vexatious because Universal failed to provide a defense under an adequate reservation of rights while preserving its coverage position.

151. Universal's refusal was vexatious because Universal failed to seek timely declaratory relief.

152. Universal's refusal was vexatious because Universal failed to monitor the litigation and/or reevaluate coverage as the Counterclaim proceeded, class certification was granted, exposure increased, and the risk of an excess judgment became apparent.

153. Universal's refusal was vexatious because Universal failed to attempt to resolve the Counterclaim within available policy limits despite having a reasonable opportunity to do so.

154. Universal's refusal was vexatious because Universal's denial forced Saber to defend itself and ultimately exposed Saber to a judgment far exceeding Saber's assets and available insurance coverage.

155. Universal's refusal was vexatious because the Final Judgment confirmed covered-type injuries, including damages for libel, slander, invasion of privacy, credit injury, reputational harm, and emotional distress.

156. Universal knew, or should have known, that its refusal lacked a reasonable basis.

25

157. Universal's refusal caused Saber and Plaintiffs, as Saber's assignees, to incur damages, including unpaid insurance benefits, defense costs, indemnity amounts, interest, attorney's fees, and other losses recoverable under Missouri law.

158. Plaintiffs are entitled to recover the amount due under the Policies, statutory damages for vexatious refusal to pay, attorney's fees, costs, interest, and all other relief allowed by § 375.420, RSMo., and Missouri law.

## Prayer for Relief

WHEREFORE, Hendersons respectfully request the Court grant judgment in their favor:

a. Declaring Universal had a duty to defend and indemnify and is liable for all past and future indemnity and defense costs incurred by Saber in connection with the Counterclaim.

b. A money judgment against Universal for the limits of the Policies (including excess limits) plus attorney fees, expenses, and other damages, including consequential damages.

c. A money judgment against Universal for the entire amount of the underlying judgment, including interest that accrues after entry of the underlying judgment.

d. A money judgment against Universal for statutory damages for vexatious refusal to pay, attorney's fees, costs, interest, and all other relief allowed by § 375.420, RSMo., and Missouri law.

e. Saber's and Hendersons' attorneys' fees, costs, and expenses incurred in connection with the underlying litigation of the Counterclaim and all claims against Universal;

f. Pre-judgment and post-judgment interest.

g. Such other and further relief as this Court deems just under these circumstances.

## Jury Trial Demand

Hendersons demand a jury trial on all issues triable to a jury.

26

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**ONDERLAW, LLC**

By:     /s/ *Jesse B. Rochman*
        Martin L. Daesch, #40494
        Jesse B. Rochman, #60712
        Craig W. Richards, #67262
        110 E. Lockwood Ave.
        St. Louis, MO  63119
        (314) 963-9000 (telephone)
        (314) 963-1700 (facsimile)
        daesch@onderlaw.com
        rochman@onderlaw.com
        richards@onderlaw.com

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM2015 - 11:05 AM

IN THE CIRCUIT COURT OF JASPER COUNTY
ASSOCIATE DIVISION
STATE OF MISSOURI

| | |
|---|---|
| SABER ACCEPTANCE COMPANY, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| RICKEY L. HENDERSON & ) | |
| **Serve by Jasper County Sheriff at:** ) | |
| 1710 S Wall Ave. Apt 1 ) | |
| Joplin, MO 64804 ) | |
| ) | |
| JANE E. HENDERSON ) | |
| **Serve by Special Process Server at:** ) | |
| 9009 E 52nd Terrace ) | |
| Kansas City, MO 64133 ) | |
| ) | |
| Defendant(s). ) | |

## PETITION - BREACH OF CONTRACT

Plaintiff Saber Acceptance Company, LLC ("Saber"), for its cause of action against

Defendants Rickey L. Henderson and Jane E. Henderson ("Defendants"), states as follows:

1.      Saber is a limited liability company duly organized and existing according to law.

It is engaged in the business of financing the purchase of motor vehicles.

2.      Upon information and belief, Defendant Rickey L. Henderson is a resident of

Jasper County, Missouri.

3.      Upon information and belief, Defendant Jane E. Henderson is a resident of

Jackson County, Missouri.

4.      On or about January 31, 2014, Defendants purchased a 2002 Ford F150 Vehicle

Identification Number 1FTRX17222NA12771 (the "Vehicle") from Regal Car Sales & Credit

#52 (the "Dealer") located in Jasper County, Missouri.

{00409323- 1 24715-458}

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM2015 - 11:05 AM

5.     On or about that same date, Defendants executed a Retail Installment Sales Contract (the "Contract") with the Dealer in connection with the purchase of the Vehicle. Subsequently, Dealer assigned its interest in the Contract to Saber. Exhibit 1, Retail Installment Sales Contract (attached).

6.     In accordance with the Contract and assignment in favor of Saber, the payments which were to have been made total $16,707.84. This sum represents the Amount Financed of $12,385.00 plus a Finance Charge of $4,322.84 (also expressed in the Contract as an Annual Percentage Rate of 17.34%), to be paid in 92 biweekly installments of $180.00 beginning February 21, 2014 and one final payment of $147.84 due on September 1, 2017. In addition, the terms of the Contract provide that Saber has a security interest in the Vehicle; that upon Defendants failure to make any payment according to the payment schedule, Saber is entitled to repossess the Vehicle, and is entitled to demand payment of all monies owed under the Contract; and that Saber is entitled to recover all costs and attorney's fees incurred in enforcing its rights under the Contract.

7.     Pursuant to the terms of the Contract, Defendants promised to pay Saber interest calculated at the contract rate of 17.40% per annum and any outstanding charges or late fees, until the full amount of the Contract is paid. See Contract, page 4.

8.     Defendants had been in default for nonpayment under the Contract and Saber repossessed the Vehicle on or about June 23, 2014.

9.     After repossession, Saber sent notice to Defendants of the time after which the sale of the Vehicle would occur, and that Defendants had until that time to reclaim the Vehicle by making payment of the total amount due Saber, including all of Saber's expenses (Exhibit 2.

{00409323- 1 24715-458}

Notice to Defendants). Because Defendants did not pay the amount indicated, Saber sold the Vehicle at a private sale in a commercially reasonable manner on or about September 10, 2014.

10. Saber subsequently notified Defendants of the result of the sale of the Vehicle (Exhibit 3, Copy of Letter to Defendants) and demanded of Defendants the deficiency balance due under the Contract.

11. After crediting Defendants with any and all payments and credit due, there remains a balance due of $8,914.57, plus interest at the rate of 17.40% from September 16, 2014 plus attorney's fees and court costs pursuant to the Contract.

12. Upon information and belief, Defendants are not presently engaged in active military service.

WHEREFORE, Plaintiff Saber Acceptance Company, LLC prays for judgment against Defendants Rickey L. Henderson and Jane E. Henderson in the amount of $8,914.57, plus interest at the rate of 17.40% from September 16, 2014; for all costs and attorney's fees incurred by Saber in enforcing its rights under the Contract, and for all other relief this Court deems just.

RIEZMAN BERGER, P.C.

By: _____
Nelson L. Mitten, #35818
mitten@riezmanberger.com
Julie K. Graham, #48815
graham@riezmanberger.com
Javas A. Smith, #68409
smith@riezmanberger.com
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105
(314) 727-0101
(314) 727-6458 facsimile

{00409323- 1 24715-458}

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM2015 - 11:05 AM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM2015 - 11:05 AM

# MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT

Date: 01/31/2014

Buyer Name, RICKEY L. HENDERSON
Address & Phone: 4545 E ZORA APT B, JOPLIN, MO 64801 ⊞
Co-Buyer Name, JANE E HENDERSON
Address & Phone: 1636 SOPHIA STREET W., CARTHAGE, MO 64836 (417) 540-4060 ⊞
Co-Buyer Name,
Address & Phone: N/A ⊞
Co-Signer Name,
Address & Phone: N/A ⊞
Seller Name, REGAL CAR SALES & CREDIT #52
Address & Phone: 805 E. 7TH ST, JOPLIN, MO 64801 (417) 624-8880 ⊞

The Buyer is referred to as "I" or "me" or "my." The Seller is referred to as "you" or "your." This contract may be transferred by the Seller.

**PROMISE TO PAY:** By signing this contract, I choose to purchase the motor vehicle on credit according to the terms of this contract. The Federal Truth in Lending Disclosures set out below ("TILA Disclosures") are part of this contact. I agree to pay you the Amount Financed, Finance Charges, and any other charges in this contract in U.S. funds. I agree to make payments according to the Payment Schedule in the TILA Disclosures. If more than one person signs as a buyer, each agrees to keep all the promises in this contract even if the others do not. I have thoroughly inspected, accepted, and approved the motor vehicle in all respects.

## MOTOR VEHICLE IDENTIFICATION

| Stock No. | Year, Make, Model | Vehicle Identification Number | License Number (if applicable) | ☐ New ☐ Demonstrator ☐ Factory Official./Exec ☒ Used | Primary Use For Which Purchased ☒ Personal, Family, Household ☐ Business Or Commercial ☐ Agricultural |
|---|---|---|---|---|---|
| XXXXX | 2002 FORD F150 | 1FTRX17222NA12771 | | | |

Trade-in: Year N/A   Make N/A          Model N/A          VIN N/A          License No. N/A

Trade-in: Year N/A   Make N/A          Model N/A          VIN N/A          License No. N/A

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all payments as scheduled. | Total Sale Price The total cost of my purchase on credit, including down payment of $ 500.00 |
|---|---|---|---|---|
| 17.34 % | $ 4322.84 | $ 12385.00 | $ 16707.84 | $ 17207.84 |

My Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 92 | 180.00 | BIWEEKLY DUE EVERY OTHER FRIDAY BEGINNING 02/21/2014 |
| 1 | 147.84 | FINAL PAYMENT DUE ON: 09/01/2017 |

**Security:** You will have a security interest in the motor vehicle being purchased.

**Late Charge:** ☒ If this box is checked, and you do not receive my entire payment within 15 days after it is due, I will pay a late charge of 5% of the part of the payment that is late. If the payment due is $25 or less, the maximum late charge will be $5, and the minimum fee will be $1. Otherwise, the maximum charge will be $25 and the minimum charge will be $10.

**Prepayment:** If I pay all that I owe early, I will not have to pay a penalty.

**Additional Information:** I will refer to this document for information about nonpayment, default, security interests, any required repayment in full before the scheduled date, and prepayment refunds.

### DEFERRED DOWNPAYMENT(S)

| Due Date | Amount | Due Date | Amount |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |

**EXHIBIT**
tabbies
1

HC# 4851-2877-8241v10 - 06/11
Missouri

Page 1 of 6

Customer Initials _____
AutoStar Solutions, Inc

PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN ATTORNEY.

## Itemization of Amount Financed

1. Cash Price (including any accessories, services and $ _____0.00_____ sales tax)                          $ __12885.00__ (1)

2. Downpayment

   Gross trade-in                                                                    $ ____0.00____
   - payoff by seller                                                                $ ____0.00____
   = net trade-in                                                                    $ ____0.00____
   + Cash Downpayment                                                                $ ___500.00___
   + Deferred Downpayment                                                            $ ____0.00____
   + Manufacturer's Rebate                                                           $ ____0.00____
   + other _N/A_____                                             $ ____0.00____
   Total Downpayment (if negative, enter "0" and see Line 4.A. below)                                    $ ___500.00__ (2)

3. Unpaid balance of cash price (1 minus 2)                                                               $ __12385.00__ (3)

4. Other charges including amounts paid to others on my behalf (Seller may keep part of these amounts.):
   A.   Prior credit or lease balance paid to _N/A_____        $ ____0.00____
   B.   Cost of physical damage insurance paid to insurance company                  $ ____0.00____
   C.   Cost of optional coverages with physical damage insurance paid to insurance company  $ ____0.00____
   D.   Cost of optional credit insurance paid to insurance company or companies     $ ____0.00____
        Credit Life _N/A_____           $ N/A
        Disability _N/A_____           $ N/A

   E.   Other insurance paid to the insurance company                               $ ____0.00____
   F.   Official fees paid to government agencies                                    $ ____0.00____
   G.   Other taxes                                                                  $ ____0.00____
   H.   Government license and/or registration fees                                 $ ____0.00____
   I.   Government certificate of title fee                                          $ ____0.00____
   J.   Government vehicle inspection fees                                           $ ____0.00____
   K.   Other charges (Seller must identify who is paid and describe purpose)

        To _N/A_____  For  GAP Waiver Contract_____                           $ ____0.00____
        To _N/A_____  For  N/A_____                               $ ____0.00____
        To _N/A_____  For  N/A_____                               $ ____0.00____
        To _N/A_____  For  N/A_____                               $ ____0.00____
        To _N/A_____  For  N/A_____                               $ ____0.00____
        To _N/A_____  For  N/A_____                               $ ____0.00____
        To _N/A_____  For  N/A_____                               $ ____0.00____
        To _N/A_____  For  N/A_____                               $ ____0.00____
   Total Other Charges and Amounts Paid To Others On My Behalf                                            $ ____0.00___ (4)

5. Amount Financed (3 + 4)                                                                                $ __12385.00__ (5)

OPTION TO AVOID FINANCE CHARGES: If I pay the Amount Financed, Item 5, above, on or before _N/A_____, I will not pay any finance charges.

Seller Signs: _N/A_____

---

In this box, the word "you" refers to the Buyer
**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation:**
Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

---

**Optional GAP Waiver (Debt Cancellation) Contract.** A GAP Waiver Contract is optional. My purchase of a GAP Waiver Contract is not required to obtain credit and will not be provided unless I sign below and agree to pay the extra charge. If I agree to buy a GAP Waiver Contract, the charge is shown in Line Item 4.K. of the Itemization of Amount Financed. My GAP Waiver Contract is a part of this Contract. I can see my GAP Waiver Contract for details on the protection it provides.

Term _N/A_____

I/We want to purchase the optional GAP Waiver Contract:
Buyer Signs: _N/A_____        Co-Buyer Signs: _N/A_____

PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN ATTORNEY.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM2015 - 11:05 AM

**PROPERTY INSURANCE:** I must keep the collateral insured against damage or loss in the amount I owe. I must keep this insurance until I have paid all that I owe under this contract. I may obtain property insurance from anyone I want or provide proof of insurance I already have.

If any insurance is included below, policies or certificates from the insurance company will describe the terms, conditions and deductibles.

*A. Physical damage insurance.* If you obtain physical damage insurance, the coverages, terms and premiums for these terms are set forth below.

| Coverage | Term in Months | Premium |
|---|---|---|
| Collision | N/A | $ N/A |
| Comprehensive | N/A | $ N/A |
| Fire, Theft, and Combined Additional Coverage | N/A | $ N/A |
| Other N/A | N/A | $ N/A |

*B. Optional coverages with physical damage insurance.* If I have chosen this insurance, the premiums for the initial N/A month term are itemized below.

☐$ N/A Towing/Labor Reimbursement   ☐$ N/A Rental Reimbursement   ☐$ N/A Other: N/A

*I agree to purchase the above checked coverages.*

Buyer's Signature: _____   Date: 01/31/2014

---

*Optional insurance coverages.* The insurance described below is not required to obtain credit. It will not be provided unless I sign and agree to pay the extra cost. My decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

| Coverage | Term in Months | | Premium |
|---|---|---|---|
| GAP* | N/A | $ | 0.00 |
| Involuntary Unemployment | N/A | $ | N/A |
| Other N/A | | $ | N/A |

| | Per | | Per | | Property | | Premium | |
|---|---|---|---|---|---|---|---|---|
| Liability $ N/A | Person | $ N/A | Accident | $ N/A | Damage | $ N/A | Premium | $ N/A |

*If the motor vehicle is determined to be a total loss, GAP Insurance will pay you the difference between the proceeds of my basic collision policy and the amount I owe on the motor vehicle, minus my deductible. I can cancel that insurance without charge for 10 days from the date of this contract.

*I want the optional coverages for which premiums are included above:*

Buyer's Signature: _____   Date: 01/31/2014

---

*Optional credit life and credit disability insurance.* Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless I sign and agree to pay the extra cost. My decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

☐ Credit Life, one buyer $ N/A   ☐ Credit Life, both buyers $ N/A   Term N/A

☐ Credit Disability, one buyer $ N/A   ☐ Credit Disability, both buyers $ N/A   Term N/A

Credit Life Insurance is for the scheduled term of this contract. Credit Disability Insurance covers the first N/A payments and does not cover the last scheduled payment. Credit life insurance pays only the amount I would owe if I paid all my payments on time. Credit disability insurance does not cover any increase in my payment or in the number of payments.

I want the insurance indicated above.

Buyer's Signature: _____   Date 01/31/2014

Co-Buyer's Signature: N/A _____   Date N/A

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.** (This provision applies to this contract only if the motor vehicle financed in the contract was purchased primarily for personal, family, or household use.)

HC# 4851-2877-8241v10 - 06/11
Missouri

Customer Initials _____
AutoStar Solutions, Inc

PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN ATTORNEY.

## OTHER TERMS AND CONDITIONS

**HOW YOU FIGURE THE FINANCE CHARGE:** This is a simple interest contract. The contract rate is <u>17.40</u> %. This contract rate may not be the same as the Annual Percentage Rate shown in the TILA Disclosures. Finance charges will accrue on the unpaid amount financed on a daily basis at 1/365th of the annual contract rate (1/366th in a leap year). The unpaid amount financed does not include late charges or returned check charges.

You based the Finance Charge, Total of Payments, and Total Sale Price shown in the TILA Disclosures on the assumption that I will make every payment on the day it is due. My Finance Charge, Total of Payments, and Total Sale Price will be more if I pay late and less if I pay early. Changes may take the form of a larger or smaller final payment or, at your option, more or fewer payments of the same amount as my scheduled payment with a smaller final payment. If all my scheduled payments are equal, you will give me at least 25 days after the final scheduled payment is due to pay any extra amount I owe because I paid late.

**HOW YOU WILL APPLY MY PAYMENTS:** You will apply my payments in the following order:
1. earned but unpaid finance charge; and
2. to anything else I owe under this agreement.

**INTEREST AFTER MATURITY:** If I don't pay all I owe when the final payment becomes due, I will pay interest on the amount that is still unpaid. The interest rate will be the higher of 18% per year or the maximum rate allowed by law, if that rate is higher. The interest rate for this amount will begin the day after the final payment becomes due.

**LIABILITY INSURANCE:** UNLESS A CHARGE FOR LIABILITY INSURANCE IS INCLUDED IN THE ITEMIZATION OF AMOUNT FINANCED, LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.

**I HAVE A RIGHT TO CANCEL CREDIT INSURANCE WITHIN 15 DAYS OF ITS PURCHASE AND TO RECEIVE A FULL REFUND OF THE CREDIT INSURANCE PREMIUM.**

**PROPERTY INSURANCE:** I agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The insurance must cover your interest in the vehicle. The insurance must include collision coverage and either comprehensive or fire, theft, and combined additional coverage, with acceptable deductibles. I must maintain a Comprehensive deductible not more than $ <u>500.00</u> and a Collision deductible amount not more than $ <u>500.00</u> . I must keep this insurance until I have paid all that I owe under this contract. I may obtain property insurance from anyone I want or provide proof of insurance I already have. I agree to give you proof of property insurance. I must name you as the person to be paid under the policy in the event of damage or loss.

**YOUR RIGHT TO BUY REQUIRED INSURANCE IF I FAIL TO KEEP THE MOTOR VEHICLE INSURED:** Unless I provide evidence of the insurance coverage required by my agreement with you, you may purchase insurance at my expense to protect your interests in the collateral. This insurance may, but need not, protect my interests. The coverage that you purchase may not pay any claim that I make or any claim that is made against me in connection with the collateral. I may later cancel any insurance purchased by you, but only after providing evidence that I have obtained insurance as required by this agreement. If you purchase insurance for the collateral, I will be responsible for the costs of that insurance, including the insurance premium, interest and any other charges you may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance I may be able to obtain on my own. If you obtain collateral protection insurance, you will mail notice to my last known address shown in your file.

**PHYSICAL DAMAGE INSURANCE PROCEEDS:** I must use physical damage insurance proceeds to repair the motor vehicle, unless you agree otherwise in writing. However, if the motor vehicle is a total loss, I must use the insurance proceeds to pay what I owe you. I agree that you can use any proceeds from insurance to repair the motor vehicle, or you may reduce what I owe under this contract. If you apply insurance proceeds to the amount I owe, they will be applied to my payments in the reverse order of when they are due. If my insurance on the motor vehicle or credit insurance doesn't pay all I owe, I must pay what is still owed. Once all amounts owed under this contract are paid, any remaining proceeds will be paid to me.

**IF CREDIT PROPERTY INSURANCE IS SOLD IN THIS CONTRACT THE FOLLOWING NOTICE APPLIES: I MAY NOT NEED TO PURCHASE CREDIT PROPERTY INSURANCE, AND I MAY HAVE OTHER INSURANCE WHICH YOU WILL ACCEPT WHICH COVERS THE VEHICLE SECURING THIS CONTRACT. I SHOULD EXAMINE ANY OTHER INSURANCE WHICH I HAVE IN ORDER TO DETERMINE IF THIS COVERAGE IS NECESSARY.**

**RETURNED INSURANCE PREMIUMS AND SERVICE CONTRACT CHARGES:** If you get a refund on insurance or service contracts, or other contracts included in the cash price, you will subtract it from what I owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to me.

**APPLICATION OF CREDITS:** Any credit that reduces my debt will apply to my payments in the reverse order of when they are due, unless you decide to apply it to another part of my debt. The amount of the credit and all finance charge or interest on the credit will be applied to my payments in the reverse order of my payments.

**TRANSFER OF RIGHTS:** You may transfer this contract to another person. That person will then have all your rights, privileges, and remedies.

**SECURITY INTEREST:** To secure all I owe on this contract and all my promises in it, I give you a security interest in
- the motor vehicle including all accessories and parts now or later attached;
- all insurance proceeds and other proceeds received for the motor vehicle;
- any insurance policy, service contract or other contract financed by you and any proceeds of those contracts; and
- any refunds of charges included in this contract for insurance, or service contracts.

This security interest also secures any extension or modification of this contract. The certificate of title must show your security interest in the motor vehicle.

HC# 4851-2877-8241v10 - 06/11
Missouri

Customer Initials _____
AutoStar Solutions, Inc.

PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN ATTORNEY.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM2015 - 11:05 AM

**USE AND TRANSFER OF THE MOTOR VEHICLE:** I will not sell or transfer the motor vehicle without your written permission. If I do sell or transfer the motor vehicle, this will not release me from my obligations under this contract. I will promptly tell you in writing if I change my address or the address where I keep the motor vehicle. I will not remove the motor vehicle from the state of my residence for more than 30 days unless I first get your written permission.

**CARE OF THE MOTOR VEHICLE:** I agree to keep the motor vehicle free from all liens, and claims except those that secure this contract. I will timely pay all taxes, fines, or charges pertaining to the motor vehicle. I will keep the motor vehicle in good repair. I will not allow the motor vehicle to be seized or placed in jeopardy or use it illegally. I must pay all I owe even if the motor vehicle is lost, damaged or destroyed. If a third party takes a lien or claim against or possession of the motor vehicle, you may pay the third party any cost required to free the motor vehicle from all liens or claims. You may immediately demand that I pay you the amount paid to the third party for the motor vehicle. If I do not pay this amount, you may repossess the motor vehicle and add that amount to the amount I owe. If you do not repossess the motor vehicle, you may still demand that I pay you, but you cannot compute a finance charge on this amount.

**DEFAULT:** I will be in default if:
- I do not pay any amount when it is due;
- Your prospect of payment, performance, or ability to realize upon the collateral is significantly impaired. The occurrence of any of the following events will significantly impair your prospect of payment, performance, or ability to realize upon the collateral: (a) I break any of my promises in this agreement; (b) I allow a judgment to be entered against me or the collateral; (c) I file bankruptcy , bankruptcy is filed against me, or the motor vehicle becomes involved in a bankruptcy.

If I default, you can exercise your rights under this contract and your other rights under the law.

**LATE CHARGE AND RETURNED CHECK CHARGE:** I will pay you a late charge on each late payment as shown in the TILA Disclosures. If any payment I give you is unpaid for any reason, I agree to pay a returned check charge of $25.

**REPOSSESSION:** If I default, and after providing any notices or rights to cure required under law, you may repossess the motor vehicle from me if you do so peacefully. If any personal items are in the motor vehicle, you can store them for me and give me written notice at my last address shown on your records within 15 days of discovering that you have my personal items. If I do not ask for these items back within 31 days from the day you mail or deliver the notice to me, you may dispose of them as applicable law allows. Any accessory, equipment, or replacement part stays with the motor vehicle.

**MY RIGHT TO REDEEM:** If you take my motor vehicle, you will tell me how much I have to pay to get it back. If I do not pay you to get the motor vehicle back, you can sell it or take other action allowed by law. My right to redeem ends when the motor vehicle is sold or you have entered into a contract for sale or accepted the collateral as full or partial satisfaction of a contract.

**DISPOSITION OF THE MOTOR VEHICLE:** If I don't pay you to get the motor vehicle back, you can sell it or take other action allowed by law. You will send me notice at least 10 days before you sell it. You can use the money you get from selling it to pay allowed expenses and to reduce the amount I owe. Allowed expenses are expenses you pay as a direct result of taking the motor vehicle, holding it, preparing it for sale, and selling it. If any money is left, you will pay it to me unless you must pay it to someone else. If the money from the sale is not enough to pay all I owe, subject to applicable law, I must pay the rest of what I owe you plus interest. If you take or sell the motor vehicle, I will give you the certificate of title and any other document required by state law to record transfer of title.

**COLLECTION COSTS:** If you hire an attorney who is not your employee to enforce this contract, I will pay reasonable attorney's fees and court costs as applicable law allows.

**CANCELLATION OF OPTIONAL INSURANCE AND SERVICE CONTRACTS:** This contract may contain charges for insurance or service contracts or for services included in the cash price. If I default, I agree that you can claim benefits under these contracts to the extent allowable, and terminate them to obtain refunds of unearned charges to reduce what I owe or repair the motor vehicle.

**YOUR RIGHT TO DEMAND PAYMENT IN FULL:** Unless prohibited by law, if I default, or you believe in good faith that I am not going to keep any of my promises, you can demand that I immediately pay all that I owe. Unless required by applicable law, you don't have to give me notice that you are demanding or intend to demand immediate payment of all that I owe.

**INTEGRATION AND SEVERABILITY CLAUSE:** This contract and the related documents that I sign contemporaneously with this contract contain the entire agreement between you and me relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid.

**LEGAL LIMITATIONS ON YOUR RIGHTS:** If you don't enforce your rights every time, you can still enforce them later. You will exercise all of your rights in a lawful way. I don't have to pay finance charge or other amounts that are more than the law allows. This provision prevails over all other parts of this contract and over all your other acts.

**CO-SIGNER OBLIGATIONS:** Any co-signer who signs this contract agrees to pay any amounts due under the contract if the buyer(s) does not pay such amounts. You do not have to exhaust your legal remedies against any buyer before seeking payment from the co-signer.

**APPLICABLE LAW:** Federal and Missouri law apply to this contract.

**MONITORING, RECORDING, AND COLLECTION CALLS:** By providing you my wireless (cell) telephone number, I expressly consent to receiving telephone calls from you concerning my contract, including calls to collect what I owe. Live calls may be made by one of your employees. Calls may also be made by a prerecorded, autodialed voice or text message as applicable law allows. My consent covers *all* types of calls. You do not charge me for such calls. My wireless carrier will charge me for your incoming calls and text messages according to my plan.

**STARTER INTERRUPT/GPS TRACKING: [  ]** If the box is checked, my motor vehicle is equipped with a starter interrupt GPS tracking device ("Device"). By signing this contract, I agree that you may install the "Device" in my motor vehicle. I understand and agree that you will disable the motor vehicle in the event that I do not make my payments on the dates they are due as shown in the TILA Disclosures, subject to any rights that I may have to cure my default. I agree that I will not tamper with, disable or attempt to disable the Device. The Device is and remains your property. I agree to return the motor vehicle to you after I have made all payments due under this contract so that you can remove the Device at no cost to me. Additional terms and disclosures regarding the installation and use of the Device are provided to me separately.

PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN ATTORNEY.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM2015 - 11:05 AM

[ ] If the box is checked, my motor vehicle is equipped with a GPS tracking device ("GPS Device"). By signing this contract, I agree that you may install the GPS Device in my motor vehicle. I understand and agree that you may use this GPS Device to locate my motor vehicle in the event that I do not make my payments on the dates they are due as shown in the TILA Disclosures. I agree that I will not tamper with, disable or attempt to disable the GPS Device. The GPS Device is and remains your property. I agree to return the motor vehicle to you after I have made all payments due under this contract so that you can remove the GPS Device at no cost to me. Additional terms and disclosures regarding the installation and use of the GPS Device are provided to me separately.

**ORAL MODIFICATIONS (CONSUMER TRANSACTIONS):** Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

**ORAL MODIFICATIONS (COMMERCIAL TRANSACTIONS):** Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable, regardless of the legal theory upon which it is based that is in any way related to the credit agreement. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

**SELLER'S DISCLAIMER OF WARRANTIES:** Unless the seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the seller makes no warranties, express or implied, on the motor vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. This provision does not affect any warranties covering the motor vehicle that the motor vehicle manufacturer may provide.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

Any change to this contract must be in writing. Both you and I must sign it. No oral changes to this contract are enforceable.

_____   _____
Buyer Signs                   Co-Buyer Signs

**Notice to the Buyer:**
Do not sign this contact before you read it or if it contains any blank spaces.
You are entitled to an exact copy of the contract you sign.
Under the law, you have the right to pay off in advance the full amount due and to obtain a partial refund of the finance charge.*

*If the transaction evidenced by this contract is not subject to the federal Truth in Lending Act, the finance charge is also the time price differential.

**BUYER'S ACKNOWLEDGEMENT OF CONTRACT RECEIPT:** I AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. I CONFIRM THAT BEFORE I SIGNED THIS CONTRACT, YOU GAVE IT TO ME, AND I WAS FREE TO TAKE IT AND REVIEW IT.

| X _____ 01/31/2014 | X _____ 01/31/2014 |
|---|---|
| Buyer Signs         Date | Co-Buyer Signs      Date |
| X N/A               N/A | X N/A               N/A |
| Co-Buyer Signs      Date | Co-Signer Signs      Date |

REGAL CAR SALES & CREDIT #52      01/31/2014          X _____
Seller Signs                     Date                By:

THIS CONTRACT IS NOT VALID UNTIL YOU AND I SIGN IT.

[X] If checked, I acknowledge that you and I have signed a separate arbitration agreement. That agreement is hereby attached and the terms are incorporated into the terms of this contract.

Negotiation and Assignment: For value received the undersigned Seller does hereby sell, assign and transfer to
SABER ACCEPTANCE CO. LLC _____ subject to the terms and conditions of the separate agreement between the Parties.

Assignment is made:   [ ] With Recourse   [X] Without Recourse   [ ] With Limited Recourse

| REGAL CAR SALES & CREDIT #52   [±] | JESSE GORDON | MANAGER | 01/31/2014 |
|---|---|---|---|
| Seller | By | Title | Date |

HC# 4851-2877-8241v10 - 06/11
Missouri

Page 6 of 6

Customer Initials
AutoStar Solutions, Inc

PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN ATTORNEY.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 41 of 634
Page 41 of 634



## Saber Acceptance Co. LLC

P.O. Box 471823
Tulsa, OK 74147
(918) 622-7333
(888) 531-7333

June 23, 2014

## NOTICE OF SALE

Rickey L. Henderson
9009 E. 52nd Terrace
Kansas City Mo, 64133

Subject:     Your default under our agreement dated:  **January 31, 2014**

We plan to apply for a "Repossed Title", so we will sell the **2002 Ford F150** at private sale sometime after **7/7/14.** A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you [*will or will not, as applicable*] still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at (918) 622-7333 or (888) 531-7333.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (918) 622-7333 or (888) 531-7333 or write us at P.O. Box 471823, Tulsa, OK 74147 and request a written explanation. (We will charge you $10.00 for the explanation if we sent you another written explanation of the amount you owe us within the last six months.) If you need more information about the sale, call us at (918) 622-7333 or (888) 531-7333 or write us at P.O. Box 471823, Tulsa, OK 74147.

We are sending this notice to the following other people who have an interest in the vehicle listed above or who owe money under your agreement: **Jane E Henderson**

## aber Acceptance Co. LLC

⊃ Box 471823
ılsa, Oklahoma 74147
**DDRESS SERVICE REQUESTED**




02 1P                                $ 000.48⁰
0000804078          JUN 23 2014
MAILED FROM ZIP CODE 74146

RICKEY L. HENDERSON
9009 E. 52ND TERRACE
KANSAS CITY MO 64133-



EXHIBIT
**2**

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM2015 - 11:05 AM



# Saber Acceptance Co. LLC

P.O. Box 471823
Tulsa, OK 74147
(918) 622-7333
(888) 531-7333

June 23, 2014

## NOTICE OF SALE

Jane E Henderson
9009 E 52nd Terrace
Kansas City, Mo 64133

Subject: Your default under our agreement dated: **January 31, 2014**

We plan to apply for a "Repossed Title", so we We will sell the **2002 Ford F150** at private sale sometime after 7/7/14. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you [*will or will not, as applicable*] still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at (918) 622-7333 or (888) 531-7333.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at (918) 622-7333 or (888) 531-7333 or write us at P.O. Box 471823, Tulsa, OK 74147 and request a written explanation. (We will charge you $10.00 for the explanation if we sent you another written explanation of the amount you owe us within the last six months.) If you need more information about the sale, call us at (918) 622-7333 or (888) 531-7333 or write us at P.O. Box 471823, Tulsa, OK 74147.

We are sending this notice to the following other people who have an interest in the vehicle listed above or who owe money under your agreement: **Rickey L. Henderson**

aber Acceptance Co. LLC

O Box 471823
.lsa, Oklahoma 74147
**DDRESS SERVICE REQUESTED**

UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $ 000.48⁰
0000804078       JUN 23 2014
MAILED FROM ZIP CODE 74146

JANE E HENDERSON
9009 E 52ND TERRACE
KANSAS CITY, MO     64133-

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM 2015 - 11:05 AM



Saber Acceptance Co. LLC

P.O. Box 471823
TULSA, OK 74135
918-610-1550
TOLL FREE: 877-455-1550
Monday - Friday 9 a.m.- 5 p.m.

Account:
2002 Gold Ford F150

Date: September 16, 2014

Rickey L. Henderson,

The principal balance owed on your account after the sale of the vehicle is $8024.31. This balance carries an interest rate of **17.34%**.

On 10/1/14 we may turn this account over to our attorney to obtain judgment against you which may result in the garnishment of your wages. Court costs and attorney's fees may be added to the amount you owe. Garnishment of wages may take up to 25% of your net pay. That's a quarter of every dollar you bring home.

If garnishing your wages is not feasible, we may opt to place a judgment lien on any and all real estate you own.

To avoid additional charges and the strain of potential garnishment, call us before 10/1/14.

Sincerely,
Legal Department

This office is attempting to collect a debt. Any information obtained will be used for that purpose.

P.O. Box 471823, Tulsa, OK 74147
Phone # (918) 610-1550 or (877) 455-1550
Fax # (918) 610-1567

Saber Acceptance Co. LLC

PO Box 471823
Tulsa, Oklahoma 74147

ADDRESS SERVICE REQUESTED

UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 000.48⁰
0000807857    SEP 16 2014
MAILED FROM ZIP CODE 74146

Rickey L. Henderson
9009 E. 52nd Terrace
Kansas City, Mo 64133

EXHIBIT
3
tabbies

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM2015 - 11:05 AM

# SABER ACCEPTANCE COMPANY, LLC
## LEGAL DEPARTMENT
PO BOX 471823
TULSA, OK 74147
918-610-1550
**TOLL FREE: 877-455-1550**
Monday – Friday 9 am to 5 pm

September 16, 2014

## How We Calculated Your Surplus or Deficiency

Subject: Account Number ▮▮▮▮▮

Your 2002 Ford F150, VIN-1FTRX17222NA12771, was sold on September 10, 2014. As of the date of this letter, the amount you owe us under the terms of your contract is $8914.57. This amount was calculated as follows:

| | | |
|---|---|---|
| Unpaid principal balance before subtracting money from sale | | $12074.31 |
| Money from sale | | 4200.00 |
| Unpaid balance minus money from sale | | $7874.31 |
| Known expenses of taking, holding, preparing for sale, processing, and selling vehicle, attorney fees and other legal expenses: | | |
| Repossessing & transportation | $300.00 | |
| Storage & reconditioning | 25.00 | |
| Selling costs | 125.00 | |
| Title & registration fees | 12.50 | |
| Attorney fees and legal expenses law permits | 0.00 | |
| Interest accrued as of 9/16/2014 | 500.76 | |
| Late fees | 77.00 | |
| Total expenses | | + 1040.26 |
| Known credits: | | |
| Rebate of unearned insurance premiums | $ 0.00 | |
| Extended service contracts refunds | 0.00 | |
| Insurance and service contract claims | 0.00 | |
| Total Credits | | - 0.00 |
| Deficiency/(surplus) | | $8914.57 |

The amount of any deficiency/surplus shown above may change because of future additional credits, rebates, or charges. Any deficiency shown above may also change because of additional interest accruing after the date of this letter.

For more information about this transaction or to make payment arrangements, you may call us at the telephone number at the top of this letter or write us at the address at the top of this letter.

Sincerely,
Saber Acceptance Company LLC
Legal Department

## Saber Acceptance Co. LLC

P.O. Box 471823
TULSA, OK 74147
918-610-1550
TOLL FREE: 877-455-1550
Monday - Friday 9 a.m.- 5 p.m.

Account: x
2002 Gold Ford F150

Date: September 16, 2014

Jane E Henderson,

The principal balance owed on your account after the sale of the vehicle is $8024.31. This balance carries an interest rate of 17.34%.

On 10/1/14 we may turn this account over to our attorney to obtain judgment against you which may result in the garnishment of your wages. Court costs and attorney's fees may be added to the amount you owe. Garnishment of wages may take up to 25% of your net pay. That's a quarter of every dollar you bring home.

If garnishing your wages is not feasible, we may opt to place a judgment lien on any and all real estate you own.

To avoid additional charges and the strain of potential garnishment, call us before 10/1/14.

Sincerely,
Legal Department

This office is attempting to collect a debt. Any information obtained will be used for that purpose.

P.O. Box 471823, Tulsa, OK 74147
Phone # (918) 610-1550 or (877) 455-1550
Fax # (918) 610-1567

## aber Acceptance Co. LLC

'O Box 471823
Tulsa, Oklahoma 74147
ADDRESS SERVICE REQUESTED

02 1P   $ 000.48°
0000807857   SEP 16 2014
MAILED FROM ZIP CODE 74146

Jane E Henderson
9009 E 52nd Terrace
Kansas City, Mo 64133

# SABER ACCEPTANCE COMPANY, LLC
## LEGAL DEPARTMENT
PO BOX 471823
TULSA, OK 74147
918-610-1550
**TOLL FREE: 877-455-1550**
Monday – Friday 9 am to 5 pm

September 16, 2014

## How We Calculated Your Surplus or Deficiency

Subject: Account Number ▓▓▓▓▓▓x

Your 2002 Ford F150, VIN-1FTRX17222NA12771, was sold on September 10, 2014. As of the date of this letter, the amount you owe us under the terms of your contract is $8914.57. This amount was calculated as follows:

| | | | |
|---|---|---|---|
| Unpaid principal balance before subtracting money from sale | | | $12074.31 |
| Money from sale | | | 4200.00 |
| Unpaid balance minus money from sale | | | $7874.31 |
| Known expenses of taking, holding, preparing for sale, processing, and selling vehicle, attorney fees and other legal expenses: | | | |
| Repossessing & transportation | $300.00 | | |
| Storage & reconditioning | 25.00 | | |
| Selling costs | 125.00 | | |
| Title & registration fees | 12.50 | | |
| Attorney fees and legal expenses law permits | 0.00 | | |
| Interest accrued as of 9/16/2014 | 500.76 | | |
| Late fees | 77.00 | | |
| Total expenses | | + | 1040.26 |
| Known credits: | | | |
| Rebate of unearned insurance premiums | $ 0.00 | | |
| Extended service contracts refunds | 0.00 | | |
| Insurance and service contract claims | 0.00 | | |
| Total Credits | | - | 0.00 |
| Deficiency/(surplus) | | | $8914.57 |

The amount of any deficiency/surplus shown above may change because of future additional credits, rebates, or charges. Any deficiency shown above may also change because of additional interest accruing after the date of this letter.

For more information about this transaction or to make payment arrangements, you may call us at the telephone number at the top of this letter or write us at the address at the top of this letter.

Sincerely,
Saber Acceptance Company LLC
Legal Department

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM016 - 07:05 PM

**TWENTY-NINTH JUDICIAL CIRCUIT COURT
JASPER COUNTY, MISSOURI**

Saber Acceptance Company, LLC,

    Plaintiff/Counterclaim-Defendant,

v.

Rickey L. Henderson & Jane Henderson,

    Defendants/Counterclaimants.

Case No. 15AO-AC02085

Associate Division
Judge Joseph Hensley

### First Amended Counterclaim

Counterclaimants Rickey L. Henderson and Jane Henderson ("the Hendersons"), by their undersigned attorneys, counterclaim against Counterclaim-Defendant Saber Acceptance Company, LLC ("Saber"):

### Nature of Case

1.    This is a consumer class action against Saber, and its predecessors or successors, seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by Saber regarding collection, enforcement, repossession and disposition of collateral, and collection of alleged deficiencies.

2.    Saber wrongfully accelerated consumer credit contracts on loans made to the the Hendersons and many other Missouri consumers and wrongfully repossessed their collateral because Saber either failed to send the right to cure notice required by RSMo § 408.554 ("Right to Cure Notices") or sent defective Right to Cure Notices before repossession.

3.    Saber sent the Hendersons and many other consumers a presale notice, which did not comply with the Uniform Commercial Code ("UCC") adopted by each state.[1] The presale notices sent to the Hendersons are attached as **Exhibit 2** to Plaintiff's Petition ("Presale Notice").

4.    Saber sent the Hendersons and numerous other consumers a post-sale notice, which did not comply with the UCC. The post-sale notices sent to the Hendersons are attached as **Exhibit 3** to Plaintiff's Petition ("Post-sale Notice").

5.    The Hendersons sue for themselves and all other similarly situated consumers. They seek actual damages not less than the statutory minimum provided for under the UCC, and such other further relief as this Court may deem appropriate.

**Parties**

6.    The Hendersons are residents of Jasper County, Missouri.

7.    Saber Acceptance is an Oklahoma limited liability company doing business in Missouri. Saber Acceptance is engaged in the business of financing the purchase of motor vehicles.

8.    All allegations of acts or omissions by Saber include, but are not limited to, acts and omissions of Saber's officers, directors, operators, managers, supervisors, employees, affiliates, subsidiaries, vice-principals, partners, agents, servants, and owners; and that such acts and omissions were made with Saber's express and/or implied authority, or were ratified or otherwise approved by Saber; or that such acts or omissions were made in the routine normal course and scope of their agency and employment as Saber's officers, directors, operators,

---

[1]    The Hendersons cite to the sections of the official text of the UCC. The sections of the UCC cited by the Hendersons have been adopted by all 50 states with no material variation that would affect the claims of the putative class members, regardless of where the putative class member resides, the loan originated, or the repossession took place. Article 9 of the UCC has been adopted in Missouri at § 400.9-101, *et seq*. Missouri's statutory scheme for its version of the UCC adds the prefix of 400 to the UCC numbering scheme. For example, § 9-614 of the UCC is denominated § 400.9-614 in Missouri's statutes.

2

managers, supervisors, employees, affiliates, subsidiaries, vice-principals, partners, agents, servants, and owners.

## Jurisdiction and Venue

9. This Associate Circuit Court of Jasper County, Missouri has jurisdiction over this matter under Article V, section 17 of the Missouri Constitution and RSMo § 478.220, which grant Missouri associate circuit courts original jurisdiction over all civil cases and matters.

10. Venue is proper in this Court under Rule 55.32 because the Hendersons are counterclaiming on Plaintiff's action originally brought in Jasper County, Missouri. Alternatively, venue is proper because Saber is not a resident of Missouri.

## General Allegations

11. The Hendersons signed a consumer credit contract for the purchase of a 2002 Ford F150 ("Property").

12. The Property was bought for use primarily for personal, family or household purposes.

13. The consumer credit contract was for the sale of a motor vehicle by a retail seller to a retail buyer on time under a retail installment contract for a time sale price payable in one or more deferred installments

14. The Hendersons and each class member were debtors or obligors in a consumer-goods transaction as those terms are defined under the UCC.

15. Saber accelerated the balance due on the Hendersons' consumer credit contract without giving the required Right to Cure Notices.

16. Saber or someone at Saber's direction repossessed the Property without giving the required Right to Cure Notices.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM016 - 07:05 PM

17. Under RSMo § 408.555, Saber wrongfully accelerated the Hendersons' and the Missouri Subclass's (defined below) consumer credit contracts by failing to give the required Right to Cure Notices before acceleration.

18. Under RSMo § 408.555, Saber wrongfully repossessed the Hendersons' and the Missouri Subclass's property by failing to give the required Right to Cure Notices before repossession.

19. After repossessing the Property, Saber or someone at Saber's direction sent the Presale Notice to the Hendersons, advising them of Saber's intent to dispose of the Property in purported compliance with the UCC.

20. The Presale Notice sent to the Hendersons and the presale notices sent to the Class (defined below) were not reasonable as required by § 9-611(b) because, among other reasons, the presale notice failed to provide a description of any liability for a deficiency of the person to which the notification was sent as required by sections § 9-614(1)(B) in that the presale notice stated the consumer "will or will not, as applicable" owe the deficiency.

21. The Presale Notice sent to the Hendersons and the presale notices sent to the Missouri Subclass were not reasonable as required by § 9-611(b) because the presale notice was misleading in that the Hendersons were not required to pay the full amount they owed (not just the past due payments) to get back the Property.

22. The Presale Notice sent to the Hendersons and the presale notices sent to the Missouri Subclass were not authenticated as required by § 9-611(b).

23. Saber failed to send the Hendersons and the Class reasonable authenticated notices of disposition as required by § 9-611.

24. Saber or someone at Saber's direction disposed of the Property ("Disposition") after sending the Presale Notice.

25. After Disposition, Saber or someone at Saber's direction sent the Hendersons the Post-sale Notice and post-sale notices to each member of the Class explaining how it calculated their deficiency balances.

26. Saber's post-sale notices to the Hendersons and the Class failed to comply with § 9-616 because the notices did not provide all the information, in the requisite order, as required by § 400.9-616(c)(3).

27. The post-sale notices sent to Saber and the Missouri Subclass violate section § 9-616 because:

   a. The post-sale notices misstated the aggregate amount of obligation (as required by RSMo § 400.9-616(c)(1)) and the amount of the deficiency (as required by RSMo §§ 400.9-616(a)(1)(A), (c)(6)) by including interest that had not become due.

   b. The post-sale notices misstated other amounts for expenses and credits.

   c. The post-sale notices were otherwise misleading.

28. Saber's failure to provide a statutorily compliant post-sale notice is part of a pattern, or consistent with a practice, of noncompliance.

29. Saber sued the Hendersons and the Missouri Subclass without giving the notice required by RSMo § 408.557.

30. Saber or someone at Saber's direction has unlawfully collected or attempted to collect interest accruing after default and before judgment from the Hendersons and Missouri consumers.

31. Saber or someone at Saber's direction has unlawfully collected or attempted to collect deficiency balances from the Hendersons and other consumers issued defective right to cure, presale and post-sale notices.

32. Saber or someone at Saber's direction has unlawfully collected or attempted to collect the time price differential, delinquency and collection charges from the Hendersons and other Missouri consumers issued defective right to cure, presale and post-sale notices.

33. Saber has maintained a practice and policy of reporting derogatory information regarding the class members to local consumer reporting agencies and the three national consumer credit reporting agencies: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (collectively, "CRAs"), despite its failure to comply with the right to cure, presale and post-sale notice requirements.

34. The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the class members' credit reports harmed the class members' credit worthiness, credit standing, credit capacity, character, and general reputation.

35. The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the class members' credit reports were oral or written publication of material that defames, slanders or libels the class members.

36. The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the class members' credit reports were oral or written publication of material that invaded the class members' privacy rights.

## Class Allegations

37. The Hendersons counterclaims for herself and classes designated under Rules 52.08(a) and 52.08(b)(3) to remedy the ongoing unfair, unlawful, or deceptive business practices alleged, and seeks redress for all those persons harmed.

38. The Class comprises all persons ("Class"):

    a. who are named as borrowers or buyers on a loan or financing agreement with Saber, assigned to Saber or owned by Saber;

    b. whose loan or financing agreement was secured by collateral;

    c. whose collateral was repossessed; and

    d. whose collateral was disposed.

39. The Missouri Subclass comprises all persons within the Class ("Missouri Subclass"):

    a. who obtained a Missouri Certificate of Title for a motor vehicle identifying Saber as the lienholder, or who are named as borrowers or buyers with a Missouri address on a loan or financing agreement with Saber, assigned to Saber or owned by Saber;

    b. whose loan or financing agreement was secured by a motor vehicle or other collateral;

    c. whose motor vehicle or other collateral was repossessed; and

    d. whose motor vehicle or other collateral was disposed.

40. Members of the classes are so numerous their individual joinder is impracticable. the Hendersons is informed and believes the proposed classes each contain over 500 individuals who had their motor vehicles or other collateral repossessed and disposed. The classes are sufficiently numerous to make joinder impracticable, if not impossible. The precise number of Class members is unknown.

41. There are questions of law and fact common to the classes, which predominate over any issues involving individual class members.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM016 - 07:05 PM

42. The principal legal question common to the Hendersons and each class member is whether the presale and post-sale notices sent by Saber, or someone at its direction, complied with the UCC.

43. The principal legal question common to the Hendersons and each Missouri Subclass member is whether RSMo § 408.553 precludes interest from accruing after default until a judgment is obtained, and if so, whether the presale and post-sale notices are defective by including or discussing interest Saber was precluded from charging.

44. The Hendersons' claims are typical of the claims of the class members.

45. The Hendersons' and the classes' claims are based on the same factual and legal theories.

46. The Hendersons' and the Class's rights derive from written, form contracts and a uniform statute adopted by all 50 states.

47. The violations alleged by the Hendersons and the Class derive from written, form presale and post-sale notices that violate the UCC adopted by each state.

48. The violations alleged by the Hendersons and the Missouri Subclass derive from written, form right to cure, presale and post-sale notices that violate RSMo §§ 408.553, 408.554, 408.555 and the UCC.

49. The Hendersons and each class member were damaged and may recover actual damages not less than the minimum damages provided by the UCC due to Saber's failure to provide proper presale notices and post-sale notices.

50. The Hendersons will fairly and adequately represent and protect the interests of the classes.

51. The Hendersons has no interests antagonistic to the class members.

52. The Hendersons' counsel is competent and experienced in consumer and class litigation.

53. The Hendersons and all class members have an interest in determining the adequacy of the presale notices and post-sale notices sent by Saber and to recover damages due to the statutorily defective presale notices and post-sale notices.

54. The questions of law or fact common to the classes predominate over questions affecting only individual members.

55. The Hendersons and each class member will rely on the same basic evidence (i.e., the form presale notices and post-sale notices).

56. Determining the deficiency of the presale notices and post-sale notices resolves all class members' claims because each notice sent to the class members suffers from at least one of the same deficiencies as the Hendersons' notices.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

58. The class members are consumer debtors, who likely cannot locate or afford to hire lawyers.

59. Most class members are probably unaware Saber violated their rights and the law.

60. If each of the class members were forced to bring an individualized suit, such suits would burden judicial resources and would create the risk of multiple inconsistent results for similarly situated parties.

61. Concentrating the litigation of the Hendersons' and the class members' claims is also desirable and logical given the predominance of common questions of law and fact alleged above.

62. The classes should be certified under Rule 52.08(b)(3), as the superior method for the fair and efficient adjudication of this controversy.

63. The Hendersons also seeks a declaration that the form right to cure notices, presale notices and post-sale notices used by Saber violate Missouri or other applicable law.

## Count I – Class's Claim

64. The Hendersons repeats the allegations set forth above as if set forth in Count I.

65. Saber violated the UCC by failing to provide the presale notice in the form and manner required under the UCC before disposing of collateral secured by loans entered by, assigned to, or owned by Saber.

66. Saber did not use the form of notification provided in § 9-614(3) of the UCC when sending presale notices to the Hendersons and the Class.

67. Saber's presale notices to the Hendersons and the Class included additional language or content not authorized or allowed by law, rendering the presale notices misleading or unreasonable in violation of §§ 9-611 and 9-614 of the UCC.

68. As required under § 9-611 of the UCC, Saber failed to provide "reasonable authenticated notice of disposition" to the Hendersons and the Class.

69. Saber did not send post-sale notices, or any other explanation or writing, to the Hendersons and the Class providing all the information, in the requisite order, as required by § 9-616 of the UCC.

70. Saber's failure to provide a statutorily compliant post-sale notice is part of a pattern, or consistent with a practice, of noncompliance because Saber sent the same noncompliant post-sale notice to the Hendersons and the Class.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM016 - 07:05 PM

71.     As a direct and proximate result of failure to comply with the requirements of Subchapter 6 of Article 9 of the UCC, the Hendersons and the Class suffered actual damages not less than the minimum damages provided by § 9-625(c)(2), including:

a.  loss of use of tangible property and cost of alternative transportation;

b.  loss resulting from the inability to obtain, or increased costs of, alternative financing;

c.  harm to credit worthiness, credit standing, credit capacity, character, and general reputation;

d.  harm caused by defamation, slander and libel;

e.  harm caused by invasion of privacy; and

f.  other uncertain and hard-to-quantify actual damages.

WHEREFORE, the Hendersons pray this Court certify the Class and enter a judgment for the Hendersons and the Class against Saber:

a.  awarding actual damages not less than the minimum damages provided by § 9-625(c)(2);

b.  prejudgment and post-judgment interest;

c.  a preliminary and permanent injunction enjoining Saber from engaging in the practices alleged, including without limitation, enjoining Saber from collecting deficiency judgments, time price differential, delinquency and collection charges from the Hendersons and the Class;

d.  a mandatory injunction compelling Saber to return any money collected for deficiency judgments, time price differential, delinquency and collection charges from the Hendersons and the Class;

e. a mandatory injunction compelling Saber to remove any adverse credit information wrongfully reported on the Hendersons' and the Class' consumer credit reports;

f. a declaration that the presale notices sent by Saber to the Hendersons and the Class fail to comport with the statutory requirements; and

g. for such other and further relief as this Court deems just and proper.

## Count II – Missouri Subclass' Claim

72. The Hendersons repeats the allegations set forth above as if set forth in Count II.

73. RSMo § 408.555 prohibits Saber from accelerating the maturity of the unpaid balance, taking possession of the collateral or otherwise enforcing its security interest until the notice required by RSMo § 408.554 is given.

74. Saber failed to give the Hendersons and the Missouri Subclass the notice required by RSMo § 408.554 before it accelerated the maturity of the unpaid balances under the consumer credit contracts.

75. Saber failed to give the Hendersons and the Missouri Subclass the notice required by RSMo § 408.554 before it repossessed the collateral secured by the consumer credit contracts.

76. Saber wrongfully accelerated the maturity of the unpaid balances under the consumer credit contracts.

77. Saber wrongfully repossessed the collateral secured by the consumer credit contracts and caused the Hendersons and the Missouri Subclass the loss of use of tangible property.

78. Saber's failure to provide a notice sufficient under RSMo §§ 408.554 and 408.555 before acceleration and repossession violates RSMo § 365.145.

79. Saber's wrongful acceleration of the maturity of the unpaid balances under the consumer credit contracts and wrongful repossession of the collateral secured by the consumer credit contracts renders the presale notices unreasonable and misleading in violation of RSMo §§

400.9-611 and 9-614(5), (6) because, among other reasons, it misstates the payoff balance and the consumer's redemption rights.

80. Saber's wrongful acceleration of the maturity of the unpaid balances under the consumer credit contracts and wrongful repossession of the collateral secured by the consumer credit contracts renders the post-sale notices unreasonable and misleading in violation of RSMo § 400.9-616 because, among other reasons, it misstates the amount of the obligation and the deficiency balances owed by including unpaid balances that had not become due.

81. Saber did not send post-sale notices, or any other explanation or writing, to the Hendersons and the Missouri Subclass providing all the information, in the requisite order, as required by RSMo § 400.9-616.

82. Saber's failure to provide a statutorily compliant post-sale notice is part of a pattern, or consistent with a practice, of noncompliance because Saber sent the same noncompliant post-sale notice to the Hendersons and the Missouri Subclass.

83. Saber's failure to provide notices sufficient under RSMo §§ 400.9-611, 9-614 and 9-616 before commencing its claim for a deficiency judgment violates sections §§ 408.556, 408.557, and 365.145.

84. Under § 365.150.2, Saber's violation of § 365.145 requires it return any time price differential, delinquency or collection charge on the consumer credit contracts that it collected from the Hendersons and the Missouri Subclass.

85. As a direct and proximate result of Saber's wrongful acceleration and repossession, and failure to send the requisite notices, the Hendersons and the Missouri Subclass suffered actual damages not less than the minimum damages provided by § 400.9-625(c)(2), including:

    a. loss of use of tangible property and cost of alternative transportation;

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM016 - 07:05 PM

b. loss resulting from the inability to obtain, or increased costs of, alternative financing;

c. the surplus after disposition of the collateral that would be equal to the proceeds of disposition less the unaccelerated balance due on the consumer loan contracts and less any wrongfully charged interest;

d. all monies paid to Saber by the Hendersons and the Missouri Subclass for the time price differential and delinquency and collection charges on the consumer credit contracts;

e. harm to credit worthiness, credit standing, credit capacity, character, and general reputation;

f. harm caused by defamation, slander and libel;

g. harm caused by invasion of privacy; and

h. other uncertain and hard-to-quantify actual damages.

86. Saber did not intend to violate RSMo §§ 408.554 and 408.555 or any of the statutes under the UCC.

87. The Hendersons and the Missouri Subclass are entitled to attorney's fees under RSMo § 408.562.

88. The Hendersons and the Missouri Subclass are entitled to punitive damages under RSMo § 408.562.

89. Saber's actions were wanton, outrageous, and/or malicious because of its reckless indifference to or conscious disregard of the consumer rights of the Hendersons and the Missouri Subclass.

WHEREFORE, the Hendersons pray this Court certify the Missouri Subclass and enter a judgment for the Hendersons and the Missouri Subclass against Saber:

a. awarding actual damages not less than the minimum damages provided by RSMo § 400.9-625(c)(2);

b. statutory damages of $500 for each defective post-sale notice sent;

c. prejudgment and post-judgment interest;

d. attorney's fees;

e. punitive damages;

f. a preliminary and permanent injunction enjoining Saber from engaging in the practices alleged, including without limitation, enjoining Saber from collecting deficiency judgments, time price differential, delinquency and collection charges from Bell and the Missouri Subclass;

g. a mandatory injunction compelling Saber to return any money collected for deficiency judgments, time price differential, delinquency and collection charges from Bell and the Missouri Subclass;

h. a mandatory injunction compelling Saber to remove any adverse credit information wrongfully reported on Bell's and the Missouri Subclass's consumer credit reports;

i. a declaration that the presale notices and post-sale notices sent by Saber to Bell and the Missouri Subclass fail to comport with the statutory requirements; and

j. for such other and further relief as this Court deems just and proper.

THE ONDER LAW FIRM

By: _____
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO  63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com

*Attorneys for Counterclaimant*

## Certificate of Service

I certify on February 22, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

_____

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**26AC-CC00235**

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

INSURANCE IS PROVIDED BY UNIVERSAL UNDERWRITERS INSURANCE COMPANY

THIS POLICY INSURES ONLY THOSE COVERAGES SHOWN IN THE DECLARATIONS.  IN ITEM 2
BELOW, EACH NAMED INSURED, OTHER INSURED, SECURITY INTEREST AND LOCATION IS
GIVEN A CORRESPONDING LETTER OR NUMBER DESIGNATION.  INSURANCE PROVIDED IN
ITEM 3 WILL NOT APPLY TO ANY NAMED INSURED, OTHER INSURED, SECURITY INTEREST
OR LOCATION UNLESS ITS CORRESPONDING LETTER OR NUMBER APPEARS NEXT TO A
SPECIFIC COVERAGE IN ITEM 3.  (CHANGES, IF ANY, ARE INDICATED BY +)

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012

ITEM 1
POLICY PERIOD      JUNE 01, 2011 TO      JUNE 01, 2012     POLICY NO. 315894

ITEM 2

NAMED INSURED 01:

REGAL CAR SALES AND CREDIT, LLC
ATTN: TERRY NEELY
P O BOX 471035
TULSA, OK 74147

NAMED INSURED AND TYPE OF LEGAL ENTITY:

    01   REGAL CAR SALES AND CREDIT, LLC               LIMITED LIABILITY COMPANY

    02   SABER ACCEPTANCE COMPANY, LLC                 LIMITED LIABILITY COMPANY

    03   REGAL MOTORS 401(K) PLAN                      OTHER

    04   REGAL EQUESTRIAN, LLC                         LIMITED LIABILITY COMPANY

OTHER INSUREDS:

    AA   ROBERT N & ROBIN MULKEY
         5801 E 41ST ST - STE 804
         TULSA, OK 74135

    BB   MADISON MULKEY
         5801 E 41ST ST - STE 804
         TULSA, OK 74135

    CC   JERRY LARSEN
         5801 E 41ST ST - STE 804
         TULSA, OK 74135

    DD   LARRY BURKE
         5801 E 41ST ST - STE 804

315894   VI (2-2010)                                                   PAGE 1-A

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 2
        TULSA, OK 74135

  EE   DAVID ANDERSON
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

  FF   JEFF O'NEILL
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

  GG   ROBERT MADISON MULKEY
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

  HH   DAVID PENNINGTON
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

  II   FORUM INVESTMENTS, LLC

  JJ   REVOCABLE LIVING TRUST AGREEMENT
        OF LARRY G WARREN AND SHARON
        WARREN
        (ADDED EFFECTIVE: 06-01-2011)

  KK   CHICKASHA BANK AND TRUST CO.
        P O BOX 1307
        CHICKASHA, OK 73023

SECURITY INTERESTS:

  A    FIRST NATIONAL BANK & TRUST
        OF OKMULGEE
        P O BOX 1037
        OKMULGEE, OK 74447

  B    BANC FIRST
        7625 E 51ST STREET
        TULSA, OK 74145

  C    AMERICAN HERITAGE BANK
        2 SOUTH MAIN
        SAPULPA, OK 74066

  D    AMERICAN HERITIAGE BANK ISAOA
        PO BOX 1408
        SUPULPA, OK 74067

315894   VI (2-2010)                                    PAGE 1-B
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE       MAY 01, 2012

ITEM 2

LOCATIONS AND OCCUPANCY:

| | | | |
|---|---|---|---|
| 01 | 12718 E 55TH STREET<br>TULSA, OK 74135 | OFFICE (NOT OTHRWSE CLASSIFIED) | |
| 02 | 1407 S MEMORIAL DR<br>TULSA, OK 74112 | USED CAR SALES & SERVICE | |
| 03 | 401 SW 29TH STREET<br>OKLAHOMA CITY, OK 73109 | USED CAR SALES & SERVICE | |
| 04 | 1021 S WOOD DR<br>OKMULGEE, OK 74447 | USED CAR OFFICE | |
| 06 | 1004 E 6TH AVENUE<br>STILLWATER, OK 74074 | USED CAR SALES & SERVICE | |
| 07 | 4309 NW CACHE RD<br>LAWTON, OK 73505 | USED CAR SALES & SERVICE | |
| 08 | 3515 N MAY AVE<br>OKLAHOMA CITY, OK 73112 | USED CAR SALES & SERVICE | |
| 09 | 630 N MAIN<br>MUSKOGEE, OK 74401 | USED CAR OFFICE | |
| 10 | 1201 E TAFT<br>SAPULPA, OK 74066 | USED CAR SALES & SERVICE | |
| 11 | 4717 NW 39TH STREET<br>OKLAHOMA CITY, OK 73122 | USED CAR SALES & SERVICE | |
| 12 | 3609 US HWY 59 N<br>GROVE, OK 74344 | USED CAR SALES & SERVICE | |
| 13 | 3110 S BROADWAY<br>WICHITA, KS 67216 | USED CAR SALES & SERVICE | |
| 14 | 800 S GLENSTONE<br>SPRINGFIELD, MO 65802 | USED CAR SALES & SERVICE | |
| 15 | 805 E 7TH STREET<br>JOPLIN, MO 64801 | USED CAR SALES & SERVICE | |
| 17 | 212 S NEW AVENUE<br>SPRINGFIELD, MO 65806 | USED CAR OFFICE<br>(ADDED EFFECTIVE 06-01-2011) | |
| 18 | 800 S GLENSTONE | USED CAR OFFICE | |

315894   VI (2-2010)                                            PAGE 1-C

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 2
        (ADJACENT TO LOC 14)                  (TEMPORARY TRAILER)
        OKMULGEE, OK 74447

   19  1637 W SHAWNEE BYPASS                  USED CAR OFFICE
        MUSKOGEE, OK 74401

+  20  1637 W SHAWNEE BYPASS                  USED CAR OFFICE
        ADJACENT
        MUSKOGEE, OK 74401

   21  2504 NORTH BROADWAY STREET             VACANT LAND
        POTEAU, OK 74953


ENDORSEMENTS APPLICABLE TO THIS POLICY:

   0827 EXCLUSION C - EMPLOYER'S LIABILITY
        REVISED

   0505 DRIVER EXCLUSION
   END. 0505 APPLIES TO:
   KILEY ANDERSON - EFF: 06-01-11
   RICHARD WILDCAT - EFF: 06-17-11


TERRORISM:


ACTS OF TERRORISM INCLUDED
   ANNUAL PREMIUM     $794

315894   VI (2-2010)                                     PAGE 1-D
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE       MAY 01, 2012

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| AUTO INVENTORY PHYSICAL DAMAGE | | | | |
| +  (PART 300) | 01 | ALL | SEE BELOW | 660,000 |

```
REPAIRS:   0% LABOR - YOUR AUTOS
           0% PARTS - YOUR AUTOS
         100% LABOR - CUSTOMER AUTOS
         100% PARTS - CUSTOMER AUTOS
```

ENDORSEMENTS APPLICABLE:
  0811 HOW WE WILL PAY CONDITION REVISED

| PERILS AND DEDUCTIBLES SCHEDULE: | SECURITY INTERESTS | COMPREHENSIVE | COLLISION | EXTENDED THEFT |
|---|---|---|---|---|
| NEW AUTOS | | NO COVER | NO COVER | NO COVER |
| USED AUTOS | | NO COVER | NO COVER | NO COVER |
| CONSIGNED AUTOS | | NO COVER | NO COVER | NO COVER |
| WATERCRAFT/CARRIERS | | NO COVER | NO COVER | NO COVER |
| DEMONSTRATOR-COMPANY AUTO | | NO COVER | NO COVER | NO COVER |
| SERVICE AUTOS | | NO COVER | NO COVER | NO COVER |
| +  CUSTOMER'S AUTOS | | 1,000/5,000 | 1,000 | NO COVER |

    0008 CUSTOMER'S AUTOS OR CUSTOMER'S
         WATERCRAFT - LEGAL LIABILITY

OTHER INSUREDS

| | | COMPREHENSIVE | COLLISION | EXTENDED THEFT |
|---|---|---|---|---|
| DRIVE OTHER AUTOS | AA,BB,CC,<br>DD,EE,FF,<br>GG,HH | 500 | 500 | NO COVER |

     0011 DRIVE OTHER AUTOS

 315894   VI (2-2010)                                          PAGE 1-E

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD  OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES            COINS%


+BUILDING                         90%   01,A    01     SEE     1,500,000
   FIRE                  10000                          SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0180 TENTATIVE RATE ENDORSEMENT

+BUILDING                         90%   01,A    02     SEE       793,519
   FIRE                  10000                          SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                         90%   01,A    03     SEE       402,108
   FIRE                  10000                          SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING

 315894   VI (2-2010)                                        PAGE 1-F
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED    LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                         90%   01,A     04     SEE        168,039
   FIRE                 10000                           SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                         90%   01,A     06     SEE        241,557
   FIRE                 10000                           SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                         90%   01,A     07     SEE        277,343
   FIRE                 10000                           SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

 315894   VI (2-2010)                                      PAGE 1-G
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE       MAY 01, 2012

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | | COINS% | | | | |
|---|---|---|---|---|---|---|
| +BUILDING | | 90% | 01,A | 08 | SEE | 252,837 |
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING

| +BUILDING | | 90% | 01,C,D | 10 | SEE | 300,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING

| +BUILDING | | 90% | 01 | 11 | SEE | 243,113 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING

315894   VI (2-2010)                                                    PAGE 1-H

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE       MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND         INSUREDS  LOCA-   PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                   TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                        90%   01,A     12     SEE        250,000
   FIRE                 10000                          SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                        90%   01,A     13     SEE        354,750
   FIRE                 10000                          SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                        90%   01,A,B   14     SEE        255,171
   FIRE                 10000                          SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

 315894   VI (2-2010)                                          PAGE 1-I
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD  OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                        90%    01,C,D   15     SEE          232,610
   FIRE                 10000                           SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                        100%   01       17     SEE          354,393
   FIRE                 10000                           SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                        80%    01       18     SEE           50,000
   FIRE                 10000                           SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE         10000

 315894   VI (2-2010)                                          PAGE 1-J
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE       MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES        COINS%


+BUILDING                        90%   01      19    SEE        250,000
   FIRE                 10000                        SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                        90%   01      20    SEE         75,000
   FIRE                 10000                        SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING

 FIRE LIABILITY                 NONE   01      01    SEE        290,000
   FIRE               NO DEDUCT                      SCHEDULE

   0020 FIRE LIABILITY

+CONTENTS                        90%   01,02   01    SEE        220,000
   FIRE                 10000                        SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER

 315894   VI (2-2010)                                   PAGE 1-K
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

  SPRK LEAKAGE           10000

  0776 REPLACEMENT COST EQUIPMENT -
         COINSURANCE

+CONTENTS                        80%   01,02    02    SEE       60,000
    FIRE                 10000                        SCHEDULE
    WINDSTORM-HAIL       10000
    V&MM                 10000
    OTHER SPEC PERILS    10000
    THEFT-BURGLARY       10000
    UNNAMED PERILS       10000
    BREAKDOWN            10000
    EARTHQUAKE          NO COVER
    SPRK LEAKAGE         10000

  0776 REPLACEMENT COST EQUIPMENT -
         COINSURANCE

+CONTENTS                        90%   01,02    03    SEE       27,000
    FIRE                 10000                        SCHEDULE
    WINDSTORM-HAIL       10000
    V&MM                 10000
    OTHER SPEC PERILS    10000
    THEFT-BURGLARY       10000
    UNNAMED PERILS       10000
    BREAKDOWN            10000
    EARTHQUAKE          NO COVER
    SPRK LEAKAGE         10000

  0776 REPLACEMENT COST EQUIPMENT -
         COINSURANCE

 315894   VI (2-2010)                                PAGE 1-L
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


| +CONTENTS | | 90% | 01,02 | 04 | SEE | 27,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

| +CONTENTS | | 90% | 01,02 | 06 | SEE | 35,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

| +CONTENTS | | 90% | 01,02 | 07 | SEE | 45,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -

315894   VI (2-2010)                                        PAGE 1-M

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE       MAY 01, 2012

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|---|

PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

       COINSURANCE

| +CONTENTS | | 90% | 01,02 | 08 | SEE | 27,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

| +CONTENTS | | 90% | 01,02 | 09 | SEE | 27,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

| +CONTENTS | | 90% | 01,02 | 10 | SEE | 45,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

   0776 REPLACEMENT COST EQUIPMENT -

 315894   VI (2-2010)                                    PAGE 1-N

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND         INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                   TIONS    INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

        COINSURANCE

+CONTENTS                          90%   01,02    11     SEE        27,000
   FIRE                  10000                           SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                          90%   01,02    12     SEE        27,000
   FIRE                  10000                           SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                          90%   01,02    13     SEE        27,000
   FIRE                  10000                           SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0776 REPLACEMENT COST EQUIPMENT -

 315894   VI (2-2010)                                    PAGE 1-O
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

        COINSURANCE

+CONTENTS                         90%   01,02   14    SEE         27,000
   FIRE                 10000                         SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                         90%   01,02   15    SEE         27,000
   FIRE                 10000                         SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                        100%   01      17    SEE         30,000
   FIRE                 10000                         SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -

 315894   VI (2-2010)                                PAGE 1-P
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED      LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

        COINSURANCE

+CONTENTS                        90%    01       19     SEE          30,000
    FIRE                 10000                          SCHEDULE
    WINDSTORM-HAIL       10000
    V&MM                 10000
    OTHER SPEC PERILS    10000
    THEFT-BURGLARY       10000
    UNNAMED PERILS       10000
    BREAKDOWN            10000
    EARTHQUAKE        NO COVER
    SPRK LEAKAGE         10000

    0776 REPLACEMENT COST EQUIPMENT -
         COINSURANCE

 CONTENTS                               01       20
+ CANCELLED   05-01-2012

 OTHER INSURED PROPERTY                                      50,000

 315894   VI (2-2010)                                   PAGE 1-Q
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

CRIME (PART 380)


| | | | | |
|---|---|---|---|---|
| EMPLOYEE DISHONESTY | 01,02,03 | ALL | CRIME | 500,000 |

```
   DEDUCTIBLE       2,500
   0511 WELFARE & PENSION BENEFIT PLAN
ENDORSEMENT 0511 AND NAMED
INSURED 03 ADDED EFF: 6-1-11.
```

315894   VI (2-2010)                                        PAGE 1-R

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:


+GARAGE OPERATIONS AND AUTO               01,02     ALL     SEE       300,000#
 HAZARD (PART 500)                                          BELOW     900,000#

     # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
        PRODUCTS-COMPLETED OPERATIONS AGGREGATE.

                                   DEDUCTIBLE
WORK/PRODUCTS                        5,000
INJURY GROUP 1-4                     5,000
INJURY GROUP 5                       5,000
INJURY GROUP 6                         25%
CUSTOMER COMPLAINT DEFENSE           2,500
LABOR RELATED DEFENSE               2,500
DESIGNATED STATUTE DEFENSE          2,500

ENDORSEMENTS APPLICABLE:
  0054 CUSTOMER RENTAL COVERAGE EXCLUDED
  0334 75% REDUCTION OF DEDUCTIBLE
  0390 DISCRIMINATION PREVENTION
         TRAINING - DEDUCTIBLE WAIVER
  0451 PRODUCTS-COMPLETED OPERATIONS
         AGGREGATE LIMIT (GARAGE)
  0735 DISCRIMINATION DEDUCTIBLE -
         $10,000 OR PERCENTAGE

  INJURY GROUP 1  (BODILY INJ/PROP DMG)  01,02    ALL    COVERED  INCLUDED

  INJURY GROUP 2  (MENTAL INJURY)        01,02    ALL    COVERED  INCLUDED

  INJURY GROUP 3  (PERSONAL INJURY)      01,02    ALL    COVERED  INCLUDED

  INJURY GROUP 4  (ADVERTISING INJURY)   01,02    ALL    COVERED  INCLUDED

  INJURY GROUP 5  (EMPLOYEE BENEFITS)    01,02    ALL    COVERED  INCLUDED

  INJURY GROUP 6  (DISCRIMINATION)       01,02    ALL    COVERED  INCLUDED

315894   VI (2-2010)                                          PAGE 1-S
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED     LIMITS
EACH COVERAGE PART:


GARAGE OPERATIONS AND AUTO
HAZARD (PART 500)


DRIVE OTHER AUTOS                       AA,BB,CC, ALL     COVERED  INCLUDED
  0034 DRIVE OTHER AUTOS                DD,EE,FF,
                                        GG,HH

ADDITIONAL INSUREDS
+  0033 ADDITIONAL INSURED-PROPERTY     II        10      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY     II        12      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY     II        15      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY     II        16      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY     JJ        17      COVERED  INCLUDED

+MEDICAL PAYMENTS                       01,02     ALL     COVERED     5,000
  0035 MEDICAL PAYMENTS

DEFENSE REIMBURSEMENT:

+  CUSTOMER COMPLAINT DEFENSE           01,02     ALL     COVERED    25,000@
                                                                   300,000@

+  LABOR RELATED DEFENSE                01,02     ALL     COVERED    25,000@
                                                                   300,000@

+  DESIGNATED STATUTE DEFENSE           01,02     ALL     COVERED    25,000@
                                                                    50,000@
@ THE FIRST LIMIT IS PER CLAIM OR SUIT, THE SECOND IS AN ANNUAL AGGREGATE.

UNINSURED/UNDERINSURED MOTORISTS
  COVERED AUTOS INSURED BY
  COVERAGE PART NO. 500

UNINSURED MOTORISTS                     01        ALL     UM BI      25,000#
                                                                    50,000#
                                                          UM PD     NO/COVER

UNDERINSURED MOTORISTS                  01        ALL     UIM BI    INCLUDED


 315894   VI (2-2010)                                              PAGE 1-T
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED      LIMITS
EACH COVERAGE PART:
                                                           UIM PD     NO/COVER


ENDORSEMENTS APPLICABLE:
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
  INDIVIDUALS DESIGNATED BELOW:

UNINSURED MOTORISTS                       AA,BB,GG  ALL    UM BI       300,000
                                                                      EA.ACCID
                                                           UM PD     NO/COVER

UNDERINSURED MOTORISTS                    AA,BB,GG  ALL    UIM BI      INCLUDED

                                                           UIM PD     NO/COVER


ENDORSEMENTS APPLICABLE:
  0092 DESIGNATED INDIVIDUALS
  0203 UNINSURED MOTORISTS

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
  DRIVE OTHER AUTO-OTHER INSUREDS LISTED BELOW:

UNINSURED MOTORISTS                       CC,DD,EE, ALL    UM BI        25,000#
                                          FF,HH                        50,000#
                                                           UM PD     NO/COVER

UNDERINSURED MOTORISTS                    CC,DD,EE, ALL    UIM BI      INCLUDED
                                          FF,HH
                                                           UIM PD     NO/COVER


ENDORSEMENTS APPLICABLE:
  0034 DRIVE OTHER AUTOS
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

315894   VI (2-2010)                                        PAGE 1-U
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED    LIMITS
EACH COVERAGE PART:


GENERAL LIABILITY (PART 660)


                                DEDUCTIBLE
INJURY GROUPS 1-4                 5,000

ENDORSEMENTS APPLICABLE:
    0095 PREMISES MEDICAL PAYMENTS

INJURY                                    01,02    ALL          300,000

                              - - SEE SCHEDULE OF HAZARDS BELOW - -

    INJURY GROUP 1  (BODILY INJ/PROP DMG)                        INCLUDED

    INJURY GROUP 2  (MENTAL INJURY)                              INCLUDED

    INJURY GROUP 3  (PERSONAL INJURY)                            INCLUDED

    INJURY GROUP 4  (ADVERTISING INJURY)                         INCLUDED

    INJURY GROUP 5  (EMPLOYEE BENEFITS)                          NO COVER

    INJURY GROUP 6  (DISCRIMINATION)                             NO COVER

  MEDICAL PAYMENTS                        01,02    ALL             5,000
    0095 MEDICAL PAYMENTS

SCHEDULE OF HAZARDS:

  PREMISES/OPERATIONS HAZARD              01,02    IF ANY
   CLASSIFICATION CODE:
    61217A - BASIS 089
    BUILDINGS OR PREMISES, BANK OR
    OFFICE, MERCANTILE OR
    MANUFACTURING MAINTAINED BY
    THE INSURED - LESSORS RISK ONLY
    OTHER THAN NOT-FOR-PROFIT

315894   VI (2-2010)                                          PAGE 1-V
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)


OWNED AUTOS                               01,04     ALL      COMPRE.  1,000 DED*
ENDORSEMENTS APPLICABLE:                                     COLLISION 1,000 DED*
  0740 HAULAWAY COVERAGE
 NO. ---DESCRIPTION---

 02 2008 LEXUS LS460
  ID #JTHGL46F685023918
  PLACE OF GARAGING
  TULSA
  OK  74135

 03 2007 LINCOLN NAVIGATOR                04
  ID #5LMFU28517LJ09496
  PLACE OF GARAGING
  TULSA
  OK  74135

 07 2008 GMC YUKON DENALI
  ID #1GKFK63868J112921
  PLACE OF GARAGING
  TULSA
  OK  74135

 08 2008 CADILLAC ESCALADE
  ID #1GYFK66868R174371
  PLACE OF GARAGING
  TULSA
  OK  74135

 09 2003 MONROE MTRS WALLY TRAILER
  ID #1W9H546263H157318
  PLACE OF GARAGING

315894   VI (2-2010)                                          PAGE 1-W
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE       MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED      LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

  TULSA
  OK  74135

 10 2007 FORD EDGE
  ID #2FMDK49C07BB44278
  PLACE OF GARAGING
  TULSA
  OK  74135

 11 1996 HALS CAR HAULER
  ID #1H9G503C2T1220396
  PLACE OF GARAGING
  TULSA
  OK  74135

 12 2008 DODGE RAM 550
  ID #3D6WD78A78G212464
  PLACE OF GARAGING
  TULSA
  OK  74135

 13 2002 INTERNATIONAL ROLLBACK
  ID #1HTMMAAM22H512735
  PLACE OF GARAGING
  TULSA
  OK  74135

 14 2006 DODGE DURANGO                     04
  ID #1D4HB38N76F163610
  PLACE OF GARAGING
  TULSA
  OK  74135

 15 2004 LINCOLN TOWN CAR                  04

315894   VI (2-2010)                                       PAGE 1-X
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

  ID #1LNHM81W74Y611591
  PLACE OF GARAGING
  TULSA
  OK  74135

 16 2004 TOYOTA HIGHLANDER               04
  ID #JTEGD21A740079044
  PLACE OF GARAGING
  TULSA
  OK  74135
-----------------------------------------------------------------------------


OWNED AUTOS                               01,KK    ALL    INJURY     300,000
ENDORSEMENTS APPLICABLE:                                             EA.OCCUR
 0740 HAULAWAY COVERAGE                                  INJURY   1,000 DED
                                                         MED. PAY     1,000
                                                         COMPRE.  2,000 DED*
                                                         COLLISION 2,000 DED*

 NO. ---DESCRIPTION---

 01 2002 INTERNATIONAL 8100 TRUCK
  ID #1HSHBAHN02H538681
  PLACE OF GARAGING
  TULSA
  OK  74135

 02 2002 INTERNATIONAL 4300              KK
  ID #1HTMMAAM22H512735
  PLACE OF GARAGING
  TULSA
  OK  74135

 315894   VI (2-2010)                                           PAGE 1-Y
```

# Universal Underwriters Insurance Company

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE       MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND       INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                 TIONS    INSURED      LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

--------------------------------------------------------------------------------


OWNED AUTOS                            01      ALL    COMPRE.   2,000 DED*
                                                      COLLISION 2,000 DED*
 NO. ---DESCRIPTION---

 01 2001 PEGASUS MAGNUM TRAILER
  ID #1P9GP3821ZE338157
  PLACE OF GARAGING
  TULSA
  OK  74135
--------------------------------------------------------------------------------



NEWLY ACQUIRED AUTOS ARE COVERED FOR THE HIGHEST LIMIT AND THE LOWEST
DEDUCTIBLE FOR THE PERILS APPLICABLE TO YOU IN THE SCHEDULE OF OWNED AUTOS.

* LIMIT IS ACTUAL CASH VALUE OF THE AUTO, LESS DEDUCTIBLE SHOWN PER AUTO.

315894   VI (2-2010)                                          PAGE 1-Z
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE        MAY 01, 2012


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED      LIMITS
EACH COVERAGE PART:


COMMERCIAL UMBRELLA (PART 980)


COMMERCIAL UMBRELLA                        01,02     ALL    INJURY   10,000,000#
                                                                    30,000,000#


   # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
     PRODUCTS-COMPLETED OPERATIONS AGGREGATE.
   RETENTION: NONE                                              EA.OCCUR

   ENDORSEMENTS APPLICABLE:
   0451 PRODUCTS-COMPLETED OPERATIONS
         AGGREGATE LIMIT (GARAGE)
   0740 HAULAWAY COVERAGE
   0767 INJURY GROUP 6 - DISCRIMINATION OR
         WRONGFUL EMPLOYMENT PRACTICES
         EXCLUDED
   0809 PERSONAL PROPERTY IN CUSTOMER'S
         AUTO EXCLUDED

   DESIGNATED PERSONS:
     ROBERT N MULKEY
     MADISON MULKEY
     ROBIN MULKEY

   UNDERLYING INSURANCE:
     PART 2 (EMPLOYER'S LIABILITY INSURANCE) OF ANY WORKERS' COMPENSATION
     ISSUED BY US TO THE INSURED SHOWN FOR THIS COVERAGE PART;
     ALL OTHER COVERAGE PARTS OF THIS POLICY PROVIDING LIABILITY INSURANCE
     FOR THE INSUREDS NAMED ON THIS COVERAGE PART EXCEPT ENDORSEMENT 039 OF
     COVERAGE PART 830, AND COVERAGE PART 970.

     OTHER POLICIES:
       NONE

THE PREMIUM BASIS FOR THIS POLICY IS:  VARIABLE
COUNTERSIGNED: 06-21-2012 BY _____ REPRESENTATIVE

MAIL TO: REGAL CAR SALES AND CREDIT, LLC
         ATTN: TERRY NEELY
         P O BOX 471035
         TULSA, OK 74147

315894   VI (2-2010)                                          PAGE 1-AA
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 180
TENTATIVE RATE ENDORSEMENT
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

THE FOLLOWING CONDITION IS ADDED:

TENTATIVE RATES

WHEN ATTACHED TO THE PROPERTY COVERAGE PART, THIS ENDORSEMENT
ESTABLISHES THAT TENTATIVE RATES WERE USED IN THE DEVELOPMENT OF
THE PROPERTY PREMIUM. WHEN THE RATES ARE PROMULGATED THE PREMIUM
WILL BE ADJUSTED RETROACTIVE TO THE EFFECTIVE DATE OF THIS
COVERAGE. TENTATIVE RATES ON A RENEWAL POLICY WILL BE ADJUSTED AS
OF THE RENEWAL EFFECTIVE DATE.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 334
75% REDUCTION OF DEDUCTIBLE
COVERAGE PARTS 500 AND 660
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500

DEDUCTIBLES

PART C. OF THE DEDUCTIBLES CONDITION IS REPLACED BY:

FROM THE AMOUNTS PAYABLE FOR *DAMAGES, SETTLEMENTS AND DEFENSE
COSTS FOR *STATUTE *AND *TITLE *E&O OR *TRUTH *IN *LENDING/*TRUTH
*IN *LEASING *E&O, *WE WILL DEDUCT THE AMOUNT SHOWN IN THE DECLA-
RATIONS FOR EACH *SUIT OR CLAIM FILED AGAINST *YOU.

HOWEVER, REGARDING *DAMAGES, SETTLEMENTS AND DEFENSE COSTS ARISING
FROM PART 1.B. OF THE DEFINITION OF *STATUTE *AND *TITLE *E&O, IF
AN *AUTO TITLE HISTORY WAS ORDERED AND REVIEWED WITH THE RETAIL
CUSTOMER AS PART OF A SALES, LEASE OR RENTAL TRANSACTION, THE
DEDUCTIBLE SHOWN IN THE DECLARATIONS WILL BE REDUCED BY 75%. THE
TRANSACTION EVIDENCE MUST INCLUDE THE CUSTOMER'S SIGNATURE ON THE
VEHICLE SALES AGREEMENT OR OTHER SIMILAR SALES DOCUMENTS. THE
TITLE HISTORY MUST BE MATERIAL TO THE DEFENSE OF ANY *SUIT ARISING
FROM SUCH TRANSACTION FOR THE REDUCTION IN DEDUCTIBLE TO APPLY.

GARAGE COVERAGE PART 500 AND GENERAL LIABILITY COVERAGE PART 660

DEDUCTIBLES

PART E. OF THE GARAGE DEDUCTIBLES CONDITION AND PART C. OF THE
GENERAL LIABILITY DEDUCTIBLE CONDITION ARE REPLACED BY:

FROM THE AMOUNTS PAYABLE FOR A SETTLEMENTS AND DEFENSE COSTS IN-
CURRED FOR *CUSTOMER *COMPLAINT *DEFENSE, *LABOR *RELATED *DEFENSE
OR *DESIGNATED *STATUTE *DEFENSE, *WE WILL DEDUCT THE AMOUNT SHOWN
IN THE DECLARATIONS FOR EACH *SUIT FILED AGAINST *YOU.

HOWEVER, REGARDING *CUSTOMER *COMPLAINT *DEFENSE, IF AN *AUTO
TITLE HISTORY WAS ORDERED AND REVIEWED WITH THE RETAIL CUSTOMER AS
PART OF A SALES, LEASE OR RENTAL TRANSACTION, THE DEDUCTIBLE SHOWN
IN THE DECLARATIONS WILL BE REDUCED BY 75%. THE TRANSACTION

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 334
75% REDUCTION OF DEDUCTIBLE
COVERAGE PARTS 500 AND 660
UNICOVER VI


EVIDENCE MUST INCLUDE THE CUSTOMER'S SIGNATURE ON THE VEHICLE
SALES AGREEMENT OR OTHER SIMILAR SALES DOCUMENTS. THE TITLE HIS-
TORY MUST BE MATERIAL TO THE DEFENSE OF ANY *SUIT ARISING FROM
SUCH TRANSACTION FOR THE REDUCTION IN DEDUCTIBLE TO APPLY.

IF, AFTER THE APPLICATION OF THE DEDUCTIBLE, THE AMOUNTS PAYABLE
EXCEED THE LIMIT OF INSURANCE, *WE WILL PAY *YOU THE LIMIT SHOWN
IN THE DECLARATIONS.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                    EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

PAGE 1 OF 1

ENDORSEMENT NO. 390
DISCRIMINATION PREVENTION TRAINING – DEDUCTIBLE WAIVER
COVERAGE PART 500
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEDUCTIBLES

THE FOLLOWING IS ADDED TO PART B. OF THE DEDUCTIBLES CONDITION:

*WE WILL WAIVE THE DEDUCTIBLE FROM AMOUNTS PAYABLE FOR DEFENSE
COSTS, IF A CLAIM OR *SUIT ARISING OUT OF *DISCRIMINATION IS
FILED AGAINST *YOU THAT RESULTED FROM THE ALLEGED ACTS OF AN
*INSURED WHO HAS SUCCESSFULLY COMPLETED A *DISCRIMINATION
PREVENTION TRAINING PROGRAM. SUCH TRAINING PROGRAM MUST HAVE
BEEN SPONSORED BY OR APPROVED BY *US. *WE WILL NOT WAIVE THE
DEDUCTIBLE IF ANY ACTS FOR WHICH THE CLAIM OR *SUIT IS FILED
OCCURRED PRIOR TO THE COMPLETION OF TRAINING.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*PRODUCTS-*COMPLETED *OPERATIONS" MEANS *INJURY AS DEFINED IN
GROUPS 1 AND 2, OCCURRING AWAY FROM THE PREMISES *YOU OWN OR RENT
AND RESULTING FROM *YOUR *WORK OR *YOUR *PRODUCT. IT INCLUDES
REPRESENTATIONS OR WARRANTIES MADE WITH RESPECT TO FITNESS, DURA-
BILITY, PERFORMANCE OR USE OF *YOUR *WORK OR *YOUR *PRODUCT, AND
THE PROVIDING OR FAILURE TO PROVIDE WARNINGS OR INSTRUCTIONS FOR
*YOUR *WORK OR *YOUR *PRODUCT. THIS DOES NOT APPLY IF:

1.  THE *PRODUCT IS STILL IN *YOUR PHYSICAL POSSESSION;
2.  THE WORK HAS NOT BEEN COMPLETED OR ABANDONED.

*YOUR *WORK WILL BE DEEMED COMPLETED AT THE EARLIEST OF THE
FOLLOWING:

1.  WHEN *YOU HAVE COMPLETELY FULFILLED A CONTRACT SPECIFYING THE
    *WORK;
2.  WHEN ALL *WORK TO BE PERFORMED BY *YOU AT A SPECIFIC SITE HAS
    BEEN COMPLETED;
3.  WHEN THE PORTION OF THE *WORK OUT OF WHICH THE *INJURY ARISES
    HAS BEEN PUT TO ITS INTENDED USE BY ANY ONE OTHER THAN A
    CONTRACTOR OR SUBCONTRACTOR WORKING ON THE SAME PROJECT.

*WORK REQUIRING SERVICE, MAINTENANCE, OR CORRECTIVE WORK, REPAIR,
OR REPLACEMENT BECAUSE OF A DEFECT, BUT WHICH IS OTHERWISE COM-
PLETED IS DEEMED COMPLETED.

*PRODUCTS-*COMPLETED *OPERATIONS DOES NOT INCLUDE *INJURY CAUSED
BY:

1.  THE TRANSPORTATION OF PROPERTY, UNLESS CAUSED BY THE LOADING
    OR UNLOADING OF A VEHICLE;
2.  THE EXISTENCE OF TOOLS, UNINSTALLED EQUIPMENT OR ABANDONED OR
    UNUSED MATERIALS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI


THE MOST WE WILL PAY

   PART A.3. IS ADDED AS FOLLOWS:

   3.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
       ARISING FROM *PRODUCTS-*COMPLETED *OPERATIONS, THE MOST *WE
       WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS AGGREGATE
       LIMIT SHOWN IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

THE MOST WE WILL PAY

   PART A.6. IS ADDED AS FOLLOWS:

   6.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
       ARISING FROM THE *PRODUCTS-*COMPLETED *OPERATIONS *HAZARD, THE
       MOST *WE WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS
       AGGREGATE LIMIT SHOWN IN THE DECLARATIONS.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                       EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

PAGE 1 OF 1

ENDORSEMENT NO. 505
DRIVER EXCLUSION
COVERAGE PARTS 300, 500, 830 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

THE FOLLOWING EXCLUSION IS ADDED TO AUTO INVENTORY COVERAGE PART 300:

    *WE WILL NOT PAY FOR *LOSS OF OR TO A *COVERED *AUTO THAT ARISES
    FROM THE OPERATION OF AN *AUTO BY THE EXCLUDED DRIVER NAMED BELOW.

THE FOLLOWING EXCLUSION IS ADDED TO GARAGE COVERAGE PART 500 AND
COMMERCIAL UMBRELLA COVERAGE PART 980:

    *WE WILL NOT PAY FOR *DAMAGES *YOU OR ANY *INSURED LEGALLY MAY BE
    REQUIRED TO PAY BECAUSE OF *INJURY THAT ARISES FROM THE OPERATION
    OF AN *AUTO BY THE EXCLUDED DRIVER NAMED BELOW.

    IF SUCH *INJURY OCCURS IN FLORIDA, THIS EXCLUSION DOES NOT APPLY
    TO ANY PERSONAL INJURY PROTECTION AND PROPERTY DAMAGE LIABILITY
    COVERAGE APPLICABLE TO THE EXCLUDED DRIVER.

THE FOLLOWING EXCLUSION IS ADDED TO BASIC AUTO COVERAGE PART 830:

    *WE WILL NOT PAY FOR *DAMAGES *YOU OR ANY *INSURED LEGALLY MAY BE
    REQUIRED TO PAY BECAUSE OF *INJURY, OR FOR *LOSS OF OR TO AN
    *OWNED *AUTO, THAT ARISES FROM THE OPERATION OF AN *AUTO BY THE
    EXCLUDED DRIVER NAMED BELOW.

    IF SUCH *INJURY OCCURS IN FLORIDA, THIS EXCLUSION DOES NOT APPLY
    TO ANY PERSONAL INJURY PROTECTION AND PROPERTY DAMAGE LIABILITY
    COVERAGE APPLICABLE TO THE EXCLUDED DRIVER.


EXCLUDED DRIVER _____

ACKNOWLEDGED BY _____
                INSURED

                _____
                TITLE

        DATE _____


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                    EDITION  3-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 97 of 634
Page 97 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 511
WELFARE AND PENSION BENEFIT PLAN
COVERAGE PART 380
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WHEN EMPLOYEE DISHONESTY INSURANCE IS SHOWN IN THE DECLARATIONS AS
SUBJECT TO THIS ENDORSEMENT, SUCH INSURANCE IS CHANGED AS FOLLOWS:

DEFINITIONS

THE DEFINITION OF *EMPLOYEE IS CHANGED TO ADD THE FOLLOWING:

WITH RESPECT TO ANY EMPLOYEE WELFARE AND PENSION BENEFIT PLAN
SHOWN IN THE DECLARATIONS AS AN *INSURED, *EMPLOYEE MEANS ANY
PERSON WHO IS (A) *YOUR DIRECTOR OR TRUSTEE OR (B) A TRUSTEE,
MANAGER, OFFICER OR *EMPLOYEE OF SUCH PLAN, WHILE THEY ARE
ENGAGED IN THE HANDLING OF FUNDS OR OTHER PROPERTY OF SUCH PLAN
OWNED, CONTROLLED OR OPERATED BY *YOU.

PART (2) OF THE DEFINITION OF *EMPLOYEE DOES NOT APPLY TO ANY
*LOSS CAUSED BY AN *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

EXCLUSIONS

EXCLUSION A. DOES NOT APPLY TO ANY *LOSS CAUSED BY ANY
*EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

DEDUCTIBLES

ANY DEDUCTIBLE SHOWN IN THE DECLARATIONS AS APPLICABLE TO
EMPLOYEE DISHONESTY DOES NOT APPLY TO *LOSS CAUSED BY ANY
*EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

ADDITIONAL CONDITION

THE FOLLOWING CONDITION IS ADDED:

IF THE *INSURED FIRST NAMED IN THE DECLARATIONS IS AN ENTITY
OTHER THAN A PLAN, ANY PAYMENT *WE MAKE TO THAT *INSURED FOR
*LOSS SUSTAINED BY ANY PLAN WILL BE HELD BY THAT *INSURED FOR
THE USE AND BENEFIT OF THE PLAN(S) SUSTAINING THE *LOSS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 735
DISCRIMINATION DEDUCTIBLE – $10,000 OR PERCENTAGE
COVERAGE PARTS 500 AND 660
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEDUCTIBLES

    PART B. OF THE DEDUCTIBLES CONDITION IS REPLACED BY THE FOLLOWING:

B.   INJURY GROUP 6

       FROM THE AMOUNTS PAYABLE FOR *DAMAGES, SETTLEMENTS AND DEFENSE
       COSTS FOR *INJURY GROUP 6, *WE WILL DEDUCT THE GREATER OF
       $10,000 OR THE PERCENTAGE SHOWN IN THE DECLARATIONS FOR EACH
       *SUIT OR CLAIM FILED AGAINST *YOU. THE MOST *WE WILL DEDUCT
       FOR ALL *DAMAGES, SETTLEMENTS AND DEFENSE COSTS FOR EACH CLAIM
       OR *SUIT IS THAT PERCENTAGE TIMES THE LIMIT SHOWN IN THE
       DECLARATIONS.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                        EDITION  8-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

PAGE 1 OF 1

ENDORSEMENT NO. 740
HAULAWAY COVERAGE
COVERAGE PARTS 830 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITIONS

WITH RESPECT TO AN *AUTO THAT IS A *HAULAWAY, THE DEFINITION OF *OWNED *AUTO IS REPLACED BY THE FOLLOWING:

"*OWNED *AUTO" MEANS A *HAULAWAY *YOU OWN OR *LEASE THAT IS SCHEDULED IN THE DECLARATIONS, AND ANY *AUTO *YOU PURCHASE OR *LEASE AS ITS REPLACEMENT DURING THE COVERAGE PART PERIOD. IT ALSO MEANS ANY TRAILER DESIGNED FOR USE WITH THE TYPE OF *AUTOS SCHEDULED IN THE DECLARATIONS.

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1. OF EXCLUSION G.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1.A. OF EXCLUSION J.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED IN THE DECLARATIONS OF THE *UNDERLYING *INSURANCE.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 767
INJURY GROUP 6 – DISCRIMINATION OR
WRONGFUL EMPLOYMENT PRACTICES EXCLUDED
COVERAGE PART 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITION

THE FOLLOWING CHANGES ARE MADE TO THE DEFINITIONS CONDITION:

PART 2. OF THE DEFINITION OF *DAMAGES IS DELETED.

PART 6. OF THE DEFINITION OF *INJURY IS DELETED.

PART 2. OF THE DEFINITION OF *OCCURRENCE IS REPLACED BY:

2.  WITH RESPECT TO *INJURY GROUPS 3, 4 AND 5, ACTS OR
OFFENSES OF THE *INSURED COMMITTED DURING THE COVERAGE
PART PERIOD WHICH RESULT IN SUCH *INJURY.

PART 3. OF THE DEFINITION OF *OCCURRENCE IS DELETED.

THE LAST SENTENCE OF THE DEFINITION OF *SUIT IS REPLACED BY:

*SUIT DOES NOT MEAN ADMINISTRATIVE ACTIONS OR EQUITABLE
ACTIONS.

THE FOLLOWING IS ADDED TO THE DEFINITION OF *UNDERLYING
*INSURANCE:

*UNDERLYING *INSURANCE ALSO DOES NOT INCLUDE ANY INSURANCE
AFFORDED BY GARAGE COVERAGE PART 500 OR GENERAL LIABILITY
COVERAGE PART 660 FOR *DISCRIMINATION OR *WRONGFUL *EMPLOY-
MENT *PRACTICES.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

THIS INSURANCE DOES NOT APPLY TO *OCCURRENCE, SUIT OR CLAIM
ARISING FROM *DISCRIMINATION OR *WRONGFUL *EMPLOYMENT *PRACTICES.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

PAGE 1 OF 1

```
                ENDORSEMENT NO. 776
      REPLACEMENT COST EQUIPMENT - COINSURANCE
                 COVERAGE PART 330
                    UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *EQUIPMENT SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS COVERAGE PART:

PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO READ:

1.  *EQUIPMENT (EXCEPT *ELECTRONIC *DATA *PROCESSING *EQUIPMENT, *MOBILE *EQUIPMENT, *DATA, *IMPROVEMENTS *AND *BETTERMENTS, *MEDIA AND PROPERTY OF OTHERS), ITS REPLACEMENT COST;

PART 9. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

9.  *ELECTRONIC *DATA *PROCESSING *EQUIPMENT:

    (1)  IF REPLACEMENT IS NECESSARY, THE COST OF CURRENTLY AVAIL-ABLE *ELECTRONIC *DATA *PROCESSING *EQUIPMENT CAPABLE OF PERFORMING AT LEAST THE SAME FUNCTIONS. IF NOT REPLACED, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION;
    (2)  IF REPAIR IS NECESSARY, THE COST TO RESTORE DAMAGED *ELECTRONIC *DATA *PROCESSING *EQUIPMENT TO ITS CONDITION IMMEDIATELY PRIOR TO THE LOSS.

PART 10. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

10.  MOBILE EQUIPMENT, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION.

THE FOLLOWING DEFINITION IS ADDED:

"*ELECTRONIC *DATA *PROCESSING *EQUIPMENT" MEANS MAINFRAME COMPU-TERS, NETWORK SERVERS, NETWORK ROUTERS, PERSONAL COMPUTERS AND WORKSTATIONS, LAPTOPS OR NOTEBOOK PERSONAL COMPUTERS, OTHER PORTABLE COMPUTER DEVICES AND THEIR ACCESSORIES, TELECOMMUNICA-TIONS EQUIPMENT AND FACSIMILE MACHINES. *ELECTRONIC *DATA *PRO-CESSING *EQUIPMENT INCLUDES PERIPHERAL EQUIPMENT SUCH AS PRINTERS, KEYBOARDS AND OTHER INPUT DEVICES, DATA TRANSMISSION LINES WITHIN *YOUR *BUILDING, MONITORS, MODEMS AND SCANNERS. *ELECTRONIC *DATA *PROCESSING *EQUIPMENT DOES NOT INCLUDE *DATA OR *MEDIA.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 809
PERSONAL PROPERTY IN CUSTOMER'S AUTO EXCLUDED
COVERAGE PART 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSIONS

EXCLUSION K. IS REPLACED BY THE FOLLOWING:

K.   CARE, CUSTODY OR CONTROL

THIS INSURANCE DOES NOT APPLY TO *INJURY OR *COVERED *POLLU-
TION *DAMAGE TO PROPERTY OWNED BY, RENTED OR LEASED TO, USED
BY, TRANSPORTED BY, OR OTHERWISE IN THE CARE, CUSTODY OR
CONTROL OF THE *INSURED.

THIS EXCLUSION DOES NOT APPLY, WHEN *YOU HAVE COVERAGE IN THE
*UNDERLYING *INSURANCE, TO *INJURY:

1.   TO REAL OR PERSONAL PROPERTY NOT OWNED BY *YOU, OTHER
THAN:

A.   AN *AUTO; OR
B.   PERSONAL PROPERTY WITHIN A *CUSTOMER'S *AUTO;

2.   TO *CUSTOMER'S *AUTOS;
3.   FOR LIABILITY ASSUMED BY *YOU UNDER A WRITTEN SIDETRACK
AGREEMENT WITH RESPECT TO PROPERTY USED BY *YOU OR IN
*YOUR CARE, CUSTODY, OR CONTROL.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  9-2008
COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 811
HOW WE WILL PAY CONDITION REVISED
COVERAGE PART 300
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

HOW WE WILL PAY

    PART C. OF THE HOW WE WILL PAY CONDITION IS DELETED IN ITS
ENTIRETY AND REPLACED BY THE FOLLOWING:

    C.  WHEN SETTLEMENT IS BASED ON REPAIRS TO THE *COVERED *AUTO OR
       *COVERED *WATERCRAFT:

       1.  IF *LOSS IS CAUSED BY A PERIL OTHER THAN WINDSTORM OR
           HAIL, THE MOST *WE WILL PAY IS 65% OF THE *RETAIL *CHARGES
           (UNLESS STATED OTHERWISE IN THE DECLARATIONS) ON PARTS,
           MATERIALS, AND LABOR.

       2.  IF *LOSS IS CAUSED BY WINDSTORM OR HAIL, THE MOST *WE
           WILL PAY IS THE LESSER OF:

           A.  75% OF THE *RETAIL *CHARGES; OR
           B.  THE PERCENTAGE STATED IN THE DECLARATIONS,

           ON PARTS, MATERIALS, AND LABOR.

       3.  HOWEVER, *WE WILL PAY THE ACTUAL EXPENSES *YOU INCUR FOR:

           A.  THAT PORTION OF REPAIRS THAT ARE MADE USING THE PAINT-
              LESS DENT REPAIR METHOD.

           B.  *LOSS CAUSED BY *COLLISION, IMPACT WITH A BIRD OR
              ANIMAL, FIRE, LIGHTNING, THEFT OR LARCENY, *EXTENDED
              *THEFT, MALICIOUS MISCHIEF OR VANDALISM, IF

              (1)  *YOU DO NOT POSSESS THE FACILITIES, PARTS, MATER-
                  IALS, OR TECHNICAL EXPERTISE TO PERFORM THE
                  REPAIRS, AND
              (2)  WITH *OUR APPROVAL, THE LABOR IS PERFORMED OR
                  PARTS AND MATERIALS ARE FURNISHED BY A FACILITY
                  NOT OWNED OR OTHERWISE AFFILIATED WITH *YOU.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                    EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 811
HOW WE WILL PAY CONDITION REVISED
COVERAGE PART 300
UNICOVER VI


C.   *LOSS THAT OCCURS 100 MILES OR MORE FROM *YOUR PLACE
OF BUSINESS, IF THE *COVERED *AUTO OR *COVERED
*WATERCRAFT IS REPAIRED 100 MILES OR MORE FROM *YOUR
PLACE OF BUSINESS.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500 AND GENERAL LIABILITY COVERAGE PART 660

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN
ANY OTHER CAPACITY;
B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1.  UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT
ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES
OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON
ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY
IN CONNECTION WITH A RESIDENCE PREMISES;
2.  UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED
IN EXCLUSION E.;
3.  TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY
SUCH EMPLOYEE;
4.  TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR
EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED
AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN
*OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR
EMPLOYMENT BY *YOU.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010

COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. – EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI

PERSONAL UMBRELLA COVERAGE PART 970

C.   EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.   CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.   FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A.   THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN
ANY OTHER CAPACITY;
B.   THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C.   *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

PART A. DOES NOT APPLY TO "DOMESTIC EMPLOYEES." FOR THE PURPOSES
OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED
IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION
WITH A RESIDENCE PREMISES.

COMMERCIAL UMBRELLA COVERAGE PART 980

C.   EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.   CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.   FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                    ENDORSEMENT NO. 827
          EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
            COVERAGE PARTS 500, 660, 970 AND 980
                       UNICOVER VI
```

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABILE AS AN EMPLOYER OR IN ANY OTHER CAPACITY;

B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;

C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1.  UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION WITH A RESIDENCE PREMISES;

2.  UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED IN EXCLUSION E.;

3.  TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY SUCH EMPLOYEE;

4.  TO ANY EMPLOYERS LIABILITY COVERAGE SHOWN AS *UNDERLYING *INSURANCE;

5.  TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY *YOU.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

```
                               EDITION  1-2010
```
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**26AC-CC00235**

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

INSURANCE IS PROVIDED BY UNIVERSAL UNDERWRITERS INSURANCE COMPANY

THIS POLICY INSURES ONLY THOSE COVERAGES SHOWN IN THE DECLARATIONS.  IN ITEM 2
BELOW, EACH NAMED INSURED, OTHER INSURED, SECURITY INTEREST AND LOCATION IS
GIVEN A CORRESPONDING LETTER OR NUMBER DESIGNATION.  INSURANCE PROVIDED IN
ITEM 3 WILL NOT APPLY TO ANY NAMED INSURED, OTHER INSURED, SECURITY INTEREST
OR LOCATION UNLESS ITS CORRESPONDING LETTER OR NUMBER APPEARS NEXT TO A
SPECIFIC COVERAGE IN ITEM 3.  (CHANGES, IF ANY, ARE INDICATED BY +)

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013

ITEM 1
POLICY PERIOD      JUNE 01, 2012 TO      JUNE 01, 2013     POLICY NO. 315894

ITEM 2

NAMED INSURED 01:

REGAL CAR SALES AND CREDIT, LLC
ATTN: TERRY NEELY
PO BOX 471035
TULSA, OK 74147

NAMED INSURED AND TYPE OF LEGAL ENTITY:

   01   REGAL CAR SALES AND CREDIT, LLC              LIMITED LIABILITY COMPANY

   02   SABER ACCEPTANCE COMPANY, LLC                LIMITED LIABILITY COMPANY

   03   REGAL MOTORS 401(K) PLAN                     OTHER

   04   REGAL EQUESTRIAN, LLC                        LIMITED LIABILITY COMPANY

OTHER INSUREDS:

   AA   ROBERT N & ROBIN MULKEY
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

   BB   MADISON MULKEY
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

   DD   LARRY BURKE
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

   EE   DAVID ANDERSON
        5801 E 41ST ST - STE 804

315894   VI (2-2010)                                             PAGE 1-A

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 2
       TULSA, OK 74135

  FF  JEFF O'NEILL
      5801 E 41ST ST - STE 804
      TULSA, OK 74135

  GG  ROBERT MADISON MULKEY
      5801 E 41ST ST - STE 804
      TULSA, OK 74135

  HH  DAVID PENNINGTON
      5801 E 41ST ST - STE 804
      TULSA, OK 74135

  II  FORUM INVESTMENTS, LLC
      PO BOX 471035
      TULSA, OK 74147

  JJ  REVOCABLE LIVING TRUST AGREEMENT
      OF LARRY G WARREN AND SHARON
      WARREN

SECURITY INTERESTS:

  A   FIRST NATIONAL BANK & TRUST
      OF OKMULGEE
      P O BOX 1037
      OKMULGEE, OK 74447

  B   BANC FIRST
      7625 E 51ST STREET
      TULSA, OK 74145

  C   AMERICAN HERITAGE BANK
      2 SOUTH MAIN
      SAPULPA, OK 74066

LOCATIONS AND OCCUPANCY:

  01  12718 E 55TH STREET                  OFFICE (NOT OTHRWSE CLASSIFIED)
      TULSA, OK 74135

  02  1407 S MEMORIAL DR                   USED CAR SALES & SERVICE
      TULSA, OK 74112

  03  401 SW 29TH STREET                   USED CAR SALES & SERVICE
      OKLAHOMA CITY, OK 73109

  04  1021 S WOOD DR                       USED CAR OFFICE

315894   VI (2-2010)                                          PAGE 1-B
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013

ITEM 2
        OKMULGEE, OK 74447

| | | |
|---|---|---|
| 06 | 1004 E 6TH AVENUE<br>STILLWATER, OK 74074 | USED CAR SALES & SERVICE |
| 07 | 4309 NW CACHE RD<br>LAWTON, OK 73505 | USED CAR SALES & SERVICE |
| 08 | 3515 N MAY AVE<br>OKLAHOMA CITY, OK 73112 | USED CAR SALES & SERVICE |
| 09 | 630 N MAIN<br>MUSKOGEE, OK 74401 | USED CAR OFFICE |
| 10 | 1201 E TAFT<br>SAPULPA, OK 74066 | USED CAR SALES & SERVICE |
| 11 | 4717 NW 39TH STREET<br>OKLAHOMA CITY, OK 73122 | USED CAR SALES & SERVICE |
| 12 | 3609 US HWY 59 N<br>GROVE, OK 74344 | USED CAR SALES & SERVICE |
| 13 | 3110 S BROADWAY<br>WICHITA, KS 67216 | USED CAR SALES & SERVICE |
| 14 | 800 S GLENSTONE<br>SPRINGFIELD, MO 65802 | USED CAR SALES & SERVICE |
| 15 | 805 E 7TH STREET<br>JOPLIN, MO 64801 | USED CAR SALES & SERVICE |
| 17 | 212 S NEW AVENUE<br>SPRINGFIELD, MO 65806 | USED CAR OFFICE |
| 18 | 800 S GLENSTONE<br>(ADJACENT TO LOC 14)<br>OKMULGEE, OK 74447 | USED CAR OFFICE<br>(TEMPORARY TRAILER) |
| 19 | 1637 W SHAWNEE BYPASS<br>MUSKOGEE, OK 74401 | USED CAR OFFICE |
| 20 | 1637 W SHAWNEE BYPASS<br>ADJACENT<br>MUSKOGEE, OK 74401 | USED CAR OFFICE |
| + 21 | 2504 NORTH BROADWAY STREET<br>POTEAU, OK 74953 | USED CAR SALES & SERVICE |

ENDORSEMENTS APPLICABLE TO THIS POLICY:

315894   VI (2-2010)                                              PAGE 1-C

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   FEBRUARY 01, 2013

ITEM 2

  0827 EXCLUSION C - EMPLOYER'S LIABILITY
      REVISED

TERRORISM:

ACTS OF TERRORISM EXCLUDED

ENDORSEMENTS APPLICABLE:
  0497 EXCLUSION FOR CERTIFIED ACTS OF
       TERRORISM AND BIOLOGICAL AND
       CHEMICAL TERRORISM

315894   VI (2-2010)                                    PAGE 1-D

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED     LIMITS
EACH COVERAGE PART:


AUTO INVENTORY PHYSICAL DAMAGE
+  (PART 300)                            01      ALL     SEE         660,000
                                                         BELOW

  REPAIRS:   0% LABOR - YOUR AUTOS
             0% PARTS - YOUR AUTOS
           100% LABOR - CUSTOMER AUTOS
           100% PARTS - CUSTOMER AUTOS

ENDORSEMENTS APPLICABLE:
  0811 HOW WE WILL PAY CONDITION REVISED

PERILS AND DEDUCTIBLES         SECURITY   COMPREHENSIVE  COLLISION   EXTENDED
SCHEDULE:                      INTERESTS                             THEFT
  NEW AUTOS                               NO COVER    NO COVER    NO COVER
  USED AUTOS                              NO COVER    NO COVER    NO COVER
  CONSIGNED AUTOS                         NO COVER    NO COVER    NO COVER
  WATERCRAFT/CARRIERS                     NO COVER    NO COVER    NO COVER
  DEMONSTRATOR-COMPANY AUTO               NO COVER    NO COVER    NO COVER
  SERVICE AUTOS                           NO COVER    NO COVER    NO COVER
+ CUSTOMER'S AUTOS/WATERCRAFT    1,000/5,000   1,000      NO COVER
  0008 CUSTOMER'S AUTOS OR CUSTOMER'S
          WATERCRAFT - LEGAL LIABILITY


                      OTHER INSUREDS

  DRIVE OTHER AUTOS         AA,BB,DD,    500         500        NO COVER
                           EE,FF,GG,
                           HH
     0011 DRIVE OTHER AUTOS


 315894   VI (2-2010)                                          PAGE 1-E
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | | COINS% | | | |
|---|---|---|---|---|---|

| +BUILDING | | 90% | 01,A | 01 | SEE | 1,500,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING

| +BUILDING | | 90% | 01,A | 02 | SEE | 793,519 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING

| +BUILDING | | 90% | 01,A | 03 | SEE | 402,108 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING

315894   VI (2-2010)                                                    PAGE 1-F

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   FEBRUARY 01, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

| +BUILDING | 100% | 01,A | 04 | SEE | 270,000 |
|---|---|---|---|---|---|
| FIRE                10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL      10000 | | | | | |
| V&MM                10000 | | | | | |
| OTHER SPEC PERILS   10000 | | | | | |
| THEFT-BURGLARY      10000 | | | | | |
| UNNAMED PERILS      10000 | | | | | |
| BREAKDOWN           10000 | | | | | |
| EARTHQUAKE          NO COVER | | | | | |
| SPRK LEAKAGE        10000 | | | | | |

0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
AGREED VALUE $270,000

| +BUILDING | 90% | 01,A | 06 | SEE | 241,557 |
|---|---|---|---|---|---|
| FIRE                10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL      10000 | | | | | |
| V&MM                10000 | | | | | |
| OTHER SPEC PERILS   10000 | | | | | |
| THEFT-BURGLARY      10000 | | | | | |
| UNNAMED PERILS      10000 | | | | | |
| BREAKDOWN           10000 | | | | | |
| EARTHQUAKE          NO COVER | | | | | |
| SPRK LEAKAGE        10000 | | | | | |

0016 REPLACEMENT COST - BUILDING

| +BUILDING | 90% | 01,A | 07 | SEE | 277,343 |
|---|---|---|---|---|---|
| FIRE                10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL      10000 | | | | | |
| V&MM                10000 | | | | | |
| OTHER SPEC PERILS   10000 | | | | | |
| THEFT-BURGLARY      10000 | | | | | |
| UNNAMED PERILS      10000 | | | | | |
| BREAKDOWN           10000 | | | | | |
| EARTHQUAKE          NO COVER | | | | | |
| SPRK LEAKAGE        10000 | | | | | |

0016 REPLACEMENT COST - BUILDING

315894   VI (2-2010)                                              PAGE 1-G

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                         90%   01,A     08    SEE        252,837
   FIRE                   10000                        SCHEDULE
   WINDSTORM-HAIL         10000
   V&MM                   10000
   OTHER SPEC PERILS      10000
   THEFT-BURGLARY         10000
   UNNAMED PERILS         10000
   BREAKDOWN              10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE           10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                         90%   01,C     10    SEE        300,000
   FIRE                   10000                        SCHEDULE
   WINDSTORM-HAIL         10000
   V&MM                   10000
   OTHER SPEC PERILS      10000
   THEFT-BURGLARY         10000
   UNNAMED PERILS         10000
   BREAKDOWN              10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE           10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                         90%   01       11    SEE        243,113
   FIRE                   10000                        SCHEDULE
   WINDSTORM-HAIL         10000
   V&MM                   10000
   OTHER SPEC PERILS      10000
   THEFT-BURGLARY         10000
   UNNAMED PERILS         10000
   BREAKDOWN              10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE           10000

   0016 REPLACEMENT COST - BUILDING

 315894   VI (2-2010)                                      PAGE 1-H
```

*Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM*

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES           COINS%


+BUILDING                        90%   01,A     12     SEE      168,039
   FIRE                  10000                         SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                        90%   01,A     13     SEE      354,750
   FIRE                  10000                         SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                        100%  01,A,B   14     SEE      325,000
   FIRE                  10000                         SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   AGREED VALUE:  $325,000

 315894   VI (2-2010)                                  PAGE 1-I
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                          90%    01,C     15      SEE          232,610
   FIRE                   10000                            SCHEDULE
   WINDSTORM-HAIL         10000
   V&MM                   10000
   OTHER SPEC PERILS      10000
   THEFT-BURGLARY         10000
   UNNAMED PERILS         10000
   BREAKDOWN              10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE           10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                         100%    01       17      SEE          354,393
   FIRE                   10000                            SCHEDULE
   WINDSTORM-HAIL         10000
   V&MM                   10000
   OTHER SPEC PERILS      10000
   THEFT-BURGLARY         10000
   UNNAMED PERILS         10000
   BREAKDOWN              10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE           10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                          80%    01       18      SEE           50,000
   FIRE                   10000                            SCHEDULE
   WINDSTORM-HAIL         10000
   V&MM                   10000
   OTHER SPEC PERILS      10000
   THEFT-BURGLARY         10000
   UNNAMED PERILS         10000
   BREAKDOWN              10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE           10000

 315894   VI (2-2010)                                             PAGE 1-J
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                        90%    01      19     SEE         250,000
   FIRE                  10000                         SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                        90%    01      20     SEE          75,000
   FIRE                  10000                         SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING

+BUILDING                       100%    01,A    21     SEE         270,000
   FIRE                  10000                         SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
+  REPLACEMENT VALUE $270,000

 315894   VI (2-2010)                                        PAGE 1-K
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   FEBRUARY 01, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)

PERILS AND DEDUCTIBLES          COINS%

| +CONTENTS | | 90% | 01,02 | 01 | SEE | 500,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

    0776 REPLACEMENT COST EQUIPMENT -
         COINSURANCE

| +CONTENTS | | 80% | 01,02 | 02 | SEE | 60,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

    0776 REPLACEMENT COST EQUIPMENT -
         COINSURANCE

| +CONTENTS | | 90% | 01,02 | 03 | SEE | 27,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

    0776 REPLACEMENT COST EQUIPMENT -

315894   VI (2-2010)                                          PAGE 1-L

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | COINS% | | | |
|---|---|---|---|---|
| COINSURANCE | | | | |

| +CONTENTS | | 90% | 01,02 | 04 | SEE | 27,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

| +CONTENTS | | 90% | 01,02 | 06 | SEE | 35,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

| +CONTENTS | | 90% | 01,02 | 07 | SEE | 45,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -

315894   VI (2-2010)                                          PAGE 1-M

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | | COINS% | | | | |
|---|---|---|---|---|---|---|
| COINSURANCE | | | | | | |
| +CONTENTS | | 90% | 01,02 | 08 | SEE SCHEDULE | 27,000 |
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

| +CONTENTS | | 90% | 01,02 | 09 | SEE SCHEDULE | 27,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

| +CONTENTS | | 90% | 01,02 | 10 | SEE SCHEDULE | 45,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -

315894   VI (2-2010)                                           PAGE 1-N

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

        COINSURANCE

+CONTENTS                        90%   01,02    11    SEE          27,000
   FIRE                 10000                         SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                        90%   01,02    12    SEE          27,000
   FIRE                 10000                         SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                        90%   01,02    13    SEE          27,000
   FIRE                 10000                         SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -

 315894   VI (2-2010)                                PAGE 1-O
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

```
        COINSURANCE

+CONTENTS                        90%   01,02   14   SEE        27,000
   FIRE                 10000                      SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                        90%   01,02   15   SEE        27,000
   FIRE                 10000                      SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                        100%  01      17   SEE        30,000
   FIRE                 10000                      SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -
```

315894   VI (2-2010)                                    PAGE 1-P

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   FEBRUARY 01, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|---|

PROPERTY (PART 330)

PERILS AND DEDUCTIBLES          COINS%

          COINSURANCE

| +CONTENTS | | 90% | 01 | 19 | SEE | 30,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

   0776 REPLACEMENT COST EQUIPMENT -
         COINSURANCE

| +CONTENTS | | 90% | 01 | 21 | SEE | 50,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

   0776 REPLACEMENT COST EQUIPMENT -
         COINSURANCE

 OTHER INSURED PROPERTY                              50,000

 315894   VI (2-2010)                                PAGE 1-Q

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   FEBRUARY 01, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND         INSUREDS  LOCA-   PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                   TIONS   INSURED      LIMITS
EACH COVERAGE PART:


CRIME (PART 380)


EMPLOYEE DISHONESTY                      01,02,03  ALL    CRIME        500,000
   DEDUCTIBLE       2,500
   0511 WELFARE & PENSION BENEFIT PLAN

315894   VI (2-2010)                                            PAGE 1-R
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED     LIMITS
EACH COVERAGE PART:


+GARAGE OPERATIONS AND AUTO               01,02     ALL     SEE       300,000#
 HAZARD (PART 500)                                          BELOW     900,000#

     # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
        PRODUCTS-COMPLETED OPERATIONS AGGREGATE.

                                  DEDUCTIBLE
WORK/PRODUCTS                        5,000
INJURY GROUP 1-4                     5,000
INJURY GROUP 5                       5,000
INJURY GROUP 6                         25%
CUSTOMER COMPLAINT DEFENSE           2,500
LABOR RELATED DEFENSE               2,500
DESIGNATED STATUTE DEFENSE          2,500

ENDORSEMENTS APPLICABLE:
  0054 CUSTOMER RENTAL COVERAGE EXCLUDED
  0451 PRODUCTS-COMPLETED OPERATIONS
          AGGREGATE LIMIT (GARAGE)
  0735 DISCRIMINATION DEDUCTIBLE -
          $10,000 OR PERCENTAGE

   INJURY GROUP 1  (BODILY INJ/PROP DMG)   01,02    ALL    COVERED  INCLUDED

   INJURY GROUP 2  (MENTAL INJURY)         01,02    ALL    COVERED  INCLUDED

   INJURY GROUP 3  (PERSONAL INJURY)       01,02    ALL    COVERED  INCLUDED

   INJURY GROUP 4  (ADVERTISING INJURY)    01,02    ALL    COVERED  INCLUDED

   INJURY GROUP 5  (EMPLOYEE BENEFITS)     01,02    ALL    COVERED  INCLUDED

   INJURY GROUP 6  (DISCRIMINATION)        01,02    ALL    COVERED  INCLUDED

 315894   VI (2-2010)                                        PAGE 1-S
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| GARAGE OPERATIONS AND AUTO HAZARD (PART 500) | | | | |
| DRIVE OTHER AUTOS | AA,BB,DD, | ALL | COVERED | INCLUDED |
| 0034 DRIVE OTHER AUTOS | EE,FF,GG, HH | | | |
| ADDITIONAL INSUREDS | | | | |
| + 0033 ADDITIONAL INSURED-PROPERTY | II | 10 | COVERED | INCLUDED |
| + 0033 ADDITIONAL INSURED-PROPERTY | II | 12 | COVERED | INCLUDED |
| + 0033 ADDITIONAL INSURED-PROPERTY | II | 15 | COVERED | INCLUDED |
| + 0033 ADDITIONAL INSURED-PROPERTY | JJ | 17 | COVERED | INCLUDED |
| +MEDICAL PAYMENTS | 01,02 | ALL | COVERED | 5,000 |
| 0035 MEDICAL PAYMENTS | | | | |
| DEFENSE REIMBURSEMENT: | | | | |
| + CUSTOMER COMPLAINT DEFENSE | 01,02 | ALL | COVERED | 25,000@ 300,000@ |
| + LABOR RELATED DEFENSE | 01,02 | ALL | COVERED | 25,000@ 300,000@ |
| + DESIGNATED STATUTE DEFENSE | 01,02 | ALL | COVERED | 25,000@ 50,000@ |

@ THE FIRST LIMIT IS PER CLAIM OR SUIT, THE SECOND IS AN ANNUAL AGGREGATE.

UNINSURED/UNDERINSURED MOTORISTS
  COVERED AUTOS INSURED BY
  COVERAGE PART NO. 500

| | | | | |
|---|---|---|---|---|
| UNINSURED MOTORISTS | 01 | ALL | UM BI | 25,000# 50,000# |
| | | | UM PD | NO/COVER |
| UNDERINSURED MOTORISTS | 01 | ALL | UIM BI | INCLUDED |

315894   VI (2-2010)                                                    PAGE 1-T

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED     LIMITS
EACH COVERAGE PART:
                                                          UIM PD    NO/COVER


ENDORSEMENTS APPLICABLE:
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
  INDIVIDUALS DESIGNATED BELOW:

UNINSURED MOTORISTS                     AA,BB,GG  ALL    UM BI      300,000
                                                                   EA.ACCID
                                                        UM PD     NO/COVER

UNDERINSURED MOTORISTS                  AA,BB,GG  ALL    UIM BI     INCLUDED

                                                        UIM PD    NO/COVER


ENDORSEMENTS APPLICABLE:
  0092 DESIGNATED INDIVIDUALS
  0203 UNINSURED MOTORISTS

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
  DRIVE OTHER AUTO-OTHER INSUREDS LISTED BELOW:

UNINSURED MOTORISTS                     DD,EE,FF, ALL    UM BI       25,000#
                                        HH                           50,000#
                                                        UM PD     NO/COVER

UNDERINSURED MOTORISTS                  DD,EE,FF, ALL    UIM BI    NO/COVER
                                        HH
                                                        UIM PD    NO/COVER


ENDORSEMENTS APPLICABLE:
  0034 DRIVE OTHER AUTOS
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

315894   VI (2-2010)                                    PAGE 1-U
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|


GENERAL LIABILITY (PART 660)


                                DEDUCTIBLE
INJURY GROUPS 1-4               5,000

ENDORSEMENTS APPLICABLE:
    0095 PREMISES MEDICAL PAYMENTS

INJURY                                      01      ALL           300,000

                            - - SEE SCHEDULE OF HAZARDS BELOW - -

    INJURY GROUP 1  (BODILY INJ/PROP DMG)                         INCLUDED

    INJURY GROUP 2  (MENTAL INJURY)                               INCLUDED

    INJURY GROUP 3  (PERSONAL INJURY)                             INCLUDED

    INJURY GROUP 4  (ADVERTISING INJURY)                          INCLUDED

    INJURY GROUP 5  (EMPLOYEE BENEFITS)                           NO COVER

    INJURY GROUP 6  (DISCRIMINATION)                              NO COVER

  MEDICAL PAYMENTS                          01      ALL             5,000
    0095 MEDICAL PAYMENTS

SCHEDULE OF HAZARDS:

  PREMISES/OPERATIONS HAZARD                01      IF ANY
   CLASSIFICATION CODE:
    61217A - BASIS 089
    BUILDINGS OR PREMISES, BANK OR
    OFFICE, MERCANTILE OR
    MANUFACTURING MAINTAINED BY
    THE INSURED - LESSORS RISK ONLY
    OTHER THAN NOT-FOR-PROFIT

315894   VI (2-2010)                                          PAGE 1-V

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED      LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)


OWNED AUTOS                               01      ALL    COMPRE.   1,000 DED*
                                                         COLLISION 1,000 DED*
 NO. ---DESCRIPTION---

 02 2008 LEXUS LS460
  ID #JTHGL46F685023918
  PLACE OF GARAGING
  TULSA
  OK  74146

 03 2007 LINCOLN NAVIGATOR
  ID #5LMFU28517LJ09496
  PLACE OF GARAGING
  TULSA
  OK  74146

 07 2008 GMC YUKON DENALI
  ID #1GKFK63868J112921
  PLACE OF GARAGING
  TULSA
  OK  74146

 08 2008 CADILLAC ESCALADE
  ID #1GYFK66868R174371
  PLACE OF GARAGING
  TULSA
  OK  74146

 09 2003 MONROE MTRS WALLY TRAILER
  ID #1W9H546263H157318
  PLACE OF GARAGING
  TULSA

315894   VI (2-2010)                                          PAGE 1-W
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

BASIC AUTO INSURANCE (PART 830)

  OK  74146

 10 2007 FORD EDGE
  ID #2FMDK49C07BB44278
  PLACE OF GARAGING
  TULSA
  OK  74146

 11 1996 HALS CAR HAULER
  ID #1H9G503C2T1220396
  PLACE OF GARAGING
  TULSA
  OK  74146

 12 2008 DODGE RAM 550
  ID #3D6WD78A78G212464
  PLACE OF GARAGING
  TULSA
  OK  74146

 15 2004 LINCOLN TOWN CAR
  ID #1LNHM81W74Y611591
  PLACE OF GARAGING
  TULSA
  OK  74146

--------------------------------------------------------------------------------


| OWNED AUTOS | 01 | ALL | INJURY | 300,000 EA.OCCUR |
|---|---|---|---|---|
| | | | MED. PAY | 1,000 |
| | | | COMPRE. | 2,000 DED* |

315894   VI (2-2010)                                      PAGE 1-X

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)


                                                   COLLISION 2,000 DED*
  NO. ---DESCRIPTION---

  01 2002 INTERNATIONAL 8100 TRUCK
    ID #1HSHBAHN02H538681
    PLACE OF GARAGING
    TULSA
    OK  74146
-----------------------------------------------------------------------------



  OWNED AUTOS                              01       ALL    COMPRE.   2,000 DED*
                                                          COLLISION 2,000 DED*
  NO. ---DESCRIPTION---

  01 2001 PEGASUS MAGNUM TRAILER
    ID #1P9GP3821ZE338157
    PLACE OF GARAGING
    TULSA
    OK  74146
-----------------------------------------------------------------------------




NEWLY ACQUIRED AUTOS ARE COVERED FOR THE HIGHEST LIMIT AND THE LOWEST
DEDUCTIBLE FOR THE PERILS APPLICABLE TO YOU IN THE SCHEDULE OF OWNED AUTOS.

* LIMIT IS ACTUAL CASH VALUE OF THE AUTO, LESS DEDUCTIBLE SHOWN PER AUTO.

315894   VI (2-2010)                                           PAGE 1-Y
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 01, 2013

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED      LIMITS
EACH COVERAGE PART:


COMMERCIAL UMBRELLA (PART 980)


COMMERCIAL UMBRELLA                         01       ALL    INJURY   10,000,000#
                                                                     30,000,000#

    # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
      PRODUCTS-COMPLETED OPERATIONS AGGREGATE.
    RETENTION: NONE                                              EA.OCCUR

    ENDORSEMENTS APPLICABLE:
    0451 PRODUCTS-COMPLETED OPERATIONS
            AGGREGATE LIMIT (GARAGE)
    0740 HAULAWAY COVERAGE
    0767 INJURY GROUP 6 - DISCRIMINATION OR
            WRONGFUL EMPLOYMENT PRACTICES
            EXCLUDED
    0809 PERSONAL PROPERTY IN CUSTOMER'S
            AUTO EXCLUDED

    DESIGNATED PERSONS:
      ROBERT N MULKEY
      MADISON MULKEY
      ROBIN MULKEY

    UNDERLYING INSURANCE:
      PART 2 (EMPLOYER'S LIABILITY INSURANCE) OF ANY WORKERS' COMPENSATION
      ISSUED BY US TO THE INSURED SHOWN FOR THIS COVERAGE PART;
      ALL OTHER COVERAGE PARTS OF THIS POLICY PROVIDING LIABILITY INSURANCE
      FOR THE INSUREDS NAMED ON THIS COVERAGE PART EXCEPT ENDORSEMENT 039 OF
      COVERAGE PART 830, AND COVERAGE PART 970.

      OTHER POLICIES:
        NONE

THE PREMIUM BASIS FOR THIS POLICY IS:  VARIABLE
COUNTERSIGNED: 04-30-2013 BY _____ REPRESENTATIVE

MAIL TO: REGAL CAR SALES AND CREDIT, LLC
         ATTN: TERRY NEELY
         PO BOX 471035
         TULSA, OK 74147

315894   VI (2-2010)                                           PAGE 1-Z
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*PRODUCTS-*COMPLETED *OPERATIONS" MEANS *INJURY AS DEFINED IN
GROUPS 1 AND 2, OCCURRING AWAY FROM THE PREMISES *YOU OWN OR RENT
AND RESULTING FROM *YOUR *WORK OR *YOUR *PRODUCT. IT INCLUDES
REPRESENTATIONS OR WARRANTIES MADE WITH RESPECT TO FITNESS, DURA-
BILITY, PERFORMANCE OR USE OF *YOUR *WORK OR *YOUR *PRODUCT, AND
THE PROVIDING OR FAILURE TO PROVIDE WARNINGS OR INSTRUCTIONS FOR
*YOUR *WORK OR *YOUR *PRODUCT. THIS DOES NOT APPLY IF:

1.  THE *PRODUCT IS STILL IN *YOUR PHYSICAL POSSESSION;
2.  THE WORK HAS NOT BEEN COMPLETED OR ABANDONED.

*YOUR *WORK WILL BE DEEMED COMPLETED AT THE EARLIEST OF THE
FOLLOWING:

1.  WHEN *YOU HAVE COMPLETELY FULFILLED A CONTRACT SPECIFYING THE
    *WORK;
2.  WHEN ALL *WORK TO BE PERFORMED BY *YOU AT A SPECIFIC SITE HAS
    BEEN COMPLETED;
3.  WHEN THE PORTION OF THE *WORK OUT OF WHICH THE *INJURY ARISES
    HAS BEEN PUT TO ITS INTENDED USE BY ANY ONE OTHER THAN A
    CONTRACTOR OR SUBCONTRACTOR WORKING ON THE SAME PROJECT.

*WORK REQUIRING SERVICE, MAINTENANCE, OR CORRECTIVE WORK, REPAIR,
OR REPLACEMENT BECAUSE OF A DEFECT, BUT WHICH IS OTHERWISE COM-
PLETED IS DEEMED COMPLETED.

*PRODUCTS-*COMPLETED *OPERATIONS DOES NOT INCLUDE *INJURY CAUSED
BY:

1.  THE TRANSPORTATION OF PROPERTY, UNLESS CAUSED BY THE LOADING
    OR UNLOADING OF A VEHICLE;
2.  THE EXISTENCE OF TOOLS, UNINSTALLED EQUIPMENT OR ABANDONED OR
    UNUSED MATERIALS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI


THE MOST WE WILL PAY

    PART A.3. IS ADDED AS FOLLOWS:

    3.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
        ARISING FROM *PRODUCTS-*COMPLETED *OPERATIONS, THE MOST *WE
        WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS AGGREGATE
        LIMIT SHOWN IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

THE MOST WE WILL PAY

    PART A.6. IS ADDED AS FOLLOWS:

    6.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
        ARISING FROM THE *PRODUCTS-*COMPLETED *OPERATIONS *HAZARD, THE
        MOST *WE WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS
        AGGREGATE LIMIT SHOWN IN THE DECLARATIONS.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                   EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

TERRORISM EXCLUSION
COVERAGE PARTS 300, 320, 330, 380, 500, 660, 830, AND 980
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO COVERAGE PARTS 320, 330, 660 AND 980, THE FOLLOWING
CHANGES ARE MADE:

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*CERTIFIED *ACT *OF *TERRORISM" MEANS AN ACT THAT IS CERTIFIED
BY THE SECRETARY OF THE TREASURY, IN CONCURRENCE WITH THE
SECRETARY OF STATE AND THE ATTORNEY GENERAL OF THE UNITED
STATES, TO BE AN ACT OF TERRORISM PURSUANT TO THE FEDERAL
TERRORISM RISK INSURANCE ACT. THE TERRORISM RISK INSURANCE ACT
PROVIDES THAT  THE SECRETARY OF TREASURY SHALL CERTIFY AN ACT
OF TERRORISM:

1.  TO BE AN ACT OF TERRORISM;
2.  TO BE A VIOLENT ACT OR AN ACT THAT IS DANGEROUS TO HUMAN
    LIFE, PROPERTY, OR INFRASTRUCTURE;
3.  TO HAVE RESULTED IN DAMAGE WITHIN THE UNITED STATES, OR
    OUTSIDE OF THE UNITED STATES IN THE CASE OF AN AIR CARRIER
    (AS DEFINED IN SECTION 40102 OF TITLE 49, UNITED STATES
    CODE) OR A UNITED STATES FLAG VESSEL (OR A VESSEL BASED
    PRINCIPALLY IN THE UNITED STATES, ON WHICH UNITED STATES
    INCOME TAX IS PAID AND WHOSE INSURANCE COVERAGE IS SUBJECT
    TO REGULATION IN THE UNITED STATES), OR THE PREMISES OF A
    UNITED STATES MISSION; AND
4.  TO HAVE BEEN COMMITTED BY AN INDIVIDUAL OR INDIVIDUALS AS
    PART OF AN EFFORT TO COERCE THE CIVILIAN POPULATION OF THE
    UNITED STATES OR TO INFLUENCE THE POLICY OR AFFECT THE
    CONDUCT OF THE UNITED STATES GOVERNMENT BY COERCION.

NO ACT MAY BE CERTIFIED AS AN ACT OF TETRRORISM IF THE ACT IS
COMMITTED AS PART OF THE COURSE OF A WAR DECLARED BY CONGRESS
(EXCEPT FOR WORKERS' COMPENSATION) OR IF LOSSES RESULTING FROM
THE ACT, IN THE AGGREGATE FOR INSURANCE SUBJECT TO TRIA, DO NOT
EXCEED $5,000,000.




THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.


                                    EDITION  2-2008

COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

*WE WILL NOT PAY FOR *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DIRECTLY OR INDIRECTLY BY A *CERTIFIED *ACT *OF *TERRORISM, INCLUDING ACTION IN HINDERING OR DEFENDING AGAINST AN ACTUAL OR EXPECTED *CERTIFIED *ACT *OF *TERRORISM. SUCH *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY *LOSS, *OCCURRENCE, CLAIM OR *SUIT IS EXCLUDED REGARDLESS OF ANY OTHER CAUSE OR EVENT THAT CON-TRIBUTES CONCURRENTLY OR IN ANY SEQUENCE TO THE *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT.

EXCEPTION FOR CERTAIN FIRE LOSSES

WITH RESPECT TO COVERAGE PART 330, THE FOLLOWING EXCEPTION TO THIS EXCLUSION APPLIES ONLY TO PROPERTY LOCATED IN THOSE STATES WITH STATUTES THAT REQUIRE CONFORMITY WITH A STANDARD FORM OF FIRE INSURANCE, UNLESS SUCH STATE DOES NOT REQUIRE CONFORMITY WITH RESPECT TO A *CERTIFIED *ACT *OF *TERRORISM. IN SUCH STATES, IF A *CERTIFIED *ACT *OF *TERRORISM RESULTS IN FIRE, *WE WILL PAY FOR THE DIRECT PHYSICAL *LOSS TO *YOUR *BUILDINGS, *CONTENTS, *EQUIPMENT, *STOCK OR *EMPLOYEE *TOOLS CAUESD BY THAT FIRE. THIS EXCEPTION DOES NOT APPLY TO ANY OTHER *LOSS OR EXPENSE INCLUDING, BUT NOT LIMITED TO, *BUSINESS *INCOME *CONTINUATION, BUSINESS RECOVERY EXPENSE, *RENTS, ADDITIONAL *EXTRA *EXPENSE, OR LEASEHOLD INTEREST.

APPLICATION OF OTHER EXCLUSIONS

THE TERMS AND LIMITATIONS OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, OR THE INAPPLICABILITY OR OMISSION OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, DO NOT SERVE TO CREATE COVERAGE WHICH WOULD OTHERWISE BE EXCLUDED, LIMITED OR RESTRIC-TED UNDER THIS POLICY.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  2-2008

COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

IF AGGREGATE INSURED *DAMAGES, *COVERED *POLLUTION *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT THAT ARE ATTRIBU- TABLE TO ONE OR MORE *CERTIFIED *ACT *OF *TERRORISM EXCEED $100 BILLION IN A PROGRAM YEAR (JANUARY 1 THROUGH DECEMBER 31) AND *WE HAVE MET *OUR INSURER DEDUCTIBLE UNDER THE TERRORISM RISK INSURANCE ACT, *WE SHALL NOT BE LIABLE FOR THE PAYMENT OF ANY PORTION OF THE AMOUNT OF SUCH *DAMAGES, *COVERED *POLLUTION *DAMAGES, *INJURY, *LOSS, CLAIM OR *SUIT THAT EXCEEDS $100 BILLION, AND IN SUCH CASE INSURED CLAIMS UP TO THAT AMOUNT ARE SUBJECT TO PRO RATA ALLOCATION IN ACCORDANCE WITH PROCEDURES ESTABLISHED BY THE SECRETARY OF TREASURY.

WITH RESPECT TO COVERAGE PARTS 300, 380, 500 AND 830, THE FOLLOWING CHANGES ARE MADE:

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*TERRORISM" MEANS ACTIVITIES AGAINST PERSONS, ORGANIZATIONS OR PROPERTY OF ANY NATURE:

1.  THAT INVOLVE THE FOLLOWING OR PREPARATION FOR THE FOLLOWING:

    A.  USE OR THREAT OF FORCE OR VIOLENCE;

    B.  COMMISSION OR THREAT OF A DANGEROUS ACT; OR

    C.  COMMISSION OR THREAT OF AN ACT THAT INTERFERES WITH OR DISRUPTS AN ELECTRONIC, COMMUNICATION, INFORMATION, OR MECHANICAL SYSTEM; AND

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  2-2008

COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

TERRORISM EXCLUSION
COVERAGE PARTS 300, 320, 330, 380, 500, 660, 830, AND 980
UNICOVER VI

2. WHEN ONE OR BOTH OF THE FOLLOWING APPLIES:

A. THE EFFECT IS TO INTIMIDATE OR COERCE A GOVERNMENT OR THE CIVILIAN POPULATION OR ANY SEGMENT THEREOF, OR TO DISRUPT ANY SEGMENT OF THE ECONOMY; OR

B. IT APPEARS THAT THE INTENT IS TO INTIMIDATE OR COERCE A GOVERNMENT, OR TO FURTHER POLITICAL, IDEOLOGICAL, RELIGIOUS, SOCIAL OR ECONOMIC OBJECTIVES OR TO EXPRESS (OR EXPRESS OPPOSITION TO) A PHILOSOPHY OR IDEOLOGY.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

*WE WILL NOT PAY FOR *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DIRECTLY OR INDIRECTLY BY AN ACT OF *TERRORISM, INCLUDING ACTION IN HINDERING OR DEFENDING AGAINST AN ACTUAL OR EXPECTED ACT OF *TERRORISM. ANY *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT IS EXCLUDED REGARDLESS OF ANY OTHER CAUSE OR EVENT THAT CONTRIBUTES CONCURRENTLY OR IN ANY SEQUENCE TO SUCH *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT.

APPLICATION OF OTHER EXCLUSIONS

THE TERMS AND LIMITATIONS OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, OR THE INAPPLICABILITY OR OMISSION OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, DO NOT SERVE TO CREATE COVERAGE WHICH WOULD OTHERWISE BE EXCLUDED, LIMITED, OR RESTRICTED UNDER THIS POLICY.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  2-2008

COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 511
WELFARE AND PENSION BENEFIT PLAN
COVERAGE PART 380
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WHEN EMPLOYEE DISHONESTY INSURANCE IS SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, SUCH INSURANCE IS CHANGED AS FOLLOWS:

DEFINITIONS

THE DEFINITION OF *EMPLOYEE IS CHANGED TO ADD THE FOLLOWING:

WITH RESPECT TO ANY EMPLOYEE WELFARE AND PENSION BENEFIT PLAN SHOWN IN THE DECLARATIONS AS AN *INSURED, *EMPLOYEE MEANS ANY PERSON WHO IS (A) *YOUR DIRECTOR OR TRUSTEE OR (B) A TRUSTEE, MANAGER, OFFICER OR *EMPLOYEE OF SUCH PLAN, WHILE THEY ARE ENGAGED IN THE HANDLING OF FUNDS OR OTHER PROPERTY OF SUCH PLAN OWNED, CONTROLLED OR OPERATED BY *YOU.

PART (2) OF THE DEFINITION OF *EMPLOYEE DOES NOT APPLY TO ANY *LOSS CAUSED BY AN *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

EXCLUSIONS

EXCLUSION A. DOES NOT APPLY TO ANY *LOSS CAUSED BY ANY *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

DEDUCTIBLES

ANY DEDUCTIBLE SHOWN IN THE DECLARATIONS AS APPLICABLE TO EMPLOYEE DISHONESTY DOES NOT APPLY TO *LOSS CAUSED BY ANY *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

ADDITIONAL CONDITION

THE FOLLOWING CONDITION IS ADDED:

IF THE *INSURED FIRST NAMED IN THE DECLARATIONS IS AN ENTITY OTHER THAN A PLAN, ANY PAYMENT *WE MAKE TO THAT *INSURED FOR *LOSS SUSTAINED BY ANY PLAN WILL BE HELD BY THAT *INSURED FOR THE USE AND BENEFIT OF THE PLAN(S) SUSTAINING THE *LOSS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 660
AGREED BUILDING VALUE
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *BUILDING SHOWN ON THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS COVERAGE PART:

DEFINITIONS

   PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO READ:

   1.  *BUILDING, ITS REPLACEMENT VALUE;

THE MOST WE WILL PAY

   PART I. IS ADDED TO PART A.1. OF THE MOST WE WILL PAY CONDITION AS FOLLOWS:

   I.  THE PROPORTION THAT THE LIMIT BEARS TO THE REPLACEMENT VALUE STATED IN THE DECLARATIONS.

THE COINSURANCE CONDITION IS DELETED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                        EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 735
DISCRIMINATION DEDUCTIBLE – $10,000 OR PERCENTAGE
COVERAGE PARTS 500 AND 660
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEDUCTIBLES

PART B. OF THE DEDUCTIBLES CONDITION IS REPLACED BY THE FOLLOWING:

B.   INJURY GROUP 6

FROM THE AMOUNTS PAYABLE FOR *DAMAGES, SETTLEMENTS AND DEFENSE
COSTS FOR *INJURY GROUP 6, *WE WILL DEDUCT THE GREATER OF
$10,000 OR THE PERCENTAGE SHOWN IN THE DECLARATIONS FOR EACH
*SUIT OR CLAIM FILED AGAINST *YOU. THE MOST *WE WILL DEDUCT
FOR ALL *DAMAGES, SETTLEMENTS AND DEFENSE COSTS FOR EACH CLAIM
OR *SUIT IS THAT PERCENTAGE TIMES THE LIMIT SHOWN IN THE
DECLARATIONS.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  8-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 740
HAULAWAY COVERAGE
COVERAGE PARTS 830 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITIONS

WITH RESPECT TO AN *AUTO THAT IS A *HAULAWAY, THE DEFINITION OF *OWNED *AUTO IS REPLACED BY THE FOLLOWING:

"*OWNED *AUTO" MEANS A *HAULAWAY *YOU OWN OR *LEASE THAT IS SCHEDULED IN THE DECLARATIONS, AND ANY *AUTO *YOU PURCHASE OR *LEASE AS ITS REPLACEMENT DURING THE COVERAGE PART PERIOD. IT ALSO MEANS ANY TRAILER DESIGNED FOR USE WITH THE TYPE OF *AUTOS SCHEDULED IN THE DECLARATIONS.

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1. OF EXCLUSION G.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1.A. OF EXCLUSION J.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED IN THE DECLARATIONS OF THE *UNDERLYING *INSURANCE.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 767
INJURY GROUP 6 – DISCRIMINATION OR
WRONGFUL EMPLOYMENT PRACTICES EXCLUDED
COVERAGE PART 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITION

THE FOLLOWING CHANGES ARE MADE TO THE DEFINITIONS CONDITION:

PART 2. OF THE DEFINITION OF *DAMAGES IS DELETED.

PART 6. OF THE DEFINITION OF *INJURY IS DELETED.

PART 2. OF THE DEFINITION OF *OCCURRENCE IS REPLACED BY:

2.   WITH RESPECT TO *INJURY GROUPS 3, 4 AND 5, ACTS OR
OFFENSES OF THE *INSURED COMMITTED DURING THE COVERAGE
PART PERIOD WHICH RESULT IN SUCH *INJURY.

PART 3. OF THE DEFINITION OF *OCCURRENCE IS DELETED.

THE LAST SENTENCE OF THE DEFINITION OF *SUIT IS REPLACED BY:

*SUIT DOES NOT MEAN ADMINISTRATIVE ACTIONS OR EQUITABLE
ACTIONS.

THE FOLLOWING IS ADDED TO THE DEFINITION OF *UNDERLYING
*INSURANCE:

*UNDERLYING *INSURANCE ALSO DOES NOT INCLUDE ANY INSURANCE
AFFORDED BY GARAGE COVERAGE PART 500 OR GENERAL LIABILITY
COVERAGE PART 660 FOR *DISCRIMINATION OR *WRONGFUL *EMPLOY-
MENT *PRACTICES.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

THIS INSURANCE DOES NOT APPLY TO *OCCURRENCE, SUIT OR CLAIM
ARISING FROM *DISCRIMINATION OR *WRONGFUL *EMPLOYMENT *PRACTICES.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 776
REPLACEMENT COST EQUIPMENT - COINSURANCE
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *EQUIPMENT SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS COVERAGE PART:

PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO READ:

1.  *EQUIPMENT (EXCEPT *ELECTRONIC *DATA *PROCESSING *EQUIPMENT, *MOBILE *EQUIPMENT, *DATA, *IMPROVEMENTS *AND *BETTERMENTS, *MEDIA AND PROPERTY OF OTHERS), ITS REPLACEMENT COST;

PART 9. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

9.  *ELECTRONIC *DATA *PROCESSING *EQUIPMENT:

   (1)  IF REPLACEMENT IS NECESSARY, THE COST OF CURRENTLY AVAIL-ABLE *ELECTRONIC *DATA *PROCESSING *EQUIPMENT CAPABLE OF PERFORMING AT LEAST THE SAME FUNCTIONS. IF NOT REPLACED, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION;
   (2)  IF REPAIR IS NECESSARY, THE COST TO RESTORE DAMAGED *ELECTRONIC *DATA *PROCESSING *EQUIPMENT TO ITS CONDITION IMMEDIATELY PRIOR TO THE LOSS.

PART 10. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

10.  MOBILE EQUIPMENT, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION.

THE FOLLOWING DEFINITION IS ADDED:

"*ELECTRONIC *DATA *PROCESSING *EQUIPMENT" MEANS MAINFRAME COMPU-TERS, NETWORK SERVERS, NETWORK ROUTERS, PERSONAL COMPUTERS AND WORKSTATIONS, LAPTOPS OR NOTEBOOK PERSONAL COMPUTERS, OTHER PORTABLE COMPUTER DEVICES AND THEIR ACCESSORIES, TELECOMMUNICA-TIONS EQUIPMENT AND FACSIMILE MACHINES. *ELECTRONIC *DATA *PRO-CESSING *EQUIPMENT INCLUDES PERIPHERAL EQUIPMENT SUCH AS PRINTERS, KEYBOARDS AND OTHER INPUT DEVICES, DATA TRANSMISSION LINES WITHIN *YOUR *BUILDING, MONITORS, MODEMS AND SCANNERS. *ELECTRONIC *DATA *PROCESSING *EQUIPMENT DOES NOT INCLUDE *DATA OR *MEDIA.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

PAGE 1 OF 1

ENDORSEMENT NO. 809
PERSONAL PROPERTY IN CUSTOMER'S AUTO EXCLUDED
COVERAGE PART 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSIONS

EXCLUSION K. IS REPLACED BY THE FOLLOWING:

K.   CARE, CUSTODY OR CONTROL

THIS INSURANCE DOES NOT APPLY TO *INJURY OR *COVERED *POLLU-
TION *DAMAGE TO PROPERTY OWNED BY, RENTED OR LEASED TO, USED
BY, TRANSPORTED BY, OR OTHERWISE IN THE CARE, CUSTODY OR
CONTROL OF THE *INSURED.

THIS EXCLUSION DOES NOT APPLY, WHEN *YOU HAVE COVERAGE IN THE
*UNDERLYING *INSURANCE, TO *INJURY:

1.   TO REAL OR PERSONAL PROPERTY NOT OWNED BY *YOU, OTHER
     THAN:

     A.   AN *AUTO; OR
     B.   PERSONAL PROPERTY WITHIN A *CUSTOMER'S *AUTO;

2.   TO *CUSTOMER'S *AUTOS;
3.   FOR LIABILITY ASSUMED BY *YOU UNDER A WRITTEN SIDETRACK
     AGREEMENT WITH RESPECT TO PROPERTY USED BY *YOU OR IN
     *YOUR CARE, CUSTODY, OR CONTROL.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  9-2008
COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 811
HOW WE WILL PAY CONDITION REVISED
COVERAGE PART 300
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

HOW WE WILL PAY

    PART C. OF THE HOW WE WILL PAY CONDITION IS DELETED IN ITS
    ENTIRETY AND REPLACED BY THE FOLLOWING:

    C.   WHEN SETTLEMENT IS BASED ON REPAIRS TO THE *COVERED *AUTO OR
        *COVERED *WATERCRAFT:

        1.   IF *LOSS IS CAUSED BY A PERIL OTHER THAN WINDSTORM OR
            HAIL, THE MOST *WE WILL PAY IS 65% OF THE *RETAIL *CHARGES
            (UNLESS STATED OTHERWISE IN THE DECLARATIONS) ON PARTS,
            MATERIALS, AND LABOR.

        2.   IF *LOSS IS CAUSED BY WINDSTORM OR HAIL, THE MOST *WE
            WILL PAY IS THE LESSER OF:

            A.   75% OF THE *RETAIL *CHARGES; OR
            B.   THE PERCENTAGE STATED IN THE DECLARATIONS,

            ON PARTS, MATERIALS, AND LABOR.

        3.   HOWEVER, *WE WILL PAY THE ACTUAL EXPENSES *YOU INCUR FOR:

            A.   THAT PORTION OF REPAIRS THAT ARE MADE USING THE PAINT-
               LESS DENT REPAIR METHOD.

            B.   *LOSS CAUSED BY *COLLISION, IMPACT WITH A BIRD OR
               ANIMAL, FIRE, LIGHTNING, THEFT OR LARCENY, *EXTENDED
               *THEFT, MALICIOUS MISCHIEF OR VANDALISM, IF

               (1)  *YOU DO NOT POSSESS THE FACILITIES, PARTS, MATER-
                    IALS, OR TECHNICAL EXPERTISE TO PERFORM THE
                    REPAIRS, AND
               (2)  WITH *OUR APPROVAL, THE LABOR IS PERFORMED OR
                    PARTS AND MATERIALS ARE FURNISHED BY A FACILITY
                    NOT OWNED OR OTHERWISE AFFILIATED WITH *YOU.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                        EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 811
HOW WE WILL PAY CONDITION REVISED
COVERAGE PART 300
UNICOVER VI


C.   *LOSS THAT OCCURS 100 MILES OR MORE FROM *YOUR PLACE
OF BUSINESS, IF THE *COVERED *AUTO OR *COVERED
*WATERCRAFT IS REPAIRED 100 MILES OR MORE FROM *YOUR
PLACE OF BUSINESS.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500 AND GENERAL LIABILITY COVERAGE PART 660

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN ANY OTHER CAPACITY;
B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1.  UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION WITH A RESIDENCE PREMISES;
2.  UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED IN EXCLUSION E.;
3.  TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY SUCH EMPLOYEE;
4.  TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY *YOU.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI


PERSONAL UMBRELLA COVERAGE PART 970

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
    COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
    PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN
    ANY OTHER CAPACITY;
B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
    CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
    A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

PART A. DOES NOT APPLY TO "DOMESTIC EMPLOYEES." FOR THE PURPOSES
OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED
IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION
WITH A RESIDENCE PREMISES.

COMMERCIAL UMBRELLA COVERAGE PART 980

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
    COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
    PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010

COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI


FOR WHICH:

    A.  THE *INSURED MAY BE HELD LIABILE AS AN EMPLOYER OR IN ANY OTHER CAPACITY;
    B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
    C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1.  UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION WITH A RESIDENCE PREMISES;
2.  UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED IN EXCLUSION E.;
3.  TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY SUCH EMPLOYEE;
4.  TO ANY EMPLOYERS LIABILITY COVERAGE SHOWN AS *UNDERLYING *INSURANCE;
5.  TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY *YOU.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY REMAIN UNCHANGED.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**26AC-CC00235**

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

INSURANCE IS PROVIDED BY UNIVERSAL UNDERWRITERS INSURANCE COMPANY

THIS POLICY INSURES ONLY THOSE COVERAGES SHOWN IN THE DECLARATIONS.  IN ITEM 2 BELOW, EACH NAMED INSURED, OTHER INSURED, SECURITY INTEREST AND LOCATION IS GIVEN A CORRESPONDING LETTER OR NUMBER DESIGNATION.  INSURANCE PROVIDED IN ITEM 3 WILL NOT APPLY TO ANY NAMED INSURED, OTHER INSURED, SECURITY INTEREST OR LOCATION UNLESS ITS CORRESPONDING LETTER OR NUMBER APPEARS NEXT TO A SPECIFIC COVERAGE IN ITEM 3.  (CHANGES, IF ANY, ARE INDICATED BY +)

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

ITEM 1
POLICY PERIOD      JUNE 01, 2013 TO      JUNE 01, 2014     POLICY NO. 315894

ITEM 2

NAMED INSURED 01:

REGAL CAR SALES AND CREDIT, LLC
ATTN: TERRY NEELY
PO BOX 471035
TULSA, OK 74147

NAMED INSURED AND TYPE OF LEGAL ENTITY:

    01  REGAL CAR SALES AND CREDIT, LLC              LIMITED LIABILITY COMPANY

    02  SABER ACCEPTANCE COMPANY, LLC                LIMITED LIABILITY COMPANY

    03  REGAL MOTORS 401(K) PLAN                     OTHER

OTHER INSUREDS:

    AA  ROBERT N MULKEY
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

    BB  MADISON MULKEY
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

    CC  ROBIN MULKEY

    DD  LARRY BURKE
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

    EE  DAVID ANDERSON
        5801 E 41ST ST - STE 804

315894   VI (2-2010)                                               PAGE 1-A

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 2
        TULSA, OK 74135

  FF  JEFF O'NEILL
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

  GG  ROBERT MADISON MULKEY
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

  HH  DAVID PENNINGTON
        5801 E 41ST ST - STE 804
        TULSA, OK 74135

  II  FORUM INVESTMENTS, LLC
        PO BOX 471035
        TULSA, OK 74147

  JJ  REVOCABLE LIVING TRUST AGREEMENT
        OF LARRY G WARREN AND SHARON
        WARREN

  KK  CITY OF SPRINGFIELD LICENSING
        DIVISION
        PO BOX 8368
        SPRINGFIELD, MO 65801
        ENDORSEMENT 0528 APPLIES

SECURITY INTERESTS:

  A    FIRST NATIONAL BANK & TRUST
        OF OKMULGEE
        PO BOX 1037
        OKMULGEE, OK 74447

  B    BANC FIRST
        7625 E 51ST STREET
        TULSA, OK 74145

  C    AMERICAN HERITAGE BANK ISAOA
        PO BOX 1408
        SAPULPA, OK 74067

LOCATIONS AND OCCUPANCY:

  01  12718 E 55TH STREET                  OFFICE (NOT OTHRWSE CLASSIFIED)
        TULSA, OK 74135

  02  1407 S MEMORIAL DR                   USED CAR SALES & SERVICE

315894   VI (2-2010)                                            PAGE 1-B
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

ITEM 2

     TULSA, OK 74112

| | | |
|---|---|---|
| 03 | 401 SW 29TH STREET<br>OKLAHOMA CITY, OK 73109 | USED CAR SALES & SERVICE |
| 04 | 1021 S WOOD DR<br>OKMULGEE, OK 74447 | USED CAR OFFICE |
| 06 | 1004 E 6TH AVENUE<br>STILLWATER, OK 74074 | USED CAR SALES & SERVICE |
| 07 | 4309 NW CACHE RD<br>LAWTON, OK 73505 | USED CAR SALES & SERVICE |
| 08 | 3515 N MAY AVE<br>OKLAHOMA CITY, OK 73112 | USED CAR SALES & SERVICE |
| 09 | 630 N MAIN<br>MUSKOGEE, OK 74401 | USED CAR OFFICE |
| 10 | 1201 E TAFT<br>SAPULPA, OK 74066 | USED CAR SALES & SERVICE |
| 11 | 4717 NW 39TH STREET<br>OKLAHOMA CITY, OK 73122 | USED CAR SALES & SERVICE |
| 12 | 3609 US HWY 59 N<br>GROVE, OK 74344 | USED CAR SALES & SERVICE |
| 13 | 3110 S BROADWAY<br>WICHITA, KS 67216 | USED CAR SALES & SERVICE |
| 14 | 800 S GLENSTONE<br>SPRINGFIELD, MO 65802 | USED CAR SALES & SERVICE |
| 15 | 805 E 7TH STREET<br>JOPLIN, MO 64801 | USED CAR SALES & SERVICE |
| 17 | 212 S NEW AVENUE<br>SPRINGFIELD, MO 65806 | USED CAR OFFICE |
| 18 | 800 S GLENSTONE<br>(ADJACENT TO LOC 14)<br>OKMULGEE, OK 74447 | USED CAR OFFICE<br>(TEMPORARY TRAILER) |
| 19 | 1637 W SHAWNEE BYPASS<br>MUSKOGEE, OK 74401 | USED CAR OFFICE |
| 20 | 1637 W SHAWNEE BYPASS | USED CAR OFFICE |

315894   VI (2-2010)                                              PAGE 1-C

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 2
    ADJACENT
    MUSKOGEE, OK 74401

  21  2504 NORTH BROADWAY STREET          USED CAR SALES & SERVICE
      POTEAU, OK 74953

  22  302 BUSINESS LOOP 70 W            AUTO REPAIR-NO MAJOR REPAIR
      COLUMBIA, MO 65203


ENDORSEMENTS APPLICABLE TO THIS POLICY:

  0827 EXCLUSION C - EMPLOYER'S LIABILITY
      REVISED

  0528 SPECIAL CANCELLATION PROVISION
  ENDORSEMENT 0528-NO. OF DAYS
  APPLICABLE: 30 DAYS


TERRORISM:


ACTS OF TERRORISM EXCLUDED

ENDORSEMENTS APPLICABLE:
  0497 EXCLUSION FOR CERTIFIED ACTS OF
      TERRORISM AND BIOLOGICAL AND
      CHEMICAL TERRORISM

315894  VI (2-2010)                        PAGE 1-D

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED     LIMITS
EACH COVERAGE PART:


AUTO INVENTORY PHYSICAL DAMAGE
+  (PART 300)                            01        ALL     SEE         775,000
                                                           BELOW

   REPAIRS:   0% LABOR - YOUR AUTOS
              0% PARTS - YOUR AUTOS
            100% LABOR - CUSTOMER AUTOS
            100% PARTS - CUSTOMER AUTOS

ENDORSEMENTS APPLICABLE:
   0811 HOW WE WILL PAY CONDITION REVISED

PERILS AND DEDUCTIBLES         SECURITY    COMPREHENSIVE   COLLISION   EXTENDED
SCHEDULE:                      INTERESTS                               THEFT
   NEW AUTOS                                NO COVER       NO COVER    NO COVER
   USED AUTOS                               NO COVER       NO COVER    NO COVER
   CONSIGNED AUTOS                          NO COVER       NO COVER    NO COVER
   WATERCRAFT/CARRIERS                      NO COVER       NO COVER    NO COVER
   DEMONSTRATOR-COMPANY AUTO                NO COVER       NO COVER    NO COVER
   SERVICE AUTOS                            NO COVER       NO COVER    NO COVER
+  CUSTOMER'S AUTOS/WATERCRAFT   1,000/5,000   1,000       NO COVER
   0008 CUSTOMER'S AUTOS OR CUSTOMER'S
           WATERCRAFT - LEGAL LIABILITY


                               OTHER INSUREDS

   DRIVE OTHER AUTOS            AA,BB,CC,   500            500         NO COVER
                               DD,EE,FF,
                               GG,HH
      0011 DRIVE OTHER AUTOS


  315894   VI (2-2010)                                           PAGE 1-E
```

Case 2:26-cv-04162-WJE   Document 1-2   Filed 07/10/26   Page 157 of 634

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | | COINS% | | | |
|---|---|---|---|---|---|
| +BUILDING | | 100% | 01,A | 01 | SEE | 1,500,000 |
| FIRE | 10000 | | | | SCHEDULE |
| WINDSTORM-HAIL | 10000 | | | | |
| V&MM | 10000 | | | | |
| OTHER SPEC PERILS | 10000 | | | | |
| THEFT-BURGLARY | 10000 | | | | |
| UNNAMED PERILS | 10000 | | | | |
| BREAKDOWN | 10000 | | | | |
| EARTHQUAKE | NO COVER | | | | |
| SPRK LEAKAGE | 10000 | | | | |

```
0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
REPLACEMENT VALUE $1,500,000
```

| +BUILDING | | 100% | 01,A | 02 | SEE | 826,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE |
| WINDSTORM-HAIL | 10000 | | | | |
| V&MM | 10000 | | | | |
| OTHER SPEC PERILS | 10000 | | | | |
| THEFT-BURGLARY | 10000 | | | | |
| UNNAMED PERILS | 10000 | | | | |
| BREAKDOWN | 10000 | | | | |
| EARTHQUAKE | NO COVER | | | | |
| SPRK LEAKAGE | 10000 | | | | |

```
0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
REPLACEMENT VALUE $826,000
```

| +BUILDING | | 100% | 01,A | 03 | SEE | 403,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE |
| WINDSTORM-HAIL | 10000 | | | | |
| V&MM | 10000 | | | | |
| OTHER SPEC PERILS | 10000 | | | | |
| THEFT-BURGLARY | 10000 | | | | |
| UNNAMED PERILS | 10000 | | | | |
| BREAKDOWN | 10000 | | | | |
| EARTHQUAKE | NO COVER | | | | |
| SPRK LEAKAGE | 10000 | | | | |

315894   VI (2-2010)                                    PAGE 1-F

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $403,000

+BUILDING                         100%   01,A     04     SEE         169,000
   FIRE                 10000                             SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $169,000

+BUILDING                         100%   01,A     06     SEE         242,000
   FIRE                 10000                             SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $242,000

 315894   VI (2-2010)                                      PAGE 1-G
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD  OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND<br>SPECIAL PROVISIONS APPLICABLE TO<br>EACH COVERAGE PART: | | INSUREDS | LOCA-<br>TIONS | PERILS<br>INSURED | OUR<br>LIMITS |
|---|---|---|---|---|---|

PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

| +BUILDING | | 100% | 01,A | 07 | SEE | 278,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
REPLACEMENT VALUE $278,000

| +BUILDING | | 100% | 01,A | 08 | SEE | 253,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
REPLACEMENT VALUE $253,000

| +BUILDING | | 100% | 01,C | 10 | SEE | 300,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

315894   VI (2-2010)                                        PAGE 1-H

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

```
   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACMENT VALUE $300,000

+BUILDING                          100%    01       11      SEE          244,000
   FIRE                  10000                              SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $244,000

+BUILDING                          100%    01,A     12      SEE          169,000
   FIRE                  10000                              SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $169,000
```

315894   VI (2-2010)                                          PAGE 1-I

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED       LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                       100%   01,A     13      SEE         355,000
   FIRE                 10000                           SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACMENT VALUE $355,000

+BUILDING                       100%   01,A,B   14      SEE         256,000
   FIRE                 10000                           SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0631 SCHEDULED PROPERTY COVERED
   REPLACEMENT VALUE $256,000

+BUILDING                       100%   01,C     15      SEE         233,000
   FIRE                 10000                           SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

 315894   VI (2-2010)                                          PAGE 1-J
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED       LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES           COINS%


   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $233,000

+BUILDING                         100%    01       17      SEE           355,000
   FIRE                 10000                             SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $355,000

+BUILDING                         100%    01       18      SEE           50,000
   FIRE                 10000                             SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $50,000

 315894   VI (2-2010)                                        PAGE 1-K
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED    LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                      100%   01,A     19    SEE        250,000
   FIRE                 10000                        SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $250,000

+BUILDING                      100%   01,A     20    SEE         75,000
   FIRE                 10000                        SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $75,000

+BUILDING                       90%   01,A     22    SEE        555,000
   FIRE                 10000                        SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE         10000

 315894   VI (2-2010)                                      PAGE 1-L
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | | COINS% | | | | |
|---|---|---|---|---|---|---|
| +CONTENTS | | 90% | 01,02 | 01,02, | SEE | 887,000 |
| FIRE | 10000 | | | 03,04, | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | 06,07, | | |
| V&MM | 10000 | | | 08,09, | | |
| OTHER SPEC PERILS | 10000 | | | 10,11, | | |
| THEFT-BURGLARY | 10000 | | | 12,18, | | |
| UNNAMED PERILS | 10000 | | | 21 | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
     COINSURANCE

| +CONTENTS | | 90% | 01,02 | 13 | SEE | 27,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
     COINSURANCE

| +CONTENTS | | 90% | 01,02 | 14,15, | SEE | 84,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | 17 | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -

315894   VI (2-2010)                                          PAGE 1-M

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-     PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS     INSURED       LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

        COINSURANCE

+CONTENTS                          90%   01,A     22      SEE          30,000
   FIRE                 10000                             SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE         10000

OTHER INSURED PROPERTY                                                 50,000

315894   VI (2-2010)                                              PAGE 1-N
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| CRIME (PART 380) | | | | |
| EMPLOYEE DISHONESTY | 01,02,03 | ALL | CRIME | 500,000 |
|   DEDUCTIBLE     2,500 | | | | |
|   0511 WELFARE & PENSION BENEFIT PLAN | | | | |

315894   VI (2-2010)                                                        PAGE 1-O

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| +GARAGE OPERATIONS AND AUTO HAZARD (PART 500) | 01 | ALL | SEE BELOW | 300,000# 900,000# |

    # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
       PRODUCTS-COMPLETED OPERATIONS AGGREGATE.

|  | DEDUCTIBLE |
|---|---|
| WORK/PRODUCTS | 5,000 |
| INJURY GROUP 1-4 | 5,000 |
| INJURY GROUP 5 | 5,000 |
| INJURY GROUP 6 | 25% |
| CUSTOMER COMPLAINT DEFENSE | 2,500 |
| LABOR RELATED DEFENSE | 2,500 |
| DESIGNATED STATUTE DEFENSE | 2,500 |

ENDORSEMENTS APPLICABLE:
  0054 CUSTOMER RENTAL COVERAGE EXCLUDED
  0367 EXCLUSION OF DESIGNATED
          OPERATIONS
  0451 PRODUCTS-COMPLETED OPERATIONS
          AGGREGATE LIMIT (GARAGE)
  0735 DISCRIMINATION DEDUCTIBLE -
          $10,000 OR PERCENTAGE

| | | | | |
|---|---|---|---|---|
| INJURY GROUP 1  (BODILY INJ/PROP DMG) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 2  (MENTAL INJURY) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 3  (PERSONAL INJURY) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 4  (ADVERTISING INJURY) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 5  (EMPLOYEE BENEFITS) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 6  (DISCRIMINATION) | 01 | ALL | COVERED | INCLUDED |

ALL OPERATIONS RELATING TO THE
REPOSSESSION OF VEHICLES WHETHE
PERFORMED BY A NAMED INSURED OR
OTHER PARTY.  ALL OPERAIONS
PERFORMED BY SABER ACCEPTANCE C
LLC RELATING TO COLLECTION AND
HANDLING OF NONPUBLIC INFORMATI
DECISION TO EXTEND CREDIT TO A

315894   VI (2-2010)                                      PAGE 1-P

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND      INSUREDS  LOCA-   PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                TIONS   INSURED      LIMITS
EACH COVERAGE PART:
CUSTOMER, COLLECTION OF PAYMENT
SELLING OF ANY LOAN TO A THIRD
PARTY, THE CHECKING OR REPORTIN
OR FAILURE TO REPORT CREDIT, TH
HANDLING OF ANY TITLE RELATED T
A LOAN TRANSACTION & THE ACT OF
REPOSSESSING OR AUTHORIZING THE
REPOSSESSION OF ANY VEHICLE.
THIS EXCLUSION DOES NOT APPLY
TO THE USE OF ANY "OWNED AUTO"
WHILE IN THE POSESSION OF SABER
ACCEPTANCE CO., LLC OR ANYOTHER
NAMED INSURED ON THIS POLICY.

DRIVE OTHER AUTOS                     AA,BB,CC, ALL     COVERED  INCLUDED
   0034 DRIVE OTHER AUTOS             DD,EE,FF,
                                      GG,HH

ADDITIONAL INSUREDS
+  0033 ADDITIONAL INSURED-PROPERTY   II        10      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY   II        12      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY   II        15      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY   JJ        17      COVERED  INCLUDED

+MEDICAL PAYMENTS                     01        ALL     COVERED     5,000
   0035 MEDICAL PAYMENTS

DEFENSE REIMBURSEMENT:

+  CUSTOMER COMPLAINT DEFENSE         01        ALL     COVERED     25,000@
                                                                  300,000@

+  LABOR RELATED DEFENSE              01        ALL     COVERED     25,000@
                                                                  300,000@

 315894   VI (2-2010)                                           PAGE 1-Q
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA- TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| GARAGE OPERATIONS AND AUTO HAZARD (PART 500) | | | | |
| + DESIGNATED STATUTE DEFENSE | 01 | ALL | COVERED | 25,000@ 50,000@ |

@ THE FIRST LIMIT IS PER CLAIM OR SUIT, THE SECOND IS AN ANNUAL AGGREGATE.

UNINSURED/UNDERINSURED MOTORISTS
  COVERED AUTOS INSURED BY
  COVERAGE PART NO. 500

| | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| UNINSURED MOTORISTS | 01 | ALL | UM BI | 25,000# 50,000# |
| | | | UM PD | NO/COVER |
| UNDERINSURED MOTORISTS | 01 | ALL | UIM BI | INCLUDED |
| | | | UIM PD | NO/COVER |

ENDORSEMENTS APPLICABLE:
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
  INDIVIDUALS DESIGNATED BELOW:

| | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| UNINSURED MOTORISTS | AA,BB,GG | ALL | UM BI | 300,000 EA.ACCID |
| | | | UM PD | NO/COVER |
| UNDERINSURED MOTORISTS | AA,BB,GG | ALL | UIM BI | INCLUDED |
| | | | UIM PD | NO/COVER |

ENDORSEMENTS APPLICABLE:
  0092 DESIGNATED INDIVIDUALS
  0203 UNINSURED MOTORISTS

315894   VI (2-2010)                                     PAGE 1-R

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
  DRIVE OTHER AUTO-OTHER INSUREDS LISTED BELOW:

UNINSURED MOTORISTS                       AA,BB,CC, ALL    UM BI       25,000#
                                          DD,EE,FF,                    50,000#
                                          GG,HH            UM PD       NO/COVER

UNDERINSURED MOTORISTS                    AA,BB,CC, ALL    UIM BI      INCLUDED
                                          DD,EE,FF,
                                          GG,HH            UIM PD      NO/COVER


ENDORSEMENTS APPLICABLE:
  0034 DRIVE OTHER AUTOS
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
  DRIVE OTHER AUTO-OTHER INSUREDS LISTED BELOW:

UNINSURED MOTORISTS                       DD,EE,FF, ALL    UM BI       25,000#
                                          HH                           50,000#
                                                           UM PD       NO/COVER

UNDERINSURED MOTORISTS                    DD,EE,FF, ALL    UIM BI      NO/COVER
                                          HH
                                                           UIM PD      NO/COVER


ENDORSEMENTS APPLICABLE:
  0034 DRIVE OTHER AUTOS
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

315894   VI (2-2010)                                      PAGE 1-S
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED     LIMITS
EACH COVERAGE PART:


GENERAL LIABILITY (PART 660)


                              DEDUCTIBLE
INJURY GROUPS 1-4                5,000

ENDORSEMENTS APPLICABLE:
    0095 PREMISES MEDICAL PAYMENTS
    0367 EXCLUSION OF DESIGNATED
         OPERATIONS

INJURY                                    01      ALL          300,000

                            - - SEE SCHEDULE OF HAZARDS BELOW - -

    INJURY GROUP 1  (BODILY INJ/PROP DMG)                       INCLUDED

    INJURY GROUP 2  (MENTAL INJURY)                             INCLUDED

    INJURY GROUP 3  (PERSONAL INJURY)                           INCLUDED

    INJURY GROUP 4  (ADVERTISING INJURY)                        INCLUDED

    INJURY GROUP 5  (EMPLOYEE BENEFITS)                         NO COVER

    INJURY GROUP 6  (DISCRIMINATION)                            NO COVER

  MEDICAL PAYMENTS                        01      ALL             5,000
    0095 MEDICAL PAYMENTS

SCHEDULE OF HAZARDS:
  CLASSIFICATION CODE:
  ALL OPERATIONS RELATING TO THE
  REPOSSESSION OF VEHICLES WHETHER
  PERFORMED BY A NAMED INSURED OR
  OTHER PARTY.  ALL OPERATIONS
  PERFORMED BR SABER ACCEPTANCE CO.
  LLC RELATING TO COLLECTION AND
  HANDLING OF NONPUBLIC INFORMATION
  DECISION TO EXTEND CREDIT TO A
  CUSTOMER, COLLECTION OF PAYMENTS,
  SELLING OF ANY LOAN TO A THIRD
  PARTY, THE CHECKING OR REPORTING
  OR FAILURE TO REPORT CREDIT, THE

315894   VI (2-2010)                                        PAGE 1-T
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED      LIMITS
EACH COVERAGE PART:


GENERAL LIABILITY (PART 660)

    HANDLING OF ANY TITLE RELATED TO
    A LOAN TRANSACTION & THE ACT OF
    REPOSSESSING OR AUTHORIZING THE
    REPOSSESSION OF ANY VEHICLE.
    THIS EXCLUSION DOES NOT APPLY TO
    THE USED OF ANY "OWNED AUTO"
    WHILE IN THE POSESSION OF SABER
    ACCEPTANCE CO., LLC OR ANY OTHER
    NAMED INSURED ON THIS POLICY.

  PREMISES/OPERATIONS HAZARD                01       IF ANY
   CLASSIFICATION CODE:
    61217A - BASIS 089
    BUILDINGS OR PREMISES, BANK OR
    OFFICE, MERCANTILE OR
    MANUFACTURING MAINTAINED BY
    THE INSURED - LESSORS RISK ONLY
    OTHER THAN NOT-FOR-PROFIT

315894   VI (2-2010)                                    PAGE 1-U
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND           INSUREDS  LOCA-   PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                     TIONS   INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)


OWNED AUTOS                                01       ALL     COMPRE.   1,000 DED*
                                                           COLLISION 1,000 DED*
 NO. ---DESCRIPTION---

 02 2008 LEXUS LS460
  ID #JTHGL46F685023918
  + CANCELLED   12-20-2013

 02 + CANCELLED   12-20-2013

 03 2007 LINCOLN NAVIGATOR
  ID #5LMFU28517LJ09496
  PLACE OF GARAGING
  TULSA
  OK  74146

 07 2008 GMC YUKON DENALI
  ID #1GKFK63868J112921
  PLACE OF GARAGING
  TULSA
  OK  74146

 08 2008 CADILLAC ESCALADE
  ID #1GYFK66868R174371
  + CANCELLED   12-20-2013

 08 + CANCELLED   12-20-2013

 09 2003 MONROE MTRS WALLY TRAILER
  ID #1W9H546263H157318
  PLACE OF GARAGING
  TULSA

315894   VI (2-2010)                                      PAGE 1-V
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED      LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

  OK  74146

 10 2007 FORD EDGE
  ID #2FMDK49C07BB44278
  PLACE OF GARAGING
  TULSA
  OK  74146

 11 1996 HALS CAR HAULER
  ID #1H9G503C2T1220396
  PLACE OF GARAGING
  TULSA
  OK  74146

 12 2008 DODGE RAM 550
  ID #3D6WD78A78G212464
  PLACE OF GARAGING
  TULSA
  OK  74146

 15 2004 LINCOLN TOWN CAR
  ID #1LNHM81W74Y611591
  PLACE OF GARAGING
  TULSA
  OK  74146

 16 2013 CADILLAC ESCALADE
  ID #1GYS4KEF7DR228126
  PLACE OF GARAGING
  TULSA
  OK  74146

 17 2013 LEXUS LS 460
```

315894   VI (2-2010)                                                PAGE 1-W

# Universal Underwriters Insurance Company

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| BASIC AUTO INSURANCE (PART 830) | | | | |
|   ID #JTHDL5EF1D5005590<br>  PLACE OF GARAGING<br>  TULSA<br>  OK  74146 | | | | |
| 18 2010 AUDI Q7<br>  ID #WA1VMBFE7AD001076<br>  PLACE OF GARAGING<br>  TULSA<br>  OK  74146 | | | | |
| 19 2013 FORD EXPLORER<br>  ID #1FM5K8F88DGC34990<br>  PLACE OF GARAGING<br>  TULSA<br>  OK  74146 | | | | |
| 20 2013 LINCOLN NAVIGATOR<br>  ID #5LMJJ2J51DEL01515<br>  PLACE OF GARAGING<br>  TULSA<br>  OK  74146 | | | | |

--------------------------------------------------------------------------------

| | | | | |
|---|---|---|---|---|
| OWNED AUTOS | 01 | ALL | INJURY | 300,000 EA.OCCUR |
| | | | MED. PAY | 1,000 |
| | | | COMPRE. | 2,000 DED* |
| | | | COLLISION | 2,000 DED* |

  NO. ---DESCRIPTION---

 01 2002 INTERNATIONAL 8100 TRUCK

315894   VI (2-2010)                                                  PAGE 1-X

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

   ID #1HSHBAHN02H538681
   PLACE OF GARAGING
   TULSA
   OK  74146
--------------------------------------------------------------------------------


 OWNED AUTOS                                 01       ALL    COMPRE.   2,000 DED*
                                                             COLLISION 2,000 DED*
  NO. ---DESCRIPTION---

 01 2001 PEGASUS MAGNUM TRAILER
   ID #1P9GP3821ZE338157
   PLACE OF GARAGING
   TULSA
   OK  74146
--------------------------------------------------------------------------------


 OWNED AUTOS                                 01       ALL    INJURY       300,000
                                                             EA.OCCUR
                                                             COMPRE.   1,000 DED*
                                                             COLLISION 1,000 DED*
  NO. ---DESCRIPTION---

 01 2007 FREIGHTLINER CL11242T
   ID #1FUBF9DL97PQ75999
   PLACE OF GARAGING
   TULSA
   OK  74135
--------------------------------------------------------------------------------



 NEWLY ACQUIRED AUTOS ARE COVERED FOR THE HIGHEST LIMIT AND THE LOWEST
 DEDUCTIBLE FOR THE PERILS APPLICABLE TO YOU IN THE SCHEDULE OF OWNED AUTOS.

 * LIMIT IS ACTUAL CASH VALUE OF THE AUTO, LESS DEDUCTIBLE SHOWN PER AUTO.

 315894   VI (2-2010)                                               PAGE 1-Y
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  DECEMBER 20, 2013

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED      LIMITS
EACH COVERAGE PART:


COMMERCIAL UMBRELLA (PART 980)


COMMERCIAL UMBRELLA                      01        ALL     INJURY    10,000,000#
                                                                     30,000,000#

    # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
      PRODUCTS-COMPLETED OPERATIONS AGGREGATE.
    RETENTION: NONE                                              EA.OCCUR

    ENDORSEMENTS APPLICABLE:
    0367 EXCLUSION OF DESIGNATED
           OPERATIONS
    0451 PRODUCTS-COMPLETED OPERATIONS
           AGGREGATE LIMIT (GARAGE)
    0740 HAULAWAY COVERAGE
    0767 INJURY GROUP 6 - DISCRIMINATION OR
           WRONGFUL EMPLOYMENT PRACTICES
           EXCLUDED
    0809 PERSONAL PROPERTY IN CUSTOMER'S
          AUTO EXCLUDED

    DESIGNATED PERSONS:
      ROBERT N MULKEY
      MADISON MULKEY
      ROBIN MULKEY
      *******************************
      ALL OPERATIONS RELATING TO THE
      REPOSSESSION OF VEHICLES WHETHER
      PERFORMED BY A NAMED INSURED OR
      OTHER PARTY.  ALL OPERATIONS
      PERFORMED BY SABER ACCEPTANCE CO
      LLC RELATING TO COLLECTION AND
      HANDLING OF NONPUBLIC INFORMATION
      THE DECISION TO EXTEND CREDIT TO
      CUSTOMER COLLECTION OF PAYMENTS,
      SELLING OF ANY LOAN TO 3RD PARTY,
      THE CHECKING OR REPORTING OR
      FALIURE TO REPORT CREDIT, THE
      HANDLING OF ANY TITLE REPLATED TO
      A LOAN TRANSACTION & THE ACT OF
      REPOSSESSING OR AUTHORIZING THE
      REPOSSESSION OF ANY VEHICLE.
      THIS EXCLUSION DOES NOT APPLY
      TO THE USE OF ANY "OWNED AUTO"

315894   VI (2-2010)                                          PAGE 1-Z
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   DECEMBER 20, 2013


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED       LIMITS
EACH COVERAGE PART:


COMMERCIAL UMBRELLA (PART 980)

    WHILE IN THE POSESSION OF SABER
    ACCEPTANCE CO., LLC OR ANY OTHER
    NAMED INSURED ON THIS POLICY.

  UNDERLYING INSURANCE:
    PART 2 (EMPLOYER'S LIABILITY INSURANCE) OF ANY WORKERS' COMPENSATION
    ISSUED BY US TO THE INSURED SHOWN FOR THIS COVERAGE PART;
    ALL OTHER COVERAGE PARTS OF THIS POLICY PROVIDING LIABILITY INSURANCE
    FOR THE INSUREDS NAMED ON THIS COVERAGE PART EXCEPT ENDORSEMENT 039 OF
    COVERAGE PART 830, AND COVERAGE PART 970.

    OTHER POLICIES:
      NONE

THE PREMIUM BASIS FOR THIS POLICY IS:  VARIABLE
COUNTERSIGNED: 02-12-2014 BY _____ REPRESENTATIVE

MAIL TO: REGAL CAR SALES AND CREDIT, LLC
         ATTN: TERRY NEELY
         PO BOX 471035
         TULSA, OK 74147

315894   VI (2-2010)                                          PAGE 1-AA

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 367
EXCLUSION OF DESIGNATED OPERATIONS
COVERAGE PARTS 500, 660 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500, GENERAL LIABILITY COVERAGE PART 660 AND
COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

THIS INSURANCE DOES NOT APPLY TO *DAMAGES, *LOSS OR *INJURY
ARISING OUT OF THE OPERATIONS DESCRIBED IN THE DECLARATIONS,
REGARDLESS OF WHETHER SUCH OPERATIONS ARE CONDUCTED BY *YOU OR
ON *YOUR BEHALF OR WHETHER THE OPERATIONS ARE CONDUCTED FOR
*YOU OR FOR OTHERS. THIS EXCLUSION ALSO APPLIES TO ALL ACTIVI-
TIES NECESSARY OR INCIDENTAL TO THE ACTIVITIES OF THE DESCRIBED
OPERATIONS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*PRODUCTS-*COMPLETED *OPERATIONS" MEANS *INJURY AS DEFINED IN
GROUPS 1 AND 2, OCCURRING AWAY FROM THE PREMISES *YOU OWN OR RENT
AND RESULTING FROM *YOUR *WORK OR *YOUR *PRODUCT. IT INCLUDES
REPRESENTATIONS OR WARRANTIES MADE WITH RESPECT TO FITNESS, DURA-
BILITY, PERFORMANCE OR USE OF *YOUR *WORK OR *YOUR *PRODUCT, AND
THE PROVIDING OR FAILURE TO PROVIDE WARNINGS OR INSTRUCTIONS FOR
*YOUR *WORK OR *YOUR *PRODUCT. THIS DOES NOT APPLY IF:

1.  THE *PRODUCT IS STILL IN *YOUR PHYSICAL POSSESSION;
2.  THE WORK HAS NOT BEEN COMPLETED OR ABANDONED.

*YOUR *WORK WILL BE DEEMED COMPLETED AT THE EARLIEST OF THE
FOLLOWING:

1.  WHEN *YOU HAVE COMPLETELY FULFILLED A CONTRACT SPECIFYING THE
    *WORK;
2.  WHEN ALL *WORK TO BE PERFORMED BY *YOU AT A SPECIFIC SITE HAS
    BEEN COMPLETED;
3.  WHEN THE PORTION OF THE *WORK OUT OF WHICH THE *INJURY ARISES
    HAS BEEN PUT TO ITS INTENDED USE BY ANY ONE OTHER THAN A
    CONTRACTOR OR SUBCONTRACTOR WORKING ON THE SAME PROJECT.

*WORK REQUIRING SERVICE, MAINTENANCE, OR CORRECTIVE WORK, REPAIR,
OR REPLACEMENT BECAUSE OF A DEFECT, BUT WHICH IS OTHERWISE COM-
PLETED IS DEEMED COMPLETED.

*PRODUCTS-*COMPLETED *OPERATIONS DOES NOT INCLUDE *INJURY CAUSED
BY:

1.  THE TRANSPORTATION OF PROPERTY, UNLESS CAUSED BY THE LOADING
    OR UNLOADING OF A VEHICLE;
2.  THE EXISTENCE OF TOOLS, UNINSTALLED EQUIPMENT OR ABANDONED OR
    UNUSED MATERIALS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI


THE MOST WE WILL PAY

    PART A.3. IS ADDED AS FOLLOWS:

    3.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
        ARISING FROM *PRODUCTS-*COMPLETED *OPERATIONS, THE MOST *WE
        WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS AGGREGATE
        LIMIT SHOWN IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

THE MOST WE WILL PAY

    PART A.6. IS ADDED AS FOLLOWS:

    6.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
        ARISING FROM THE *PRODUCTS-*COMPLETED *OPERATIONS *HAZARD, THE
        MOST *WE WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS
        AGGREGATE LIMIT SHOWN IN THE DECLARATIONS.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                    EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

TERRORISM EXCLUSION
COVERAGE PARTS 300, 320, 330, 380, 500, 660, 830, AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO COVERAGE PARTS 320, 330, 660 AND 980, THE FOLLOWING
CHANGES ARE MADE:

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*CERTIFIED *ACT *OF *TERRORISM" MEANS AN ACT THAT IS CERTIFIED
BY THE SECRETARY OF THE TREASURY, IN CONCURRENCE WITH THE
SECRETARY OF STATE AND THE ATTORNEY GENERAL OF THE UNITED
STATES, TO BE AN ACT OF TERRORISM PURSUANT TO THE FEDERAL
TERRORISM RISK INSURANCE ACT. THE TERRORISM RISK INSURANCE ACT
PROVIDES THAT  THE SECRETARY OF TREASURY SHALL CERTIFY AN ACT
OF TERRORISM:

1.  TO BE AN ACT OF TERRORISM;
2.  TO BE A VIOLENT ACT OR AN ACT THAT IS DANGEROUS TO HUMAN
    LIFE, PROPERTY, OR INFRASTRUCTURE;
3.  TO HAVE RESULTED IN DAMAGE WITHIN THE UNITED STATES, OR
    OUTSIDE OF THE UNITED STATES IN THE CASE OF AN AIR CARRIER
    (AS DEFINED IN SECTION 40102 OF TITLE 49, UNITED STATES
    CODE) OR A UNITED STATES FLAG VESSEL (OR A VESSEL BASED
    PRINCIPALLY IN THE UNITED STATES, ON WHICH UNITED STATES
    INCOME TAX IS PAID AND WHOSE INSURANCE COVERAGE IS SUBJECT
    TO REGULATION IN THE UNITED STATES), OR THE PREMISES OF A
    UNITED STATES MISSION; AND
4.  TO HAVE BEEN COMMITTED BY AN INDIVIDUAL OR INDIVIDUALS AS
    PART OF AN EFFORT TO COERCE THE CIVILIAN POPULATION OF THE
    UNITED STATES OR TO INFLUENCE THE POLICY OR AFFECT THE
    CONDUCT OF THE UNITED STATES GOVERNMENT BY COERCION.

NO ACT MAY BE CERTIFIED AS AN ACT OF TETRRORISM IF THE ACT IS
COMMITTED AS PART OF THE COURSE OF A WAR DECLARED BY CONGRESS
(EXCEPT FOR WORKERS' COMPENSATION) OR IF LOSSES RESULTING FROM
THE ACT, IN THE AGGREGATE FOR INSURANCE SUBJECT TO TRIA, DO NOT
EXCEED $5,000,000.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                    EDITION  2-2008
COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

*WE WILL NOT PAY FOR *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DIRECTLY OR INDIRECTLY BY A *CERTIFIED *ACT *OF *TERRORISM, INCLUDING ACTION IN HINDERING OR DEFENDING AGAINST AN ACTUAL OR EXPECTED *CERTIFIED *ACT *OF *TERRORISM. SUCH *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY *LOSS, *OCCURRENCE, CLAIM OR *SUIT IS EXCLUDED REGARDLESS OF ANY OTHER CAUSE OR EVENT THAT CON-TRIBUTES CONCURRENTLY OR IN ANY SEQUENCE TO THE *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT.

EXCEPTION FOR CERTAIN FIRE LOSSES

WITH RESPECT TO COVERAGE PART 330, THE FOLLOWING EXCEPTION TO THIS EXCLUSION APPLIES ONLY TO PROPERTY LOCATED IN THOSE STATES WITH STATUTES THAT REQUIRE CONFORMITY WITH A STANDARD FORM OF FIRE INSURANCE, UNLESS SUCH STATE DOES NOT REQUIRE CONFORMITY WITH RESPECT TO A *CERTIFIED *ACT *OF *TERRORISM. IN SUCH STATES, IF A *CERTIFIED *ACT *OF *TERRORISM RESULTS IN FIRE, *WE WILL PAY FOR THE DIRECT PHYSICAL *LOSS TO *YOUR *BUILDINGS, *CONTENTS, *EQUIPMENT, *STOCK OR *EMPLOYEE *TOOLS CAUESD BY THAT FIRE. THIS EXCEPTION DOES NOT APPLY TO ANY OTHER *LOSS OR EXPENSE INCLUDING, BUT NOT LIMITED TO, *BUSINESS *INCOME *CONTINUATION, BUSINESS RECOVERY EXPENSE, *RENTS, ADDITIONAL *EXTRA *EXPENSE, OR LEASEHOLD INTEREST.

APPLICATION OF OTHER EXCLUSIONS

THE TERMS AND LIMITATIONS OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, OR THE INAPPLICABILITY OR OMISSION OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, DO NOT SERVE TO CREATE COVERAGE WHICH WOULD OTHERWISE BE EXCLUDED, LIMITED OR RESTRIC-TED UNDER THIS POLICY.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  2-2008
COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

TERRORISM EXCLUSION
COVERAGE PARTS 300, 320, 330, 380, 500, 660, 830, AND 980
UNICOVER VI


CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

IF AGGREGATE INSURED *DAMAGES, *COVERED *POLLUTION *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT THAT ARE ATTRIBU- TABLE TO ONE OR MORE *CERTIFIED *ACT *OF *TERRORISM EXCEED $100 BILLION IN A PROGRAM YEAR (JANUARY 1 THROUGH DECEMBER 31) AND *WE HAVE MET *OUR INSURER DEDUCTIBLE UNDER THE TERRORISM RISK INSURANCE ACT, *WE SHALL NOT BE LIABLE FOR THE PAYMENT OF ANY PORTION OF THE AMOUNT OF SUCH *DAMAGES, *COVERED *POLLUTION *DAMAGES, *INJURY, *LOSS, CLAIM OR *SUIT THAT EXCEEDS $100 BILLION, AND IN SUCH CASE INSURED CLAIMS UP TO THAT AMOUNT ARE SUBJECT TO PRO RATA ALLOCATION IN ACCORDANCE WITH PROCEDURES ESTABLISHED BY THE SECRETARY OF TREASURY.

WITH RESPECT TO COVERAGE PARTS 300, 380, 500 AND 830, THE FOLLOWING CHANGES ARE MADE:

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*TERRORISM" MEANS ACTIVITIES AGAINST PERSONS, ORGANIZATIONS OR PROPERTY OF ANY NATURE:

1.  THAT INVOLVE THE FOLLOWING OR PREPARATION FOR THE FOLLOWING:

    A.  USE OR THREAT OF FORCE OR VIOLENCE;

    B.  COMMISSION OR THREAT OF A DANGEROUS ACT; OR

    C.  COMMISSION OR THREAT OF AN ACT THAT INTERFERES WITH OR DISRUPTS AN ELECTRONIC, COMMUNICATION, INFORMATION, OR MECHANICAL SYSTEM; AND


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  2-2008

COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

TERRORISM EXCLUSION
COVERAGE PARTS 300, 320, 330, 380, 500, 660, 830, AND 980
UNICOVER VI

2.  WHEN ONE OR BOTH OF THE FOLLOWING APPLIES:

A.  THE EFFECT IS TO INTIMIDATE OR COERCE A GOVERNMENT OR
    THE CIVILIAN POPULATION OR ANY SEGMENT THEREOF, OR TO
    DISRUPT ANY SEGMENT OF THE ECONOMY; OR

B.  IT APPEARS THAT THE INTENT IS TO INTIMIDATE OR COERCE A
    GOVERNMENT, OR TO FURTHER POLITICAL, IDEOLOGICAL, RELI-
    GIOUS, SOCIAL OR ECONOMIC OBJECTIVES OR TO EXPRESS (OR
    EXPRESS OPPOSITION TO) A PHILOSOPHY OR IDEOLOGY.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

*WE WILL NOT PAY FOR *COVERED *POLLUTION *DAMAGES, *DAMAGES,
*INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DIRECTLY OR
INDIRECTLY BY AN ACT OF *TERRORISM, INCLUDING ACTION IN HINDER-
ING OR DEFENDING AGAINST AN ACTUAL OR EXPECTED ACT OF *TERROR-
ISM. ANY *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY,
*LOSS, *OCCURRENCE, CLAIM OR *SUIT IS EXCLUDED REGARDLESS OF
ANY OTHER CAUSE OR EVENT THAT CONTRIBUTES CONCURRENTLY OR IN
ANY SEQUENCE TO SUCH *COVERED *POLLUTION *DAMAGES, *DAMAGES,
*INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT.

APPLICATION OF OTHER EXCLUSIONS

THE TERMS AND LIMITATIONS OF A TERRORISM EXCLUSION OR ANY OTHER
EXCLUSION, OR THE INAPPLICABILITY OR OMISSION OF A TERRORISM
EXCLUSION OR ANY OTHER EXCLUSION, DO NOT SERVE TO CREATE
COVERAGE WHICH WOULD OTHERWISE BE EXCLUDED, LIMITED, OR
RESTRICTED UNDER THIS POLICY.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  2-2008

COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 511
WELFARE AND PENSION BENEFIT PLAN
COVERAGE PART 380
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WHEN EMPLOYEE DISHONESTY INSURANCE IS SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, SUCH INSURANCE IS CHANGED AS FOLLOWS:

DEFINITIONS

THE DEFINITION OF *EMPLOYEE IS CHANGED TO ADD THE FOLLOWING:

WITH RESPECT TO ANY EMPLOYEE WELFARE AND PENSION BENEFIT PLAN SHOWN IN THE DECLARATIONS AS AN *INSURED, *EMPLOYEE MEANS ANY PERSON WHO IS (A) *YOUR DIRECTOR OR TRUSTEE OR (B) A TRUSTEE, MANAGER, OFFICER OR *EMPLOYEE OF SUCH PLAN, WHILE THEY ARE ENGAGED IN THE HANDLING OF FUNDS OR OTHER PROPERTY OF SUCH PLAN OWNED, CONTROLLED OR OPERATED BY *YOU.

PART (2) OF THE DEFINITION OF *EMPLOYEE DOES NOT APPLY TO ANY *LOSS CAUSED BY AN *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

EXCLUSIONS

EXCLUSION A. DOES NOT APPLY TO ANY *LOSS CAUSED BY ANY *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

DEDUCTIBLES

ANY DEDUCTIBLE SHOWN IN THE DECLARATIONS AS APPLICABLE TO EMPLOYEE DISHONESTY DOES NOT APPLY TO *LOSS CAUSED BY ANY *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

ADDITIONAL CONDITION

THE FOLLOWING CONDITION IS ADDED:

IF THE *INSURED FIRST NAMED IN THE DECLARATIONS IS AN ENTITY OTHER THAN A PLAN, ANY PAYMENT *WE MAKE TO THAT *INSURED FOR *LOSS SUSTAINED BY ANY PLAN WILL BE HELD BY THAT *INSURED FOR THE USE AND BENEFIT OF THE PLAN(S) SUSTAINING THE *LOSS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 528
SPECIAL CANCELLATION PROVISION
ALL COVERAGE PARTS
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

ONLY WITH RESPECT TO THE PERSON OR ORGANIZATION SHOWN IN THE DECLARA-
TIONS AS SUBJECT TO THIS ENDORSEMENT, THE CANCELLATION CONDITION IN
THE GENERAL CONDITIONS IS CHANGED TO REPLACE "10 DAYS" WITH THE
NUMBER OF DAYS SHOWN IN THE DECLARATIONS AS APPLICABLE TO THIS
ENDORSEMENT.

THIS ENDORSEMENT DOES NOT APPLY IF *WE CANCEL BECAUSE OF NON-PAYMENT
OF THE PREMUIM WHEN DUE.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                    EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 631
SCHEDULED PROPERTY COVERED
COVERAGE PART 330
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

THE FOLLOWING CONDITION IS ADDED:

WITH RESPECT TO THE PROPERTY DESCRIBED IN THE DECLARATIONS AS
SUBJECT TO THIS ENDORSEMENT, EXCLUSIONS E. AND F. OF THE EXCLU-
SIONS-PROPERTY CONDITION OF THIS COVERAGE PART DO NOT APPLY.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 660
AGREED BUILDING VALUE
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *BUILDING SHOWN ON THE DECLARATIONS AS
SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS
COVERAGE PART:

DEFINITIONS

PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO
READ:

1.  *BUILDING, ITS REPLACEMENT VALUE;

THE MOST WE WILL PAY

PART I. IS ADDED TO PART A.1. OF THE MOST WE WILL PAY CONDITION AS
FOLLOWS:

I.  THE PROPORTION THAT THE LIMIT BEARS TO THE REPLACEMENT VALUE
STATED IN THE DECLARATIONS.

THE COINSURANCE CONDITION IS DELETED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 735
DISCRIMINATION DEDUCTIBLE – $10,000 OR PERCENTAGE
COVERAGE PARTS 500 AND 660
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEDUCTIBLES

PART B. OF THE DEDUCTIBLES CONDITION IS REPLACED BY THE FOLLOWING:

B.   INJURY GROUP 6

FROM THE AMOUNTS PAYABLE FOR *DAMAGES, SETTLEMENTS AND DEFENSE
COSTS FOR *INJURY GROUP 6, *WE WILL DEDUCT THE GREATER OF
$10,000 OR THE PERCENTAGE SHOWN IN THE DECLARATIONS FOR EACH
*SUIT OR CLAIM FILED AGAINST *YOU. THE MOST *WE WILL DEDUCT
FOR ALL *DAMAGES, SETTLEMENTS AND DEFENSE COSTS FOR EACH CLAIM
OR *SUIT IS THAT PERCENTAGE TIMES THE LIMIT SHOWN IN THE
DECLARATIONS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  8-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 740
HAULAWAY COVERAGE
COVERAGE PARTS 830 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITIONS

WITH RESPECT TO AN *AUTO THAT IS A *HAULAWAY, THE DEFINITION OF
*OWNED *AUTO IS REPLACED BY THE FOLLOWING:

"*OWNED *AUTO" MEANS A *HAULAWAY *YOU OWN OR *LEASE THAT IS
SCHEDULED IN THE DECLARATIONS, AND ANY *AUTO *YOU PURCHASE OR
*LEASE AS ITS REPLACEMENT DURING THE COVERAGE PART PERIOD. IT
ALSO MEANS ANY TRAILER DESIGNED FOR USE WITH THE TYPE OF *AUTOS
SCHEDULED IN THE DECLARATIONS.

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1. OF EXCLUSION G.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED
IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1.A. OF EXCLUSION J.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED
IN THE DECLARATIONS OF THE *UNDERLYING *INSURANCE.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 767
INJURY GROUP 6 – DISCRIMINATION OR
WRONGFUL EMPLOYMENT PRACTICES EXCLUDED
COVERAGE PART 980
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITION

THE FOLLOWING CHANGES ARE MADE TO THE DEFINITIONS CONDITION:

PART 2. OF THE DEFINITION OF *DAMAGES IS DELETED.

PART 6. OF THE DEFINITION OF *INJURY IS DELETED.

PART 2. OF THE DEFINITION OF *OCCURRENCE IS REPLACED BY:

2.  WITH RESPECT TO *INJURY GROUPS 3, 4 AND 5, ACTS OR
OFFENSES OF THE *INSURED COMMITTED DURING THE COVERAGE
PART PERIOD WHICH RESULT IN SUCH *INJURY.

PART 3. OF THE DEFINITION OF *OCCURRENCE IS DELETED.

THE LAST SENTENCE OF THE DEFINITION OF *SUIT IS REPLACED BY:

*SUIT DOES NOT MEAN ADMINISTRATIVE ACTIONS OR EQUITABLE
ACTIONS.

THE FOLLOWING IS ADDED TO THE DEFINITION OF *UNDERLYING
*INSURANCE:

*UNDERLYING *INSURANCE ALSO DOES NOT INCLUDE ANY INSURANCE
AFFORDED BY GARAGE COVERAGE PART 500 OR GENERAL LIABILITY
COVERAGE PART 660 FOR *DISCRIMINATION OR *WRONGFUL *EMPLOY-
MENT *PRACTICES.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

THIS INSURANCE DOES NOT APPLY TO *OCCURRENCE, SUIT OR CLAIM
ARISING FROM *DISCRIMINATION OR *WRONGFUL *EMPLOYMENT *PRACTICES.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 776
REPLACEMENT COST EQUIPMENT - COINSURANCE
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *EQUIPMENT SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS COVERAGE PART:

PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO READ:

1. *EQUIPMENT (EXCEPT *ELECTRONIC *DATA *PROCESSING *EQUIPMENT, *MOBILE *EQUIPMENT, *DATA, *IMPROVEMENTS *AND *BETTERMENTS, *MEDIA AND PROPERTY OF OTHERS), ITS REPLACEMENT COST;

PART 9. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

9. *ELECTRONIC *DATA *PROCESSING *EQUIPMENT:

   (1) IF REPLACEMENT IS NECESSARY, THE COST OF CURRENTLY AVAIL-ABLE *ELECTRONIC *DATA *PROCESSING *EQUIPMENT CAPABLE OF PERFORMING AT LEAST THE SAME FUNCTIONS. IF NOT REPLACED, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION;
   (2) IF REPAIR IS NECESSARY, THE COST TO RESTORE DAMAGED *ELECTRONIC *DATA *PROCESSING *EQUIPMENT TO ITS CONDITION IMMEDIATELY PRIOR TO THE LOSS.

PART 10. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

10. MOBILE EQUIPMENT, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION.

THE FOLLOWING DEFINITION IS ADDED:

"*ELECTRONIC *DATA *PROCESSING *EQUIPMENT" MEANS MAINFRAME COMPU-TERS, NETWORK SERVERS, NETWORK ROUTERS, PERSONAL COMPUTERS AND WORKSTATIONS, LAPTOPS OR NOTEBOOK PERSONAL COMPUTERS, OTHER PORTABLE COMPUTER DEVICES AND THEIR ACCESSORIES, TELECOMMUNICA-TIONS EQUIPMENT AND FACSIMILE MACHINES. *ELECTRONIC *DATA *PRO-CESSING *EQUIPMENT INCLUDES PERIPHERAL EQUIPMENT SUCH AS PRINTERS, KEYBOARDS AND OTHER INPUT DEVICES, DATA TRANSMISSION LINES WITHIN *YOUR *BUILDING, MONITORS, MODEMS AND SCANNERS. *ELECTRONIC *DATA *PROCESSING *EQUIPMENT DOES NOT INCLUDE *DATA OR *MEDIA.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 809
PERSONAL PROPERTY IN CUSTOMER'S AUTO EXCLUDED
COVERAGE PART 980
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSIONS

EXCLUSION K. IS REPLACED BY THE FOLLOWING:

K.   CARE, CUSTODY OR CONTROL

THIS INSURANCE DOES NOT APPLY TO *INJURY OR *COVERED *POLLU-
TION *DAMAGE TO PROPERTY OWNED BY, RENTED OR LEASED TO, USED
BY, TRANSPORTED BY, OR OTHERWISE IN THE CARE, CUSTODY OR
CONTROL OF THE *INSURED.

THIS EXCLUSION DOES NOT APPLY, WHEN *YOU HAVE COVERAGE IN THE
*UNDERLYING *INSURANCE, TO *INJURY:

1.   TO REAL OR PERSONAL PROPERTY NOT OWNED BY *YOU, OTHER
     THAN:

     A.   AN *AUTO; OR
     B.   PERSONAL PROPERTY WITHIN A *CUSTOMER'S *AUTO;

2.   TO *CUSTOMER'S *AUTOS;
3.   FOR LIABILITY ASSUMED BY *YOU UNDER A WRITTEN SIDETRACK
     AGREEMENT WITH RESPECT TO PROPERTY USED BY *YOU OR IN
     *YOUR CARE, CUSTODY, OR CONTROL.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  9-2008
COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 811
HOW WE WILL PAY CONDITION REVISED
COVERAGE PART 300
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

HOW WE WILL PAY

    PART C. OF THE HOW WE WILL PAY CONDITION IS DELETED IN ITS
    ENTIRETY AND REPLACED BY THE FOLLOWING:

    C.  WHEN SETTLEMENT IS BASED ON REPAIRS TO THE *COVERED *AUTO OR
        *COVERED *WATERCRAFT:

        1.  IF *LOSS IS CAUSED BY A PERIL OTHER THAN WINDSTORM OR
            HAIL, THE MOST *WE WILL PAY IS 65% OF THE *RETAIL *CHARGES
            (UNLESS STATED OTHERWISE IN THE DECLARATIONS) ON PARTS,
            MATERIALS, AND LABOR.

        2.  IF *LOSS IS CAUSED BY WINDSTORM OR HAIL, THE MOST *WE
            WILL PAY IS THE LESSER OF:

            A.  75% OF THE *RETAIL *CHARGES; OR
            B.  THE PERCENTAGE STATED IN THE DECLARATIONS,

            ON PARTS, MATERIALS, AND LABOR.

        3.  HOWEVER, *WE WILL PAY THE ACTUAL EXPENSES *YOU INCUR FOR:

            A.  THAT PORTION OF REPAIRS THAT ARE MADE USING THE PAINT-
               LESS DENT REPAIR METHOD.

            B.  *LOSS CAUSED BY *COLLISION, IMPACT WITH A BIRD OR
               ANIMAL, FIRE, LIGHTNING, THEFT OR LARCENY, *EXTENDED
               *THEFT, MALICIOUS MISCHIEF OR VANDALISM, IF

               (1)  *YOU DO NOT POSSESS THE FACILITIES, PARTS, MATER-
                   IALS, OR TECHNICAL EXPERTISE TO PERFORM THE
                   REPAIRS, AND
               (2)  WITH *OUR APPROVAL, THE LABOR IS PERFORMED OR
                   PARTS AND MATERIALS ARE FURNISHED BY A FACILITY
                   NOT OWNED OR OTHERWISE AFFILIATED WITH *YOU.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                     EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 811
HOW WE WILL PAY CONDITION REVISED
COVERAGE PART 300
UNICOVER VI


C.  *LOSS THAT OCCURS 100 MILES OR MORE FROM *YOUR PLACE
OF BUSINESS, IF THE *COVERED *AUTO OR *COVERED
*WATERCRAFT IS REPAIRED 100 MILES OR MORE FROM *YOUR
PLACE OF BUSINESS.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500 AND GENERAL LIABILITY COVERAGE PART 660

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
    COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
    PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN
    ANY OTHER CAPACITY;
B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
    CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
    A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1.  UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT
    ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES
    OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON
    ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY
    IN CONNECTION WITH A RESIDENCE PREMISES;
2.  UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED
    IN EXCLUSION E.;
3.  TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY
    SUCH EMPLOYEE;
4.  TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR
    EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED
    AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN
    *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR
    EMPLOYMENT BY *YOU.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010

COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. – EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI

PERSONAL UMBRELLA COVERAGE PART 970

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

    1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
        COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
    2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
        PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

    FOR WHICH:

        A.  THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN
            ANY OTHER CAPACITY;
        B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
            CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
        C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
            A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

PART A. DOES NOT APPLY TO "DOMESTIC EMPLOYEES." FOR THE PURPOSES
OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED
IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION
WITH A RESIDENCE PREMISES.

COMMERCIAL UMBRELLA COVERAGE PART 980

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

    1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
        COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
    2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
        PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                              EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD  OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABILE AS AN EMPLOYER OR IN ANY OTHER CAPACITY;

B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;

C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1.  UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION WITH A RESIDENCE PREMISES;

2.  UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED IN EXCLUSION E.;

3.  TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY SUCH EMPLOYEE;

4.  TO ANY EMPLOYERS LIABILITY COVERAGE SHOWN AS *UNDERLYING *INSURANCE;

5.  TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY *YOU.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010

COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**26AC-CC00235**

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

INSURANCE IS PROVIDED BY UNIVERSAL UNDERWRITERS INSURANCE COMPANY

THIS POLICY INSURES ONLY THOSE COVERAGES SHOWN IN THE DECLARATIONS.  IN ITEM 2
BELOW, EACH NAMED INSURED, OTHER INSURED, SECURITY INTEREST AND LOCATION IS
GIVEN A CORRESPONDING LETTER OR NUMBER DESIGNATION.  INSURANCE PROVIDED IN
ITEM 3 WILL NOT APPLY TO ANY NAMED INSURED, OTHER INSURED, SECURITY INTEREST
OR LOCATION UNLESS ITS CORRESPONDING LETTER OR NUMBER APPEARS NEXT TO A
SPECIFIC COVERAGE IN ITEM 3.  (CHANGES, IF ANY, ARE INDICATED BY +)

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 1
POLICY PERIOD     JUNE 01, 2014 TO     JUNE 01, 2015    POLICY NO. 315894

ITEM 2

NAMED INSURED 01:

REGAL CAR SALES AND CREDIT, LLC
ATTN: DAVID HURT
PO BOX 471035
TULSA, OK 74147

NAMED INSURED AND TYPE OF LEGAL ENTITY:

  01  REGAL CAR SALES AND CREDIT, LLC               LIMITED LIABILITY COMPANY

  02  SABER ACCEPTANCE COMPANY, LLC                 LIMITED LIABILITY COMPANY

  03  REGAL MOTORS 401(K) PLAN                      OTHER

OTHER INSUREDS:

  AA  ROBERT N MULKEY
     5801 E 41ST ST - STE 804
     TULSA, OK 74135

  BB  MADISON MULKEY
     5801 E 41ST ST - STE 804
     TULSA, OK 74135

  CC  ROBIN MULKEY

  DD  LARRY BURKE
     5801 E 41ST ST - STE 804
     TULSA, OK 74135

  EE  DAVID ANDERSON
     5801 E 41ST ST - STE 804

315894   VI (2-2010)                                          PAGE 1-A

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015


ITEM 2
      TULSA, OK 74135

  GG  ROBERT MADISON MULKEY
      5801 E 41ST ST - STE 804
      TULSA, OK 74135

  HH  DAVID PENNINGTON
      5801 E 41ST ST - STE 804
      TULSA, OK 74135

  II  FORUM INVESTMENTS, LLC
      PO BOX 471035
      TULSA, OK 74147

  LL  DAVID HURT

SECURITY INTERESTS:

  A    FIRST NATIONAL BANK & TRUST
       OF OKMULGEE
       PO BOX 1037
       OKMULGEE, OK 74447

  C    AMERICAN HERITAGE BANK ISAOA
       PO BOX 1408
       SAPULPA, OK 74067

LOCATIONS AND OCCUPANCY:

  01  12718 E 55TH STREET                 OFFICE (NOT OTHRWSE CLASSIFIED)
      TULSA, OK 74135

  02  1407 S MEMORIAL DR                  USED CAR SALES & SERVICE
      TULSA, OK 74112

  03  401 SW 29TH STREET                  USED CAR SALES & SERVICE
      OKLAHOMA CITY, OK 73109
+ CANCELLED  03-01-2015

  04  1021 S WOOD DR                      USED CAR OFFICE
      OKMULGEE, OK 74447

  06  1004 E 6TH AVENUE                   USED CAR SALES & SERVICE
      STILLWATER, OK 74074

  07  4309 NW CACHE RD                    USED CAR SALES & SERVICE
      LAWTON, OK 73505

  08  3515 N MAY AVE                      USED CAR SALES & SERVICE

315894   VI (2-2010)                                    PAGE 1-B
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015


ITEM 2
      OKLAHOMA CITY, OK 73112

   10  1201 E TAFT                       USED CAR SALES & SERVICE
       SAPULPA, OK 74066

   11  4717 NW 39TH STREET               USED CAR SALES & SERVICE
       OKLAHOMA CITY, OK 73122
+ CANCELLED  03-01-2015

   12  3609 US HWY 59 N                  USED CAR SALES & SERVICE
       GROVE, OK 74344

   13  3110 S BROADWAY                   USED CAR SALES & SERVICE
       WICHITA, KS 67216

   14  800 S GLENSTONE                   USED CAR SALES & SERVICE
       SPRINGFIELD, MO 65802

   15  805 E 7TH STREET                  USED CAR SALES & SERVICE
       JOPLIN, MO 64801

   19  1637 W SHAWNEE BYPASS             USED CAR OFFICE
       MUSKOGEE, OK 74401

   20  1637 W SHAWNEE BYPASS             USED CAR OFFICE
       ADJACENT
       MUSKOGEE, OK 74401

   21  2504 NORTH BROADWAY STREET        USED CAR SALES & SERVICE
       POTEAU, OK 74953

   22  302 BUSINESS LOOP 70 W            AUTO REPAIR-NO MAJOR REPAIR
       COLUMBIA, MO 65203


ENDORSEMENTS APPLICABLE TO THIS POLICY:

  0801 CONDITIONAL EXCLUSION OF TERRORISM
  0827 EXCLUSION C - EMPLOYER'S LIABILITY
       REVISED


TERRORISM:


ACTS OF TERRORISM EXCLUDED

ENDORSEMENTS APPLICABLE:
  0497 EXCLUSION FOR CERTIFIED ACTS OF

315894   VI (2-2010)                                    PAGE 1-C
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 2
        TERRORISM AND BIOLOGICAL AND
        CHEMICAL TERRORISM

315894   VI (2-2010)                                          PAGE 1-D

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| AUTO INVENTORY PHYSICAL DAMAGE | | | | |
| + (PART 300) | 01 | ALL | SEE BELOW | 775,000 |

```
REPAIRS:   0% LABOR - YOUR AUTOS
           0% PARTS - YOUR AUTOS
         100% LABOR - CUSTOMER AUTOS
         100% PARTS - CUSTOMER AUTOS
```

ENDORSEMENTS APPLICABLE:
  0811 HOW WE WILL PAY CONDITION REVISED

| PERILS AND DEDUCTIBLES SCHEDULE: | SECURITY INTERESTS | COMPREHENSIVE | COLLISION | EXTENDED THEFT |
|---|---|---|---|---|
| NEW AUTOS | | NO COVER | NO COVER | NO COVER |
| USED AUTOS | | NO COVER | NO COVER | NO COVER |
| CONSIGNED AUTOS | | NO COVER | NO COVER | NO COVER |
| WATERCRAFT/CARRIERS | | NO COVER | NO COVER | NO COVER |
| DEMONSTRATOR-COMPANY AUTO | | NO COVER | NO COVER | NO COVER |
| SERVICE AUTOS | | NO COVER | NO COVER | NO COVER |
| + CUSTOMER'S AUTOS/WATERCRAFT | 1,000/5,000 | 1,000 | | NO COVER |

```
      0008 CUSTOMER'S AUTOS OR CUSTOMER'S
           WATERCRAFT - LEGAL LIABILITY
```

OTHER INSUREDS

| | | | | |
|---|---|---|---|---|
| DRIVE OTHER AUTOS | AA,BB,CC, DD,EE,GG, HH | 500 | 500 | NO COVER |

  0011 DRIVE OTHER AUTOS

315894   VI (2-2010)                                    PAGE 1-E

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                       100%   01,A     01      SEE      1,500,000
   FIRE                10000                             SCHEDULE
   WINDSTORM-HAIL      10000
   V&MM                10000
   OTHER SPEC PERILS   10000
   THEFT-BURGLARY      10000
   UNNAMED PERILS      10000
   BREAKDOWN           10000
   EARTHQUAKE       NO COVER
   SPRK LEAKAGE        10000

   0016 REPLACEMENT COST - BUILDING
   0180 TENTATIVE RATE ENDORSEMENT
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $1,500,000

+BUILDING                       100%   01,A     02      SEE       830,000
   FIRE                10000                             SCHEDULE
   WINDSTORM-HAIL      10000
   V&MM                10000
   OTHER SPEC PERILS   10000
   THEFT-BURGLARY      10000
   UNNAMED PERILS      10000
   BREAKDOWN           10000
   EARTHQUAKE       NO COVER
   SPRK LEAKAGE        10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $830,000

 BUILDING                                01       03
+ CANCELLED  03-01-2015

 315894   VI (2-2010)                                        PAGE 1-F
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                         100%   01,A      04      SEE          300,000
   FIRE                 10000                              SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $170,000

+BUILDING                         100%   01,A      06      SEE          300,000
   FIRE                 10000                              SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $245,000

+BUILDING                         100%   01,A      07      SEE          300,000
   FIRE                 10000                              SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

 315894   VI (2-2010)                                        PAGE 1-G
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE      MARCH 01, 2015


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED       LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES           COINS%


   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $280,000

+BUILDING                         100%   01,A     08      SEE         300,000
   FIRE                   10000                            SCHEDULE
   WINDSTORM-HAIL         10000
   V&MM                   10000
   OTHER SPEC PERILS      10000
   THEFT-BURGLARY         10000
   UNNAMED PERILS         10000
   BREAKDOWN              10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE           10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $255,000

+BUILDING                         100%   01,C     10      SEE         300,000
   FIRE                   10000                            SCHEDULE
   WINDSTORM-HAIL         10000
   V&MM                   10000
   OTHER SPEC PERILS      10000
   THEFT-BURGLARY         10000
   UNNAMED PERILS         10000
   BREAKDOWN              10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE           10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACMENT VALUE $300,000

 BUILDING                                 01       11
+ CANCELLED  03-01-2015

 315894   VI (2-2010)                                     PAGE 1-H
```

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 208 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | | COINS% | | | |
|---|---|---|---|---|---|

| +BUILDING | | 100% | 01,A | 12 | SEE | 200,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
REPLACEMENT VALUE $170,000

| +BUILDING | | 100% | 01,A | 13 | SEE | 355,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
REPLACMENT VALUE $355,000

| +BUILDING | | 100% | 01,A | 14 | SEE | 400,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | SCHEDULE | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

315894   VI (2-2010)                                              PAGE 1-I

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE      MARCH 01, 2015

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%

```
   0016 REPLACEMENT COST - BUILDING
   0631 SCHEDULED PROPERTY COVERED
   REPLACEMENT VALUE $260,000

+BUILDING                         100%   01,C    15     SEE        300,000
   FIRE                  10000                          SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $235,000

+BUILDING                         100%   01,A    19     SEE        300,000
   FIRE                  10000                          SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $250,000
```

315894   VI (2-2010)                                           PAGE 1-J

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                       100%   01,A    21     SEE        270,000
   FIRE                 10000                         SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $270,000

+BUILDING                       90%    01,A    22     SEE        555,000
   FIRE                 10000                         SCHEDULE
   WINDSTORM-HAIL       10000
   V&MM                 10000
   OTHER SPEC PERILS    10000
   THEFT-BURGLARY       10000
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

+CONTENTS                       90%    01,02   01,02, SEE        868,000
   FIRE                 10000                  04,06, SCHEDULE
   WINDSTORM-HAIL       10000                  07,08,
   V&MM                 10000                  10,12,
   OTHER SPEC PERILS    10000                  19,20,
   THEFT-BURGLARY       10000                  21
   UNNAMED PERILS       10000
   BREAKDOWN            10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE         10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

315894   VI (2-2010)                                 PAGE 1-K
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE      MARCH 01, 2015


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+CONTENTS                          90%   01,02    13     SEE          50,000
    FIRE                10000                            SCHEDULE
    WINDSTORM-HAIL      10000
    V&MM                10000
    OTHER SPEC PERILS   10000
    THEFT-BURGLARY      10000
    UNNAMED PERILS      10000
    BREAKDOWN           10000
    EARTHQUAKE          NO COVER
    SPRK LEAKAGE        10000

    0776 REPLACEMENT COST EQUIPMENT -
          COINSURANCE

+CONTENTS                          90%   01,02    14,15, SEE          84,000
    FIRE                10000                      22    SCHEDULE
    WINDSTORM-HAIL      10000
    V&MM                10000
    OTHER SPEC PERILS   10000
    THEFT-BURGLARY      10000
    UNNAMED PERILS      10000
    BREAKDOWN           10000
    EARTHQUAKE          NO COVER
    SPRK LEAKAGE        10000

    0776 REPLACEMENT COST EQUIPMENT -
          COINSURANCE

 OTHER INSURED PROPERTY                                        50,000

 315894   VI (2-2010)                                       PAGE 1-L
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS         OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED        LIMITS
EACH COVERAGE PART:


CRIME (PART 380)


EMPLOYEE DISHONESTY                       01,02,03  ALL    CRIME        500,000
   DEDUCTIBLE       2,500
   0511 WELFARE & PENSION BENEFIT PLAN

315894   VI (2-2010)                                             PAGE 1-M

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| +GARAGE OPERATIONS AND AUTO HAZARD (PART 500) | 01 | ALL | SEE BELOW | 300,000# 900,000# |

```
    # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
       PRODUCTS-COMPLETED OPERATIONS AGGREGATE.
```

|  | DEDUCTIBLE |
|---|---|
| WORK/PRODUCTS | 5,000 |
| INJURY GROUP 1-4 | 5,000 |
| INJURY GROUP 5 | 5,000 |
| INJURY GROUP 6 | 25% |
| CUSTOMER COMPLAINT DEFENSE | 2,500 |
| LABOR RELATED DEFENSE | 2,500 |
| DESIGNATED STATUTE DEFENSE | 2,500 |

ENDORSEMENTS APPLICABLE:
  0054 CUSTOMER RENTAL COVERAGE EXCLUDED
  0367 EXCLUSION OF DESIGNATED
          OPERATIONS
  0451 PRODUCTS-COMPLETED OPERATIONS
          AGGREGATE LIMIT (GARAGE)
  0735 DISCRIMINATION DEDUCTIBLE -
          $10,000 OR PERCENTAGE

| | | | | |
|---|---|---|---|---|
| INJURY GROUP 1  (BODILY INJ/PROP DMG) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 2  (MENTAL INJURY) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 3  (PERSONAL INJURY) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 4  (ADVERTISING INJURY) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 5  (EMPLOYEE BENEFITS) | 01 | ALL | COVERED | INCLUDED |
| INJURY GROUP 6  (DISCRIMINATION) | 01 | ALL | COVERED | INCLUDED |

ALL OPERATIONS RELATING TO THE
REPOSSESSION OF VEHICLES WHETHE
PERFORMED BY A NAMED INSURED OR
OTHER PARTY.  ALL OPERAIONS
PERFORMED BY SABER ACCEPTANCE C
LLC RELATING TO COLLECTION AND
HANDLING OF NONPUBLIC INFORMATI
DECISION TO EXTEND CREDIT TO A

315894   VI (2-2010)                                        PAGE 1-N

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015


ITEM 3
COVERAGES, PROPERTY INSURED, AND      INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                TIONS   INSURED     LIMITS
EACH COVERAGE PART:
CUSTOMER, COLLECTION OF PAYMENT
SELLING OF ANY LOAN TO A THIRD
PARTY, THE CHECKING OR REPORTIN
OR FAILURE TO REPORT CREDIT, TH
HANDLING OF ANY TITLE RELATED T
A LOAN TRANSACTION & THE ACT OF
REPOSSESSING OR AUTHORIZING THE
REPOSSESSION OF ANY VEHICLE.
THIS EXCLUSION DOES NOT APPLY
TO THE USE OF ANY "OWNED AUTO"
WHILE IN THE POSESSION OF SABER
ACCEPTANCE CO., LLC OR ANYOTHER
NAMED INSURED ON THIS POLICY.

DRIVE OTHER AUTOS                     AA,BB,CC, ALL   COVERED  INCLUDED
   0034 DRIVE OTHER AUTOS             DD,EE,GG,
                                      HH

ADDITIONAL INSUREDS
+  0033 ADDITIONAL INSURED-PROPERTY   II        10    COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY   II        12    COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY   II        15    COVERED  INCLUDED

+MEDICAL PAYMENTS                     01        ALL   COVERED     5,000
   0035 MEDICAL PAYMENTS

DEFENSE REIMBURSEMENT:

+  CUSTOMER COMPLAINT DEFENSE         01        ALL   COVERED    25,000@
                                                                300,000@

+  LABOR RELATED DEFENSE              01        ALL   COVERED    25,000@
                                                                300,000@

+  DESIGNATED STATUTE DEFENSE         01        ALL   COVERED    25,000@

 315894   VI (2-2010)                                           PAGE 1-O
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| GARAGE OPERATIONS AND AUTO HAZARD (PART 500) | | | | 50,000@ |

@ THE FIRST LIMIT IS PER CLAIM OR SUIT, THE SECOND IS AN ANNUAL AGGREGATE.

UNINSURED/UNDERINSURED MOTORISTS
  COVERED AUTOS INSURED BY
  COVERAGE PART NO. 500

| | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| UNINSURED MOTORISTS | 01 | ALL | UM BI | 25,000# |
| | | | | 50,000# |
| | | | UM PD | NO/COVER |
| UNDERINSURED MOTORISTS | 01 | ALL | UIM BI | INCLUDED |
| | | | UIM PD | NO/COVER |

ENDORSEMENTS APPLICABLE:
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
  INDIVIDUALS DESIGNATED BELOW:

| | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| UNINSURED MOTORISTS | AA,BB,CC | ALL | UM BI | 25,000# |
| | | | | 50,000# |
| | | | UM PD | NO/COVER |
| UNDERINSURED MOTORISTS | AA,BB,CC | ALL | UIM BI | INCLUDED |
| | | | UIM PD | NO/COVER |

ENDORSEMENTS APPLICABLE:
  0092 DESIGNATED INDIVIDUALS
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

315894   VI (2-2010)                                        PAGE 1-P

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:

GENERAL LIABILITY (PART 660)

```
                                DEDUCTIBLE
INJURY GROUPS 1-4                  5,000
```

ENDORSEMENTS APPLICABLE:
     0095 PREMISES MEDICAL PAYMENTS
     0367 EXCLUSION OF DESIGNATED
          OPERATIONS

INJURY                                    01      ALL           300,000

                              - - SEE SCHEDULE OF HAZARDS BELOW - -

     INJURY GROUP 1  (BODILY INJ/PROP DMG)                      INCLUDED

     INJURY GROUP 2  (MENTAL INJURY)                            INCLUDED

     INJURY GROUP 3  (PERSONAL INJURY)                          INCLUDED

     INJURY GROUP 4  (ADVERTISING INJURY)                       INCLUDED

     INJURY GROUP 5  (EMPLOYEE BENEFITS)                        NO COVER

     INJURY GROUP 6  (DISCRIMINATION)                           NO COVER

  MEDICAL PAYMENTS                        01      ALL             5,000
     0095 MEDICAL PAYMENTS

SCHEDULE OF HAZARDS:
  CLASSIFICATION CODE:
  ALL OPERATIONS RELATING TO THE
  REPOSSESSION OF VEHICLES WHETHER
  PERFORMED BY A NAMED INSURED OR
  OTHER PARTY.  ALL OPERATIONS
  PERFORMED BR SABER ACCEPTANCE CO.
  LLC RELATING TO COLLECTION AND
  HANDLING OF NONPUBLIC INFORMATION
  DECISION TO EXTEND CREDIT TO A
  CUSTOMER, COLLECTION OF PAYMENTS,
  SELLING OF ANY LOAN TO A THIRD
  PARTY, THE CHECKING OR REPORTING
  OR FAILURE TO REPORT CREDIT, THE

315894   VI (2-2010)                                      PAGE 1-Q

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

GENERAL LIABILITY (PART 660)

    HANDLING OF ANY TITLE RELATED TO
    A LOAN TRANSACTION & THE ACT OF
    REPOSSESSING OR AUTHORIZING THE
    REPOSSESSION OF ANY VEHICLE.
    THIS EXCLUSION DOES NOT APPLY TO
    THE USED OF ANY "OWNED AUTO"
    WHILE IN THE POSESSION OF SABER
    ACCEPTANCE CO., LLC OR ANY OTHER
    NAMED INSURED ON THIS POLICY.

  PREMISES/OPERATIONS HAZARD          01      IF ANY
   CLASSIFICATION CODE:
    61217A - BASIS 089
    BUILDINGS OR PREMISES, BANK OR
    OFFICE, MERCANTILE OR
    MANUFACTURING MAINTAINED BY
    THE INSURED - LESSORS RISK ONLY
    OTHER THAN NOT-FOR-PROFIT

315894   VI (2-2010)                                         PAGE 1-R

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

```
ITEM 3
COVERAGES, PROPERTY INSURED, AND         INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                   TIONS    INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)


OWNED AUTOS                              01       ALL    COMPRE.   1,000 DED*
                                                         COLLISION 1,000 DED*
 NO. ---DESCRIPTION---

 09 2003 MONROE MTRS WALLY TRAILER
  ID #1W9H546263H157318
  PLACE OF GARAGING
  TULSA
  OK  74146

 11 1996 HALS CAR HAULER
  ID #1H9G503C2T1220396
  PLACE OF GARAGING
  TULSA
  OK  74146

 16 2013 CADILLAC ESCALADE
  ID #1GYS4KEF7DR228126
  PLACE OF GARAGING
  TULSA
  OK  74146

 17 2013 LEXUS LS 460
  ID #JTHDL5EF1D5005590
  PLACE OF GARAGING
  TULSA
  OK  74146

 18 2010 AUDI Q7
  ID #WA1VMBFE7AS001076
  PLACE OF GARAGING
  TULSA
```

315894   VI (2-2010)                                          PAGE 1-S

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

  OK  74146

 19 2013 FORD EXPLORER
  ID #1FM5K8F88DGC34990
  PLACE OF GARAGING
  TULSA
  OK  74146

 20 2013 LINCOLN NAVIGATOR
  ID #5LMJJ2J51DEL01515
  PLACE OF GARAGING
  TULSA
  OK  74146

 21 2011 CADILLAC ESCALADE
  ID #1GYS4JEF3BR126572
  PLACE OF GARAGING
  TULSA
  OK  74146

 22 2013 CHEVROLET TRAVERSE
  ID #1GNKRFED7DJ236133
  PLACE OF GARAGING
  TULSA
  OK  74146
--------------------------------------------------------------------------------


OWNED AUTOS                            01      ALL    INJURY     300,000
                                                             EA.OCCUR
                                                      MED. PAY    1,000
                                                      COMPRE.  2,000 DED*

 315894   VI (2-2010)                                         PAGE 1-T
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD  OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)


                                                 COLLISION 2,000 DED*
  NO. ---DESCRIPTION---

  01 2002 INTERNATIONAL 8100 TRUCK
   ID #1HSHBAHN02H538681
   PLACE OF GARAGING
   TULSA
   OK  74146
------------------------------------------------------------------------------



  OWNED AUTOS                          01       ALL    COMPRE.   2,000 DED*
                                                       COLLISION 2,000 DED*
  NO. ---DESCRIPTION---

  01 2001 PEGASUS MAGNUM TRAILER
   ID #1P9GP3821ZE338157
   PLACE OF GARAGING
   TULSA
   OK  74146
------------------------------------------------------------------------------



  OWNED AUTOS                          01       ALL    INJURY      300,000
                                                                   EA.OCCUR
                                                       COMPRE.   1,000 DED*
                                                       COLLISION 1,000 DED*
  NO. ---DESCRIPTION---

  01 2007 FREIGHTLINER CL11242T
   ID #1FUBF9DL97PQ75999

 315894   VI (2-2010)                                          PAGE 1-U
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE      MARCH 01, 2015

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA- TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

BASIC AUTO INSURANCE (PART 830)

  PLACE OF GARAGING
  TULSA
  OK  74135

--------------------------------------------------------------------------------

| OWNED AUTOS | | 01 | ALL | INJURY | 300,000 |
|---|---|---|---|---|---|
| | | | | | EA.OCCUR |
| | | | | COMPRE. | 1,000 DED* |

 NO. ---DESCRIPTION---

 01 2002 INTERNATIONAL 4300 TOW
  ID #1HTMMAAM22H512735
  PLACE OF GARAGING
  TULSA
  OK  74135

--------------------------------------------------------------------------------

NEWLY ACQUIRED AUTOS ARE COVERED FOR THE HIGHEST LIMIT AND THE LOWEST
DEDUCTIBLE FOR THE PERILS APPLICABLE TO YOU IN THE SCHEDULE OF OWNED AUTOS.

* LIMIT IS ACTUAL CASH VALUE OF THE AUTO, LESS DEDUCTIBLE SHOWN PER AUTO.

315894   VI (2-2010)                                                  PAGE 1-V

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED     LIMITS
EACH COVERAGE PART:


COMMERCIAL UMBRELLA (PART 980)


COMMERCIAL UMBRELLA                      01       ALL    INJURY   10,000,000#
                                                                  30,000,000#

   # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
     PRODUCTS-COMPLETED OPERATIONS AGGREGATE.
   RETENTION: NONE                                            EA.OCCUR

   ENDORSEMENTS APPLICABLE:
   0367 EXCLUSION OF DESIGNATED
          OPERATIONS
   0451 PRODUCTS-COMPLETED OPERATIONS
          AGGREGATE LIMIT (GARAGE)
   0740 HAULAWAY COVERAGE
   0767 INJURY GROUP 6 - DISCRIMINATION OR
          WRONGFUL EMPLOYMENT PRACTICES
          EXCLUDED
   0809 PERSONAL PROPERTY IN CUSTOMER'S
          AUTO EXCLUDED

   DESIGNATED PERSONS:
     ROBERT N MULKEY
     MADISON MULKEY
     ROBIN MULKEY
     ******************************
     ALL OPERATIONS RELATING TO THE
     REPOSSESSION OF VEHICLES WHETHER
     PERFORMED BY A NAMED INSURED OR
     OTHER PARTY.  ALL OPERATIONS
     PERFORMED BY SABER ACCEPTANCE CO
     LLC RELATING TO COLLECTION AND
     HANDLING OF NONPUBLIC INFORMATION
     THE DECISION TO EXTEND CREDIT TO
     CUSTOMER COLLECTION OF PAYMENTS,
     SELLING OF ANY LOAN TO 3RD PARTY,
     THE CHECKING OR REPORTING OR
     FALIURE TO REPORT CREDIT, THE
     HANDLING OF ANY TITLE REPLATED TO
     A LOAN TRANSACTION & THE ACT OF
     REPOSSESSING OR AUTHORIZING THE
     REPOSSESSION OF ANY VEHICLE.
     THIS EXCLUSION DOES NOT APPLY
     TO THE USE OF ANY "OWNED AUTO"

315894   VI (2-2010)                                      PAGE 1-W

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE     MARCH 01, 2015

ITEM 3
COVERAGES, PROPERTY INSURED, AND           INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                     TIONS    INSURED       LIMITS
EACH COVERAGE PART:

COMMERCIAL UMBRELLA (PART 980)

    WHILE IN THE POSESSION OF SABER
    ACCEPTANCE CO., LLC OR ANY OTHER
    NAMED INSURED ON THIS POLICY.

  UNDERLYING INSURANCE:
    PART 2 (EMPLOYER'S LIABILITY INSURANCE) OF ANY WORKERS' COMPENSATION
    ISSUED BY US TO THE INSURED SHOWN FOR THIS COVERAGE PART;
    ALL OTHER COVERAGE PARTS OF THIS POLICY PROVIDING LIABILITY INSURANCE
    FOR THE INSUREDS NAMED ON THIS COVERAGE PART EXCEPT ENDORSEMENT 039 OF
    COVERAGE PART 830, AND COVERAGE PART 970.

    OTHER POLICIES:
      NONE

THE PREMIUM BASIS FOR THIS POLICY IS:  VARIABLE
COUNTERSIGNED: 03-31-2015 BY _____ REPRESENTATIVE

MAIL TO: REGAL CAR SALES AND CREDIT, LLC
       ATTN: DAVID HURT
       PO BOX 471035
       TULSA, OK 74147

315894   VI (2-2010)                                          PAGE 1-X

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 180
TENTATIVE RATE ENDORSEMENT
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

THE FOLLOWING CONDITION IS ADDED:

TENTATIVE RATES

WHEN ATTACHED TO THE PROPERTY COVERAGE PART, THIS ENDORSEMENT
ESTABLISHES THAT TENTATIVE RATES WERE USED IN THE DEVELOPMENT OF
THE PROPERTY PREMIUM. WHEN THE RATES ARE PROMULGATED THE PREMIUM
WILL BE ADJUSTED RETROACTIVE TO THE EFFECTIVE DATE OF THIS
COVERAGE. TENTATIVE RATES ON A RENEWAL POLICY WILL BE ADJUSTED AS
OF THE RENEWAL EFFECTIVE DATE.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 367
EXCLUSION OF DESIGNATED OPERATIONS
COVERAGE PARTS 500, 660 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500, GENERAL LIABILITY COVERAGE PART 660 AND
COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

THIS INSURANCE DOES NOT APPLY TO *DAMAGES, *LOSS OR *INJURY
ARISING OUT OF THE OPERATIONS DESCRIBED IN THE DECLARATIONS,
REGARDLESS OF WHETHER SUCH OPERATIONS ARE CONDUCTED BY *YOU OR
ON *YOUR BEHALF OR WHETHER THE OPERATIONS ARE CONDUCTED FOR
*YOU OR FOR OTHERS. THIS EXCLUSION ALSO APPLIES TO ALL ACTIVI-
TIES NECESSARY OR INCIDENTAL TO THE ACTIVITIES OF THE DESCRIBED
OPERATIONS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*PRODUCTS-*COMPLETED *OPERATIONS" MEANS *INJURY AS DEFINED IN
GROUPS 1 AND 2, OCCURRING AWAY FROM THE PREMISES *YOU OWN OR RENT
AND RESULTING FROM *YOUR *WORK OR *YOUR *PRODUCT. IT INCLUDES
REPRESENTATIONS OR WARRANTIES MADE WITH RESPECT TO FITNESS, DURA-
BILITY, PERFORMANCE OR USE OF *YOUR *WORK OR *YOUR *PRODUCT, AND
THE PROVIDING OR FAILURE TO PROVIDE WARNINGS OR INSTRUCTIONS FOR
*YOUR *WORK OR *YOUR *PRODUCT. THIS DOES NOT APPLY IF:

1.  THE *PRODUCT IS STILL IN *YOUR PHYSICAL POSSESSION;
2.  THE WORK HAS NOT BEEN COMPLETED OR ABANDONED.

*YOUR *WORK WILL BE DEEMED COMPLETED AT THE EARLIEST OF THE
FOLLOWING:

1.  WHEN *YOU HAVE COMPLETELY FULFILLED A CONTRACT SPECIFYING THE
    *WORK;
2.  WHEN ALL *WORK TO BE PERFORMED BY *YOU AT A SPECIFIC SITE HAS
    BEEN COMPLETED;
3.  WHEN THE PORTION OF THE *WORK OUT OF WHICH THE *INJURY ARISES
    HAS BEEN PUT TO ITS INTENDED USE BY ANY ONE OTHER THAN A
    CONTRACTOR OR SUBCONTRACTOR WORKING ON THE SAME PROJECT.

*WORK REQUIRING SERVICE, MAINTENANCE, OR CORRECTIVE WORK, REPAIR,
OR REPLACEMENT BECAUSE OF A DEFECT, BUT WHICH IS OTHERWISE COM-
PLETED IS DEEMED COMPLETED.

*PRODUCTS-*COMPLETED *OPERATIONS DOES NOT INCLUDE *INJURY CAUSED
BY:

1.  THE TRANSPORTATION OF PROPERTY, UNLESS CAUSED BY THE LOADING
    OR UNLOADING OF A VEHICLE;
2.  THE EXISTENCE OF TOOLS, UNINSTALLED EQUIPMENT OR ABANDONED OR
    UNUSED MATERIALS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI


THE MOST WE WILL PAY

    PART A.3. IS ADDED AS FOLLOWS:

    3.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
        ARISING FROM *PRODUCTS-*COMPLETED *OPERATIONS, THE MOST *WE
        WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS AGGREGATE
        LIMIT SHOWN IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

THE MOST WE WILL PAY

    PART A.6. IS ADDED AS FOLLOWS:

    6.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
        ARISING FROM THE *PRODUCTS-*COMPLETED *OPERATIONS *HAZARD, THE
        MOST *WE WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS
        AGGREGATE LIMIT SHOWN IN THE DECLARATIONS.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                      EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

TERRORISM EXCLUSION
COVERAGE PARTS 300, 320, 330, 380, 500, 660, 830, AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO COVERAGE PARTS 320, 330, 660 AND 980, THE FOLLOWING
CHANGES ARE MADE:

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*CERTIFIED *ACT *OF *TERRORISM" MEANS AN ACT THAT IS CERTIFIED
BY THE SECRETARY OF THE TREASURY, IN CONCURRENCE WITH THE
SECRETARY OF STATE AND THE ATTORNEY GENERAL OF THE UNITED
STATES, TO BE AN ACT OF TERRORISM PURSUANT TO THE FEDERAL
TERRORISM RISK INSURANCE ACT. THE TERRORISM RISK INSURANCE ACT
PROVIDES THAT  THE SECRETARY OF TREASURY SHALL CERTIFY AN ACT
OF TERRORISM:

1.   TO BE AN ACT OF TERRORISM;
2.   TO BE A VIOLENT ACT OR AN ACT THAT IS DANGEROUS TO HUMAN
     LIFE, PROPERTY, OR INFRASTRUCTURE;
3.   TO HAVE RESULTED IN DAMAGE WITHIN THE UNITED STATES, OR
     OUTSIDE OF THE UNITED STATES IN THE CASE OF AN AIR CARRIER
     (AS DEFINED IN SECTION 40102 OF TITLE 49, UNITED STATES
     CODE) OR A UNITED STATES FLAG VESSEL (OR A VESSEL BASED
     PRINCIPALLY IN THE UNITED STATES, ON WHICH UNITED STATES
     INCOME TAX IS PAID AND WHOSE INSURANCE COVERAGE IS SUBJECT
     TO REGULATION IN THE UNITED STATES), OR THE PREMISES OF A
     UNITED STATES MISSION; AND
4.   TO HAVE BEEN COMMITTED BY AN INDIVIDUAL OR INDIVIDUALS AS
     PART OF AN EFFORT TO COERCE THE CIVILIAN POPULATION OF THE
     UNITED STATES OR TO INFLUENCE THE POLICY OR AFFECT THE
     CONDUCT OF THE UNITED STATES GOVERNMENT BY COERCION.

NO ACT MAY BE CERTIFIED AS AN ACT OF TETRRORISM IF THE ACT IS
COMMITTED AS PART OF THE COURSE OF A WAR DECLARED BY CONGRESS
(EXCEPT FOR WORKERS' COMPENSATION) OR IF LOSSES RESULTING FROM
THE ACT, IN THE AGGREGATE FOR INSURANCE SUBJECT TO TRIA, DO NOT
EXCEED $5,000,000.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  2-2008
COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

*WE WILL NOT PAY FOR *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DIRECTLY OR INDIRECTLY BY A *CERTIFIED *ACT *OF *TERRORISM, INCLUDING ACTION IN HINDERING OR DEFENDING AGAINST AN ACTUAL OR EXPECTED *CERTIFIED *ACT *OF *TERRORISM. SUCH *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY *LOSS, *OCCURRENCE, CLAIM OR *SUIT IS EXCLUDED REGARDLESS OF ANY OTHER CAUSE OR EVENT THAT CON-TRIBUTES CONCURRENTLY OR IN ANY SEQUENCE TO THE *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT.

EXCEPTION FOR CERTAIN FIRE LOSSES

WITH RESPECT TO COVERAGE PART 330, THE FOLLOWING EXCEPTION TO THIS EXCLUSION APPLIES ONLY TO PROPERTY LOCATED IN THOSE STATES WITH STATUTES THAT REQUIRE CONFORMITY WITH A STANDARD FORM OF FIRE INSURANCE, UNLESS SUCH STATE DOES NOT REQUIRE CONFORMITY WITH RESPECT TO A *CERTIFIED *ACT *OF *TERRORISM. IN SUCH STATES, IF A *CERTIFIED *ACT *OF *TERRORISM RESULTS IN FIRE, *WE WILL PAY FOR THE DIRECT PHYSICAL *LOSS TO *YOUR *BUILDINGS, *CONTENTS, *EQUIPMENT, *STOCK OR *EMPLOYEE *TOOLS CAUESD BY THAT FIRE. THIS EXCEPTION DOES NOT APPLY TO ANY OTHER *LOSS OR EXPENSE INCLUDING, BUT NOT LIMITED TO, *BUSINESS *INCOME *CONTINUATION, BUSINESS RECOVERY EXPENSE, *RENTS, ADDITIONAL *EXTRA *EXPENSE, OR LEASEHOLD INTEREST.

APPLICATION OF OTHER EXCLUSIONS

THE TERMS AND LIMITATIONS OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, OR THE INAPPLICABILITY OR OMISSION OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, DO NOT SERVE TO CREATE COVERAGE WHICH WOULD OTHERWISE BE EXCLUDED, LIMITED OR RESTRIC-TED UNDER THIS POLICY.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  2-2008

COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

TERRORISM EXCLUSION
COVERAGE PARTS 300, 320, 330, 380, 500, 660, 830, AND 980
UNICOVER VI


CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

IF AGGREGATE INSURED *DAMAGES, *COVERED *POLLUTION *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT THAT ARE ATTRIBU-TABLE TO ONE OR MORE *CERTIFIED *ACT *OF *TERRORISM EXCEED $100 BILLION IN A PROGRAM YEAR (JANUARY 1 THROUGH DECEMBER 31) AND *WE HAVE MET *OUR INSURER DEDUCTIBLE UNDER THE TERRORISM RISK INSURANCE ACT, *WE SHALL NOT BE LIABLE FOR THE PAYMENT OF ANY PORTION OF THE AMOUNT OF SUCH *DAMAGES, *COVERED *POLLUTION *DAMAGES, *INJURY, *LOSS, CLAIM OR *SUIT THAT EXCEEDS $100 BILLION, AND IN SUCH CASE INSURED CLAIMS UP TO THAT AMOUNT ARE SUBJECT TO PRO RATA ALLOCATION IN ACCORDANCE WITH PROCEDURES ESTABLISHED BY THE SECRETARY OF TREASURY.

WITH RESPECT TO COVERAGE PARTS 300, 380, 500 AND 830, THE FOLLOWING CHANGES ARE MADE:

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*TERRORISM" MEANS ACTIVITIES AGAINST PERSONS, ORGANIZATIONS OR PROPERTY OF ANY NATURE:

1.  THAT INVOLVE THE FOLLOWING OR PREPARATION FOR THE FOLLOWING:

    A.  USE OR THREAT OF FORCE OR VIOLENCE;

    B.  COMMISSION OR THREAT OF A DANGEROUS ACT; OR

    C.  COMMISSION OR THREAT OF AN ACT THAT INTERFERES WITH OR DISRUPTS AN ELECTRONIC, COMMUNICATION, INFORMATION, OR MECHANICAL SYSTEM; AND

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                     EDITION  2-2008

COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

2.   WHEN ONE OR BOTH OF THE FOLLOWING APPLIES:

    A.   THE EFFECT IS TO INTIMIDATE OR COERCE A GOVERNMENT OR THE CIVILIAN POPULATION OR ANY SEGMENT THEREOF, OR TO DISRUPT ANY SEGMENT OF THE ECONOMY; OR

    B.   IT APPEARS THAT THE INTENT IS TO INTIMIDATE OR COERCE A GOVERNMENT, OR TO FURTHER POLITICAL, IDEOLOGICAL, RELIGIOUS, SOCIAL OR ECONOMIC OBJECTIVES OR TO EXPRESS (OR EXPRESS OPPOSITION TO) A PHILOSOPHY OR IDEOLOGY.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

*WE WILL NOT PAY FOR *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DIRECTLY OR INDIRECTLY BY AN ACT OF *TERRORISM, INCLUDING ACTION IN HINDERING OR DEFENDING AGAINST AN ACTUAL OR EXPECTED ACT OF *TERRORISM. ANY *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT IS EXCLUDED REGARDLESS OF ANY OTHER CAUSE OR EVENT THAT CONTRIBUTES CONCURRENTLY OR IN ANY SEQUENCE TO SUCH *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT.

APPLICATION OF OTHER EXCLUSIONS

THE TERMS AND LIMITATIONS OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, OR THE INAPPLICABILITY OR OMISSION OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, DO NOT SERVE TO CREATE COVERAGE WHICH WOULD OTHERWISE BE EXCLUDED, LIMITED, OR RESTRICTED UNDER THIS POLICY.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  2-2008

COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                    ENDORSEMENT NO. 511
              WELFARE AND PENSION BENEFIT PLAN
                    COVERAGE PART 380
                      UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WHEN EMPLOYEE DISHONESTY INSURANCE IS SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, SUCH INSURANCE IS CHANGED AS FOLLOWS:

DEFINITIONS

THE DEFINITION OF *EMPLOYEE IS CHANGED TO ADD THE FOLLOWING:

WITH RESPECT TO ANY EMPLOYEE WELFARE AND PENSION BENEFIT PLAN SHOWN IN THE DECLARATIONS AS AN *INSURED, *EMPLOYEE MEANS ANY PERSON WHO IS (A) *YOUR DIRECTOR OR TRUSTEE OR (B) A TRUSTEE, MANAGER, OFFICER OR *EMPLOYEE OF SUCH PLAN, WHILE THEY ARE ENGAGED IN THE HANDLING OF FUNDS OR OTHER PROPERTY OF SUCH PLAN OWNED, CONTROLLED OR OPERATED BY *YOU.

PART (2) OF THE DEFINITION OF *EMPLOYEE DOES NOT APPLY TO ANY *LOSS CAUSED BY AN *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

EXCLUSIONS

EXCLUSION A. DOES NOT APPLY TO ANY *LOSS CAUSED BY ANY *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

DEDUCTIBLES

ANY DEDUCTIBLE SHOWN IN THE DECLARATIONS AS APPLICABLE TO EMPLOYEE DISHONESTY DOES NOT APPLY TO *LOSS CAUSED BY ANY *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

ADDITIONAL CONDITION

THE FOLLOWING CONDITION IS ADDED:

IF THE *INSURED FIRST NAMED IN THE DECLARATIONS IS AN ENTITY OTHER THAN A PLAN, ANY PAYMENT *WE MAKE TO THAT *INSURED FOR *LOSS SUSTAINED BY ANY PLAN WILL BE HELD BY THAT *INSURED FOR THE USE AND BENEFIT OF THE PLAN(S) SUSTAINING THE *LOSS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 631
SCHEDULED PROPERTY COVERED
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

THE FOLLOWING CONDITION IS ADDED:

WITH RESPECT TO THE PROPERTY DESCRIBED IN THE DECLARATIONS AS
SUBJECT TO THIS ENDORSEMENT, EXCLUSIONS E. AND F. OF THE EXCLU-
SIONS-PROPERTY CONDITION OF THIS COVERAGE PART DO NOT APPLY.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 660
AGREED BUILDING VALUE
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *BUILDING SHOWN ON THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS COVERAGE PART:

DEFINITIONS

    PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO READ:

    1.  *BUILDING, ITS REPLACEMENT VALUE;

THE MOST WE WILL PAY

    PART I. IS ADDED TO PART A.1. OF THE MOST WE WILL PAY CONDITION AS FOLLOWS:

    I.  THE PROPORTION THAT THE LIMIT BEARS TO THE REPLACEMENT VALUE STATED IN THE DECLARATIONS.

THE COINSURANCE CONDITION IS DELETED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 735
DISCRIMINATION DEDUCTIBLE – $10,000 OR PERCENTAGE
COVERAGE PARTS 500 AND 660
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEDUCTIBLES

PART B. OF THE DEDUCTIBLES CONDITION IS REPLACED BY THE FOLLOWING:

B.   INJURY GROUP 6

FROM THE AMOUNTS PAYABLE FOR *DAMAGES, SETTLEMENTS AND DEFENSE
COSTS FOR *INJURY GROUP 6, *WE WILL DEDUCT THE GREATER OF
$10,000 OR THE PERCENTAGE SHOWN IN THE DECLARATIONS FOR EACH
*SUIT OR CLAIM FILED AGAINST *YOU. THE MOST *WE WILL DEDUCT
FOR ALL *DAMAGES, SETTLEMENTS AND DEFENSE COSTS FOR EACH CLAIM
OR *SUIT IS THAT PERCENTAGE TIMES THE LIMIT SHOWN IN THE
DECLARATIONS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  8-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 740
HAULAWAY COVERAGE
COVERAGE PARTS 830 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITIONS

WITH RESPECT TO AN *AUTO THAT IS A *HAULAWAY, THE DEFINITION OF *OWNED *AUTO IS REPLACED BY THE FOLLOWING:

"*OWNED *AUTO" MEANS A *HAULAWAY *YOU OWN OR *LEASE THAT IS SCHEDULED IN THE DECLARATIONS, AND ANY *AUTO *YOU PURCHASE OR *LEASE AS ITS REPLACEMENT DURING THE COVERAGE PART PERIOD. IT ALSO MEANS ANY TRAILER DESIGNED FOR USE WITH THE TYPE OF *AUTOS SCHEDULED IN THE DECLARATIONS.

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1. OF EXCLUSION G.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1.A. OF EXCLUSION J.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED IN THE DECLARATIONS OF THE *UNDERLYING *INSURANCE.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 767
INJURY GROUP 6 – DISCRIMINATION OR
WRONGFUL EMPLOYMENT PRACTICES EXCLUDED
COVERAGE PART 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITION

THE FOLLOWING CHANGES ARE MADE TO THE DEFINITIONS CONDITION:

PART 2. OF THE DEFINITION OF *DAMAGES IS DELETED.

PART 6. OF THE DEFINITION OF *INJURY IS DELETED.

PART 2. OF THE DEFINITION OF *OCCURRENCE IS REPLACED BY:

2.  WITH RESPECT TO *INJURY GROUPS 3, 4 AND 5, ACTS OR
    OFFENSES OF THE *INSURED COMMITTED DURING THE COVERAGE
    PART PERIOD WHICH RESULT IN SUCH *INJURY.

PART 3. OF THE DEFINITION OF *OCCURRENCE IS DELETED.

THE LAST SENTENCE OF THE DEFINITION OF *SUIT IS REPLACED BY:

*SUIT DOES NOT MEAN ADMINISTRATIVE ACTIONS OR EQUITABLE
ACTIONS.

THE FOLLOWING IS ADDED TO THE DEFINITION OF *UNDERLYING
*INSURANCE:

*UNDERLYING *INSURANCE ALSO DOES NOT INCLUDE ANY INSURANCE
AFFORDED BY GARAGE COVERAGE PART 500 OR GENERAL LIABILITY
COVERAGE PART 660 FOR *DISCRIMINATION OR *WRONGFUL *EMPLOY-
MENT *PRACTICES.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

THIS INSURANCE DOES NOT APPLY TO *OCCURRENCE, SUIT OR CLAIM
ARISING FROM *DISCRIMINATION OR *WRONGFUL *EMPLOYMENT *PRACTICES.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 776
REPLACEMENT COST EQUIPMENT - COINSURANCE
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *EQUIPMENT SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS COVERAGE PART:

PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO READ:

1. *EQUIPMENT (EXCEPT *ELECTRONIC *DATA *PROCESSING *EQUIPMENT, *MOBILE *EQUIPMENT, *DATA, *IMPROVEMENTS *AND *BETTERMENTS, *MEDIA AND PROPERTY OF OTHERS), ITS REPLACEMENT COST;

PART 9. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

9. *ELECTRONIC *DATA *PROCESSING *EQUIPMENT:

   (1) IF REPLACEMENT IS NECESSARY, THE COST OF CURRENTLY AVAIL- ABLE *ELECTRONIC *DATA *PROCESSING *EQUIPMENT CAPABLE OF PERFORMING AT LEAST THE SAME FUNCTIONS. IF NOT REPLACED, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION;
   (2) IF REPAIR IS NECESSARY, THE COST TO RESTORE DAMAGED *ELECTRONIC *DATA *PROCESSING *EQUIPMENT TO ITS CONDITION IMMEDIATELY PRIOR TO THE LOSS.

PART 10. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

10. MOBILE EQUIPMENT, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION.

THE FOLLOWING DEFINITION IS ADDED:

"*ELECTRONIC *DATA *PROCESSING *EQUIPMENT" MEANS MAINFRAME COMPU- TERS, NETWORK SERVERS, NETWORK ROUTERS, PERSONAL COMPUTERS AND WORKSTATIONS, LAPTOPS OR NOTEBOOK PERSONAL COMPUTERS, OTHER PORTABLE COMPUTER DEVICES AND THEIR ACCESSORIES, TELECOMMUNICA- TIONS EQUIPMENT AND FACSIMILE MACHINES. *ELECTRONIC *DATA *PRO- CESSING *EQUIPMENT INCLUDES PERIPHERAL EQUIPMENT SUCH AS PRINTERS, KEYBOARDS AND OTHER INPUT DEVICES, DATA TRANSMISSION LINES WITHIN *YOUR *BUILDING, MONITORS, MODEMS AND SCANNERS. *ELECTRONIC *DATA *PROCESSING *EQUIPMENT DOES NOT INCLUDE *DATA OR *MEDIA.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

```
                    ENDORSEMENT NO. 801              PAGE 1 OF 5
              CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
          DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
                    COVERAGE PARTS 320, 330, 660 AND 980
                               UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

APPLICABILITY OF THE PROVISIONS OF THIS ENDORSEMENT

1.  THE PROVISIONS OF THIS ENDORSEMENT WILL BECOME APPLICABLE COM-
    MENCING ON THE DATE WHEN ONE OR MORE OF THE FOLLOWING FIRST
    OCCURS:

    A.  THE FEDERAL TERRORISM RISK INSURANCE PROGRAM ("PROGRAM"),
        ESTABLISHED BY THE TERRORISM RISK INSURANCE ACT OF 2002, HAS
        TERMINATED WITH RESPECT TO THE TYPE OF INSURANCE PROVIDED
        UNDER THIS COVERAGE PART; OR

    B.  A RENEWAL, EXTENSION OR CONTINUATION OF THE PROGRAM HAS BE-
        COME EFFECTIVE WITHOUT A REQUIREMENT TO MAKE *TERRORISM
        COVERAGE AVAILABLE TO *YOU AND WITH REVISIONS THAT:

        (1)  INCREASE OUR STATUTORY PERCENTAGE DEDUCTIBLE UNDER THE
             PROGRAM FOR *TERRORISM LOSSES. (THAT DEDUCTIBLE DETER-
             MINES THE AMOUNT OF ALL CERTIFIED *TERRORISM LOSSES
             *WE MUST PAY IN A CALENDAR YEAR BEFORE THE FEDERAL
             GOVERNMENT SHARES IN SUBSEQUENT PAYMENT OF CERTIFIED
             *TERRORISM LOSSES.); OR

        (2)  DECREASE THE FEDERAL GOVERNMENT'S STATUTORY PERCENTAGE
             SHARE IN POTENTIAL *TERRORISM LOSSES ABOVE SUCH DEDUC-
             TIBLE; OR

        (3)  REDEFINE *TERRORISM OR MAKE INSURANCE COVERAGE FOR
             *TERRORISM SUBJECT TO PROVISIONS OR REQUIREMENTS THAT
             DIFFER FROM THOSE THAT APPLY TO OTHER TYPES OF EVENTS
             OR *OCCURRENCES UNDER THIS COVERAGE PART.

    THE PROGRAM IS SCHEDULED TO TERMINATE AT THE END OF DECEMBER 31,
    2014 UNLESS RENEWED, EXTENDED OR OTHERWISE CONTINUED BY THE
    FEDERAL GOVERNMENT.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

```
                                      EDITION  8-2013
COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
COVERAGE PARTS 320, 330, 660 AND 980
UNICOVER VI

2.  IF THE PROVISIONS OF THIS ENDORSEMENT BECOME APPLICABLE, SUCH
    PROVISIONS:

    A.  SUPERSEDE ANY *TERRORISM ENDORSEMENT ALREADY ENDORSED TO
        THIS POLICY THAT ADDRESSES *CERTIFIED *ACTS *OF *TERRORISM
        OR *OTHER *ACTS *OF *TERRORISM, BUT ONLY WITH RESPECT TO LOSS
        OR DAMAGE FROM AN INCIDENT(S) OF *TERRORISM (HOWEVER DEFINED)
        THAT OCCURS ON OR AFTER THE DATE WHEN THE PROVISIONS OF THIS
        ENDORSEMENT BECOME APPLICABLE; AND

    B.  REMAIN APPLICABLE UNLESS *WE NOTIFY *YOU OF CHANGES IN
        THESE PROVISIONS IN RESPONSE TO FEDERAL LAW.

3.  IF THE PROVISIONS OF THIS ENDORSEMENT DO NOT BECOME APPLICABLE,
    ANY *TERRORISM ENDORSEMENT ALREADY ENDORSED TO THIS POLICY THAT
    ADDRESSES *CERTIFIED *ACTS *OF *TERRORISM OR *OTHER *ACTS *OF
    *TERRORISM WILL CONTINUE IN EFFECT UNLESS *WE NOTIFY *YOU OF
    CHANGES TO THAT ENDORSEMENT IN RESPONSE TO FEDERAL LAW.

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*TERRORISM" MEANS ACTIVITIES AGAINST PERSONS, ORGANIZATIONS OR
PROPERTY OF ANY NATURE:

1.  THAT INVOLVE THE FOLLOWING OR PREPARATION FOR THE FOLLOWING:

    A.  USE OF THREAT OF FORCE OR VIOLENCE; OR

    B.  COMMISSION OR THREAT OF A DANGEROUS ACT; OR

    C.  COMMISSION OR THREAT OF AN ACT THAT INTERFERES WITH OR
        DISRUPTS AN ELECTRONIC, COMMUNICATION, INFORMATION OR
        MECHANICAL SYSTEM; AND

2.  WHEN ONE OR BOTH OF THE FOLLOWING APPLIES:

    A.  THE EFFECT IS TO INTIMIDATE OR COERCE A GOVERNMENT OR THE
        CIVILIAN POPULATION OR ANY SEGMENT THEREOF, OR TO DISRUPT ANY
        SEGMENT OF THE ECONOMY; OR

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  8-2013

COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
COVERAGE PARTS 320, 330, 660 AND 980
UNICOVER VI

B.  IT APPEARS THAT THE INTENT IS TO INTIMIDATE OR COERCE A
GOVERNMENT, OR TO FURTHER POLITICAL, IDEOLOGICAL, RELIGIOUS,
SOCIAL OR ECONOMIC OBJECTIVES OR TO EXPRESS (OR EXPRESS
OPPOSITION TO) A PHILOSOPHY OR IDEOLOGY.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

*WE WILL NOT PAY FOR ANY *COVERED *POLLUTION *DAMAGES, *DAM-
AGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DI-
RECTLY OR INDIRECTLY BY AN INCIDENT OF *TERRORISM OR BY ANY
ACTION TAKEN IN HINDERING OR DEFENDING AGAINST AN ACTUAL OR
EXPECTED INCIDENT OF *TERRORISM. SUCH *COVERED *POLLUTION
*DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR
*SUIT IS EXCLUDED REGARDLESS OF ANY OTHER CAUSE OR EVENT THAT
CONTRIBUTES CONCURRENTLY OR IN ANY SEQUENCE TO THE *COVERED
*POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE,
CLAIM OR *SUIT. BUT THIS EXCLUSION APPLIES ONLY WHEN ONE OR
MORE OF THE FOLLOWING ARE ATTRIBUTED TO AN INCIDENT OF
*TERRORISM:

1.  THE *TERRORISM IS CARRIED OUT BY MEANS OF THE DISPERSAL OR
APPLICATION OF RADIOACTIVE MATERIAL, OR THROUGH THE USE OF
A NUCLEAR WEAPON OR DEVICE THAT INVOLVES OR PRODUCES A
NUCLEAR REACTION, NUCLEAR RADIATION OR RADIOACTIVE CON-
TAMINATION; OR

2.  RADIOACTIVE MATERIAL IS RELEASED, AND IT APPEARS THAT ONE
PURPOSE OF THE *TERRORISM WAS TO RELEASE SUCH MATERIAL; OR

3.  THE *TERRORISM IS CARRIED OUT BY MEANS OF THE DISPERSAL OR
APPLICATION OF PATHOGENIC OR POISONOUS BIOLOGICAL OR CHEMI-
CAL MATERIALS; OR

4.  PATHOGENIC OR POISONOUS BIOLOGICAL OR CHEMICAL MATERIALS
ARE RELEASED, AND IT APPEARS THAT ONE PURPOSE OF THE
*TERRORISM WAS TO RELEASE SUCH MATERIALS; OR

5.  THE TOTAL OF INSURED DAMAGE TO ALL TYPES OF PROPERTY EX-
CEEDS $25,000,000. IN DETERMINING WHETHER THE $25,000,000
THRESHOLD IS EXCEEDED, *WE WILL INCLUDE ALL INSURED DAMAGE
THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  8-2013
COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
COVERAGE PARTS 320, 330, 660 AND 980
UNICOVER VI

SUSTAINED BY PROPERTY OF ALL PERSONS AND ENTITIES AFFECTED BY THE *TERRORISM AND BUSINESS INTERRUPTION LOSSES SUSTAINED BY OWNERS OR OCCUPANTS OF THE DAMAGED PROPERTY. FOR THE PURPOSE OF THIS PROVISION, INSURED DAMAGE MEANS DAMAGE THAT IS COVERED BY ANY INSURANCE PLUS DAMAGE THAT WOULD BE COVERED BY ANY INSURANCE BUT FOR THE APPLICATION OF ANY *TERRORISM EXCLUSIONS. MULTIPLE INCIDENTS OF *TERRORISM WHICH OCCUR WITHIN A 72-HOUR PERIOD AND APPEAR TO BE CARRIED OUT IN CONCERT OR TO HAVE A RELATED PURPOSE OR COMMON LEADERSHIP WILL BE DEEMED TO BE ONE INCIDENT FOR THE PURPOSE OF DETERMINING WHETHER THE THRESHOLD IS EXCEEDED; OR

6. WITH RESPECT TO LIABILITY COVERAGE PROVIDED BY COVERAGE PARTS 660 AND 980, FIFTY OR MORE PERSONS SUSTAIN DEATH OR SERIOUS PHYSICAL INJURY. FOR THE PUSPOSES OF THIS PROVISION, SERIOUS PHYSICAL INJURY MEANS:

   A. PHYSICAL INJURY THAT INVOLVES A SUBSTANTIAL RISK OF DEATH; OR

   B. PROTRACTED AND OBVIOUS PHYSICAL DISFIGUREMENT; OR

   C. PROTRACTED LOSS OF OR IMPAIRMENT OF THE FUNCTION OF A BODILY MEMBER OR ORGAN.

ITEMS 5 AND 6 ABOVE DO NOT APPLY UNLESS ENDORSEMENT 497 - TERRORISM EXCLUSION IS SHOWN IN THE POLICY DECLARATIONS. HOWEVER, ITEM 5 WILL APPLY TO OFF-PREMISES *BUSINESS *INCOME *CONTINUATION COVERAGE, IF ENDORSEMENT 125, ENDORSEMENT 126, OR ENDORSEMENT 127 IS SHOWN IN THE POLICY DECLARATIONS, REGARDLESS OF WHETHER ENDORSEMENT 497 APPEARS IN THE POLICY DECLARATIONS.

ITEMS 5 AND 6 DESCRIBE THE THRESHOLD USED TO MEASURE THE MAGNITUDE OF AN INCIDENT OF *TERRORISM AND THE CIRCUMSTANCES IN WHICH THE THRESHOLD WILL APPLY, FOR THE PURPOSE OF DETERMINING WHETHER THIS EXCLUSION WILL APPLY TO THAT INCIDENT. WHEN THE EXCLUSION APPLIES TO AN INCIDENT OF *TERRORISM, THERE IS NO COVERAGE UNDER THESE COVERAGE PARTS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  8-2013

COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
COVERAGE PARTS 320, 330, 660 AND 980
UNICOVER VI


WITH RESPECT TO COVERAGE PART 330, THIS EXCLUSION DOES NOT APPLY TO *LOSS BY FIRE TO PROPERTY LOCATED IN THOSE STATES WITH STAT- UTES THAT REQUIRE INSURERS TO CONFORM THEIR PROPERTY POLICIES WITH A STANDARD FORM OF FIRE INSURANCE, UNLESS SUCH A STATE DOES NOT REQUIRE SUCH CONFORMITY WITH RESPECT TO AN INCIDENT OF *TERRORISM.

IN THOSE STATES THAT REQUIRE SUCH CONFORMITY REGARDING AN INCIDENT OF *TERRORISM, IF AN INCIDENT OF *TERRORISM RESULTS IN FIRE, *WE WILL PAY FOR THE DIRECT PHYSICAL *LOSS OR DAMAGE TO *YOUR *BUILDINGS, *CONTENTS, *EQUIPMENT, *STOCK OR *EMPLOYEE *TOOLS CAUSED BY THAT FIRE. THIS EXCEPTION DOES NOT APPLY TO ANY OTHER *LOSS, DAMAGE OR EXPENSE INCLUDING BUT NOT LIMITED TO *BUSINESS *INCOME *CONTINUATION, BUSINESS RECOVERY EXPENSE, *RENTS, ADDITIONAL *EXTRA *EXPENSE OR LEASEHOLD INTEREST.

APPLICATION OF OTHER EXCLUSIONS

1.  WHEN ITEMS 1 OR 2 OF THE ABOVE EXCLUSION APPLY, THE EXCLUSION APPLIES WITHOUT REGARD TO THE NUCLEAR HAZARD EXCLUSIONS IN ANY COVERAGE PARTS OF THIS POLICY.

2.  THE TERMS AND LIMITATIONS OF ANY *TERRORISM EXCLUSION, OR THE INAPPLICABILITY OR OMISSION OF A *TERRORISM EXCLUSION, DO NOT SERVE TO CREATE COVERAGE FOR ANY LOSS OR DAMAGE WHICH WOULD OTHERWISE BE EXCLUDED UNDER ANY COVERAGE PART, SUCH AS LOSSES EXCLUDED BY ANY NUCLEAR HAZARD EXCLUSION OR ANY WAR AND MILITARY ACTION EXCLUSION.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  8-2013
COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 809
PERSONAL PROPERTY IN CUSTOMER'S AUTO EXCLUDED
COVERAGE PART 980
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSIONS

EXCLUSION K. IS REPLACED BY THE FOLLOWING:

K.   CARE, CUSTODY OR CONTROL

THIS INSURANCE DOES NOT APPLY TO *INJURY OR *COVERED *POLLU-
TION *DAMAGE TO PROPERTY OWNED BY, RENTED OR LEASED TO, USED
BY, TRANSPORTED BY, OR OTHERWISE IN THE CARE, CUSTODY OR
CONTROL OF THE *INSURED.

THIS EXCLUSION DOES NOT APPLY, WHEN *YOU HAVE COVERAGE IN THE
*UNDERLYING *INSURANCE, TO *INJURY:

1.   TO REAL OR PERSONAL PROPERTY NOT OWNED BY *YOU, OTHER
     THAN:

     A.   AN *AUTO; OR
     B.   PERSONAL PROPERTY WITHIN A *CUSTOMER'S *AUTO;

2.   TO *CUSTOMER'S *AUTOS;
3.   FOR LIABILITY ASSUMED BY *YOU UNDER A WRITTEN SIDETRACK
     AGREEMENT WITH RESPECT TO PROPERTY USED BY *YOU OR IN
     *YOUR CARE, CUSTODY, OR CONTROL.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  9-2008
COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 811
HOW WE WILL PAY CONDITION REVISED
COVERAGE PART 300
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

HOW WE WILL PAY

    PART C. OF THE HOW WE WILL PAY CONDITION IS DELETED IN ITS
    ENTIRETY AND REPLACED BY THE FOLLOWING:

    C.  WHEN SETTLEMENT IS BASED ON REPAIRS TO THE *COVERED *AUTO OR
        *COVERED *WATERCRAFT:

        1.  IF *LOSS IS CAUSED BY A PERIL OTHER THAN WINDSTORM OR
            HAIL, THE MOST *WE WILL PAY IS 65% OF THE *RETAIL *CHARGES
            (UNLESS STATED OTHERWISE IN THE DECLARATIONS) ON PARTS,
            MATERIALS, AND LABOR.

        2.  IF *LOSS IS CAUSED BY WINDSTORM OR HAIL, THE MOST *WE
            WILL PAY IS THE LESSER OF:

            A.  75% OF THE *RETAIL *CHARGES; OR
            B.  THE PERCENTAGE STATED IN THE DECLARATIONS,

            ON PARTS, MATERIALS, AND LABOR.

        3.  HOWEVER, *WE WILL PAY THE ACTUAL EXPENSES *YOU INCUR FOR:

            A.  THAT PORTION OF REPAIRS THAT ARE MADE USING THE PAINT-
               LESS DENT REPAIR METHOD.

            B.  *LOSS CAUSED BY *COLLISION, IMPACT WITH A BIRD OR
               ANIMAL, FIRE, LIGHTNING, THEFT OR LARCENY, *EXTENDED
               *THEFT, MALICIOUS MISCHIEF OR VANDALISM, IF

               (1)  *YOU DO NOT POSSESS THE FACILITIES, PARTS, MATER-
                   IALS, OR TECHNICAL EXPERTISE TO PERFORM THE
                   REPAIRS, AND
               (2)  WITH *OUR APPROVAL, THE LABOR IS PERFORMED OR
                   PARTS AND MATERIALS ARE FURNISHED BY A FACILITY
                   NOT OWNED OR OTHERWISE AFFILIATED WITH *YOU.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                       EDITION  1-2009

COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 811
HOW WE WILL PAY CONDITION REVISED
COVERAGE PART 300
UNICOVER VI


C.   *LOSS THAT OCCURS 100 MILES OR MORE FROM *YOUR PLACE
OF BUSINESS, IF THE *COVERED *AUTO OR *COVERED
*WATERCRAFT IS REPAIRED 100 MILES OR MORE FROM *YOUR
PLACE OF BUSINESS.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
              ENDORSEMENT NO. 827
        EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
          COVERAGE PARTS 500, 660, 970 AND 980
                     UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500 AND GENERAL LIABILITY COVERAGE PART 660

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1. CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2. FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A. THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN ANY OTHER CAPACITY;
B. THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C. *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1. UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION WITH A RESIDENCE PREMISES;
2. UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED IN EXCLUSION E.;
3. TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY SUCH EMPLOYEE;
4. TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY *YOU.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

```
                              EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI


PERSONAL UMBRELLA COVERAGE PART 970

C.   EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.   CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
     COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.   FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
     PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A.   THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN
     ANY OTHER CAPACITY;
B.   THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
     CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C.   *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
     A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

PART A. DOES NOT APPLY TO "DOMESTIC EMPLOYEES." FOR THE PURPOSES
OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED
IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION
WITH A RESIDENCE PREMISES.

COMMERCIAL UMBRELLA COVERAGE PART 980

C.   EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.   CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
     COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.   FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
     PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD   OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI


FOR WHICH:

    A.  THE *INSURED MAY BE HELD LIABILE AS AN EMPLOYER OR IN
        ANY OTHER CAPACITY;
    B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
        CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
    C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
        A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1. UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT
   ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES
   OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON
   ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY
   IN CONNECTION WITH A RESIDENCE PREMISES;
2. UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED
   IN EXCLUSION E.;
3. TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY
   SUCH EMPLOYEE;
4. TO ANY EMPLOYERS LIABILITY COVERAGE SHOWN AS *UNDERLYING
   *INSURANCE;
5. TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR
   EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED
   AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN
   *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR
   EMPLOYMENT BY *YOU.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.




THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**26AC-CC00235**

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

INSURANCE IS PROVIDED BY UNIVERSAL UNDERWRITERS INSURANCE COMPANY

THIS POLICY INSURES ONLY THOSE COVERAGES SHOWN IN THE DECLARATIONS. IN ITEM 2 BELOW, EACH NAMED INSURED, OTHER INSURED, SECURITY INTEREST AND LOCATION IS GIVEN A CORRESPONDING LETTER OR NUMBER DESIGNATION. INSURANCE PROVIDED IN ITEM 3 WILL NOT APPLY TO ANY NAMED INSURED, OTHER INSURED, SECURITY INTEREST OR LOCATION UNLESS ITS CORRESPONDING LETTER OR NUMBER APPEARS NEXT TO A SPECIFIC COVERAGE IN ITEM 3. (CHANGES, IF ANY, ARE INDICATED BY +)

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS DECLARATIONS PAGES ARE VOID EFFECTIVE FEBRUARY 25, 2016

ITEM 1
POLICY PERIOD      JUNE 01, 2015 TO      JUNE 01, 2016      POLICY NO. 315894

ITEM 2

NAMED INSURED 01:

REGAL CAR SALES AND CREDIT, LLC
ATTN: DAVID HURT
PO BOX 471035
TULSA, OK 74147

NAMED INSURED AND TYPE OF LEGAL ENTITY:

```
  01  REGAL CAR SALES AND CREDIT, LLC            LIMITED LIABILITY COMPANY

  02  SABER ACCEPTANCE COMPANY, LLC              LIMITED LIABILITY COMPANY

  03  REGAL MOTORS 401(K) PLAN                   OTHER
```

OTHER INSUREDS:

```
  AA  ROBERT N MULKEY

  BB  MADISON MULKEY

  CC  ROBIN MULKEY

  DD  LARRY BURKE

  EE  DAVID ANDERSON

  GG  ROBERT MADISON MULKEY

  HH  DAVID PENNINGTON

  II  FORUM INVESTMENTS, LLC
      PO BOX 471035
```

315894   VI (2-2010)                                        PAGE 1-A

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 2
     TULSA, OK 74147

  LL  DAVID HURT

SECURITY INTERESTS:

  A   FIRST NATIONAL BANK & TRUST
      OF OKMULGEE
      PO BOX 1037
      OKMULGEE, OK 74447

LOCATIONS AND OCCUPANCY:

  01  12718 E 55TH STREET                 OFFICE (NOT OTHRWSE CLASSIFIED)
      TULSA, OK 74135

  02  1407 S MEMORIAL DR                  USED CAR SALES & SERVICE
      TULSA, OK 74112

  04  1021 S WOOD DR                      USED CAR OFFICE
      OKMULGEE, OK 74447

  06  1004 E 6TH AVENUE                   USED CAR SALES & SERVICE
      STILLWATER, OK 74074

  07  4309 NW CACHE RD                    USED CAR SALES & SERVICE
      LAWTON, OK 73505

  08  3515 N MAY AVE                      USED CAR SALES & SERVICE
      OKLAHOMA CITY, OK 73112

  10  1201 E TAFT                         USED CAR SALES & SERVICE
      SAPULPA, OK 74066

  12  3609 US HWY 59 N                    USED CAR SALES & SERVICE
      GROVE, OK 74344

  13  3110 S BROADWAY                     USED CAR SALES & SERVICE
      WICHITA, KS 67216

  14  800 S GLENSTONE                     USED CAR SALES & SERVICE
      SPRINGFIELD, MO 65802

  15  805 E 7TH STREET                    USED CAR SALES & SERVICE
      JOPLIN, MO 64801

  19  1637 W SHAWNEE BYPASS               USED CAR OFFICE
      MUSKOGEE, OK 74401

  20  1637 W SHAWNEE BYPASS               USED CAR OFFICE
```

315894   VI (2-2010)                                          PAGE 1-B

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 2
     ADJACENT
     MUSKOGEE, OK 74401

  21  2504 NORTH BROADWAY STREET         USED CAR SALES & SERVICE
      POTEAU, OK 74953

  22  302 BUSINESS LOOP 70 W            AUTO REPAIR-NO MAJOR REPAIR
      COLUMBIA, MO 65203


ENDORSEMENTS APPLICABLE TO THIS POLICY:

  0801 CONDITIONAL EXCLUSION OF TERRORISM
  0827 EXCLUSION C - EMPLOYER'S LIABILITY
      REVISED


TERRORISM:


ACTS OF TERRORISM EXCLUDED

ENDORSEMENTS APPLICABLE:
  0497 EXCLUSION FOR CERTIFIED ACTS OF
       TERRORISM AND BIOLOGICAL AND
       CHEMICAL TERRORISM

315894   VI (2-2010)                             PAGE 1-C

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| AUTO INVENTORY PHYSICAL DAMAGE | | | | |
| +  (PART 300) | 01,02 | ALL | SEE BELOW | 775,000 |

```
REPAIRS:   0% LABOR - YOUR AUTOS
           0% PARTS - YOUR AUTOS
         100% LABOR - CUSTOMER AUTOS
         100% PARTS - CUSTOMER AUTOS
```

ENDORSEMENTS APPLICABLE:
  0811 HOW WE WILL PAY CONDITION REVISED

| PERILS AND DEDUCTIBLES SCHEDULE: | SECURITY INTERESTS | COMPREHENSIVE | COLLISION | EXTENDED THEFT |
|---|---|---|---|---|
| NEW AUTOS | | NO COVER | NO COVER | NO COVER |
| USED AUTOS | | NO COVER | NO COVER | NO COVER |
| CONSIGNED AUTOS | | NO COVER | NO COVER | NO COVER |
| WATERCRAFT/CARRIERS | | NO COVER | NO COVER | NO COVER |
| DEMONSTRATOR-COMPANY AUTO | | NO COVER | NO COVER | NO COVER |
| SERVICE AUTOS | | NO COVER | NO COVER | NO COVER |
| + CUSTOMER'S AUTOS/WATERCRAFT | | 1,000/5,000 | 1,000 | NO COVER |

```
    0008 CUSTOMER'S AUTOS OR CUSTOMER'S
         WATERCRAFT - LEGAL LIABILITY
```

OTHER INSUREDS

| DRIVE OTHER AUTOS | AA,BB,CC, DD,EE,GG, HH | 500 | 500 | NO COVER |
|---|---|---|---|---|

      0011 DRIVE OTHER AUTOS

315894   VI (2-2010)                                          PAGE 1-D

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


BUILDING                          100%   01,A    01      SEE      1,500,000
  FIRE                  10000                            SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $1,500,000

BUILDING                          100%   01,A    02      SEE        830,000
  FIRE                  10000                            SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $830,000

BUILDING                          100%   01,A    04      SEE        350,000
  FIRE                  10000                            SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

315894   VI (2-2010)                                   PAGE 1-E
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED      LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES           COINS%


  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $350,000

BUILDING                         100%   01,A     06      SEE        300,000
  FIRE                  10000                             SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $300,000

BUILDING                         100%   01,A     07      SEE        300,000
  FIRE                  10000                             SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $300,000

315894   VI (2-2010)                                     PAGE 1-F
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | | COINS% | | | | |
|---|---|---|---|---|---|---|
| BUILDING | | 100% | 01,A | 08 | SEE SCHEDULE | 500,000 |
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
REPLACEMENT VALUE $500,000

| BUILDING | | 100% | 01,A | 10 | SEE SCHEDULE | 300,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
REPLACMENT VALUE $300,000

| BUILDING | | 100% | 01,A | 12 | SEE SCHEDULE | 300,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

315894   VI (2-2010)                                    PAGE 1-G

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES           COINS%


  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $300,000

BUILDING                          100%   01,A     13       SEE         355,000
  FIRE                   10000                              SCHEDULE
  WINDSTORM-HAIL         10000
  V&MM                   10000
  OTHER SPEC PERILS      10000
  THEFT-BURGLARY         10000
  UNNAMED PERILS         10000
  BREAKDOWN              10000
  EARTHQUAKE          NO COVER
  SPRK LEAKAGE           10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACMENT VALUE $355,000

BUILDING                          100%   01,A     14       SEE         500,000
  FIRE                   10000                              SCHEDULE
  WINDSTORM-HAIL         10000
  V&MM                   10000
  OTHER SPEC PERILS      10000
  THEFT-BURGLARY         10000
  UNNAMED PERILS         10000
  BREAKDOWN              10000
  EARTHQUAKE          NO COVER
  SPRK LEAKAGE           10000

  0016 REPLACEMENT COST - BUILDING
  0631 SCHEDULED PROPERTY COVERED
  REPLACEMENT VALUE $500,000

315894   VI (2-2010)                                       PAGE 1-H
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


BUILDING                        100%   01,A    15     SEE        300,000
  FIRE                  10000                         SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $300,000

BUILDING                        100%   01,A    19     SEE        300,000
  FIRE                  10000                         SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $300,000

BUILDING                        100%   01,A    21     SEE        300,000
  FIRE                  10000                         SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

315894   VI (2-2010)                                 PAGE 1-I
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | | COINS% | | | | |
|---|---|---|---|---|---|---|

0016 REPLACEMENT COST - BUILDING
0660 AGREED BUILDING VALUE
REPLACEMENT VALUE $300,000

| BUILDING | | 100% | 01,A | 22 | SEE SCHEDULE | 525,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

| CONTENTS | | 90% | 01,02 | 01,02, 04,06, 07,08, 10,12, 19,20, 21 | SEE SCHEDULE | 868,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
COINSURANCE

| CONTENTS | | 90% | 01,02 | 13 | SEE SCHEDULE | 50,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -

315894   VI (2-2010)                                        PAGE 1-J

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|---|

PROPERTY (PART 330)

PERILS AND DEDUCTIBLES          COINS%

    COINSURANCE

| CONTENTS | | 90% | 01,02 | 14,15,<br>22 | SEE<br>SCHEDULE | 84,000 |
|---|---|---|---|---|---|---|
| FIRE | 10000 | | | | | |
| WINDSTORM-HAIL | 10000 | | | | | |
| V&MM | 10000 | | | | | |
| OTHER SPEC PERILS | 10000 | | | | | |
| THEFT-BURGLARY | 10000 | | | | | |
| UNNAMED PERILS | 10000 | | | | | |
| BREAKDOWN | 10000 | | | | | |
| EARTHQUAKE | NO COVER | | | | | |
| SPRK LEAKAGE | 10000 | | | | | |

0776 REPLACEMENT COST EQUIPMENT -
    COINSURANCE

OTHER INSURED PROPERTY                                    50,000

315894   VI (2-2010)                                     PAGE 1-K

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| CRIME (PART 380) | | | | |
| EMPLOYEE DISHONESTY | 01,02,03 | ALL | CRIME | 500,000 |
|   DEDUCTIBLE      2,500 | | | | |
|   0511 WELFARE & PENSION BENEFIT PLAN | | | | |

315894   VI (2-2010)                                                PAGE 1-L

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED    LIMITS
EACH COVERAGE PART:


+GARAGE OPERATIONS AND AUTO               01,02   ALL     SEE        300,000#
 HAZARD (PART 500)                                        BELOW      900,000#

    # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
       PRODUCTS-COMPLETED OPERATIONS AGGREGATE.

                                 DEDUCTIBLE
WORK/PRODUCTS                        5,000
INJURY GROUP 1-4                     5,000
INJURY GROUP 5                       5,000
INJURY GROUP 6                         25%
CUSTOMER COMPLAINT DEFENSE           2,500
LABOR RELATED DEFENSE                2,500
DESIGNATED STATUTE DEFENSE           2,500

ENDORSEMENTS APPLICABLE:
  0054 CUSTOMER RENTAL COVERAGE EXCLUDED
  0090 MCS-90 MOTOR CARRIER ACT 1980
  0367 EXCLUSION OF DESIGNATED
         OPERATIONS
  0451 PRODUCTS-COMPLETED OPERATIONS
         AGGREGATE LIMIT (GARAGE)
  0735 DISCRIMINATION DEDUCTIBLE -
         $10,000 OR PERCENTAGE

  INJURY GROUP 1  (BODILY INJ/PROP DMG)  01,02   ALL   COVERED  INCLUDED

  INJURY GROUP 2  (MENTAL INJURY)        01,02   ALL   COVERED  INCLUDED

  INJURY GROUP 3  (PERSONAL INJURY)      01,02   ALL   COVERED  INCLUDED

  INJURY GROUP 4  (ADVERTISING INJURY)   01,02   ALL   COVERED  INCLUDED

  INJURY GROUP 5  (EMPLOYEE BENEFITS)    01,02   ALL   COVERED  INCLUDED

  INJURY GROUP 6  (DISCRIMINATION)       01,02   ALL   COVERED  INCLUDED

ALL OPERATIONS RELATING TO THE
REPOSSESSION OF VEHICLES WHETHE
PERFORMED BY A NAMED INSURED OR
OTHER PARTY.  ALL OPERAIONS
PERFORMED BY SABER ACCEPTANCE C
LLC RELATING TO COLLECTION AND
HANDLING OF NONPUBLIC INFORMATI

315894  VI (2-2010)                                     PAGE 1-M
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND       INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                 TIONS   INSURED     LIMITS
EACH COVERAGE PART:
DECISION TO EXTEND CREDIT TO A
CUSTOMER, COLLECTION OF PAYMENT
SELLING OF ANY LOAN TO A THIRD
PARTY, THE CHECKING OR REPORTIN
OR FAILURE TO REPORT CREDIT, TH
HANDLING OF ANY TITLE RELATED T
A LOAN TRANSACTION & THE ACT OF
REPOSSESSING OR AUTHORIZING THE
REPOSSESSION OF ANY VEHICLE.
THIS EXCLUSION DOES NOT APPLY
TO THE USE OF ANY "OWNED AUTO"
WHILE IN THE POSESSION OF SABER
ACCEPTANCE CO., LLC OR ANYOTHER
NAMED INSURED ON THIS POLICY.

DRIVE OTHER AUTOS                      AA,BB,CC, ALL     COVERED  INCLUDED
   0034 DRIVE OTHER AUTOS              DD,EE,GG,
                                       HH


 ADDITIONAL INSUREDS
+  0033 ADDITIONAL INSURED-PROPERTY    II        10      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY    II        12      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY    II        15      COVERED  INCLUDED

+MEDICAL PAYMENTS                      01,02     ALL     COVERED     5,000
   0035 MEDICAL PAYMENTS

 DEFENSE REIMBURSEMENT:

+  CUSTOMER COMPLAINT DEFENSE          01,02     ALL     COVERED    25,000@
                                                                   300,000@


+  LABOR RELATED DEFENSE               01,02     ALL     COVERED    25,000@
                                                                   300,000@

 315894   VI (2-2010)                                              PAGE 1-N
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED       LIMITS
EACH COVERAGE PART:


GARAGE OPERATIONS AND AUTO
HAZARD (PART 500)


+  DESIGNATED STATUTE DEFENSE          01,02     ALL    COVERED       25,000@
                                                                      50,000@
@ THE FIRST LIMIT IS PER CLAIM OR SUIT, THE SECOND IS AN ANNUAL AGGREGATE.

UNINSURED/UNDERINSURED MOTORISTS
   COVERED AUTOS INSURED BY
   COVERAGE PART NO. 500

UNINSURED MOTORISTS                     01,02     ALL    UM BI         25,000#
                                                                      50,000#
                                                        UM PD         NO/COVER

UNDERINSURED MOTORISTS                  01,02     ALL    UIM BI        INCLUDED

                                                        UIM PD        NO/COVER


ENDORSEMENTS APPLICABLE:
   0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
   INDIVIDUALS DESIGNATED BELOW:

UNINSURED MOTORISTS                     AA,BB,CC, ALL   UM BI         300,000
                                        GG                           EA.ACCID
                                                        UM PD         NO/COVER
UNDERINSURED MOTORISTS                  AA,BB,CC, ALL   UIM BI        INCLUDED
                                        GG
                                                        UIM PD        NO/COVER


ENDORSEMENTS APPLICABLE:
   0092 DESIGNATED INDIVIDUALS
   0203 UNINSURED MOTORISTS

315894   VI (2-2010)                                              PAGE 1-O
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED      LIMITS
EACH COVERAGE PART:


GENERAL LIABILITY (PART 660)


                             DEDUCTIBLE
INJURY GROUPS 1-4               5,000

ENDORSEMENTS APPLICABLE:
    0095 PREMISES MEDICAL PAYMENTS
    0367 EXCLUSION OF DESIGNATED
         OPERATIONS

INJURY                                 01,02    ALL           300,000

                                - - SEE SCHEDULE OF HAZARDS BELOW - -

    INJURY GROUP 1  (BODILY INJ/PROP DMG)                      INCLUDED

    INJURY GROUP 2  (MENTAL INJURY)                            INCLUDED

    INJURY GROUP 3  (PERSONAL INJURY)                          INCLUDED

    INJURY GROUP 4  (ADVERTISING INJURY)                       INCLUDED

    INJURY GROUP 5  (EMPLOYEE BENEFITS)                        NO COVER

    INJURY GROUP 6  (DISCRIMINATION)                           NO COVER

  MEDICAL PAYMENTS                     01,02    ALL              5,000
    0095 MEDICAL PAYMENTS

SCHEDULE OF HAZARDS:
  CLASSIFICATION CODE:
    ALL OPERATIONS RELATING TO THE
    REPOSSESSION OF VEHICLES WHETHER
    PERFORMED BY A NAMED INSURED OR
    OTHER PARTY.  ALL OPERATIONS
    PERFORMED BR SABER ACCEPTANCE CO.
    LLC RELATING TO COLLECTION AND
    HANDLING OF NONPUBLIC INFORMATION
    DECISION TO EXTEND CREDIT TO A
    CUSTOMER, COLLECTION OF PAYMENTS,
    SELLING OF ANY LOAN TO A THIRD
    PARTY, THE CHECKING OR REPORTING
    OR FAILURE TO REPORT CREDIT, THE

315894   VI (2-2010)                                        PAGE 1-P
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| GENERAL LIABILITY (PART 660) | | | | |
| HANDLING OF ANY TITLE RELATED TO A LOAN TRANSACTION & THE ACT OF REPOSSESSING OR AUTHORIZING THE REPOSSESSION OF ANY VEHICLE. THIS EXCLUSION DOES NOT APPLY TO THE USED OF ANY "OWNED AUTO" WHILE IN THE POSESSION OF SABER ACCEPTANCE CO., LLC OR ANY OTHER NAMED INSURED ON THIS POLICY. | | | | |
| PREMISES/OPERATIONS HAZARD CLASSIFICATION CODE: 61217A - BASIS 089 BUILDINGS OR PREMISES, BANK OR OFFICE, MERCANTILE OR MANUFACTURING MAINTAINED BY THE INSURED - LESSORS RISK ONLY OTHER THAN NOT-FOR-PROFIT | | 01,02 | IF ANY | |

315894   VI (2-2010)                                                    PAGE 1-Q

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED     LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)


OWNED AUTOS                             01        ALL    COMPRE.   1,000 DED*
ENDORSEMENTS APPLICABLE:                                 COLLISION 1,000 DED*
  0090 MCS-90 MOTOR CARRIER ACT 1980
 NO. ---DESCRIPTION---

 16 2013 CADILLAC ESCALADE
  ID #1GYS4KEF7DR228126
  PLACE OF GARAGING
  TULSA
  OK  74146

 17 2013 LEXUS LS 460
  ID #JTHDL5EF1D5005590
  PLACE OF GARAGING
  TULSA
  OK  74146

 18 2010 AUDI Q7
  ID #WA1VMBFE7AS001076
  PLACE OF GARAGING
  TULSA
  OK  74146

 19 2013 FORD EXPLORER
  ID #1FM5K8F88DGC34990
  PLACE OF GARAGING
  TULSA
  OK  74146

 20 2013 LINCOLN NAVIGATOR
  ID #5LMJJ2J51DEL01515
  PLACE OF GARAGING

315894   VI (2-2010)                                        PAGE 1-R
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND         INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                   TIONS    INSURED      LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

  TULSA
  OK  74146

 21 2011 CADILLAC ESCALADE
  ID #1GYS4JEF3BR126572
  PLACE OF GARAGING
  TULSA
  OK  74146

 22 2013 CHEVROLET TRAVERSE
  ID #1GNKRFED7DJ236133
  PLACE OF GARAGING
  TULSA
  OK  74146

 24 2013 CHEVROLET EQUINOX
  ID #2GNFLGEK9D6322662
  PLACE OF GARAGING
  TULSA
  OK  74146

 25 2015 MONROE MOTORS WALLY TRAIL
  ID #1W9H65321FH157612
  PLACE OF GARAGING
  TULSA
  OK  74146

 26 2001 INTERNATIONAL WRECKER
  ID #1HTSCABM01H385006
  PLACE OF GARAGING
  TULSA
  OK  74146

 27 2013 DODGE DURANGO
```

315894   VI (2-2010)                                        PAGE 1-S

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


 ITEM 3
 COVERAGES, PROPERTY INSURED, AND       INSUREDS  LOCA-    PERILS       OUR
 SPECIAL PROVISIONS APPLICABLE TO                 TIONS    INSURED      LIMITS
 EACH COVERAGE PART:


 BASIC AUTO INSURANCE (PART 830)

   ID #1C4RDHAG4DC613894
   PLACE OF GARAGING
   TULSA
   OK  74146

  28 2010 TOYOTA 4RUNNER
   ID #JTEBU5HR1A5013895
   PLACE OF GARAGING
   TULSA
   OK  74146

+ 29 2015 CHEVROLET TAHOE
+  ID #1GNSCBKC1FR227180
  +PLACE OF GARAGING
  +TULSA
  +OK  74135

+ 30 2008 DODGE RAM 5500
+  ID #3D6WD78A78G212464
  +PLACE OF GARAGING
  +TULSA
  +OK  74135
---------------------------------------------------------------------------


 OWNED AUTOS                            01       ALL    INJURY      300,000
 ENDORSEMENTS APPLICABLE:                                           EA.OCCUR
   0090 MCS-90 MOTOR CARRIER ACT 1980                 MED. PAY      1,000
                                                      COMPRE.   2,000 DED*
                                                      COLLISION 2,000 DED*

  NO. ---DESCRIPTION---

  01 2002 INTERNATIONAL 8100 TRUCK

 315894   VI (2-2010)                                         PAGE 1-T
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-   PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

  ID #1HSHBAHN02H538681
  PLACE OF GARAGING
  TULSA
  OK  74146
--------------------------------------------------------------------------------


  OWNED AUTOS                               01       ALL   COMPRE.  2,000 DED*
  ENDORSEMENTS APPLICABLE:                                 COLLISION 2,000 DED*
    0090 MCS-90 MOTOR CARRIER ACT 1980
   NO. ---DESCRIPTION---

   01 2001 PEGASUS MAGNUM TRAILER
    ID #1P9GP3821ZE338157
    PLACE OF GARAGING
    TULSA
    OK  74146
--------------------------------------------------------------------------------


  OWNED AUTOS                               01       ALL   INJURY     300,000
  ENDORSEMENTS APPLICABLE:                                            EA.OCCUR
    0090 MCS-90 MOTOR CARRIER ACT 1980                    COMPRE.   1,000 DED*
                                                          COLLISION 1,000 DED*

   NO. ---DESCRIPTION---

   01 2007 FREIGHTLINER CL11242T
    ID #1FUBF9DL97PQ75999
    PLACE OF GARAGING
    TULSA
    OK  74135

315894   VI (2-2010)                                            PAGE 1-U
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED     LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

-------------------------------------------------------------------------------


OWNED AUTOS                               01       ALL     INJURY     300,000
ENDORSEMENTS APPLICABLE:                                              EA.OCCUR
 0090 MCS-90 MOTOR CARRIER ACT 1980                        COMPRE.  1,000 DED*
 NO. ---DESCRIPTION---

 01 2002 INTERNATIONAL 4300 TOW
  ID #1HTMMAAM22H512735
  PLACE OF GARAGING
  TULSA
  OK  74135
-------------------------------------------------------------------------------



NEWLY ACQUIRED AUTOS ARE COVERED FOR THE HIGHEST LIMIT AND THE LOWEST
DEDUCTIBLE FOR THE PERILS APPLICABLE TO YOU IN THE SCHEDULE OF OWNED AUTOS.

* LIMIT IS ACTUAL CASH VALUE OF THE AUTO, LESS DEDUCTIBLE SHOWN PER AUTO.

315894   VI (2-2010)                                        PAGE 1-V
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|


COMMERCIAL UMBRELLA (PART 980)


| COMMERCIAL UMBRELLA | 01 | ALL | INJURY | 10,000,000#<br>30,000,000# |

```
   # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
     PRODUCTS-COMPLETED OPERATIONS AGGREGATE.
   RETENTION: NONE                                           EA.OCCUR
```

ENDORSEMENTS APPLICABLE:
0367 EXCLUSION OF DESIGNATED
       OPERATIONS
0451 PRODUCTS-COMPLETED OPERATIONS
       AGGREGATE LIMIT (GARAGE)
0740 HAULAWAY COVERAGE
0767 INJURY GROUP 6 - DISCRIMINATION OR
       WRONGFUL EMPLOYMENT PRACTICES
       EXCLUDED
0809 PERSONAL PROPERTY IN CUSTOMER'S
     AUTO EXCLUDED

DESIGNATED PERSONS:
  ROBERT N MULKEY
  MADISON MULKEY
  ROBIN MULKEY
  *******************************
  ALL OPERATIONS RELATING TO THE
  REPOSSESSION OF VEHICLES WHETHER
  PERFORMED BY A NAMED INSURED OR
  OTHER PARTY.  ALL OPERATIONS
  PERFORMED BY SABER ACCEPTANCE CO
  LLC RELATING TO COLLECTION AND
  HANDLING OF NONPUBLIC INFORMATION
  THE DECISION TO EXTEND CREDIT TO
  CUSTOMER COLLECTION OF PAYMENTS,
  SELLING OF ANY LOAN TO 3RD PARTY,
  THE CHECKING OR REPORTING OR
  FALIURE TO REPORT CREDIT, THE
  HANDLING OF ANY TITLE REPLATED TO
  A LOAN TRANSACTION & THE ACT OF
  REPOSSESSING OR AUTHORIZING THE
  REPOSSESSION OF ANY VEHICLE.
  THIS EXCLUSION DOES NOT APPLY
  TO THE USE OF ANY "OWNED AUTO"

315894   VI (2-2010)                                      PAGE 1-W

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE  FEBRUARY 25, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED       LIMITS
EACH COVERAGE PART:


COMMERCIAL UMBRELLA (PART 980)

    WHILE IN THE POSESSION OF SABER
    ACCEPTANCE CO., LLC OR ANY OTHER
    NAMED INSURED ON THIS POLICY.

  UNDERLYING INSURANCE:
    PART 2 (EMPLOYER'S LIABILITY INSURANCE) OF ANY WORKERS' COMPENSATION
    ISSUED BY US TO THE INSURED SHOWN FOR THIS COVERAGE PART;
    ALL OTHER COVERAGE PARTS OF THIS POLICY PROVIDING LIABILITY INSURANCE
    FOR THE INSUREDS NAMED ON THIS COVERAGE PART EXCEPT ENDORSEMENT 039 OF
    COVERAGE PART 830, AND COVERAGE PART 970.

    OTHER POLICIES:
      NONE

THE PREMIUM BASIS FOR THIS POLICY IS:  VARIABLE
COUNTERSIGNED: 03-22-2016 BY _____ REPRESENTATIVE

MAIL TO: REGAL CAR SALES AND CREDIT, LLC
         ATTN: DAVID HURT
         PO BOX 471035
         TULSA, OK 74147

315894   VI (2-2010)                                          PAGE 1-X

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 367
EXCLUSION OF DESIGNATED OPERATIONS
COVERAGE PARTS 500, 660 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500, GENERAL LIABILITY COVERAGE PART 660 AND
COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

THIS INSURANCE DOES NOT APPLY TO *DAMAGES, *LOSS OR *INJURY
ARISING OUT OF THE OPERATIONS DESCRIBED IN THE DECLARATIONS,
REGARDLESS OF WHETHER SUCH OPERATIONS ARE CONDUCTED BY *YOU OR
ON *YOUR BEHALF OR WHETHER THE OPERATIONS ARE CONDUCTED FOR
*YOU OR FOR OTHERS. THIS EXCLUSION ALSO APPLIES TO ALL ACTIVI-
TIES NECESSARY OR INCIDENTAL TO THE ACTIVITIES OF THE DESCRIBED
OPERATIONS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*PRODUCTS-*COMPLETED *OPERATIONS" MEANS *INJURY AS DEFINED IN GROUPS 1 AND 2, OCCURRING AWAY FROM THE PREMISES *YOU OWN OR RENT AND RESULTING FROM *YOUR *WORK OR *YOUR *PRODUCT. IT INCLUDES REPRESENTATIONS OR WARRANTIES MADE WITH RESPECT TO FITNESS, DURA-BILITY, PERFORMANCE OR USE OF *YOUR *WORK OR *YOUR *PRODUCT, AND THE PROVIDING OR FAILURE TO PROVIDE WARNINGS OR INSTRUCTIONS FOR *YOUR *WORK OR *YOUR *PRODUCT. THIS DOES NOT APPLY IF:

1.  THE *PRODUCT IS STILL IN *YOUR PHYSICAL POSSESSION;
2.  THE WORK HAS NOT BEEN COMPLETED OR ABANDONED.

*YOUR *WORK WILL BE DEEMED COMPLETED AT THE EARLIEST OF THE FOLLOWING:

1.  WHEN *YOU HAVE COMPLETELY FULFILLED A CONTRACT SPECIFYING THE *WORK;
2.  WHEN ALL *WORK TO BE PERFORMED BY *YOU AT A SPECIFIC SITE HAS BEEN COMPLETED;
3.  WHEN THE PORTION OF THE *WORK OUT OF WHICH THE *INJURY ARISES HAS BEEN PUT TO ITS INTENDED USE BY ANY ONE OTHER THAN A CONTRACTOR OR SUBCONTRACTOR WORKING ON THE SAME PROJECT.

*WORK REQUIRING SERVICE, MAINTENANCE, OR CORRECTIVE WORK, REPAIR, OR REPLACEMENT BECAUSE OF A DEFECT, BUT WHICH IS OTHERWISE COM-PLETED IS DEEMED COMPLETED.

*PRODUCTS-*COMPLETED *OPERATIONS DOES NOT INCLUDE *INJURY CAUSED BY:

1.  THE TRANSPORTATION OF PROPERTY, UNLESS CAUSED BY THE LOADING OR UNLOADING OF A VEHICLE;
2.  THE EXISTENCE OF TOOLS, UNINSTALLED EQUIPMENT OR ABANDONED OR UNUSED MATERIALS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

PAGE 2 OF 2

```
                  ENDORSEMENT NO. 451
    PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
                COVERAGE PARTS 500 AND 980
                       UNICOVER VI
```

THE MOST WE WILL PAY

    PART A.3. IS ADDED AS FOLLOWS:

    3.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES ARISING FROM *PRODUCTS-*COMPLETED *OPERATIONS, THE MOST *WE WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT SHOWN IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

THE MOST WE WILL PAY

    PART A.6. IS ADDED AS FOLLOWS:

    6.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES ARISING FROM THE *PRODUCTS-*COMPLETED *OPERATIONS *HAZARD, THE MOST *WE WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT SHOWN IN THE DECLARATIONS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                  EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 277 of 634

Page 277 of 634

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                    ENDORSEMENT NO. 497 OK              PAGE 1 OF 4
             EXCLUSION FOR CERTIFIED ACTS OF TERRORISM AND
                  BIOLOGICAL AND CHEMICAL TERRORISM
               COVERAGE PARTS 320, 330, 660, AND 980
                      UNICOVER VI (OKLAHOMA)
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO COVERAGE PARTS 320, 330, 660 AND 980, THE FOLLOWING CHANGES ARE MADE:

DEFINITIONS

THE FOLLOWING DEFINITIONS ARE ADDED:

"*CERTIFIED *ACT *OF *TERRORISM" MEANS AN ACT THAT IS CERTIFIED BY THE SECRETARY OF THE TREASURY, IN ACCORDANCE WITH THE PROVISIONS OF THE FEDERAL TERRORISM RISK INSURANCE ACT ("TRIA"), TO BE AN ACT OF TERRORISM. THE TERRORISM RISK INSURANCE ACT PROVIDES THAT THE SECRETARY OF TREASURY SHALL CERTIFY AN ACT OF TERRORISM:

1. TO BE AN ACT OF TERRORISM;
2. TO BE A VIOLENT ACT OR AN ACT THAT IS DANGEROUS TO HUMAN LIFE, PROPERTY, OR INFRASTRUCTURE;
3. TO HAVE RESULTED IN DAMAGE WITHIN THE UNITED STATES, OR OUTSIDE OF THE UNITED STATES IN THE CASE OF AN AIR CARRIER (AS DEFINED IN SECTION 40102 OF TITLE 49, UNITED STATES CODE) OR A UNITED STATES FLAG VESSEL (OR A VESSEL BASED PRINCIPALLY IN THE UNITED STATES, ON WHICH UNITED STATES INCOME TAX IS PAID AND WHOSE INSURANCE COVERAGE IS SUBJECT TO REGULATION IN THE UNITED STATES), OR THE PREMISES OF A UNITED STATES MISSION; AND
4. TO HAVE BEEN COMMITTED BY AN INDIVIDUAL OR INDIVIDUALS AS PART OF AN EFFORT TO COERCE THE CIVILIAN POPULATION OF THE UNITED STATES OR TO INFLUENCE THE POLICY OR AFFECT THE CONDUCT OF THE UNITED STATES GOVERNMENT BY COERCION.

NO ACT MAY BE CERTIFIED AS AN ACT OF TERRORISM IF THE ACT IS COMMITTED AS PART OF THE COURSE OF A WAR DECLARED BY CONGRESS (EXCEPT FOR WORKERS' COMPENSATION) OR IF LOSSES RESULTING FROM THE ACT, IN THE AGGREGATE FOR INSURANCE SUBJECT TO TRIA, DO NOT EXCEED $5,000,000.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

```
                                      EDITION  1-2015
```

COPYRIGHT 2015 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
            ENDORSEMENT NO. 497 OK              PAGE 2 OF 4
       EXCLUSION FOR CERTIFIED ACTS OF TERRORISM AND
             BIOLOGICAL AND CHEMICAL TERRORISM
          COVERAGE PARTS 320, 330, 660, AND 980
                  UNICOVER VI (OKLAHOMA)
```

"*OTHER *ACT *OF *TERRORISM" MEANS A VIOLENT ACT OR AN ACT THAT IS DANGEROUS TO HUMAN LIFE, PROPERTY OR INFRASTRUCTURE THAT IS COMMITTED BY AN INDIVIDUAL OR INDIVIDUALS AND THAT APPEARS TO BE PART OF AN EFFORT TO COERCE A CIVILIAN POPULATION OR TO INFLUENCE THE POLICY OR AFFECT THE CONDUCT OF ANY GOVERNMENT BY COERCION, BUT THAT IS NOT A *CERTIFIED *ACT *OF *TERRORISM. ALL *OTHER *ACTS *OF *TERRORISM THAT OCCUR WITHIN A SEVENTY-TWO (72) HOUR PERIOD AND WHICH APPEAR TO BE CARRIED OUT IN CONCERT OR TO HAVE A RELATED PURPOSE OR COMMON LEADERSHIP SHALL BE DEEMED A SINGLE *OTHER *ACT *OF *TERRORISM. HOWEVER, *OTHER *ACT *OF *TERRORISM DOES NOT INCLUDE AN ACT WHICH MEETS THE CRITERIA SET FORTH IN PARAGRAPH 2 OF THE DEFINITION OF *CERTIFIED *ACT *OF *TERRORISM, WHEN SUCH ACT RESULTED IN AGGREGATE LOSSES OF $5 MILLION OR LESS.

"*TERRORISM" MEANS A *CERTIFIED *ACT *OF *TERRORISM OR AN *OTHER *ACT *OF *TERRORISM.

EXCLUSIONS

THE FOLLOWING EXCLUSIONS ARE ADDED:

*TERRORISM EXCLUSION - BIOLOGICAL OR CHEMICAL

*WE WILL NOT PAY FOR *COVERED *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DIRECTLY OR INDIRECTLY BY *TERRORISM, INCLUDING ACTION IN HINDERING OR DEFENDING AGAINST *TERRORISM. SUCH *COVERED *POLLUTION *DAM-AGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT IS EXCLUDED REGARDLESS OF ANY OTHER CAUSE OR EVENT THAT CONTRIBUTES CONCURRENTLY OR IN ANY SEQUENCE TO THE *COVERED

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

```
                                   EDITION  1-2015
```
COPYRIGHT 2015 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                  ENDORSEMENT NO. 497 OK           PAGE 3 OF 4
           EXCLUSION FOR CERTIFIED ACTS OF TERRORISM AND
                 BIOLOGICAL AND CHEMICAL TERRORISM
              COVERAGE PARTS 320, 330, 660, AND 980
                     UNICOVER VI (OKLAHOMA)
```

```
     *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE,
     CLAIM OR *SUIT.

     HOWEVER, THIS EXCLUSION APPLIES ONLY IF ONE OR MORE OF THE
     FOLLOWING ARE ATTRIBUTABLE TO SUCH ACT:

     A. THE *TERRORISM IS CARRIED OUT BY MEANS OF THE DISPERSAL
        OR APPLICATION OF PATHOGENIC OR POISONOUS BIOLOGICAL
        OR CHEMICAL MATERIALS; OR

     B. PATHOGENIC OR POISONOUS BIOLOGICAL OR CHEMICAL MATERIALS
        ARE RELEASED, AND IT APPEARS THAT ONE PURPOSE OF THE
        *TERRORISM WAS TO RELEASE SUCH MATERIALS.

  CERTIFIED ACT OF TERRORISM EXCLUSION

     *WE WILL NOT PAY FOR *COVERED *POLLUTION *DAMAGES, *DAMAGES,
     *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DIRECTLY
     OR INDIRECTLY BY A *CERTIFIED *ACT *OF *TERRORISM, INCLUDING
     ACTION IN HINDERING OR DEFENDING AGAINST A *CERTIFIED *ACT
     *OF *TERRORISM.  SUCH *COVERED *POLLUTION *DAMAGES, *DAMAGES,
     *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT IS EXCLUDED
     REGARDLESS OF ANY OTHER CAUSE OR EVENT THAT CONTRIBUTES
     CONCURRENTLY OR IN ANY SEQUENCE TO THE *COVERED *POLLUTION
     *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR
     *SUIT
```

```
THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                     EDITION  1-2015
COPYRIGHT 2015 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

EXCLUSION FOR CERTIFIED ACTS OF TERRORISM AND
BIOLOGICAL AND CHEMICAL TERRORISM
COVERAGE PARTS 320, 330, 660, AND 980
UNICOVER VI (OKLAHOMA)

EXCEPTION FOR CERTAIN FIRE LOSSES

FOR COVERAGE PART 330, THE FOLLOWING EXCEPTION TO THE ABOVE
EXCLUSIONS APPLIES ONLY TO PROPERTY LOCATED IN THOSE STATES
WITH STATUTES THAT REQUIRE CONFORMITY WITH A STANDARD FORM
OF FIRE INSURANCE, UNLESS SUCH STATE DOES NOT REQUIRE CONFIRM-
ITY WITH RESPECT TO *TERRORISM.

IN SUCH STATES, IF *TERRORISM RESULTS IN FIRE, *WE WILL PAY
FOR THE DIRECT PHYSICAL LOSS OR DAMAGE TO *YOUR *BUILDINGS,
*CONTENTS, *EQUIPMENT, *STOCK OR *EMPLOYEE *TOOLS CAUSED BY
THAT FIRE. THIS EXCEPTION DOES NOT APPLY TO ANY OTHER *LOSS,
DAMAGE OR EXPENSE INCLUDING BUT NOT LIMITED TO *BUSINESS
*INCOME *CONTINUATION, BUSINESS RECOVERY EXPENSE, *RENTS,
ADDITIONAL *EXTRA *EXPENSE OR LEASEHOLD INTEREST.

APPLICATION OF EXCLUSIONS

ALL OTHER LIMITATIONS, EXCLUSIONS AND OTHER RESTRICTIONS OF
COVERAGE CONTINUE TO APPLY IN THE EVENT OF *COVERED
*POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE,
CLAIM OR *SUIT RESULTING FROM *TERRORISM.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2015
COPYRIGHT 2015 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 511
WELFARE AND PENSION BENEFIT PLAN
COVERAGE PART 380
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WHEN EMPLOYEE DISHONESTY INSURANCE IS SHOWN IN THE DECLARATIONS AS
SUBJECT TO THIS ENDORSEMENT, SUCH INSURANCE IS CHANGED AS FOLLOWS:

DEFINITIONS

THE DEFINITION OF *EMPLOYEE IS CHANGED TO ADD THE FOLLOWING:

WITH RESPECT TO ANY EMPLOYEE WELFARE AND PENSION BENEFIT PLAN
SHOWN IN THE DECLARATIONS AS AN *INSURED, *EMPLOYEE MEANS ANY
PERSON WHO IS (A) *YOUR DIRECTOR OR TRUSTEE OR (B) A TRUSTEE,
MANAGER, OFFICER OR *EMPLOYEE OF SUCH PLAN, WHILE THEY ARE
ENGAGED IN THE HANDLING OF FUNDS OR OTHER PROPERTY OF SUCH PLAN
OWNED, CONTROLLED OR OPERATED BY *YOU.

PART (2) OF THE DEFINITION OF *EMPLOYEE DOES NOT APPLY TO ANY
*LOSS CAUSED BY AN *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

EXCLUSIONS

EXCLUSION A. DOES NOT APPLY TO ANY *LOSS CAUSED BY ANY
*EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

DEDUCTIBLES

ANY DEDUCTIBLE SHOWN IN THE DECLARATIONS AS APPLICABLE TO
EMPLOYEE DISHONESTY DOES NOT APPLY TO *LOSS CAUSED BY ANY
*EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

ADDITIONAL CONDITION

THE FOLLOWING CONDITION IS ADDED:

IF THE *INSURED FIRST NAMED IN THE DECLARATIONS IS AN ENTITY
OTHER THAN A PLAN, ANY PAYMENT *WE MAKE TO THAT *INSURED FOR
*LOSS SUSTAINED BY ANY PLAN WILL BE HELD BY THAT *INSURED FOR
THE USE AND BENEFIT OF THE PLAN(S) SUSTAINING THE *LOSS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 631
SCHEDULED PROPERTY COVERED
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

THE FOLLOWING CONDITION IS ADDED:

WITH RESPECT TO THE PROPERTY DESCRIBED IN THE DECLARATIONS AS
SUBJECT TO THIS ENDORSEMENT, EXCLUSIONS E. AND F. OF THE EXCLU-
SIONS-PROPERTY CONDITION OF THIS COVERAGE PART DO NOT APPLY.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 660
AGREED BUILDING VALUE
COVERAGE PART 330
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *BUILDING SHOWN ON THE DECLARATIONS AS
SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS
COVERAGE PART:

DEFINITIONS

    PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO
    READ:

    1.  *BUILDING, ITS REPLACEMENT VALUE;

THE MOST WE WILL PAY

    PART I. IS ADDED TO PART A.1. OF THE MOST WE WILL PAY CONDITION AS
    FOLLOWS:

    I.  THE PROPORTION THAT THE LIMIT BEARS TO THE REPLACEMENT VALUE
       STATED IN THE DECLARATIONS.

THE COINSURANCE CONDITION IS DELETED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                      EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 735
DISCRIMINATION DEDUCTIBLE – $10,000 OR PERCENTAGE
COVERAGE PARTS 500 AND 660
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEDUCTIBLES

    PART B. OF THE DEDUCTIBLES CONDITION IS REPLACED BY THE FOLLOWING:

    B.   INJURY GROUP 6

        FROM THE AMOUNTS PAYABLE FOR *DAMAGES, SETTLEMENTS AND DEFENSE
        COSTS FOR *INJURY GROUP 6, *WE WILL DEDUCT THE GREATER OF
        $10,000 OR THE PERCENTAGE SHOWN IN THE DECLARATIONS FOR EACH
        *SUIT OR CLAIM FILED AGAINST *YOU. THE MOST *WE WILL DEDUCT
        FOR ALL *DAMAGES, SETTLEMENTS AND DEFENSE COSTS FOR EACH CLAIM
        OR *SUIT IS THAT PERCENTAGE TIMES THE LIMIT SHOWN IN THE
        DECLARATIONS.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                    EDITION  8-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 740
HAULAWAY COVERAGE
COVERAGE PARTS 830 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITIONS

WITH RESPECT TO AN *AUTO THAT IS A *HAULAWAY, THE DEFINITION OF
*OWNED *AUTO IS REPLACED BY THE FOLLOWING:

"*OWNED *AUTO" MEANS A *HAULAWAY *YOU OWN OR *LEASE THAT IS
SCHEDULED IN THE DECLARATIONS, AND ANY *AUTO *YOU PURCHASE OR
*LEASE AS ITS REPLACEMENT DURING THE COVERAGE PART PERIOD. IT
ALSO MEANS ANY TRAILER DESIGNED FOR USE WITH THE TYPE OF *AUTOS
SCHEDULED IN THE DECLARATIONS.

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1. OF EXCLUSION G.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED
IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1.A. OF EXCLUSION J.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED
IN THE DECLARATIONS OF THE *UNDERLYING *INSURANCE.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 767
INJURY GROUP 6 - DISCRIMINATION OR
WRONGFUL EMPLOYMENT PRACTICES EXCLUDED
COVERAGE PART 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITION

THE FOLLOWING CHANGES ARE MADE TO THE DEFINITIONS CONDITION:

PART 2. OF THE DEFINITION OF *DAMAGES IS DELETED.

PART 6. OF THE DEFINITION OF *INJURY IS DELETED.

PART 2. OF THE DEFINITION OF *OCCURRENCE IS REPLACED BY:

2.  WITH RESPECT TO *INJURY GROUPS 3, 4 AND 5, ACTS OR
    OFFENSES OF THE *INSURED COMMITTED DURING THE COVERAGE
    PART PERIOD WHICH RESULT IN SUCH *INJURY.

PART 3. OF THE DEFINITION OF *OCCURRENCE IS DELETED.

THE LAST SENTENCE OF THE DEFINITION OF *SUIT IS REPLACED BY:

*SUIT DOES NOT MEAN ADMINISTRATIVE ACTIONS OR EQUITABLE
ACTIONS.

THE FOLLOWING IS ADDED TO THE DEFINITION OF *UNDERLYING
*INSURANCE:

*UNDERLYING *INSURANCE ALSO DOES NOT INCLUDE ANY INSURANCE
AFFORDED BY GARAGE COVERAGE PART 500 OR GENERAL LIABILITY
COVERAGE PART 660 FOR *DISCRIMINATION OR *WRONGFUL *EMPLOY-
MENT *PRACTICES.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

THIS INSURANCE DOES NOT APPLY TO *OCCURRENCE, SUIT OR CLAIM
ARISING FROM *DISCRIMINATION OR *WRONGFUL *EMPLOYMENT *PRACTICES.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                  ENDORSEMENT NO. 776
       REPLACEMENT COST EQUIPMENT - COINSURANCE
                  COVERAGE PART 330
                    UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *EQUIPMENT SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS COVERAGE PART:

PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO READ:

1.  *EQUIPMENT (EXCEPT *ELECTRONIC *DATA *PROCESSING *EQUIPMENT, *MOBILE *EQUIPMENT, *DATA, *IMPROVEMENTS *AND *BETTERMENTS, *MEDIA AND PROPERTY OF OTHERS), ITS REPLACEMENT COST;

PART 9. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

9.  *ELECTRONIC *DATA *PROCESSING *EQUIPMENT:

    (1)  IF REPLACEMENT IS NECESSARY, THE COST OF CURRENTLY AVAIL-ABLE *ELECTRONIC *DATA *PROCESSING *EQUIPMENT CAPABLE OF PERFORMING AT LEAST THE SAME FUNCTIONS. IF NOT REPLACED, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION;
    (2)  IF REPAIR IS NECESSARY, THE COST TO RESTORE DAMAGED *ELECTRONIC *DATA *PROCESSING *EQUIPMENT TO ITS CONDITION IMMEDIATELY PRIOR TO THE LOSS.

    PART 10. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

10.  MOBILE EQUIPMENT, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION.

THE FOLLOWING DEFINITION IS ADDED:

"*ELECTRONIC *DATA *PROCESSING *EQUIPMENT" MEANS MAINFRAME COMPU-TERS, NETWORK SERVERS, NETWORK ROUTERS, PERSONAL COMPUTERS AND WORKSTATIONS, LAPTOPS OR NOTEBOOK PERSONAL COMPUTERS, OTHER PORTABLE COMPUTER DEVICES AND THEIR ACCESSORIES, TELECOMMUNICA-TIONS EQUIPMENT AND FACSIMILE MACHINES. *ELECTRONIC *DATA *PRO-CESSING *EQUIPMENT INCLUDES PERIPHERAL EQUIPMENT SUCH AS PRINTERS, KEYBOARDS AND OTHER INPUT DEVICES, DATA TRANSMISSION LINES WITHIN *YOUR *BUILDING, MONITORS, MODEMS AND SCANNERS. *ELECTRONIC *DATA *PROCESSING *EQUIPMENT DOES NOT INCLUDE *DATA OR *MEDIA.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                    ENDORSEMENT NO. 801              PAGE 1 OF 5
              CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
        DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
                    COVERAGE PARTS 320, 330, 660 AND 980
                               UNICOVER VI


   THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

   APPLICABILITY OF THE PROVISIONS OF THIS ENDORSEMENT

   1.  THE PROVISIONS OF THIS ENDORSEMENT WILL BECOME APPLICABLE COM-
       MENCING ON THE DATE WHEN ONE OR MORE OF THE FOLLOWING FIRST
       OCCURS:

       A.  THE FEDERAL TERRORISM RISK INSURANCE PROGRAM ("PROGRAM"),
           ESTABLISHED BY THE TERRORISM RISK INSURANCE ACT OF 2002, HAS
           TERMINATED WITH RESPECT TO THE TYPE OF INSURANCE PROVIDED
           UNDER THIS COVERAGE PART; OR

       B.  A RENEWAL, EXTENSION OR CONTINUATION OF THE PROGRAM HAS BE-
           COME EFFECTIVE WITHOUT A REQUIREMENT TO MAKE *TERRORISM
           COVERAGE AVAILABLE TO *YOU AND WITH REVISIONS THAT:

           (1)  INCREASE OUR STATUTORY PERCENTAGE DEDUCTIBLE UNDER THE
                PROGRAM FOR *TERRORISM LOSSES. (THAT DEDUCTIBLE DETER-
                MINES THE AMOUNT OF ALL CERTIFIED *TERRORISM LOSSES
                *WE MUST PAY IN A CALENDAR YEAR BEFORE THE FEDERAL
                GOVERNMENT SHARES IN SUBSEQUENT PAYMENT OF CERTIFIED
                *TERRORISM LOSSES.); OR

           (2)  DECREASE THE FEDERAL GOVERNMENT'S STATUTORY PERCENTAGE
                SHARE IN POTENTIAL *TERRORISM LOSSES ABOVE SUCH DEDUC-
                TIBLE; OR

           (3)  REDEFINE *TERRORISM OR MAKE INSURANCE COVERAGE FOR
                *TERRORISM SUBJECT TO PROVISIONS OR REQUIREMENTS THAT
                DIFFER FROM THOSE THAT APPLY TO OTHER TYPES OF EVENTS
                OR *OCCURRENCES UNDER THIS COVERAGE PART.

       THE PROGRAM IS SCHEDULED TO TERMINATE AT THE END OF DECEMBER 31,
       2014 UNLESS RENEWED, EXTENDED OR OTHERWISE CONTINUED BY THE
       FEDERAL GOVERNMENT.




   THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
   CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
   INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                         EDITION  8-2013
   COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                ENDORSEMENT NO. 801                PAGE 2 OF 5
           CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
      DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
                COVERAGE PARTS 320, 330, 660 AND 980
                          UNICOVER VI
```

2.  IF THE PROVISIONS OF THIS ENDORSEMENT BECOME APPLICABLE, SUCH
    PROVISIONS:

    A.  SUPERSEDE ANY *TERRORISM ENDORSEMENT ALREADY ENDORSED TO
        THIS POLICY THAT ADDRESSES *CERTIFIED *ACTS *OF *TERRORISM
        OR *OTHER *ACTS *OF *TERRORISM, BUT ONLY WITH RESPECT TO LOSS
        OR DAMAGE FROM AN INCIDENT(S) OF *TERRORISM (HOWEVER DEFINED)
        THAT OCCURS ON OR AFTER THE DATE WHEN THE PROVISIONS OF THIS
        ENDORSEMENT BECOME APPLICABLE; AND

    B.  REMAIN APPLICABLE UNLESS *WE NOTIFY *YOU OF CHANGES IN
        THESE PROVISIONS IN RESPONSE TO FEDERAL LAW.

3.  IF THE PROVISIONS OF THIS ENDORSEMENT DO NOT BECOME APPLICABLE,
    ANY *TERRORISM ENDORSEMENT ALREADY ENDORSED TO THIS POLICY THAT
    ADDRESSES *CERTIFIED *ACTS *OF *TERRORISM OR *OTHER *ACTS *OF
    *TERRORISM WILL CONTINUE IN EFFECT UNLESS *WE NOTIFY *YOU OF
    CHANGES TO THAT ENDORSEMENT IN RESPONSE TO FEDERAL LAW.

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*TERRORISM" MEANS ACTIVITIES AGAINST PERSONS, ORGANIZATIONS OR
PROPERTY OF ANY NATURE:

1.  THAT INVOLVE THE FOLLOWING OR PREPARATION FOR THE FOLLOWING:

    A.  USE OF THREAT OF FORCE OR VIOLENCE; OR

    B.  COMMISSION OR THREAT OF A DANGEROUS ACT; OR

    C.  COMMISSION OR THREAT OF AN ACT THAT INTERFERES WITH OR
        DISRUPTS AN ELECTRONIC, COMMUNICATION, INFORMATION OR
        MECHANICAL SYSTEM; AND

2.  WHEN ONE OR BOTH OF THE FOLLOWING APPLIES:

    A.  THE EFFECT IS TO INTIMIDATE OR COERCE A GOVERNMENT OR THE
        CIVILIAN POPULATION OR ANY SEGMENT THEREOF, OR TO DISRUPT ANY
        SEGMENT OF THE ECONOMY; OR

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

```
                                    EDITION  8-2013
COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
             ENDORSEMENT NO. 801                PAGE 3 OF 5
         CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
  DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
             COVERAGE PARTS 320, 330, 660 AND 980
                         UNICOVER VI
```

     B.  IT APPEARS THAT THE INTENT IS TO INTIMIDATE OR COERCE A
         GOVERNMENT, OR TO FURTHER POLITICAL, IDEOLOGICAL, RELIGIOUS,
         SOCIAL OR ECONOMIC OBJECTIVES OR TO EXPRESS (OR EXPRESS
         OPPOSITION TO) A PHILOSOPHY OR IDEOLOGY.

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

     *WE WILL NOT PAY FOR ANY *COVERED *POLLUTION *DAMAGES, *DAM-
     AGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT CAUSED DI-
     RECTLY OR INDIRECTLY BY AN INCIDENT OF *TERRORISM OR BY ANY
     ACTION TAKEN IN HINDERING OR DEFENDING AGAINST AN ACTUAL OR
     EXPECTED INCIDENT OF *TERRORISM. SUCH *COVERED *POLLUTION
     *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR
     *SUIT IS EXCLUDED REGARDLESS OF ANY OTHER CAUSE OR EVENT THAT
     CONTRIBUTES CONCURRENTLY OR IN ANY SEQUENCE TO THE *COVERED
     *POLLUTION *DAMAGES, *DAMAGES, *INJURY, *LOSS, *OCCURRENCE,
     CLAIM OR *SUIT. BUT THIS EXCLUSION APPLIES ONLY WHEN ONE OR
     MORE OF THE FOLLOWING ARE ATTRIBUTED TO AN INCIDENT OF
     *TERRORISM:

     1.  THE *TERRORISM IS CARRIED OUT BY MEANS OF THE DISPERSAL OR
         APPLICATION OF RADIOACTIVE MATERIAL, OR THROUGH THE USE OF
         A NUCLEAR WEAPON OR DEVICE THAT INVOLVES OR PRODUCES A
         NUCLEAR REACTION, NUCLEAR RADIATION OR RADIOACTIVE CON-
         TAMINATION; OR

     2.  RADIOACTIVE MATERIAL IS RELEASED, AND IT APPEARS THAT ONE
         PURPOSE OF THE *TERRORISM WAS TO RELEASE SUCH MATERIAL; OR

     3.  THE *TERRORISM IS CARRIED OUT BY MEANS OF THE DISPERSAL OR
         APPLICATION OF PATHOGENIC OR POISONOUS BIOLOGICAL OR CHEMI-
         CAL MATERIALS; OR

     4.  PATHOGENIC OR POISONOUS BIOLOGICAL OR CHEMICAL MATERIALS
         ARE RELEASED, AND IT APPEARS THAT ONE PURPOSE OF THE
         *TERRORISM WAS TO RELEASE SUCH MATERIALS; OR

     5.  THE TOTAL OF INSURED DAMAGE TO ALL TYPES OF PROPERTY EX-
         CEEDS $25,000,000. IN DETERMINING WHETHER THE $25,000,000
         THRESHOLD IS EXCEEDED, *WE WILL INCLUDE ALL INSURED DAMAGE
THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                        EDITION  8-2013
COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
              ENDORSEMENT NO. 801              PAGE 4 OF 5
        CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
   DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
             COVERAGE PARTS 320, 330, 660 AND 980
                        UNICOVER VI
```

SUSTAINED BY PROPERTY OF ALL PERSONS AND ENTITIES AFFECTED BY THE *TERRORISM AND BUSINESS INTERRUPTION LOSSES SUSTAINED BY OWNERS OR OCCUPANTS OF THE DAMAGED PROPERTY. FOR THE PURPOSE OF THIS PROVISION, INSURED DAMAGE MEANS DAMAGE THAT IS COVERED BY ANY INSURANCE PLUS DAMAGE THAT WOULD BE COVERED BY ANY INSURANCE BUT FOR THE APPLICATION OF ANY *TERRORISM EXCLUSIONS. MULTIPLE INCIDENTS OF *TERRORISM WHICH OCCUR WITHIN A 72-HOUR PERIOD AND APPEAR TO BE CARRIED OUT IN CONCERT OR TO HAVE A RELATED PURPOSE OR COMMON LEADERSHIP WILL BE DEEMED TO BE ONE INCIDENT FOR THE PURPOSE OF DETERMINING WHETHER THE THRESHOLD IS EXCEEDED; OR

6. WITH RESPECT TO LIABILITY COVERAGE PROVIDED BY COVERAGE PARTS 660 AND 980, FIFTY OR MORE PERSONS SUSTAIN DEATH OR SERIOUS PHYSICAL INJURY. FOR THE PUSPOSES OF THIS PROVISION, SERIOUS PHYSICAL INJURY MEANS:

   A. PHYSICAL INJURY THAT INVOLVES A SUBSTANTIAL RISK OF DEATH; OR

   B. PROTRACTED AND OBVIOUS PHYSICAL DISFIGUREMENT; OR

   C. PROTRACTED LOSS OF OR IMPAIRMENT OF THE FUNCTION OF A BODILY MEMBER OR ORGAN.

ITEMS 5 AND 6 ABOVE DO NOT APPLY UNLESS ENDORSEMENT 497 - TERRORISM EXCLUSION IS SHOWN IN THE POLICY DECLARATIONS. HOWEVER, ITEM 5 WILL APPLY TO OFF-PREMISES *BUSINESS *INCOME *CONTINUATION COVERAGE, IF ENDORSEMENT 125, ENDORSEMENT 126, OR ENDORSEMENT 127 IS SHOWN IN THE POLICY DECLARATIONS, REGARDLESS OF WHETHER ENDORSEMENT 497 APPEARS IN THE POLICY DECLARATIONS.

ITEMS 5 AND 6 DESCRIBE THE THRESHOLD USED TO MEASURE THE MAGNITUDE OF AN INCIDENT OF *TERRORISM AND THE CIRCUMSTANCES IN WHICH THE THRESHOLD WILL APPLY, FOR THE PURPOSE OF DETERMINING WHETHER THIS EXCLUSION WILL APPLY TO THAT INCIDENT. WHEN THE EXCLUSION APPLIES TO AN INCIDENT OF *TERRORISM, THERE IS NO COVERAGE UNDER THESE COVERAGE PARTS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  8-2013

COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
              ENDORSEMENT NO. 801                 PAGE 5 OF 5
           CONDITIONAL EXCLUSION OF TERRORISM (RELATING TO
       DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT OF 2002)
               COVERAGE PARTS 320, 330, 660 AND 980
                           UNICOVER VI


     WITH RESPECT TO COVERAGE PART 330, THIS EXCLUSION DOES NOT APPLY
     TO *LOSS BY FIRE TO PROPERTY LOCATED IN THOSE STATES WITH STAT-
     UTES THAT REQUIRE INSURERS TO CONFORM THEIR PROPERTY POLICIES WITH
     A STANDARD FORM OF FIRE INSURANCE, UNLESS SUCH A STATE DOES NOT
     REQUIRE SUCH CONFORMITY WITH RESPECT TO AN INCIDENT OF
     *TERRORISM.

     IN THOSE STATES THAT REQUIRE SUCH CONFORMITY REGARDING AN INCIDENT
     OF *TERRORISM, IF AN INCIDENT OF *TERRORISM RESULTS IN FIRE, *WE
     WILL PAY FOR THE DIRECT PHYSICAL *LOSS OR DAMAGE TO *YOUR
     *BUILDINGS, *CONTENTS, *EQUIPMENT, *STOCK OR *EMPLOYEE *TOOLS
     CAUSED BY THAT FIRE. THIS EXCEPTION DOES NOT APPLY TO ANY OTHER
     *LOSS, DAMAGE OR EXPENSE INCLUDING BUT NOT LIMITED TO *BUSINESS
     *INCOME *CONTINUATION, BUSINESS RECOVERY EXPENSE, *RENTS,
     ADDITIONAL *EXTRA *EXPENSE OR LEASEHOLD INTEREST.

  APPLICATION OF OTHER EXCLUSIONS

  1.  WHEN ITEMS 1 OR 2 OF THE ABOVE EXCLUSION APPLY, THE EXCLUSION
      APPLIES WITHOUT REGARD TO THE NUCLEAR HAZARD EXCLUSIONS IN ANY
      COVERAGE PARTS OF THIS POLICY.

  2.  THE TERMS AND LIMITATIONS OF ANY *TERRORISM EXCLUSION, OR THE
      INAPPLICABILITY OR OMISSION OF A *TERRORISM EXCLUSION, DO NOT
      SERVE TO CREATE COVERAGE FOR ANY LOSS OR DAMAGE WHICH WOULD
      OTHERWISE BE EXCLUDED UNDER ANY COVERAGE PART, SUCH AS LOSSES
      EXCLUDED BY ANY NUCLEAR HAZARD EXCLUSION OR ANY WAR AND MILITARY
      ACTION EXCLUSION.
```

```
  THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
  CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
  INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                     EDITION  8-2013
  COPYRIGHT 2013 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 809
PERSONAL PROPERTY IN CUSTOMER'S AUTO EXCLUDED
COVERAGE PART 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSIONS

EXCLUSION K. IS REPLACED BY THE FOLLOWING:

K.  CARE, CUSTODY OR CONTROL

THIS INSURANCE DOES NOT APPLY TO *INJURY OR *COVERED *POLLU-
TION *DAMAGE TO PROPERTY OWNED BY, RENTED OR LEASED TO, USED
BY, TRANSPORTED BY, OR OTHERWISE IN THE CARE, CUSTODY OR
CONTROL OF THE *INSURED.

THIS EXCLUSION DOES NOT APPLY, WHEN *YOU HAVE COVERAGE IN THE
*UNDERLYING *INSURANCE, TO *INJURY:

1.  TO REAL OR PERSONAL PROPERTY NOT OWNED BY *YOU, OTHER
    THAN:

    A.  AN *AUTO; OR
    B.  PERSONAL PROPERTY WITHIN A *CUSTOMER'S *AUTO;

2.  TO *CUSTOMER'S *AUTOS;
3.  FOR LIABILITY ASSUMED BY *YOU UNDER A WRITTEN SIDETRACK
    AGREEMENT WITH RESPECT TO PROPERTY USED BY *YOU OR IN
    *YOUR CARE, CUSTODY, OR CONTROL.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  9-2008
COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
              ENDORSEMENT NO. 811
          HOW WE WILL PAY CONDITION REVISED
               COVERAGE PART 300
                  UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

HOW WE WILL PAY

PART C. OF THE HOW WE WILL PAY CONDITION IS DELETED IN ITS ENTIRETY AND REPLACED BY THE FOLLOWING:

C.   WHEN SETTLEMENT IS BASED ON REPAIRS TO THE *COVERED *AUTO OR *COVERED *WATERCRAFT:

1.   IF *LOSS IS CAUSED BY A PERIL OTHER THAN WINDSTORM OR HAIL, THE MOST *WE WILL PAY IS 65% OF THE *RETAIL *CHARGES (UNLESS STATED OTHERWISE IN THE DECLARATIONS) ON PARTS, MATERIALS, AND LABOR.

2.   IF *LOSS IS CAUSED BY WINDSTORM OR HAIL, THE MOST *WE WILL PAY IS THE LESSER OF:

   A.   75% OF THE *RETAIL *CHARGES; OR
   B.   THE PERCENTAGE STATED IN THE DECLARATIONS,

   ON PARTS, MATERIALS, AND LABOR.

3.   HOWEVER, *WE WILL PAY THE ACTUAL EXPENSES *YOU INCUR FOR:

   A.   THAT PORTION OF REPAIRS THAT ARE MADE USING THE PAINT-LESS DENT REPAIR METHOD.

   B.   *LOSS CAUSED BY *COLLISION, IMPACT WITH A BIRD OR ANIMAL, FIRE, LIGHTNING, THEFT OR LARCENY, *EXTENDED *THEFT, MALICIOUS MISCHIEF OR VANDALISM, IF

      (1)   *YOU DO NOT POSSESS THE FACILITIES, PARTS, MATER-IALS, OR TECHNICAL EXPERTISE TO PERFORM THE REPAIRS, AND
      (2)   WITH *OUR APPROVAL, THE LABOR IS PERFORMED OR PARTS AND MATERIALS ARE FURNISHED BY A FACILITY NOT OWNED OR OTHERWISE AFFILIATED WITH *YOU.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                   EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
              ENDORSEMENT NO. 811
        HOW WE WILL PAY CONDITION REVISED
               COVERAGE PART 300
                 UNICOVER VI
```

```
    C.  *LOSS THAT OCCURS 100 MILES OR MORE FROM *YOUR PLACE
        OF BUSINESS, IF THE *COVERED *AUTO OR *COVERED
        *WATERCRAFT IS REPAIRED 100 MILES OR MORE FROM *YOUR
        PLACE OF BUSINESS.
```

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

```
                              EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. – EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500 AND GENERAL LIABILITY COVERAGE PART 660

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
    COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
    PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN
    ANY OTHER CAPACITY;
B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
    CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
    A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1.  UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT
    ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES
    OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON
    ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY
    IN CONNECTION WITH A RESIDENCE PREMISES;
2.  UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED
    IN EXCLUSION E.;
3.  TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY
    SUCH EMPLOYEE;
4.  TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR
    EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED
    AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN
    *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR
    EMPLOYMENT BY *YOU.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                   ENDORSEMENT NO. 827
          EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
             COVERAGE PARTS 500, 660, 970 AND 980
                        UNICOVER VI
```

PERSONAL UMBRELLA COVERAGE PART 970

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN ANY OTHER CAPACITY;
B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

PART A. DOES NOT APPLY TO "DOMESTIC EMPLOYEES." FOR THE PURPOSES OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION WITH A RESIDENCE PREMISES.

COMMERCIAL UMBRELLA COVERAGE PART 980

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                    EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                  ENDORSEMENT NO. 827
          EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
             COVERAGE PARTS 500, 660, 970 AND 980
                       UNICOVER VI


      FOR WHICH:

          A.  THE *INSURED MAY BE HELD LIABILE AS AN EMPLOYER OR IN
              ANY OTHER CAPACITY;
          B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
              CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
          C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
              A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

      THIS EXCLUSION DOES NOT APPLY:

      1.  UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT
          ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES
          OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON
          ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY
          IN CONNECTION WITH A RESIDENCE PREMISES;
      2.  UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED
          IN EXCLUSION E.;
      3.  TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY
          SUCH EMPLOYEE;
      4.  TO ANY EMPLOYERS LIABILITY COVERAGE SHOWN AS *UNDERLYING
          *INSURANCE;
      5.  TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR
          EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED
          AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN
          *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR
          EMPLOYMENT BY *YOU.

  ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
  REMAIN UNCHANGED.
```

```
  THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
  CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
  INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                      EDITION  1-2010
  COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
```

**26AC-CC00235**

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

INSURANCE IS PROVIDED BY UNIVERSAL UNDERWRITERS INSURANCE COMPANY

THIS POLICY INSURES ONLY THOSE COVERAGES SHOWN IN THE DECLARATIONS.  IN ITEM 2
BELOW, EACH NAMED INSURED, OTHER INSURED, SECURITY INTEREST AND LOCATION IS
GIVEN A CORRESPONDING LETTER OR NUMBER DESIGNATION.  INSURANCE PROVIDED IN
ITEM 3 WILL NOT APPLY TO ANY NAMED INSURED, OTHER INSURED, SECURITY INTEREST
OR LOCATION UNLESS ITS CORRESPONDING LETTER OR NUMBER APPEARS NEXT TO A
SPECIFIC COVERAGE IN ITEM 3.  (CHANGES, IF ANY, ARE INDICATED BY +)

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016

ITEM 1
POLICY PERIOD      JUNE 01, 2016 TO     JUNE 01, 2017    POLICY NO. 315894

ITEM 2

NAMED INSURED 01:

REGAL CAR SALES AND CREDIT, LLC
ATTN: DAVID HURT
PO BOX 471035
TULSA, OK 74147

NAMED INSURED AND TYPE OF LEGAL ENTITY:

    01  REGAL CAR SALES AND CREDIT, LLC                LIMITED LIABILITY COMPANY

    02  SABER ACCEPTANCE COMPANY, LLC                  LIMITED LIABILITY COMPANY

    03  REGAL MOTORS 401(K) PLAN                       OTHER

OTHER INSUREDS:

    AA  ROBERT N MULKEY

    BB  MADISON MULKEY

    CC  ROBIN MULKEY

    DD  LARRY BURKE

    EE  DAVID ANDERSON

    GG  ROBERT MADISON MULKEY

    HH  DAVID PENNINGTON

    II  FORUM INVESTMENTS, LLC
        PO BOX 471035

315894   VI (2-2010)                                          PAGE 1-A

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 2
     TULSA, OK 74147

  LL  DAVID HURT

SECURITY INTERESTS:

  A   FIRST NATIONAL BANK & TRUST
      OF OKMULGEE
      PO BOX 1037
      OKMULGEE, OK 74447

LOCATIONS AND OCCUPANCY:

  01  12718 E 55TH STREET                OFFICE (NOT OTHRWSE CLASSIFIED)
      TULSA, OK 74135

  02  1407 S MEMORIAL DR                 USED CAR SALES & SERVICE
      TULSA, OK 74112

  04  1021 S WOOD DR                     USED CAR SALES & SERVICE
      OKMULGEE, OK 74447

  06  1004 E 6TH AVENUE                  USED CAR SALES & SERVICE
      STILLWATER, OK 74074

  07  4309 NW CACHE RD                   USED CAR SALES & SERVICE
      LAWTON, OK 73505

  08  3515 N MAY AVE                     USED CAR SALES & SERVICE
      OKLAHOMA CITY, OK 73112

  10  1201 E TAFT                        USED CAR SALES & SERVICE
      SAPULPA, OK 74066

  12  3609 US HWY 59 N                   USED CAR SALES & SERVICE
      GROVE, OK 74344

  13  3110 S BROADWAY                    USED CAR SALES & SERVICE
      WICHITA, KS 67216

  14  800 S GLENSTONE                    USED CAR SALES & SERVICE
      SPRINGFIELD, MO 65802

  15  805 E 7TH STREET                   USED CAR SALES & SERVICE
      JOPLIN, MO 64801

  19  1637 W SHAWNEE BYPASS              USED CAR SALES & SERVICE
      MUSKOGEE, OK 74401

  20  1637 W SHAWNEE BYPASS              PARTS STORAGE

315894   VI (2-2010)                                      PAGE 1-B
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 2
      ADJACENT
      MUSKOGEE, OK 74401

  21  2504 NORTH BROADWAY STREET           USED CAR SALES & SERVICE
      POTEAU, OK 74953

  22  302 BUSINESS LOOP 70 W               AUTO REPAIR-NO MAJOR REPAIR
      COLUMBIA, MO 65203

+ 23  4200 N HARRISON                      USED CAR OFFICE
      SHAWNEE, OK 74804


ENDORSEMENTS APPLICABLE TO THIS POLICY:

  0827 EXCLUSION C - EMPLOYER'S LIABILITY
       REVISED
  0842 CAP ON LOSSES FROM CERTIFIED ACTS
       OF TERRORISM


TERRORISM:


ACTS OF TERRORISM INCLUDED
  ANNUAL PREMIUM   $1,326

315894   VI (2-2010)                                    PAGE 1-C
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


  ITEM 3
  COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS       OUR
  SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED      LIMITS
  EACH COVERAGE PART:


  AUTO INVENTORY PHYSICAL DAMAGE
+   (PART 300)                             01       ALL      SEE          900,000
                                                            BELOW

  REPAIRS:    0% LABOR - YOUR AUTOS
              0% PARTS - YOUR AUTOS
            100% LABOR - CUSTOMER AUTOS
            100% PARTS - CUSTOMER AUTOS

  ENDORSEMENTS APPLICABLE:
    0811 HOW WE WILL PAY CONDITION REVISED
```

```
PERILS AND DEDUCTIBLES       SECURITY      COMPREHENSIVE   COLLISION    EXTENDED
SCHEDULE:                    INTERESTS                                  THEFT
  NEW AUTOS                                 NO COVER        NO COVER     NO COVER
  USED AUTOS                                NO COVER        NO COVER     NO COVER
  CONSIGNED AUTOS                           NO COVER        NO COVER     NO COVER
  WATERCRAFT/CARRIERS                       NO COVER        NO COVER     NO COVER
  DEMONSTRATOR-COMPANY AUTO                 NO COVER        NO COVER     NO COVER
  SERVICE AUTOS                             NO COVER        NO COVER     NO COVER
+ CUSTOMER'S AUTOS/WATERCRAFT               1,000/5,000     1,000        NO COVER
  0008 CUSTOMER'S AUTOS OR CUSTOMER'S
          WATERCRAFT - LEGAL LIABILITY


                        OTHER INSUREDS

  DRIVE OTHER AUTOS           AA,BB,CC,      500             500          NO COVER
                             DD,EE,GG,
                             HH
    0011 DRIVE OTHER AUTOS


 315894   VI (2-2010)                                            PAGE 1-D
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                       100%   01,A     01      SEE       1,368,814
   FIRE                  10000                          SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $1,368,814

+BUILDING                       100%   01,A     02      SEE        891,133
   FIRE                  10000                          SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $891,133

+BUILDING                       100%   01,A     04      SEE        350,000
   FIRE                  10000                          SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

 315894   VI (2-2010)                                  PAGE 1-E
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $350,000

+BUILDING                          100%   01,A     06      SEE         275,000
  FIRE                    10000                             SCHEDULE
  WINDSTORM-HAIL          10000
  V&MM                    10000
  OTHER SPEC PERILS       10000
  THEFT-BURGLARY          10000
  UNNAMED PERILS          10000
  BREAKDOWN               10000
  EARTHQUAKE          NO COVER
  SPRK LEAKAGE            10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $275,000

+BUILDING                          100%   01,A     07      SEE         315,000
  FIRE                    10000                             SCHEDULE
  WINDSTORM-HAIL          10000
  V&MM                    10000
  OTHER SPEC PERILS       10000
  THEFT-BURGLARY          10000
  UNNAMED PERILS          10000
  BREAKDOWN               10000
  EARTHQUAKE          NO COVER
  SPRK LEAKAGE            10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $315,000

 315894   VI (2-2010)                                      PAGE 1-F
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND         INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                   TIONS    INSURED       LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+BUILDING                        100%   01,A     08      SEE         475,000
   FIRE                  10000                           SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $475,000

+BUILDING                        100%   01,A     10      SEE         225,000
   FIRE                  10000                           SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACMENT VALUE $225,000

+BUILDING                        100%   01,A     12      SEE         250,000
   FIRE                  10000                           SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE         NO COVER
   SPRK LEAKAGE          10000

 315894   VI (2-2010)                                    PAGE 1-G
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED     LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES         COINS%


   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $250,000

+BUILDING                          100%   01,A     13      SEE        380,000
   FIRE                  10000                              SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACMENT VALUE $380,000

+BUILDING                          100%   01,A     14      SEE        275,000
   FIRE                  10000                              SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE        NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $275,000

 315894   VI (2-2010)                                      PAGE 1-H
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND         INSUREDS  LOCA-   PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                   TIONS   INSURED    LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES           COINS%


+BUILDING                        100%   01,A    15     SEE        250,000
   FIRE                  10000                         SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $250,000

+BUILDING                        100%   01,A    19     SEE        350,000
   FIRE                  10000                         SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0016 REPLACEMENT COST - BUILDING
   0660 AGREED BUILDING VALUE
   REPLACEMENT VALUE $350,000

+BUILDING                        100%   01,A    21     SEE        275,000
   FIRE                  10000                         SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

 315894   VI (2-2010)                                  PAGE 1-I
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-     PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS     INSURED       LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES           COINS%


  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  REPLACEMENT VALUE $275,000

+BUILDING                        100%   01,A     22       SEE           568,226
  FIRE                  10000                             SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
  AGREED VALUE $568,226

+BUILDING                        100%   01       23       SEE           450,000
  FIRE                  10000                             SCHEDULE
  WINDSTORM-HAIL        10000
  V&MM                  10000
  OTHER SPEC PERILS     10000
  THEFT-BURGLARY        10000
  UNNAMED PERILS        10000
  BREAKDOWN             10000
  EARTHQUAKE         NO COVER
  SPRK LEAKAGE          10000

  0016 REPLACEMENT COST - BUILDING
  0660 AGREED BUILDING VALUE
+  AGREED VALUE 450,000

 315894   VI (2-2010)                                            PAGE 1-J
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND         INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                   TIONS    INSURED       LIMITS
EACH COVERAGE PART:


PROPERTY (PART 330)
PERILS AND DEDUCTIBLES          COINS%


+CONTENTS                         90%   01,02   01,02, SEE          875,000
   FIRE                  10000                  04,06, SCHEDULE
   WINDSTORM-HAIL        10000                  07,08,
   V&MM                  10000                  10,12,
   OTHER SPEC PERILS     10000                  19,20,
   THEFT-BURGLARY        10000                  21,23
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                         90%   01,02   13      SEE           50,000
   FIRE                  10000                  SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0776 REPLACEMENT COST EQUIPMENT -
        COINSURANCE

+CONTENTS                         90%   01,02   14,15,  SEE          150,000
   FIRE                  10000                  22      SCHEDULE
   WINDSTORM-HAIL        10000
   V&MM                  10000
   OTHER SPEC PERILS     10000
   THEFT-BURGLARY        10000
   UNNAMED PERILS        10000
   BREAKDOWN             10000
   EARTHQUAKE          NO COVER
   SPRK LEAKAGE          10000

   0776 REPLACEMENT COST EQUIPMENT -

 315894   VI (2-2010)                                      PAGE 1-K
```

<div style="text-align: right; color: blue;">Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM</div>

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE    OCTOBER 19, 2016


ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|

PROPERTY (PART 330)

| PERILS AND DEDUCTIBLES | COINS% |
|---|---|
| COINSURANCE | |

OTHER INSURED PROPERTY                                          50,000

315894   VI (2-2010)                                          PAGE 1-L

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| CRIME (PART 380) | | | | |
| EMPLOYEE DISHONESTY | | 01,02,03 | ALL | CRIME | 500,000 |
|   DEDUCTIBLE      2,500 | | | | |
|   0511 WELFARE & PENSION BENEFIT PLAN | | | | |

315894   VI (2-2010)                                          PAGE 1-M

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-   PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS   INSURED     LIMITS
EACH COVERAGE PART:


+GARAGE OPERATIONS AND AUTO               01,02    ALL    SEE        500,000#
 HAZARD (PART 500)                                        BELOW    1,500,000#

   # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
      PRODUCTS-COMPLETED OPERATIONS AGGREGATE.

                                  DEDUCTIBLE
WORK/PRODUCTS                        5,000
INJURY GROUP 1-4                     5,000
INJURY GROUP 5                       5,000
INJURY GROUP 6                         25%
CUSTOMER COMPLAINT DEFENSE           2,500
LABOR RELATED DEFENSE                2,500
DESIGNATED STATUTE DEFENSE           2,500

ENDORSEMENTS APPLICABLE:
  0054 CUSTOMER RENTAL COVERAGE EXCLUDED
  0090 MCS-90 MOTOR CARRIER ACT 1980
  0367 EXCLUSION OF DESIGNATED
        OPERATIONS
  0451 PRODUCTS-COMPLETED OPERATIONS
        AGGREGATE LIMIT (GARAGE)
  0735 DISCRIMINATION DEDUCTIBLE -
        $10,000 OR PERCENTAGE

  INJURY GROUP 1  (BODILY INJ/PROP DMG)  01,02   ALL   COVERED   INCLUDED

  INJURY GROUP 2  (MENTAL INJURY)        01,02   ALL   COVERED   INCLUDED

  INJURY GROUP 3  (PERSONAL INJURY)      01,02   ALL   COVERED   INCLUDED

  INJURY GROUP 4  (ADVERTISING INJURY)   01,02   ALL   COVERED   INCLUDED

  INJURY GROUP 5  (EMPLOYEE BENEFITS)    01,02   ALL   COVERED   INCLUDED

  INJURY GROUP 6  (DISCRIMINATION)       01,02   ALL   COVERED   INCLUDED

ALL OPERATIONS RELATING TO THE
USE OF AN "OWNED AUTO" WHILE
INVOLVED IN THE ACT OF
REPOSSESSING A VEHICLE, AND
PREFORMED BY A NAMED INSURED.
ALL OPERATIONS PERFORMED BY
SABER ACCEPTANCE COMPANY, LLC

315894   VI (2-2010)                                       PAGE 1-N
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND       INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                 TIONS    INSURED      LIMITS
EACH COVERAGE PART:
OR ANY OTHER NAMED INSURED
RELATING TO COLLECTION AND
HANDLING OF NON PUBLIC
INFORMATION, THE DECISION TO
EXTEND CREDIT TO A CUSTOMER,
THE COLLECTION OF PAYMENTS,
THE SELLING OF ANY LOAN TO A
THIRD PARTY, THE CHECKING OR
REPORTING OR FAILURE TO
REPORT CREDIT.

 DRIVE OTHER AUTOS                      AA,BB,CC, ALL     COVERED  INCLUDED
    0034 DRIVE OTHER AUTOS              DD,EE,GG,
                                        HH

 ADDITIONAL INSUREDS
+  0033 ADDITIONAL INSURED-PROPERTY     II        10      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY     II        12      COVERED  INCLUDED
+  0033 ADDITIONAL INSURED-PROPERTY     II        15      COVERED  INCLUDED

+MEDICAL PAYMENTS                       01,02     ALL     COVERED     5,000
    0035 MEDICAL PAYMENTS

 DEFENSE REIMBURSEMENT:

+  CUSTOMER COMPLAINT DEFENSE           01,02     ALL     COVERED    25,000@
                                                                   500,000@

+  LABOR RELATED DEFENSE                01,02     ALL     COVERED    25,000@
                                                                   500,000@

+  DESIGNATED STATUTE DEFENSE           01,02     ALL     COVERED    25,000@
                                                                    50,000@
 @ THE FIRST LIMIT IS PER CLAIM OR SUIT, THE SECOND IS AN ANNUAL AGGREGATE.

 UNINSURED/UNDERINSURED MOTORISTS
   COVERED AUTOS INSURED BY
   COVERAGE PART NO. 500

 UNINSURED MOTORISTS                    01        ALL     UM BI      25,000#
                                                                    50,000#

 315894   VI (2-2010)                                          PAGE 1-O
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED     LIMITS
EACH COVERAGE PART:
                                                           UM PD       NO/COVER

UNDERINSURED MOTORISTS                     01       ALL    UIM BI      INCLUDED

                                                           UIM PD      NO/COVER


ENDORSEMENTS APPLICABLE:
  0203 UNINSURED MOTORISTS

# THE FIRST LIMIT IS PER PERSON, THE SECOND IS PER ACCIDENT.

UNINSURED/UNDERINSURED MOTORISTS COVERAGE
  INDIVIDUALS DESIGNATED BELOW:

UNINSURED MOTORISTS                     AA,BB,CC, ALL   UM BI      300,000
                                        GG                         EA.ACCID
                                                        UM PD      NO/COVER

UNDERINSURED MOTORISTS                  AA,BB,CC, ALL   UIM BI     INCLUDED
                                        GG
                                                        UIM PD     NO/COVER


ENDORSEMENTS APPLICABLE:
  0092 DESIGNATED INDIVIDUALS
  0203 UNINSURED MOTORISTS

315894   VI (2-2010)                                       PAGE 1-P
```

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED     LIMITS
EACH COVERAGE PART:


GENERAL LIABILITY (PART 660)


                              DEDUCTIBLE
INJURY GROUPS 1-4                5,000

ENDORSEMENTS APPLICABLE:
    0095 PREMISES MEDICAL PAYMENTS
    0367 EXCLUSION OF DESIGNATED
         OPERATIONS

INJURY                                  01,02     ALL         500,000

                                  - - SEE SCHEDULE OF HAZARDS BELOW - -

    INJURY GROUP 1  (BODILY INJ/PROP DMG)                       INCLUDED

    INJURY GROUP 2  (MENTAL INJURY)                             INCLUDED

    INJURY GROUP 3  (PERSONAL INJURY)                           INCLUDED

    INJURY GROUP 4  (ADVERTISING INJURY)                        INCLUDED

    INJURY GROUP 5  (EMPLOYEE BENEFITS)                         NO COVER

    INJURY GROUP 6  (DISCRIMINATION)                            NO COVER

  MEDICAL PAYMENTS                      01,02     ALL             5,000
    0095 MEDICAL PAYMENTS

SCHEDULE OF HAZARDS:
  CLASSIFICATION CODE:
  ALL OPERATIONS RELATING TO THE
  USE OF AN "OWNED AUTO" WHILE
  INVOLVED IN THE ACT OF
  REPOSSESSING A VEHICLE, AND
  PERFORMED BY A NAMED INSURED.
  ALL OPERATIONS PERFORMED BY
  SABER ACCEPTANCE COMPANY, LLC,
  OR ANY OTHER NAMED INSURED
  RELATING TO COLLECTION  AND
  HANDLING OF NON PUBLIC
  INFORMATION, THE DECISION TO
  EXTEND CREDIT TO A CUSTOMER,

315894   VI (2-2010)                                        PAGE 1-Q
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND       INSUREDS  LOCA-    PERILS      OUR
SPECIAL PROVISIONS APPLICABLE TO                 TIONS    INSURED     LIMITS
EACH COVERAGE PART:


GENERAL LIABILITY (PART 660)

    THE COLLECTION OF PAYMENTS,
    THE SELLING OF ANY LOAN TO
    A THIRD PARTY, THE CHECKING
    OR REPORTING OR FAILURE TO
    REPORT CREDIT.

  PREMISES/OPERATIONS HAZARD                01,02     IF ANY
   CLASSIFICATION CODE:
    61217A - BASIS 089
    BUILDINGS OR PREMISES, BANK OR
    OFFICE, MERCANTILE OR
    MANUFACTURING MAINTAINED BY
    THE INSURED - LESSORS RISK ONLY
    OTHER THAN NOT-FOR-PROFIT

315894   VI (2-2010)                                       PAGE 1-R
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS         OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED        LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)


OWNED AUTOS                               01        ALL     COMPRE.   1,000 DED*
ENDORSEMENTS APPLICABLE:                                    COLLISION 1,000 DED*
  0090 MCS-90 MOTOR CARRIER ACT 1980
  2013 FORD EXPLORER
  1FM5K8F88DGC34990
  DELETED EFF: 04/14/2016
 NO. ---DESCRIPTION---

 16 2013 CADILLAC ESCALADE
  ID #1GYS4KEF7DR228126
  PLACE OF GARAGING
  TULSA
  OK  74146

 17 2013 LEXUS LS 460
  ID #JTHDL5EF1D5005590
  PLACE OF GARAGING
  TULSA
  OK  74146

 21 2011 CADILLAC ESCALADE
  ID #1GYS4JEF3BR126572
  PLACE OF GARAGING
  TULSA
  OK  74146

 22 2013 CHEVROLET TRAVERSE
  ID #1GNKRFED7DJ236133
  PLACE OF GARAGING
  TULSA
  OK  74146

 24 2013 CHEVROLET EQUINOX

315894   VI (2-2010)                                        PAGE 1-S
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

```
THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS    INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

  ID #2GNFLGEK9D6322662
  PLACE OF GARAGING
  TULSA
  OK  74146

 25 2015 MONROE MOTORS WALLY TRAIL
  ID #1W9H65321FH157612
  PLACE OF GARAGING
  TULSA
  OK  74146

 27 2013 DODGE DURANGO
  ID #1C4RDHAG4DC613894
  PLACE OF GARAGING
  TULSA
  OK  74146

 28 2010 TOYOTA 4RUNNER
  ID #JTEBU5HR1A5013895
  PLACE OF GARAGING
  TULSA
  OK  74146

 29 2015 CHEVROLET TAHOE
  ID #1GNSCBKC1FR227180
  PLACE OF GARAGING
  TULSA
  OK  74135

 30 2008 DODGE RAM 5500
  ID #3D6WD78A78G212464
  PLACE OF GARAGING
  TULSA

315894   VI (2-2010)                                        PAGE 1-T
```

16171819202122232425262728

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016


ITEM 3
COVERAGES, PROPERTY INSURED, AND        INSUREDS  LOCA-    PERILS        OUR
SPECIAL PROVISIONS APPLICABLE TO                  TIONS   INSURED       LIMITS
EACH COVERAGE PART:


BASIC AUTO INSURANCE (PART 830)

  OK  74135

 31 2007 FREIGHTLINER CL11242T
  ID #1FUBF9DL97PQ75999
  PLACE OF GARAGING
  TULSA
  OK  74135

 32 2002 INTERNATIONAL 4300
  ID #1HTMMAAM22H512735
  PLACE OF GARAGING
  TULSA
  OK  74135

 33 2014 FORD F150
  ID #1FTFW1ET0EKF84381
  ADDED EFF: 04/10/16
  PLACE OF GARAGING
  TULSA
  OK  74146

 34 2014 LINCOLN NAVIGATOR
  ID #5LMJJ2J57EEL07675
  ADDED EFF: 04/10/16
  PLACE OF GARAGING
  TULSA
  OK  74146

 35 2015 CADILLAC ESCALADE
  ID #1GYS4UKJ5FR508988
  ADDED EFF: 04/20/16
  PLACE OF GARAGING
  TULSA
  OK  74146
--------------------------------------------------------------------------------


NEWLY ACQUIRED AUTOS ARE COVERED FOR THE HIGHEST LIMIT AND THE LOWEST
DEDUCTIBLE FOR THE PERILS APPLICABLE TO YOU IN THE SCHEDULE OF OWNED AUTOS.

* LIMIT IS ACTUAL CASH VALUE OF THE AUTO, LESS DEDUCTIBLE SHOWN PER AUTO.

315894   VI (2-2010)                                             PAGE 1-U

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016

ITEM 3

| COVERAGES, PROPERTY INSURED, AND SPECIAL PROVISIONS APPLICABLE TO EACH COVERAGE PART: | INSUREDS | LOCA-TIONS | PERILS INSURED | OUR LIMITS |
|---|---|---|---|---|
| COMMERCIAL UMBRELLA (PART 980) | | | | |
| COMMERCIAL UMBRELLA | 01,02 | ALL | INJURY | 10,000,000#<br>30,000,000# |

```
  # THE FIRST LIMIT IS PER OCCURRENCE, THE SECOND IS AN ANNUAL
     PRODUCTS-COMPLETED OPERATIONS AGGREGATE.
  RETENTION: NONE                                        EA.OCCUR

  ENDORSEMENTS APPLICABLE:
  0367 EXCLUSION OF DESIGNATED
         OPERATIONS
  0451 PRODUCTS-COMPLETED OPERATIONS
         AGGREGATE LIMIT (GARAGE)
  0740 HAULAWAY COVERAGE
  0767 INJURY GROUP 6 - DISCRIMINATION OR
         WRONGFUL EMPLOYMENT PRACTICES
         EXCLUDED
  0809 PERSONAL PROPERTY IN CUSTOMER'S
         AUTO EXCLUDED

  DESIGNATED PERSONS:
    ROBERT N MULKEY
    MADISON MULKEY
    ROBIN MULKEY
    *******************************
    ALL OPERATIONS RELATING TO THE
    USE OF AN "OWNED AUTO" WHILE
    INVOLVED IN THE ACT OF
    REPOSSESSING A VEHICLE, AND
    PERFORMED BY A NAMED INSURED.
    ALL OPERATIONS PERFORMED BY
    SABER ACCEPTANCE COMPANY, LLC,
    OR ANY OTHER NAMED INSURED
    RELATING TO COLLECTION AND
    HANDLING OF NON PUBLIC
    INFORMATION, THE DECISION
    TO EXTEND CREDIT TO A
    CUSTOMER, THE COLLECTION
    OF PAYMENTS, THE SELLING OF
    ANY LOAN TO A THIRD PARTY,
    THE CHECKING OR REPORTING OR
    FAILURE TO REPORT CREDIT.

  UNDERLYING INSURANCE:
```

315894   VI (2-2010)                                    PAGE 1-V

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

0144204 00

THIS DECLARATIONS PAGE IS SUBSTITUTED, AND ALL PREVIOUS
DECLARATIONS PAGES ARE VOID EFFECTIVE   OCTOBER 19, 2016

ITEM 3
COVERAGES, PROPERTY INSURED, AND          INSUREDS  LOCA-    PERILS       OUR
SPECIAL PROVISIONS APPLICABLE TO                    TIONS    INSURED      LIMITS
EACH COVERAGE PART:
    PART 2 (EMPLOYER'S LIABILITY INSURANCE) OF ANY WORKERS' COMPENSATION
    ISSUED BY US TO THE INSURED SHOWN FOR THIS COVERAGE PART;
    ALL OTHER COVERAGE PARTS OF THIS POLICY PROVIDING LIABILITY INSURANCE
    FOR THE INSUREDS NAMED ON THIS COVERAGE PART EXCEPT ENDORSEMENT 039 OF
    COVERAGE PART 830, AND COVERAGE PART 970.

    OTHER POLICIES:
      NONE

THE PREMIUM BASIS FOR THIS POLICY IS:  VARIABLE
COUNTERSIGNED: 12-27-2016 BY _____  REPRESENTATIVE

MAIL TO: REGAL CAR SALES AND CREDIT, LLC
        ATTN: DAVID HURT
        PO BOX 471035
        TULSA, OK 74147

315894   VI (2-2010)                                          PAGE 1-W

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 367
EXCLUSION OF DESIGNATED OPERATIONS
COVERAGE PARTS 500, 660 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500, GENERAL LIABILITY COVERAGE PART 660 AND
COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING EXCLUSION IS ADDED:

THIS INSURANCE DOES NOT APPLY TO *DAMAGES, *LOSS OR *INJURY
ARISING OUT OF THE OPERATIONS DESCRIBED IN THE DECLARATIONS,
REGARDLESS OF WHETHER SUCH OPERATIONS ARE CONDUCTED BY *YOU OR
ON *YOUR BEHALF OR WHETHER THE OPERATIONS ARE CONDUCTED FOR
*YOU OR FOR OTHERS. THIS EXCLUSION ALSO APPLIES TO ALL ACTIVI-
TIES NECESSARY OR INCIDENTAL TO THE ACTIVITIES OF THE DESCRIBED
OPERATIONS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*PRODUCTS-*COMPLETED *OPERATIONS" MEANS *INJURY AS DEFINED IN
GROUPS 1 AND 2, OCCURRING AWAY FROM THE PREMISES *YOU OWN OR RENT
AND RESULTING FROM *YOUR *WORK OR *YOUR *PRODUCT. IT INCLUDES
REPRESENTATIONS OR WARRANTIES MADE WITH RESPECT TO FITNESS, DURA-
BILITY, PERFORMANCE OR USE OF *YOUR *WORK OR *YOUR *PRODUCT, AND
THE PROVIDING OR FAILURE TO PROVIDE WARNINGS OR INSTRUCTIONS FOR
*YOUR *WORK OR *YOUR *PRODUCT. THIS DOES NOT APPLY IF:

1.  THE *PRODUCT IS STILL IN *YOUR PHYSICAL POSSESSION;
2.  THE WORK HAS NOT BEEN COMPLETED OR ABANDONED.

*YOUR *WORK WILL BE DEEMED COMPLETED AT THE EARLIEST OF THE
FOLLOWING:

1.  WHEN *YOU HAVE COMPLETELY FULFILLED A CONTRACT SPECIFYING THE
     *WORK;
2.  WHEN ALL *WORK TO BE PERFORMED BY *YOU AT A SPECIFIC SITE HAS
     BEEN COMPLETED;
3.  WHEN THE PORTION OF THE *WORK OUT OF WHICH THE *INJURY ARISES
     HAS BEEN PUT TO ITS INTENDED USE BY ANY ONE OTHER THAN A
     CONTRACTOR OR SUBCONTRACTOR WORKING ON THE SAME PROJECT.

*WORK REQUIRING SERVICE, MAINTENANCE, OR CORRECTIVE WORK, REPAIR,
OR REPLACEMENT BECAUSE OF A DEFECT, BUT WHICH IS OTHERWISE COM-
PLETED IS DEEMED COMPLETED.

*PRODUCTS-*COMPLETED *OPERATIONS DOES NOT INCLUDE *INJURY CAUSED
BY:

1.  THE TRANSPORTATION OF PROPERTY, UNLESS CAUSED BY THE LOADING
     OR UNLOADING OF A VEHICLE;
2.  THE EXISTENCE OF TOOLS, UNINSTALLED EQUIPMENT OR ABANDONED OR
     UNUSED MATERIALS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
ENDORSEMENT NO. 451
PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT (GARAGE)
COVERAGE PARTS 500 AND 980
UNICOVER VI
```

THE MOST WE WILL PAY

    PART A.3. IS ADDED AS FOLLOWS:

    3.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
        ARISING FROM *PRODUCTS-*COMPLETED *OPERATIONS, THE MOST *WE
        WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS AGGREGATE
        LIMIT SHOWN IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

THE MOST WE WILL PAY

    PART A.6. IS ADDED AS FOLLOWS:

    6.  WITH RESPECT TO *INJURY OR *COVERED *POLLUTION *DAMAGES
        ARISING FROM THE *PRODUCTS-*COMPLETED *OPERATIONS *HAZARD, THE
        MOST *WE WILL PAY IS THE ANNUAL PRODUCTS-COMPLETED OPERATIONS
        AGGREGATE LIMIT SHOWN IN THE DECLARATIONS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                        EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
INCLUDES COPYRIGHTED MATERIAL OF INSURANCE SERVICES OFFICE, INC.
WITH ITS PERMISSION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
ENDORSEMENT NO. 511
WELFARE AND PENSION BENEFIT PLAN
COVERAGE PART 380
UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WHEN EMPLOYEE DISHONESTY INSURANCE IS SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, SUCH INSURANCE IS CHANGED AS FOLLOWS:

DEFINITIONS

THE DEFINITION OF *EMPLOYEE IS CHANGED TO ADD THE FOLLOWING:

WITH RESPECT TO ANY EMPLOYEE WELFARE AND PENSION BENEFIT PLAN SHOWN IN THE DECLARATIONS AS AN *INSURED, *EMPLOYEE MEANS ANY PERSON WHO IS (A) *YOUR DIRECTOR OR TRUSTEE OR (B) A TRUSTEE, MANAGER, OFFICER OR *EMPLOYEE OF SUCH PLAN, WHILE THEY ARE ENGAGED IN THE HANDLING OF FUNDS OR OTHER PROPERTY OF SUCH PLAN OWNED, CONTROLLED OR OPERATED BY *YOU.

PART (2) OF THE DEFINITION OF *EMPLOYEE DOES NOT APPLY TO ANY *LOSS CAUSED BY AN *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

EXCLUSIONS

EXCLUSION A. DOES NOT APPLY TO ANY *LOSS CAUSED BY ANY *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

DEDUCTIBLES

ANY DEDUCTIBLE SHOWN IN THE DECLARATIONS AS APPLICABLE TO EMPLOYEE DISHONESTY DOES NOT APPLY TO *LOSS CAUSED BY ANY *EMPLOYEE AS DEFINED IN THIS ENDORSEMENT.

ADDITIONAL CONDITION

THE FOLLOWING CONDITION IS ADDED:

IF THE *INSURED FIRST NAMED IN THE DECLARATIONS IS AN ENTITY OTHER THAN A PLAN, ANY PAYMENT *WE MAKE TO THAT *INSURED FOR *LOSS SUSTAINED BY ANY PLAN WILL BE HELD BY THAT *INSURED FOR THE USE AND BENEFIT OF THE PLAN(S) SUSTAINING THE *LOSS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

PAGE 1 OF 1

```
         ENDORSEMENT NO. 660
        AGREED BUILDING VALUE
         COVERAGE PART 330
            UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *BUILDING SHOWN ON THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS COVERAGE PART:

DEFINITIONS

    PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO READ:

    1.  *BUILDING, ITS REPLACEMENT VALUE;

THE MOST WE WILL PAY

    PART I. IS ADDED TO PART A.1. OF THE MOST WE WILL PAY CONDITION AS FOLLOWS:

    I.  THE PROPORTION THAT THE LIMIT BEARS TO THE REPLACEMENT VALUE STATED IN THE DECLARATIONS.

THE COINSURANCE CONDITION IS DELETED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

PAGE 1 OF 1

ENDORSEMENT NO. 735
DISCRIMINATION DEDUCTIBLE – $10,000 OR PERCENTAGE
COVERAGE PARTS 500 AND 660
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEDUCTIBLES

PART B. OF THE DEDUCTIBLES CONDITION IS REPLACED BY THE FOLLOWING:

B.   INJURY GROUP 6

FROM THE AMOUNTS PAYABLE FOR *DAMAGES, SETTLEMENTS AND DEFENSE
COSTS FOR *INJURY GROUP 6, *WE WILL DEDUCT THE GREATER OF
$10,000 OR THE PERCENTAGE SHOWN IN THE DECLARATIONS FOR EACH
*SUIT OR CLAIM FILED AGAINST *YOU. THE MOST *WE WILL DEDUCT
FOR ALL *DAMAGES, SETTLEMENTS AND DEFENSE COSTS FOR EACH CLAIM
OR *SUIT IS THAT PERCENTAGE TIMES THE LIMIT SHOWN IN THE
DECLARATIONS.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  8-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 740
HAULAWAY COVERAGE
COVERAGE PARTS 830 AND 980
UNICOVER VI

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITIONS

WITH RESPECT TO AN *AUTO THAT IS A *HAULAWAY, THE DEFINITION OF
*OWNED *AUTO IS REPLACED BY THE FOLLOWING:

"*OWNED *AUTO" MEANS A *HAULAWAY *YOU OWN OR *LEASE THAT IS
SCHEDULED IN THE DECLARATIONS, AND ANY *AUTO *YOU PURCHASE OR
*LEASE AS ITS REPLACEMENT DURING THE COVERAGE PART PERIOD. IT
ALSO MEANS ANY TRAILER DESIGNED FOR USE WITH THE TYPE OF *AUTOS
SCHEDULED IN THE DECLARATIONS.

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1. OF EXCLUSION G.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED
IN THE DECLARATIONS.

COMMERCIAL UMBRELLA COVERAGE PART 980

EXCLUSIONS

THE FOLLOWING IS ADDED TO PART 1.A. OF EXCLUSION J.:

THIS EXCLUSION DOES NOT APPLY TO A *HAULAWAY THAT IS SCHEDULED
IN THE DECLARATIONS OF THE *UNDERLYING *INSURANCE.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:   A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
               ENDORSEMENT NO. 767
         INJURY GROUP 6 - DISCRIMINATION OR
      WRONGFUL EMPLOYMENT PRACTICES EXCLUDED
                  COVERAGE PART 980
                    UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITION

   THE FOLLOWING CHANGES ARE MADE TO THE DEFINITIONS CONDITION:

      PART 2. OF THE DEFINITION OF *DAMAGES IS DELETED.

      PART 6. OF THE DEFINITION OF *INJURY IS DELETED.

      PART 2. OF THE DEFINITION OF *OCCURRENCE IS REPLACED BY:

         2.  WITH RESPECT TO *INJURY GROUPS 3, 4 AND 5, ACTS OR
             OFFENSES OF THE *INSURED COMMITTED DURING THE COVERAGE
             PART PERIOD WHICH RESULT IN SUCH *INJURY.

      PART 3. OF THE DEFINITION OF *OCCURRENCE IS DELETED.

      THE LAST SENTENCE OF THE DEFINITION OF *SUIT IS REPLACED BY:

         *SUIT DOES NOT MEAN ADMINISTRATIVE ACTIONS OR EQUITABLE
         ACTIONS.

      THE FOLLOWING IS ADDED TO THE DEFINITION OF *UNDERLYING
      *INSURANCE:

         *UNDERLYING *INSURANCE ALSO DOES NOT INCLUDE ANY INSURANCE
         AFFORDED BY GARAGE COVERAGE PART 500 OR GENERAL LIABILITY
         COVERAGE PART 660 FOR *DISCRIMINATION OR *WRONGFUL *EMPLOY-
         MENT *PRACTICES.

 EXCLUSIONS

    THE FOLLOWING EXCLUSION IS ADDED:

    THIS INSURANCE DOES NOT APPLY TO *OCCURRENCE, SUIT OR CLAIM
    ARISING FROM *DISCRIMINATION OR *WRONGFUL *EMPLOYMENT *PRACTICES.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                   EDITION  1-2007
COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
ENDORSEMENT NO. 776
REPLACEMENT COST EQUIPMENT - COINSURANCE
COVERAGE PART 330
UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

WITH RESPECT TO *LOSS TO THE *EQUIPMENT SHOWN IN THE DECLARATIONS AS SUBJECT TO THIS ENDORSEMENT, THE FOLLOWING CHANGES ARE MADE IN THIS COVERAGE PART:

PART 1. OF THE DEFINITION OF *ACTUAL *CASH *VALUE IS CHANGED TO READ:

   1.  *EQUIPMENT (EXCEPT *ELECTRONIC *DATA *PROCESSING *EQUIPMENT, *MOBILE *EQUIPMENT, *DATA, *IMPROVEMENTS *AND *BETTERMENTS, *MEDIA AND PROPERTY OF OTHERS), ITS REPLACEMENT COST;

PART 9. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

   9.  *ELECTRONIC *DATA *PROCESSING *EQUIPMENT:

      (1)  IF REPLACEMENT IS NECESSARY, THE COST OF CURRENTLY AVAIL-ABLE *ELECTRONIC *DATA *PROCESSING *EQUIPMENT CAPABLE OF PERFORMING AT LEAST THE SAME FUNCTIONS. IF NOT REPLACED, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION;

      (2)  IF REPAIR IS NECESSARY, THE COST TO RESTORE DAMAGED *ELECTRONIC *DATA *PROCESSING *EQUIPMENT TO ITS CONDITION IMMEDIATELY PRIOR TO THE LOSS.

PART 10. IS ADDED TO THE DEFINITION OF *ACTUAL *CASH *VALUE:

   10.  MOBILE EQUIPMENT, ITS REPLACEMENT COST LESS ACTUAL (NOT TAX) DEPRECIATION.

THE FOLLOWING DEFINITION IS ADDED:

"*ELECTRONIC *DATA *PROCESSING *EQUIPMENT" MEANS MAINFRAME COMPU-TERS, NETWORK SERVERS, NETWORK ROUTERS, PERSONAL COMPUTERS AND WORKSTATIONS, LAPTOPS OR NOTEBOOK PERSONAL COMPUTERS, OTHER PORTABLE COMPUTER DEVICES AND THEIR ACCESSORIES, TELECOMMUNICA-TIONS EQUIPMENT AND FACSIMILE MACHINES. *ELECTRONIC *DATA *PRO-CESSING *EQUIPMENT INCLUDES PERIPHERAL EQUIPMENT SUCH AS PRINTERS, KEYBOARDS AND OTHER INPUT DEVICES, DATA TRANSMISSION LINES WITHIN *YOUR *BUILDING, MONITORS, MODEMS AND SCANNERS. *ELECTRONIC *DATA *PROCESSING *EQUIPMENT DOES NOT INCLUDE *DATA OR *MEDIA.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                         EDITION  1-2007

COPYRIGHT 2007 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 331 of 634

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 809
PERSONAL PROPERTY IN CUSTOMER'S AUTO EXCLUDED
COVERAGE PART 980
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSIONS

EXCLUSION K. IS REPLACED BY THE FOLLOWING:

K.  CARE, CUSTODY OR CONTROL

THIS INSURANCE DOES NOT APPLY TO *INJURY OR *COVERED *POLLU-
TION *DAMAGE TO PROPERTY OWNED BY, RENTED OR LEASED TO, USED
BY, TRANSPORTED BY, OR OTHERWISE IN THE CARE, CUSTODY OR
CONTROL OF THE *INSURED.

THIS EXCLUSION DOES NOT APPLY, WHEN *YOU HAVE COVERAGE IN THE
*UNDERLYING *INSURANCE, TO *INJURY:

1.  TO REAL OR PERSONAL PROPERTY NOT OWNED BY *YOU, OTHER
    THAN:

    A.  AN *AUTO; OR
    B.  PERSONAL PROPERTY WITHIN A *CUSTOMER'S *AUTO;

2.  TO *CUSTOMER'S *AUTOS;
3.  FOR LIABILITY ASSUMED BY *YOU UNDER A WRITTEN SIDETRACK
    AGREEMENT WITH RESPECT TO PROPERTY USED BY *YOU OR IN
    *YOUR CARE, CUSTODY, OR CONTROL.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  9-2008
COPYRIGHT 2008 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
              ENDORSEMENT NO. 811
        HOW WE WILL PAY CONDITION REVISED
              COVERAGE PART 300
                  UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

HOW WE WILL PAY

PART C. OF THE HOW WE WILL PAY CONDITION IS DELETED IN ITS ENTIRETY AND REPLACED BY THE FOLLOWING:

C.  WHEN SETTLEMENT IS BASED ON REPAIRS TO THE *COVERED *AUTO OR *COVERED *WATERCRAFT:

1.  IF *LOSS IS CAUSED BY A PERIL OTHER THAN WINDSTORM OR HAIL, THE MOST *WE WILL PAY IS 65% OF THE *RETAIL *CHARGES (UNLESS STATED OTHERWISE IN THE DECLARATIONS) ON PARTS, MATERIALS, AND LABOR.

2.  IF *LOSS IS CAUSED BY WINDSTORM OR HAIL, THE MOST *WE WILL PAY IS THE LESSER OF:

    A.  75% OF THE *RETAIL *CHARGES; OR
    B.  THE PERCENTAGE STATED IN THE DECLARATIONS,

    ON PARTS, MATERIALS, AND LABOR.

3.  HOWEVER, *WE WILL PAY THE ACTUAL EXPENSES *YOU INCUR FOR:

    A.  THAT PORTION OF REPAIRS THAT ARE MADE USING THE PAINT-LESS DENT REPAIR METHOD.

    B.  *LOSS CAUSED BY *COLLISION, IMPACT WITH A BIRD OR ANIMAL, FIRE, LIGHTNING, THEFT OR LARCENY, *EXTENDED *THEFT, MALICIOUS MISCHIEF OR VANDALISM, IF

        (1)  *YOU DO NOT POSSESS THE FACILITIES, PARTS, MATER-IALS, OR TECHNICAL EXPERTISE TO PERFORM THE REPAIRS, AND
        (2)  WITH *OUR APPROVAL, THE LABOR IS PERFORMED OR PARTS AND MATERIALS ARE FURNISHED BY A FACILITY NOT OWNED OR OTHERWISE AFFILIATED WITH *YOU.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                                  EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 811
HOW WE WILL PAY CONDITION REVISED
COVERAGE PART 300
UNICOVER VI


    C.  *LOSS THAT OCCURS 100 MILES OR MORE FROM *YOUR PLACE
        OF BUSINESS, IF THE *COVERED *AUTO OR *COVERED
        *WATERCRAFT IS REPAIRED 100 MILES OR MORE FROM *YOUR
        PLACE OF BUSINESS.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY
REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                EDITION  1-2009
COPYRIGHT 2009 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
                     ENDORSEMENT NO. 827
          EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
             COVERAGE PARTS 500, 660, 970 AND 980
                         UNICOVER VI
```

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

GARAGE COVERAGE PART 500 AND GENERAL LIABILITY COVERAGE PART 660

C.  EMPLOYER'S LIABILITY

    EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE FOLLOWING:

    *INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

        1. CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
        2. FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

    FOR WHICH:

        A. THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN ANY OTHER CAPACITY;
        B. THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
        C. *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

    THIS EXCLUSION DOES NOT APPLY:

        1. UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION WITH A RESIDENCE PREMISES;
        2. UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED IN EXCLUSION E.;
        3. TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY SUCH EMPLOYEE;
        4. TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY *YOU.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

```
                                   EDITION  1-2010
```

COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI


PERSONAL UMBRELLA COVERAGE PART 970

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN
ANY OTHER CAPACITY;
B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR
CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;
C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS
A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

PART A. DOES NOT APPLY TO "DOMESTIC EMPLOYEES." FOR THE PURPOSES
OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED
IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION
WITH A RESIDENCE PREMISES.

COMMERCIAL UMBRELLA COVERAGE PART 980

C.  EMPLOYER'S LIABILITY

EXCLUSION C. IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

*INJURY AS DEFINED IN GROUPS 1 AND 2, TO ANY:

1.  CURRENT EMPLOYEE OF THE *INSURED ARISING OUT OF AND IN THE
COURSE OF THEIR EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;
2.  FORMER EMPLOYEE OF THE *INSURED ARISING OUT OF THEIR
PREVIOUS EMPLOYMENT BY OR ON BEHALF OF THE *INSURED;

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL
CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK *
INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
ENDORSEMENT NO. 827
EXCLUSION C. - EMPLOYER'S LIABILITY REVISED
COVERAGE PARTS 500, 660, 970 AND 980
UNICOVER VI
```

FOR WHICH:

A.  THE *INSURED MAY BE HELD LIABILE AS AN EMPLOYER OR IN ANY OTHER CAPACITY;

B.  THE *INSURED MAY HAVE AN OBLIGATION TO INDEMNIFY OR CONTRIBUTE WITH ANOTHER BECAUSE OF SUCH *INJURY;

C.  *INJURY IS SUSTAINED BY ANY RELATIVE OF THE EMPLOYEE AS A CONSEQUENCE OF THE *INJURY TO SUCH EMPLOYEE.

THIS EXCLUSION DOES NOT APPLY:

1.  UNDER PART A. TO "DOMESTIC EMPLOYEES" OF THE *INSURED NOT ENTITLED TO WORKERS COMPENSATION BENEFITS. FOR THE PURPOSES OF THIS COVERAGE PART, "DOMESTIC EMPLOYEE" MEANS A PERSON ENGAGED IN HOUSEHOLD OR DOMESTIC WORK PERFORMED PRINCIPALLY IN CONNECTION WITH A RESIDENCE PREMISES;

2.  UNDER PART B. OF THIS EXCLUSION, TO ANY CONTRACT EXCEPTED IN EXCLUSION E.;

3.  TO DAMAGE TO OR LOSS OF USE OF TANGIBLE PROPERTY OWNED BY SUCH EMPLOYEE;

4.  TO ANY EMPLOYERS LIABILITY COVERAGE SHOWN AS *UNDERLYING *INSURANCE;

5.  TO *INJURY AS DEFINED IN GROUP 1, PART A., TO ANY OF *YOUR EMPLOYEES, WITH RESPECT TO ANY CLAIM MADE OR *SUIT FILED AGAINST THEM BY ANOTHER OF *YOUR EMPLOYEES BECAUSE OF AN *OCCURRENCE ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT BY *YOU.

ALL OTHER TERMS, CONDITIONS, PROVISIONS AND EXCLUSIONS OF THIS POLICY REMAIN UNCHANGED.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

```
                                     EDITION  1-2010
COPYRIGHT 2010 UNIVERSAL UNDERWRITERS INSURANCE COMPANY
```

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

ENDORSEMENT NO. 842
CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM
COVERAGE PARTS 320, 330, 660 AND 980
UNICOVER VI


THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DEFINITIONS

THE FOLLOWING DEFINITION IS ADDED:

"*CERTIFIED *ACT *OF *TERRORISM" MEANS AN ACT THAT IS CERTIFIED BY THE SECRETARY OF THE TREASURY, IN ACCORDANCE WITH THE PROVISIONS OF THE TERRORISM RISK INSURANCE ACT ("TRIA"), TO BE AN ACT OF TERRORISM. THE TERRORISM RISK INSURANCE ACT PROVIDES THAT THE SECRETARY OF TREASURY SHALL CERTIFY AN ACT OF TERRORISM:
1. TO BE AN ACT OF TERRORISM;

2. TO BE A VIOLENT ACT OR AN ACT THAT IS DANGEROUS TO HUMAN LIFE, PROPERTY OR INFRASTRUCTURE;

3. TO HAVE RESULTED IN DAMAGE WITHIN THE UNITED STATES, OR OUTSIDE OF THE UNITED STATES IN THE CASE OF AN AIR CARRIER (AS DEFINED IN SECTION 40102 OF TITLE 49, UNITED STATES CODE) OR A UNITED STATES FLAG VESSEL (OR A VESSEL BASED PRINCIPALLY IN THE UNITED STATES, ON WHICH UNITED STATES INCOME TAX IS PAID AND WHOSE INSURANCE COVERAGE IS SUBJECT TO REGULATION IN THE UNITED STATES), OR THE PREMISES OF A UNITED STATES MISSION; AND

4. TO HAVE BEEN COMMITTED BY AN INDIVIDUAL OR INDIVIDUALS AS PART OF AN EFFORT TO COERCE THE CIVILIAN POPULATION OF THE UNITED STATES OR TO INFLUENCE THE POLICY OR AFFECT THE CONDUCT OF THE UNITED STATES GOVERNMENT BY COERCION.

NO ACT MAY BE CERTIFIED AS AN ACT OF TERRORISM IF THE ACT IS COMMITTED AS PART OF THE COURSE OF A WAR DECLARED BY CONGRESS (EXCEPT FOR WORKERS' COMPENSATION) OR IF LOSSES RESULTING FROM THE ACT, IN THE AGGREGATE FOR INSURANCE SUBJECT TO TRIA, DO NOT EXCEED $5,000,000.


THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

EDITION  1-2015

COPYRIGHT 2015 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# UNIVERSAL UNDERWRITERS INSURANCE COMPANY

**7045 COLLEGE BOULEVARD OVERLAND PARK, KANSAS 66211-1523**

A Stock Insurance Company

```
              ENDORSEMENT NO. 842
   CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM
       COVERAGE PARTS 320, 330, 660 AND 980
                  UNICOVER VI
```

CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

IF AGGREGATE INSURED *DAMAGES, *COVERED *POLLUTION *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT THAT ARE ATTRIBUTABLE TO ONE OR MORE *CERTIFIED *ACTS *OF *TERRORISM EXCEED $100 BILLION IN A CALENDAR YEAR (JANUARY 1 THROUGH DECEMBER 31) AND *WE HAVE MET *OUR INSURER DEDUCTIBLE UNDER THE TERRORISM RISK INSURANCE ACT, *WE SHALL NOT BE LIABLE FOR THE PAYMENT OF ANY PORTION OF THE AMOUNT OF SUCH *DAMAGES, *COVERED *POLLUTION *DAMAGES, *INJURY, *LOSS, *OCCURRENCE, CLAIM OR *SUIT THAT EXCEEDS $100 BILLION, AND IN SUCH CASE INSURED CLAIMS UP TO THAT AMOUNT ARE SUBJECT TO PRO RATA ALLOCATION IN ACCORDANCE WITH PROCEDURES ESTABLISHED BY THE SECRETARY OF TREASURY.

APPLICATION OF OTHER EXCLUSIONS

THE TERMS AND LIMITATIONS OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, OR THE INAPPLICABILITY OR OMISSION OF A TERRORISM EXCLUSION OR ANY OTHER EXCLUSION, DO NOT SERVE TO CREATE COVERAGE WHICH WOULD OTHERWISE BE EXCLUDED, LIMITED OR RESTRICTED UNDER THIS POLICY.

THE FIRST SENTENCE OF THE DEFINITIONS CONDITION IN THE GENERAL CONDITIONS IS REPLACED BY:  A WORD IDENTIFIED WITH AN ASTERISK * INDICATES IT HAS A SPECIFIC MEANING AS DEFINED IN EACH COVERAGE PART.

                              EDITION  1-2015
COPYRIGHT 2015 UNIVERSAL UNDERWRITERS INSURANCE COMPANY

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**TABLE OF CONTENTS**

This Table of Contents lists the major sections of this policy, including the optional endorsements available for each Coverage Part.

Declarations ................................................................................................................................................. 1

State Amendatory Part.................................................................................................................................. 2

Table of Contents......................................................................................................................................... 3

Preamble ...................................................................................................................................................... 4

General Conditions ................................................................................................................................. GC-1

Auto Inventory (Coverage Part 300) .......................................................................................................300-1

Limited Collision Coverage – No. 005................................................................................................... END-1
Driveaway Collision Coverage – No. 006 ............................................................................................. END-1
Customer's Autos or Customer's Watercraft – Legal Liability – No. 008 .............................................. END-2
Customer's Autos or Customer's Watercraft – Excess Insurance – No. 009 ....................................... END-2
Broadened Coverage Other Property – No. 010 ................................................................................... END-2
Drive Other Autos – No. 011 ................................................................................................................ END-3
Customer Rental Coverage Excluded – No. 054 ................................................................................ END-23
Comprehensive Excluded on Floor Plan Insured Autos – No. 071...................................................... END-29
Collision Excluded on Floor Plan Insured Autos – No. 073 ............................................................... END-30
Extended Theft Excluded on Floor Plan Insured Autos – No. 074 ..................................................... END-30
Demonstrator-Company Auto Redefined – No. 075 ........................................................................... END-30
Floor Plan Excess Insurance – No. 076 ............................................................................................ END-30
Wraparound Comprehensive – No. 081 ............................................................................................. END-34
Wraparound Collision – No. 083 ....................................................................................................... END-34
Wraparound Extended Theft – No. 084 ............................................................................................. END-35

Difference in Conditions (Coverage Part 320) ........................................................................................320-1

Property (Coverage Part 330)..................................................................................................................330-1

Automatic Increase – No. 013 ............................................................................................................. END-4
Fluctuating Value – No. 015 ................................................................................................................ END-4
Replacement Cost-Building – No. 016 ................................................................................................. END-5
Glass Limited Coverage  - No. 017 ..................................................................................................... END-5
Additional Debris Removal and Demolition Cost - No. 019 .................................................................. END-5
Fire Liability – No. 020 ........................................................................................................................ END-6
Completed Value Builder's Risk – No. 021 .......................................................................................... END-7
Limit Per Employee – No. 022 ............................................................................................................. END-9
Accounts Receivable – No. 023 ........................................................................................................... END-9
Rents or Rental Value Monthly Limitation – No. 025 .......................................................................... END-11
Watercraft Covered – No. 026 ........................................................................................................... END-12
Contingent Liability Excluded – No. 050 ............................................................................................ END-22
Building Foundations Excluded – No. 053 .......................................................................................... END-23
Extra Expense – No. 068 ................................................................................................................... END-28
Value Protection Other Than Earthquake – No. 077 .......................................................................... END-30
Replacement Cost Equipment – No. 078 ........................................................................................... END-32
Earthquake – No. 079 ....................................................................................................................... END-33
Breakdown Excluded – No. 085 ......................................................................................................... END-35

Unicover VI
Edition 1-2007
Copyright © 2007 Universal Underwriters Insurance Company
PAGE 3-A

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 340 of 634
Page 340 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Crime (Coverage Part 380) ................................................................................................................... 380-1

Blanket Position – No. 027 .................................................................................................. END-14
Personal Accounts – No. 028 .............................................................................................. END-14
Increased Limits for Welfare and Pension Plans – No. 086 ............................................... END-35

Garage (Coverage Part 500) ................................................................................................................. 500-1

Broad Form Products Excluded – No. 029 ......................................................................... END-14
Additional Insured-Furnished Auto – No. 031 .................................................................... END-15
Additional Insured-Municipalities – No. 032 ...................................................................... END-15
Additional Insured-Property – No. 033 ............................................................................... END-15
Drive Other Autos – No. 034 .............................................................................................. END-16
Medical Payments – No. 035 .............................................................................................. END-16
Limited Medical Payments – No. 036 ................................................................................. END-17
Individual Medical Payments – No. 037 ............................................................................. END-17
Customer Rental Coverage Excluded – No. 054 ............................................................... END-23
Additional Insured-Furnished Auto Household Members – No. 088 .................................. END-36
Standard Form MCS-90 – No. 090 ..................................................................................... END-37
Underinsured Motorists – No. 091 ...................................................................................... END-37
Designated Individuals – No. 092 ....................................................................................... END-37
Auto Service Facility – No. 097 .......................................................................................... END-39

General Liability (Coverage Part 660) ................................................................................................... 660-1

Additional Insured-Premises – No. 041 ............................................................................. END-21
Premises Medical Payments – No. 095 .............................................................................. END-38

Basic Auto (Coverage Part 830) ........................................................................................................... 830-1

Auto Lessors Liability – No. 038 ......................................................................................... END-17
Daily Rental Autos – No. 039 ............................................................................................. END-19
Lower Limits For Rentees – No. 040 .................................................................................. END-20
Broad Form Drive Other Autos – No. 056 .......................................................................... END-23
Business Use Excluded – No. 057 ..................................................................................... END-24
Rentor Only Coverage – No. 059 ....................................................................................... END-25
Physical Damage in Mexico – No. 062 .............................................................................. END-25
Stated Amount – No. 063 ................................................................................................... END-26
Antique Autos – No. 064 .................................................................................................... END-26
Standard Form MCS-90 – No. 090 ..................................................................................... END-37
Underinsured Motorists – No. 091 ...................................................................................... END-37
Designated Individuals – No. 092 ....................................................................................... END-37
All Owned Autos Insured – No. 094 ................................................................................... END-38

Personal Umbrella (Coverage Part 970) ............................................................................................... 970-1

Commercial Umbrella (Coverage Part 980) .......................................................................................... 980-1

Additional Insureds – No. 043 ............................................................................................ END-21
Additional Insureds Use of Other Autos – No. 049 ........................................................... END-22
Employer's Liability Coverage – No. 066 ........................................................................... END-26
Umbrella Limits Inclusive – No. 089 .................................................................................. END-36
Owned Autos Excluded – No. 093 ..................................................................................... END-38

# UNICOVER

UNIVERSAL UNDERWRITERS INSURANCE COMPANY
A Stock Insurance Company
7045 College Boulevard, Overland Park, Kansas 66211-1523

# PREAMBLE

This entire document constitutes a multiple coverage insurance policy. Unless stated otherwise in a Coverage Part, each Coverage Part is made up of its provisions, plus those of the State Amendatory Part (if any), the General Conditions, and that portion of the Declarations referring to the Coverage Part, including all endorsements made applicable to that Coverage Part. Each Coverage Part so constituted becomes a separate contract of insurance.

This policy is signed by OUR President and Secretary, and where required by law, by one of OUR authorized representatives.

DENNIS F. KERRIGAN
SECRETARY

NANCY D. MUELLER
PRESIDENT

© Copyright 2007
Universal Underwriters Insurance Company

All rights reserved. This policy and its endorsements include copyrighted material of Insurance Services Office, Inc., with its permission. No part of this work covered by the copyrights hereon may be reproduced or copied in any form or by any means without the written permission of Universal Underwriters Insurance Company.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 342 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# GENERAL CONDITIONS

WE have issued this policy based on OUR understanding of YOUR agreements, statements, and representations, and in consideration of YOUR agreement to pay the required premiums when due. By accepting this policy YOU agree that YOU have been truthful with US, and that all agreements between YOU and US are included in the policy and declarations. WE, therefore, agree with YOU as stated in this policy, its endorsements, and the declarations.

## *Definitions*

A word written in upper case letters indicates it has a specific meaning as defined in each coverage part. The following definitions apply to any coverage part where they appear:

A. "INSURED" means any person or organization qualifying as an INSURED in the WHO IS AN INSURED provision of the coverage part.

B. "WAR" means war (whether declared or not), civil war, rebellion, insurrection, revolution, usurped power, military or warlike action (including action in hindering or defending against an actual or expected attack), or any act or condition incident to any of these.

C. "WE", "US", or "OUR" means Universal Underwriters Insurance Company.

D. "YOU" and "YOUR" means the person or organization shown in the declarations as the Named Insured.

## *Premium*

Named Insured 01 must pay all required premiums when due, on the basis specified in the declarations:

A. "Variable" - each month YOU must calculate the earned premiums by multiplying the rates (shown on the required reports of values) times the values YOU report as applicable to those rates. Together with the specific premiums shown on the report, WE must receive payment within 15 days after the end of the calendar month for which the report is to be submitted. There will be no final adjustment in the earned premium if the values reported are accurate and premiums are paid promptly when due.

B. "Non-variable" - each month YOU must report any required values and pay the provisional premium due each month. WE must receive this premium by the date shown in OUR billing. At the end of the policy period, after WE have received all the required reports, WE will calculate the earned premiums. If it is more than YOU paid, YOU will pay US the difference. If it less, WE will refund the difference.

C. "Adjustable" - each month WE will bill YOU for a portion of the annual premium. WE must receive this premium by the date shown in OUR billing. At the end of the policy period, WE will audit YOUR records. Based on OUR findings WE will calculate the earned premiums. If it is more than YOU have paid, YOU will pay US the difference. If it is less, WE will refund the difference.

D. "Fixed" - each month WE will bill YOU for a portion of the annual premium for which there is no annual adjustment. WE must receive this premium by the date shown in OUR billing.

E. "Annual" - the entire annual premium is due upon issuance of the policy.

Named Insured 01 will be the payee for any return premiums WE pay.

## *Premium Collection*

YOU must pay OUR expenses, including attorney fees, spent to collect premium from YOU.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 344 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

## Inspection and Audit

WE have the right, but not the duty, to inspect the insured property or operations at any time. OUR inspections are not safety inspections. They relate only to insurability and the premiums to be charged.

WE may give YOU reports on the conditions WE find and recommend changes. While they may help reduce losses, WE do not undertake to perform the duty of any person to provide for the health or safety of YOUR employees or the public. WE do not warrant the property or operation is healthful or safe, or that they conform to any rule, regulations, standard, code or law.

Any rate organization and any organization WE hire to make insurance inspections, surveys, reports or recommendations are subject to this provision.

YOU must keep accurate records and send them to US promptly upon request. WE have the right to examine and audit YOUR books and records at any time, up to three years after this policy ends.

YOU must allow US to perform any inspection or audit.

## Financial Responsibility Laws

A state motor vehicle law may require an INSURED to prove future financial responsibility. If WE certify this policy as providing such proof, that INSURED must repay US for any payments WE would not have had to pay without the certification.

## Concealment or Fraud

This insurance will be void if YOU or any other INSURED, at any time, willfully lie to US, conceal, or misrepresent any material facts relating to this insurance.

## Compliance with Conditions

WE have no duty to provide coverage under any coverage part unless YOU or any other INSURED has fully complied with all Conditions applicable to that coverage part.

## Actions Against Us

No one may bring legal action against US for any reason, to recover under this policy, unless they have complied with all of its terms.

A legal action for LOSS to YOUR property must be brought within 12 months from the date YOU discover the LOSS, but no sooner than 90 days after YOU file a sworn proof of LOSS.

A legal action for liability claims cannot be brought until the amount of the INSURED'S liability has been finally determined, either by trial or a written agreement between the claimant, the INSURED and US. Once that liability has been so determined, WE will pay up to the limit as shown in the declarations. No one can join US in taking legal action against YOU, or an INSURED, or take such actions directly against US.

OUR obligations to an INSURED remain, even if the INSURED becomes bankrupt or insolvent.

## Ownership - Interests Covered

The insured property may be owned by YOU, held by YOU (whether or not YOU are legally liable for physical loss of or damage to the property), or may be property for which YOU are legally liable for physical loss or damage. However, except with respect to a Security Interest subject to the Mortgage Clause or Loss Payable Provisions, this insurance is for YOUR benefit only and provides no rights or benefit to any other person or organization.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

### Other Insurance

Unless stated otherwise in a coverage part, WE will pay only the amount of the covered LOSS or INJURY in excess of the amount due from any other insurance, whether it is collectible or not.

### Non-Stacking of Limits

If more than one coverage part or policy issued by US to YOU should insure a LOSS, INJURY, OCCURRENCE, claim or SUIT, the most WE will pay is the highest limit applicable. The limit under that coverage part or policy will be inclusive of the lower limit in the other coverage part or policy, not in addition to them.

If more than one item of insurance in the same coverage part should insure a LOSS, INJURY, OCCURRENCE, claim or SUIT, the most WE will pay is the highest limit applicable. The limit under that item will be inclusive of the lower limit, not in addition to it.

### Subrogation

YOU and each INSURED must do all in their power to preserve their rights to recover from others. Once WE have made a payment under this policy, whether or not YOU or an INSURED are fully compensated, YOUR or an INSURED'S rights to recover from others become OUR rights.

However, with respect to LOSS to YOUR AUTOS, WE will not exercise OUR right of subrogation at YOUR request.

### Recovered Property or Autos

YOU must promptly report and return to US any property or covered AUTO YOU recover after loss settlement.

### Changes

The only way this policy can be changed is OUR issuing an endorsement(s) or substituting the declarations. They must be signed by one of OUR representatives when required by law. Nothing else will change this policy, waive any of its terms, or stop US from asserting any of OUR rights, not even notice to or knowledge learned by one of OUR representatives.

If WE change any of the terms of this policy, which broadens or extends the coverage, this policy will automatically be broadened or extended as if it were actually endorsed, if the change:

A.  was approved by YOUR state insurance regulatory authority, during the policy period or within 45 days before the policy became effective; and

B.  is available to YOU without additional premiums.

### Assignment

No assignment of interest will affect this policy unless WE change the policy. If YOU die, however, YOUR legal representative can act on YOUR behalf. Until YOUR legal representative is appointed, anyone having proper temporary custody of YOUR property will have YOUR rights and duties but only with respect to that property.

### Cancellation

Either YOU or WE can cancel this policy by notifying the other.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Named Insured 01 may cancel by returning the policy or writing to US stating the future date YOU want the cancellation to be effective. Cancellation will take effect upon the return of the policy or the future date stated in YOUR written notice to US. The earned premiums will be calculated to include a short rate penalty of 10% of the estimated premium for the remainder of the policy period.

WE will not impose the penalty if YOU no longer have a financial or insurable interest in the covered property or business.

If WE cancel, a written notice of cancellation will be mailed to YOU at the address shown in the declarations. The notice will state when, not less than 10 days thereafter, the cancellation will be effective. The mailing of the notice will be sufficient proof of notice. The effective date and hour of cancellation stated in the notice will become the end of the policy period. Delivery of such written notice, either by YOU or US, will be equivalent to mailing.

Notice sent to Named Insured 01 will be deemed to be notice to all INSUREDS. WE will send any pro-rata premium refund due when WE cancel to Named Insured 01.

## Policy Period

All insurance under this policy will begin and end at 12:01 a.m. (Standard Time) unless it replaces, or is replaced by, a policy beginning or ending at 12:00 noon (Standard Time). In that event, OUR policy is amended to coincide with that time.

This policy starts on the first date shown in Item 1 of the declarations, and ends on the second date shown there. Any coverage or property added or removed during that time, will be covered for the period shown separately in the declarations.

## Policy Territory

Unless stated otherwise in a coverage part, this policy covers:

A.  anywhere in the United States of America, its territories or possessions, or Canada.

B.  in international waters or air spaces if the LOSS or INJURY occurs in the course of travel or transportation between countries, states or nations included in A. above.

C.  anywhere in the world, if the INJURY arises out of a PRODUCT YOU sold for use or consumption in A. above, if the SUIT is brought in the United States of America, its territories or possessions, or Canada.

## Appraisal

If YOU and WE cannot agree on the value of the property or the amount of YOUR property LOSS, either of US can demand an appraisal. Then, each will select a competent and disinterested appraiser who will, in turn, select a competent and disinterested umpire. If the appraisers cannot agree on an umpire, YOU or WE may request the selection be made by a judge of a court having jurisdiction.

Each appraiser will state their appraisal of the value or LOSS. If they cannot agree, they will submit their differences to the umpire. The value of the property or amount of the LOSS will be determined by a written agreement of any two of them. Such an agreement is binding.

YOU and WE will each pay their own appraiser, and equally share the other expenses of the appraisal and the umpire. WE will not be held to have waived any of OUR rights by any act relating to appraisal.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

## *Conforming to Law*

If any part of this policy is in conflict with local, state or federal law, those provisions in conflict will automatically change to conform to the law. If any statute requires more time to notify US of a LOSS, or to start any legal action, the coverage part is changed to agree with the shortest time period permitted by statute.

## *Participation*

YOU will be entitled to participate in the distribution of policy dividends as authorized by OUR Board of Directors from time to time.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# AUTO INVENTORY
## COVERAGE PART 300

This coverage part and the specific coverages that comprise this coverage part apply only when they are shown in the declarations. In Item 2 of the declarations, each named insured, other insured and security interest is given a corresponding letter or number designation. Insurance provided by this coverage part will not apply to any named insured, other insured or security interest unless its corresponding letter or number appears next to a specific coverage in Item 3 of the declarations for this coverage part.

The General Conditions apply except as amended or replaced in this coverage part.

## *Insuring Agreement*

WE will pay for LOSS of or to a COVERED AUTO or COVERED WATERCRAFT located within the policy territory at the time of LOSS, from any cause, except as stated otherwise in the declarations or excluded, including sums an INSURED legally must pay as damages as a result of LOSS to a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT.

WE have the right and duty to defend any suit for damages for LOSS to a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT. However, WE have no such duty for LOSS not covered by this coverage part. WE may investigate and settle any claim or suit WE consider appropriate. Payment of OUR limit ends OUR duty to defend or settle that LOSS.

## *Definitions*

When used in this coverage part:

A. "AUTO" means any type of land motor vehicle, (whether crated or not), trailer or semi-trailer, farm tractor or implement, each including its equipment and other equipment permanently attached to it.

B. "COLLISION" means:

1. impact of a COVERED AUTO or COVERED WATERCRAFT with another object or with a vehicle to which it is attached; or
2. upset of the COVERED AUTO or COVERED WATERCRAFT.

COLLISION does not mean impact of a COVERED AUTO or COVERED WATERCRAFT with a bird or animal.

C. "COMPREHENSIVE" means the perils defined in SPECIFIED PERILS and UNNAMED PERILS.

D. "COVERED AUTO" means an AUTO:

1. owned by or acquired by YOU; or
2. not owned by YOU, but in YOUR care, custody, or control.

E. "CUSTOMER'S AUTO" means a COVERED AUTO not owned or acquired by YOU, nor consigned to YOU, but in YOUR care, custody or control for safekeeping, storage, service or repair. It also means the property of others within the CUSTOMER'S AUTO when LOSS is caused by COLLISION.

F. "COVERED WATERCRAFT" means a WATERCRAFT:

1. owned by or acquired by YOU; or
2. not owned by YOU, but in YOUR care, custody, or control.

G. "CUSTOMER'S WATERCRAFT" means a COVERED WATERCRAFT not owned or acquired by YOU, nor consigned to YOU, but in YOUR care, custody or control for safekeeping, storage, service or repair. It also means the property of others within the CUSTOMER'S WATERCRAFT.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

H. "DEMONSTRATOR-COMPANY AUTO" means a COVERED AUTO shown on YOUR records as a demonstrator or company AUTO, and

   1. used in YOUR sales operation; or
   2. furnished for the regular use of anyone.

DEMONSTRATOR-COMPANY AUTO also means a COVERED AUTO YOU rent or lease from others for use in YOUR business.

I. "EXTENDED THEFT" means:

   1. YOUR voluntarily parting with evidence of title to or possession of a COVERED AUTO or COVERED WATERCRAFT when induced by:

     a. a forged or counterfeit instrument received in payment.
     b. a check or other instrument written on a closed account.
     c. any document related to a purchase, rental or lease transaction on which the name, social security number or signature of the purchaser, rentee or lessee is false or forged.
     d. any other criminal scheme, criminal trick or criminal device which induces YOU, at that time, to part with evidence of title to or possession of the COVERED AUTO or COVERED WATERCRAFT.

   2. YOUR having acquired possession of an AUTO or WATERCRAFT that is stolen or which has a forged, altered, or counterfeit title or invalid duplicate title.

   3. the unauthorized possession (without intent to return) of a COVERED AUTO by:

     a. YOUR customer:

       (1) while the COVERED AUTO temporarily replaces the CUSTOMER'S AUTO;
       (2) awaiting delivery of an AUTO purchased from YOU;
       (3) for the purpose of a test drive or other demonstration.

     b. any person to whom YOU furnish a COVERED AUTO for their regular use.

     Part 3.a. does not apply to rentals otherwise excluded.

   4. the unauthorized possession (without intent to return) of COVERED WATERCRAFT by YOUR customer while:

     a. the WATERCRAFT temporarily replaces CUSTOMER'S WATERCRAFT in for repair;
     b. awaiting delivery of WATERCRAFT purchased from YOU;
     c. on demonstration.

J. "GOVERNMENT CONFISCATION" means seizure of an AUTO or WATERCRAFT owned or acquired by YOU, by a duly constituted governmental or civil authority, for an alleged violation of laws governing the use, sale or distribution of controlled substances, including those laws governing the reporting of monies from such activities.

K. "LOSS" means direct and accidental physical loss or damage, occurring during the coverage part period. LOSS, with respect to a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT, includes resulting loss of use.

With respect to EXTENDED THEFT, all transactions with any one person, organization, group of individuals or ring will be deemed to be one LOSS. With respect to GOVERNMENT CONFISCATION, all actions by any one person, organization, group of individuals or ring which result in seizure(s) will be deemed one LOSS.

PAGE 300-2        Copyright © 2007 Universal Underwriters Insurance Company        Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.       Edition 1-2007

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 351 of 634

Page 351 of 634

With respect to COVERED AUTOS or COVERED WATERCRAFT physically stolen by YOUR employee, all LOSS caused by or involving one or more employees, or act or series of acts involving one or more persons will be deemed to be one LOSS.

L. "NEW AUTO" means a COVERED AUTO owned or acquired by or consigned to YOU and held for sale, not previously owned, titled or registered, and not used for any purpose other than road testing. NEW AUTO also means a COVERED AUTO that is subject to a SPOT DELIVERY.

M. "RETAIL CHARGES" means the usual and customary price YOU charge customers for parts, material, or labor.

N. "SERVICE AUTO" means a COVERED AUTO shown on YOUR records as a service vehicle, and used in YOUR service operations.

O. "SPECIFIED PERILS" means:

1. fire, lightning, smoke or smudge due to fire.
2. stranding, sinking, burning, or derailment of any conveyance transporting the COVERED AUTO or COVERED WATERCRAFT.
3. theft or larceny.
4. windstorm, hail, earthquake, explosion, riot or civil commotion, the forced landing of any aircraft or its parts.
5. flood or rising waters, including surface water, waves, tidal wave or water, storm surge, tsunami, overflow of any body of water, or their spray, all whether or not driven by wind; external discharge or leakage of waters except LOSS resulting from snow, rain, or sleet (whether or not wind-driven).
6. malicious mischief or vandalism.
7. LOSS caused by a servicing hoist or other device designed to raise an entire AUTO or WATERCRAFT.

P. "SPOT DELIVERY" means a conditional sale in which ownership of the COVERED AUTO has not yet been transferred to YOUR customer.

Q. "UNNAMED PERILS" means all causes of LOSS not defined in COLLISION, SPECIFIED PERILS, EXTENDED THEFT, or excluded.

R. "USED AUTOS" means all COVERED AUTOS owned or acquired by or consigned to YOU that are held for sale by YOU and not otherwise defined in this coverage part. USED AUTOS also means COVERED AUTOS that are subject to a SPOT DELIVERY.

S. "WATERCRAFT" means a vessel designed for travel on water, and includes its carrier. WATERCRAFT does not include any vessel designed to be airborne or submerged.

## *Who Is An Insured*

With respect to LOSS under this coverage part:

A. YOU.

B. YOUR partners, paid employees, directors, executive officers, and stockholders while acting within the scope of their duties as such with respect to a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT.

## *Exclusions*

WE will not pay for LOSS:

A. while the AUTO or WATERCRAFT is being used as a public livery conveyance, or in any illicit trade or transportation. This exclusion does not apply to GOVERNMENT CONFISCATION.

B. due to WAR.

C. caused by mechanical or electrical breakdown or failure.

D. due and confined to wear, tear or freezing.

E. from EXTENDED THEFT:

    1. due solely to an undisclosed lien.
    2. due solely to an insufficient funds check.
    3. due to incorrect information on any document related to a purchase, rental or lease transaction, except as covered under Part 1.c.of the definition of EXTENDED THEFT.
    4. as the result of YOUR obligation under a contract or agreement in which YOU agree to be liable in the event of default by the purchaser.
    5. under Part 1.d. of the definition of EXTENDED THEFT, due solely to non-payment, for any reason, of any credit YOU extend. This includes bankruptcy, other insolvency proceedings or failure to honor post-dated checks.

F. due to confiscation by duly constituted governmental or civil authority. This exclusion does not apply to GOVERNMENT CONFISCATION.

G. due to radioactive contamination, nuclear radiation, nuclear reaction, or the explosion or malfunction of a nuclear weapon, device, or facility or their consequences.

H. caused by any dishonest, fraudulent, criminal, or intentional act committed by YOU or YOUR stockholders, partners, officers, employees, agents, or other party in interest. This exclusion does not apply to:

    1. a COVERED AUTO or COVERED WATERCRAFT physically stolen, destroyed or damaged by YOUR employee acting without the knowledge of YOUR partners or executive officers.
    2. part 3.b. of the definition of EXTENDED THEFT.
    3. GOVERNMENT CONFISCATION caused by an employee(s) acting without the knowledge or consent of YOUR partners or executive officers.

I. while the COVERED AUTO or COVERED WATERCRAFT is operated in, or in practice or preparation for, any prearranged or organized race, rally, speed, demolition, or competitive contest, or in any stunting activity.

J. when YOU voluntarily part with evidence of title to or possession of a COVERED AUTO or COVERED WATERCRAFT, except by EXTENDED THEFT.

K. to a COVERED AUTO or COVERED WATERCRAFT leased or rented to others. This exclusion does not apply to a COVERED AUTO leased or rented to:

    1. YOUR partners, employees, owners, directors, stockholders and executive officers for use principally in YOUR AUTO business.

    2. YOUR customers for a period of 90 days or less when:

        a. it temporarily replaces the CUSTOMER'S AUTO; or
        b. the customer is awaiting delivery of an AUTO purchased from YOU.

L. to an AUTO or WATERCRAFT owned by, leased or rented to YOUR employee or members of their household. This exclusion does not apply:

    1. if their AUTO or WATERCRAFT is being serviced or repaired by YOU under a written agreement.
    2. to a COVERED AUTO leased or rented to YOUR partners, employees, owners, directors, stockholders and executive officers for use principally in YOUR AUTO business.

M. due to loss of use caused by delay of service or repair, defective parts or materials or faulty work performed. This exclusion does not apply to loss of use of a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT caused by faulty work performed, defective parts or materials.

N. due solely to:

1. any unexplained or mysterious disappearance, or
2. shortage disclosed by the taking of inventory or from the calculation of profit or loss.

O. to any two-way mobile radio or telephone, citizens band radio, radar detector, scanning monitor or device for recording or reproducing sound or pictures, all including its accessories and antennas. This does not apply to:

1. tape decks, compact disc players, video cassette recorders, digital video disc players, video cameras, other sound reproducing equipment, or a device for viewing visual images, when any of the above are permanently installed in, and antennas permanently attached to, the COVERED AUTO or COVERED WATERCRAFT.
2. two-way mobile radio or telephone, citizens band radio or scanning monitor which are permanently installed in the opening or place normally used by the manufacturer for the installation of such equipment.

P. resulting from depreciation or diminished value. This exclusion does not apply to:

1. diminished value resulting from LOSS to a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT; or
2. diminished value loss as described under part H. of We Will Also Pay.

Q. to a CUSTOMER'S AUTO, or to audio or video tapes, records, compact discs, digital video discs, or other devices designed for use with sound or video reproducing equipment within a CUSTOMER'S AUTO:

1. resulting from windstorm, hail, flood as described in part 5. of the definition of SPECIFIED PERILS, earthquake or any other natural disaster. This exclusion does not apply if YOU are legally liable for such LOSS.

2. resulting from YOUR accepting responsibility for LOSS under any agreement, if such LOSS results from:

   a. windstorm, hail, flood as described in part 5. of the definition of SPECIFIED PERILS, earthquake or any other natural disaster; or
   b. any other peril not covered by or declared for this coverage part.

R. to CUSTOMER'S WATERCRAFT:

1. resulting from windstorm, hail, flood as described in part 5. of the definition of SPECIFIED PERILS, earthquake or any other natural disaster. This exclusion does not apply if YOU are legally liable for such LOSS.

2. resulting from YOUR accepting responsibility for LOSS under any agreement, if such LOSS results from:

   a. windstorm, hail, flood as described in part 5. of the definition of SPECIFIED PERILS, earthquake or any other natural disaster; or
   b. any other peril not covered by or declared for this coverage part.

S. to property within a CUSTOMER'S WATERCRAFT resulting from YOUR accepting responsibility for LOSS for such property under any agreement.

T. to WATERCRAFT:

  1. over 35 feet in length.
  2. when used for nonbusiness purposes, regardless of length.

## *You Must Report*

If the Premium condition requires YOU to report, YOU must report the cost of all AUTOS and WATERCRAFT owned or consigned to YOU as of the last business day of that month. WE must receive the report within 15 days after the end of each calendar month. YOU may not correct inaccurate reports after LOSS.

## *The Most We Will Pay*

Regardless of the number of INSUREDS, premiums charged, claims made, suits brought, AUTOS or WATERCRAFT insured, or amounts awarded against an INSURED, the most WE will pay for any one LOSS to COVERED AUTOS and COVERED WATERCRAFT is the least of the following:

A. the total cost of all COVERED AUTOS and COVERED WATERCRAFT.

B. if the Premium condition requires YOU to report, with respect to COVERED AUTOS and COVERED WATERCRAFT owned by or consigned to YOU, the percentage the last report of AUTO and WATERCRAFT values (received by US prior to the LOSS) bears to the cost of all such AUTOS and WATERCRAFT that YOU should have reported.

C. if the Premium condition does not require YOU to report, with respect to COVERED AUTOS and COVERED WATERCRAFT owned by or consigned to YOU, the percentage the limit stated in the declarations bears to the total value of all such COVERED AUTOS and COVERED WATERCRAFT at the time of the LOSS.

D. from EXTENDED THEFT, the limit stated in the declarations for that peril.

E. for all COVERED AUTOS or COVERED WATERCRAFT that are physically stolen by YOUR employee(s) in a policy period, the greater of $50,000 or an amount equal to the EXTENDED THEFT limit stated in the declarations.

  This is the most WE will pay for any one LOSS, regardless of the number of years this coverage part continues in force, and is not cumulative from one coverage part period to another, or from one year to another.

F. for property of others, as defined in CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT, up to $10,000.

G. from GOVERNMENT CONFISCATION, $100,000.

H. the limit stated in the declarations.

If, at the time of LOSS, YOU have failed to file all required reports of values, WE will pay no more than the amounts shown on the last report received by US prior to the LOSS. If the delinquent report is the first one due, WE will pay no more than 75% of the limit stated in the declarations.

However, if at the time of the LOSS:

  1. YOU have reported as required under YOU MUST REPORT;
  2. YOU reported the full required values of all owned or consigned AUTOS and WATERCRAFT on each report; and
  3. the last report due before the LOSS is not delinquent;

  part H. of The Most We Will Pay is amended to read: "H. 125% of the limit stated in the declarations."

PAGE 300-6          Copyright © 2007 Universal Underwriters Insurance Company          Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission.          Edition 1-2007

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

## *We Will Also Pay*

In addition to payments in The Most We Will Pay provision, WE will also pay, after LOSS:

A.  up to $20 a day, but not for more than $600, for expenses incurred by YOU arising out of loss of use of a DEMONSTRATOR-COMPANY AUTO or SERVICE AUTO.

B.  all ordinary and necessary expenses to return a COVERED AUTO or COVERED WATERCRAFT to YOU and a reasonable amount for depreciation for LOSS caused by theft or EXTENDED THEFT.

C.  premiums on appeal bonds or bonds to release property used to secure YOUR legal obligations, in a suit WE defend, but only for bonds up to OUR limit. But, WE do not have to furnish or secure these bonds.

D.  all costs and expenses in defending an INSURED, and interest on that part of the judgment covered by this coverage part within OUR limits, that accrues after entry of any judgment in any suit WE defend, but only until WE have paid, offered to pay or deposited in court that part of the judgment that is within OUR limit.

E.  up to $500 a day for loss of earnings (but not other income) because of attendance at hearings or trials at OUR request.

F.  up to $10,000 for expenses incurred with OUR prior permission to remove COVERED AUTOS or COVERED WATERCRAFT endangered from an insured peril. Such expenses will be paid even if YOU sustain no LOSS.

G.  other reasonable expenses, including the removal of debris, incurred at OUR request.

H.  Diminished Value Extension

   1.  In addition to the amount due YOU for LOSS caused by fire, lightning, smoke or smudge due to fire, stranding, sinking, burning, or derailment of any conveyance transporting the COVERED AUTO, theft or larceny, GOVERNMENT CONFISCATION, explosion, malicious mischief or vandalism, LOSS caused by a servicing hoist designed to raise an entire AUTO, COLLISION or EXTENDED THEFT, WE will pay YOU for "diminished value loss" to a NEW AUTO or "demonstrator" AUTO owned by YOU, provided the cost to repair equals or exceeds 10% of YOUR "cost" for that AUTO.

   2.  The insurance afforded by this extension does not apply to:

       a.  AUTOS insured by YOUR floor plan or finance source.
       b.  "demonstrator" AUTOS which have been driven more than 6,000 miles at the time of the LOSS.
       c.  AUTOS sold to YOU, YOUR employees, YOUR relatives, YOUR employees' relatives, or an entity in which YOU have a financial interest.
       d.  LOSS caused by COLLISION when someone other than US pays for the LOSS.

   3.  The most WE will pay under this extension is 10% of YOUR "cost" for the NEW AUTO or "demonstrator" AUTO.

   4.  As used in this extension:

       a.  "Diminished value loss" occurs when YOUR "selling price" is less than YOUR "cost".
       b.  "Demonstrator" AUTO means a COVERED AUTO shown on YOUR records as a demonstrator AUTO and used in YOUR sales operation.
       c.  "Selling price" means the final retail or wholesale price of a NEW AUTO or "demonstrator" AUTO including commission and excluding charges for taxes, title, registration and license. If YOU accept a trade-in when selling a NEW AUTO or "demonstrator" AUTO, the "selling price" of such AUTO will be the payment received plus the greater of:

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

(1)  the NADA wholesale value of the trade-in; or
(2)  the actual trade-in allowance.

If the AUTO subject to this extension is not repaired prior to sale, the "selling price" includes the appraised value of that repair.

    d.  YOUR "cost" means the amount of the dealer invoice for a COVERED AUTO plus dealer installed accessories and equipment less profit, holdback, advertising and overhead.

I.  Fire Department Service Charges, Recharge of Automatic Fire Extinguishing System and Arson Rewards

WE will also extend this insurance to pay, after covered LOSS, up to $25,000 to apply in any combination to:

1.  fire department service charges assumed under a contract or agreement or required by local ordinance. This extension applies only to the service charge, not to any liability for injury to any person or property from any cause.
2.  expenses actually incurred to recharge any pressurized automatic fire extinguishing system due to discharge.
3.  arson rewards.

## *How We Will Pay*

A.  At OUR option, WE will pay for, repair, or replace the damaged or stolen COVERED AUTO or COVERED WATERCRAFT, or will require YOU to replace, repair, or sublet repairs to such COVERED AUTO or COVERED WATERCRAFT. WE will also decide which repair method to use.

B.  When settlement is based on replacement of a COVERED AUTO or COVERED WATERCRAFT, the most WE will pay is YOUR actual cost, exclusive of YOUR profit, holdback, or overhead expenses.

C.  When settlement is based on repairs to the COVERED AUTO or COVERED WATERCRAFT:

1.  if LOSS is caused by a peril other than windstorm or hail, the most WE will pay is 65% of the RETAIL CHARGES (unless stated otherwise in the declarations) on parts, materials, and labor, when labor is performed or when parts or materials are furnished by YOU.

2.  if LOSS is caused by windstorm or hail, the most WE will pay is the lesser of 75% of the RETAIL CHARGES or the percentage stated in the declarations, on parts, materials, and labor, when labor is performed or when parts or materials are furnished by YOU.

3.  However, WE will pay the actual expenses YOU incur for:

    a.  that portion of repairs that are made using the paintless dent repair method.

    b.  LOSS caused by COLLISION, impact with a bird or animal, fire, lightning, theft or larceny, EXTENDED THEFT, malicious mischief or vandalism, if

      (1)  YOU do not possess the facilities, parts, materials, or technical expertise to perform the repairs, and
      (2)  with OUR approval, the labor is performed or parts and materials are furnished by a facility not owned or otherwise affiliated with YOU.

    c.  LOSS that occurs 100 miles or more from YOUR place of business, if the COVERED AUTO or COVERED WATERCRAFT is repaired 100 miles or more from YOUR place of business.

D.  Before payment of the LOSS, WE may take all or any part of the salvage at the agreed or appraised value. There will be no abandonment to US.

PAGE 300-8

Copyright © 2007 Universal Underwriters Insurance Company

Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Edition 1-2007

Case 2:26-cv-04162-WJE   Document 1-2   Filed 07/10/26   Page 357 of 634

Page 357 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

E.  Loss Payable Provisions

    1.  WE will pay any covered LOSS both to YOU and the Security Interest shown in the declarations, as interests may appear. Their interest is protected, to the extent that this insurance applies, unless LOSS results from YOUR wrongful conversion, embezzlement or secretion.

    2.  WE may cancel the policy as allowed in the CANCELLATION provisions. Cancellation ends this agreement as to the interest of the Security Interest.

    3.  If WE make any such payment to the Security Interest, WE obtain their rights against any other party.

## *Deductibles*

A.  From the amount of LOSS, as determined above, WE will subtract a reasonable amount for depreciation as well as the applicable deductible shown in the declarations. The deductible applies to each COVERED AUTO or COVERED WATERCRAFT unless stated otherwise in this coverage part or in the declarations.

When more than one deductible is shown in the declarations for a peril, AUTO or WATERCRAFT, the deductible per AUTO or WATERCRAFT is shown first, then the deductible per LOSS.

    1.  If shown in the declarations, the deductibles for flood, theft or windstorm-hail apply instead of the COMPREHENSIVE deductible when LOSS is caused by one of these perils.

        The flood deductible applies to LOSS as covered under part 5. of the definition of SPECIFIED PERILS.

    2.  If shown in the declarations, the deductible for each COVERED AUTO or COVERED WATERCRAFT when the paintless dent repair method is used will be the amount shown in the declarations as the "PDR Deductible. "

B.  WE may use all or any part of YOUR deductible to effect settlement of any claim or suit covered by this coverage part. When this happens, YOU must promptly pay US for YOUR deductible or the part of YOUR deductible that WE paid.

## *Additional Conditions*

A.  Duties After Loss

YOU must:

    1.  protect the COVERED AUTO or COVERED WATERCRAFT whether or not this insurance applies. Any further LOSS due to YOUR failure to do so will not be covered by this policy. WE will pay all reasonable expenses YOU incur for such protection.

    2.  permit US to inspect the damaged COVERED AUTO or COVERED WATERCRAFT prior to its repair or replacement, and submit to US a sworn proof of LOSS within 60 days.

    3.  notify US as soon as possible, how, when, and where the LOSS occurred. If an AUTO or WATERCRAFT is stolen, notify the police. If an EXTENDED THEFT:

        a.  make a reasonable effort to recover the AUTO or WATERCRAFT, and
        b.  notify the police and file a complaint with the proper authorities (empowered to issue warrants) against the person(s) causing the LOSS.

Additionally, YOU and any other involved INSURED must:

    4.  promptly notify US when claim is made against YOU or any other INSURED involving a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT, and promptly send US all documents if sued.

5.  cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification of any LOSS.

6.  assume no obligation, make no offer or payment, or incur no expenses without OUR consent, except at the INSURED'S own cost.

7.  agree to examination under oath at OUR request, while not in the presence of any other INSURED and at such times as may be reasonable required about any matter relating to this insurance or the LOSS, including YOUR books and records. In the event of an examination, an INSURED'S answers must be signed.

WE will not defend or pay any LOSS for YOU or any other INSURED who fails to comply with their duties after LOSS.

B.  Damaged Auto or Watercraft

When the COVERED AUTO or COVERED WATERCRAFT is damaged, whether or not such damage is covered by this coverage part, OUR liability is reduced by the amount of such damage until repairs have been completed.

C.  No Benefit To Bailee

This insurance will not benefit, directly or indirectly, any carrier or bailee.

D.  Other Insurance

This insurance is primary over any other insurance except it is excess:

1.   when the COVERED AUTO or COVERED WATERCRAFT is in the care, custody, or control of any person or organization, other than YOU, a member of YOUR household, YOUR partner, director, stockholder, executive officer, or paid employee or a member of the household of any of them.

2.  for any AUTO that is more specifically insured and :

    a.  owned by a manufacturer; or
    b.  owned by YOU and used in connection with any leasing or rental operation for an AUTO manufacturer, its subsidiaries or affiliated companies.

E.  Policy Territory

This insurance covers anywhere in the United States of America, its territories or possessions, Canada or the Republic of Mexico. With respect to WATERCRAFT, this insurance also covers while the WATERCRAFT is afloat within 50 nautical miles from the coastal shoreline of the United States' 48 contiguous states, the District of Columbia, or Canada.

PAGE 300-10
Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007
Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 359 of 634
Page 359 of 634

# DIFFERENCE IN CONDITIONS
## COVERAGE PART 320

This coverage part and the specific coverages that comprise this coverage part apply only when they are shown in the declarations. In Item 2 of the declarations, each named insured, other insured, security interest, and location is given a corresponding letter or number designation. Insurance provided by this coverage part will not apply to any named insured, other insured, or location unless its corresponding letter or number appears next to a specific coverage in Item 3 of the declarations for this coverage part.

The General Conditions apply except as amended or replaced in this Coverage Part.

## *Insuring Agreements*

A. Scheduled Property

1. WE will pay for LOSS to the property scheduled at the LOCATION(S), and for such property in transit, from any cause except as excluded or as stated otherwise in the declarations.
2. WE will pay for LOSS to BUILDING, CONTENTS, or STOCK at a LOCATION shown in the declarations, caused by the COLLAPSE of:

   a. the BUILDING or any portion of the BUILDING, or
   b. CONTENTS or STOCK within a BUILDING,

   if the COLLAPSE is caused by:

   (1) a peril covered by this coverage part;
   (2) use of defective material or methods in construction, remodeling or renovation if the COLLAPSE occurs during the course of the construction, remodeling or renovation. However, if the COLLAPSE occurs after construction, remodeling or renovation is complete and is caused in part by a peril described by (1) above, WE will pay for the LOSS even if use of defective material or methods, in construction, remodeling or renovation, contributes to the COLLAPSE.

3. WE have the right and duty to defend any suit against YOU with respect to LOSS to CONTENTS of others for which YOU are legally liable. WE may investigate and settle any claim or suit WE consider appropriate. OUR payment of the limit, shown in the declarations as applicable to such property, ends OUR duty to defend.

   WE have no right or duty to defend suits for LOSS not covered by this coverage part.

B. Business Income Continuation

WE will pay for BUSINESS INCOME CONTINUATION when YOU must suspend YOUR business because of LOSS from any cause (except as excluded or stated otherwise in the declarations) to:

1. the BUILDING or CONTENTS at the LOCATIONS shown in the declarations as applicable to BUSINESS INCOME CONTINUATION.

   The period of suspension insured under part 1. is from the date of LOSS for as long as it reasonably takes to restore the damaged or destroyed BUILDING or CONTENTS and to resume operations with the same quality of service which existed immediately before the LOSS, regardless of the expiration of this coverage part.

2. property, other than at the LOCATION, that directly results in civil authority preventing YOU from entering YOUR BUILDING.

Unicover VI          Copyright © 2007 Universal Underwriters Insurance Company          PAGE 320-1
Edition 1-2007          Includes copyrighted material of Insurance Services Office, Inc. with its permission.

The period of suspension insured under part 2. begins 72 hours after the time of LOSS and ends the earlier of:

a.  three consecutive weeks after coverage begins; or
b.  the time YOU are allowed to enter YOUR BUILDING.

## *Definitions*

When used in this coverage part:

A.  "ACTUAL CASH VALUE" means the cost to replace with similar property of like kind and quality, less actual (not tax) depreciation.

B.  "AUTO" means any type of land motor vehicle, (whether crated or not), trailer or semi-trailer, farm tractor, or implement, and any equipment permanently attached to it. AUTO does not mean MOBILE EQUIPMENT.

C.  "AUTOMATIC SPRINKLER SYSTEM" means:

1.  any automatic fire protective or extinguishing system, including connected:

a.  sprinklers and discharge nozzles;
b.  ducts, pipes, valves and fittings;
c.  tanks, their component parts and supports; and,
d.  pumps and private fire protection mains.

2.  non-automatic fire protective systems, hydrants, standpipes and outlets when supplied from an automatic fire protective system.

D.  "BUILDING" means the structure at the LOCATION shown in the declarations. It includes:

1.  machinery, fixtures and equipment permanently made part of the structure.
2.  machinery, equipment, materials and supplies, owned by YOU or in YOUR care, custody or control, which are necessary for service or maintenance of the structure or its premises on which it is located.
3.  fences, signs and light posts, owned by YOU and within 1,000 feet of the structure.
4.  foundations, whether above or below ground, including the costs of excavation grading, backfilling or filling.
5.  architect's fees.
6.  completed additions; and if not covered by other insurance:

a.  additions under construction, alterations and other repairs to the structure;
b.  materials, machinery, tools, equipment, supplies and temporary structures, owned by YOU or for which YOU are legally liable, used for making addition, alterations or repairs to the structure.

Part b. does not apply to LOSS of machinery, tools and equipment when away from the LOCATION.

E.  "BUSINESS INCOME CONTINUATION" means the amount of GROSS PROFIT and EXTRA EXPENSE YOU have selected to be paid to YOU in the event of the total suspension of YOUR business.

F.  "COLLAPSE" means:

1.  with respect to a BUILDING, an abrupt falling down or caving in of the BUILDING or any portion of that BUILDING with the result that the BUILDING or a portion of the BUILDING cannot be occupied for its intended purpose.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

However, a BUILDING or any portion of a BUILDING is not considered to be in a state of COLLAPSE if the BUILDING remains standing, regardless of whether:

 a. the BUILDING or any portion of that BUILDING is in danger of falling down or caving in;
 b. a portion of the BUILDING has separated from another part of the BUILDING; or
 c. a BUILDING shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.

 2. with respect to CONTENTS, an abrupt falling down or caving in of CONTENTS inside a BUILDING that does not result from the COLLAPSE of the BUILDING.

 Collapse of CONTENTS does not mean cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.

G. "COMPUTER PROGRAMS" means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send ELECTRONIC DATA.

H. "CONTENTS" means furniture, fixtures, machinery, equipment, DATA, MEDIA, STOCK, tools, materials and supplies used in the conduct of YOUR business, either owned by YOU (or YOUR employees) or for which YOU are legally liable.

It also means such property while being used in YOUR repair or service business away from YOUR BUILDING. CONTENTS includes MOBILE EQUIPMENT, if not otherwise insured by this or any other insurance.

If YOU do not own the BUILDING in which the CONTENTS is contained, CONTENTS also includes:

 1. IMPROVEMENTS and BETTERMENTS.
 2. machinery, equipment, materials and supplies, owned by YOU or in YOUR care, custody or control, which are necessary for service or maintenance of the structure or the premises on which it is located.
 3. glass portions of the BUILDING.

Except as described under parts 1., 2., and 3. above, CONTENTS does not mean property defined under BUILDING.

I. "DATA" means a representation of facts, concepts or instructions in a formalized manner or MEDIA. DATA includes ELECTRONIC DATA.

J. "ELECTRONIC DATA" means information, facts or COMPUTER PROGRAMS stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment.

K. "ELECTRONIC DATA OVERLOAD" means a malicious attack upon electronic equipment that utilizes shared resources to such extent that YOU are unable to access DATA stored at YOUR LOCATION that is necessary for the conduct of YOUR business.

L. "ELECTRONIC VANDALISM" means the unauthorized introduction of any computer code, program or virus into YOUR equipment which causes damage, destruction, deletion, corruption or malfunction of equipment, MEDIA or DATA.

M. "EXTENDED THEFT" means:

 1. YOUR voluntarily parting with evidence of ownership to or possession of CONTENTS when induced by:

 a. a forged or counterfeit instrument used in payment.

      b.   a check or other instrument written on a closed account.

      c.   any document related to a purchase, rental or lease transaction on which the name, social security number or signature of the purchaser, rentee or lessee is false or forged.

      d.   any other criminal scheme, criminal trick or criminal device which induces YOU, at that time, to part with evidence of ownership to or possession of CONTENTS.

2.   YOUR having acquired CONTENTS from a seller who did not have legal ownership.

3.   the unauthorized possession (without intent to return) of CONTENTS by YOUR customer while:

      a.   the CONTENTS temporarily replaces customer's CONTENTS in for repair;

      b.   awaiting delivery of STOCK purchased from YOU;

      c.   on demonstration or loan to YOUR customer.

N.  "EXTRA EXPENSE" means the necessary expenses YOU incur during the period of suspension to return YOUR operations to as near to normal as possible after a LOSS, such expense being over and above the total cost that would have been incurred to conduct YOUR operations had no LOSS occurred. EXTRA EXPENSE does not mean loss of income or normal cost of repairing or replacing property, books of accounts, abstracts, drawings, card index systems or other records of any kind. Any salvage value of property obtained for temporary use during the period of suspension will be deducted from the LOSS.

O.  "FUNGUS" means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi.

P.  "GOVERNMENT CONFISCATION" means seizure of covered property owned or acquired by YOU, by a duly constituted governmental or civil authority, for an alleged violation of laws governing the use, sale or distribution of controlled substances, including those laws governing the reporting of monies from such activities.

Q.  "GROSS PROFIT" means the total income from the service and repair of AUTOS and the sale of STOCK less the cost of STOCK (not including labor) sold.

R.  "IMPROVEMENTS AND BETTERMENTS" means, when not legally removable by YOU:

1.   YOUR use interest in changes (other than maintenance) YOU made in the structure at the LOCATION not owned by YOU which enhances its value.

2.   YOUR use interest in changes YOU acquired in a structure at a LOCATION not owned by YOU which enhances its value.

S.  "LOCATION" means the location scheduled in the declarations, including any CONTENTS in the open within 1,000 feet.

T.  "LOSS" means direct physical loss or damage occurring during the coverage part period.

U.  "MEDIA" means the material on which YOU record DATA. It includes COMPUTER PROGRAMS, records, books, films, tapes, drawings, deeds, maps, mortgages, manuscripts, and other documents.

V.  "MOBILE EQUIPMENT" means vehicles designed for use principally off public roads, those not required to be licensed, and AUTOS used solely on YOUR premises. It includes, but is not limited to, bulldozers, power shovels, rollers, graders, scrapers, and any other road construction or repair equipment, farm machinery, cranes, forklifts, pumps, generators, air compressors, drills, street sweepers, riggers, diggers, or vehicles used to provide mobility for any of these when permanently attached to the equipment.

W.  "OCCURRENCE" means all LOSS attributable directly or indirectly to one cause or a series of similar causes. All such covered LOSS will be treated as one occurrence.

 Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

X. "POLLUTANTS" means any solid, liquid, gaseous, or thermal irritant or contaminant, including (but not limited to) smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. Waste includes (but is not limited to) materials to be recycled, reconditioned or reclaimed.

Y. "REPLACEMENT COST" means the cost to replace with similar property of like kind and quality without deduction for depreciation.

Z. "SINKHOLE COLLAPSE" means the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite. It does not mean the cost of filling sinkholes or the sinking or collapse of land into man-made underground cavities.

AA. "STOCK" means goods or products YOU sell or service which are owned by YOU or similar property of others for which YOU are legally liable. It also means parts and materials, including the cost of labor, YOU install or others install for YOU, in YOUR customer's personal property, but only when LOSS occurs before YOU relinquish possession of the personal property to the customer. STOCK does not include property as defined in AUTOS.

BB. "UNNAMED PERILS" means all causes of LOSS except earthquake, flood, windstorm and hail, or as excluded.

CC. "VOLCANIC ACTION" means lava flow, airborne volcanic blast or airborne shock waves, ash, dust and particulate matter following eruption of a volcano.

## Who Is An Insured

With respect to LOSS under this coverage part, only YOU.

## Exclusions – Perils

WE will not pay for LOSS caused directly or indirectly by any of the following; such LOSS is excluded regardless of any other cause or event that takes place at the same time or in any sequence to such LOSS:

A.  Voluntary Parting with Insured Property

    theft or larceny caused by YOUR voluntary parting with evidence of ownership or possession of the insured property.

B.  Dishonest, Fraudulent, Criminal or Intentional Acts

    any dishonest, fraudulent, criminal or dishonest act committed by:

    1.  any person or organization to whom YOU entrust the property; or
    2.  YOU or any of YOUR partners, executive officers, employees, stockholders, agents other party in interest, acting alone or in collusion with others.

C.  Confiscation

    confiscation (including GOVERNMENT CONFISCATION) by any duly constituted governmental or civil authority, or due to any legal or equitable proceedings.

D.  Radioactivity, Nuclear and War Hazards

    radioactive contamination, nuclear radiation, nuclear reaction or the explosion or malfunction of a nuclear weapon, device or facility, WAR or their consequences.

E.  Maintenance

wear or tear, shrinkage, evaporation, gradual deterioration, rust, corrosion, change of weight, leakage of contents, inherent vice, latent or hidden defect.

F.  Mechanical Breakdown

mechanical breakdown or derangement. This exclusion does not apply to ensuing LOSS not otherwise excluded.

G.  Business Interruption

interruption of business, except when coverage for BUSINESS INCOME CONTINUATION is shown in the declarations.

H.  Market Delay or Reduction

delay or reduction of market or use.

I.  Changes in Atmosphere or Temperature

dampness or dryness of atmosphere; extremes or changes in temperature.

J.  Utility Services

interruption or failure of power supply or other utility services.

K.  Heating, Refrigeration or Cooling

interruption of heating, refrigeration or cooling.

L.  Surface Damage

marring or scratching of property, exposure to light, contamination, change in color, flavor, texture or finish.

M.  Structural Decay

decay, settling, cracking, shrinkage, bulging or expansion of foundations, walls, floors, roots, or ceilings.

N.  Animals

nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals.

O.  Smog, Smoke, Vapor or Gas

smog, smoke, vapor or gas from agricultural or industrial operations.

P.  Faulty Planning, Design, Materials, Workmanship

faulty, inadequate or defective:

1.  planning, zoning, development, surveying, siting.
2.  design, specifications, construction, grading, compaction.
3.  materials used in construction.
4.  workmanship or materials involved in repairs, alterations, remodeling, renovation or installation.

Q. Government Action or Inaction

acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

R. Earth Movement

earth movement, including but not limited to earthquake, volcanic eruption, explosion or effusion, landslide, mudflow or mudslide, tsunami, earth sinking, rising, or shifting. This exclusion does not apply when the earthquake peril is shown in the declarations as covered, subject to the following:

1. coverage will be provided only for earthquake, landslide, or the eruption, explosion or effusion of a volcano other than VOLCANIC ACTION.
2. any series of earthquake shocks within 168 hours will be considered one OCCURRENCE of earthquake.
3. any LOSS due to earthquake is excluded if the earthquake occurs before the date earthquake is shown in the declarations or after coverage is cancelled.

S. Consequential Loss

consequential loss of any nature, any unexplained or mysterious disappearance, shortage disclosed by the taking of inventory or from the calculation of profit or loss.

T. Electrical Disturbance

electrical injury, disturbance, or arcing to electrical appliances, devices, fixtures, or wiring caused by artificially generated electrical currents.

U. Water

flood, surface water, waves, tidal wave or water, storm surge, tsunami, backup of sewers or drains, overflow of streams or other bodies of water, or their spray, all whether or not driven by wind; underground water that exerts pressure on, flows, seeps or leaks through foundations, walls, basement and other floors, or through doors, windows or any opening in any of them. This exclusion does not apply when the flood peril is shown in the declarations as covered, subject to the following:

1. coverage will be provided for the spreading of water over land not usually covered by water, including flood caused by surface water, waves, tidal wave or water, storm surge, tsunami, overflow of streams or other bodies of water, or their spray, wind driven water, mudslide, mudflow.
2. coverage does not apply to backup of sewers and drains nor to underground water that exerts pressure on, flows, seeps or leaks through foundations, walls, basement and other floors, or through doors, windows or any opening in any of them.

V. Ordinance or Law

enforcement of any ordinance or law regulating:

1. any cost of demolition or clearing the site of undamaged portion of the BUILDING.
2. any greater cost of repair, construction or reconstruction.

W. Collapse

COLLAPSE. This exclusion does not apply to:

1. ensuing LOSS not otherwise excluded.
2. Insuring Agreement A.2.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 366 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

X. Weather Conditions

weather conditions, if they contribute in any way to a LOSS as excluded in Exclusions – Perils D., R., T., or V.

Y. Explosion of Pipes, Drains or Flues

explosion, rupture or bursting of any pipes (below ground level), drains or flues. This does not apply to such pipes, drains or flues within the BUILDING if caused by a peril shown in the declarations as covered.

Z. Specified Perils

fire; lightning; smoke; explosion; windstorm; hail; weight of snow, ice or sleet; sinkhole collapse; vandalism, malicious mischief; riot; civil commotion; SINKHOLE COLLAPSE; VOLCANIC ACTION; ELECTRONIC DATA OVERLOAD; ELECTRONIC VANDALISM. This exclusion does not apply to windstorm or hail when "windstorm-hail" is shown in the declarations as covered.

AA. Leakage or Accidental Discharge of Fire Extinguishing Equipment

leakage from or accidental discharge of an AUTOMATIC SPRINKLER SYSTEM or fire extinguishing equipment; accidental discharge or leakage of water or steam as a direct result of the breaking or cracking of any part of a system or appliance containing water or steam.

BB. Aircraft; Physical Contact with an Auto

aircraft or its falling parts; actual physical contact of an AUTO with the insured property.

CC. Seepage or Leakage

continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, wet rot, dry rot or bacteria.

DD. Fungus, Wet Rot, Dry Rot, Bacteria

FUNGUS, wet rot, dry rot and bacteria. Presence, growth, proliferation, spread or any activity of FUNGUS, wet rot, dry rot or bacteria.

EE. Failure to Preserve Property after Loss

neglect of any INSURED to use all reasonable means to save and preserve property from further damage at and after the time of LOSS.

FF. Extended Theft

EXTENDED THEFT.

The following additional exclusions apply only to BUSINESS INCOME CONTINUATION:

WE will not pay for BUSINESS INCOME CONTINUATION because of LOSS caused directly or indirectly by any of the following; such LOSS is excluded regardless of any other cause or event that takes place at the same time or in any sequence to such LOSS:

GG. Contract

suspension, lapse, or cancellation of a lease, license, contract or order.

HH. Strike

interference by strikers, or others, at the LOCATION.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

II.  Freezing

freezing.

## *Exclusions – Property*

WE will not pay for LOSS to:

A.  Land and Water, Pavement, Autos, Aircraft, Animals, Crops

land, water, bridges, roadways, walks, patios, paved surfaces, AUTOS, aircraft, animals, crops.

B.  Plants, Lawns, Trees, Shrubs

plants, lawns, trees and shrubs, other than those used to decorate the interior of a BUILDING.

C.  Property with Monetary Value, Stamps, Passports, Tickets

coins, currency, notes, bonds, securities, stamps, accounts, bills, evidences of debt, letters of credit, passports, tickets.

D.  Watercraft

watercraft.

E.  Precious Metals, Furs, Jewelry, Artwork

gold, silver, platinum, bullion, and other precious metals and alloys (or any objects made of or containing any of them); furs, jewels, jewelry, watches, pearls, precious or semi-precious stones; painting, etchings, watercolors or similar artistic renderings.

F.  Breakage of Fragile Property

glassware, statuary, bric-a-brac, marble, porcelain, ceramics and other fragile or brittle property from LOSS due to breakage. This exclusion does not apply to:

1.  glass that is a part of the BUILDING.
2.  containers of CONTENTS.

G.  Antennas and Towers

radio or television antenna or tower over 25 feet in height from the ground or surface where it is anchored.

H.  Outdoor Property

swimming pools and related equipment, retaining walls which are not part of the BUILDING, bulkheads, piers, pilings, wharves, or docks, if LOSS is caused by pressure or weight of ice or water, even if driven by wind.

I.  Property Rented or Leased to Others

property other than BUILDINGS, YOU rent or lease to others, once they have custody of the property.

J.  Building Interiors

CONTENTS or the interior of a BUILDING if LOSS is caused by rain, snow, ice, sleet, sand, or dust, even if wind driven. This exclusion does not apply if it comes through an opening caused by a peril covered by this coverage part.

K.  Vacancy

BUILDING, CONTENTS, or IMPROVEMENTS AND BETTERMENTS if the BUILDING has been vacant over 60 consecutive days and YOU failed to notify US in writing within that time.

This exclusion does not apply if the BUILDING is described in Item 2 of the declarations as "vacant".

When this policy is issued to a tenant, and with respect to that tenant's interest in covered property, BUILDING means the unit or suite rented or leased to the tenant. For such tenants, "vacant" means a BUILDING that does not contain enough CONTENTS to conduct customary operations.

When this policy is issued to the owner or general lessee of a BUILDING, BUILDING means the entire building. For such BUILDING owner, "vacant" means a BUILDING that does not have at least 31% of its total square footage either (1) rented to a lessee or sub-lessee and used by the lessee or sub-lessee to conduct its customary operations, or (2) used by the BUILDING owner to conduct customary operations.

A BUILDING under construction or renovation is not a "vacant" BUILDING.

L.  Data or Media

DATA or MEDIA that cannot be replaced with others of the same kind or quality.

## *The Most We Will Pay*

LOSS payment will not reduce the amount of insurance under this coverage part, except when an annual aggregate limit is shown in the declarations for the covered peril. The most WE will pay for any one LOSS to BUILDING and CONTENTS or for BUSINESS INCOME CONTINUATION at the LOCATION(S) is the least of the following:

A.  the cost to repair the BUILDING or CONTENTS with like kind and quality.

B.  the REPLACEMENT COST of the BUILDING or CONTENTS, unless ACTUAL CASH VALUE is shown in the declarations, and then for the ACTUAL CASH VALUE of that property. WE will not pay REPLACEMENT COST of the BUILDING until YOU have actually repaired or replaced the BUILDING for the same occupancy and use. YOU must repair or replace the BUILDING within a reasonable time after LOSS.

C.  the limit shown in the declarations for the covered peril at the LOCATION under BUILDING, CONTENTS, or BUSINESS INCOME.

D.  the limit per OCCURRENCE shown in the declarations for the covered peril.

If shown in the declarations for the covered peril, the annual aggregate limit is the most WE will pay for all LOSS during the coverage part period regardless of the number of OCCURRENCES of that covered peril within the same coverage part period.

## *We Will Also Pay*

A.  In addition to payments in The Most We Will Pay provision, WE will also pay, after LOSS, up to $25,000 for expenses to extract POLLUTANTS from land or water at the premises shown in the declarations if the pollution results from LOSS to property insured by this Coverage Part. These expenses will be paid only if they are reported to US within 180 days of the date of the LOSS.

This is the most WE will pay during each policy period. It does not apply to expenses to test for, monitor or assess the existence, concentration or effects of POLLUTANTS, except for testing performed in the process of extracting POLLUTANTS as covered in this extension.

B. If this coverage part insures CONTENTS or STOCK, WE will also pay for such insured property of others for which YOU are legally liable:

1. all costs and expenses in defending an INSURED, and interest on that part of the judgment covered by this coverage part within OUR limits, that accrues after entry of any judgment in any suit WE defend, but only until WE have paid, offered to pay or deposited in court that part of the judgment that is within OUR limit.
2. premiums on appeal bonds or bonds to release property used to secure YOUR legal obligation, in a suit WE defend, but only for bonds within OUR limit. WE do not have to furnish or secure these bonds.
3. up to $500 a day for loss of earnings (but not other income) because of attendance at hearings or trials at OUR request.
4. other reasonable expenses incurred at OUR request.

## *How We Will Pay*

A. Loss to Scheduled Property

At OUR option, WE will pay for, repair, or replace the damaged or destroyed property. WE will advise YOU of OUR option within 30 days after WE receive YOUR sworn proof of LOSS. Before payment of LOSS, WE may take all or any part of the salvage at the agreed or appraised value. There will be no abandonment to US. Once the amount of LOSS payment is determined, WE will pay either YOU or the owner of the property within 60 days of OUR receipt of YOUR sworn proof of LOSS.

B. Business Income Continuation and Extra Expense

WE will pay the actual LOSS of GROSS PROFIT YOU sustained or EXTRA EXPENSE YOU incurred.

C. Mortgage Clause

1. Covered LOSS will be paid to YOU and the holder of a Security Interest if shown in the declarations as applicable to BUILDING, as interests may appear. The holder's right to LOSS payment will not be affected by:

   a. YOUR actions or inactions, or those of the BUILDING owner.
   b. foreclosure or similar proceedings.
   c. changes in ownership of the insured property.
   d. Exclusion K. of the Exclusions – Property provision.

2. In order for the holder to preserve its rights to LOSS payment, it must:

   a. pay any premiums due at OUR request when YOU have failed to do so;
   b. submit a signed sworn statement of LOSS within 60 days of OUR notice to them of YOUR failure to do so; and
   c. promptly notify US of any change in ownership, occupancy or a substantial change in risk when it becomes known to them.

   All terms of this coverage part will then apply directly to the holder.

3. Should payment be made to the holder, that would not have been made to YOU, their rights to recover from YOU will become OUR rights. This will not impair their rights to recover any debt from YOU over and above the LOSS payment. WE have the right to pay off the mortgage debt. When WE do, the holder must assign the mortgage over to US, and YOU must then repay US.
4. If WE cancel or non-renew this coverage part, WE will give the holder written notice of at least:

   a. 10 days, if WE cancel for YOUR non-payment of premium.
   b. 30 days, if WE cancel for any other reason.
   c. 10 days, if WE elect to non-renew this policy.

D.  Loss Payable Provisions

1.  WE will pay any covered LOSS both to YOU and the Security Interest if shown in the declarations as applicable to CONTENTS, as interests may appear. Their interest is protected, to the extent that this insurance applies, unless LOSS results from YOUR wrongful conversion, embezzlement or secretion.
2.  WE may cancel the policy as allowed in the CANCELLATION provisions. Cancellation ends this agreement as to the interest of the Security Interest.
3.  If WE make any such payment to the Security Interest, WE obtain their rights against any other party.

## *Deductibles*

A.  When "earthquake" is shown in the declarations as covered, and LOSS is caused by earthquake:

After the amount of LOSS has been determined under The Most We Will Pay, WE will subtract the applicable deductible shown in the declarations. This deductible will be applied separately to each BUILDING, LOCATION and item of coverage involved in the loss.

B.  When "flood" or "windstorm-hail" is shown in the declarations as covered, and LOSS is caused by one of these perils:

After the amount of LOSS has been determined under The Most We Will Pay, WE will subtract the deductible shown in the declarations. If YOU have a LOSS that involves more than one BUILDING, LOCATION or item of property, WE will apply one deductible to the LOSS. That deductible will be the largest one applicable to the LOSS.

## *Debris Removal and Demolition Costs*

A.  Debris Removal

WE will pay the cost incurred of removing debris at the LOCATION following a LOSS insured by this coverage part, subject to the following:

1.  the expense will be paid only if reported to US in writing within 180 days of the LOSS.
2.  WE will not pay for the expenses to clean up, remove, contain, treat, detoxify or neutralize POLLUTANTS or to replace polluted land or water.

B.  Demolition Costs

WE will pay for the cost of demolishing any undamaged portion of the BUILDING at the LOCATION, including clearing the site, following a LOSS insured by this coverage part. This condition applies only if the cost is the result of the enforcement of any ordinance or law regulating the demolition of BUILDINGS which are in effect at the time of the LOSS.

Part 1. of Exclusion X. in the Exclusions – Perils condition does not apply to extensions A. or B. above.

C.  The Most We Will Pay for Debris Removal and Demolition Costs

The most WE will pay for debris removal and demolition cost expenses is the larger of $50,000 per LOCATION or 25% of the LOSS before the application of any deductible. WE will not, however, pay more than $50,000 in excess of the applicable limit (as stated in the declarations), for the entire LOSS including the debris removal and demolition cost expenses.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007

## *Conditions*

A.  Compliance with Conditions

WE have no duty to provide coverage under this coverage part unless YOU or any other INSURED has fully complied with all conditions applicable to this coverage part.

However, any act or neglect of any person other than YOU beyond YOUR direction or control will not affect the insurance afforded by this coverage part.

The breach of any condition of this coverage part at any one or more LOCATIONS will not affect coverage at any LOCATION where, at the time of LOSS, the breach of condition does not exist.

B.  Your Duties After Loss

YOU must:

1.  protect the property whether or not this insurance applies. WE will pay all reasonable expenses YOU incur for such protection. However, WE will pay only for subsequent covered LOSS.

2.  notify US as soon as possible. Promptly send US all documents if YOU are sued or claim is made against YOU.

3.  as often as may be reasonably required, permit US to inspect the damaged property prior to its repair or replacement and to examine YOUR books and records. Also permit US to take samples of damaged and undamaged property for inspection, testing and analysis, and to make copies from YOUR books and records.

4.  give US complete inventories of damaged and undamaged property, including quantities, costs, values and the amount of LOSS claimed.

5.  submit to US a sworn proof of LOSS within 60 days. WE may examine any INSURED under oath, while not in the presence of any other INSURED and at such times as may be reasonably required, about any matter relating to this insurance or the LOSS, including an INSURED'S books and records. In the event of an examination, an INSURED'S answers must be signed.

6.  cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification of any LOSS.

    YOU may not, except at YOUR expense, make any offer or payment, assume any obligation or incur any expenses unless otherwise permitted by this coverage part.

7.  YOU must do all YOU can to reduce BUSINESS INCOME CONTINUATION LOSS, by:

    a.  restoring the damaged, destroyed, or stolen property as soon as possible.
    b.  resuming operations at the LOCATION(S), whether damaged or not, or at other premises available to YOU, even if the operations are only partial.
    c.  using CONTENTS at other LOCATIONS or elsewhere.

C.  Subrogation

YOU and each INSURED must do all in their power to preserve their rights to recover from others. Once WE have made a payment under this policy, whether or not YOU or an INSURED are fully compensated, YOUR or an INSURED'S rights to recover from others become OUR rights.

D.  No Benefit to Bailee

This insurance will not benefit, directly or indirectly, any carrier or bailee.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

E.  Other Insurance

WE will pay only the amount of the covered LOSS in excess of the amount due from any other insurance, whether it is collectible or not.

When "flood" is shown in the declarations as covered, WE will pay only the amount of the covered LOSS in excess of the maximum amount available under the National Flood Insurance Program (NFIP), even if:

1.  YOU have reduced such insurance or failed to keep it in effect, or
2.  coverage has been denied or reduced due to the INSURED's failure to comply with the policy conditions.

F.  Policy Territory

This policy covers anywhere in the United States of America, its territories or possessions, or Canada.

PAGE 320-14          Copyright © 2007 Universal Underwriters Insurance Company          Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission.          Edition 1-2007

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# PROPERTY
## COVERAGE PART 330

This coverage part and the specific coverages that comprise this coverage part apply only when they are shown in the declarations. In Item 2 of the declarations, each named insured, other insured, security interest, and location is given a corresponding letter or number designation. Insurance provided by this coverage part will not apply to any named insured, other insured, or location unless its corresponding letter or number appears next to a specific coverage in Item 3 of the declarations for this coverage part.

The General Conditions apply except as amended or replaced in this coverage part.

## *Insuring Agreement*

A.  Scheduled Property

   1.  WE will pay for LOSS to the property scheduled at the LOCATIONS from any cause, except as excluded or as stated otherwise in the declarations.

       WE have the right and duty to defend any suit against YOU with respect to LOSS to STOCK or EQUIPMENT of others for which YOU are legally liable. WE may investigate and settle any claim or suit WE consider appropriate. OUR payment of the limit, shown in the declarations as applicable to such property, ends OUR duty to defend.

       WE have no right or duty to defend suits for LOSS not covered by this coverage part.

   2.  WE will pay for LOSS to BUILDING, CONTENTS, EQUIPMENT, STOCK or EMPLOYEE TOOLS at a LOCATION shown in the declarations, caused by the COLLAPSE of

       a.  the BUILDING or any portion of the BUILDING, or
       b.  CONTENTS, EQUIPMENT, STOCK or EMPLOYEE TOOLS within a BUILDING,

       if the COLLAPSE is caused by:

       (1)  a peril covered by this coverage part;
       (2)  decay, insect or vermin damage that is hidden from view, unless the presence of such damage is known to an INSURED prior to COLLAPSE;
       (3)  weight of people or CONTENTS;
       (4)  weight of rain that collects on a roof; or
       (5)  use of defective material or methods in construction, remodeling or renovation if the COLLAPSE occurs during the course of the construction, remodeling or renovation. However, if the COLLAPSE occurs after construction, remodeling or renovation is complete and is caused in part by a peril listed in (1) through (4) above, WE will pay for the LOSS even if use of defective material or methods, in construction, remodeling or renovation, contributes to the COLLAPSE.

B.  Business Income Continuation

   WE will pay BUSINESS INCOME CONTINUATION when YOU must suspend YOUR business because of LOSS from any cause (except as excluded or as stated otherwise in the declarations) to:

   1.  the BUILDING or CONTENTS at LOCATIONS shown in the declarations as applicable to BUSINESS INCOME CONTINUATION.
   2.  EMPLOYEE TOOLS at LOCATIONS shown in the declarations as applicable to BUSINESS INCOME CONTINUATION, when LOSS to EMPLOYEE TOOLS exceeds:

       a.  10% of the EMPLOYEE TOOLS limit shown in the declarations for LOCATION(S) involved in the LOSS, if each EMPLOYEE TOOLS limit shown applies to only one LOCATION; or

    b.   10% of the EMPLOYEE TOOLS values shown in the schedule for the LOCATION(S) involved in the LOSS, if the EMPLOYEE TOOLS limit shown on the declarations applies to more than one LOCATION.

The period of suspension insured under parts B.1. and B.2. is from the date of LOSS for as long as it reasonably takes to restore the damaged or destroyed BUILDING or CONTENTS, and to resume operations with the same quality of service which existed immediately before the LOSS, regardless of the expiration date of this coverage part.

However, if LOSS is caused by ELECTRONIC VANDALISM or ELECTRONIC DATA OVERLOAD, the period of suspension begins 72 hours after the time of LOSS for BUSINESS INCOME CONTINUATION coverage.

In no event will WE pay for more consecutive months than shown in the declarations as applicable to this coverage.

3.   property, other than that at the LOCATION, that directly results in civil authorities preventing YOU from entering YOUR BUILDING.

    The period of suspension insured under part 3. begins 72 hours after the time of LOSS and ends the earlier of:

    a.   three consecutive weeks after coverage begins; or
    b.   the time you are allowed to enter your BUILDING.

## Definitions

When used in this coverage part:

A.   "ACCOUNTS RECEIVABLE" means:

    1.   any amount due YOU from YOUR customers that YOU cannot collect because of LOSS.
    2.   the interest on any loan YOU must secure to offset uncollectible accounts until LOSS is paid.
    3.   reasonable collection charges over and above YOUR normal collections costs made necessary by LOSS.
    4.   any other expense YOU reasonably incur to re-establish YOUR records after LOSS.

    ACCOUNTS RECEIVABLE does not mean LOSS:

    1.   due to any bookkeeping, accounting, or billing errors or omissions.
    2.   that can only be proved to exist by an audit of YOUR records or the taking of inventory. YOU can, however, use an audit or inventory to support a claim for LOSS which YOU have proved by other evidence.
    3.   due to alteration, falsification, concealment or destruction of records done to conceal the wrongful giving, taking, or withholding of money, securities or other property. This does not apply to LOSS in excess of the amount of wrongful giving, taking or withholding.

B.   "ACTUAL CASH VALUE" means, with respect to:

    1.   BUILDING, EQUIPMENT (except DATA, IMPROVEMENTS AND BETTERMENTS, MEDIA and Property of Others), or ADDITIONAL PROPERTY, its replacement cost less actual (not tax) depreciation.
    2.   STOCK, its replacement cost; for STOCK installed in YOUR customer's personal property it includes the cost of labor, less overhead and profit.
    3.   Property of Others, the amount YOU are legally liable.
    4.   DATA, the actual cost incurred to reproduce it.
    5.   MEDIA, the cost of replacing or reproducing it.
    6.   Building glass, the cost of replacement with safety glazing material if required by law.

7.  IMPROVEMENTS AND BETTERMENTS, the actual cost of the repairs or replacement, if YOU repair or replace the damaged property at YOUR own expense within a reasonable time after the LOSS. If YOU do not repair or replace within a reasonable time, ACTUAL CASH VALUE will be determined by multiplying the original cost of the improvement or betterment by the unused portion of YOUR lease. The unused portion is the percentage relationship between the amount of time left on YOUR lease at the time of LOSS and the amount of time left on YOUR lease when YOU made the improvement.
8.  EMPLOYEE TOOLS, their replacement cost.

C.  "ADDITIONAL PROPERTY" means, if not insured by this or any other insurance:

1.  a BUILDING owned by, or rented or leased to YOU for use in YOUR business which is set apart and not attached or connected (other than by a fence, utility line or similar connection) to a BUILDING insured in the declarations.
2.  CONTENTS, EQUIPMENT and STOCK in a BUILDING described in C.1. above.
3.  fences, light posts and signs used in YOUR business not at a LOCATION.
4.  EQUIPMENT or STOCK while at trade shows or exhibitions.

ADDITIONAL PROPERTY does not mean BUILDINGS under construction.

D.  "AUTO" means any type of land motor vehicle, (whether crated or not), trailer or semi-trailer, farm tractor, or implement, and equipment permanently attached to it. AUTO does not mean MOBILE EQUIPMENT.

E.  "AUTOMATIC SPRINKLER SYSTEM" means:

1.  any automatic fire protective or extinguishing system, including connected:

    a.  sprinklers and discharge nozzles;
    b.  ducts, pipes, valves and fittings;
    c.  tanks, their component parts and supports; and,
    d.  pumps and private fire protection mains.

2.  non-automatic fire protective systems, hydrants, standpipes and outlets when supplied from an automatic fire protective system.

F.  "BREAKDOWN" means a sudden and accidental breakdown of mechanical or electrical EQUIPMENT, or its part, which is in use or connected and ready for use. At the time the breakdown occurs, it must manifest itself by physical damage to the EQUIPMENT that requires repair or replacement. EQUIPMENT, as used in this definition, includes:

1.  boilers or fired vessels.
2.  unfired vessels subject to vacuum or internal pressure other than weight of contents.
3.  all vessels, coils and piping that contain refrigerant or other medium for cooling, humidifying or space heating.
4.  piping and accessory equipment.
5.  all gears, gear sets, fans, blowers and shafts forming part of the EQUIPMENT, together with any coupling, clutch, wheel or bearing on that shaft.
6.  equipment included in Parts 1. and 2. of the BUILDING definition.

G.  "BUILDING" means the structure at the LOCATIONS shown in the declarations. It includes:

1.  machinery, fixtures and equipment permanently made a part of the structure.
2.  machinery, equipment, materials and supplies, owned by YOU or in YOUR care, custody or control, which are necessary for service or maintenance of the structure or the premises on which it is located.
3.  fences, signs and light posts, owned by YOU and within 1,000 feet of the structure. Signs are not covered for LOSS caused by rain, snow, or sleet.
4.  foundations, whether above or below ground, including the costs of excavation, grading, backfilling or filling.

5. architect's fees.
6. completed additions and, if not covered by other insurance:

    a. additions under construction, alterations and other repairs to the structure;
    b. materials, machinery, tools, equipment, supplies and temporary structures, owned by YOU or for which YOU are legally liable, used for making additions, alterations or repairs to the structure.

    Part b. does not apply to LOSS to machinery, tools and equipment when away from the LOCATION.

H. "BUSINESS INCOME CONTINUATION" means the amount of GROSS PROFIT YOU have selected to be paid to YOU in the event of the total suspension of YOUR business. The amount is also shown as the limit per month in the declarations.

I. "COLLAPSE" means:

1. with respect to a BUILDING, an abrupt falling down or caving in of the BUILDING or any portion of that BUILDING with the result that the BUILDING or a portion of the BUILDING cannot be occupied for its intended purpose.

    However, a BUILDING or any portion of a BUILDING is not considered to be in a state of COLLAPSE if the BUILDING remains standing, regardless of whether:

    a. the BUILDING or any portion of that BUILDING is in danger of falling down or caving in;
    b. a portion of the BUILDING has separated from another part of the BUILDING; or
    c. a BUILDING shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.

2. with respect to CONTENTS, an abrupt falling down or caving in of CONTENTS inside a BUILDING that does not result from the COLLAPSE of the BUILDING.

    Collapse of CONTENTS does not mean cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.

J. "COMPUTER PROGRAMS" means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send ELECTRONIC DATA.

K. "CONTENTS" means STOCK and EQUIPMENT.

L. "DATA" means a representation of facts, concepts or instructions in a formalized manner on MEDIA. DATA includes ELECTRONIC DATA.

M. "ELECTRONIC DATA" means information, facts or COMPUTER PROGRAMS stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment.

N. "ELECTRONIC DATA OVERLOAD" means a malicious attack upon electronic EQUIPMENT that utilizes shared resources to such extent that YOU are unable to access DATA stored at YOUR LOCATION that is necessary for the conduct of YOUR business.

O. "ELECTRONIC VANDALISM" means the unauthorized introduction of any computer code, program or virus into YOUR EQUIPMENT which causes damage, destruction, deletion, corruption or malfunction of EQUIPMENT, MEDIA or DATA.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

P. "EMPLOYEE TOOLS" means tools, equipment, materials and supplies owned by YOUR employees, and used in YOUR business when in YOUR BUILDING. It also means such property while being used to service or repair customer's personal property as part of YOUR business away from YOUR BUILDING.

Q. "EQUIPMENT" means furniture, fixtures, machinery, equipment, DATA, MEDIA, fences, light posts, signs, materials, and supplies used in the conduct of YOUR business, either owned by YOU or for which YOU are legally liable. EQUIPMENT includes "MOBILE EQUIPMENT", if not otherwise insured by this or any other insurance.

If YOU do not own the BUILDING in which the EQUIPMENT is contained, EQUIPMENT also includes:

1. IMPROVEMENTS and BETTERMENTS.
2. machinery, equipment, materials and supplies, owned by YOU or in YOUR care, custody or control, which are necessary for service or maintenance of the structure or the premises on which it is located.
3. glass portions of the BUILDING.

Except as described under parts 1., 2., and 3. above, EQUIPMENT does not include property as defined in AUTO, BUILDING, EMPLOYEE TOOLS, or STOCK.

R. "EXTENDED THEFT" means:

1. YOUR voluntarily parting with evidence of ownership or possession of STOCK or EQUIPMENT when induced by:

   a. a forged or counterfeit instrument used in payment.
   b. a check or other instrument written on a closed account.
   c. any document related to a purchase, rental or lease transaction on which the name, social security number or signature of the purchaser, rentee or lessee is false or forged.
   d. any other criminal scheme, criminal trick or criminal device which induces YOU, at that time, to part with evidence of ownership or possession of STOCK or EQUIPMENT.

2. YOUR having acquired STOCK or EQUIPMENT from a seller who did not have legal ownership.
3. the unauthorized possession (without intent to return) of STOCK or EQUIPMENT by YOUR customer while:

   a. the STOCK or EQUIPMENT temporarily replaces customer's STOCK or EQUIPMENT in for repair;
   b. awaiting delivery of STOCK purchased from YOU;
   c. on demonstration or loan to YOUR customer.

S. "EXTRA EXPENSE" means the necessary expenses YOU incur during the period of suspension to return YOUR operations to as near to normal as possible after a LOSS, such expense being over and above the total cost that would have been incurred to conduct YOUR operations had no LOSS occurred. EXTRA EXPENSE does not mean loss of income or normal cost of repairing or replacing property, books of accounts, abstracts, drawings, card index systems or other records of any kind. Any salvage value of property obtained for temporary use during the period of suspension will be deducted from the LOSS.

T. "FUNGUS" means any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi.

U. "GOVERNMENT CONFISCATION" means seizure of covered property owned or acquired by YOU, by a duly constituted governmental or civil authority, for an alleged violation of laws governing the use, sale or distribution of controlled substances, including those laws governing the reporting of monies from such activities.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

V. "GROSS PROFIT" means the total income from the service and repair of AUTOS and the sale of STOCK less the cost of STOCK (not including labor) sold.

W. "IMPROVEMENTS AND BETTERMENTS" means, when not legally removable by YOU:

1.   YOUR use interest in changes (other than maintenance) YOU made in a BUILDING not owned by YOU which enhances its value.
2.   YOUR use interest in changes YOU acquired in a BUILDING not owned by YOU which enhances its value.
3.   YOUR use interest in a BUILDING YOU have not otherwise insured that is situated on land YOU lease.

X. "LOCATION" means the location scheduled in the declarations, including any insured STOCK or EQUIPMENT in the open within 1,000 feet.

Y. "LOSS" means direct physical loss or damage occurring during the coverage part period.

With respect to:

1.   EXTENDED THEFT, all transactions with any one person, organization, group of individuals or ring will be deemed to be one LOSS.
2.   GOVERNMENT CONFISCATION, all actions by any one person, organization, group of individuals or ring which result in seizure will be deemed one LOSS.
3.   VOLCANIC ACTION, all eruptions within 168 hours will be deemed one LOSS.
4.   BUSINESS INCOME CONTINUATION, LOSS includes ELECTRONIC DATA OVERLOAD.

Z. "MEDIA" means the material on which YOU record DATA. It includes COMPUTER PROGRAMS, records, books, films, tapes, drawings, deeds, maps, mortgages, manuscripts, and other documents.

AA. "MOBILE EQUIPMENT" means vehicles designed for use principally off public roads, those not required to be licensed, and AUTOS used solely on YOUR premises. It includes, but is not limited to, bulldozers, power shovels, rollers, graders, scrapers, and any other road construction or repair equipment, farm machinery, cranes, forklifts, pumps, generators, air compressors, drills, street sweepers, diggers, or vehicles used to provide mobility for any of these when permanently attached to the equipment.

BB. "POLLUTANTS" means any solid, liquid, gaseous, or thermal irritant or contaminant, including (but not limited to) smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. "Waste" includes (but is not limited to) materials to be recycled, reconditioned or reclaimed.

CC. "SINKHOLE COLLAPSE" means the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite. It does not mean the cost of filling sinkholes or the sinking or collapse of land into man-made underground cavities.

DD. "SPECIFIED PERILS" means LOSS caused by:

1.   fire; lightning; smoke; explosion; windstorm; hail; weight of snow, ice or sleet; vandalism; malicious mischief; riot; civil commotion; SINKHOLE COLLAPSE; VOLCANIC ACTION; ELECTRONIC DATA OVERLOAD; ELECTRONIC VANDALISM.
2.   leakage from, or accidental discharge of, an AUTOMATIC SPRINKLER SYSTEM or fire extinguishing equipment; accidental discharge or leakage of water or steam as a direct result of the breaking or cracking of any part of a system or appliance containing water or steam.
3.   aircraft or its falling parts; actual physical contact of an AUTO with the insured property.
4.   removal of covered property from LOCATIONS endangered by an insured peril.

EE. "STOCK" means goods or products YOU sell or service which are owned by YOU or similar property of others for which YOU are legally liable. It also means parts and materials, including the cost of labor, YOU install or others install for YOU, in YOUR customer's personal property, but only when LOSS (except by EXTENDED THEFT) occurs before YOU relinquish possession of the personal property to the customer. STOCK does not include property as defined in AUTOS, EMPLOYEE TOOLS or EQUIPMENT.

FF. "UNNAMED PERILS" means all causes of LOSS not defined in SPECIFIED PERILS and BREAKDOWN, or excluded. As shown in the declarations, UNNAMED PERILS does not include theft or burglary.

GG. "V&MM", as shown in the declarations, means vandalism and malicious mischief.

HH. "VOLCANIC ACTION" means lava flow, airborne volcanic blast or airborne shock waves, ash, dust and particulate matter following eruption of a volcano.

## Who Is An Insured

With respect to LOSS under this coverage part, only YOU.

## Exclusions – Perils

WE will not pay for LOSS caused directly or indirectly by any of the following; such LOSS is excluded regardless of any other cause or event that takes place at the same time or in any sequence to such LOSS:

A.  Voluntary Parting with Insured Property

theft or larceny caused by YOUR voluntarily parting with evidence of ownership or possession of the insured property, except by EXTENDED THEFT.

B.  Dishonest, Fraudulent, Criminal or Intentional Acts

any dishonest, fraudulent, criminal or intentional act committed by:

1.  any person or organization to whom YOU entrust the property; or
2.  YOU or any of YOUR partners, executive officers, employees, stockholders, agents other party in interest, acting alone or in collusion with others.

This exclusion does not apply:

a.  to acts of destruction (other than by theft or EXTENDED THEFT) by YOUR employees when they are acting without the knowledge of YOU, YOUR partners or executive officers. Such acts of destruction by YOUR employees include ELECTRONIC DATA OVERLOAD and ELECTRONIC VANDALISM.
b.  under Part 1. of this exclusion, to EXTENDED THEFT or GOVERNMENT CONFISCATION.
c.  to GOVERNMENT CONFISCATION caused by an employee acting without the knowledge of YOUR partners or executive officers.

C.  Confiscation

confiscation by any duly constituted governmental or civil authority except when caused by GOVERNMENT CONFISCATION, or due to any legal or equitable proceedings.

D.  Radioactivity, Nuclear and War Hazards

radioactive contamination, nuclear radiation, nuclear reaction or the explosion or malfunction of a nuclear weapon, device or facility, WAR or their consequences.

E.  Maintenance

wear or tear, shrinkage, evaporation, gradual deterioration, rust, corrosion, change of weight, leakage of contents, inherent vice, latent or hidden defect. This exclusion does not apply to ensuing LOSS not otherwise excluded.

F. Mechanical Breakdown

mechanical breakdown or derangement. This exclusion does not apply to:

1. ensuing LOSS not otherwise excluded; or
2. mechanical breakdown when coverage for BREAKDOWN is shown in the declarations;

G. Business Interruption

interruption of business, except when coverage for BUSINESS INCOME CONTINUATION is shown in the declarations.

H. Market Delay or Reduction

delay or reduction of market or use.

I. Changes in Atmosphere or Temperature

dampness or dryness of atmosphere; extremes or changes in temperature. This exclusion does not apply to ensuing loss by a SPECIFIED PERIL.

J. Utility Services

interruption or failure of power supply or other utility services. This exclusion does not apply to interruption of power or other utility services for ensuing LOSS by SPECIFIED PERILS, UNNAMED PERILS or BREAKDOWN.

K. Heating, Refrigeration or Cooling

interruption of heating, refrigeration or cooling. This exclusion does not apply to ensuing loss by SPECIFIED PERILS, UNNAMED PERILS or BREAKDOWN.

L. Surface Damage

marring or scratching of property, exposure to light, contamination, change in color, flavor, texture or finish. This exclusion does not apply to LOSS caused by a SPECIFIED PERIL or BREAKDOWN.

M. Structural Decay

decay, settling, cracking, shrinkage, bulging or expansion of foundations, walls, floors, roofs, or ceilings. This exclusion does not apply to any ensuing LOSS:

1. caused by SPECIFIED PERILS or BREAKDOWN.
2. to roofs caused by the weight of rain, ice, snow, or sleet that collects on a roof.

N. Animals

nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals. This exclusion does not apply to:

1. any ensuing LOSS caused by SPECIFIED PERILS or BREAKDOWN; or
2. glass, if caused by animals or birds.

O. Smog, Smoke, Vapor or Gas

smog, smoke, vapor or gas from agricultural or industrial operations. This exclusion does not apply to any ensuing LOSS caused by fire or BREAKDOWN.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 381 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

P.  Faulty Planning, Design, Materials, Workmanship

faulty, inadequate, or defective:

1.  planning, zoning, development, surveying, siting.
2.  design, specifications, construction, grading, compaction.
3.  materials used in construction.
4.  workmanship or materials involved in repairs, alterations, remodeling, renovation or installation.

This exclusion does not apply to ensuing LOSS not otherwise excluded, except to errors or omissions in the programming of, or instructions to, EQUIPMENT.

Q.  Government Action or Inaction

acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body. This exclusion does not apply to ensuing LOSS not otherwise excluded.

R.  Earth Movement

earth movement, including but not limited to earthquake, volcanic eruption, explosion or effusion, landslide, mudflow or mudslide, tsunami, earth sinking, rising, or shifting. If fire or explosion follows, WE will pay only for the LOSS by fire or explosion. This exclusion does not apply to VOLCANIC ACTION, SINKHOLE COLLAPSE, or LOSS to property in transit.

S.  Consequential Loss

consequential loss of any nature, any unexplained or mysterious disappearance, shortage disclosed by the taking of inventory or from the calculation of profit or loss.

T.  Electrical Disturbance

electrical injury, disturbance, or arcing to electrical appliances, devices, fixtures, or wiring caused by artificially generated electrical currents. If fire or explosion follows, WE will pay only for the LOSS by fire or explosion, or leakage from fire extinguishing equipment.

This exclusion does not apply to LOSS by BREAKDOWN when the electrical injury, disturbance or arcing originates within 500 feet of YOUR premises.

U.  Water

flood, surface water, waves, tidal wave or water, storm surge, tsunami, overflow of streams or other bodies of water, or their spray, all whether or not driven by wind; underground water that exerts pressure on, flows, seeps or leaks through foundations, walls, basement and other floors, or through doors, windows or any opening in any of them. If fire, explosion, or leakage from fire extinguishing equipment follows, WE will pay only for the LOSS by fire, explosion, or leakage from fire extinguishing equipment.

V.  Property in the Open

rain, snow, ice or sleet to property in the open. This exclusion does not apply to BUILDINGS, a radio or television antenna or tower, or YOUR property in the custody of a carrier for hire.

W.  Breakdown

BREAKDOWN:

1.  due and confined to:

a.  leakage of any valve, fitting, shaft seal, gland packing, joint or connection.

Case 2:26-cv-04162-WJE   Document 1-2   Filed 07/10/26   Page 382 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

      b.   breakdown of any structure or foundation supporting the EQUIPMENT or any of its parts.

      c.   the functioning of any safety or protective device.

2.   to any of the following:

      a.   sewer piping, underground gas piping, or piping forming a part of fire extinguishing equipment.

      b.   ovens or stoves.

      c.   furnaces, except those designed solely for heating the BUILDING.

      d.   boiler settings.

      e.   insulating or refractory material;

      f.   EQUIPMENT undergoing a hydrostatic, pneumatic, or gas pressure test.

      g.   EQUIPMENT used for processing or manufacturing.

      h.   MOBILE EQUIPMENT.

X.  Ordinance or Law

enforcement of any ordinance or law regulating:

1.   any cost of demolition or clearing the site of undamaged portion of the BUILDING.

2.   any greater cost of repair, construction, or reconstruction.

Y.  Collapse

COLLAPSE. This exclusion does not apply to:

1.   ensuing LOSS caused by SPECIFIED PERILS, UNNAMED PERILS or BREAKDOWN.

2.   Insuring Agreement A.2.

Z.  Weather Conditions

weather conditions, if they contribute in any way to a LOSS as excluded in Exclusions – Perils D., R., T., or X. This exclusion does not apply to ensuing LOSS not otherwise excluded.

AA. Explosion of Pipes, Drains or Flues

explosion, rupture or bursting of any pipes (below ground level), drains or flues. This does not apply to such pipes, drains or flues within the BUILDING.

BB. Water or Steam Seepage or Leakage

continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, wet rot, dry rot or bacteria. This exclusion does not apply to coverage provided under part 2. of the definition of SPECIFIED PERILS.

CC. Fungus, Wet Rot, Dry Rot, Bacteria

FUNGUS, wet rot, dry rot and bacteria. Presence, growth, proliferation, spread or any activity of FUNGUS, wet rot, dry rot or bacteria.

However, if FUNGUS, wet rot, dry rot or bacteria results in an ensuing LOSS from items 1. through 3. of the definition of SPECIFIED PERILS, WE will pay for the LOSS or damage caused by that SPECIFIED PERILS LOSS.

This exclusion does not apply:

1.   when FUNGUS, wet rot, dry rot or bacteria results from fire or lightning; or

2.   to the extent that coverage is provided by item A.9. of SUPPLEMENTAL LIMITS for LOSS or damage from other than fire or lightning;

DD. Failure to Preserve Property after Loss

neglect of any INSURED to use all reasonable means to save and preserve property from further damage at and after the time of LOSS.

EE. Extended Theft

EXTENDED THEFT:

1. due solely to an undisclosed lien.
2. due solely to an insufficient funds check.
3. due to incorrect information on any document related to a purchase, rental or lease transaction, except as covered under Part 1.c.of the definition of EXTENDED THEFT.
4. under Part 1.d.of the definition of EXTENDED THEFT, due solely to nonpayment, for any reason, of any credit YOU extend. This includes bankruptcy, other insolvency proceedings or failure to honor postdated checks.

The following additional exclusions apply only to BUSINESS INCOME CONTINUATION:

WE will not pay for BUSINESS INCOME CONTINUATION because of LOSS caused directly or indirectly by any of the following; such LOSS is excluded regardless of any other cause or event that takes place at the same time or in any sequence to such LOSS:

FF. Lease, License, Contract or Order

suspension, lapse, or cancellation of a lease, license, contract, or order.

GG. Strike

interference by strikers, or others, at the LOCATION.

HH. Freezing

freezing.

## *Exclusions – Property*

WE will not pay for LOSS to:

A. Land and Water, Pavement, Autos, Aircraft, Animals, Crops

land, water, bridges, roadways, walks, patios, paved surfaces, AUTOS, aircraft, animals, crops.

B. Plants, Lawns, Trees, Shrubs

plants, lawns, trees and shrubs, other than those used to decorate the interior of a BUILDING.

C. Property with Monetary Value, Stamps, Passports, Tickets

coins, currency, notes, bonds, securities, stamps, accounts, bills, evidences of debt, letters of credit, passports, tickets.

D. Watercraft

watercraft.

E.  Precious Metals, Furs, Jewelry, Artwork

gold, silver, platinum, bullion, and other precious metals and alloys (or any objects made of or containing any of them); furs, jewels, jewelry, watches, pearls, precious or semi-precious stones; paintings, etchings, watercolors or similar artistic renderings.

Except with respect to paintings, etchings, watercolors and similar artistic renderings, this exclusion applies only to LOSS by theft or EXTENDED THEFT.

F.  Breakage of Fragile Property

glassware, statuary, bric-a-brac, marble, porcelain, ceramics, any other fragile or brittle property from LOSS due to breakage. This exclusion does not apply to:

1.  glass that is a part of the BUILDING.
2.  containers of STOCK.
3.  LOSS caused by SPECIFIED PERILS or BREAKDOWN.

G.  Antennas and Towers

radio or television antenna or tower over 25 feet in height from the ground or surface where it is anchored.

H.  Outdoor Property

swimming pools and related equipment, retaining walls which are not part of the BUILDING, bulkheads, piers, pilings, wharves, or docks, if LOSS is caused by freezing or thawing, impact of watercraft, or by pressure or weight of ice or water, even if driven by wind.

I.  Property Rented or Leased to Others

property other than BUILDINGS, YOU rent or lease to others, once they have custody of the property.

J.  Building Interiors

CONTENTS, EMPLOYEE TOOLS, or the interior of a BUILDING if LOSS is caused by rain, snow, ice, sleet, sand, or dust, even if wind driven. This exclusion does not apply:

1.  if it comes through an opening caused by

    a.  a SPECIFIED PERIL;
    b.  BREAKDOWN;
    c.  theft or attempted theft; or
    d.  the weight of rain that collects on a roof.

2.  to LOSS caused by or resulting from thawing of snow, sleet or ice on the BUILDING.

K.  Vacancy

BUILDING, CONTENTS, EQUIPMENT, EMPLOYEE TOOLS, IMPROVEMENTS AND BETTERMENTS, or STOCK if the BUILDING has been vacant over 60 consecutive days and YOU failed to notify US in writing within that time.

This exclusion does not apply if the BUILDING is described in Item 2 of the declarations as "vacant", except to LOSS to plumbing, heating, air-conditioning or fire protective systems or similar equipment or appliances (or for leakage or overflow from any of them) caused by freezing when:

1.  YOU do not do everything YOU can to keep the BUILDING heated.
2.  YOU do not drain the water bearing systems and shut off the water supply when the heat is not maintained.

  Copyright © 2007 Universal Underwriters Insurance Company  Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission.  Edition 1-2007

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

When this policy is issued to a tenant, and with respect to that tenant's interest in covered property, BUILDING means the unit or suite rented or leased to the tenant. For such tenants, "vacant" means a BUILDING that does not contain enough CONTENTS, EQUIPMENT, or STOCK to conduct customary operations.

When this policy is issued to the owner or general lessee of a BUILDING, BUILDING means the entire building. For such BUILDING owner, "vacant" means a BUILDING that does not have at least 31% of its total square footage either (1) rented to a lessee or sub-lessee and used by the lessee or sub-lessee to conduct its customary operations, or (2) used by the BUILDING owner to conduct customary operations.

A BUILDING under construction or renovation is not a "vacant" BUILDING.

L. Data or Media

DATA or MEDIA that cannot be replaced with others of the same kind or quality.

The following additional exclusions apply to BUSINESS INCOME CONTINUATION:

WE will not pay for BUSINESS INCOME CONTINUATION because of LOSS to:

M. Buildings Under Construction

BUILDINGS in the process of construction, including materials or supplies for use therewith.

N. Supplemental Limits Coverage

BUILDING, CONTENTS, EQUIPMENT, STOCK or EMPLOYEE TOOLS, if the only applicable coverage for LOSS to such property is provided by the Supplemental Limits condition.

## *You Must Report*

YOU must report the full required values of all property (indicated in the declarations as "RPTD") as of the last business day of that month. WE must receive the report within 15 days after the end of each calendar month. YOU may not correct inaccurate reports after LOSS.

## *The Most We Will Pay*

A. Loss to Scheduled Property

1. LOSS payment will not reduce the amount of insurance under this coverage part. The most WE will pay for any one LOSS to the property at the LOCATIONS is the least of the following:

   a. the ACTUAL CASH VALUE of repairs to the property with like kind and quality.
   b. the ACTUAL CASH VALUE of replacement for the property with like kind and quality.
   c. if the property is to be reported, the percentage the last report (received by US prior to the LOSS) bears to the ACTUAL CASH VALUE of such property that should have been reported.
   d. if, at the time of LOSS, YOU have failed to file all required reports of values, WE will pay no more than the amounts shown on the last report received by US prior to the LOSS. If the delinquent report is the first one due, WE will pay no more than 75% of the limit stated in the declarations.
   e. if the property is subject to a coinsurance percentage, shown in the declarations, LOSS will be determined by the coinsurance condition of this coverage part.
   f. up to $50,000 per LOSS for EXTENDED THEFT.
   g. up to $100,000 per LOSS for GOVERNMENT CONFISCATION.
   h. the limit stated in the declarations for the LOCATION.

2. However, if at the time of the LOSS:

   a. YOU have reported as required under You Must Report;
   b. YOU reported the full required values of all property on each report; and
   c. the last report due before the LOSS is not delinquent;

   part A.1.h. of The Most We Will Pay is changed for property required to be reported to read "125% of the limit stated in the declarations."

B. Business Income Continuation

   The most WE will pay for BUSINESS INCOME CONTINUATION is determined as follows:

   1. if YOU must totally suspend YOUR business at any LOCATION shown in the declarations as applicable to this coverage for 5 consecutive days or less, WE will pay YOU 1/30 of the monthly amount shown in the declarations for each day of total suspension;

   2. if YOU must totally suspend YOUR business at the LOCATIONS shown in the declarations as applicable to this coverage for more than 5 consecutive days or must partially suspend YOUR business, WE will pay YOU the larger of the following amounts for each day during the period of suspension:

      a. 1/30 of the monthly limit shown in the declarations, less the average daily GROSS PROFIT YOU actually earn following the LOSS;
      b. the average daily GROSS PROFIT for the four calendar months immediately preceding the month of the LOSS, less the average daily GROSS PROFIT YOU actually earn following the LOSS.

   3. Regarding B.1. and B.2. above, if the limit applies to more than one LOCATION, WE will multiply the amount indicated above by the pro rata percentage of GROSS PROFIT earned at the LOCATION at which business has been suspended. WE will calculate this percentage by dividing the GROSS PROFIT for the LOCATION at which business has been suspended by the GROSS PROFIT for all LOCATIONS, based on the financial statement for the four months prior to the LOSS.

## *We Will Also Pay*

If this coverage part insures CONTENTS, STOCK, or EQUIPMENT, WE will also pay:

A. all ordinary and necessary expense incurred at OUR request, to return such property to YOU for LOSS caused by theft or EXTENDED THEFT when coverage for UNNAMED PERILS is declared. Such expenses will be part of and not in addition to the limits.

B. for such insured property of others for which YOU are legally liable:

   1. all costs and expenses in defending an INSURED, and interest on that part of the judgment covered by this coverage part within OUR limits, that accrues after entry of any judgment in any SUIT WE defend, but only until WE have paid, offered to pay or deposited in court that part of the judgment that is within OUR limit.
   2. premiums on appeal bonds or bonds to release property used to secure YOUR legal obligation, in a suit WE defend, but only for bonds within OUR limit. WE do not have to furnish or secure these bonds.
   3. up to $500 a day for loss of earnings (but not other income) because of attendance at hearings or trials at OUR request.
   4. other reasonable expenses incurred at OUR request.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007

## Coinsurance

WE will not pay the full amount of any LOSS if the ACTUAL CASH VALUE of the insured property at the time of LOSS multiplied by the coinsurance percentage (shown in the declarations for the property) is greater than the limit stated in the declarations for the property at that LOCATION.

WE will determine the ACTUAL CASH VALUE of the insured property at the time of LOSS, and multiply it by the coinsurance percentage (shown in the declarations for the property) to obtain the "proper amount" of insurance YOU should have purchased. WE will divide the limit for the property by the "proper amount" to obtain the "recovery ratio". If the recovery ratio is less than 1.00, WE will multiply the amount of the LOSS (before applying any deductible) by the "recovery ratio" to determine the "amount payable". The amount of OUR payment will be the lesser of the "amount payable" or the limit stated in the declarations for the LOCATION.

If the LOSS is less than 2% of the total amount of insurance YOU have on the damaged property, WE will not require an inventory of the undamaged property to establish the ACTUAL CASH VALUE of the insured property. This will not waive the application of this condition.

The Coinsurance condition does not apply to BUSINESS INCOME CONTINUATION.

## How We Will Pay

A.  At OUR option, WE will pay for, repair, or replace the damaged or destroyed property. WE will advise YOU of OUR option within 30 days after WE receive YOUR sworn proof of LOSS. Before payment of LOSS, WE may take all or any part of the salvage at the agreed or appraised value. There will be no abandonment to US. Once the amount of LOSS payment is determined, WE will pay either YOU or the owner of the property within 60 days of OUR receipt of YOUR sworn proof of LOSS.

B.  Mortgage Clause

  1.  Covered LOSS will be paid to YOU and the holder of a Security Interest shown in the declarations as applicable to BUILDING or COMPLETED VALUE BUILDER'S RISK, as interests may appear. The holder's right to LOSS payment will not be affected by:

    a.  YOUR actions or inactions, or those of the BUILDING owner.
    b.  foreclosure or similar proceedings.
    c.  changes in ownership of the insured property.
    d.  Exclusion K. of the Exclusions-Property provision.

  2.  In order for the holder to preserve its rights to LOSS payment, it must:

    a.  pay any premiums due at OUR request when YOU have failed to do so;
    b.  submit a signed sworn statement of LOSS within 60 days of OUR notice to them of YOUR failure to do so; and
    c.  promptly notify US of any change in ownership, occupancy or a substantial change in risk when it becomes known to them.

    All terms of this coverage part will then apply directly to the holder.

  3.  Should payment be made to the holder, that would not have been made to YOU, their rights to recover from YOU will become OUR rights. This will not impair their rights to recover any debt from YOU over and above the LOSS payment. WE have the right to pay off the mortgage debt. When WE do, the holder must assign the mortgage over to US, and YOU must then repay US.

  4.  If WE cancel or non-renew this coverage part, WE will give the holder written notice of at least:

    a.  10 days, if WE cancel for YOUR non-payment of premium.
    b.  30 days, if WE cancel for any other reason.
    c.  10 days, if WE elect to non-renew this policy.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

C. Loss Payable Provisions

1. WE will pay any covered LOSS both to YOU and the Security Interest shown in the declarations as applicable to CONTENTS, EQUIPMENT, STOCK, or WATERCRAFT, as interests may appear. Their interest is protected, to the extent that this insurance applies, unless LOSS results from YOUR wrongful conversion, embezzlement or secretion.
2. WE may cancel the policy as allowed in the CANCELLATION provisions. Cancellation ends this agreement as to the interest of the Security Interest.
3. If WE make any such payment to the Security Interest, WE obtain their rights against any other party.

## *Deductibles*

After the amount of LOSS has been determined under The Most We Will Pay and the Coinsurance condition applied, WE will subtract the deductible shown in the declarations. If YOU have a LOSS that involves more than one peril insured, BUILDING, LOCATION, or item of property, WE will apply one deductible to the LOSS. That deductible will be the largest one applicable to the LOSS. The most WE will deduct from a LOSS to glass is $250.

The Deductibles condition does not apply to BUSINESS INCOME CONTINUATION.

## *Debris Removal and Demolition Costs*

A. Debris Removal

WE will pay the cost incurred of removing debris of the covered property at the LOCATION following a LOSS insured by this coverage part, subject to the following:

1. the expenses will be paid only if reported to US in writing within 180 days of the date of LOSS.
2. WE will not pay for the expenses to clean up, remove, contain, treat, detoxify or neutralize POLLUTANTS or to replace polluted land or water.

B. Demolition Costs

WE will pay for the cost of demolishing any undamaged portion of the BUILDING at the LOCATION, including clearing the site, following a LOSS insured by this coverage part. This condition applies only if the cost is the result of the enforcement of any ordinance or law regulating the demolition of BUILDINGS which are in effect at the time of the LOSS.

Part 1. of Exclusion X. in the Exclusions – Perils condition does not apply to extensions A. or B. above.

C. The Most We Will Pay for Debris Removal and Demolition Costs

The most WE will pay for debris removal and demolition cost expenses is the larger of $50,000 per LOCATION or 25% of the LOSS before the application of any deductible. WE will not, however, pay more than $50,000 in excess of the applicable limit (as stated in the declarations, the Supplemental Limits or the Newly Acquired Organizations Extension) for the entire LOSS including the debris removal and demolition cost expenses;

## *Supplemental Limits*

The following Supplemental Limits apply in addition to the limits shown in the declarations, when LOSS is caused by a peril covered by this coverage part.

The most WE will pay under Supplemental Limits is the ACTUAL CASH VALUE (as defined for similar property insured by this coverage part) of repairs or replacement of the property with like kind and quality,

or the amount stated in the extension, whichever is less. After the amount of LOSS has been determined, WE will subtract the deductible shown in the declarations for similar property insured by this coverage part.

Except as specified below, the terms and conditions of this coverage part apply to the Supplemental Limits.

The Coinsurance condition of this coverage part does not apply to the extensions provided under Supplemental Limits.

YOU can use:

A.  If BUILDING(S), CONTENTS, EQUIPMENT or STOCK are insured:

1.  up to $500,000 to apply in any combination to:

a.  each BUILDING and its CONTENTS acquired, rented, or leased by YOU for use in YOUR business; if YOU are not required to insure the rented or leased BUILDING, this extension provides coverage for BUILDING only as afforded by Endorsement No. 020 (FIRE LIABILITY.)

Part A.1.a. of this extension ends the earlier of (1) 180 days from the first day of acquisition, rental or lease, (2) the date YOU report the BUILDING to US, or (3) the expiration date of this policy. $500,000 is the most WE will pay for LOSS to BUILDING and its CONTENTS under this extension if LOSS occurs prior to the time YOU have notified US of the acquisition of that premises.

b.  Each BUILDING while being constructed for use in YOUR business.

Part A.1.b. of this extension ends the earlier of (1) 180 days from the start of the construction, (2) the date YOU report the construction to US, or (3) the expiration date of this policy.

c.  With respect to insurance provided by the Supplemental Limits condition, items A.1.a. and A.1.b., the first sentence of the definition of BUILDING is changed to read as follows:

"'BUILDING' means the structure at each premises acquired, rented, or leased by YOU. "

2.  Up to $25,000 to apply, in any combination, to property described under ADDITIONAL PROPERTY for any one LOSS. A $1,000 deductible per LOSS applies to extension A.2.
3.  up to $100,000 to pay for the expense to extract POLLUTANTS from the land or water at a LOCATION if the pollution results from a LOSS to property insured by this coverage part. The expenses will be paid only if they are reported to US within 180 days of the date of LOSS.

Extension A.3. applies to each LOCATION separately and is the most WE will pay during each Policy Period. It does not apply to expenses to test for, monitor or assess the existence, concentration or effects of POLLUTANTS, except for testing performed in the process of extracting POLLUTANTS as covered in this extension.

4.  up to $25,000 to apply in any combination to:

a.  fire department service charges assumed under a contract or agreement or required by local ordinance. This extension applies only to the service charge, not to any liability for injury to any person or property from any cause.
b.  expenses actually incurred to recharge any pressurized automatic extinguishing system due to discharge. No deductible applies to this extension.
c.  arson rewards.

No deductible applies to extension A.4.

5. up to $25,000 to apply to damage to the BUILDING at the LOCATION caused by thieves. This extension applies only if YOU do not own the BUILDING and are legally liable for such LOSS.

6. up to $25,000 for any one LOSS to apply to EXTRA EXPENSE.

7. up to $10,000 for each painting, etching, watercolor, or similar artistic rendering owned by YOU and used to decorate the interior of a BUILDING, but not for more than $50,000 for any one LOSS. Exclusions – Property E. does not apply to extension A.7.;

8. up to $5,000 for trees, shrubs, lawns, or plants (including the cost to remove debris) used for outside decoration at each LOCATION insured. This extension is limited to $750 per tree, shrub, or growing plant. Exclusions – Property B. does not apply to extension A.8. No deductible applies to extension A.8.

9. up to $5,000 for premises key and lock replacement if keys are stolen or premises lock repair or replacement is made necessary by theft or attempted theft. No deductible applies to extension A.9.

10. up to $10,000 in one policy period for reasonable expenses incurred with our prior approval, for collecting and preparing LOSS data required by US. This includes the cost of an inventory that WE request to determine the extent of a LOSS.

11. Limited Coverage for FUNGUS, Wet Rot, Dry Rot and Bacteria

   a. The coverage described A.11.b. and A.11.e. below applies only when the FUNGUS, wet rot, dry rot or bacteria is the result of a LOSS from SPECIFIED PERILS other than fire or lightning that occurs during the policy period, and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that LOSS.
   b. WE will pay for LOSS or damage caused by FUNGUS, wet rot, dry rot or bacteria. As used in this supplemental coverage, the term LOSS or damage means:

   (1) direct physical LOSS or damage to covered property caused by FUNGUS, wet rot, dry rot or bacteria, including the cost of removal of the FUNGUS, wet rot, dry rot or bacteria;
   (2) the cost to tear out and replace any part of the BUILDING or other property as needed to gain access to the FUNGUS, wet rot, dry rot or bacteria; and
   (3) the cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that FUNGUS, wet rot, dry rot or bacteria are present.

   c. The coverage described under A.11.b. of this limited coverage is limited to $15,000. Regardless of the number of claims, this limit is the most WE will pay for the total of all LOSS or damage arising out of all occurrences of SPECIFIED PERILS (other than fire or lightning) which take place in a 12-month period (starting with the beginning of the present annual policy period). With respect to a particular occurrence of LOSS which results in FUNGUS, wet rot, dry rot or bacteria, WE will not pay more than a total of $15,000 even if the FUNGUS, wet rot, dry rot or bacteria continues to be present or active, or recurs, in a later policy period.
   d. Notwithstanding any provision of this policy to the contrary, the coverage provided under this limited coverage shall not increase the applicable limit of insurance on any covered property under The Most We Will Pay. If a particular occurrence results in LOSS or damage by FUNGUS, wet rot, dry rot or bacteria, and other LOSS or damage, WE will not pay more, for the total of all LOSS or damage, than the applicable limit of insurance on the affected covered property.

   If there is a covered LOSS or damage to covered property, not caused by FUNGUS, wet rot, dry rot or bacteria, OUR LOSS payment will not be limited by the terms of this limited coverage, except to the extent that FUNGUS, wet rot, dry rot or bacteria causes an increase in the LOSS. Subject to the paragraph above, any such increase in the LOSS will be subject to the terms of this limited coverage.

 Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

e. When BUSINESS INCOME CONTINUATION is shown in the declarations as applicable to the LOCATION, the following additional conditions apply:

(1) if the LOSS which resulted in FUNGUS, wet rot, dry rot or bacteria does not in itself necessitate a suspension of YOUR business, but such suspension is necessary due to LOSS or damage to property caused by FUNGUS, wet rot, dry rot or bacteria, then we will pay you 1/30 of the monthly BUSINESS INCOME CONTINUATION limit shown in the declarations, less the average daily GROSS PROFIT YOU actually earn following the LOSS. The recovery period is for no more than 30 days, which need not be consecutive. The period of suspension begins 72 hours after the time of LOSS to such property;

(2) if a covered suspension of YOUR business was caused by LOSS or damage other than FUNGUS, wet rot, dry rot or bacteria but remediation of FUNGUS, wet rot, dry rot or bacteria prolongs the period of suspension, WE will pay for BUSINESS INCOME CONTINUATION sustained during the delay (regardless of when such a delay occurs during the period of suspension), but such coverage is limited to 30 days, which need not be consecutive.

The EXTENDED RECOVERY PERIOD does not apply to items A.11.e.(1) or A.11.e.(2) above.

B. If CONTENTS is insured:

1. up to $100,000 for LOSS caused by fire or explosion, if YOU are not required to insure the rented or leased BUILDING. This extension provides coverage as afforded by Endorsement No. 020 (FIRE LIABILITY).

2. up to $500,000 for LOSS to YOUR records of ACCOUNTS RECEIVABLE while those records are inside of a BUILDING. The most WE will pay under this extension is LOSS as determined by the formula shown below.

Formula - WE will:

a. determine the average amount of the monthly accounts receivable for the twelve months immediately preceding the LOSS;

b. increase or decrease the amount determined in B.2.a. for normal fluctuations in the amount of outstanding accounts receivable during the month of LOSS; and

c. from the amount determined above, WE will deduct the amount of:

(1) uncollected accounts on which YOUR records were not lost or damaged;
(2) accounts YOU have re-established or collected from other records;
(3) probable bad debts that normally would have been uncollectible; and
(4) unearned interest or service charges on deferred payment accounts.

With respect to Supplemental Limits, item B.2., the Exclusions – Perils and Exclusions – Property conditions are replaced by:

Exclusions – WE will not pay for LOSS:

a. due to any dishonest, fraudulent, criminal, or intentional act committed by YOU or any of YOUR partners, executive officers, directors, or trustees or by any person or organization to whom YOU entrust the property.

b. due to interruption of electrical power supply, power surge, or brown out, if the occurrence originates away from the LOCATION. This exclusion does not apply to LOSS caused by lightning.

c. due to radioactive contamination, nuclear radiation, nuclear reaction, or the explosion or malfunction or a nuclear weapon, device or facility, or their consequences.

d. due to WAR.

The Deductibles condition does not apply to extension B.2.

The How We Will Pay condition does not apply to extension B.2. WE will pay YOU within 30 days after YOU have proven YOUR LOSS and the final amount payable has been determined.

The following conditions are added:

Protection of Records - If YOU must transfer the records to another safe place to avoid imminent danger of LOSS, WE will cover them while temporarily there or in transit to or from there.

Recoveries - YOU must tell US if YOU collect any receivables that WE paid YOU. Any such collections belong to US. Once WE have been paid in full, the remainder is YOURS.

3.  up to $50,000 to apply to all duplicate and backup DATA and MEDIA stored at premises other than a LOCATION. Such storage must be more than 100 feet from any LOCATION.

4.  up to $25,000 to apply to EQUIPMENT rented by YOU to others. Exclusions – Property I. does not apply to extension B.4.

5.  up to $25,000 to apply to EMPLOYEE TOOLS. This extension is subject to the following:

    a.  this extension does not apply if EMPLOYEE TOOLS is an item of property specifically insured at any LOCATION.
    b.  only the SPECIFIED PERILS apply.
    c.  coverage is limited to $1,000 per employee per LOSS.

6.  up to $10,000 on any personal property, other than EMPLOYEES TOOLS, owned by YOUR partners, officers or employees, subject to a maximum payment of $1,000 per person for LOSS by theft. Exclusions – Property E. does not apply to extension B.6.

7.  up to $5,000 on gold, silver, platinum, bullion and other precious metals (or objects made of any of them), jewels, jewelry, watches, pearls, precious or semi-precious stones, and furs owned by YOU for LOSS due to theft. Exclusions – Property E. does not apply to extension B.7.

8.  up to $25,000 to apply to LOSS to a trailer that YOU do not own, if:

    a.  the trailer is temporarily used in YOUR business for the purpose of storage of CONTENTS;
    b.  the trailer is in YOUR care, custody or control at a LOCATION described in the declarations; and
    c.  YOU are legally liable for the LOSS to the trailer.

    Exclusions – Property A. does not apply to a trailer that meets the conditions described in 8.a., b. and c. above.

    WE will not pay for LOSS to such trailer:

    a.  while the trailer is attached to any AUTO, regardless of whether the AUTO or trailer is in motion at the time of the LOSS.
    b.  that occurs during the hitching or unhitching the trailer to any AUTO.
    c.  that results because the trailer accidentally becomes unhitched from any AUTO.

9.  Other Insured Property

    up to the amount shown in the declarations for "Other Insured Property" for such property while in transit or temporarily at premises not owned, rented, leased, operated or controlled by YOU. This condition also applies to property described under parts 1. and 2. of the definition of BUILDING, and to part 2. of the definition of EQUIPMENT, when insured by this coverage part.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007

The limit for "Other Insured Property" shall apply in addition to the limits stated in the declarations for such CONTENTS, STOCK, or EQUIPMENT. A $1,000 deductible per LOSS applies to extension B.9.

Extension B.9. does not apply to CONTENTS, EQUIPMENT or STOCK while at a trade show or exhibition.

C.  If EMPLOYEE TOOLS are insured:

up to $50,000 to apply to EMPLOYEE TOOLS in each BUILDING YOU acquire, rent or lease for use in YOUR business.

Extension C. ends the earlier of (1) 180 days from the first day of acquisition, rental or lease, (2) the date YOU report the BUILDING to US, or (3) the expiration date of this policy.

D.  If BUSINESS INCOME CONTINUATION is insured:

1.  up to the total limit for BUSINESS INCOME CONTINUATION shown in the declarations, to apply to EXTRA EXPENSE incurred by YOU at the LOCATION or any building YOU own, rent or lease for use in YOUR business. Payments for EXTRA EXPENSE shall not reduce the limits available for BUSINESS INCOME CONTINUATION.

This extension applies only for the number of months stated in the declarations for BUSINESS INCOME CONTINUATION at the LOCATION.

However, if Insuring Agreement B. – Business Income Continuation, part 3 applies, EXTRA EXPENSE coverage begins immediately after the time civil authorities prevent YOU from entering YOUR BUILDING, and ends the earlier of:

a.  three consecutive weeks after BUSINESS INCOME CONTINUATION coverage begins; or
b.  the time you are allowed to enter your BUILDING.

2.  up to $25,000 to apply to BUSINESS INCOME CONTINUATION at any BUILDING YOU acquire, rent, or lease for use in YOUR business. This is the most WE will pay under this extension for each month of suspension. The number of consecutive months insured under this extension will be the shortest period applying to any LOCATION insured for BUSINESS INCOME CONTINUATION.

Part D.2. of this extension ends the earlier of 180 days from the first day of acquisition, rental or lease, or (2) the date YOU report the BUILDING to US.

## *Newly Acquired Organizations Extension*

A.  The insurance afforded by this coverage part is extended to include any organization acquired or formed by YOU and in which YOU have majority ownership. WE will pay up to $500,000 to apply to BUILDING and CONTENTS if either is shown in the declarations. YOU may also use the additional limits provided in the Supplemental Limits condition.

B.  This extension ends the earlier of:

1.  180 days from the date of acquisition or formation, or
2.  the date this coverage part expires. YOU must pay any additional premiums due.

C.  The coinsurance condition of this coverage part does not apply to this extension.

D.  The most WE will pay under this extension is the ACTUAL CASH VALUE (as defined for similar property insured) of repairs or replacement of the property with like kind and quality or $500,000, whichever is less.

E. This extension does not apply to an operation that:

1. is a joint venture;
2. is an insured under any other policy;
3.. has exhausted its limit of insurance under any other policy; or
4. is in a different business than YOU.

## *Business Income Continuation*
## *Additional Condition*

Extended Recovery Period

If YOU must suspend the insured operations for 30 days or more and YOU resume operations within a reasonable time, WE will extend the recovery period up to 30 days from the date YOU resume operations. This Extended Recovery Period ends the earlier of 30 days from the date YOU resume operations or the end of the total consecutive months (shown in the declarations) from the date of LOSS.

## *Additional Conditions*

A. Suspension

When EQUIPMENT has been found to be in, or exposed to, a dangerous condition, WE may immediately suspend BREAKDOWN coverage with respect to that EQUIPMENT. WE will do this by delivering or mailing a written notice of suspension to YOUR address as shown in the declarations or to the address of the location of the EQUIPMENT.

Such suspension will apply to all parties at interest, including but not limited to YOU, any Additional Insured, Loss Payee, Mortgagee, or owner of any property in YOUR care, custody or control.

Once suspended, reinstatement will only be made by US in writing to YOU. Any return premium due YOU will be mailed to YOU, but suspension will be effective even if WE have not yet mailed or offered a return premium.

B. Automatic Sprinkler Systems

If WE gave YOU a rate credit on insured items of property protected by an AUTOMATIC SPRINKLER SYSTEM, the following additional conditions apply:

1. If the sprinkler system or water supply is under YOUR control, YOU must maintain the system and its water supply in complete working order at all times. If any changes are made in either, YOU must immediately tell US.
2. YOU may, however, temporarily shut off the water supply from any portion of the system, as is necessary, if there is a break, leakage, or an opening of the sprinkler heads. When YOU do, YOU must immediately tell US.
3. If additional rate credit was given YOU for having an approved central station sprinkler supervisory service, YOU must tell US of any change in that service.

YOUR failure to comply will result in YOUR losing the rate credit.

C. Compliance with Conditions

WE have no duty to provide coverage under this coverage part unless YOU or any other INSURED has fully complied with all conditions applicable to this coverage part.

However, any act or neglect of any person other than YOU beyond YOUR direction or control will not affect the insurance afforded by this coverage part.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

The breach of any condition of this coverage part at any one or more LOCATIONS will not affect coverage at any LOCATION where, at the time of LOSS, the breach of condition does not exist.

D.  Your Duties After Loss

YOU must:

1.  protect the property whether or not this insurance applies. WE will pay all reasonable expenses YOU incur for such protection. However, WE will pay only for subsequent covered LOSS.

2.  notify US as soon as possible. Promptly send US all documents if YOU are sued or claim is made against YOU. YOU must notify the police if a law may have been broken. If LOSS is caused by EXTENDED THEFT, YOU must notify the police and file a complaint with the proper authorities (empowered to issue warrants) against the person causing the LOSS.

3.  as often as may be reasonably required, permit US to inspect the damaged property prior to its repair or replacement and to examine YOUR books and records. Also permit US to take samples of damaged and undamaged property for inspection, testing, and analysis, and to make copies from YOUR books and records.

4.  give US complete inventories of damaged and undamaged property, including quantities, costs, values and the amount of LOSS claimed.

5.  submit to US a sworn proof of LOSS within 60 days. WE may examine any INSURED under oath, while not in the presence of any other INSURED and at such times as may be reasonably required, about any matter relating to this insurance or the LOSS, including an INSURED'S books and records. In the event of an examination, an INSURED'S answers must be signed.

6.  cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification of any LOSS.

    YOU may not, except at YOUR expense, make any offer or payment, assume any obligation or incur any expenses unless otherwise permitted by this coverage part.

7.  YOU must do all YOU can to reduce BUSINESS INCOME CONTINUATION LOSS, by:

    a.  restoring the damaged, destroyed, or stolen property as soon as possible.
    b.  resuming operations at the LOCATION(S), whether damaged or not, or at other premises available to YOU, even if the operations are only partial.
    c.  using CONTENTS at other LOCATIONS or elsewhere.

E.  Waiver of Subrogation

YOU must protect YOUR right of recovery against others, but YOU may:

1.  give others written release from any responsibility for LOSS to the property if the release is given prior to the LOSS.
2.  accept the usual documents from a shipper, even if they limit the carrier's liability for LOSS.

F.  No Benefit to Bailee

This insurance will not benefit, directly or indirectly, any carrier or bailee.

G.  Other Insurance

1.  If YOU have other insurance that provides coverage on the same basis as this insurance, WE will pay only OUR share of the covered LOSS. OUR share is the proportion that OUR applicable limit bears to the total applicable limits of insurance of all insurance that provides coverage on the same basis.

2.  Except for other insurance described in paragraph G.1. above, WE will pay only the amount of covered LOSS in excess of the amount due from any other insurance, whether it is collectible or not. In no event will we pay more than the applicable limit of insurance shown in the declarations.

H.  Other Agreements

This insurance will pay only that amount of a covered LOSS in excess of the amount due from any maintenance, service or similar agreement for any property insured by this coverage part.

I.  Policy Territory

This policy covers anywhere in the United States of America, its territories or possessions, or Canada.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007

# CRIME
## COVERAGE PART 380

This coverage part and the specific coverages that comprise this coverage part apply only when they are shown in the declarations. In Item 2 of the declarations, each named insured, other insured, and location is given a corresponding letter or number designation. Insurance provided by this coverage part will not apply to any named insured, other insured, or location unless its corresponding letter or number appears next to a specific coverage in Item 3 of the declarations for this coverage part.

The General Conditions apply except as amended or replaced in this coverage part.

## *Insuring Agreement*

A.  Employee Dishonesty

1.  Employee Theft or Forgery

    WE will pay for LOSS of MONEY, SECURITIES and OTHER PROPERTY resulting from THEFT or FORGERY committed by an EMPLOYEE, whether identified or not, acting alone or in collusion with other persons.

2.  Vicarious Liability

    WE will pay for LOSS of MONEY, SECURITIES and OTHER PROPERTY sustained by a third party and resulting directly from THEFT or FORGERY by YOUR EMPLOYEE, for which LOSS YOU are held legally liable.

    YOU may not assume any obligation, make any offer or payment, or incur any expenses without OUR consent, except at YOUR own cost.

    Coverage for vicarious liability as described above shall be part of, and not in addition to, the Employee Dishonesty limit displayed in the policy declarations. Payment under vicarious liability shall reduce the applicable limit for Employee Dishonesty.

    WE will reimburse reasonable defense costs incurred by YOU to defend any legal proceeding alleging such vicarious liability on YOUR part for acts of YOUR EMPLOYEE as described in part A.2. of this Insuring Agreement. Such defense coverage shall be part of, and not in addition to, the Employee Dishonesty limit displayed in the policy declarations. Payment of such defense costs shall reduce the applicable limit of insurance.

3.  Unauthorized Reproduction of Software

    WE will pay for fines and penalties that YOU incur because of an EMPLOYEE'S unauthorized reproduction of computer software in violation of a licensing agreement with a third party vendor, provided the unauthorized reproduction is done:

    1.  without YOUR knowledge;
    2.  without the knowledge of YOUR partner, executive officer or director;
    3.  without the knowledge of any other person having responsibility for compliance with the terms of the software licensing agreement;

    and you are legally liable for the LOSS.

    This coverage shall be part of, and not in addition to, the Employee Dishonesty limit displayed in the declarations. This insuring agreement does not apply to the theft of confidential information.

B.  Loss From Within The Building

WE will pay for LOSS:

1.  of MONEY and SECURITIES by the actual destruction, disappearance, or wrongful removal from the BUILDING or any BANK, (except for COMPUTER FRAUD AND FUNDS TRANSFER FRAUD);
2.  of OTHER PROPERTY by SAFE BURGLARY or ROBBERY from the BUILDING or attempt thereat;
3.  to a locked cash drawer, cash box or cash register by illegal entry into such container within the BUILDING, wrongful removal of such container from the BUILDING or an attempt thereat of either;
4.  for damage to the BUILDING caused by part B.1., 2. or 3. above, if YOU are the owner or are liable for damage;
5.  from COMPUTER FRAUD AND FUNDS TRANSFER FRAUD.

C.  Loss Outside The Building

WE will pay for LOSS of the following:

1.  MONEY and SECURITIES resulting directly from the actual destruction, disappearance or wrongful taking, while outside the BUILDING in the care and custody of a MESSENGER or an armored motor vehicle company;
2.  OTHER PROPERTY resulting directly from an actual or attempted ROBBERY, while outside the BUILDING in the care and custody of a MESSENGER or an armored motor vehicle company.

D.  Money Orders and Counterfeit Paper Currency

WE will pay for LOSS:

1.  If YOU accept, in good faith, any money order in exchange for merchandise, MONEY, or services, if such money order is not paid when presented;
2.  due to YOUR acceptance, in good faith, in the regular course of business, counterfeit United States or Canadian currency.

E.  Depositor's Forgery

WE will pay for LOSS from YOUR BANK accounts which YOU sustain due to FORGERY or alteration of a negotiable instrument:

1.  made or drawn upon YOU, or by YOU or anyone acting as YOUR agent;
2.  purported to have been made or drawn as stated in part E.1. above.

If YOU are sued by another to enforce payment of such an instrument, believed by YOU to be forged or altered, WE will at OUR option, pay for reasonable attorney's fees, court costs, or similar legal expenses incurred and paid by YOU. These expenses will be in addition to the limit shown in the declarations.

F.  Extortion

WE will pay for LOSS, away from the BUILDING, due to the surrender of MONEY, SECURITIES, or OTHER PROPERTY as a result of a threat communicated to YOU to do bodily harm to YOU, or any of YOUR directors, trustees, executive officers, partners, EMPLOYEES or a relative or invitee of any of them who is or allegedly is being held captive.

Before such property is surrendered, the person receiving the threat must make a reasonable effort to report the extortionist's demands to an associate, the Federal Bureau of Investigation, or local law enforcement authorities.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

## Definitions

When used in this Coverage Part:

A. "BANK" means the interior of any building occupied by a banking institution for conducting its business, or any similar recognized place of safe deposit.

B. "BUILDING" means the interior of any structure shown in the declarations as applicable to this Coverage Part.

C. "COMPUTER FRAUD AND FUNDS TRANSFER FRAUD" means:

1. LOSS of or damage to MONEY, SECURITIES and OTHER PROPERTY resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the BUILDING or BANK to a person other than a MESSENGER or to a place outside the BUILDING or BANK;
2. fraudulent electronic, telegraphic, cable, teletype, facsimile or telephone instructions issued to a FINANCIAL INSTITUTION directing such institution to debit a TRANSFER ACCOUNT and to transfer, pay or deliver MONEY and SECURITIES from such TRANSFER ACCOUNT which instructions purport to have been transmitted by YOU but were in fact fraudulently transmitted by someone other than YOU without YOUR knowledge or consent;
3. fraudulent written instructions issued to a FINANCIAL INSTITUTION directing such institution to debit a TRANSFER ACCOUNT and to transfer, pay or deliver MONEY or SECURITIES from such TRANSFER ACCOUNT by use of an electronic funds transfer system at specified intervals or under specified conditions which instructions purport to have been issued by YOU but were in fact fraudulently issued, forged or altered by someone other than YOU without your knowledge or consent.

D. "CUSTODIAN" means any person in YOUR regular service authorized to have care and custody of YOUR property within the BUILDING.

E. "EMPLOYEE" means a natural person while in YOUR service (and under Employee Dishonesty and Depositor's Forgery, 60 days thereafter) during the Coverage Part period whom YOU pay a salary, wage, or commission. It also means a natural person while in YOUR service (and under Employee Dishonesty and Depositor's Forgery, 60 days thereafter) during the Coverage Part period who is employed by an employment contractor. EMPLOYEE does not mean anyone:

1. YOU do not have the right to control or direct as to details and means by which the result is accomplished;
2. who is corporate director or trustee except while performing acts within the scope of the usual duties of an EMPLOYEE;
3. who is an agent, broker, factor, commission merchant, consignee, independent contractor or representative of the same general character;
4. outside the policy territory, except to those EMPLOYEES temporarily outside the policy territory for a period of not more than 90 days.

F. "FINANCIAL INSTITUTION" means:

1. a banking, savings or thrift institution, or
2. a stock broker, mutual fund, liquid assets fund or similar investment institution at which YOU maintain a TRANSFER ACCOUNT.

G. "FORGERY" means the signing of the name of another person or organization with intent to deceive. It does not mean a signature which consists in whole or in part of one's own name signed with or without authority, in any capacity, for any purpose.

H. "LOSS" means loss of or damage to the property described in the Insuring Agreement during the coverage part period from the causes described in the Insuring Agreement. All LOSS caused by, or involving, one or more EMPLOYEES, or act or series of acts involving one or more persons will be

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

deemed to be one LOSS. With respect to Loss From Within The Building and Loss Outside The Building, all LOSS from any event or series of events will also be deemed one LOSS. Where LOSS involves a series of acts, coverage is provided for only those acts in the series that occur during the coverage part period, except as provided under the Loss Under Prior Bond Or Insurance condition.

I.  "MESSENGER" means any person who is duly authorized by YOU to have care and custody of YOUR property outside the BUILDING.

J.  "MONEY" means currency, coins, bank notes, bullion, travelers checks, registered checks and money orders held for sale to the public.

K.  "OTHER PROPERTY" means tangible property that has intrinsic value. It does not mean MONEY or SECURITIES.

L.  "ROBBERY" means the felonious taking of property (other than MONEY or SECURITIES) from a MESSENGER or CUSTODIAN or from their presence without their consent by actual or constructive force or from them if they are killed or rendered unconscious.

M.  "SAFE BURGLARY" means the felonious taking of (1) a safe from the BUILDING, or (2) property (other than MONEY or SECURITIES) from within a vault or safe that is in the BUILDING and (a) equipped with a combination lock, (b) all doors are locked and all combinations locked, and (c) there is evidence of forcible entry into the safe or vault.

N.  "SECURITIES" means instruments or contracts representing monetary value to others who are not a party to the instrument or contract, and includes revenue and other stamps (whether represented by actual stamps or unused value in a meter) in current use, but not MONEY.

O.  "THEFT" means the unlawful taking of MONEY, SECURITIES or OTHER PROPERTY to the deprivation of the INSURED. For part A.2. of Employee Dishonesty, "THEFT" means an EMPLOYEE unlawfully taking MONEY, SECURITIES or OTHER PROPERTY to the deprivation of someone other than YOU.

P.  "TRANSFER ACCOUNT" means an account maintained by YOU at a FINANCIAL INSTITUTION from which YOU can initiate the transfer, payment or delivery of MONEY or SECURITIES:

1.  by means of electronic, telegraphic, cable, teletype, facsimile or telephone instructions communicated directly or through an electronic funds transfer system; or
2.  by means of written instructions establishing the conditions under which such transfers are to be initiated by such FINANCIAL INSTITUTION through an electronic funds transfer system.

## *Who Is An Insured*

With respect to LOSS insured under this Coverage Part, only YOU.

## *Joint Insured*

If YOU consist of more than one named person or organization, the first named will represent all of them for the purposes of this Coverage Part. Knowledge possessed or discovery made by any of them, or a director, partner or officer, will constitute knowledge possessed or discovery made by all of them.

If insurance is cancelled as to any EMPLOYEE, the cancellation applies to all named persons or organizations. If this Coverage Part or any Insuring Agreement is cancelled or terminated as to any person or organization included in YOU, LOSS will be covered for them only if discovered not later than one year from the date of the cancellation or termination.

OUR payment of LOSS to the first named person or organization constitutes payment to all named persons or organizations included in YOU. If the first named person or organization is no longer covered, the next named insured will become the first named insured.

PAGE 380-4     Copyright © 2007 Universal Underwriters Insurance Company     Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.     Edition 1-2007

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 401 of 634

Page 401 of 634

## *Exclusions*

WE will not pay for LOSS:

A.  under Employee Dishonesty or Depositor's Forgery, due to any fraudulent, dishonest, or criminal act committed by or involving any sole proprietor, partner, or anyone who owns the majority of stock or an amount equal to the largest amount owned by any other stockholder.

B.  under Loss From Within The Building and Loss Outside The Building, due to any fraudulent, dishonest, or criminal act committed by or involving an owner, officer, partner, director, trustee, EMPLOYEE, or authorized representative whether working or not. This exclusion does not apply to SAFE BURGLARY or ROBBERY or attempts thereat by other than YOU or YOUR partner.

C.  of MONEY contained in any money-operated device unless the amount of MONEY within is recorded by a continuous recording instrument in the device.

D.  due to (1) the giving or surrendering of MONEY or SECURITIES in any exchange or purchase, or (2) accounting or arithmetical errors or omissions.

E.  by fire. This exclusion does not apply to MONEY or SECURITIES.

F.  due to radioactive contamination or the explosion or malfunction of a nuclear weapon, device or facility, or their consequences.

G.  due to WAR.

H.  of manuscripts, books of accounts, or records.

I.  under Employee Dishonesty, to that part of any LOSS when proof of its existence is dependent upon an inventory computation or a profit and loss computation. However, if YOU establish wholly apart from such computations that YOU have sustained such a LOSS, then YOU may offer YOUR inventory records and actual physical count of inventory in support of the amount of LOSS claimed.

J.  due to the surrender of MONEY, SECURITIES or other property away from the BUILDING as a result of a threat to do (1) bodily harm to any person or (2) damage to the BUILDING or property owned by YOU or in YOUR care, custody, or control.

    This exclusion does not apply under Loss Outside The Building while being conveyed by a MESSENGER when there was no knowledge by YOU of such a threat at the time such MONEY, SECURITIES, or other property was surrendered to the MESSENGER, or EXTORTION, with respect to bodily harm to any person.

K.  except for vicarious liability and claims expense, that is an indirect result of any act or LOSS, including but not limited to:

    1.  business interruption or loss of use of the MONEY, SECURITIES, or OTHER PROPERTY;
    2.  costs, fees or other expenses incurred by YOU, unless authorized by US.

L.  except with respect to Depositor's Forgery, due to legal expenses related to any legal action.

M.  resulting from confiscation or destruction by order of governmental authority.

N.  under Loss From Within The Building and Loss Outside The Building, to or of any motor vehicles, trailers or semi-trailers or equipment and accessories attached to them.

O.  that is the result of any contract or agreement, including but not limited to, recourse agreements, in which YOU agree to be liable.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

## The Most We Will Pay

A.  LOSS payment will not reduce OUR liability for other LOSSES.

1.  Except with respect to Loss From Within The Building, the most WE will pay for any one LOSS is the least of the following:

    a.  the amount of the LOSS determined under the Valuation - How We Will Pay condition;
    b.  the limit shown in the declarations for the coverage applicable to the LOSS.

2.  With respect to Loss From Within The Building (other than COMPUTER FRAUD AND FUNDS TRANSFER FRAUD), the most WE will pay for any one LOSS is the least of the following:

    a.  the amount of the LOSS determined under the Valuation - How We Will Pay condition;
    b.  $500 while the BUILDING is closed for business and MONEY or SECURITIES are not locked in the receptacle shown in the declarations or there is no receptacle shown in the declarations. This limitation is increased to the limit stated in the declarations or $5,000 (whichever is less) when there is evidence of forced entry to the BUILDING;
    c.  the limit shown in the declarations for Loss From Within The Building at the applicable location.

3.  With respect to COMPUTER FRAUD AND FUNDS TRANSFER FRAUD, the most WE will pay for any one LOSS is the least of the following:

    a.  the amount of the LOSS determined under the Valuation - How We Will Pay condition;
    b.  the highest limit shown in the declarations for Loss From Within The Building.

B.  Regardless of the number of years this coverage part continues in force, the limit stated in the declarations is not cumulative from one period to another, or from one year to another.

C.  Overlapping Insurance

If a LOSS occurs partly during this coverage part period and partly under previous insurance WE issued to YOU (or YOUR predecessor in interest) that is no longer in effect, the most WE will pay is the largest amount recoverable under this or such previous insurance.

## Valuation - How We Will Pay

A.  Subject to the MOST WE WILL PAY:

1.  SECURITIES will be valued (except for EXTORTION) at their actual cash value at the close of the last business day before the LOSS was discovered. With respect to EXTORTION, they will be valued for no more than the actual cash value on the day they were surrendered.

2.  With respect to other property held by YOU as a pledge or collateral on an advance or loan, the value will be the actual cash value of the property as determined by YOU at the time the advance or loan was made. If the value was not a part of YOUR records, then WE will pay the unpaid part of the advance or loan, plus accrued interest at legal rates. WE may settle any LOSS with the owner of the property. Any property for which WE have made indemnification will become OURS. at OUR option, WE may pay for, repair, or replace the property.

3.  WE may, at OUR option:

    a.  pay the value of such SECURITIES or replace them in kind, in which event YOU must assign to US all YOUR rights, title and interest in and to those SECURITIES;
    b.  pay any Lost Securities Bond required in connection with issuing duplicates of the SECURITIES. However, WE will not pay more than the cost of such a bond with a penalty of the value of the SECURITIES or the limit of insurance, whichever is less.

PAGE 380-6
Copyright © 2007 Universal Underwriters Insurance Company
Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Edition 1-2007
Page 403 of 634

Case 2:26-cv-04162-WJE     Document 1-2     Filed 07/10/26     Page 403 of 634

B. MONEY will be valued at its face value.

C. OTHER PROPERTY will be valued at the least of the following:

1. this actual cash value at the time of LOSS (for EXTORTION, this is the actual cash value at the time it was surrendered);
2. the actual cost to repair with like kind and quality;
3. the actual cost to replace with like kind and quality;
4. WE may, at OUR option, pay the actual cash value of the property or repair or replace it either with YOU or the owner of the property. Any property replaced or paid for will become OUR property.

## *Deductibles*

WE will not pay for LOSS unless it exceeds the deductible stated in the declarations. Otherwise, WE will pay the amount of the LOSS in excess of the deductible, up to the limit stated in the declarations. If more than one deductible could apply to a LOSS, WE will apply only the highest deductible.

## *We Will Also Pay*

If Employee Dishonesty is insured, WE will pay for reasonable expenses incurred by YOU in order to determine the amount of covered Employee Dishonesty LOSS payable under this policy. WE will only reimburse YOU for such expenses provided the covered LOSS exceeds the applicable deductible independent of such expenses.

WE will not pay for a routine review of YOUR books and records. Reimbursement for such expenses will occur at the time of LOSS payment.

The most WE will pay under this condition is 20% of the Employee Dishonesty limit shown in the declarations, subject to a maximum of $10,000. This amount applies in addition to the Employee Dishonesty limit. This is the most WE will pay for any one LOSS under all policies issued by US.

## *Newly Acquired or Formed Organizations*

A. If YOU acquire or form another organization whose business is the same as YOURS, the coverages shown in the Declarations will apply to that organization as of the date of the acquisition or forming. YOU must pay any additional premiums due. This extension will end the earliest of:

1. 90 days from the date of acquisition or formation;
2. the date YOU report the acquisition or forming to US;
3. the expiration of this Coverage Part.

B. This extension does not apply to an operation:

1. that is a joint venture;
2. that is an insured under any other policy;
3. that has exhausted its limit of insurance under any other policy.

## *Conditions*

A. Ownership - Interests Covered

The insured property may be owned by YOU, held by YOU (whether or not YOU are legally liable for LOSS) or may be property for which YOU are legally liable for LOSS. However, this insurance is for YOUR benefit only and provides no rights or benefit to any other person or organization.

Case 2:26-cv-04162-WJE   Document 1-2   Filed 07/10/26   Page 404 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

B.  Discovery

LOSS is covered only if discovered not later than one year from the end of the coverage part period. With respect to Extortion, the threat to do bodily harm must be initially communicated to YOU during the coverage part period.

C.  Loss Under Prior Bond or Insurance

If YOU (or YOUR predecessor in interest) had continuous similar insurance that is no longer in effect, LOSS (to the extent it is not insured by the prior insurance solely because the discovery period of that insurance had lapsed) will be deemed to have occurred on the first day of this coverage part period. Provided, however:

1.  this insurance became effective at the time of cancellation or termination of the prior insurance or bond;
2.  the LOSS would have been covered had this insurance been in effect when the acts or events causing the LOSS took place;
3.  there is no lapse in coverage between the time when the acts or events causing the LOSS took place and the date of discovery;
4.  this extension is part of and not in addition to the limit stated in the declarations. LOSS recovery is limited to the lesser of the amounts recoverable under:

    a.  this insurance had it been in force at the time the acts or events took place;
    b.  the prior bond or insurance had it continued in force until the discovery of the LOSS.

D.  Other Insurance

This insurance does not apply to LOSS recoverable or recovered under other insurance or indemnity. However, if the limit of the other insurance or indemnity is insufficient to cover the entire amount of the LOSS, this insurance will apply to that part of the LOSS, other than that falling within any deductible amount, not recovered or recoverable under the other insurance or indemnity.

E.  Recoveries

If YOU sustain a LOSS which exceeds the limit, YOU are entitled to all recoveries until YOU are fully reimbursed, less the expense of collecting them. Any remainder is OURS. Recoveries do not include those from suretyship, insurance, reinsurance, security or indemnification taken by or for OUR benefit or from recoveries of original SECURITIES after duplicates of them have been issued. YOU must notify US promptly of any recovery YOU make.

F.  Prior Fraud, Dishonesty or Cancellation

Employee Dishonesty insurance does not apply to any EMPLOYEE:

1.  from the moment YOU or any of YOUR partners or officers (not in collusion with such EMPLOYEE) possesses knowledge of any fraudulent or dishonest act committed by the EMPLOYEE, whether or not in YOUR service at the time of the act;
2.  who has been canceled, excluded, or deleted from any prior fidelity insurance and was not reinstated in such insurance before this insurance become effective;
3.  shown in the declarations as excluded.

G.  Cancellation as to Any Employee

Coverage under Employee Dishonesty is cancelled as to any EMPLOYEE:

1.  immediately upon discovery by YOU, or any partner, director or officer (not in collusion with the EMPLOYEE) of any fraudulent or dishonest act by such EMPLOYEE;
2.  as specified in any written notice of such cancellation WE send YOU in compliance with the General Conditions of this policy.

H. Loss Caused by Unidentified Employee

Coverage under employee dishonesty will apply (subject to Exclusion I.) even if YOU cannot prove a specific EMPLOYEE(S) caused the LOSS. The evidence YOU submit, however, must reasonably prove the LOSS was caused by a fraudulent or dishonest act committed by an EMPLOYEE.

I. Your Duties After Loss

When YOU learn of or discover a LOSS, or what YOU believe to be a LOSS, YOU must:

1. notify US as soon as possible;
2. submit a detailed sworn proof of LOSS to US, fully documenting YOUR claim, within four months of the discovery of the LOSS. Because a claim under this Coverage Part necessarily involved YOUR accusation of wrongdoing by another, WE cannot assist YOU in proving the LOSS. Under Depositor's Forgery, YOUR sworn proof of LOSS must include all instruments on which YOU base the claim. If YOU cannot produce them, WE will expect an affidavit from YOU, or the BANK where deposited, stating the amount and cause of LOSS;
3. submit to examination under oath at OUR request, while not in the presence of any other INSURED and at such times as may be reasonably required about any matter relating to this insurance or the LOSS, including YOUR books and records. In the event of an examination, an INSURED'S answers must be signed;
4. permit US to inspect all pertinent records whenever and wherever WE require and furnish a complete inventory of all property not stolen or damaged;
5. notify police, except under employee dishonesty and Depositor's Forgery, if YOU have reason to believe the LOSS involves a violation of law;
6. cooperate and assist US in the investigation and settlement of any claim or LOSS.

J. Policy Territory

This insurance covers only those acts committed or events occurring within the continental United States, Virgin Islands, Puerto Rico, or Canada. With respect to Extortion, the actual or alleged captivity must take place within this territory. With respect to DEPOSITOR'S FORGERY and part 1. of the definition of COMPUTER FRAUD AND FUNDS TRANSFER FRAUD, this insurance applies anywhere in the world.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# GARAGE
## COVERAGE PART 500

This coverage part and the specific coverages that comprise this coverage part apply only when they are shown in the declarations. In Item 2 of the declarations, each named insured, other insured, and location is given a corresponding letter or number designation. Insurance provided by this coverage part will not apply to any named insured, other insured, or location unless its corresponding letter or number appears next to a specific coverage in Item 3 of the declarations for this coverage part.

When "All" is shown in the Locations column of the declarations, coverage will apply only to locations at which YOU conduct YOUR GARAGE OPERATIONS.

The General Conditions apply except as amended or replaced in this coverage part.

## *Insuring Agreement*

A.  Injury and Covered Pollution Damages

1.  Injury

    WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies (including ELECTRONIC ACTIVITIES), caused by an OCCURRENCE arising out of YOUR GARAGE OPERATIONS or AUTO HAZARD.

2.  Covered Pollution Damages

    WE will pay those sums the INSURED legally must pay because of COVERED POLLUTION DAMAGES to which this insurance applies, caused by an OCCURRENCE arising out of YOUR GARAGE OPERATIONS or AUTO HAZARD.

3.  Defense Obligations and Rights

    a.  WE have the right and duty to defend any SUIT asking for DAMAGES or COVERED POLLUTION DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.
    b.  WE will not pay DAMAGES, COVERED POLLUTION DAMAGES or defense costs for any OCCURRENCE, claim or SUIT that is not covered by or declared for this coverage part.
    c.  If WE defend an INSURED under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses and costs paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

4.  This insurance applies only if:

    a.  with respect to COVERED POLLUTION DAMAGES and INJURY Groups 1 and 2:

        (1) such COVERED POLLUTION DAMAGES or INJURY is caused by an OCCURRENCE that takes place within the Policy Territory*;*
        (2) such COVERED POLLUTION DAMAGES or INJURY occurs during the coverage part period; and
        (3) prior to the effective date of this coverage part, no INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, and no employee authorized by YOU to give or receive notice of an OCCURRENCE, SUIT or claim, knew that such COVERED POLLUTION DAMAGES or INJURY had occurred, in whole or in part.

            If an INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, or authorized employee knew, prior to the effective date of this coverage part, that the COVERED POLLUTION DAMAGES or INJURY had occurred, then any continuation,

change or resumption of such COVERED POLLUTION DAMAGES or INJURY during or after this coverage part period will be deemed to have been known prior to this coverage part period.

b. with respect to INJURY Groups 3, 4, 5 and 6, the act or offense which results in such INJURY was committed within the Policy Territory during the coverage part period.

However, with respect to INJURY Group 6, when INJURY arises out of a series of related and continuous acts or offenses, this insurance applies only if the last injurious act or offense was committed within the Policy Territory during this coverage part period.

5. COVERED POLLUTION DAMAGES or INJURY as defined in Groups 1 and 2, which occurs during this coverage period and was not, prior to the effective date of this coverage part, known to have occurred by any INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, or by any employee authorized by YOU to give or receive notice of an OCCURRENCE, SUIT or claim, includes any continuation, change or resumption of such COVERED POLLUTION DAMAGES or INJURY after the end of this coverage part period.

6. COVERED POLLUTION DAMAGES or INJURY as defined in Groups 1 and 2 will be deemed to have been known to have occurred at the earliest time when any INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, or any employee authorized by YOU to give or receive notice of an OCCURRENCE, claim or SUIT:

a. reports all or any part of such COVERED POLLUTION DAMAGES or INJURY to US or to any other insurer;
b. receives a written or verbal demand or claim for DAMAGES because of such COVERED POLLUTION DAMAGES or INJURY; or
c. becomes aware by any other means that such COVERED POLLUTION DAMAGES or INJURY has occurred or has begun to occur.

B. Errors and Omissions

1. WE will pay those sums the INSURED legally must pay as DAMAGES because of STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH IN LEASING E&O, and AGENT'S E&O, when such insurance is shown in the declarations.

2. Defense Obligations and Rights

a. WE have the right and duty to defend any SUIT asking for DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.
b. WE will not pay DAMAGES or defense costs for any OCCURRENCE, claim or SUIT that is not covered by or declared for this coverage part.
c. If WE defend an INSURED under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

3. This insurance applies only if:

a. with respect to AGENT'S E&O, a negligent act, error or omission is alleged to have occurred within the Policy Territory during the coverage part period.
b. with respect to STATUTE AND TITLE E&O:

(1) a violation of a statute as defined under Parts 1.a. through 1.e. of STATUTE AND TITLE E&O; or
(2) failure of YOUR employee to properly specify the name of the security interest or "legal owner" on auto or watercraft title papers;

is alleged to have occurred within the Policy Territory during the coverage part period.

 Copyright © 2007 Universal Underwriters Insurance Company Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission. Edition 1-2007

    c.   with respect to TRUTH IN LENDING/TRUTH IN LEASING E&O, a violation of a state or federal truth in lending or truth in leasing statute is alleged to have occurred within the Policy Territory during the coverage part period.

C.   Defense Reimbursement Costs

   1.   WE will reimburse reasonable defense costs incurred by YOU because of CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, or DESIGNATED STATUTE DEFENSE, when such insurance is shown in the declarations.
   2.   This insurance applies only if a SUIT is filed against an INSURED within the Policy Territory during the coverage part period, arising out of CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, or DESIGNATED STATUTE DEFENSE.
   3.   WE have the right but not the duty to settle any SUIT. If WE settle a SUIT the settlement will be at OUR expense except for the applicable deductible. Otherwise, all court costs, settlements and DAMAGES assessed against YOU will be at YOUR expense. WE will not reimburse defense costs for any SUIT that is not covered or declared for this coverage part.
   4.   If WE reimburse defense costs under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

## *Definitions*

When used in this coverage part:

A.   "ADMINISTRATION" means:

   1.   interpreting for or giving counsel to employees;
   2.   handling records; and
   3.   effecting enrollment, termination or cancellation of employees;

   all under YOUR employee benefits programs when such acts are authorized by YOU.

   ADMINISTRATION does not mean YOUR selection of an employee benefits program.

B.   "AGENT'S E&O" means a negligent act, error or omission that:

   1.   results in a claim or SUIT; and
   2.   arises out of the conduct of YOUR business as an INSURANCE AGENT, but only for the types of insurance shown in the declarations for AGENT'S E&O.

   AGENT'S E&O does not mean any claim or SUIT:

   1.   filed against an INSURED as a direct result of an OCCURRENCE;
   2.   as defined in CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, DESIGNATED STATUTE DEFENSE, STATUTE AND TITLE E&O or TRUTH IN LENDING/TRUTH IN LEASING E&O.

C.   "AUTO" means a land motor vehicle, trailer or semi-trailer, other land equipment capable of moving under its own power, equipment for use with it, and animal drawn equipment.

D.   "AUTO HAZARD" means the ownership, maintenance or use of any AUTO YOU own or which is in YOUR care, custody, or control and is:

   1.   used for the purpose of YOUR garage business;
   2.   used principally in YOUR garage business with occasional use for other business or non-business purposes;
   3.   furnished for the use of any person or organization.

E. "CONTRACT DRIVER" means any person or organization using an AUTO covered by this coverage part within the scope of YOUR permission while under contract to YOU to drive that AUTO to a location YOU specify.

F. "COVERED POLLUTION DAMAGES":

1. means any cost or expense not otherwise excluded arising out of:

   a. any request, demand, order or statutory or regulatory requirement that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of POLLUTANTS; or
   b. any claim or SUIT by or on behalf of a governmental authority for DAMAGES because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of POLLUTANTS; and

2. occur away from premises owned, rented, leased or operated by YOU, arising from:

   a. YOUR PRODUCT or WORK;
   b. POLLUTANTS while being transported on a covered AUTO by YOU;
   c. fuels or lubricants, fluids, exhaust gases or other similar POLLUTANTS needed for or resulting from the normal electrical, hydraulic or mechanical functioning of the covered AUTO or its parts, if the POLLUTANTS escape, seep, migrate, or are discharged, dispersed or released directly from an AUTO part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS;
   d. POLLUTANTS, not in or upon a covered AUTO, that are upset, overturned or damaged as a result of the maintenance or use of a covered AUTO and the discharge, dispersal, seepage, migration, release or escape of the POLLUTANTS is the direct result of such upset, overturn or damage.

G. "CUSTOMER COMPLAINT DEFENSE" means any SUIT filed against YOU by or on behalf of a wholesale or retail customer arising out of:

1. YOUR sale, lease, rental, service or repair of YOUR PRODUCT;
2. the promotion of YOUR PRODUCTS or WORK;
3. YOUR failure to properly secure customer records resulting in IDENTITY THEFT.

CUSTOMER COMPLAINT DEFENSE does not mean any SUIT:

1. filed against an INSURED as a result of an OCCURRENCE;
2. as defined in STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH IN LEASING E&O, AGENT'S E&O or DESIGNATED STATUTE DEFENSE.

H. "CUSTOMER'S AUTO" means an AUTO not owned by YOU but in YOUR care, custody or control for safekeeping, storage, service or repair.

I. "DAMAGES" means:

1. amounts awardable by a court of law (including punitive damages where insurable by law);

2. with respect to INJURY Group 6, DAMAGES also means amounts awardable by administrative agencies, back pay awards, front pay awards, and compensatory damages;

3. with respect to liability assumed in an INSURED CONTRACT, DAMAGES also means reasonable attorney fees and necessary litigation expense incurred by or for a party other than the INSURED. WE will pay such DAMAGES, provided that:

   a. the following has been assumed in the same INSURED CONTRACT:

      (1) liability to such party for that party's defense; or
      (2) liability for the cost of that party's defense; and

Case 2:26-cv-04162-WJE   Document 1-2   Filed 07/10/26   Page 411 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

b. such attorney fees and litigation expenses are for the defense of that party against a civil or alternative dispute resolution proceeding in which DAMAGES to which this insurance applies are alleged.

4. DAMAGES does not mean:

a. civil penalties, fines, or assessments;
b. other statutory awards in excess of compensation, except where insurable by law;
c. equitable remedies, except those equitable remedies listed under Part I.2. above;
d. with respect to INJURY Group 6:

(1) severance pay or DAMAGES under an express or implied contract of employment; or
(2) an express or implied obligation to make payments in the event of the termination of employment.

J. "DESIGNATED STATUTE DEFENSE" means any SUIT filed against YOU, arising out of or related to the alleged violation of the following statutes, acts or laws:

1. statutes governed, enforced or regulated by the Office of Foreign Assets Control;
2. Controlling the Assault of Non-Solicited Pornography and Marketing Act;
3. Telephone Consumer Protection Act;
4. Gramm-Leach-Bliley Act;
5. Fair Credit Reporting Act;
6. Equal Credit Opportunity Act;
7. Federal Patent Infringement Law (Title 35 U.S.C. § 271);
8. Drivers Privacy Protection Act (18 U.S.C. § 2721 - 2725);
9. any other federal, state or local statute, act or law named in the declarations as applicable to DESIGNATED STATUTE DEFENSE.

DESIGNATED STATUTE DEFENSE does not mean any SUIT:

1. filed against an INSURED as a result of an OCCURRENCE;
2. as defined in CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH IN LEASING E&O, or AGENT'S E&O.

K. "DISCRIMINATION" means violation of a person's civil rights with respect to such person's race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition or any other similar characteristic of a protected class established by any statute, law, rule or regulation. This includes reverse DISCRIMINATION and HARASSMENT. As used in this definition, "person" includes YOUR employees, customers, clients, independent contractors, volunteers and any other persons with whom YOU have a business relationship. DISCRIMINATION also includes mental anguish, mental injury, fright, shock or humiliation resulting from such violation.

L. "ELECTRONIC ACTIVITIES" means the use of a computer, computer network, internet, intranet, electronic mail, telephone, facsimile machine, or any other electronic communication or transmission device in conducting YOUR GARAGE OPERATIONS.

M. "ELECTRONIC DATA" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

N. "GARAGE OPERATIONS" means the ownership, maintenance or use of that portion of any premises where YOU conduct YOUR garage business. GARAGE OPERATIONS includes all other operations necessary or incidental to YOUR garage business.

GARAGE OPERATIONS does not include the AUTO HAZARD.

O. "HARASSMENT" means any unwelcome remarks, behaviors or communications that are of a sexual nature or that are based on race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition or any other similar characteristic. This includes actions that cause offense or humiliation to any person or group of persons and are made a condition of employment or any other business relationship.

P. "HAULAWAY" means a conveyance designed solely for use in transporting four or more four-wheeled motor vehicles.

Q. "IDENTITY THEFT" means the misappropriation by a person other than by YOUR employee, of a person or entity's identifying information, such as their name, address, credit card or social security number.

R. "INCIDENTAL MEDICAL MALPRACTICE" means:

1. providing or failing to provide any medical or related professional health care services;
2. furnishing food or drink connected with any medical or other professional health care services; or
3. furnishing or dispensing drugs or medical, dental or surgical supplies or appliances;

when these services are performed by an INSURED who is not in the business or occupation of providing any of these services.

S. "INJURY" means, with respect to:

1. Group 1

   a. bodily injury, sickness, disease or disability (including death resulting from any of these). This includes INJURY resulting from INCIDENTAL MEDICAL MALPRACTICE;
   b. damage to, or loss of use of, tangible property. For purposes of this insurance, ELECTRONIC DATA is not tangible property.

2. Group 2

   mental anguish, mental injury, fright, shock, or humiliation except when arising from DISCRIMINATION.

3. Group 3

   a. false arrest or imprisonment;
   b. malicious prosecution;
   c. abuse of process;
   d. wrongful detention;
   e. wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   f. wrongful repossession of an AUTO;
   g. disparagement of goods or services;
   h. libel or slander;
   i. defamation of character;
   j. private nuisance (except pollution);
   k. common law claims for invasion of the right of privacy.

4. Group 4

   a. plagiarism, misappropriation of advertising ideas or style;
   b. infringement of copyright, title, slogan, trademark, service mark or trade dress in YOUR advertising.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

5. Group 5

any error or omission in the ADMINISTRATION of YOUR profit sharing, pension or employee stock subscription plan, YOUR group life, group hospitalization or major medical plan, group accident and health, workers compensation, unemployment, Social Security, disability benefits insurance, dental plan, thrift plan, 401K or any other similar savings plan, vision plan, benefits due an employee prescribed by the Consolidated Omnibus Budget Reconciliation Act (COBRA), or other similar employee benefit plans.

6. Group 6

a. DISCRIMINATION;
b. WRONGFUL EMPLOYMENT PRACTICES.

T. "INSURANCE AGENT" means a person or organization duly licensed (as required by law) as an insurance agent by the regulatory authority in the states in which the INSURED engages in the automobile physical damage, credit life or credit accident and health business. INSURANCE AGENT does not mean an insurance broker, solicitor, or consultant.

Automobile physical damage insurance does not include guaranteed asset protection coverage (GAP).

U. "INSURED CONTRACT" means any of the following, if such contract or agreement is executed prior to the OCCURRENCE:

1. a lease of premises, elevator maintenance agreement or railroad sidetrack agreement. However, this does not include that part of any contract or agreement that indemnifies any person or organization for damage by fire to premises leased, rented or loaned to YOU;

2. a license agreement in connection with vehicle or pedestrian private crossings at grade or any easement agreement, except in connection with construction or demolition operations within 50 feet of a railroad;

3. an obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

4. that part of any contract or agreement by YOU, YOUR partners, executive officers, stockholders, directors or employees pertaining to the rental or lease of AUTOS to them for use in YOUR GARAGE OPERATIONS. This does not apply to damage to such AUTO;

5. any written contract or agreement in which YOU agree to indemnify or hold harmless any manufacturer, distributor or importer of AUTOS or watercraft with respect to YOUR use, repair or servicing of AUTOS or watercraft;

6. that part of any other contract or agreement pertaining to the AUTO HAZARD or YOUR GARAGE OPERATIONS (including indemnification of a municipality in connection with work performed for a municipality) under which YOU assume the tort liability of another. However, this does not include that part of any contract or agreement that indemnifies an architect, engineer or surveyor for INJURY arising out of:

a. preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
b. giving directions or instructions or failing to give them, if that is the primary cause of the INJURY.

V. "LABOR RELATED DEFENSE" means any SUIT, not otherwise covered by INJURY Group 6, filed against YOU by or on behalf of an employee arising out of YOUR employment practices. This includes defense costs arising from:

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

1. the alleged violation of any of the following:

    a. Worker Adjustment and Retraining Notification Act;
    b. Federal Labor Standards Act;
    c. National Labor Relations Act.

2. errors or omissions in the selection of an employee benefit program.
3. YOUR failure to properly secure employee records resulting in IDENTITY THEFT.

LABOR RELATED DEFENSE does not mean a SUIT:

1. filed against an INSURED as a result of an OCCURRENCE;
2. as defined in DESIGNATED STATUTE DEFENSE;
3. as would be covered by a workers compensation policy or an employer's liability policy.

W. "OCCURRENCE" means:

1. with respect to COVERED POLLUTION DAMAGES and INJURY Groups 1 and 2, an accident, including continuous or repeated exposure to conditions which result in such INJURY or COVERED POLLUTION DAMAGES neither intended nor expected from the standpoint of a reasonably prudent person;
2. with respect to INJURY Groups 3, 4, 5 and 6, acts or offenses of the INSURED which result in such INJURY;
3. with respect to INJURY Group 6, when INJURY arises out of a series of related and continuous acts or offenses, the last injurious act or offense committed in the last coverage part period insured by US.

All INJURY or COVERED POLLUTION DAMAGES arising out of substantially the same general conditions or cause will be considered as arising out of one OCCURRENCE.

OCCURRENCE does not mean any claim or SUIT otherwise covered under AGENT'S E&O, CUSTOMER COMPLAINT DEFENSE, DESIGNATED STATUTE DEFENSE, LABOR RELATED DEFENSE, STATUTE AND TITLE E&O or TRUTH IN LENDING/TRUTH IN LEASING E&O.

X. "POLLUTANTS" means any solid, liquid, gaseous, or thermal irritant or contaminant including, but not limited to, smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. "Waste" includes, but is not limited to, materials to be recycled, reconditioned or reclaimed.

Y. "PRODUCT" means the goods or products YOU make, sell, service, or repair in GARAGE OPERATIONS, and includes YOUR providing of or failure to provide warnings or instructions.

Z. "RETALIATION" means adverse employment actions against employees for exercising or attempting to exercise their rights under law, where RETALIATION is insurable by law.

AA. "SILICA" means:

1. any form of crystalline or non-crystalline (amorphous) silica, silica particles, silica compounds, silica dust or silica mixed or combined with dust or other particles; or
2. synthetic silica, including precipitated silica, silica gel, pyrogenic or fumed silica or silica flour.

BB. "STATUTE AND TITLE E&O" means any claim or SUIT filed against YOU by or on behalf of:

1. a customer arising out of GARAGE OPERATIONS, because of an alleged violation of any federal, state or local:

    a. odometer statute;
    b. new or used auto damage or prior use disclosure statute;
    c. competitive auto parts statute;
    d. used car "Buyers Guide," including Federal Regulation 455;

    e.   statute requiring the display of automobile window stickers listing the manufacturer's suggested retail price for the vehicle and any of its accessories, including the Monroney Act.

  2.  any person or organization who has suffered a financial loss due to the failure of YOUR employee to properly specify the name of the security interest or legal owner on auto or watercraft title papers.

    Part 2. does not apply unless such AUTO or watercraft has been sold or its title has been transferred.

STATUTE AND TITLE E&O does not mean any claim or SUIT:

1. filed against an INSURED as a result of an OCCURRENCE;
2. as defined in TRUTH IN LENDING/TRUTH IN LEASING E&O, CUSTOMER COMPLAINT DEFENSE or DESIGNATED STATUTE DEFENSE.

CC.  "SUIT" means a civil action for DAMAGES, including arbitration or mediation to which the INSURED must submit or submits with OUR consent. A class action is one SUIT. SUIT does not mean an attorney general action. Except for INJURY Group 6, LABOR RELATED DEFENSE and DESIGNATED STATUTE DEFENSE, SUIT does not mean administrative actions or equitable actions.

DD.  "TRUTH IN LENDING/TRUTH IN LEASING E&O" means any claim or SUIT filed against YOU by or on behalf of a customer arising out of an alleged violation of a state or federal truth in lending or truth in leasing statute requiring that the precise and meaningful cost of credit information be provided to a credit customer.

TRUTH IN LENDING/TRUTH IN LEASING E&O does not mean any claim or SUIT:

1. filed against an INSURED as a result of an OCCURRENCE;
2. as defined in STATUTE AND TITLE E&O, CUSTOMER COMPLAINT DEFENSE or DESIGNATED STATUTE DEFENSE.

EE.  "WORK" means work or operations YOU perform or work someone else performs for YOU, and includes materials, parts or equipment furnished with such work or operations. It also includes YOUR providing or failure to provide warnings or instructions.

FF.  "WRONGFUL EMPLOYMENT PRACTICES" means any of the following occurring in the course of, or arising out of, a claimant's employment or application for employment with YOU:

1. the actual or alleged failure or refusal to employ or promote;
2. deprivation of a career opportunity;
3. negligent evaluation;
4. wrongful discipline;
5. reassignment or demotion;
6. wrongful denial of seniority;
7. WRONGFUL TERMINATION;
8. RETALIATION;
9. mental anguish, mental injury, fright, shock or humiliation resulting from Parts 1. through 8. above.

GG.  "WRONGFUL TERMINATION" means the termination of any employment relationship in a manner which is against the law. This includes constructive termination. WRONGFUL TERMINATION does not include DAMAGES legally owed under an express or implied contract of employment or an express or implied obligation to make payments in the event of termination of employment.

## *Who Is An Insured*

A.  With respect to INJURY or COVERED POLLUTION DAMAGES arising out of YOUR GARAGE OPERATIONS (other than the AUTO HAZARD):

1. YOU;

   a. if YOU are a sole proprietor, YOU and YOUR spouse;
   b. if YOU are a partnership, YOUR partners and their spouses;
   c. if YOU are a joint venture, YOUR members;
   d. if YOU are a limited liability company, YOUR members.

2. YOUR directors, executive officers or stockholders.
3. YOUR employees while in the course and scope of their employment.
4. if YOU are a trust, YOUR trustees while acting within the scope of their duties as trustees, but only if such trustees are shown in the declarations as applicable to this coverage part.
5. the owner of tangible property that is leased or rented to YOU, subject to the terms and conditions of this coverage part, but only if:

   a. there is no written lease or rental agreement and the owner of such property is:

     (1) YOUR partner, director, executive officer, or stockholder;
     (2) YOUR spouse, if YOU are a sole proprietor, or YOUR partner's spouse, if YOU are a partnership;
     (3) the spouse of a director or executive officer, if YOU are a corporation;
     (4) YOUR subsidiary or YOUR affiliate, provided YOU have a majority ownership interest in such subsidiary or affiliate; or
     (5) an entity of which YOU are a subsidiary or affiliate, provided that entity has a majority ownership interest in YOU;

     and YOU have agreed to include the owner as an INSURED prior to any OCCURRENCE;

   b. an OCCURRENCE arises out of the use of that part of such tangible property leased or rented to YOU; and
   c. no other valid and collectible insurance applies.
   d. In addition to other exclusions found in this coverage part, insurance afforded by this provision does not apply:

     (1) to any structural alterations, demolition or new construction performed by or for the owner of premises or land that is leased or rented to YOU;
     (2) when YOU cease to be a tenant of premises or land that is leased or rented to YOU; or
     (3) when YOU cease to be a lessee of tangible personal property.

6. any person or organization with whom YOU have agreed in a written contract, written agreement or written permit that such person or organization be added to YOUR policy as an additional insured is an INSURED subject to the terms and conditions of this coverage part.

   a. Such INSUREDS include, but are not limited to, a:

     (1) lessor of equipment;
     (2) lessor of land or premises;
     (3) lessor of personal property; or
     (4) municipality.

   b. In addition to other exclusions found in this coverage part, insurance afforded by this provision does not apply:

     (1) unless such contract or agreement has been executed, or such permit has been issued, prior to an OCCURRENCE;
     (2) to an OCCURRENCE that takes place after such contract, agreement or permit expires;
     (3) with respect to YOUR vendors;
     (4) to any structural alterations, demolition or new construction performed by or for the owner or lessor of premises or land leased or rented to YOU; or
     (5) to any additional insured granted coverage by an endorsement issued by US.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 417 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

B. With respect to INJURY or COVERED POLLUTION DAMAGES arising out of the AUTO HAZARD:

1. YOU.
2. YOUR partners, employees, directors, stockholders, executive officers, members of their households or members of YOUR household, while using an AUTO covered by this coverage part, or when legally responsible for its use. The actual use of the AUTO must be within the scope of YOUR permission.
3. any CONTRACT DRIVER.
4. any other person or organization required by law to be an INSURED while using an AUTO covered by this coverage part within the scope of YOUR permission.

C. With respect to STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH IN LEASING E&O, CUSTOMER COMPLAINT DEFENSE, DESIGNATED STATUTE DEFENSE or LABOR RELATED DEFENSE:

1. YOU;

   a. if YOU are a sole proprietor, YOU and YOUR spouse; or
   b. if YOU are a partnership, YOUR partners and their spouses;
   c. if YOU are a limited liability company, YOUR members.

2. YOUR directors, executive officers and stockholders, while acting within the scope of their duties as such.

D. With respect to AGENT'S E&O:

1. YOU.
2. YOUR partners, directors, executive officers and stockholders, while acting within the scope of their duties as such.
3. YOUR employees while in the course and scope of their employment.
4. if YOU are a joint venture or limited liability company, YOUR members, but only with respect to their liability as such.

## *Who Is Not An Insured*

A. Any partnership or joint venture unless the partnership or joint venture is shown in the declarations as a Named Insured. Part A. does not apply to any joint venture, of which YOU are a part, with respect to any coverage afforded YOU under AGENT'S E&O or INJURY Group 4.

B. With respect to the AUTO HAZARD, any INSURED (except YOU) with respect to an AUTO owned by them.

## *Exclusions*

This insurance does not apply to:

A. Dishonest Acts

an OCCURRENCE, SUIT or claim arising out of any dishonest, fraudulent or criminal acts committed by any INSURED.

However, with respect to INJURY Group 6., this exclusion does not apply to YOU if such act was committed by YOUR employee (other than a partner, director, or executive officer) without YOUR direction or YOUR knowledge.

Unicover VI          Copyright © 2007 Universal Underwriters Insurance Company          PAGE 500-11
Edition 1-2007       Includes copyrighted material of Insurance Services Office, Inc. with its permission.

B.  Intent to Cause Harm

any act committed by or at the direction of the INSURED with intent to cause harm. This exclusion does not apply if INJURY arises solely from the intentional use of reasonable force for the purpose of protecting persons or property.

C.  Employer's Liability

1.  INJURY as defined in Groups 1, 2 and 3, to any:

    a.  current employee of the INSURED arising out of and in the course of their employment by or on behalf of the INSURED;
    b.  former employee of the INSURED arising out of their previous employment by or on behalf of the INSURED;

    for which:

    (1)  the INSURED may be held liable as an employer or in any other capacity;
    (2)  the INSURED may have an obligation to indemnify or contribute with another because of such INJURY;
    (3)  INJURY is sustained by any relative of the employee as a consequence of the INJURY to such employee.

2.  This exclusion does not apply:

    a.  under Part (1), to "domestic employees" of the INSURED not entitled to workers compensation benefits. For the purposes of this coverage part, "domestic employee" means a person engaged in household or domestic work performed principally in connection with a residence premises;
    b.  under Part (2) of this exclusion, to any contract excepted in Exclusion E.;
    c.  to damage to or loss of use of tangible property owned by such employee;
    d.  to INJURY as defined in Group 1, Part a., to any of YOUR employees, with respect to any claim made or SUIT filed against them by another of YOUR employees because of an OCCURRENCE arising out of and in the course of their employment by YOU.

D.  Workers Compensation and Similar Laws

any obligation for which the INSURED or the INSURED'S insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.

E.  Contractual

any obligation assumed under a contract or agreement. This exclusion does not apply to an INSURED CONTRACT under:

1.  INJURY Groups 1, 2 and 3;
2.  INJURY Groups, 4, 5 and 6 with respect to YOUR negligent acts;

but in any event for no more coverage than is afforded YOU by this coverage part.

No person or organization demanding performance of an INSURED CONTRACT has rights under this policy.

F.  Warranties

an OCCURRENCE, SUIT or claim arising out of any manufacturer's warranty, extended warranty, extended service agreement or mechanical breakdown agreement.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

G. Aircraft

an OCCURRENCE, SUIT or claim arising out of:

1. the ownership, operation, maintenance, repair, use (including loading or unloading) or entrustment to others of any aircraft, or
2. the manufacture, storage, sale, handling or distribution of aircraft, aircraft engines or aircraft parts.

This exclusion applies even if:

1. the OCCURRENCE, SUIT or claim involves the entrustment to others of any aircraft that is owned by, operated by, rented to, or loaned to an INSURED; and
2. the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

H. Pollution

1. INJURY arising out of the actual, alleged or threatened discharge, dispersal, release, migration, seepage or escape of POLLUTANTS:

   a. that are, or that are contained in any property that is:

      (1) being moved from the place where such property or POLLUTANTS are accepted by the INSURED for movement into or onto the covered AUTO;
      (2) being moved from the covered AUTO to the place where such property or POLLUTANTS are finally delivered, disposed of or abandoned by the INSURED;
      (3) being transported or towed by the covered AUTO;
      (4) otherwise in the course of transit;
      (5) being stored, disposed of, treated or processed in or upon the covered AUTO.

      Parts H.1.a.(1), (2) and (3) apply only to POLLUTANTS or POLLUTANTS contained in property being transported, towed by, handled for movement into, onto or from an AUTO by others for YOU.

   b. at or from premises, site or location owned, rented or occupied by an INSURED.

      Part H.1.b. does not apply to:

      (1) airborne paint overspray;
      (2) INJURY, as defined in Group 1, Part a., if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building or equipment that is used to heat water for personal use by the building's occupants or their guests.

   c. at or from any premises, site or location used by or for any INSURED or others for the handling, storage, disposal, processing or treatment of waste.
   d. at or from any premises, site or location on which any INSURED or any contractors or subcontractors working directly or indirectly on an INSURED'S behalf are performing operations:

      (1) to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the POLLUTANTS; or
      (2) if the POLLUTANTS are brought on or to the premises, site or location in connection with such operations.

Part H.1.d.(2) does not apply to INJURY as defined in Group 1, Part a., when such INJURY is sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by YOU or on YOUR behalf by a contractor or subcontractor.

e. which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any INSURED or any person or organization for whom the INSURED may be legally responsible.

2. any loss, cost or expense arising out of any:

a. request, demand, order or statutory or regulatory requirement that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of POLLUTANTS; or
b. claim or SUIT by or on behalf of a governmental authority for DAMAGES because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of POLLUTANTS.

Part H.2. does not apply to COVERED POLLUTION DAMAGES, or to liability for DAMAGES because of INJURY as defined in Group 1, part b., that the INSURED would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or SUIT by or on behalf of a governmental authority.

Parts H.1.a.(5), H.1.b. through H.1.e., and H.2. do not apply to fuels, lubricants, fluids, exhaust gases or other similar POLLUTANTS that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered AUTO or its parts, if the POLLUTANTS escape or are discharged, dispersed or released directly from an AUTO part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS.

Parts H.1.a.(1) and (2), H.1.b. through H.1.e., and H.2. do not apply to POLLUTANTS away from the premises not in or upon the covered AUTO if:

1. the POLLUTANTS, or any property in which the POLLUTANTS are contained, are upset, overturned or damaged as a result of the maintenance or use of the covered AUTO;
2. the discharge, dispersal, release or escape of the POLLUTANTS is caused directly by such upset, overturn or damage; and
3. the INJURY is not otherwise excluded under Part H.1.a. of this exclusion.

Exclusion H. does not apply to INJURY as defined in Groups 1 and 2 caused by heat, smoke or fumes from a "hostile fire." A "hostile fire" means a fire that becomes uncontrollable or breaks out from where it was intended to be.

I. Liquor Liability

an OCCURRENCE, SUIT or claim arising out of YOUR business of serving, manufacturing, distributing or selling alcoholic beverages.

J. Certain Autos and Watercraft

INJURY or COVERED POLLUTION DAMAGES arising out of, or in connection with, the ownership, maintenance, use, operation, loading, unloading or entrustment to others of any:

1. AUTO:

a. that is a HAULAWAY;
b. while operated in, or in practice or preparation for, any prearranged or organized race, rally, speed, demolition or competitive contest or stunting activity;

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

c.   while leased or rented by YOU to others, except to:

(1)   YOUR partners, employees, directors, stockholders, or executive officers for use principally in YOUR garage business; or
(2)   YOUR customers for a term of 90 days or less when it temporarily replaces the CUSTOMER'S AUTO, or when the customer is awaiting delivery of any AUTO purchased from YOU;

d.   while being used as a taxi cab, bus, public livery vehicle, emergency ambulance, long haul public freight carrier or for carrying property for a charge;
e.   while being used to transport explosives, gasoline, liquefied petroleum gas or other volatile petroleum products.

Exclusions J.1.d. and J.1.e. do not apply when the excluded class or operation constitutes a minor and incidental part of GARAGE OPERATIONS.

2.   Watercraft

a.   over 35 feet in length;
b.   when used for non-business purposes by any INSURED, regardless of length;
c.   when rented, leased or loaned by YOU to others;
d.   while afloat over 50 nautical miles from the coastal shoreline of the 48 contiguous United States, the District of Columbia, or Canada;
e.   while operated in, or in practice or preparation for any prearranged or organized race, rally, speed, or competitive contest or stunting activity.

Parts J.1.b. and J.2.e. do not apply to participation in a prearranged or organized rally, except when INJURY or COVERED POLLUTION DAMAGES arise from a competitive timed event at such rally.

3.   This exclusion applies even if:

a.   the INJURY or COVERED POLLUTION DAMAGES involves the entrustment to others of any AUTO or watercraft described in Exclusion J. that is owned by, operated by, rented to, or loaned to an INSURED; and
b.   the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

K.   Care, Custody or Control

INJURY or COVERED POLLUTION DAMAGE to:

1.   personal property, including AUTOS, owned by, rented or leased to, used by, transported by, or otherwise in the care, custody, or control of the INSURED. This does not apply, with respect to INJURY, to liability assumed by YOU under a written railroad sidetrack agreement with respect to property used by YOU or in YOUR care, custody or control.
2.   real property owned by, rented or leased to, used by, or in the care, custody or control of the INSURED, except with respect to INJURY:

a.   to real property not owned by YOU caused by an AUTO operated by an INSURED;
b.   to liability assumed by YOU under a written sidetrack agreement, with respect to property used by YOU or in YOUR care, custody, or control.

L.   Loss of Use of Property Not Physically Damaged

loss of use of property not physically damaged, if caused by:

1.   YOUR delay or failure in performing any agreement or contract;
2.   the failure of YOUR PRODUCT or YOUR WORK to meet the quality warranted or the level of performance represented.

M. Product Recall

an OCCURRENCE, SUIT or claim arising out of the recall of YOUR PRODUCTS, YOUR WORK, or other property of which they form a part, due to a known or suspected defect or deficiency they contain.

N. Personal and Advertising Injury

INJURY, as defined in Groups 3 and 4:

1. if the first injurious offense was committed, or alleged to have been committed, prior to the coverage part period.
2. arising out of the infringement of patent, trade secret or other intellectual property rights, except as covered under INJURY Group 4.
3. arising out of an electronic chatroom or bulletin board YOU host, own, or over which YOU exercise control.
4. arising out of the unauthorized use of another's name or product in YOUR e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

O. Employee Benefits Liability

1. INJURY as defined in Group 5, if caused by:

   a. failure of performance by any insurer or self insurer;
   b. an INSURED'S failure to comply with any workers compensation, unemployment insurance, Social Security, disability benefits law or similar laws;
   c. failure of investments or assets to perform as represented by an INSURED;
   d. advice given by an INSURED to an employee to participate or not to participate in stock subscription plans;
   e. failure of any employee benefits program, for any reason;
   f. the investment or non-investment of funds;
   g. violation of the duties, obligations or responsibilities imposed by the Employee Retirement Income Security Act of 1974 (ERISA), its amendments, or any similar local, state or federal law.

2. remedies under the Consolidated Omnibus Budget Reconciliation Act (COBRA) except to benefits due an employee prescribed by the act.

P. Agent's Errors and Omissions

AGENT'S E&O that arises from:

1. any claim or SUIT in connection with insurance other than automobile physical damage, credit life, or credit accident and health insurance.
2. an intentional act committed by any INSURED. This exclusion does not apply to YOU, if such act or omission is committed by YOUR employee (other than a partner, executive officer, director or stockholder) and such act or omission was not committed at YOUR direction or with YOUR knowledge.
3. investment advice or professional services such as an attorney, accountant, notary, tax preparer, consultant, financial planner or real estate broker.
4. violation of the Employee Retirement Income Security Act of 1974 (ERISA), or Racketeer Influenced and Corrupt Organizations Act (RICO), including any similar federal, state or local laws.
5. any act or omission committed by or at the direction of any INSURED which is a willful violation of the terms of any contract between the INSURED and an insurance company or regulatory authority.
6. liability for fees, premiums, taxes, commissions, loss payments, escrow or brokerage fees.

Q. Radioactivity, Nuclear and War Hazards

an OCCURRENCE, SUIT or claim arising out of radioactive contamination or the explosion or malfunction of a nuclear weapon, device or facility, WAR or their consequences.

R. Asbestos

an OCCURRENCE, SUIT or claim arising out of, or in any way related to:

1. the actual or alleged presence, dispersal or threatened dispersal of asbestos, asbestos fibers or products, or compounds containing asbestos, or any hazardous properties of asbestos;
2. any demand, requirement, order, direction, determination or request that YOU or any other entity test for, investigate, monitor, clean up, remove, study, contain, treat, encapsulate, control or take any other action regarding asbestos.

This includes, but is not limited to:

a. any supervision, instruction, recommendation, warning or advice given, or which should have been given, in connection with the above;
b. DAMAGES, or legal obligations to reimburse another party for DAMAGES, resulting from any OCCURRENCE, SUIT or claim.

S. Violation of Communication or Information Law

INJURY arising directly or indirectly out of an actual or alleged violation of:

1. the Telephone Consumer Protection Act including any amendment of or addition to such law;
2. Controlling the Assault of Non-Solicited Pornography and Marketing Act including any amendment of or addition to such law; or
3. any other federal, state or local statute, regulation or ordinance other than Part S.1. or S.2. that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

T. Discrimination

INJURY as defined in Group 6, based upon, arising out of, or related to:

1. corporate reorganizations, lay-offs, closings or downsizing actions;
2. a lockout, strike, picket line, replacement or other similar action resulting from labor disputes or labor negotiations.

U Public Policy

an OCCURRENCE, SUIT or claim for harm to plaintiff for which the courts or legislature have determined, for public policy reasons, that an INSURED cannot be indemnified.

V. Silica

1. INJURY or COVERED POLLUTION DAMAGES arising from the actual, alleged or threatened inhalation, ingestion, absorption, existence or presence of SILICA or SILICA mixed dust, regardless of whether INJURY or COVERED POLLUTION DAMAGES are caused directly or indirectly by any of the above;
2. DAMAGES, costs or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediation or disposing of, or in any manner responding to or assessing the effects of, SILICA by an INSURED or by any other person or entity.

W.  Identity Theft

INJURY arising out of IDENTITY THEFT.

## *The Most We Will Pay*

Regardless of the number of INSUREDS or AUTOS insured or premiums charged by this coverage part, persons or organizations who sustain INJURY or COVERED POLLUTION DAMAGES, claims made or SUITS brought, the most WE will pay is:

A.  Injury and Covered Pollution Damages

1.  with respect to GARAGE OPERATIONS and AUTO HAZARD, the limit shown in the declarations for any one OCCURRENCE.

    However, with respect to the AUTO HAZARD, Parts B.3. and B.4. of the Who Is An Insured condition for:

    a.  any CONTRACT DRIVER; or
    b.  any other person or organization required by law to be an INSURED while using an AUTO covered by this coverage part within the scope of YOUR permission;

    the most WE will pay is that portion of such limits required to comply with the minimum limits provision law in the jurisdiction where the OCCURRENCE took place. When there is other insurance applicable, WE will pay only the amount required to comply with such minimum limits after such other insurance has been exhausted.

2.  with respect to an obligation assumed under an INSURED CONTRACT or under Part A.6. of the Who Is An Insured condition, the most WE will pay is the lesser of:

    a.  YOUR obligation under such contract; or
    b.  the limit shown in the declarations.

B.  Errors and Omissions

1.  with respect to STATUTE AND TITLE E&O, the limit per claim or SUIT shown in the declarations for the sum of all DAMAGES, settlements and defense costs. The annual aggregate limit shown in the declarations for STATUTE AND TITLE E&O is the most WE will pay for the sum of all DAMAGES, settlements and defense costs during the coverage part period.
2.  with respect to TRUTH IN LENDING/TRUTH IN LEASING E&O, the limit per claim or SUIT shown in the declarations for the sum of all DAMAGES, settlements and defense costs. The annual aggregate limit shown in the declarations for TRUTH IN LENDING/TRUTH IN LEASING E&O is the most WE will pay for the sum of all DAMAGES, settlements and defense costs during the coverage part period.
3.  with respect to AGENT'S E&O, the limit shown in the declarations with respect to all DAMAGES incurred on account of any negligent act, error or omission covered by this insurance.

C.  Defense Reimbursement

1.  with respect to CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE and DESIGNATED STATUTE DEFENSE, the limit per SUIT shown in the declarations for each coverage. The annual aggregate limit shown in the declarations for each coverage is the most WE will pay for all such defense costs during the coverage part period.
2.  any settlement made by US under CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE or DESIGNATED STATUTE DEFENSE will be included in the limit per SUIT and the annual aggregate limit shown in the declarations.
3.  OUR obligation to pay under CUSTOMER COMPLAINT DEFENSE will cease when the manufacturer assumes defense of such SUIT or claim made against an INSURED.

D. Plaintiff's Costs

with respect to a plaintiff's litigation costs, fees and expenses that are awarded as part of a judgment or arbitration ruling made against OUR INSURED for a covered claim, the amount of the limit remaining after DAMAGES have been paid.

## *Deductibles*

A. Injury Other than Group 6

From the amounts payable for INJURY, other than Group 6, WE will deduct the amount shown in the declarations from each OCCURRENCE.

1. As shown in the declarations:

   a. Work-Products Deductible

      (1) the "Work" deductible applies to INJURY, as defined in Group 1, Part b., to AUTOS arising out of YOUR WORK.
      (2) the "Products" deductible applies to INJURY, as defined in Group 1, Part b., to YOUR PRODUCT if caused by a defect existing in YOUR PRODUCT at the time possession was relinquished to the purchaser.

   b. Injury Groups 1–4 Deductible

      when this deductible is shown in the declarations, WE will deduct that amount from all DAMAGES, including defense costs, arising from INJURY Groups 1–4.

2. Recovery amounts, including salvage, subrogation and other insurance will accrue to OUR benefit where permitted by law. WE will pay YOU any recovery amounts in excess of the amount WE have paid after application of YOUR deductible, less recovery expenses.
3. If both deductibles A.1.a. and A.1.b. are shown in the declarations, the deductibles shall apply separately.

B. Injury Group 6

From the amounts payable for DAMAGES, settlements and defense costs for INJURY Group 6, WE will deduct the percentage shown in the declarations for each SUIT or claim filed against YOU. The most WE will deduct for all DAMAGES, settlements and defense costs for each claim or SUIT is that percentage times the limit shown in the declarations.

C. Statute and Title E&O and Truth in Lending/Truth in Leasing E&O

From the amounts payable for DAMAGES, settlements and defense costs for STATUTE AND TITLE E&O or TRUTH IN LENDING/TRUTH IN LEASING E&O, WE will deduct the amount shown in the declarations for each SUIT or claim filed against YOU.

D. Agent's E&O

From the amounts payable for DAMAGES for AGENT'S E & O, WE will deduct the amount shown in the declarations from each claim.

E. Defense Reimbursement

From the amounts payable for settlements and defense costs incurred for CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE or DESIGNATED STATUTE DEFENSE, WE will deduct the amount shown in the declarations for each SUIT filed against YOU.

If, after the application of the deductible, the amounts payable exceed the limit of insurance, WE will pay you the limit shown in the declarations.

With respect to Parts A. through E. above, WE may use any part of YOUR deductible amount to effect a settlement or pay defense costs (when applicable) for any claim or SUIT. If WE use YOUR deductible amount or any part thereof to effect a settlement or pay defense costs, YOU must promptly reimburse or pay US the deductible amount when due.

## *We Will Also Pay*

A.  In addition to OUR limits for INJURY, COVERED POLLUTION DAMAGES and AGENT'S E&O, WE will also pay all costs and expenses in defending an INSURED.

B.  In addition to OUR limits for INJURY, COVERED POLLUTION DAMAGES, STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH IN LEASING E&O and AGENT'S E&O, WE will also pay:

1.  interest on that part of the judgment covered by this coverage part within OUR limits, that accrues after entry of any judgment in any SUIT WE defend, but only until WE have paid, offered to pay or deposited in court that part of the judgment that is within OUR limit.
2.  premiums on appeal bonds or bonds to release property used to secure YOUR legal obligations, in a SUIT WE defend, but only for bond amounts within OUR limits. Also, up to $2,000 for the cost of bail bonds required because of an OCCURRENCE, including related traffic law violations. WE do not have to furnish or secure these bonds.
3.  expenses YOU incur for first aid to anyone injured in an OCCURRENCE covered by this coverage part.
4.  up to $500 a day for loss of earnings (but not other income) because of attendance at hearings or trials at OUR request.
5.  other reasonable expenses incurred at OUR request.

## *Insured's Duties After Injury, Covered Pollution Damages, Occurrence, Claim or Suit*

WE have no duty to provide coverage under this policy unless there has been full compliance with the following duties. If there is an OCCURRENCE, the INSURED is sued, or a claim is made against an INSURED:

A.  YOU must report this to US as soon as possible. Give US all the details YOU can, including when, where and how it happened, the names and addresses of persons involved, injured and any witnesses;

B.  each INSURED must promptly send US all documents if they are sued or if claim is made against them. If a dispute arises as to whether an INSURED mailed, or WE received, notice of a claim or SUIT, only a certified mailing receipt will be proof of mailing;

C.  each INSURED must cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification. The INSURED may not, except at their own expense, make any offer or payment, assume any obligation or incur any expense unless otherwise permitted in this coverage part;

D.  each INSURED has an obligation to notify any person or organization, including any other insurance company, which may also be liable to the INSURED for an OCCURRENCE, SUIT or claim; and

E.  YOU must not incur any expense, including pre-notice or pre-tender expense, unless permitted by US.

PAGE 500-20     Copyright © 2007 Universal Underwriters Insurance Company     Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission.     Edition 1-2007

## *Separation of Insureds*

Except with respect to the limit of liability, and any rights or duties specifically assigned in this policy to Named Insured 01, this insurance applies:

A.   as if each INSURED were the only INSURED; and

B.   separately to each INSURED against whom claim is made or SUIT is brought.

## *Limited Worldwide Liability Extension*

With respect to INJURY, the Policy Territory is extended to anywhere in the world when caused by an INSURED who permanently lives in the United States of America, its possessions, or Canada, but only if:

A.   such INSURED is temporarily outside these places; or

B.   such INSURED is conducting ELECTRONIC ACTIVITIES outside these places; and

the SUIT is brought in the United States of America, its territories or possessions, or Canada.

This extension does not apply to watercraft.

## *Newly Acquired Garage Operations Extension*

A.   The insurance afforded by this coverage part is extended to include as a Named Insured any GARAGE OPERATION acquired or formed by YOU and in which YOU maintain ownership of or in which the majority interest is the same as YOU.

B.   This extension ends the earlier of 180 days from:

1.   the date of acquisition or formation; or
2.   the date YOU report the newly acquired or formed GARAGE OPERATION to US.

YOU must pay any additional premiums due.

C.   This extension does not apply to a GARAGE OPERATION:

1.   that is a joint venture;
2.   that is an insured under any other liability or indemnity policy;
3.   that has exhausted its limit of insurance under any other liability policy.

## *Out of State Extension*

While an AUTO or watercraft insured by this coverage part is away from the state where YOU conduct YOUR GARAGE OPERATIONS, WE will:

A.   increase this coverage part limit to meet those specified by any compulsory or financial responsibility law in the jurisdiction where the AUTO or watercraft is being used;

B.   provide the minimum amounts and types of other coverages, such as "No Fault," required of out-of-state AUTOS or watercraft by the jurisdiction where the AUTO or watercraft is being used.

WE will not pay anyone more than once for the same elements of INJURY because of these extensions.

## *Other Insurance*

A.  The insurance afforded by this coverage part is primary, except it is excess:

1.  for COVERED POLLUTION DAMAGES. STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH IN LEASING E&O, CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE and DESIGNATED STATUTE DEFENSE.

2.  for AGENT'S E&O, but only for the amount OUR limit exceeds the limit stated in such other insurance.

3.  for any person or organization under Parts B.3. and B.4 of Who Is An Insured with respect to the AUTO HAZARD.

4.  under the AUTO HAZARD for any AUTO that is more specifically insured and:

    a.  owned by a manufacturer; or
    b.  owned by YOU and used in connection with any leasing or rental operation for an AUTO manufacturer, its subsidiaries or affiliated companies.

5.  under the Limited Worldwide Liability Extension.

6.  when YOU are included as an additional insured under other primary insurance providing the same coverage.

B.  When coverage provided by this coverage part and any other coverage form or policy issued by a company other than US, covers on the same basis, WE will pay only OUR share. Our share is the proportion that OUR limit of insurance bears to the total of the limits of all coverage forms and policies covering on the same basis.

C.  WE have no duty to defend any INJURY, COVERED POLLUTION DAMAGES, OCCURRENCE, SUIT, or claim that any other insurer has a duty to defend.

However, when the other insurer's duty to defend applies on the same basis as OUR duty to defend, WE shall not be liable for more than OUR equal share of the total defense cost.

If the other insurer fails to uphold its duty to defend, WE will undertake to do so, but WE will be entitled to the INSURED'S rights against the other insurer.

PAGE 500-22        Copyright © 2007 Universal Underwriters Insurance Company        Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission.        Edition 1-2007

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# GENERAL LIABILITY
## COVERAGE PART 660

This coverage part and the specific coverages that comprise this coverage part apply only when they are shown in the declarations. In Item 2 of the declarations, each named insured, other insured, and location is given a corresponding letter or number designation. Insurance provided by this coverage part will not apply to any named insured, other insured, or location unless its corresponding letter or number appears next to a specific coverage in Item 3 of the declarations for this coverage part.

When "All" is shown in the Locations column of the declarations, coverage will apply only to those locations at which YOU conduct business operations that are the same as those described in the declarations for this coverage part.

The General Conditions apply except as amended or replaced in this coverage part.

## *Insuring Agreement*

A.  Injury and Covered Pollution Damages

1.  Injury

    WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies (including ELECTRONIC ACTIVITIES), caused by an OCCURRENCE arising out of the following hazards when shown in the declarations:

    a.  PREMISES HAZARD;
    b.  PRODUCTS-COMPLETED OPERATIONS HAZARD;
    c.  CONTRACTOR'S HAZARD; or
    d.  WATERCRAFT HAZARD.

2.  Covered Pollution Damages

    WE will pay those sums the INSURED legally must pay because of COVERED POLLUTION DAMAGES to which this insurance applies, caused by an OCCURRENCE arising out of:

    a.  the PRODUCTS-COMPLETED OPERATIONS HAZARD, when such hazard is shown in the declarations; or
    b.  the operation of covered AUTOS or MOBILE EQUIPMENT.

3.  Defense Obligations and Rights

    a.  WE have the right and duty to defend any SUIT asking for DAMAGES or COVERED POLLUTION DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.
    b.  WE will not pay DAMAGES, COVERED POLLUTION DAMAGES or defense costs for any OCCURRENCE, claim or SUIT that is not covered by or declared for this coverage part.
    c.  If WE defend an INSURED under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses and costs paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

4.  This insurance applies only if:

    a.  with respect to COVERED POLLUTION DAMAGES and INJURY Groups 1 and 2:

        (1)  such COVERED POLLUTION DAMAGES or INJURY is caused by an OCCURRENCE that takes place within the Policy Territory*;*
        (2)  such COVERED POLLUTION DAMAGES or INJURY occurs during the coverage part period; and

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 430 of 634

<div align="right">Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM</div>

(3) prior to the effective date of this coverage Part, no INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, and no employee authorized by YOU to give or receive notice of an OCCURRENCE, SUIT or claim, knew that such COVERED POLLUTION DAMAGES or INJURY had occurred, in whole or in part.

If an INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, or authorized employee knew, prior to the effective date of this coverage part, that the COVERED POLLUTION DAMAGES or INJURY had occurred, then any continuation, change or resumption of such COVERED POLLUTION DAMAGES or INJURY during or after this coverage part period will be deemed to have been known prior to this coverage part period.

b. with respect to INJURY Groups 3, 4, 5 and 6, the act or offense which results in such INJURY was committed within the Policy Territory during the coverage part period.

However, with respect to INJURY Group 6, when INJURY arises out of a series of related and continuous acts or offenses, this insurance applies only if the last injurious act or offense was committed within the Policy Territory during this coverage part period.

5. COVERED POLLUTION DAMAGES or INJURY as defined in Groups 1 and 2, which occurs during this coverage period and was not, prior to the effective date of this coverage part, known to have occurred by any INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, or by any employee authorized by YOU to give or receive notice of an OCCURRENCE, SUIT or claim, includes any continuation, change or resumption of such COVERED POLLUTION DAMAGES or INJURY after the end of this coverage part period.

6. COVERED POLLUTION DAMAGES or INJURY as defined in Groups 1 and 2 will be deemed to have been known to have occurred at the earliest time when any INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, or any employee authorized by YOU to give or receive notice of an OCCURRENCE, claim or SUIT:

a. reports all or any part of such COVERED POLLUTION DAMAGES or INJURY to US or to any other insurer;

b. receives a written or verbal demand or claim for DAMAGES because of such COVERED POLLUTION DAMAGES or INJURY; or

c. becomes aware by any other means that such COVERED POLLUTION DAMAGES or INJURY has occurred or has begun to occur.

B. Defense Reimbursement

1. WE will reimburse reasonable defense costs incurred by YOU because of CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, OR DESIGNATED STATUTE DEFENSE, when such insurance is shown in the declarations.

2. This insurance applies only if a SUIT is filed against an INSURED within the Policy Territory during the coverage part period, arising out of CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, or DESIGNATED STATUTE DEFENSE.

3. WE have the right but not the duty to settle any SUIT. If WE settle a SUIT the settlement will be at OUR expense except for the applicable deductible. Otherwise, all court costs, settlements and DAMAGES assessed against YOU will be at YOUR expense. WE will not reimburse defense costs for any SUIT that is not covered or declared for this coverage part.

4. If WE reimburse defense costs under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

## *Definitions*

When used in this coverage part:

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

A. "ADMINISTRATION" means:

1. interpreting for or giving counsel to employees;
2. handling records; and
3. effecting enrollment, termination or cancellation of employees;

all under YOUR employee benefits programs when such acts are authorized by YOU.

ADMINISTRATION does not mean YOUR selection of an employee benefits program.

B. "AUTO" means:

1. a land motor vehicle, trailer or semi-trailer, designed for travel on public roads and includes its permanently attached equipment;
2. any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

AUTO does not include MOBILE EQUIPMENT.

C. "CONTRACTOR'S HAZARD" means construction operations performed for YOU by any contractor at YOUR premises. It also means YOUR acts or omissions in the general supervision of those operations.

D. "COVERED POLLUTION DAMAGES":

1. means any cost or expense not otherwise excluded arising out of:

   a. any request, demand, order or statutory or regulatory requirement that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of POLLUTANTS; or
   b. any claim or SUIT by or on behalf of a governmental authority for DAMAGES because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of POLLUTANTS; and

2. occur away from premises owned, rented, leased or operated by YOU, arising from:

   a. YOUR PRODUCT or WORK;
   b. POLLUTANTS while being transported on a covered AUTO or MOBILE EQUIPMENT by YOU;
   c. fuels or lubricants, fluids, exhaust gases or other similar POLLUTANTS needed for or resulting from the normal electrical, hydraulic or mechanical functioning of the covered AUTO or MOBILE EQUIPMENT or its parts, if the POLLUTANTS escape, seep, migrate, or are discharged, dispersed or released directly from an AUTO or MOBILE EQUIPMENT part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS;
   d. POLLUTANTS, not in or upon a covered AUTO or MOBILE EQUIPMENT, that are upset, overturned or damaged as a result of the maintenance or use of a covered AUTO or MOBILE EQUIPMENT and the discharge, dispersal, seepage, migration, release or escape of the POLLUTANTS is the direct result of such upset, overturn or damage.

E. "CUSTOMER COMPLAINT DEFENSE" means any SUIT filed against YOU by or on behalf of a wholesale or retail customer arising out of:

1. YOUR sale, lease, rental, service or repair of YOUR PRODUCT;
2. the promotion of YOUR PRODUCTS or WORK;
3. YOUR failure to properly secure customer records resulting in IDENTITY THEFT.

CUSTOMER COMPLAINT DEFENSE does not mean any SUIT:

1. filed against an INSURED as a result of an OCCURRENCE;
2. as defined in DESIGNATED STATUTE DEFENSE.

F.   "DAMAGES" means:

1.   amounts awardable by a court of law (including punitive damages where insurable by law);
2.   with respect to INJURY Group 6, DAMAGES also means amounts awardable by administrative agencies, back pay awards, front pay awards, and compensatory damages;
3.   with respect to liability assumed in an INSURED CONTRACT, DAMAGES also means reasonable attorney fees and necessary litigation expense incurred by or for a party other than the INSURED. WE will pay such DAMAGES, provided that:

   a.   the following has been assumed in the same INSURED CONTRACT:

      (1)  liability to such party for that party's defense; or
      (2)  liability for the cost of that party's defense; and

   b.   such attorney fees and litigation expenses are for the defense of that party against a civil or alternative dispute resolution proceeding in which DAMAGES to which this insurance applies are alleged.

4.   DAMAGES does not mean:

   a.   civil penalties, fines, or assessments;
   b.   other statutory awards in excess of compensation, except where insurable by law;
   c.   equitable remedies, except those equitable remedies listed under Part F.2. above;
   d.   with respect to INJURY Group 6:

      (1)  severance pay or DAMAGES under an express or implied contract of employment; or
      (2)  an express or implied obligation to make payments in the event of the termination of employment.

G.   "DESIGNATED STATUTE DEFENSE" means any SUIT filed against YOU arising out of or related to the alleged violation of the following statutes, acts or laws:

1.   statutes governed, enforced or regulated by the Office of Foreign Assets Control;
2.   Controlling the Assault of Non-Solicited Pornography and Marketing Act;
3.   Telephone Consumer Protection Act;
4.   Gramm-Leach-Bliley Act;
5.   Fair Credit Reporting Act;
6.   Equal Credit Opportunity Act;
7.   Federal Patent Infringement Law (Title 35 U.S.C. § 271);
8.   Drivers Privacy Protection Act (18 U.S.C. § 2721 - 2725);
9.   any other federal, state or local statute, act or law named in the declarations as applicable to DESIGNATED STATUTE DEFENSE.

DESIGNATED STATUTE DEFENSE does not mean any SUIT:

1.   filed against an INSURED as a result of an OCCURRENCE;
2.   as defined in CUSTOMER COMPLAINT DEFENSE or LABOR RELATED DEFENSE.

H.   "DISCRIMINATION" means violation of a person's civil rights with respect to such person's race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition or any other similar characteristic of a protected class established by any statute, law, rule or regulation. This includes reverse DISCRIMINATION and HARASSMENT. As used in this definition, "person" includes YOUR employees, customers, clients, independent contractors, volunteers and any other persons with whom YOU have a business relationship. DISCRIMINATION also includes mental anguish, mental injury, fright, shock or humiliation resulting from such violation.

I.   "ELECTRONIC ACTIVITIES" means the use of a computer, computer network, internet, intranet, electronic mail, telephone, facsimile machine, or any other electronic communication or transmission device in conducting YOUR business operations.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007

J.  "ELECTRONIC DATA" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

K.  "HARASSMENT" means any unwelcome remarks, behaviors or communications that are of a sexual nature or that are based on race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition or any other similar characteristic. This includes actions that cause offense or humiliation to any person or group of persons and are made a condition of employment or any other business relationship.

L.  "IDENTITY THEFT" means the misappropriation by a person other than by YOUR employee, of a person or entity's identifying information, such as their name, address, credit card or social security number.

M.  "INCIDENTAL MEDICAL MALPRACTICE" means:

1.  providing or failing to provide any medical or related professional health care services;
2.  furnishing food or drink connected with any medical or other professional health care services; or
3.  furnishing or dispensing drugs or medical, dental or surgical supplies or appliances;

when these services are performed by an INSURED who is not in the business or occupation of providing any of these services.

N.  "INJURY" means, with respect to:

1.  Group 1

    a.  bodily injury, sickness, disease or disability (including death resulting from any of these). This includes INJURY resulting from INCIDENTAL MEDICAL MALPRACTICE;
    b.  damage to, or loss of use of, tangible property. For purposes of this insurance, ELECTRONIC DATA is not tangible property.

2.  Group 2

    mental anguish, mental injury, fright, shock, or humiliation except when arising from DISCRIMINATION.

3.  Group 3

    a.  false arrest or imprisonment;
    b.  malicious prosecution;
    c.  abuse of process;
    d.  wrongful detention;
    e.  wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    f.  wrongful repossession of an AUTO;
    g.  disparagement of goods or services;
    h.  libel or slander;
    i.  defamation of character;
    j.  private nuisance (except pollution);
    k.  common law claims for invasion of the right of privacy.

4.  Group 4

    a.  plagiarism, misappropriation of advertising ideas or style;
    b.  infringement of copyright, title, slogan, trademark, service mark or trade dress in YOUR advertising.

5. Group 5

   any error or omission in the ADMINISTRATION of YOUR profit sharing, pension or employee stock subscription plan, YOUR group life, group hospitalization or major medical plan, group accident and health, workers compensation, unemployment, Social Security, disability benefits insurance, dental plan, thrift plan, 401K or any other similar savings plan, vision plan, benefits due an employee prescribed by the Consolidated Omnibus Budget Reconciliation Act (COBRA), or other similar employee benefit plans.

6. Group 6

   a. DISCRIMINATION;
   b. WRONGFUL EMPLOYMENT PRACTICES.

O. "INSURED CONTRACT" means any of the following, if such contract or agreement is executed prior to the OCCURRENCE:

1. a lease of premises, elevator maintenance agreement or railroad sidetrack agreement. However, this does not include that part of any contract or agreement that indemnifies any person or organization for damage by fire to premises leased, rented or loaned to YOU;
2. a license agreement in connection with vehicle or pedestrian private crossings at grade or any easement agreement, except in connection with construction or demolition operations within 50 feet of a railroad;
3. an obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
4. that part of any other contract or agreement pertaining to YOUR business (including indemnification of a municipality in connection with work performed for a municipality) under which YOU assume the tort liability of another. However, this does not include that part of any contract or agreement that indemnifies an architect, engineer or surveyor for INJURY arising out of:

   a. preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
   b. giving directions or instructions or failing to give them, if that is the primary cause of the INJURY.

P. "LABOR RELATED DEFENSE" means any SUIT, not otherwise covered by INJURY Group 6, filed against YOU by or on behalf of an employee arising out of YOUR employment practices. This includes defense costs arising from:

1. the alleged violation of any of the following:

   a. Worker Adjustment and Retraining Notification Act;
   b. Federal Labor Standards Act; ;
   c. National Labor Relations Act.

2. errors or omissions in the selection of an employee benefit program.
3. YOUR failure to properly secure employee records resulting in IDENTITY THEFT.

LABOR RELATED DEFENSE does not mean a SUIT:

1. filed against an INSURED as a result of an OCCURRENCE;
2. as defined in DESIGNATED STATUTE DEFENSE;
3. as would be covered by a workers compensation policy or an employer's liability policy.

Q. "MOBILE EQUIPMENT" means vehicles designed for use principally off public roads, those not required to be licensed, and AUTOS used solely on YOUR premises. It includes, but is not limited to, bulldozers, power shovels, rollers, graders, scrapers, and any other road construction or repair

equipment, farm machinery, cranes, forklifts, pumps, generators, air compressors, drills, street sweepers, diggers or vehicles used to provide mobility for any of these when permanently attached to the equipment.

However, MOBILE EQUIPMENT does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered AUTOS.

R.  "OCCURRENCE" means:

1.  with respect to COVERED POLLUTION DAMAGES, and INJURY Groups 1 and 2, an accident, including continuous or repeated exposure to conditions which result in such INJURY or COVERED POLLUTION DAMAGES neither intended nor expected from the standpoint of a reasonably prudent person;
2.  with respect to INJURY Groups 3, 4, 5 and 6, acts or offenses of the INSURED which result in such INJURY;
3.  with respect to INJURY Group 6, when INJURY arises out of a series of related and continuous acts or offenses, the last injurious act or offense committed in the last coverage part period insured by US.

All INJURY or COVERED POLLUTION DAMAGES arising out of substantially the same general conditions or cause will be considered as arising out of one OCCURRENCE.

OCCURRENCE does not mean any claim or SUIT otherwise covered under CUSTOMER COMPLAINT DEFENSE, DESIGNATED STATUTE DEFENSE or LABOR RELATED DEFENSE.

S.  "POLLUTANTS" means any solid, liquid, gaseous, or thermal irritant or contaminant including, but not limited to, smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. "Waste" includes, but is not limited to, materials to be recycled, reconditioned or reclaimed.

T.  "PREMISES HAZARD" means the ownership, maintenance or use of the premises scheduled in the declarations and all operations necessary or incidental thereto, except the PRODUCTS-COMPLETED OPERATIONS HAZARD.

U.  "PRODUCT" means the goods or products, other than real property, YOU make, sell, service or repair, or those goods or products made or sold by others trading under YOUR name. It includes any container (other than a vehicle) for the goods or products, but does not include a vending machine or any property (other than a container) rented or located for the use of others but not sold.

V.  "PRODUCTS-COMPLETED OPERATIONS HAZARD" means INJURY as defined in Groups 1 and 2, occurring away from the premises YOU own or rent and resulting from YOUR WORK or YOUR PRODUCT. It includes representations or warranties made with respect to fitness, durability, performance or use of YOUR WORK or YOUR PRODUCT, and the providing or failure to provide warnings or instructions for YOUR WORK or YOUR PRODUCT. This does not apply if:

1.  the PRODUCT is still in YOUR physical possession;
2.  the WORK has not been completed or abandoned.

YOUR WORK will be deemed completed at the earliest of the following:

1.  when YOU have completely fulfilled a contract specifying the WORK;
2.  when all WORK to be performed by YOU at a specific site has been completed;
3.  when the portion of the WORK out of which the INJURY arises has been put to its intended use by any one other than a contractor or subcontractor working on the same project.

WORK requiring service, maintenance, or corrective work, repair or replacement because of a defect, but which is otherwise completed is deemed completed.

COMPLETED OPERATIONS does not include INJURY caused by:

1. the transportation of property, unless caused by the loading or unloading of a vehicle;
2. the existence of tools, uninstalled equipment or abandoned or unused materials.

W. "RETALIATION" means adverse employment actions against employees for exercising or attempting to exercise their rights under law, where RETALIATION is insurable by law.

X. "SILICA" means:

1. any form of crystalline or non-crystalline (amorphous) silica, silica particles, silica compounds, silica dust or silica mixed or combined with dust or other particles; or
2. synthetic silica, including precipitated silica, silica gel, pyrogenic or fumed silica or silica flour.

Y. "SUIT" means a civil action for DAMAGES, including arbitration or mediation to which the INSURED must submit or submits with OUR consent. A class action is one SUIT. SUIT does not mean an attorney general action. Except for INJURY Group 6, LABOR RELATED DEFENSE and DESIGNATED STATUTE DEFENSE, SUIT does not mean administrative actions or equitable actions.

Z. "WATERCRAFT HAZARD" means the ownership, maintenance or use of the watercraft scheduled in the declarations, or its replacement, if reported to US during the coverage part period.

AA. "WORK" means work or operations YOU perform or work someone else performs for YOU, and includes materials, parts or equipment furnished with such work or operations.

BB. "WRONGFUL EMPLOYMENT PRACTICES" means any of the following occurring in the course of, or arising out of, a claimant's employment or application for employment with YOU:

1. the actual or alleged failure or refusal to employ or promote;
2. deprivation of a career opportunity;
3. negligent evaluation;
4. wrongful discipline;
5. reassignment or demotion;
6. wrongful denial of seniority;
7. WRONGFUL TERMINATION;
8. RETALIATION;
9. mental anguish, mental injury, fright, shock or humiliation resulting from Parts 1. through 8. above.

CC. "WRONGFUL TERMINATION" means the termination of any employment relationship in a manner which is against the law. This includes constructive termination. WRONGFUL TERMINATION does not include DAMAGES legally owed under an express or implied contract of employment or an express or implied obligation to make payments in the event of termination of employment.

## *Who Is An Insured*

A. With respect to INJURY or COVERED POLLUTION DAMAGES arising out of YOUR business operations:

1. YOU;

   a. if YOU are a sole proprietor, YOU and YOUR spouse;
   b. if YOU are a partnership, YOUR partners and their spouses;
   c. if YOU are a joint venture, YOUR members;
   d. if YOU are a limited liability company, YOUR members.

2. YOUR directors, executive officers or stockholders.

right
3. YOUR employees while in the course and scope of their employment.

4. if YOU are a trust, YOUR trustees while acting within the scope of their duties as trustees, but only if such trustees are shown in the declarations as applicable to this coverage part.

5. with respect to watercraft, any person or organization legally responsible for the use of the described watercraft within the scope of YOUR permission.

6. with respect to MOBILE EQUIPMENT, any person (including any person or organization responsible for their conduct) while driving it on a public road with YOUR permission.

7. the owner of tangible property that is leased or rented to YOU, subject to the terms and conditions of this coverage part, but only if:

   a. there is no written lease or rental agreement and the owner of such property is:

      (1) YOUR partner, director, executive officer, or stockholder;
      (2) YOUR spouse, if YOU are a sole proprietor, or YOUR partner's spouse, if YOU are a partnership;
      (3) the spouse of a director or executive officer, if YOU are a corporation;
      (4) YOUR subsidiary or YOUR affiliate, provided YOU have a majority ownership interest in such subsidiary or affiliate; or
      (5) an entity of which YOU are a subsidiary or affiliate, provided that entity has a majority ownership interest in YOU;

      and YOU have agreed to include the owner as an INSURED prior to any OCCURRENCE;

   b. an OCCURRENCE arises out of the use of that part of such tangible property leased or rented to YOU; and
   c. no other valid and collectible insurance applies.
   d. In addition to other exclusions found in this coverage part, insurance afforded by this provision does not apply:

      (1) to any structural alterations, demolition or new construction performed by or for the owner of premises or land that is leased or rented to YOU;
      (2) when YOU cease to be a tenant of premises or land that is leased or rented to YOU; or
      (3) when YOU cease to be a lessee of tangible personal property.

8. any person or organization with whom YOU have agreed in a written contract, written agreement or written permit that such person or organization be added to YOUR policy as an additional insured is an INSURED subject to the terms and conditions of this coverage part.

   a. Such INSUREDS include, but are not limited to, a:

      (1) lessor of equipment;
      (2) lessor of land or premises;
      (3) lessor of personal property; or
      (4) municipality.

   b. In addition to other exclusions found in this coverage part, insurance afforded by this provision does not apply:

      (1) unless such contract or agreement has been executed, or such permit has been issued, prior to an OCCURRENCE;
      (2) to an OCCURRENCE that takes place after such contract, agreement or permit expires;
      (3) with respect to YOUR vendors;
      (4) to any structural alterations, demolition or new construction performed by or for the owner or lessor of premises or land leased or rented to YOU; or
      (5) to any additional insured granted coverage by an endorsement issued by US.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

B. With respect to CUSTOMER COMPLAINT DEFENSE, DESIGNATED STATUTE DEFENSE or LABOR RELATED DEFENSE:

1. YOU;

    a. if YOU are a sole proprietor, YOU and YOUR spouse;
    b. if YOU are a partnership, YOUR partners and their spouses;
    c. if YOU are a limited liability company, YOUR members.

2. YOUR directors, executive officers or stockholders, while acting within the scope of their duties as such.

## *Who Is Not An Insured*

Any partnership or joint venture, unless the partnership or joint venture is shown in the declarations as a Named Insured. This does not apply to any joint venture, of which YOU are a part, with respect to any coverage afforded to YOU under Group 4 of the definition of INJURY.

## *Exclusions*

This insurance does not apply to:

A. Dishonest Acts

an OCCURRENCE, SUIT or claim arising out of any dishonest, fraudulent or criminal acts committed by any INSURED.

However, with respect to INJURY Group 6., this exclusion does not apply to YOU if such act was committed by YOUR employee (other than a partner, director, or executive officer) without YOUR direction or YOUR knowledge.

B. Intent to Cause Harm

any act committed by or at the direction of the INSURED with intent to cause harm. This exclusion does not apply if INJURY arises solely from the intentional use of reasonable force for the purpose of protecting persons or property.

C. Employer's Liability

1. INJURY as defined in Groups 1, 2 and 3, to any:

    a. current employee of the INSURED arising out of and in the course of their employment by or on behalf of the INSURED;
    b. former employee of the INSURED arising out of their previous employment by or on behalf of the INSURED;

    for which:

    (1) the INSURED may be held liable as an employer or in any other capacity;
    (2) the INSURED may have an obligation to indemnify or contribute with another because of such INJURY;
    (3) INJURY is sustained by any relative of the employee as a consequence of the INJURY to such employee.

2. This exclusion does not apply:

    a. under Part (1), to "domestic employees" of the INSURED not entitled to workers compensation benefits. For the purposes of this coverage part, "domestic employee" means

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

a person engaged in household or domestic work performed principally in connection with a residence premises;

b.  under Part (2) of this exclusion, to any contract excepted in Exclusion E.;

c.  to damage to or loss of use of tangible property owned by such employee;

d.  to INJURY as defined in Group 1, Part a., to any of YOUR employees, with respect to any claim made or SUIT filed against them by another of YOUR employees because of an OCCURRENCE arising out of and in the course of their employment by YOU.

D.  Workers Compensation and Similar Laws

any obligation for which the INSURED or the INSURED'S insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.

E.  Contractual

any obligation assumed under a contract or agreement. This exclusion does not apply to an INSURED CONTRACT under:

1.  INJURY Groups 1, 2 and 3;
2.  INJURY Groups, 4, 5 and 6 with respect to YOUR negligent acts;

but in any event for no more coverage than is afforded to YOU by this coverage part.

No person or organization demanding performance of an INSURED CONTRACT has rights under this policy.

F.  Warranties

an OCCURRENCE, SUIT or claim arising out of any manufacturer's warranty, extended warranty, extended service agreement or mechanical breakdown agreement.

G.  Aircraft

an OCCURRENCE, SUIT or claim arising out of:

1.  the ownership, operation, maintenance, repair, use (including loading or unloading) or entrustment to others of any aircraft; or
2.  the manufacture, storage, sale, handling or distribution of aircraft, aircraft engines or aircraft parts.

This exclusion applies even if:

1.  the OCCURRENCE, SUIT or claim involves the entrustment to others of any aircraft that is owned by, operated by, rented to, or loaned to an INSURED; and
2.  the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

H.  Pollution

1.  INJURY arising out of the actual, alleged or threatened discharge, dispersal, release, migration, seepage or escape of POLLUTANTS:

    a.  that are, or that are contained in any property that is:

        (1)  being moved from the place where such property or POLLUTANTS are accepted by the INSURED for movement into or onto the covered AUTO or MOBILE EQUIPMENT;
        (2)  being moved from the covered AUTO or MOBILE EQUIPMENT to the place where such property or POLLUTANTS are finally delivered, disposed of or abandoned by the INSURED;

      (3)  being transported or towed by the covered AUTO or MOBILE EQUIPMENT;

      (4)  otherwise in the course of transit;

      (5)  being stored, disposed of, treated or processed in or upon the covered AUTO or MOBILE EQUIPMENT.

      Parts H.1.a.(1), (2) and (3) do not apply to POLLUTANTS or POLLUTANTS contained in property being transported, towed by, handled for movement into, onto or from an AUTO or MOBILE EQUIPMENT by YOU.

  b.  at or from premises, site or location owned, rented or occupied by an INSURED.

      Part H.1.b. does not apply to:

      (1)  airborne paint overspray;

      (2)  INJURY, as defined in Group 1, Part a., if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building or equipment that is used to heat water for personal use by the building's occupants or their guests.

  c.  at or from any premises, site or location used by or for any INSURED or others for the handling, storage, disposal, processing or treatment of waste.

  d.  at or from any premises, site or location on which any INSURED or any contractors or subcontractors working directly or indirectly on an INSURED'S behalf are performing operations:

      (1)  to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the POLLUTANTS; or

      (2)  if the POLLUTANTS are brought on or to the premises, site or location in connection with such operations.

      Part H.1.d.(2) does not apply to INJURY as defined in Group 1, Part a., when such INJURY is sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by YOU or on YOUR behalf by a contractor or subcontractor.

  e.  which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any INSURED or any person or organization for whom the INSURED may be legally responsible.

2.  any loss, cost or expense arising out of any:

  a.  request, demand, order or statutory or regulatory requirement that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of POLLUTANTS; or

  b.  claim or SUIT by or on behalf of a governmental authority for DAMAGES because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of POLLUTANTS.

      Part H.2. does not apply to COVERED POLLUTION DAMAGES, or to liability for DAMAGES because of INJURY as defined in Group 1, part b., that the INSURED would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or SUIT by or on behalf of a governmental authority.

Parts H.1.a.(5), H.1.b. through H.1.e., and H.2. do not apply to fuels, lubricants, fluids, exhaust gases or other similar POLLUTANTS that are needed for, or result from, the normal electrical, hydraulic or mechanical functioning of the covered AUTO or MOBILE EQUIPMENT or its parts, if the POLLUTANTS escape or are discharged, dispersed or released directly from an AUTO or MOBILE EQUIPMENT part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS.

Copyright © 2007 Universal Underwriters Insurance Company

Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Parts H.1.a.(1) and (2), H.1.b. through H.1.e., and H.2. do not apply to POLLUTANTS away from the premises not in or upon the covered AUTO or MOBILE EQUIPMENT if:

1. the POLLUTANTS. or any property in which the POLLUTANTS are contained, are upset, overturned or damaged as a result of the maintenance or use of the covered AUTO or MOBILE EQUIPMENT;
2. the discharge, dispersal, release or escape of the POLLUTANTS is caused directly by such upset, overturn or damage; and
3. the INJURY is not otherwise excluded under Part H.1.a. of this exclusion.

Exclusion H. does not apply to INJURY as defined in Groups 1 and 2 caused by heat, smoke or fumes from a "hostile fire." A "hostile fire" means a fire that becomes uncontrollable or breaks out from where it was intended to be.

I.  Liquor Liability

an OCCURRENCE, SUIT or claim arising out of YOUR business of serving, manufacturing, distributing or selling alcoholic beverages.

J.  Certain Autos, Mobile Equipment and Watercraft

INJURY or COVERED POLLUTION DAMAGES arising out of, or in connection with, the ownership, maintenance, use, operation, loading, unloading or entrustment to others of any:

1. AUTO;

    This exclusion does not apply to YOUR parking of an AUTO not owned, rented, leased or loaned to any INSURED, on, or on the ways next to, the premises scheduled in the declarations.

2. MOBILE EQUIPMENT, while:

    a. rented, leased or loaned by YOU to others;
    b. being operated in, or in practice or preparation for, any prearranged or organized race, rally, speed, demolition or competitive contest or stunting activity; or to any snowmobile or trailer designed for use with it.

3. watercraft, while:

    a. rented, leased or loaned to others by YOU;
    b. carrying any passenger for a consideration;
    c. afloat over 50 nautical miles from the coastal shoreline of the 48 contiguous United States, the District of Columbia or Canada;
    d. operated in, or in preparation for, any prearranged or organized race, rally, speed or competitive contest or stunting activity.

Part J.3. does not apply to any watercraft while ashore on any premises insured under the PREMISES HAZARD.

Parts J.2.b. and J.3.d. do not apply to participation in a prearranged or organized rally, except when INJURY or COVERED POLLUTION DAMAGES arise from a competitive timed event at such rally.

4. This exclusion applies even if:

    a. the INJURY or COVERED POLLUTION DAMAGES involves the entrustment to others of any MOBILE EQUIPMENT, AUTO or watercraft described in Exclusion J. that is owned by, operated by, rented to, or loaned to an INSURED; and
    b. the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

K.  Care, Custody or Control

INJURY or COVERED POLLUTION DAMAGE to personal property owned by, rented or leased to, used by, transported by, or otherwise in the care, custody or control of the INSURED.

This exclusion does not apply to liability assumed by YOU under a written sidetrack agreement with respect to property used by YOU or in YOUR care, custody, or control.

L.  Loss Of Use Of Property Not Physically Damaged

loss of use of property not physically damaged, if caused by:

1.  YOUR delay or failure in performing any agreement or contract;
2.  the failure of YOUR PRODUCT or YOUR WORK to meet the quality warranted or the level of performance represented.

M.  Product Recall

any OCCURRENCE, SUIT or claim arising out of the recall of YOUR PRODUCTS, YOUR WORK, or other property of which they form a part, due to a known or suspected defect or deficiency they contain.

N.  Personal and Advertising Injury

INJURY, as defined in Groups 3 and 4:

1.  if the first injurious offense was committed, or alleged to have been committed, prior to the coverage part period.
2.  arising out of the infringement of patent, trade secret or other intellectual property rights, except as covered under INJURY Group 4.
3.  arising out of an electronic chatroom or bulletin board YOU host, own, or over which YOU exercise control.
4.  arising out of the unauthorized use of another's name or product in YOUR e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

O.  Employee Benefits Liability

1.  INJURY as defined in Group 5, if caused by:

    a.  failure of performance by any insurer or self insurer;
    b.  an INSURED'S failure to comply with any workers compensation, unemployment insurance, Social Security, disability benefits law or similar laws;
    c.  failure of investments or assets to perform as represented by an INSURED;
    d.  advice given by an INSURED to an employee to participate or not to participate in stock subscription plans;
    e.  failure of any employee benefits program, for any reason;
    f.  the investment or non-investment of funds;
    g.  violation of the duties, obligations or responsibilities imposed by the Employee Retirement Income Security Act of 1974 (ERISA), its amendments, or any similar local, state or federal law.

2.  remedies under the Consolidated Omnibus Budget Reconciliation Act (COBRA) except to benefits due an employee prescribed by the act.

P.  Insurance Agent, Broker or Consultant Activities

an OCCURRENCE, SUIT or claim arising out of an INSURED'S activities as an insurance agent, broker or consultant.

PAGE 660-14     Copyright © 2007 Universal Underwriters Insurance Company     Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.     Edition 1-2007

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 443 of 634

Page 443 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Q. Radioactivity, Nuclear and War Hazards

an OCCURRENCE, SUIT or claim arising out of radioactive contamination or the explosion or malfunction of a nuclear weapon, device or facility, WAR or their consequences.

R. Asbestos

an OCCURRENCE, SUIT or claim arising out of, or in any way related to:

1. the actual or alleged presence, dispersal or threatened dispersal of asbestos, asbestos fibers or products, or compounds containing asbestos, or any hazardous properties of asbestos;
2. any demand, requirement, order, direction, determination or request that YOU or any other entity test for, investigate, monitor, clean up, remove, study, contain, treat, encapsulate, control or take any other action regarding asbestos.

This includes, but is not limited to:

a. any supervision, instruction, recommendation, warning or advice given, or which should have been given, in connection with the above;
b. DAMAGES, or legal obligations to reimburse another party for DAMAGES, resulting from any OCCURRENCE, SUIT or claim.

S. Violation of Communication or Information Law

INJURY arising directly or indirectly out of an actual or alleged violation of:

1. the Telephone Consumer Protection Act including any amendment of or addition to such law;
2. Controlling the Assault of Non-Solicited Pornography and Marketing Act including any amendment of or addition to such law; or
3. any other federal, state or local statute, regulation or ordinance other than Part S.1. or S.2. that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

T. Discrimination

INJURY as defined in Group 6, based upon, arising out of, or related to:

1. corporate reorganizations, lay-offs, closings or downsizing actions;
2. a lockout, strike, picket line, replacement or other similar action resulting from labor disputes or labor negotiations.

U. Public Policy

an OCCURRENCE, SUIT or claim for harm to plaintiff for which the courts or legislature have determined, for public policy reasons, that an INSURED cannot be indemnified.

V. Silica

1. INJURY or COVERED POLLUTION DAMAGES arising from the actual, alleged or threatened inhalation, ingestion, absorption, existence or presence of SILICA or SILICA mixed dust, regardless of whether INJURY or COVERED POLLUTION DAMAGES are caused directly or indirectly by any of the above;
2. DAMAGES, costs or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediation or disposing of, or in any manner responding to or assessing the effects of, SILICA by an INSURED or by any other person or entity.

Unicover VI          Copyright © 2007 Universal Underwriters Insurance Company          PAGE 660-15
Edition 1-2007          Includes copyrighted material of Insurance Services Office, Inc. with its permission.

W.  Transfer of Ownership or Possession

INJURY or COVERED POLLUTION DAMAGES to premises after YOU transfer ownership or possession to another, if INJURY or COVERED POLLUTION DAMAGE is caused prior to the transfer.

X.  Transportation of Mobile Equipment

an OCCURRENCE, SUIT or claim arising out of the transportation of MOBILE EQUIPMENT by an AUTO owned, operated, rented, leased or borrowed by YOU.

Y.  Identity Theft

INJURY arising out of IDENTITY THEFT.

## *The Most We Will Pay*

Regardless of the number of INSUREDS insured by this coverage part, premiums charged, persons or organizations who sustain INJURY or COVERED POLLUTION DAMAGES, claims made or SUITS brought, the most WE will pay is:

A.  Injury and Covered Pollution Damages

1.  the limit shown in the declarations for any one OCCURRENCE.
2.  with respect to an obligation assumed under an INSURED CONTRACT or under Part A.8. of the Who Is An Insured condition, the most WE will pay is the lesser of:

    a.  YOUR obligation under such contract; or
    b.  the limit shown in the declarations.

B.  Defense Reimbursement

1.  with respect to CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE and DESIGNATED STATUTE DEFENSE, the limit per SUIT shown in the declarations for each coverage. The annual aggregate limit shown in the declarations for each coverage is the most WE will pay for all such defense costs during the coverage part period.
2.  any settlement made by US under CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE or DESIGNATED STATUTE DEFENSE will be included in the limit per SUIT and the annual aggregate limit shown in the declarations.
3.  OUR obligation to pay under CUSTOMER COMPLAINT DEFENSE will cease when the manufacturer assumes defense of such SUIT or claim made against an INSURED.

C.  Plaintiff's Costs

with respect to a plaintiff's litigation costs, fees and expenses that are awarded as part of a judgment or arbitration ruling made against OUR INSURED for a covered claim, the amount of the limit remaining after DAMAGES have been paid.

## *Deductibles*

A.  Injury Other than Group 6

From the amounts payable for INJURY, other than Group 6, WE will deduct the amount shown in the declarations from each OCCURRENCE.

1.  As shown in the declarations:

    a.  Work-Products Deductible

PAGE 660-16          Copyright © 2007 Universal Underwriters Insurance Company          Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.          Edition 1-2007

Case 2:26-cv-04162-WJE     Document 1-2     Filed 07/10/26     Page 445 of 634

Page 445 of 634

(1) the "Work" deductible applies to INJURY, as defined in Group 1, Part b., to property arising out of YOUR WORK.

(2) the "Products" deductible applies to INJURY, as defined in Group 1, Part b., to YOUR PRODUCT if caused by a defect existing in YOUR PRODUCT at the time possession was relinquished to the purchaser.

b.  Injury Groups 1–4 Deductible

when this deductible is shown in the declarations, WE will deduct that amount from all DAMAGES, including defense costs, arising from INJURY Groups 1–4.

2.  Recovery amounts, including salvage, subrogation and other insurance will accrue to OUR benefit where permitted by law. WE will pay YOU any recovery amounts in excess of the amount WE have paid after application of YOUR deductible, less recovery expenses.

3.  If both deductibles A.1.a. and A.1.b. are shown in the declarations, the deductibles shall apply separately.

B.  Injury Group 6

From the amounts payable for DAMAGES, settlements and defense costs for INJURY Group 6, WE will deduct the percentage shown in the declarations for each SUIT or claim filed against YOU. The most WE will deduct for all DAMAGES, settlements and defense costs for each claim or SUIT is that percentage times the limit shown in the declarations.

C.  Defense Reimbursement

From the amounts payable for settlements and defense costs incurred for CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE and DESIGNATED STATUTE DEFENSE, WE will deduct the amount shown in the declarations for each SUIT filed against YOU.

If, after the application of the deductible, the amounts payable exceed the limit of insurance, WE will pay you the limit shown in the declarations.

With respect to Parts A. through C. above, WE may use any part of YOUR deductible amount to effect a settlement or pay defense costs (when applicable) for any claim or SUIT. If WE use YOUR deductible amount or any part thereof to effect a settlement or pay defense costs, YOU must promptly reimburse or pay US the deductible amount when due.

## *We Will Also Pay*

In addition to OUR limits for INJURY and COVERED POLLUTION DAMAGES, WE will also pay:

A.  all costs and expenses in defending an INSURED.

B.  interest on that part of the judgment covered by this coverage part within OUR limits, that accrues after entry of any judgment in any SUIT WE defend, but only until WE have paid, offered to pay or deposited in court that part of the judgment that is within OUR limit.

C.  premiums on appeal bonds or bonds to release property used to secure YOUR legal obligations, in a SUIT WE defend, but only for bond amounts within OUR limits. Also, up to $2,000 for the cost of bail bonds required because of an OCCURRENCE, including related traffic law violations. WE do not have to furnish or secure these bonds.

D.  expenses YOU incur for first aid to anyone injured in an OCCURRENCE covered by this coverage part.

E.  up to $500 a day for loss of earnings (but not other income) because of attendance at hearings or trials at OUR request.

F.  other reasonable expenses incurred at OUR request.

## Insured's Duties After Injury, Covered Pollution Damages, Occurrence, Claim or Suit

WE have no duty to provide coverage under this policy unless there has been full compliance with the following duties. If there is an OCCURRENCE, the INSURED is sued, or a claim is made against an INSURED:

A.  YOU must report this to US as soon as possible. Give US all the details YOU can, including when, where and how it happened, the names and addresses of persons involved, injured and any witnesses;

B.  each INSURED must promptly send US all documents if they are sued or if claim is made against them. If a dispute arises as to whether an INSURED mailed, or WE received, notice of a claim or SUIT, only a certified mailing receipt will be proof of mailing;

C.  each INSURED must cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification. The INSURED may not, except at their own expense, make any offer or payment, assume any obligation or incur any expense unless otherwise permitted in this coverage part;

D.  each INSURED has an obligation to notify any person or organization, including any other insurance company, which may also be liable to the INSURED for an OCCURRENCE, SUIT or claim; and

E.  YOU must not incur any expense, including pre-notice or pre-tender expense, unless permitted by US.

## Separation of Insureds

Except with respect to the limit of liability, and any rights or duties specifically assigned in this policy to Named Insured 01, this insurance applies:

A.  as if each INSURED were the only INSURED; and

B.  separately to each INSURED against whom claim is made or SUIT is brought.

## Limited Worldwide Liability Extension

With respect to INJURY, the Policy Territory is extended to anywhere in the world when caused by an INSURED who permanently lives in the United States of America, its possessions, or Canada, but only if:

A.  such INSURED is temporarily outside these places; or

B.  such INSURED is conducting ELECTRONIC ACTIVITIES outside these places; and

the SUIT is brought in the United States of America, its territories or possessions, or Canada.

This extension does not apply to watercraft.

## Newly Acquired Organizations Extension

A.  The insurance afforded by this coverage part is extended to include as a Named Insured any organization acquired or formed by YOU and in which YOU maintain ownership of or in which the majority interest is the same as YOU.

B.  This extension ends the earlier of 180 days from:

1.  the date of acquisition or formation; or

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

2. the date YOU report the newly acquired or formed organization to US.

YOU must pay any additional premiums due.

C. This extension does not apply to any organization:

1. that is a joint venture;
2. that is an insured under any other liability or indemnity policy;
3. that has exhausted its limit of insurance under any other liability policy;
4. which is in a different business than YOU.

## *Out of State Extension*

While a watercraft insured by this coverage part is away from the state where YOU conduct YOUR business operations, WE will:

A. increase this coverage part limit to meet those specified by any compulsory or financial responsibility law in the jurisdiction where the watercraft is being used;

B. provide the minimum amounts and types of other coverages, required of out-of-state watercraft by the jurisdiction where watercraft is being used.

WE will not pay anyone more than once for the same elements of INJURY because of these extensions.

## *Other Insurance*

A. The insurance afforded by this coverage part is primary, except it is excess:

1. for COVERED POLLUTION DAMAGES, CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE and DESIGNATED STATUTE DEFENSE.
2. under the Limited Worldwide Liability Extension.
3. when YOU are included as an additional insured under other primary insurance providing the same coverage.

B. When coverage provided by this coverage part and any other coverage form or policy issued by a company other than US, covers on the same basis, WE will pay only OUR share. Our share is the proportion that OUR limit of insurance bears to the total of the limits of all coverage forms and policies covering on the same basis.

C. WE will have no duty to defend any INJURY, COVERED POLLUTION DAMAGES, OCCURRENCE, SUIT, or claim that any other insurer has a duty to defend.

However, when the other insurer's duty to defend applies on the same basis as OUR duty to defend, WE shall not be liable for more than OUR equal share of the total defense cost.

If the other insurer fails to uphold its duty to defend, WE will undertake to do so, but WE will be entitled to the INSURED'S rights against the other insurer.

Unicover VI     Copyright © 2007 Universal Underwriters Insurance Company     PAGE 660-19
Edition 1-2007     Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# BASIC AUTO
## COVERAGE PART 830

This coverage part and the specific coverages that comprise this coverage part apply only when they are shown in the declarations. In Item 2 of the declarations, each named insured, other insured and security interest is given a corresponding letter or number designation. Insurance provided by this coverage part will not apply to any named insured, other insured or security interest unless its corresponding letter or number appears next to a specific coverage in Item 3 of the declarations.

The General Conditions apply except as amended or replaced in this coverage part.

## *Insuring Agreement*

A.  Injury and Covered Pollution Damages

   1.  Injury

       WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY, to which this insurance applies, caused by an OCCURRENCE arising out of the ownership, maintenance, use, loading or unloading of an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO.

   2.  Covered Pollution Damages

       WE will pay those sums the INSURED legally must pay because of COVERED POLLUTION DAMAGES, to which this insurance applies, caused by an OCCURRENCE arising out of the ownership, maintenance, use, loading or unloading of an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO.

   3.  Defense Obligations and Rights

       a.  WE have the right and duty to defend any SUIT asking for DAMAGES or COVERED POLLUTION DAMAGES. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.
       b.  WE will not pay DAMAGES, COVERED POLLUTION DAMAGES or defense costs for any OCCURRENCE, claim or SUIT that is not covered or declared for this coverage part.
       c.  If WE defend an INSURED under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses and costs paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

B.  Medical Payments

   WE will pay all reasonable and necessary medical, dental, and funeral expenses (incurred within three years after the OCCURRENCE) to or for each person:

   1.  who sustains INJURY caused by an OCCURRENCE while OCCUPYING an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO being used by an INSURED;
   2.  scheduled in the declarations pages (and residents of their household) who sustains INJURY caused by an OCCURRENCE while OCCUPYING or if struck by an AUTO other than a vehicle:

       a.  operated on rails or crawler-treads;
       b.  while located for use as a residence or premises;
       c.  which is a farm tractor or other equipment while off public roads.

C.  Physical Damage

   WE will pay for LOSS to an OWNED AUTO from any cause, except as excluded or as stated otherwise in the declarations.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 450 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

## Definitions

When used in this coverage part:

A. "AUTO" means:

1. a land motor vehicle, trailer or semi-trailer, designed for travel on public roads and includes its permanently attached equipment;
2. any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

   "AUTO" does not include MOBILE EQUIPMENT, unless described in the declarations.

B. "COLLISION" means:

1. impact of the OWNED AUTO with another object (other than a bird or animal) or with a vehicle to which it is attached, or
2. upset of the OWNED AUTO.

C. "COMPREHENSIVE" means any cause of LOSS other than COLLISION.

D. "CONTRACT DRIVER" means any person or organization using an AUTO covered by this coverage part within the scope of YOUR permission while under contract to YOU to drive that AUTO to a location YOU specify.

E. "COVERED POLLUTION DAMAGES":

1. means any cost or expense not otherwise excluded arising out of:

   a. any request, demand, order or statutory or regulatory requirement that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of POLLUTANTS; or
   b. any claim or SUIT by or on behalf of a governmental authority for DAMAGES because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of POLLUTANTS; and

2. occur away from premises owned, rented, leased or operated by YOU, arising from:

   a. POLLUTANTS while being transported on an AUTO by YOU;
   b. fuel or lubricants, fluids, exhaust gases or other similar POLLUTANTS needed for or resulting from the normal electrical, hydraulic or mechanical functioning of the covered AUTO or its parts, if the POLLUTANTS escape, seep, migrate, are discharged, dispersed or released directly from an AUTO part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS;
   c. POLLUTANTS, not in or upon a covered AUTO, that are upset, overturned or damaged as a result of the maintenance or use of a covered AUTO and the discharge, dispersal, seepage, migration, release or escape of the POLLUTANTS is the direct result of such upset, overturn or damage.

F. "DAMAGES" means:

1. amounts awardable by a court of law (including punitive damages where insurable by law);
2. with respect to liability assumed in an INSURED CONTRACT, DAMAGES also means reasonable attorney fees and necessary litigation expense incurred by or for a party other than the INSURED. WE will pay such DAMAGES, provided that:

   a. the following has been assumed in the same INSURED CONTRACT:

      (1) liability to such party for that party's defense; or
      (2) liability for the cost of that party's defense; and

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 451 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

      b.   such attorney fees and litigation expenses are for the defense of that party against a civil or alternative dispute resolution proceeding in which DAMAGES to which this insurance applies are alleged.

    3.   DAMAGES does not mean:

      a.   civil penalties, fines or assessments;
      b.   other statutory awards in excess of compensation, except where insurable by law;
      c.   equitable remedies.

G.   "GOVERNMENT CONFISCATION" means seizure of an AUTO owned or acquired by YOU, by a duly constituted governmental or civil authority, for an alleged violation of laws governing the use, sale or distribution of controlled substances, including those laws governing the reporting of monies from such activities.

H.   "HAULAWAY" means a conveyance designed solely for use in transporting four or more four-wheeled motor vehicles.

I.   "INJURY" means:

    1.   bodily injury, sickness, disease, or disability (including death resulting from any of these);
    2.   damage to or loss of use of tangible property.

J.   "INSURED CONTRACT" means any of the following, if such contract or agreement is executed prior to the OCCURRENCE:

    1.   a lease of premises, elevator maintenance agreement or railroad sidetrack agreement;
    2.   a license agreement in connection with vehicle or pedestrian private crossings at grade, or any easement agreement except in connection with construction or demolition operations within 50 feet of a railroad;
    3.   an obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
    4.   that part of any contract or agreement by YOU, YOUR partners, executive officers, stockholders, directors, or employees pertaining to the LEASE or rental of AUTOS to them for use in YOUR business. This does not apply to damage to such AUTO;
    5.   that part of any other contract or agreement pertaining to YOUR business (including indemnification of a municipality in connection with work performed for a municipality) under which YOU assume the tort liability of another.

K.   "LEASE" means a written agreement for a term of 180 days or more wherein YOU are named as the lessee.

L.   "LOSS" means direct and accidental physical loss or damage, occurring during the coverage part period.

M.   "MOBILE EQUIPMENT" means vehicles designed for use principally off public roads, those not required to be licensed, and AUTOS used solely on YOUR premises. It includes, but is not limited to, bulldozers, power shovels, rollers, graders, scrapers, and any other road construction repair equipment, farm machinery, cranes, forklifts, pumps, generators, air compressors, drills, street sweepers, diggers, or vehicles used to provide mobility for any of these when permanently attached to the equipment.

However, MOBILE EQUIPMENT does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered AUTOS.

N.   "OCCUPYING" means being in, on, entering into, getting out or off of.

O. "OCCURRENCE" means an accident, including continuous or repeated exposure to conditions, which results in INJURY or COVERED POLLUTION DAMAGES during the coverage part period neither intended nor expected by a reasonably prudent person.

All INJURY or COVERED POLLUTION DAMAGES arising out of substantially the same general conditions or cause will be considered as arising out of one OCCURRENCE.

P. "OWNED AUTO" means an AUTO YOU own or LEASE and is scheduled in the declarations, and any AUTO YOU purchase or LEASE as its replacement during the Coverage Part period. It also means any trailer designed for use with the type of AUTOS scheduled in the declarations. If WE insure all AUTOS YOU own or LEASE, additional AUTOS will be covered the day YOU purchase or LEASE them, if YOU notify US within the next 60 days.

If coverage for "HIRED AND NONOWNED AUTOS" is shown in the declarations, OWNED AUTO also means an AUTO not owned by YOU, YOUR partner, executive officer, agent or employee when used in YOUR business. AUTOS owned by YOUR partners, executive officers, agents or employees are OWNED AUTOS while used in YOUR business on an occasional or incidental basis within the scope of YOUR permission. OWNED AUTO does not mean an AUTO owned by YOUR partners, executive officers, agents or employees that is used on a regular or daily basis to conduct YOUR business.

Q. "POLLUTANTS" means any solid, liquid, gaseous, or thermal irritant or contaminant including, but not limited to, smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. "Waste" includes, but is not limited to, materials to be recycled, reconditioned, or reclaimed.

R. "SILICA" means:

1. any form of crystalline or non-crystalline (amorphous) silica, silica particles, silica compounds, silica dust or silica mixed or combined with dust or other particles; or
2. synthetic silica, including precipitated silica, silica gel, pyrogenic or fumed silica or silica flour.

S. "SUIT" means a civil action for DAMAGES, including arbitration or mediation to which the INSURED must submit or submits with OUR consent. A class action is one SUIT. SUIT does not mean administrative actions or equitable actions.

T. "TEMPORARY SUBSTITUTE AUTO" means an AUTO not owned or LEASED by YOU, YOUR partners, officers or employees, or a member of YOUR or their household, when it is used temporarily with the owner's permission to replace an OWNED AUTO which is out of service due to its repair, servicing, loss or destruction.

## Who Is An Insured

A. With respect to INJURY and COVERED POLLUTION DAMAGES:

1. YOU, including YOUR spouse if a resident of the same household.
2. YOUR partners and their spouses, executive officers or employees. If they are using a TEMPORARY SUBSTITUTE AUTO, it must be used in YOUR business.
3. any CONTRACT DRIVER.
4. any other person or organization required by law to be an INSURED while using an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO within the scope of YOUR permission, unless it is being loaded or unloaded. Only YOUR employee, a borrower, or a borrower's employee is an INSURED for loading and unloading.
5. anyone else, but only as a result of their liability because of what an INSURED in Parts A.1. through A.4. above does or fails to do.

B. With respect to Medical Payments:

1. YOU, including YOUR spouse if a resident of the same household.

2. YOUR partners and their spouses, executive officers or employees. If they are using a TEMPORARY SUBSTITUTE AUTO, it must be used in YOUR business.
3. any CONTRACT DRIVER.
4. any other person or organization required by law to be an INSURED while using an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO within the scope of YOUR permission, unless it is being loaded or unloaded. Only YOUR employee, a borrower, or a borrower's employee is an INSURED for loading and unloading.

C. With respect to Physical Damage, only YOU.

## *Who Is Not An Insured*

None of the following is an INSURED:

A. The owner, lessor or rentor of an AUTO not owned by YOU. This does not apply if they are named in the declarations as applicable to this coverage part.

B. Any person engaged in the business of selling, repairing, servicing, storing or parking of AUTOS (including road testing and delivery) unless the person is YOU, a resident of YOUR household, or YOUR partner, executive officer, agent, or employee or a resident of the household of any of them.

## *Exclusions*

This insurance does not apply to:

A. Dishonest Acts

an OCCURRENCE, SUIT or claim arising out of any dishonest, fraudulent or criminal acts committed by any INSURED.

B. Intent to Cause Harm

any act committed by or at the direction of the INSURED with intent to cause harm. This exclusion does not apply if INJURY arises solely from the intentional use of reasonable force for the purpose of protecting persons or property.

C. Injury to Employees

1. INJURY to any:

   a. current employee of the INSURED arising out of and in the course of their employment by or on behalf of the INSURED;
   b. former employee of the INSURED arising out of their previous employment by or on behalf of the INSURED;

   for which:

   (1) the INSURED may be held liable as an employer or in any other capacity;
   (2) the INSURED may have an obligation to indemnify or contribute with another because of such INJURY;
   (3) INJURY is sustained by any relative of the employee as a consequence of the INJURY to such employee.

2. This exclusion does not apply:

   a. under Part (1), to "domestic employees" not entitled to workers compensation benefits. For the purposes of this coverage part, "domestic employee" means a person engaged in household or domestic work performed principally in connection with a residence premises;

b. to any of YOUR employees with respect to any claim made or SUIT filed against them by another of YOUR employees because of an OCCURRENCE arising out of and in the course of their employment by YOU;

c. to an INSURED CONTRACT.

D. Workers Compensation and Similar Laws

any obligation for which the INSURED or the INSURED'S insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.

E. Contractual Liability

any obligation assumed by any INSURED under a contract or agreement. This does not apply to an INSURED CONTRACT (to the same extent the INSURED has coverage).

No person or organization demanding performance of an INSURED CONTRACT has rights under this policy.

F. Pollution

INJURY arising out of the actual, alleged, or threatened discharge, dispersal, release, migration, seepage, or escape of POLLUTANTS that are or that are contained in any property that is:

1. being moved from the place where such property or POLLUTANTS are accepted by the INSURED for movement into or onto the covered AUTO;
2. being moved from the covered AUTO to the place where such property or POLLUTANTS are finally delivered, disposed of or abandoned by the INSURED;
3. being transported or towed by the covered AUTO;
4. otherwise in the course of transit;
5. being stored, disposed of, treated or processed in or upon the covered AUTO.

Parts F.1., 2., and 3. apply only to POLLUTANTS or POLLUTANTS contained in property being transported, towed by, handled for movement into, onto or from an AUTO by others for YOU.

Part F.5. does not apply to fuels, lubricants, fluids, exhaust gases or other similar POLLUTANTS that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered AUTO or its parts, if the POLLUTANTS escape or are discharged, dispersed or released directly from an AUTO part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS.

Exclusion F. does not apply to INJURY caused by heat, smoke or fumes from a hostile fire. A "hostile fire" means a fire that becomes uncontrollable or breaks out from where it was intended to be.

G. Certain Autos

INJURY, COVERED POLLUTION DAMAGES or LOSS arising out of, or in connection with, the ownership, maintenance, use, operation, loading, unloading or entrustment to others of any AUTO:

1. that is a HAULAWAY;
2. while operated in, or in practice or preparation for, any prearranged or organized race, rally, speed, demolition or competitive contest or stunting activity;
3. while leased or rented by YOU to others;
4. while being used as a taxi cab, bus, public livery vehicle, emergency ambulance, long haul public freight carrier, or for carrying property for a charge;
5. while being used to transport explosives, gasoline, liquefied petroleum gas, or other volatile petroleum products.

Part G.2. of this exclusion does not apply to participation in a prearranged or organized rally, except when INJURY or COVERED POLLUTION DAMAGES arise from a competitive timed event at such rally.

This exclusion applies even if:

a. the INJURY or COVERED POLLUTION DAMAGES involves the entrustment to others of any AUTO described in Exclusion G. that is owned by, operated by, rented to, or loaned to an INSURED; and

b. the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

H. Care, Custody or Control

INJURY or COVERED POLLUTION DAMAGES to:

1. personal property, including AUTOS, owned by, rented or leased to, used by, transported by, or otherwise in the care, custody, or control of the INSURED. This does not apply, with respect to INJURY, to liability assumed by YOU under a written railroad sidetrack agreement, with respect to property used by YOU or in YOUR care, custody, or control;

2. real property owned by, rented or leased to, used by or in the care, custody, or control of the INSURED, except, with respect to INJURY:

a. to real property not owned by YOU caused by an AUTO operated by an INSURED;

b. to liability assumed by YOU under a written sidetrack agreement, with respect to property used by YOU or in YOUR care, custody, or control.

I. Medical Payments - Autos Not Insured by This Coverage Part

under Medical Payments, INJURY sustained while OCCUPYING or if struck by any AUTO

1. YOU own or is furnished or available for YOUR regular use. Part I.1. does not apply to an OWNED AUTO or a TEMPORARY SUBSTITUTE AUTO;

2. owned by or furnished or available for use of any INSURED. Part I.2. does not apply to YOU.

J. Maintenance, Freezing, Breakdown or Failure

LOSS due and confined to wear, tear, freezing, mechanical or electrical breakdown or failure.

K. Equipment Not Permanently Installed

To any two-way mobile radio or telephone, citizen's band radio, radar detector, scanning monitor or device for recording or reproducing sound or pictures, all including its accessories and antennas. This does not apply to:

1. tape decks, compact disk players, video cassette recorders, digital video disk players, video cameras, other sound reproducing equipment, or a device for viewing visual images, when any of the above are permanently installed in, and antennas permanently attached to, the COVERED AUTO;

2. two-way mobile radio or telephone, citizen's band radio or scanning monitor permanently installed in the opening or place normally used by the manufacturer for the installation of such equipment.

L. Confiscation

LOSS due to confiscation by duly constituted governmental or civil authority. This exclusion does not apply to GOVERNMENT CONFISCATION.

M. Unscheduled Camper Bodies

LOSS to a camper body designed to be mounted upon an AUTO and equipped as sleeping or living quarters. This exclusion does not apply if it is scheduled in the declarations.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

N.  Radioactivity, Nuclear and War Hazards

an OCCURRENCE, SUIT, claim or LOSS arising out of radioactive contamination or the explosion or malfunction of a nuclear weapon, device or facility, WAR or their consequences.

O.  Depreciation or Diminished Value

under COMPREHENSIVE or COLLISION, LOSS resulting from depreciation or diminished value.

P.  Asbestos

an OCCURRENCE, SUIT or claim arising out of, or in any way related to:

1.  the actual or alleged presence, dispersal or threatened dispersal of asbestos, asbestos fibers or products, or compounds containing asbestos, or any hazardous properties of asbestos;
2.  any demand, requirement, order, direction, determination or request that YOU or any other entity test for, investigate, monitor, clean up, remove, study, contain, treat, encapsulate, control or take any other action regarding asbestos.

This includes, but is not limited to:

a.  any supervision, instructions recommendation, warning or advice given, or which should have been given, in connection with the above;
b.  DAMAGES, or legal obligations to reimburse another party for DAMAGES, resulting from any OCCURRENCE, SUIT or claim.

Q.  Silica

1.  INJURY or COVERED POLLUTION DAMAGES arising from the actual, alleged or threatened inhalation, ingestion, absorption, existence or presence of silica or silica mixed dust, regardless of whether INJURY or COVERED POLLUTION DAMAGES are caused directly or indirectly by any of the above;
2.  DAMAGES, costs or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediation or disposing of, or in any manner responding to or assessing the effects of, silica by an insured or by any other person or entity.

## *The Most We Will Pay*

A.  Injury and Covered Pollution Damages

1.  Regardless of the number of INSUREDS or AUTOS insured or premiums charged by this coverage part, persons or organizations who sustain INJURY or COVERED POLLUTION DAMAGES, claims made or SUITS brought, the most WE will pay is the applicable limit shown in the declarations for any one OCCURRENCE.

However, with respect to parts A.3. and A.4. of the Who Is An Insured condition for:

a.  any CONTRACT DRIVER; or
b.  any other person or organization required by law to be an INSURED while using an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO within the scope of YOUR permission,

the most WE will pay is that portion of such limits required to comply with the minimum limits provision law in the jurisdiction where the OCCURRENCE took place. When there is other insurance applicable, WE will pay only the amount required to comply with such minimum limits after such other insurance has been exhausted.

PAGE 830-8     Copyright © 2007 Universal Underwriters Insurance Company     Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.     Edition 1-2007

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 457 of 634

Page 457 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

2. With respect to an obligation assumed under an INSURED CONTRACT, the most WE will pay is the lesser of:

   a. YOUR obligation under such contract; or
   b. the limit shown in the declarations.

3. With respect to a plaintiff's litigation costs, fees and expenses that are awarded as part of a judgment or arbitration ruling made against OUR INSURED for a covered claim, the most WE will pay for such costs, fees and expenses is the amount of the limit remaining after DAMAGES have been paid.

B. Medical Payments

The most WE will pay is the applicable limit shown in the declarations. Any payment made under this agreement will be reduced by the amount paid or payable for the same expenses under any other insurance afforded by this policy.

No payment will be made under this agreement unless the injured person (or their legal representatives) agrees in writing that any payment made will be applied toward any settlement or judgment that person receives for the same expenses under any other AUTO Liability or Uninsured Motorists Coverage provided by this policy.

C. Physical Damage

The most WE will pay for any one LOSS to an OWNED AUTO is the least of the following, all after deduction for reasonable depreciation:

1. the actual cash value of the OWNED AUTO;
2. the amount necessary to replace the OWNED AUTO with like kind and quality;
3. the actual cost for parts, materials and labor necessary to repair the OWNED AUTO;
4. the amount stated in the declarations for this coverage part.

Before payment of LOSS, WE may take all or any part of the salvage at the agreed or appraised value. There will be no abandonment to US.

## *Deductibles*

A. Injury and Covered Pollution Damages.

1. With respect to INJURY and COVERED POLLUTION DAMAGES, OUR obligation to pay for DAMAGES caused in any one OCCURRENCE is limited to those amounts in excess of the INJURY deductible shown in the declarations. The limit shown in the declarations for each OCCURRENCE will apply in excess of the INJURY deductible.
2. This deductible does not apply to Broad Form Drive Other Autos coverage as provided by Endorsement 056.
3. To settle any claim or SUIT, WE will pay all of the applicable INJURY deductible. After we have settled the claim or SUIT, YOU must promptly reimburse US for the INJURY deductible WE paid.
4. Recovery amounts, including salvage, subrogation and other insurance will accrue to OUR benefit where permitted by law. WE will pay YOU any recovery amounts in excess of the amount WE have paid after application of YOUR deductible, less recovery expenses.

B. Physical Damage

1. From the amount of LOSS, as determined under Part C. of The Most We Will Pay, WE will subtract a reasonable amount for depreciation as well as the applicable deductible shown in the declarations. One deductible applies to each LOSS event unless stated otherwise in this coverage part or in the declarations.

2. WE will apply only one deductible when two or more of YOUR OWNED AUTOS insured by this coverage part are involved in the same LOSS due to COLLISION. That will be the highest deductible shown in the declarations.

## *We Will Also Pay*

A. In addition to OUR limits for INJURY and COVERED POLLUTION DAMAGES, WE will also pay:

1. all costs and expenses in defending an INSURED.
2. interest on that part of the judgment covered by this coverage part within OUR limits, that accrues after entry of any judgment in any SUIT WE defend, but only until WE have paid, offered to pay or deposited in court that part of the judgment that is within OUR limit.
3. premiums on appeal bonds or bonds to release property used to secure YOUR legal obligations, in a SUIT WE defend, but only for bond amounts within OUR limit. Also, up to $2,000 for the cost of bail bonds required because of an OCCURRENCE, including related traffic law violations. WE do not have to furnish or secure these bonds.
4. expenses YOU incur for first aid to anyone injured in an OCCURRENCE covered by this coverage part.
5. up to $500 a day for loss of earnings (but not other income) because of attendance at hearings or trials at OUR request.
6. other reasonable expenses incurred at OUR request.

B. Under COMPREHENSIVE or COLLISION, in addition to payment in THE MOST WE WILL PAY provision, WE will also pay:

1. up to $20 a day, but not for more than $600, unless stated otherwise in the declarations, for incurred loss of use of an OWNED AUTO.

   This extension applies only if the OWNED AUTO is covered for the peril that caused the LOSS.

2. all ordinary and necessary expenses to return a stolen OWNED AUTO to YOU.

## *How We Will Pay*

At OUR option:

A. Under Medical Payments, WE may pay the injured person or the person or organization rendering the service. Such payment does not mean WE admit any liability on any INSURED'S part.

B. Under Physical Damage:

1. WE will pay for, repair, or replace the damaged or stolen OWNED AUTO.
2. If this policy provides COMPREHENSIVE coverage for the damaged OWNED AUTO, WE will pay for glass breakage under COMPREHENSIVE coverage. However, when glass breakage is caused by COLLISION, YOU may elect payment for the glass breakage LOSS to be made under COLLISION Coverage.

C. Loss Payable Provisions

1. WE will pay any covered LOSS both to YOU and the Security Interest shown in the declarations as interests may appear. Their interest is protected, to the extent that this insurance applies, unless LOSS results from YOUR wrongful conversion, embezzlement or secretion.
2. WE may cancel the policy as allowed in the CANCELLATION provisions. Cancellation ends this agreement as to the interest of the Security Interest.
3. If WE make any such payment to the Security Interest, WE obtain their rights against any other party.

## *Separation of Insureds*

Except with respect to the limit of liability, and any rights or duties specifically assigned in this policy to Named Insured 01, this insurance applies:

A.  as if each INSURED were the only INSURED; and

B.  separately to each INSURED against whom claim is made or SUIT is brought.

## *Conditions*

A.  Insured's Duties After Injury, Covered Pollution Damages, Occurrence, Loss, Claim or Suit

WE have no duty to provide coverage under this policy unless there has been full compliance with the following duties. If there is an OCCURRENCE, an INSURED is sued or a claim is made against them, or YOU sustain a LOSS:

1.  YOU must report this to US as soon as possible. Give US all the details YOU can, including when, where and how it happened, the names and addresses of persons involved, injured, and any witnesses;
2.  under INJURY and COVERED POLLUTION DAMAGES, each INSURED must promptly send US all documents if they are sued or a claim is made against them. If a dispute arises as to whether the INSURED mailed or WE received, a claim or SUIT, only a certified mailing receipt will be proof of mailing;
3.  under Medical Payments, any injured person must submit a written proof of claim (under oath and signed if WE require) and execute any documents to have medical reports and records released to US;
4.  under Physical Damage, YOU must:

    a.  protect the OWNED AUTO, whether or not this insurance applies. Any further LOSS due to YOUR failure to do so will not be covered by this policy. WE will pay all reasonable expenses YOU incur for such protection;
    b.  if the OWNED AUTO is stolen, notify the police;
    c.  permit US to inspect the damaged OWNED AUTO prior to its repair or replacement, and submit a sworn proof of LOSS within 60 days; and
    d.  agree to examination under oath at OUR request, while not in the presence of any other INSURED and at such times as may be reasonably required about any matter relating to this insurance or the LOSS;

5.  each INSURED must cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification. The INSURED may not, except at their expense, make any offer or payment, assume any obligation or incur any expense unless otherwise permitted in this coverage part;
6.  each INSURED has an obligation to notify any person or organization, including any other insurance company, which may also be liable to the INSURED for an OCCURRENCE, SUIT or claim; and
7.  YOU must not incur any expense, including pre-notice or pre-tender expense, unless permitted by US.

B.  Damaged Owned Auto

When an OWNED AUTO is damaged, whether or not such damage is covered by this Coverage Part, OUR liability is reduced by the amount of such damage until repairs have been completed.

C.  No Benefit to Bailee

This insurance will not benefit, directly or indirectly, any carrier or bailee.

Case 2:26-cv-04162-WJE   Document 1-2   Filed 07/10/26   Page 460 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

D. Out of State Extension

While an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO insured by this coverage part is away from the state where it is licensed and registered, WE will:

1. increase this coverage part limits to meet those specified by any compulsory or financial responsibility law in the jurisdiction where the AUTO is being used;
2. provide the minimum amounts and types of other coverages, such as "No Fault", required of out-of-state AUTOS by the jurisdiction where the AUTO is being used.

WE will not pay anyone more than once for the same elements of INJURY because of these extensions.

E. Other Insurance

1. The insurance afforded by this coverage part is primary, except it is excess:

    a. for INJURY, COVERED POLLUTION DAMAGES, COMPREHENSIVE and COLLISION, while the OWNED AUTO is in the care, custody, or control of any person or organization other than YOU, YOUR partner, executive officer, employee or a member of their or YOUR household.
    b. for INJURY, COVERED POLLUTION DAMAGES, Medical Payments, COMPREHENSIVE and COLLISION over any collectible AUTO insurance provided on a TEMPORARY SUBSTITUTE AUTO.
    c. for INJURY, COVERED POLLUTION DAMAGES and Medical Payments, when YOU are included as an additional insured under other primary insurance providing the same coverage.

2. When the coverage provided by this coverage part and any other policy covers on the same basis, either excess or primary, WE will pay only OUR share. OUR share is the proportion that the applicable limit shown in the declarations for this coverage part bears to the total of the limits of all the policies covering on the same basis.
3. WE have no duty to defend any INJURY, COVERED POLLUTION DAMAGES, OCCURRENCE, SUIT, or claim that any other insurer has a duty to defend.

    However, when the other insurer's duty to defend applies on the same basis as OUR duty to defend, WE shall not be liable for more than OUR equal share of the total defense cost.

    If the other insurer fails to uphold its duty to defend, WE will undertake to do so, but WE will be entitled to the INSURED'S rights against the other insurer.

F. Policy Territory

This coverage part covers:

1. anywhere in the United States of America, its territories, or possessions, or Canada.
2. under INJURY, COVERED POLLUTION DAMAGES and Medical Payments, in international waters or air space, if the LOSS or INJURY occurs in the course of travel or transportation between countries, states, or nations included in F.1. above.
3. under COMPREHENSIVE and COLLISION, while being transported between ports of F.1. above.

G. Subrogation

The SUBROGATION condition in the GENERAL CONDITIONS does not apply to Medical Payments.

PAGE 830-12      Copyright © 2007 Universal Underwriters Insurance Company      Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.      Edition 1-2007

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 461 of 634

Page 461 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# PERSONAL UMBRELLA
## COVERAGE PART 970

This coverage part and the specific coverages that comprise this coverage part apply only when they are shown in the declarations. In Item 2 of the declarations, each named insured, other insured, security interest and location is given a corresponding letter or number designation. Insurance provided by this coverage part will not apply to any named insured, other insured, security interest or location unless its corresponding letter or number appears next to a specific coverage in Item 3 of the declarations.

The General Conditions apply except as amended or replaced in this coverage part.

## *Insuring Agreement*

A.  Injury

WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies, caused by an OCCURRENCE.

B.  Covered Pollution Damages

WE will pay those sums the INSURED must pay as COVERED POLLUTION DAMAGES to which this insurance applies, caused by an OCCURRENCE.

C.  This insurance is subject to the terms and conditions of this coverage part, in excess of:

1.  coverage provided in any UNDERLYING INSURANCE;

With respect to coverage provided in excess of UNDERLYING INSURANCE, the terms and conditions of UNDERLYING INSURANCE are made a part of this coverage part, except for:

a.  any contrary provision contained in this coverage part; or
b.  any provision in this coverage part for which a similar provision is not contained in UNDERLYING INSURANCE.

With respect to the exceptions stated above, the provisions of this coverage part will apply.

2.  amounts payable by all OTHER INSURANCE provided to an INSURED; or
3.  the RETENTION amount shown in the declarations, when Parts C.1. and C.2. are not applicable.

D.  The amount we will pay for DAMAGES is limited as described in The Most We Will Pay and We Will Also Pay conditions.

E.  Defense Obligations and Rights

1.  WE have the right and duty to defend any SUIT asking for DAMAGES or COVERED POLLUTION DAMAGES not covered by UNDERLYING INSURANCE or OTHER INSURANCE. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.
2.  WE also have the right to defend any SUIT for DAMAGES or COVERED POLLUTION DAMAGES covered by OTHER INSURANCE.
3.  WE will not pay DAMAGES, COVERED POLLUTION DAMAGES or defense costs for any claim or SUIT that is not covered by this coverage part.
4.  If WE defend an INSURED under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses and costs paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.
5.  If there is UNDERLYING INSURANCE or OTHER INSURANCE available to the INSURED, WE will not assume charge of defense or settlement of any claims made or SUITS brought against

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

the INSURED. After the UNDERLYING INSURANCE or OTHER INSURANCE has been exhausted, by payment (or written agreement to pay) and all duties to defend have been extinguished, WE will assume charge of further defense or settlement.

6. WE have the right to associate with the INSURED in defense and control of any claim or SUIT likely to include US.

F. This insurance applies only if:

1. with respect to COVERED POLLUTION DAMAGES, and INJURY Groups 1 and 2:

   a. such COVERED POLLUTION DAMAGES or INJURY is caused by an OCCURRENCE that takes place within the Policy Territory*;* and
   b. such COVERED POLLUTION DAMAGES or INJURY occurs during the coverage part period.

2. with respect to INJURY Groups 3 and 4, the act or offense which results in such INJURY was committed within the Policy Territory during the coverage part period.

   However, with respect to INJURY Group 4, when INJURY arises out of a series of related and continuous acts or offenses, this insurance applies only if the last injurious act or offense was committed within the Policy Territory during this coverage part period.

## *Definitions*

When used in the coverage part:

A. "AUTO" means a land motor vehicle, trailer or semi-trailer, including farm tractors and farm implements.

B. "COVERED POLLUTION DAMAGES":

1. means any cost or expense not otherwise excluded arising out of:

   a. any request, demand, order or statutory or regulatory requirement that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of POLLUTANTS; or
   b. any claim or SUIT by or on behalf of a governmental authority for DAMAGES because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of POLLUTANTS; and

2. occur away from premises owned, rented, leased or operated by YOU, arising from:

   a. fuel or lubricants, fluids, exhaust gases or other similar POLLUTANTS needed for or resulting from the normal electrical, hydraulic or mechanical functioning of the covered AUTO or its parts, if the POLLUTANTS escape, seep, migrate, or are discharged, dispersed or released directly from an AUTO part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS;
   b. POLLUTANTS, not in or upon a covered AUTO, that are upset, overturned or damaged as a result of the maintenance or use of a covered AUTO and the discharge, dispersal, seepage, migration, release or escape of the POLLUTANTS is the direct result of such upset, overturn or damage.

C. "DAMAGES" means:

1. amounts awardable by a court of law (including punitive damages where insurable by law, but only if covered by the UNDERLYING INSURANCE));
2. with respect to INJURY Group 4, DAMAGES also means amounts awardable by administrative agencies, back pay awards, front pay awards and compensatory damages.

3. DAMAGES does not mean:

    a. civil penalties, fines or assessments;
    b. other statutory awards in excess of compensation, except where insurable by law;
    c. equitable remedies, except those equitable remedies listed under Part C.2. above;
    d. with respect to INJURY Group 4:

        (1) severance pay or DAMAGES under an express or implied contract of employment; or
        (2) an express or implied obligation to make payments in the event of the termination of employment.

D. "DISCRIMINATION" means violation of a person's civil rights with respect to such person's race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition or any other similar characteristic of a protected class established by any statute, law, rule or regulation. This includes reverse DISCRIMINATION and HARASSMENT. As used in this definition, "person" includes YOUR employees, customers, clients, independent contractors, volunteers and any other persons with whom YOU have a business relationship. DISCRIMINATION also includes mental anguish, mental injury, fright, shock or humiliation resulting from such violation.

E. "HARASSMENT" means any unwelcome remarks, behaviors or communications that are of a sexual nature or that are based on race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition or any other similar characteristic. This includes actions that cause offense or humiliation to any person or group of persons and are made a condition of employment or any other business relationship.

F. "INJURY" means, with respect to:

1. Group 1

    a. bodily injury, sickness, disease, or disability (including death resulting from any of these);
    b. damage to or loss of use of tangible property;

2. Group 2

    mental anguish, mental injury, fright, shock, or humiliation, except when arising from DISCRIMINATION;

3. Group 3

    a. false arrest or imprisonment;
    b. malicious prosecution;
    c. abuse of process;
    d. wrongful detention;
    e. wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    f. disparagement of goods or services;
    g. libel or slander;
    h. defamation of character;
    i. private nuisance (except pollution);
    j. common law claims for invasion of the right of privacy.

3. Group 4

    a. DISCRIMINATION;
    b. WRONGFUL EMPLOYMENT PRACTICES.

Unicover VI                Copyright © 2007 Universal Underwriters Insurance Company            PAGE 970-3
Edition 1-2007            Includes copyrighted material of Insurance Services Office, Inc. with its permission.

G. "OCCURRENCE" means:

1. with respect to COVERED POLLUTION DAMAGES and INJURY Groups 1 and 2, an accident, including continuous or repeated exposure to conditions, which results in such INJURY or COVERED POLLUTION DAMAGES neither intended nor expected from the standpoint of a reasonably prudent person.
2. with respect to INJURY Groups 3 and 4, acts or offenses of the INSURED which result in such INJURY.
3. with respect INJURY Group 4, when INJURY arises out of a series of related and continuous acts or offenses, the last injurious act or offense committed in the last coverage part period insured by US.

All INJURY or COVERED POLLUTION DAMAGES arising out of substantially the same general conditions or cause will be considered as arising out of one OCCURRENCE.

H. "OTHER INSURANCE" means a policy of insurance providing coverage that this coverage part also provides.

OTHER INSURANCE does not include UNDERLYING INSURANCE or a policy of insurance specifically purchased to be excess of this coverage part providing coverage that this coverage part also provides.

I. "POLLUTANTS" means any solid, liquid, gaseous, or thermal irritant or contaminant including, but not limited to, smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. "Waste" includes, but is not limited to, materials to be recycled, reconditioned, or reclaimed.

J. "RETALIATION" means adverse employment actions against employees for exercising or attempting to exercise their rights under law, where RETALIATION is insurable by law.

K. "RETENTION" means the amount specified in the declarations that YOU must pay for damages arising out of any one OCCURRENCE covered by this insurance but not covered by UNDERLYING INSURANCE or OTHER INSURANCE.

L. "SILICA" means:

1. any form of crystalline or non-crystalline (amorphous) silica, silica particles, silica compounds, silica dust or silica mixed or combined with dust or other particles; or
2. synthetic silica, including precipitated silica, silica gel, pyrogenic or fumed silica or silica flour.

M. "SUIT" means a civil action for DAMAGES, including arbitration or mediation to which the INSURED must submit or submits with OUR consent. A class action is one SUIT. SUIT does not mean an attorney general action. Except for INJURY Group 4, SUIT does not mean administrative actions or equitable actions.

N. "UNDERLYING INSURANCE" means the coverage and limits of liability afforded to YOU by the underlying policies of insurance scheduled in the declarations for this coverage part.

O. "WRONGFUL EMPLOYMENT PRACTICES" means any of the following occurring in the course of, or arising out of, a claimant's employment or application for employment with YOU:

1. the actual or alleged failure or refusal to employ or promote;
2. deprivation of a career opportunity;
3. negligent evaluation;
4. wrongful discipline;
5. reassignment or demotion;
6. wrongful denial of seniority;
7. WRONGFUL TERMINATION;
8. RETALIATION;
9. mental anguish, mental injury, fright, shock or humiliation resulting from Parts 1. through 8. above.

P.  "WRONGFUL TERMINATION" means the termination of any employment relationship in a manner which is against the law. This includes constructive termination. WRONGFUL TERMINATION does not include DAMAGES legally owed under an express or implied contract of employment or an express or implied obligation to make payments in the event of termination of employment.

## *Who Is An Insured*

With respect to this coverage part:

A.  YOU;

B.  If a resident of YOUR household:

1.  YOUR spouse;
2.  a relative or ward of YOURS;
3.  any other person under the age of 21 in the care of any of the foregoing.

## *Exclusions*

This insurance does not apply to:

A.  Dishonest Acts

an OCCURRENCE, SUIT or claim arising out of any dishonest, fraudulent or criminal act committed by any INSURED.

However, with respect to INJURY Group 4., this exclusion does not apply to YOU if such act was committed by YOUR employee (other than a partner, director, or executive officer) without YOUR direction or YOUR knowledge.

B.  Intent to Cause Harm

any act committed by or at the direction of the INSURED with intent to cause harm. This exclusion does not apply if INJURY arises solely from the intentional use of reasonable force for the purpose of protecting persons or property.

C.  Employer's Liability

1.  INJURY as defined in Groups 1, 2 and 3, to any:

    a.  current employee of the INSURED arising out of and in the course of their employment by or on behalf of the INSURED;
    b.  former employee of the INSURED arising out of their previous employment by or on behalf of the INSURED;

    for which:

    (1)  the INSURED may be held liable as an employer or in any other capacity;
    (2)  the INSURED may have an obligation to indemnify or contribute with another because of such INJURY;
    (3)  INJURY is sustained by any relative of the employee as a consequence of the INJURY to such employee.

2.  Part (1) does not apply to "domestic employees." For the purposes of this coverage part, "domestic employee" means a person engaged in household or domestic work performed principally in connection with a residence premises.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

D.  Workers Compensation and Similar Laws

any obligation for which the INSURED or the INSURED'S insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.

E.  Contractual Liability

any obligation assumed by an INSURED under a contract for INJURY which is an extension of the liability imposed upon the INSURED by statutory or common law, or INJURY to property to the extent an INSURED is under contract to provide insurance.

F.  Aircraft

an OCCURRENCE, SUIT or claim arising out of:

1.  the ownership, operation, maintenance, repair, use (including loading or unloading) or entrustment to others of any aircraft or hovercraft; or
2.  the storage, sale, or handling of aircraft, aircraft engines or aircraft parts.

This exclusion applies even if:

1.  the OCCURRENCE, SUIT or claim involves the entrustment to others of any aircraft that is owned by, operated by, rented to, or loaned to an INSURED; and
2.  the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

G.  Business Pursuits

any act of omission of the INSURED in any business, profession, or occupational pursuits, or as an officer or member of any board of directors of any corporation or other organization. This exclusion does not apply to:

1.  farm properties;
2.  the INSURED'S activities as an officer or member of any organization or corporation which is not formed for profit;
3.  property YOU rent to others when there is UNDERLYING INSURANCE for such property.

Part 2. of this exception does not apply to:

a.  any activity on behalf of the government of the United States, Canada, or their political subdivisions;
b.  any activity by a not-for-profit organization or corporation made directly or indirectly on behalf of a parent or ancillary organization or corporation that is formed for profit;
c.  any activity on behalf of an organization that provides, manages, directs or administrates health care or financial services;
d.  any activity on behalf of an organization shown in the declarations as an "Excluded Organization".

H.  Pollution

1.  INJURY arising out of the actual, alleged, or threatened discharge, dispersal, release, migration, seepage, or escape of POLLUTANTS:

a.  that are, or that are contained in any property that is:

(1)  being moved from the place where such property or POLLUTANTS are accepted by the INSURED for movement into or onto the covered AUTO;
(2)  being moved from the covered AUTO to the place where such property or POLLUTANTS are finally delivered, disposed of or abandoned by the INSURED;

(3) being transported or towed by the covered AUTO;
(4) otherwise in the course of transit;
(5) being stored, disposed of, treated or processed in or upon the covered AUTO.

b. at or from premises, site or location owned, rented or occupied by an INSURED.

Part H.1.b. does not apply to Group 1. Part a. of the definition of INJURY, if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building or equipment that is used to heat water for personal use by the building's occupants or their guests.

c. at or from any premises, site or location used by or for any INSURED or others for the handling, storage, disposal, processing or treatment of waste.
d. at or from any premises, site or location on which any INSURED or any contractors or subcontractors working directly or indirectly on an INSURED'S behalf are performing operations:

(1) to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the POLLUTANTS; or
(2) if the POLLUTANTS are brought on or to the premises, site or location in connection with such operations.

Part H.1.d.(2) above, does not apply to INJURY as defined in Group 1, Part a., when such INJURY is sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by YOU or on YOUR behalf by a contractor or subcontractor.

e. which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any INSURED or any person or organization for whom the INSURED may be legally responsible.

2. any loss, cost or expense arising out of any:

a. request, demand, order or statutory or regulatory requirement that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of POLLUTANTS; or
b. claim or SUIT by or on behalf of a governmental authority for DAMAGES because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of POLLUTANTS.

Part H.2. does not apply to COVERED POLLUTION DAMAGES, or to liability for DAMAGES because of INJURY as defined in Group 1, part b., that the INSURED would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or SUIT by or on behalf of a governmental authority.

Parts H.1.a.(5), H.1.b. through H.1.e., and H.2. do not apply to fuels, lubricants, fluids, exhaust gases or other similar POLLUTANTS that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered AUTO or its parts, if the POLLUTANTS escape or are discharged, dispersed or released directly from an AUTO part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS.

Parts H.1.a.(1) and (2), H.1.b. through H.1.e., and H.2. above do not apply to POLLUTANTS away from the premises not in or upon the covered AUTO if:

1. the POLLUTANTS or any property in which the POLLUTANTS are contained are upset overturned or damaged as a result of the maintenance or use of the covered AUTO,
2. the discharge, dispersal, release or escape of the POLLUTANTS is caused directly by such upset, overturn or damage, and
3. the INJURY is not otherwise excluded under Part H.1.a. of this exclusion.

Exclusion H. does not apply to INJURY as defined in Groups 1 and 2 caused by heat, smoke, or fumes from a "hostile fire". A "hostile fire" means a fire that becomes uncontrollable or breaks out from where it was intended to be.

I.  Certain Autos and Watercraft

INJURY OR COVERED POLLUTION DAMAGES arising out of, or in connection with, the ownership, maintenance, use, operation, loading, unloading or entrustment to others of any:

1.  AUTO:

    a.  while rented or leased to others by an INSURED;
    b.  while operated in, or in preparation for any prearranged or organized race, rally, speed, demolition or competitive contest, or stunting activity, or obstacle course;
    c.  while being used as a taxicab, bus, public livery vehicle, emergency ambulance, long haul public freight carrier, or carrying property for a charge;
    d.  while being used to transport explosives, gasoline, liquefied petroleum gas, or other volatile petroleum products;
    e.  not covered by UNDERLYING INSURANCE.

2.  watercraft:

    a.  over 35 feet in length;
    b.  while rented or leased to others by an INSURED;
    c.  while operated in, or in preparation for any prearranged or organized race, rally, speed, demolition or competitive contest, or stunting activity, or obstacle course;
    d.  while being used as a public livery vehicle, emergency ambulance, or carrying property for a charge;
    e.  while being used to transport explosives, gasoline, liquefied petroleum gas, or other volatile petroleum products;
    f.  not covered by UNDERLYING INSURANCE.

Parts I.1.b. and I.2.c. do not apply to participation in a prearranged or organized rally, except when INJURY or COVERED POLLUTION DAMAGES arise from a competitive timed event at such rally.

This exclusion applies even if:

1.  the INJURY or COVERED POLLUTION DAMAGES involves the entrustment to others of any AUTO or watercraft described in Exclusion I. that is owned by, operated by, rented to, or loaned to an INSURED; and
2.  the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

J.  Care, Custody or Control

INJURY or COVERED POLLUTION DAMAGES to:

1.  property owned by an INSURED;
2.  watercraft rented to, used by, or in the care, custody, or control of an INSURED.

K.  Personal Injury

INJURY as defined in Group 3, if the first injurious offense was committed, or alleged to have been committed, prior to the coverage part period.

L.  Radioactivity, Nuclear and War Hazards

an OCCURRENCE, SUIT or claim arising out of radioactive contamination or the explosion or malfunction of a nuclear weapon, device or facility, WAR or their consequences.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 469 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

M. Asbestos

an OCCURRENCE, SUIT or claim arising out of, or in any way related to:

1. the actual or alleged presence, dispersal or threatened dispersal of asbestos, asbestos fibers or products, or compounds containing asbestos, or any hazardous properties of asbestos;
2. any demand, requirement, order, direction, determination or request that YOU or any other entity test for, investigate, monitor, clean up, remove, study, contain, treat, encapsulate, control or take any other action regarding asbestos.

This includes, but is not limited to:

a. any supervision, instruction, recommendation, warning or advice given, or which should have been given, in connection with the above;
b. DAMAGES, or legal obligations to reimburse another party for DAMAGES, resulting from any OCCURRENCE, SUIT or claim.

N. Violation of Communication or Information Law

INJURY arising directly or indirectly out of an actual or alleged violation of:

1. the Telephone Consumer Protection Act including any amendment of or addition to such law;
2. Controlling the Assault of Non-Solicited Pornography and Marketing Act including any amendment of or addition to such law; or
3. any other federal, state or local statute, regulation or ordinance other than Part N.1. or N.2. above that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

O. Discrimination

INJURY as defined in Group 4, based upon, arising out of, or related to:

1. corporate reorganizations, lay-offs, closings or downsizing actions;
2. a lockout, strike, picket line, replacement or other similar action resulting from labor disputes or labor negotiations.

P. Public Policy

an OCCURRENCE, SUIT or claim for harm to plaintiff for which the courts or legislature have determined, for public policy reasons, that an INSURED cannot be indemnified.

Q. Silica

1. INJURY or COVERED POLLUTION DAMAGES arising from the actual, alleged or threatened inhalation, ingestion, absorption, existence or presence of SILICA or SILICA mixed dust, regardless of whether INJURY or COVERED POLLUTION DAMAGES are caused directly or indirectly by any of the above;
2. DAMAGES, costs or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediation or disposing of, or in any manner responding to or assessing the effects of, SILICA by an INSURED or by any other person or entity.

R. Uninsured/Underinsured Motorists and PIP

any INJURY recoverable under automobile no-fault or personal injury protection, uninsured motorists coverage or underinsured motorists coverage.

S. Injury to an Insured

INJURY to any INSURED, except as covered by UNDERLYING INSURANCE.

T.   Communicable Disease

INJURY arising from the transmission of a communicable disease by any INSURED.

## *The Most We Will Pay*

A.   Regardless of the number of INSUREDS, AUTOS, or watercraft insured or premiums charged by this coverage part, persons or organizations who sustain INJURY or COVERED POLLUTION DAMAGES, claims made or SUITS brought, the most WE will pay is the least of the following:

1.   When there is no coverage for an OCCURRENCE available to the INSURED in the UNDERLYING INSURANCE or any OTHER INSURANCE, WE will pay the difference between OUR limit and the RETENTION which are both shown in the declarations;
2.   When coverage for an OCCURRENCE is available to the INSURED in the UNDERLYING INSURANCE only, WE will pay OUR limit shown in the declarations in excess of such UNDERLYING INSURANCE once the limits of such UNDERLYING INSURANCE are reduced or exhausted. In that event, OUR limit will apply as follows:

a.   If the limits of UNDERLYING INSURANCE have been reduced solely by payment of claims or SUITS for which coverage is afforded by this coverage part, this coverage part will drop down to become immediately excess of the reduced limits of UNDERLYING INSURANCE; or
b.   If the limits of UNDERLYING INSURANCE have been exhausted by payment of claims or SUITS for which coverage is afforded by this coverage part, this coverage part will continue in force as UNDERLYING INSURANCE;

3.   When there is no coverage for an OCCURRENCE available to the INSURED in the UNDERLYING INSURANCE but there is coverage available under OTHER INSURANCE , WE will pay OUR limit shown in the declarations in excess of the limits of such OTHER INSURANCE;
4.   When there is coverage for an OCCURRENCE available in both the UNDERLYING INSURANCE and any OTHER INSURANCE WE will pay OUR limit shown in the declarations but only after the UNDERLYING INSURANCE and such OTHER INSURANCE have been exhausted.

B.   Plaintiff's Costs

With respect to a plaintiff's litigation costs, fees and expenses that are awarded as part of a judgment or arbitration ruling made against OUR INSURED for a covered claim, the most WE will pay for such costs, fees and expenses is the amount of OUR limit remaining after DAMAGES have been paid.

C.   OUR limit per OCCURRENCE shown in the declarations is the most WE will pay for all DAMAGES arising out of any one OCCURRENCE, even if such DAMAGES are covered, in whole or in part, under one or more of Parts A., B., C.1., C.2. or C.3. of the Insuring Agreement.

## *Maintenance of Underlying Insurance*

A.   This insurance will apply as if the UNDERLYING INSURANCE is in effect, even if:

1.   YOU have reduced such insurance or failed to keep it in effect;
2.   coverage has been denied or reduced due to the INSURED'S failure to comply with the policy conditions; or
3.   the underlying insurer is bankrupt or insolvent.

B.   This condition does not apply to the exhaustion of an aggregate limit in the UNDERLYING INSURANCE.

## *We Will Also Pay*

A. If there is no UNDERLYING INSURANCE or any OTHER INSURANCE available to an INSURED, and coverage is afforded by this coverage part (except for the INSURED'S RETENTION) WE will pay, in addition to OUR limit:

1. all costs and expenses in defending an INSURED.
2. interest on that part of the judgment covered by this coverage part within OUR limits, that accrues after entry of any judgment in any SUIT WE defend, but only until WE have paid, offered to pay or deposited in court that part of the judgment that is within OUR limit.
3. premiums on appeal bonds or bonds to release property used to secured YOUR legal obligations, in a SUIT WE defend, but only for bonds up to OUR limit. Also, up to $2,000 for the costs of bail bonds required because of an OCCURRENCE, including related traffic law violations. WE do not have to furnish or secure this bonds.
4. other reasonable expenses incurred at OUR request.

B. If any jurisdiction will not let US defend YOU, WE will pay any such expenses when WE agree, in advance, in writing.

## *How We Will Pay*

WE have no obligation to pay for an OCCURRENCE until:

A. the UNDERLYING INSURANCE carriers have paid or agreed to pay their policy limits;

B. any other insurer whose policy is available to the INSURED has paid or agreed to pay its policy limits; and

C. the INSURED has paid or agreed to pay the RETENTION or any difference between the limits stated in this UNDERLYING INSURANCE and the actual limits (if less) as stated in such policies.

## *Insured's Duties After Injury, Covered Pollution Damages, Occurrence, Claim or Suit*

WE have no duty to provide coverage under this policy unless there has been full compliance with the following duties. If there is an OCCURRENCE, the INSURED is sued or a claim is made against an INSURED:

A. YOU must report this to US as soon as possible. Give US all the details YOU can, including when, where and how it happened, the names and addresses of persons involved, injured and any witnesses;

B. each INSURED must promptly send US all documents, if they are sued or if claim is made against them. If a dispute arises as to whether an INSURED mailed, or WE received, notice of claim or SUIT, only a certified mailing receipt will be proof of mailing;

C. each INSURED must cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification. The INSURED may not, except at their own expense, make any offer or payment, assume any obligation or incur any expenses unless otherwise permitted in this coverage part;

D. each INSURED has an obligation to notify any person or organization, including any other insurance company, which may also be liable to the INSURED for an OCCURRENCE, SUIT or claim; and

E. YOU must not incur any expense, including pre-notice or pre-tender expense, unless permitted by US.

## Separation of Insureds

Except with respect to the limit of liability, and any rights or duties specifically assigned in this policy to Named Insured 01, this insurance applies:

A.   as if each INSURED were the only INSURED; and

B.   separately to each INSURED against whom claim is made or SUIT is brought.

## Appeals

If the INSURED, the UNDERLYING INSURANCE carrier, or any other insurance carrier that has insurance available to the INSURED, chooses not to appeal a judgment in excess of their RETENTION or limits, WE may do so. WE will pay all expenses, and be liable for the costs and interests for the appeal. In no event, however, will OUR liability exceed the limit stated in the declarations.

## Other Insurance

Except as provided in The Most We Will Pay and Non-Stacking of Limits, the insurance afforded by this coverage part is excess over the amount due from any OTHER INSURANCE, whether collectible or not.

## Non-Stacking of Limits

When an INSURED has coverage for an OCCURRENCE under this coverage part and any other umbrella coverage part or policy issued by US, the most WE will pay is the highest limit applicable. The limit under that umbrella coverage part or policy will be inclusive of the lower limit in the other coverage parts or policies, not in addition to them.

## Policy Territory

Except with respect to watercraft, this coverage part applies anywhere in the world if the SUIT is brought in the United States of America, its territories or possessions, or Canada.

Watercraft are covered, while afloat, only within fifty nautical miles of the coastal shoreline of the 48 contiguous United States, the District of Columbia, or Canada.

PAGE 970-12     Copyright © 2007 Universal Underwriters Insurance Company     Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.     Edition 1-2007

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 473 of 634

Page 473 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

# COMMERCIAL UMBRELLA
## COVERAGE PART 980

This coverage part and the specific coverages that comprise this coverage part apply only when they are shown in the declarations. In Item 2 of the declarations, each named insured, other insured and location is given a corresponding letter or number designation. Insurance provided by this coverage part will not apply to any named insured, other insured or location unless its corresponding letter or number appears next to a specific coverage in Item 3 of the declarations for this coverage part.

When "All" is shown in the Locations column of the declarations, coverage will apply to all locations at which YOU conduct YOUR business operations as covered by the UNDERLYING INSURANCE.

The General Conditions apply except as amended or replaced in this coverage part.

## *Insuring Agreement*

A.  Injury

WE will pay those sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies (including ELECTRONIC ACTIVITIES), caused by an OCCURRENCE arising out of YOUR business operations.

B.  Covered Pollution Damages

WE will pay those sums the INSURED legally must pay because of COVERED POLLUTION DAMAGES to which this insurance applies, caused by an OCCURRENCE arising out of YOUR business operations.

C.  This insurance is subject to the terms and conditions of this coverage part, in excess of:

1.  coverage provided in any UNDERLYING INSURANCE;

With respect to coverage provided in excess of UNDERLYING INSURANCE, the terms and conditions of UNDERLYING INSURANCE are made a part of this coverage part, except for:

a.  any contrary provision contained in this coverage part; or
b.  any provision in this coverage part for which a similar provision is not contained in UNDERLYING INSURANCE.

With respect to the exceptions stated above, the provisions of this coverage part will apply.

2.  amounts payable by all OTHER INSURANCE provided to an INSURED; or
3.  the RETENTION amount shown in the declarations, when Parts C.1. and C.2. are not applicable.

D.  The amount we will pay for DAMAGES is limited as described in The Most We Will Pay and We Will Also Pay conditions.

E.  Defense Obligations and Rights

1.  WE have the right and duty to defend any SUIT asking for DAMAGES or COVERED POLLUTION DAMAGES covered by this insurance but not covered by UNDERLYING INSURANCE or OTHER INSURANCE. WE may investigate and settle any claim or SUIT WE consider appropriate. OUR payment of the limit shown in the declarations ends OUR duty to defend.
2.  WE also have the right to defend any SUIT for DAMAGES or COVERED POLLUTION DAMAGES covered by OTHER INSURANCE.
3.  WE will not pay DAMAGES, COVERED POLLUTION DAMAGES or defense costs for any OCCURRENCE, claim or SUIT that is not covered by this coverage part.

4. If WE defend an INSURED under a reservation of rights, and a court finds that no insurance applies under this coverage part, YOU must reimburse US for all legal expenses and costs paid on YOUR behalf, including OUR legal expenses incurred to determine coverage.

5. If there is UNDERLYING INSURANCE or OTHER INSURANCE available to the INSURED, WE will not assume charge of defense or settlement of any claims made or SUITS brought against the INSURED. After the UNDERLYING INSURANCE or OTHER INSURANCE has been exhausted by payment (or written agreement to pay) and all duties to defend have been extinguished, WE will assume charge of further defense or settlement.

6. WE have the right to associate with the INSURED in defense and control of any claim or SUIT likely to involve US.

F. This insurance applies only if:

1. with respect to COVERED POLLUTION DAMAGES and INJURY Groups 1 and 2:

   a. such COVERED POLLUTION DAMAGES or INJURY is caused by an OCCURRENCE that takes place within the Policy Territory*;*
   b. such COVERED POLLUTION DAMAGES or INJURY occurs during the coverage part period; and
   c. prior to the effective date of this coverage part, no INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, and no employee authorized by YOU to give or receive notice of an OCCURRENCE, SUIT or claim, knew that such COVERED POLLUTION DAMAGES or INJURY had occurred, in whole or in part.

   If an INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, or authorized employee knew, prior to the effective date of this coverage part, that the COVERED POLLUTION DAMAGES or INJURY had occurred, then any continuation, change or resumption of such COVERED POLLUTION DAMAGES or INJURY during or after this coverage part period will be deemed to have been known prior to this coverage part period.

2. with respect to INJURY Groups 3, 4, 5 and 6, the act or offense which results in such INJURY was committed within the Policy Territory during the coverage part period.

   However, with respect to INJURY Group 6, when INJURY arises out of a series of related and continuous acts or offenses, this insurance applies only if the last injurious act or offense was committed within the Policy Territory during this coverage part period.

G. COVERED POLLUTION DAMAGES or INJURY as defined in Groups 1 and 2, which occurs during this coverage period and was not, prior to the effective date of this coverage part, known to have occurred by any INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, or by any employee authorized by YOU to give or receive notice of an OCCURRENCE, SUIT or claim, includes any continuation, change or resumption of such COVERED POLLUTION DAMAGES or INJURY after the end of this coverage part period.

H. COVERED POLLUTION DAMAGES or INJURY as defined in Groups 1 and 2 will be deemed to have been known to have occurred at the earliest time when any INSURED listed under Parts A.1., A.2. and A.4. of the Who Is An Insured condition, or any employee authorized by YOU to give or receive notice of an OCCURRENCE, claim or SUIT:

1. reports all or any part of such COVERED POLLUTION DAMAGES or INJURY to US or to any other insurer;
2. receives a written or verbal demand or claim for DAMAGES because of such COVERED POLLUTION DAMAGES or INJURY; or
3. becomes aware by any other means that such COVERED POLLUTION DAMAGES or INJURY has occurred or has begun to occur.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

## Definitions

When used in this coverage part:

A. "ADMINISTRATION" means:

1. interpreting for or giving counsel to employees;
2. handling records; and
3. effecting enrollment, termination or cancellation of employees;

all under YOUR employee benefits programs when such acts are authorized by YOU.

ADMINISTRATION does not mean YOUR selection of an employee benefits program.

B. "AGENT'S E&O" means a negligent act, error or omission that:

1. results in a claim or SUIT; and
2. arises out of the conduct of YOUR business as an insurance agent.

AGENT'S E&O does not mean any claim or SUIT:

1. filed against an INSURED as a direct result of an OCCURRENCE;
2. as defined in CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, DESIGNATED STATUTE DEFENSE, STATUTE AND TITLE E&O or TRUTH IN LENDING/TRUTH IN LEASING E&O.

C. "AUTO" means:

1. a land motor vehicle, trailer or semi-trailer, designed for travel on public roads and includes its permanently attached equipment;
2. any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

AUTO does not include MOBILE EQUIPMENT.

D. "CONTRACTOR'S HAZARD" means construction operations performed for YOU by any contractor at YOUR premises. It also means YOUR acts or omissions in the general supervision of those operations.

E. "COVERED POLLUTION DAMAGES":

1. means any cost or expense not otherwise excluded arising out of:

   a. any request, demand, order or statutory or regulatory requirement that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of POLLUTANTS; or
   b. any claim or SUIT by or on behalf of a governmental authority for DAMAGES because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of POLLUTANTS; and

2. occur away from premises owned, rented, leased or operated by YOU, arising from:

   a. YOUR PRODUCT or WORK;
   b. POLLUTANTS while being transported on a covered AUTO or MOBILE EQUIPMENT by YOU;
   c. fuels or lubricants, fluids, exhaust gases or other similar POLLUTANTS needed for or resulting from the normal electrical, hydraulic or mechanical functioning of the covered AUTO or MOBILE EQUIPMENT or its parts, if the POLLUTANTS escape, seep, migrate, or are

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

discharged, dispersed or released directly from a vehicle part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS;

d. POLLUTANTS, not in or upon a covered AUTO or MOBILE EQUIPMENT, that are upset, overturned or damaged as a result of the maintenance or use of a covered AUTO or MOBILE EQUIPMENT and the discharge, dispersal, seepage, migration, release or escape of the POLLUTANTS is the direct result of such upset, overturn or damage.

F.  "CUSTOMER COMPLAINT DEFENSE" means any SUIT filed against YOU by or on behalf of a wholesale or retail customer arising out of :

1.  YOUR sale, lease, rental, service or repair of YOUR PRODUCT;
2.  the promotion of YOUR PRODUCTS or WORK; or
3.  YOUR failure to properly secure customer records resulting in IDENTITY THEFT.

CUSTOMER COMPLAINT DEFENSE does not mean any SUIT:

1.  filed against an INSURED as a result of an OCCURRENCE; or
2.  as defined in STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH IN LEASING E&O, AGENT'S E&O or DESIGNATED STATUTE DEFENSE.

G.  "CUSTOMER'S AUTO" means an AUTO or MOBILE EQUIPMENT not owned or acquired by YOU but in YOUR care, custody, or control for safekeeping, storage, service or repair.

H.  "DAMAGES" means:

1.  amounts awardable by a court of law (including punitive damages where insurable by law, but only if covered by the UNDERLYING INSURANCE);
2.  with respect to INJURY Group 6, DAMAGES also means amounts awardable by administrative agencies, back pay awards, front pay awards and compensatory damages;
3.  with respect to liability assumed in an INSURED CONTRACT, DAMAGES also means reasonable attorney fees and necessary litigation expense incurred by or for a party other than the INSURED. WE will pay such DAMAGES, provided that:

    a.  the following has been assumed in the same INSURED CONTRACT:

        (1) liability to such party for that party's defense; or
        (2) liability for the cost of that party's defense; and

    b.  such attorney fees and litigation expenses are for the defense of that party against a civil or alternative dispute resolution proceeding in which DAMAGES to which this insurance applies are alleged.

4.  DAMAGES does not mean:

    a.  civil penalties, fines or assessments;
    b.  other statutory awards in excess of compensation, except where insurable by law;
    c.   equitable remedies, except those equitable remedies listed under Part H.2. above;
    d.  with respect to INJURY Group 6:

        (1) severance pay or DAMAGES under an express or implied contract of employment; or
        (2) an express or implied obligation to make payments in the event of the termination of employment.

I.  "DESIGNATED STATUTE DEFENSE" means any SUIT filed against YOU arising out of or related to the alleged violation of the following statutes, acts or laws:

1.  statutes governed, enforced or regulated by the Office of Foreign Assets Control;
2.  Controlling the Assault of Non-Solicited Pornography and Marketing Act;

3.  Telephone Consumer Protection Act;
4.  Gramm-Leach-Bliley Act;
5.  Fair Credit Reporting Act;
6.  Equal Credit Opportunity Act;
7.  Federal Patent Infringement Law (Title 35 U.S.C. § 271);
8.  Drivers Privacy Protection Act (18 U.S.C. § 2721 - 2725);
9.  any other federal, state or local statute, act or law named in the declarations as applicable to DESIGNATED STATUTE DEFENSE.

DESIGNATED STATUTE DEFENSE does not mean any SUIT:

1.  filed against an INSURED as a result of an OCCURRENCE;
2.  as defined in CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, STATUTE AND TITLE E&O, TRUTH IN LENDING/TRUTH IN LEASING E & O, or AGENT'S E & O.

J.  "DISCRIMINATION" means violation of a person's civil rights with respect to such person's race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition or any other similar characteristic of a protected class established by any statute, law, rule or regulation. This includes reverse DISCRIMINATION and HARASSMENT. As used in this definition, "person" includes YOUR employees, customers, clients, independent contractors, volunteers and any other persons with whom YOU have a business relationship. DISCRIMINATION also includes mental anguish, mental injury, fright, shock or humiliation resulting from such violation.

K.  "ELECTRONIC ACTIVITIES" means the use of a computer, computer network, internet, intranet, electronic mail, telephone, facsimile machine, or any other electronic communication or transmission device in conducting YOUR business operations.

L.  "ELECTRONIC DATA" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

M.  "GARAGE OPERATIONS" means the ownership, maintenance or use of that portion of any premises where YOU conduct YOUR garage business. GARAGE OPERATIONS includes all other operations necessary or incidental to YOUR garage business.

N.  "HARASSMENT" means any unwelcome remarks, behaviors or communications that are of a sexual nature or that are based on race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition or any other similar characteristic. This includes actions that cause offense or humiliation to any person or group of persons and are made a condition of employment or any other business relationship.

O.  "HAULAWAY" means a conveyance designed solely for use in transporting four or more four-wheeled motor vehicles.

P.  "IDENTITY THEFT" means the misappropriation by a person, other than YOUR employee, of a person or entity's identifying information, such as their name, address, credit card or social security number.

Q.  "INCIDENTAL MEDICAL MALPRACTICE" means:

1.  providing or failing to provide any medical or related professional health care services;
2.  furnishing food or drink connected with any medical or other professional health care services; or
3.  furnishing or dispensing drugs or medical, dental or surgical supplies or appliances;

when these services are performed by an INSURED who is not in the business or occupation of providing any of these services.

R. "INJURY" means the following, when coverage is afforded in the UNDERLYING INSURANCE:

1. Group 1

   a. bodily injury, sickness, disease or disability (including death resulting from any of these). This includes INJURY resulting from INCIDENTAL MEDICAL MALPRACTICE;
   b. damage to, or loss of use of tangible property. For purposes of this insurance, ELECTRONIC DATA is not tangible property.

2. Group 2

   mental anguish, mental injury, fright, shock, or humiliation, except when arising from DISCRIMINATION.

3. Group 3

   a. false arrest or imprisonment;
   b. malicious prosecution;
   c. abuse of process;
   d. wrongful detention;
   e. wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   f. wrongful repossession of an AUTO;
   g. disparagement of goods or services;
   h. libel or slander;
   i. defamation of character;
   j. private nuisance (except pollution);
   k. common law claims for invasion of the right of privacy.

4. Group 4

   a. plagiarism, misappropriation of advertising ideas or style;
   b. infringement of copyright, title, slogan, trademark, service mark or trade dress in YOUR advertising.

5. Group 5

   any error or omission in the ADMINISTRATION of YOUR profit sharing, pension or employee stock subscription plan, YOUR group life, group hospitalization or major medical plan, group accident and health, workers compensation, unemployment, Social Security, disability benefits insurance, dental plan, thrift plan, 401K or any other similar savings plan, vision plan, benefits due an employee prescribed by the Consolidated Omnibus Budget Reconciliation Act (COBRA), or other similar employee benefit plans.

6. Group 6

   a. DISCRIMINATION;
   b. WRONGFUL EMPLOYMENT PRACTICES.

S. "INSURED CONTRACT" means any of the following, if such contract or agreement is executed prior to the OCCURRENCE:

1. a lease of premises, elevator maintenance agreement or railroad sidetrack agreement. However, this does not include that part of any contract or agreement that indemnifies any person or organization for damage by fire to premises leased, rented or loaned to YOU;
2. a license agreement in connection with vehicle or pedestrian private crossings at grade or any easement agreement except in connection with construction or demolition operations within 50 feet of a railroad;

   3. an obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   4. that part of any contract or agreement by YOU, YOUR partners, executive officers, stockholders, directors, or employees pertaining to the rental or lease of AUTOS to them for use in YOUR business. This does not apply to damage to such AUTO;

   5. any written contract or agreement in which YOU agree to indemnify or hold harmless any manufacturer, distributor or importer of AUTOS, MOBILE EQUIPMENT or watercraft with respect to YOUR use, repair, or servicing of AUTOS, MOBILE EQUIPMENT or watercraft;

   6. that part of any other contract or agreement pertaining to YOUR business (including indemnification of a municipality in connection with WORK performed for a municipality) under which YOU assume the tort liability of another. However, this does not include that part of any contract or agreement that indemnifies an architect, engineer or surveyor for INJURY arising out of:

      a. preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

      b. giving directions or instructions, or failing to give them, if that is the primary cause of the INJURY.

T. "LABOR RELATED DEFENSE" means any SUIT, not otherwise covered by INJURY Group 6, filed against YOU by or on behalf of an employee arising out of YOUR employment practices. This includes defense costs arising from:

   1. the alleged violation of any of the following:

      a. Workers' Adjustment and Retraining Notification Act;
      b. Federal Labor Standards Act;
      c. National Labor Relations Act.

   2. errors or omissions in the selection of an employee benefit program.
   3. YOUR failure to properly secure employee records resulting in IDENTITY THEFT.

LABOR RELATED DEFENSE does not mean a SUIT:

   1. filed against an INSURED as a result of an OCCURRENCE;
   2. as defined in DESIGNATED STATUTE DEFENSE;
   3. as would be covered by a workers compensation policy or an employer's liability policy.

U. "MOBILE EQUIPMENT" means vehicles designed for use principally off public roads, those not required to be licensed, and AUTOS used solely on YOUR premises. It includes, but is not limited to, bulldozers, power shovels, rollers, graders, scrapers, and any other road construction or repair equipment, farm machinery, cranes, forklifts, pumps, generators, air compressors, drills, street sweepers, diggers or vehicles used to provide mobility for any of these when permanently attached to the equipment.

However, MOBILE EQUIPMENT does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered AUTOS.

V. "OCCURRENCE means:

   1. with respect to COVERED POLLUTION DAMAGES and INJURY Groups 1 and 2, an accident, including continuous or repeated exposure to conditions which result in such INJURY or COVERED POLLUTION DAMAGES neither intended nor expected from the standpoint of a reasonably prudent person;

   2. with respect to INJURY Groups 3, 4, 5 and 6, acts or offenses of the INSURED which result in such INJURY.

3. with respect to INJURY Group 6, when INJURY arises out of a series of related and continuous acts or offenses, the last injurious act or offense committed in the last coverage part period insured by US.

All INJURY or COVERED POLLUTION DAMAGES arising out of substantially the same general conditions or cause will be considered as arising out of one OCCURRENCE.

OCCURRENCE does not mean any claim or SUIT otherwise covered in the UNDERLYING INSURANCE under AGENT'S E&O, CUSTOMER COMPLAINT DEFENSE, DESIGNATED STATUTE DEFENSE, LABOR RELATED DEFENSE, STATUTE AND TITLE E&O or TRUTH IN LENDING/TRUTH IN LEASING E&O.

W. "OTHER INSURANCE" means a policy of insurance providing coverage that this coverage part also provides.

OTHER INSURANCE does not include UNDERLYING INSURANCE or a policy of insurance specifically purchased to be excess of this coverage part providing coverage that this coverage part also provides.

X. "POLLUTANTS" means any solid, liquid, gaseous or thermal irritant or contaminant including, but not limited to, smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. "Waste" includes, but is not limited to, materials to be recycled, reconditioned or reclaimed.

Y. "PREMISES HAZARD" means the ownership, maintenance, or use of any premises where YOU conduct YOUR business and all operations necessary or incidental thereto, except the PRODUCTS - COMPLETED OPERATIONS HAZARD.

Z. "PRODUCT" means the goods or products, other than real property, YOU make, sell, service or repair, or those goods or products made or sold by others trading under YOUR name. It includes any container (other than a vehicle) for the goods or products, but does not include a vending machine or any property (other than a container) rented or located for the use of others but not sold.

AA. "PRODUCTS-COMPLETED OPERATIONS HAZARD" means INJURY as defined in Groups 1 and 2, occurring away from the premises YOU own or rent and resulting from YOUR WORK or YOUR PRODUCT. It includes representations or warranties made with respect to fitness, durability, performance or use of YOUR WORK or YOUR PRODUCT, and the providing or failure to provide warnings or instructions for YOUR WORK or YOUR PRODUCT. This does not apply if:

1. the PRODUCT is still in YOUR physical possession;
2. the WORK has not been completed or abandoned.

YOUR WORK will be deemed completed at the earliest of the following:

1. when YOU have completely fulfilled a contract specifying the WORK;
2. when all WORK to be performed by YOU at a specific site has been completed;
3. when the portion of the WORK out of which the INJURY arises has been put to its intended use by any one other than a contractor or subcontractor working on the same project.

WORK requiring service, maintenance, or corrective work, repair or replacement because of a defect, but which is otherwise completed is deemed completed.

COMPLETED OPERATIONS does not include INJURY caused by:

1. the transportation of property, unless caused by the loading or unloading of a vehicle;
2. the existence of tools, uninstalled equipment or abandoned or unused materials.

BB. "RETALIATION" means adverse employment actions against employees for exercising or attempting to exercise their rights under law, where RETALIATION is insurable by law.

CC. "RETENTION" means the amount specified in the declarations that YOU must pay for damages arising out of any one OCCURRENCE covered by this insurance but not covered by UNDERLYING INSURANCE or OTHER INSURANCE.

DD. "SILICA" means:

1.  any form of crystalline or non-crystalline (amorphous) silica, silica particles, silica compounds, silica dust or silica mixed or combined with dust or other particles; or
2.  synthetic silica, including precipitated silica, silica gel, pyrogenic or fumed silica or silica flour.

EE. "STATUTE AND TITLE E&O" means any claim or SUIT filed against YOU, by or on behalf of:

1.  a customer arising out of GARAGE OPERATIONS, because of an alleged violation of any federal, state or local:

    a.  odometer statute;
    b   new or used auto damage or prior use disclosure statute;
    c.  competitive auto parts statute;
    d.  used car "Buyers Guide," including Federal Regulation 455;
    e.  statute requiring the display of automobile window stickers listing the manufacturer's suggested retail price for the vehicle and any of its accessories, including the Monroney Act.

2.  any person or organization who has suffered a financial loss due to the failure of YOUR employee to properly specify the name of the security interest or legal owner on auto or watercraft title papers.

    STATUTE AND TITLE E&O does not mean any claim or SUIT:

1.  filed against an INSURED as a result of an OCCURRENCE;
2.  as defined in TRUTH IN LENDING/TRUTH IN LEASING E&O CUSTOMER COMPLAINT DEFENSE or DESIGNATED STATUTE DEFENSE.

FF. "SUIT" means a civil action for DAMAGES, including arbitration or mediation to which the INSURED must submit or submits with OUR consent. A class action is one SUIT. SUIT does not mean an attorney general action. Except for INJURY Group 6, SUIT does not mean administrative actions or equitable actions.

GG. "TRUTH IN LENDING/TRUTH IN LEASING E&O" means any claim or SUIT filed against YOU by or on behalf of a customer arising out of an alleged violation of a state or federal truth in lending or truth in leasing statute requiring that the precise and meaningful cost of credit information be provided to a credit customer.

TRUTH IN LENDING/TRUTH IN LEASING E & O does not mean any claim or SUIT:

1.  filed against an INSURED as a result of an OCCURRENCE;
2.  as defined in STATUTE AND TITLE E & O, CUSTOMER COMPLAINT DEFENSE or DESIGNATED STATUTE DEFENSE.

HH. "UNDERLYING INSURANCE" means the coverage and limits of liability afforded to YOU by the underlying policies of insurance scheduled in the declarations for this coverage part. UNDERLYING INSURANCE does not include any insurance afforded by the Supplemental Limits portion of Coverage Part 330.

II.  "WORK" means work or operations YOU perform or someone else performs for YOU, and includes materials, parts or equipment furnished with such work or operations.

Unicover VI                    Copyright © 2007 Universal Underwriters Insurance Company                    PAGE 980-9
Edition 1-2007          Includes copyrighted material of Insurance Services Office, Inc. with its permission.

JJ. "WRONGFUL EMPLOYMENT PRACTICES" means any of the following occurring in the course of, or arising out of, a claimant's employment or application for employment with YOU:

1. the actual or alleged failure or refusal to employ or promote;
2. deprivation of a career opportunity;
3. negligent evaluation;
4. wrongful discipline;
5. reassignment or demotion;
6. wrongful denial of seniority;
7. WRONGFUL TERMINATION;
8. RETALIATION;
9. mental anguish, mental injury, fright, shock or humiliation resulting from Parts 1. through 8. above.

KK. "WRONGFUL TERMINATION" means the termination of any employment relationship in a manner which is against the law. This includes constructive termination. WRONGFUL TERMINATION does not include DAMAGES legally owed under an express or implied contract of employment or an express or implied obligation to make payments in the event of termination of employment.

## *Who Is An Insured*

With respect to YOUR business operations as covered by UNDERLYING INSURANCE:

A. Except with respect to the ownership, maintenance, use, loading or unloading of any AUTO or watercraft:

1. YOU;

    a. if YOU are a sole proprietor, YOU and YOUR spouse;
    b. if YOU are a partnership, YOUR partners and their spouses;
    c. if YOU are a joint venture, YOUR members;
    d. if YOU are a limited liability company, YOUR members.

2. YOUR directors, executive officers or stockholders.

3. YOUR employees while in the course and scope of their employment.
4. if YOU are a trust, YOUR trustees while acting within the scope of their duties as trustees, but only if such trustees are shown in the declarations as applicable to this coverage part.
5. any other person or organization:

    a. named in the UNDERLYING INSURANCE (provided to the Named Insured of this coverage part);
    b. granted INSURED status under:

        (1) Parts A.5. or A.6. of the Who Is An Insured condition in Coverage Part 500 – Garage; or
        (2) Parts A.7. or A.8. of the Who Is An Insured condition in Coverage Part 660 – General Liability;

    but not for broader coverage than provided to such person or organization in the UNDERLYING INSURANCE.

B. With respect to any AUTO or watercraft, YOU.

C. With respect to:

1. any AUTO or watercraft used in YOUR business; or
2. personal use of any AUTO owned or hired by YOU;

any person or organization shown in the declarations for this coverage part as a Designated Person.

PAGE 980-10      Copyright © 2007 Universal Underwriters Insurance Company      Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.      Edition 1-2007

Case 2:26-cv-04162-WJE     Document 1-2     Filed 07/10/26     Page 483 of 634

Page 483 of 634

D. With respect to coverage afforded in the UNDERLYING INSURANCE by Endorsement No. 034 – Drive Other Autos or Endorsement No. 056 – Broad Form Drive Other Autos, the person shown in the declarations for this coverage part as a Designated Person.

A "family member" is not an INSURED unless that "family member" is shown in the declarations as a Designated Person.

"Family member" means any person related to the Designated Person by marriage, blood or adoption, who is a resident of the Designated Person's household. "Family member" includes a ward or foster child.

## Who is Not an Insured

A. Any partnership or joint venture, unless the partnership or joint venture is shown in the declarations as a Named Insured. Part A. does not apply to any joint venture, of which YOU are a part, with respect to any coverage afforded to YOU under INJURY Group 4.

B. With respect to the ownership, maintenance, use, loading or unloading of any AUTO, any INSURED (except YOU) with respect to an AUTO owned by them.

## Exclusions

This insurance does not apply to:

A. Dishonest Acts

an OCCURRENCE, SUIT or claim arising out of any dishonest, fraudulent or criminal acts committed by any INSURED.

However, with respect to INJURY Group 6., this exclusion does not apply to YOU if such act was committed by YOUR employee (other than a partner, director, or executive officer) without YOUR direction or YOUR knowledge.

B. Intent to Cause Harm

any act committed by or at the direction of the INSURED with intent to cause harm. This exclusion does not apply if INJURY arises solely from the intentional use of reasonable force for the purpose of protecting persons or property.

C. Employer's Liability

1. INJURY as defined in Groups 1, 2 and 3, to any:

   a. current employee of the INSURED arising out of and in the course of their employment by or on behalf of the INSURED;
   b. former employee of the INSURED arising out of their previous employment by or on behalf of the INSURED;

   for which:

   (1) the INSURED may be held liable as an employer or in any other capacity;
   (2) the INSURED may have an obligation to indemnify or contribute with another because of such INJURY;
   (3) INJURY is sustained by any relative of the employee as a consequence of the INJURY to such employee.

2. This exclusion does not apply:

   a. under Part (1), to "domestic employees" of the INSURED not entitled to workers compensation benefits. For the purposes of this coverage part, "domestic employee" means a person engaged in household or domestic work performed principally in connection with a residence premises;
   b. under Part (2) of this exclusion, to any contract excepted in Exclusion E.;
   c. to damage to or loss of use of tangible property owned by such employee;
   d. to any Employers Liability coverage shown as UNDERLYING INSURANCE;
   e. to INJURY as defined in Group 1, Part a., to any of YOUR employees, with respect to any claim made or SUIT filed against them by another of YOUR employees because of an OCCURRENCE arising out of and in the course of their employment by YOU.

D. Workers Compensation and Similar Laws

   any obligation for which the INSURED or the INSURED'S insurer may be held liable under any workers compensation, disability benefits or unemployment compensation law or any similar law.

E. Contractual Liability

   any obligation assumed under a contract or agreement. This exclusion does not apply to an INSURED CONTRACT under:

   1. INJURY Groups 1, 2 and 3;
   2. INJURY Groups 4, 5 and 6 with respect to YOUR negligent acts;

   but in any event for no more coverage than is afforded YOU by this coverage part.

   No person or organization demanding performance of an INSURED CONTRACT has rights under this policy.

F. Warranties

   any OCCURRENCE, SUIT or claim arising out of any manufacturer's warranty, extended warranty, extended service agreement or mechanical breakdown agreement.

G. Aircraft

   an OCCURRENCE, SUIT or claim arising out of:

   1. the ownership, operation, maintenance, repair, use (including loading or unloading) or entrustment to others of any aircraft; or
   2. the manufacture, storage, sale, handling or distribution of aircraft, aircraft engines or aircraft parts.

   This exclusion applies even if:

   1. the OCCURRENCE, SUIT or claim involves the entrustment to others of any aircraft that is owned by, operated by, rented to, or loaned to an INSURED; and
   2. the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

   This exclusion does not apply to any employer's liability coverage shown as UNDERLYING INSURANCE.

 Copyright © 2007 Universal Underwriters Insurance Company Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission. Edition 1-2007

H. Pollution

    1. INJURY arising out of the actual, alleged or threatened discharge, dispersal, release, migration, seepage or escape of POLLUTANTS:

       a. that are, or that are contained in any property that is:

         (1) being moved from the place where such property or POLLUTANTS are accepted by the INSURED for movement into or onto the covered AUTO or MOBILE EQUIPMENT;
         (2) being moved from the covered AUTO or MOBILE EQUIPMENT to the place where such property or POLLUTANTS are finally delivered, disposed of or abandoned by the INSURED;
         (3) being transported or towed by the covered AUTO or MOBILE EQUIPMENT;
         (4) otherwise in the course of transit;
         (5) being stored, disposed of, treated or processed in or upon the covered AUTO or MOBILE EQUIPMENT.

        Parts H.1.a.(1), (2) and (3) apply only to POLLUTANTS or POLLUTANTS contained in property being transported, or towed by, handled for movement into, onto or from an AUTO or MOBILE EQUIPMENT by others for YOU.

       b. at or from premises, site or location owned, rented or occupied by an INSURED.

        Part H.1.b. does not apply to:

         (1) airborne paint overspray;
         (2) INJURY, as defined in Group 1, Part a., if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building or equipment that is used to heat water for personal use by the building's occupants or their guests.

       c. at or from any premises, site or location used by or for any INSURED or others for the handling, storage, disposal, processing or treatment of waste.

       d. at from any premises, site or location on which any INSURED or any contractors or subcontractors working directly or indirectly on an INSURED'S behalf are performing operations:

         (1) to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the POLLUTANTS; or
         (2) if the POLLUTANTS are brought on or to the premises, site or location in connection with such operations.

        Part H.1.d.(2).does not apply to INJURY as defined in Group 1, Part a., when such INJURY is sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by YOU or on YOUR behalf by a contractor or subcontractor.

       e. which are at any time transported, handled, stored, treated, disposed of or processed as waste by or for any INSURED or any person or organization for whom the INSURED may be legally responsible.

    2. any loss, cost or expense arising out of any:

       a. request, demand, order or statutory or regulatory requirement that any INSURED or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of POLLUTANTS; or

Unicover VI       Copyright © 2007 Universal Underwriters Insurance Company       PAGE 980-13
Edition 1-2007     Includes copyrighted material of Insurance Services Office, Inc. with its permission.

b. claim or SUIT by or on behalf of a governmental authority for DAMAGES because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of POLLUTANTS.

Part H.2. does not apply to COVERED POLLUTION DAMAGES, or to liability for DAMAGES because of INJURY as defined in Group 1, part b., that the INSURED would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or SUIT by or on behalf of a governmental authority.

Parts H.1.a.(5), H.1.b. through H.1.e., and H.2. do not apply to fuels, lubricants, fluids, exhaust gases or other similar POLLUTANTS that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered AUTO or MOBILE EQUIPMENT or their parts, if the POLLUTANTS escape or are discharged, dispersed or released directly from a vehicle part designed by its manufacturer to hold, store, receive or dispose of such POLLUTANTS.

Parts H.1.a.(1) and (2), H.1.b. through H.1.e., and H.2. do not apply to POLLUTANTS away from the premises not in or upon the covered AUTO or MOBILE EQUIPMENT if:

1. the POLLUTANTS or any property in which the POLLUTANTS are contained are upset, overturned or damaged as a result of the maintenance or use of the covered AUTO or MOBILE EQUIPMENT,
2. the discharge, dispersal, release or escape of the POLLUTANTS is caused directly by such upset, overturn or damage, and
3. the INJURY is not otherwise excluded under Part H.1.a. of this exclusion.

Exclusion H. does not apply to INJURY as defined in Groups 1 and 2 caused by heat, smoke, or fumes from a "hostile fire". A "hostile fire" means a fire that becomes uncontrollable or breaks out from where it was intended to be.

I. Liquor Liability

an OCCURRENCE, SUIT or claim arising out of YOUR business of serving, manufacturing, distributing or selling alcoholic beverages.

J. Certain Autos, Mobile Equipment and Watercraft

INJURY OR COVERED POLLUTION DAMAGES arising out of, or in connection with, the ownership, maintenance, use, operation, loading, unloading or entrustment to others of any:

1. AUTO:

   a. that is a HAULAWAY.
   b. while operated in, or in practice or preparation for any prearranged or organized race, rally, speed, demolition or competitive contest or stunting activity;
   c. while leased or rented by YOU to others;
   d. while being used as a taxicab, bus, public livery vehicle, emergency ambulance, long haul public freight carrier, or carrying property for a charge;
   e. while being used to transport explosives, gasoline, liquefied petroleum gas, or other volatile petroleum products;
   f. not covered by UNDERLYING INSURANCE.

   Exclusions J.1.d. and J.1.e. do not apply when the excluded class or operation constitutes a minor and incidental part of YOUR business operations;

2. MOBILE EQUIPMENT, while:

   a. rented, leased or loaned by YOU to others;
   b. being operated in, or in practice or preparation for, any prearranged or organized race, rally, speed, demolition or competitive contest or stunting activity; or to any snowmobile or trailer designed for use with it.

 Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

3.  watercraft:

    a.  over 35 feet in length;

    b.  when used for non-business purposes by any INSURED, regardless of length;

    c.  while rented, leased or loaned to others by YOU;

    d.  while afloat over 50 nautical miles from the coastal shoreline of the 48 contiguous United States, the District of Columbia or Canada;

    e.  while operated in, or in preparation for, any prearranged or organized race, rally, speed or competitive contest or stunting activity.

Parts J.1.b., J.2.b. and J.3.e. do not apply to participation in a prearranged or organized rally, except when INJURY or COVERED POLLUTION DAMAGES arise from a competitive timed event at such rally.

4.  This exclusion applies even if:

    a.  the INJURY or COVERED POLLUTION DAMAGES involves the entrustment to others of any MOBILE EQUIPMENT, AUTO or watercraft described in Exclusion J. that is owned by, operated by, rented to, or loaned to an INSURED; and

    b.  the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

Exclusion J. does not apply to an INSURED with such coverage in the UNDERLYING INSURANCE.

K.  Care, Custody or Control

INJURY or COVERED POLLUTION DAMAGE to property owned by, rented or leased to, used by, transported by, or otherwise in the care, custody or control of the INSURED.

This exclusion does not apply, when YOU have coverage in the UNDERLYING INSURANCE, to INJURY:

1.  to real or personal property (other than AUTOS) not owned by YOU;

2.  to CUSTOMER'S AUTOS;

3.  for liability assumed by YOU under a written sidetrack agreement with respect to property used by YOU or in YOUR care, custody, or control.

L.  Loss Of Use Of Property Not Physically Damaged

loss of use of property not physically damaged, if caused by:

1.  YOUR delay or failure in performing any agreement or contract;

2.  the failure of YOUR PRODUCT or YOUR WORK to meet the quality warranted or the level of performance represented.

M.  Product Recall

any OCCURRENCE, SUIT or claim arising out of the recall of YOUR PRODUCTS, YOUR WORK, or other property of which they form a part, due to a known or suspected defect or deficiency they contain.

N.  Personal and Advertising Injury

INJURY, as defined in Groups 3 and 4:

1.  if the first injurious offense was committed, or alleged to have been committed, prior to the coverage part period.

2.  arising out of the infringement of patent, trade secret or other intellectual property rights, except as covered under INJURY Group 4.

3. arising out of an electronic chatroom or bulletin board YOU host, own, or over which YOU exercise control.
4. arising out of the unauthorized use of another's name or product in YOUR e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

O. Employee Benefits Liability

1. INJURY as defined in Group 5, if caused by:

   a. failure of performance by any insurer or self insurer;
   b. an INSURED'S failure to comply with any workers compensation, unemployment insurance, Social Security, disability benefits law or similar laws;
   c. failure of investments or assets to perform as represented by an INSURED;
   d. advice given by an INSURED to an employee to participate or not to participate in stock subscription plans;
   e. failure of any employee benefits program, for any reason;
   f. the investment or non-investment of funds;
   g. violation of the duties, obligations or responsibilities imposed by the Employee Retirement Income Security Act of 1974 (ERISA), its amendments, or any similar local, state or federal law.

2. remedies under the Consolidated Omnibus Budget Reconciliation Act (COBRA) except to benefits due an employee prescribed by the act.

P. Insurance Agent, Broker or Consultant Activities

an OCCURRENCE, SUIT or claim arising out of an INSURED'S activities as an insurance agent, broker or consultant.

Q. Radioactivity, Nuclear and War Hazards

an OCCURRENCE, SUIT or claim arising out of radioactive contamination or the explosion or malfunction of a nuclear weapon, device or facility, WAR or their consequences.

R. Asbestos

an OCCURRENCE, SUIT or claim arising out of, or in any way related to:

1. the actual or alleged presence, dispersal or threatened dispersal of asbestos, asbestos fibers or products, or compounds containing asbestos, or any hazardous properties of asbestos;
2. any demand, requirement, order, direction, determination or request that YOU or any other entity test for, investigate, monitor, clean up, remove, study, contain, treat, encapsulate, control or take any other action regarding asbestos.

This includes, but is not limited to:

   a. any supervision, instruction, recommendation, warning or advice given, or which should have been given, in connection with the above;
   b. DAMAGES, or legal obligations to reimburse another party for DAMAGES, resulting from any OCCURRENCE, SUIT or claim.

S. Violation of Communication or Information Law

INJURY arising directly or indirectly out of an actual or alleged violation of:

1. the Telephone Consumer Protection Act including any amendment of or addition to such law;
2. Controlling the Assault of Non-Solicited Pornography and Marketing Act including any amendment of or addition to such law; or

3. any other federal, state or local statute, regulation or ordinance other than Part S.1. or S.2. that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

T. Discrimination

INJURY as defined in Group 6, based upon, arising out of, or related to:

1. corporate reorganizations, lay-offs, closings or downsizing actions;
2. a lockout, strike, picket line, replacement or other similar action resulting from labor disputes or labor negotiations.

U. Public Policy

an OCCURRENCE, SUIT or claim for harm to plaintiff for which the courts or legislature have determined, for public policy reasons, that an INSURED cannot be indemnified.

V. Silica

1. INJURY or COVERED POLLUTION DAMAGES arising from the actual, alleged or threatened inhalation, ingestion, absorption, existence or presence of SILICA or SILICA mixed dust, regardless of whether INJURY or COVERED POLLUTION DAMAGES are caused directly or indirectly by any of the above;
2. DAMAGES, costs or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediation or disposing of, or in any manner responding to or assessing the effects of, SILICA by an INSURED or by any other person or entity.

W. Identity Theft

INJURY arising out of IDENTITY THEFT.

X. Hazards Not Covered by Underlying Insurance

an OCCURRENCE, SUIT or claim arising out of the CONTRACTORS HAZARD, PREMISES HAZARD, or PRODUCTS-COMPLETED OPERATIONS HAZARD. This exclusion does not apply to an INSURED who has coverage for such hazard in the UNDERLYING INSURANCE or under the Newly Acquired Organizations Extension.

Y. Defense Reimbursement and E&O

AGENT'S E&O, CUSTOMER COMPLAINT DEFENSE, LABOR RELATED DEFENSE, DESIGNATED STATUTE DEFENSE, STATUTE AND TITLE E&O, or TRUTH IN LENDING/TRUTH IN LEASING E&O.

Z. Uninsured/Underinsured Motorists and PIP

any INJURY recoverable under automobile no-fault or personal injury protection, uninsured motorists coverage or underinsured motorists coverage.

AA. Personal Umbrella

an OCCURRENCE, SUIT or claim payable under a personal umbrella or personal excess policy.

## *The Most We Will Pay*

A. Regardless of the number of INSUREDS, AUTOS, MOBILE EQUIPMENT or watercraft insured or premiums charged by this coverage part, persons or organizations who sustain INJURY or COVERED POLLUTION DAMAGES, claims made or SUITS brought, the most WE will pay is the least of the following:

1. When there is no coverage for an OCCURRENCE available to the INSURED in the UNDERLYING INSURANCE or any OTHER INSURANCE, WE will pay the difference between OUR limit and the RETENTION which are both shown in the declarations;

2. When coverage for an OCCURRENCE is available to the INSURED in the UNDERLYING INSURANCE only, WE will pay OUR limit shown in the declarations in excess of such UNDERLYING INSURANCE once the limits of such UNDERLYING INSURANCE are reduced or exhausted. In that event, OUR limit will apply as follows:

   a. If the limits of UNDERLYING INSURANCE have been reduced solely by payment of claims or SUITS for which coverage is afforded by this coverage part, this coverage part will drop down to become immediately excess of the reduced limits of UNDERLYING INSURANCE; or
   b. If the limits of UNDERLYING INSURANCE have been exhausted by payment of claims or SUITS for which coverage is afforded by this coverage part, this coverage part will continue in force as UNDERLYING INSURANCE;

3. When there is no coverage for an OCCURRENCE available to the INSURED in the UNDERLYING INSURANCE but there is coverage available under OTHER INSURANCE , WE will pay OUR limit shown in the declarations in excess of the limits of such OTHER INSURANCE;

4. When there is coverage for an OCCURRENCE available in both the UNDERLYING INSURANCE and any OTHER INSURANCE, WE will pay OUR limit shown in the declarations but only after the UNDERLYING INSURANCE and such OTHER INSURANCE have been exhausted;

5. With respect to an obligation assumed under an INSURED CONTRACT, the most WE will pay is the lesser of:

   a. YOUR obligation under such contract in excess of the UNDERLYING INSURANCE; or
   b. OUR limit shown in the declarations.

B. Plaintiff's Costs

   With respect to a plaintiff's litigation costs, fees and expenses that are awarded as part of a judgment or arbitration ruling made against OUR INSURED for a covered claim, the most WE will pay for such costs, fees and expenses is the amount of OUR limit remaining after DAMAGES have been paid.

C. OUR limit per OCCURRENCE shown in the declarations is the most WE will pay for all DAMAGES arising out of any one OCCURRENCE, even if such DAMAGES are covered, in whole or in part, under one or more of Parts A., B., C.1., C.2. or C.3. of the Insuring Agreement.

## *Maintenance of Underlying Insurance*

A. This insurance will apply as if the UNDERLYING INSURANCE is in effect, even if:

   1. YOU have reduced such insurance or failed to keep it in effect;
   2. coverage has been denied or reduced due to the INSURED'S failure to comply with the policy conditions; or
   3. the underlying insurer is bankrupt or insolvent.

B. This condition does not apply to exhaustion of an aggregate limit in the UNDERLYING INSURANCE.

## *We Will Also Pay*

A. If there is no UNDERLYING INSURANCE or any OTHER INSURANCE available to an INSURED, and coverage is afforded by this coverage part (except for the INSURED'S RETENTION) WE will pay, in addition to OUR limit:

   1. all costs and expenses in defending an INSURED.

2. interest on that part of the judgment covered by this coverage part within OUR limits, that accrues after entry of any judgment in any SUIT WE defend, but only until WE have paid, offered to pay or deposited in court that part of the judgment that is within OUR limit.

3. premiums on appeal bonds or bonds to release property used to secure YOUR legal obligations, in a SUIT WE defend but only for bond amounts within OUR limits. Also, up to $2,000 for the cost of bail bonds required because of an OCCURRENCE, including related traffic law violations. WE do not have to furnish or secure these bonds.

4. other reasonable expenses incurred at OUR request.

B. If any jurisdiction will not let US defend YOU, WE will pay any such expenses when WE agree, in advance, in writing.

## *How We Will Pay*

WE have no obligation to pay for an OCCURRENCE until:

A. the UNDERLYING INSURANCE carriers have paid or agreed to pay their policy limits;

B. any other insurer whose policy is available to the INSURED has paid or agreed to pay its policy limits; and

C. the INSURED has paid or agreed to pay the RETENTION or any difference between the limits stated in the UNDERLYING INSURANCE and the actual limits (if less) as stated in such policies.

## *Insured's Duties After Injury, Covered Pollution Damages, Occurrence, Claim or Suit*

WE have no duty to provide coverage under this policy unless there has been full compliance with the following duties. If there is an OCCURRENCE, the INSURED is sued, or a claim is made against an INSURED:

A. YOU must report this to US as soon as possible. Give US all the details YOU can, including when, where and how it happened, the names and addresses of persons involved, injured and any witnesses;

B. each INSURED must promptly send US all documents, if they are sued or if claim is made against them. If a dispute arises as to whether an INSURED mailed, or WE received, notice of claim or SUIT, only a certified mailing receipt will be proof of mailing;

C. each INSURED must cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification. The INSURED may not, except at their own expense, make any offer or payment, assume any obligation or incur any expenses unless otherwise permitted in this coverage part;

D. each INSURED has an obligation to notify any person or organization, including any other insurance company, which may also be liable to the INSURED for an OCCURRENCE, SUIT or claim; and

E. YOU must not incur any expense, including pre-notice or pre-tender expense, unless permitted by US.

## *Separation of Insureds*

Except with respect to the limit of liability, and any rights or duties specifically assigned in this policy to Named Insured 01, this insurance applies:

A. as if each INSURED were the only INSURED; and
B. separately to each INSURED against whom claim is made or SUIT is brought.

Unicover VI        Copyright © 2007 Universal Underwriters Insurance Company      PAGE 980-19
Edition 1-2007       Includes copyrighted material of Insurance Services Office, Inc. with its permission.

## Appeals

If the INSURED, the UNDERLYING INSURANCE carrier, or any other insurance carrier that has insurance available to the INSURED, chooses not to appeal a judgment in excess of their limits, WE may do so. WE will pay all expenses, and be liable for the costs and interest for the appeal. In no event, however, will OUR liability exceed OUR limit as stated in the declarations.

## Newly-Acquired Organizations Extension

A. The insurance afforded by this coverage part is extended to include as a Named Insured any organization acquired or formed by YOU and in which YOU maintain ownership or in which the majority interest is the same as YOU.

B. This extension ends the earlier of 180 days from:

1. the date of acquisition or formation; or
2. the date YOU report the newly acquired or formed organization to US.

YOU must pay any additional premiums due.

C. This extension does not apply to any organization:

1. that is a joint venture;
2. that is an insured under any other liability or indemnity policy;
3. that has exhausted its limit of insurance under any other liability policy;
4. which is in a different business than YOU.

## Limited Worldwide Liability Extension

With respect to INJURY, the Policy Territory is extended to anywhere in the world when caused by an INSURED who permanently lives in the United States of America, its possessions, or Canada but only if:

A. such INSURED is temporarily outside these places; or

B. such INSURED is conducting ELECTRONIC ACTIVITIES outside these places; and

the SUIT or claim is brought in the United States of America, its territories or possessions, or Canada.

This extension does not apply to watercraft.

## Other Insurance

Except as provided in The Most We Will Pay and Non-Stacking of Limits, the insurance afforded by this coverage part is excess over the amount due from any OTHER INSURANCE, whether collectible or not.

## Non-Stacking of Limits

When an INSURED has coverage for an OCCURRENCE under this coverage part and any other umbrella coverage part or policy issued by US, the most WE will pay is the highest limit applicable. The limit under that umbrella coverage part or policy will be inclusive of the lower limit in the other coverage parts or policies, not in addition to them.

PAGE 980-20      Copyright © 2007 Universal Underwriters Insurance Company      Unicover VI

Includes copyrighted material of Insurance Services Office, Inc. with its permission.      Edition 1-2007

# ENDORSEMENTS APPLICABLE

In consideration of the premium for this policy, each of the following endorsements apply when the number of the endorsement is shown in the declarations. The endorsement applies to only the Coverage Part in which reference is made in the declarations. Unless stated otherwise in an endorsement each endorsement applies separately.

ENDORSEMENT NO. 001

THIS ENDORSEMENT NO. 001 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 002

THIS ENDORSEMENT NO. 002 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 003

THIS ENDORSEMENT NO. 003 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 004

THIS ENDORSEMENT NO. 004 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 005
LIMITED COLLISION COVERAGE
COVERAGE PART 300

COVERED AUTOS are not insured for COLLISION while being driven or transported from point of purchase, sale, or distribution to point of destination if such points are more than 50 road miles apart.

ENDORSEMENT NO. 006
DRIVEAWAY COLLISION COVERAGE
COVERAGE PART 300

When COVERED AUTOS are not insured for COLLISION, or when the LIMITED COLLISION COVERAGE endorsement applies, WE will provide COLLISION on any AUTO when YOU request the coverage (in writing) from US.  The request must state the departure and destination locations, the factory price(s), date of departure, and any other information WE may require.
Coverage will:

A.  become effective as of the postmark on the request;
B.  apply separately to each AUTO, including the deductible(s) requested;
C.  apply only while the AUTO is en route by the shortest and most direct route; and
D.  continue until the AUTO reaches its destination or 10 consecutive days after the postmark on the request, whichever occurs first.

ENDORSEMENT NO. 007

THIS ENDORSEMENT NO. 007 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 008
CUSTOMER'S AUTOS OR CUSTOMER'S WATERCRAFT - LEGAL LIABILITY
COVERAGE PART 300

As it applies to CUSTOMER'S AUTOS, this Coverage Part is changed as follows:

Insuring Agreement

The first paragraph of the Insuring Agreement is changed to read:

WE will pay those sums YOU legally must pay as DAMAGES for LOSS to a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT, except as excluded or as stated otherwise in the declarations.

Exclusions

Exclusion Q. is replaced by the following:

Q. resulting from YOUR accepting responsibility for LOSS under any agreement;

Exclusion U. is added:

U. to tapes, records, compact discs, digital video discs, or other devices designed for use with sound or video reproducing equipment.

ENDORSEMENT NO. 009
CUSTOMER'S AUTOS OR CUSTOMER'S WATERCRAFT - EXCESS INSURANCE
COVERAGE PART 300

If the owner or lessee of a CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT has no physical damage insurance policy applicable to the LOSS:

1. the provisions of Endorsement 008 Customer's Autos or Customer's Watercraft - Legal Liability endorsement do not apply, and this insurance is primary; and
2. exclusions Q. and U. do not apply.

If such a policy does exist, (whether valid or not) the provisions of Endorsement 008 Customer's Autos or Customer's Watercraft - Legal Liability will apply.

ENDORSEMENT NO. 010
BROADENED COVERAGE
OTHER PROPERTY
COVERAGE PART 300

The insurance afforded by this Coverage Part is changed as follows, but only with respect to property of others within the CUSTOMER'S AUTO or CUSTOMER'S WATERCRAFT.

Definitions

The definitions of CUSTOMER'S AUTO and CUSTOMER'S WATERCRAFT are changed to read:

"CUSTOMER'S AUTO" means a COVERED AUTO not owned by YOU but in YOUR care, custody, or control for safekeeping, storage, service or repair. It also means the property of others within the CUSTOMER'S AUTO.

"CUSTOMER'S WATERCRAFT" means a COVERED WATERCRAFT not owned or acquired by YOU, nor consigned to YOU, but in YOUR care, custody or control for safekeeping, storage, service or repair. It also means the property of others within the CUSTOMER'S WATERCRAFT.

The following conditions are added:

With respect to theft of property of others within the CUSTOMER'S AUTO, this insurance will apply only if:

1.   there is evidence of forced entry into the CUSTOMER'S AUTO or YOUR building; or

2.    the CUSTOMER'S AUTO has been stolen.

ENDORSEMENT NO. 011
DRIVE OTHER AUTOS
COVERAGE PART 300

With respect to the Other Insured named in the declarations and shown as insured by this endorsement, the following changes in this coverage part apply:

Definitions

The definition of "COVERED AUTO" is changed to read:

"COVERED AUTO" means an AUTO not owned by the individual or FAMILY MEMBER, and not used by any of them while working in the business of selling, servicing, repairing, or parking AUTOS.

The following definition is added:

"FAMILY MEMBER" means any person related to the individual named in the declarations as insured under this endorsement, by marriage, blood or adoption, who is a resident of his or her household.  FAMILY MEMBER includes a ward or foster child.

Who Is An Insured

The Who Is An Insured condition is amended to read:

With respect to LOSS under this endorsement:

A.   the individual shown in the declarations as an Other Insured; and
B.   a FAMILY MEMBER.

Exclusions

Exclusion L. does not apply.

Part 3. is added to Exclusion P:

3.   diminished value resulting from LOSS to a COVERED AUTO, but only if:

a.   such diminished value results from LOSS that is covered by this endorsement; and
b.   the Other INSURED becomes legally liable to pay for diminished value to an AUTO that is rented or hired without a driver under a written rental contract or agreement.

The following Exclusions are added:

U.   any AUTO while used as a residence or place of business.

V. any AUTO furnished or available for the regular use of the individual or FAMILY MEMBER.

We Will Also Pay

The following is added to We Will Also Pay:

WE will pay expenses for which an Other INSURED becomes legally liable to pay for loss of use of an AUTO that is rented or hired without a driver under a written rental contract or agreement. WE will pay such expenses when they result from LOSS that is covered by this endorsement.

ENDORSEMENT NO. 012

THIS ENDORSEMENT NO. 012 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 013
AUTOMATIC INCREASE
COVERAGE PART 330

With respect to the BUILDING, shown in the declarations as subject to this endorsement, WE will increase the amount of insurance shown in the declarations.  At the end of each three- month period after the effective date of the Coverage Part, WE will increase the insured amount by the percentage shown in the declarations as applicable to this endorsement.  Each increase will be that percentage of the amount insured on the effective date of the Coverage Part.

ENDORSEMENT NO. 014

THIS ENDORSEMENT NO. 014 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 015
FLUCTUATING VALUE
COVERAGE PART 330

With respect to LOSS to the BUILDING shown in the declarations as subject to this endorsement, the following changes are made in this Coverage Part:

The Most We Will Pay

Parts A.1.e. and A.1.h. of The Most We Will Pay condition are replaced by:

e.  if LOSS exceeds the limit shown in the declarations, WE will increase that limit to an amount equal to the Full Replacement Value at the time of LOSS times the Coinsurance percentage applicable, but not for more than 110% of the limit.  The Coinsurance Condition does not apply.

The following conditions are added:

1.  On each renewal effective date, WE will compute a new Full Replacement Value and a new limit for the next twelve months.  WE will multiply the old Full Replacement Value times an adjustment factor furnished US by independent appraisal sources.  The new limit will be the Full Replacement Value times the coinsurance percentage applicable.

2.  This endorsement will no longer apply if YOU:

Copyright © 2007 Universal Underwriters Insurance Company                    Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission.           Edition 1-2007

a.  reject the new Full Replacement Value and limit, or
b.  do not tell use of any changes YOU made in the BUILDING since the last Full Replacement Value was computed, and the changes are valued at more than 10% of the limit.

ENDORSEMENT NO. 016
REPLACEMENT COST – BUILDING
COVERAGE PART 330

With respect to LOSS to the BUILDING shown in the declarations as subject to this endorsement, the following changes are made in this Coverage Part:

Definitions

Part 1. of the definition of ACTUAL CASH VALUE is changed to read:

1.  BUILDING, its replacement cost;

The following conditions are added:

1.  YOU may elect LOSS payment be made on a replacement cost less actual (not tax) depreciation basis rather than replacement cost.  Regardless of YOUR election, the coinsurance formula will be computed on the replacement cost value.  YOU have 180 days after LOSS to tell US, in writing, YOU wish to elect LOSS payment on a replacement cost basis.
2.  This endorsement will not apply until YOU have actually repaired or replaced the BUILDING for the same occupancy and use.  YOU must repair or replace the BUILDING within a reasonable time after LOSS.
3.  WE will not pay more than the amount actually spent to repair or replace the lost or damaged BUILDING.

ENDORSEMENT NO. 017
GLASS - LIMITED COVERAGE
COVERAGE PART 330

Exclusions – Property

With respect to LOSS to the BUILDING shown in the declarations as subject to this endorsement, the Exclusions – Property condition is changed to add:

WE will not pay for LOSS to glass.  This exclusion does not apply to:

1.  glass building blocks.
2.  LOSS caused by SPECIFIED PERILS, other than vandalism or malicious mischief.
3.  LOSS caused by thieves, when there is visible evidence that the glass was broken by the thief to gain entrance to or exit from the BUILDING.

ENDORSEMENT NO. 018

THIS ENDORSEMENT NO. 018 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 019
ADDITIONAL DEBRIS REMOVAL AND DEMOLITION COSTS
COVERAGE PART 330

With respect to the BUILDINGS shown in the declarations as subject to this endorsement, the following conditions are added:

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

A.  Debris Removal

WE will pay for the cost incurred of removing debris of the covered property at the LOCATION, following a LOSS insured by this Coverage Part, subject to the following:

1.  the expenses will be paid only if reported to US in writing within 180 days of the date of LOSS.
2.  WE will not pay for the expenses to clean up, remove, contain, treat, detoxify or neutralize POLLUTANTS or to replace polluted land or water.

B.  Demolition Costs

WE will pay for the cost of demolishing any undamaged portion of the BUILDING at the LOCATION, including clearing the site, following a LOSS insured by this coverage part.  This condition applies only if (1) LOSS is caused by an insured peril and (2) the cost is the result of the enforcement of any ordinance or law regulating the demolition of BUILDINGS which is in effect at the time of the LOSS.

Part 1. of Exclusions – Perils X. does not apply to this endorsement.

C.  The Most We Will Pay

The most WE will pay for additional debris removal and demolition costs is the limit shown in the declarations as applicable to this endorsement.  This limit applies in addition to any amounts payable under the Debris Removal and Demolition Costs condition in the Property coverage part.

The Debris Removal and Demolition Costs conditions do not apply to BUSINESS INCOME CONTINUATION.

ENDORSEMENT NO. 020
FIRE LIABILITY
COVERAGE PART 330

With respect to LOSS to a BUILDING shown in the declarations as subject to this endorsement, the following changes are made in this coverage part:

Insuring Agreement

The Insuring Agreement is changed to read:

WE will pay all sums YOU legally must pay for LOSS to the BUILDING (including loss of use) not owned by YOU but in YOUR care, custody, or control, if LOSS is caused by accidental fire or explosion due to YOUR negligence.

WE have the right and duty to defend any suit asking for these DAMAGES.  WE may investigate and settle any claim or suit WE consider appropriate.  OUR payment of the limit shown in the declarations for this BUILDING ends OUR duty to defend.

Exclusions – Perils

Exclusions – Perils F. and G. do not apply to this endorsement.

The following exclusion is added:

WE will not pay for LOSS caused directly or indirectly YOUR agreement to be responsible for LOSS.  Such LOSS is excluded regardless of any other cause or event that takes place at the same time or in any sequence to such LOSS:

The Most We Will Pay

The following condition is added to The Most We Will Pay, item A.1.h:

The limit shown in the declarations for Fire Liability is inclusive of any limits provided by the Supplemental Limits condition of this coverage part, not in addition to them.

We Will Also Pay

The We Will Also Pay condition is replaced by:

In addition to the limits stated in the declarations, WE will also pay:

1.  all costs and expenses in defending YOU, and interest on any judgment that does not exceed OUR limit.
2.  premiums on appeal bonds or bonds to release property used to secure YOUR legal obligations, in a suit WE defend, but only for bonds up to OUR limit. WE do not have to furnish or secure these bonds.
3.  up to $500 a day for loss of earnings (but not other income) because of attendance at hearings or trials at OUR request.
4.  other reasonable expenses incurred at OUR request.

How We Will Pay

The How We Will Pay condition is replaced by:

At OUR option, WE may pay YOU the amount of LOSS or OUR limit (whichever is less) after claim is made. Any such payment relieves US of any further obligation of this endorsement. Payment reduces OUR liability.

Deductibles

The Deductibles condition does not apply to this endorsement.

Additional Conditions

C.  Your Duties After Loss

Part 2. of Your Duties After Loss is changed to read:

2.  notify US as soon as possible. Promptly send US all documents, if YOU are sued or claim is made against YOU.

ENDORSEMENT NO. 021
COMPLETED VALUE BUILDER'S RISK
COVERAGE PART 330

With respect to LOSS to BUILDINGS shown in the declarations as subject to this endorsement, the following changes are made in this Coverage Part:

Definitions

The definition of BUILDING is changed to read:

"BUILDING" means the structure described in the declarations which is in the process of being constructed. It also means:

1.  temporary structures built or assembled on site (including, cribbing, scaffolding and construction forms), materials, equipment, and supplies used for the construction of the BUILDING, all while at the LOCATION.
2.  foundations, whether above or below ground, including the cost of excavation, grading, backfilling or filling.

3. architect's fees.
4. builder's machinery or tools owned by YOU (or in YOUR care, custody, or control) while at the LOCATION, but only for the SPECIFIED PERILS.

The Most We Will Pay

Part A.1.b. of THE MOST WE WILL PAY condition is changed to read:

b. the percentage completed at the time of LOSS bears to the limit shown in the declarations, but never more than the limit.

Coinsurance

The Coinsurance condition does not apply to this endorsement.

The following condition is added:

Occupancy

The BUILDING may not be occupied, except:

1. to install and test BUILDING machinery, unless WE agree to it by endorsement.
2. if the structure being constructed is an addition onto and forms a part of a BUILDING insured by this Coverage Part.
3. within 60 days before completion.

Exclusions – Perils

Parts 3. and 4. of Exclusions – Perils P. are replaced by:

3. workmanship or materials used in construction.

Supplemental Limits

The Supplemental Limits condition is replaced by:

The following Supplemental Limits apply in addition to the limit shown in the declarations, when LOSS is caused by a peril covered by this coverage part. The terms and conditions of this coverage part apply to the Supplemental Limits. The Coinsurance condition of this coverage part does not apply to the extensions provided under Supplemental Limits.

YOU can use:

1. up to $1,000 for YOUR liability for fire department service charges assumed under a contract or agreement, or required by local ordinance. This extension applies only to the service charge, not to any liability for injury to any person or property from any cause. No deductible applies to this extension.
2. up to $25,000 to pay for the expense to extract POLLUTANTS from the land or water at a LOCATION if the pollution results from a LOSS to BUILDINGS insured by this endorsement. The expenses will be paid only if they are reported to US within 180 days of the date of LOSS.

Extension 2. applies to each LOCATION separately and is the most WE will pay during each policy period. It does not apply to expenses to test for, monitor or assess the existence, concentration or effects of POLLUTANTS, except for testing performed in the process of extracting POLLUTANTS as covered in this extension.

Waiver of Subrogation

The Waiver of Subrogation condition is deleted.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

ENDORSEMENT NO. 022
LIMIT PER EMPLOYEE
COVERAGE PART 330

The Most We Will Pay

With respect to LOSS to EMPLOYEE TOOLS, Part A.1.h. of The Most We Will Pay condition of this coverage part is changed to read:

h. with respect to each employee, the amount shown in the declarations for "Employee Limit". The amount shown in "Our Limits" column of the declarations is the aggregate limit for that LOCATION.

Coinsurance

The Coinsurance condition does not apply to this endorsement.

The following condition is added:

YOU must insure at least the "Employee Limit" for each mechanic. If YOU do not, LOSS will be reduced as follows:

1. WE will multiply the "Employee Limit" times the number of mechanics employed by YOU at the time of LOSS. This will determine the "proper amount" of insurance YOU should have purchased.
2. WE will divide the Limit for EMPLOYEE TOOLS by the "proper amount" to obtain the "recovery ratio".
3. WE will multiply the LOSS by the "recovery ratio" to determine the amount payable.

ENDORSEMENT NO. 023
ACCOUNTS RECEIVABLE
COVERAGE PART 330

This coverage part is extended to insure LOSS to YOUR records of accounts receivable, while those records are inside of a BUILDING shown in the declarations as subject to this endorsement.

Insuring Agreement

The Insuring Agreement is replaced by:

WE will pay:

A. any amount due from YOUR customers that YOU cannot collect because of LOSS.

B. the interest on any loan YOU must secure to offset uncollectible accounts until the LOSS is paid.

C. reasonable collection charges over and above YOUR normal collection costs made necessary by LOSS.

D. any other expense YOU reasonably incur to re-establish YOUR records after LOSS.

Definitions

The following Definition is added:

"MULTIPERIL", as shown on the declarations, means LOSS to the property scheduled at the LOCATIONS from any cause, except as excluded or as stated otherwise in the declarations.

Exclusions

The Exclusions - Perils and Exclusions - Property conditions are replaced by:

WE will not pay for LOSS:

A. due to any dishonest, fraudulent, criminal, or intentional act committed by YOU or any of YOUR partners, executive officers, directors, or trustees or by any person or organization to whom YOU entrust the property.

B. due to any bookkeeping, accounting, or billing errors, or omissions.

C. that can only be proved to exist by an audit of YOUR records or the taking of an inventory. YOU can, however, use an audit or inventory to support a claim for LOSS which YOU have proved by other evidence.

D. due to alteration, falsification, concealment or destruction of records done to conceal the wrongful giving, taking, or withholding of money, securities or other property. This exclusion does not apply to LOSS in excess of the amount of the wrongful giving, taking, or withholding.

E. due to interruption of electrical power supply, power surge, or brown out, if the occurrence originates away from the LOCATION. This exclusion does not apply to LOSS caused by lightning.

F. due to radioactive contamination, nuclear radiation, nuclear reaction, or the explosion or malfunction or a nuclear weapon, device or facility, or their consequences.
G. due to WAR.

The Most We Will Pay

THE MOST WE WILL PAY condition is replaced by:

A. The most WE will pay is LOSS as determined by the formula shown below, but never more than the limit shown in the declarations as applicable to this endorsement. The limit shown in the declarations for ACCOUNTS RECEIVABLE is inclusive of any limits provided by the Supplemental Limits condition of this coverage part, not in addition to them.

B. Formula - WE will:

1. determine YOUR outstanding accounts receivable at the end of the same fiscal month for the year before the LOSS.
2. compute the average amount of the monthly accounts receivable from the reports YOU submitted for the twelve months immediately preceding the LOSS. If YOU have not submitted twelve, WE will use the ones YOU have. If YOU have not submitted the first report, WE will use 75% of the limit.
3. compare this average to the average amount of YOUR accounts receivable for the same period of the year before.
4. increase or decrease the amount determined in 1. by the percentage calculated in 3.. This will be the agreed total amount of accounts receivable outstanding on the last day in the month the LOSS occurred. WE will also give due consideration for normal fluctuations in the amount of outstanding accounts receivables during the month and to the experience of YOUR business since the last day of the last month for which YOU submitted the required report.
5. From the amount determined above, WE will deduct the amount of:

a. uncollected accounts on which YOUR records were not lost or damaged.
b. accounts YOU have re-established or collected from other records.
c. probable bad debts that normally would have been uncollectible.
d. unearned interest or service charges on deferred payment accounts.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

C. If YOU have not submitted any reports in the immediately preceding twelve months, the most WE will pay is 75% of the limit shown in the declarations as applicable to this endorsement.

Coinsurance

The Coinsurance condition does not apply to this endorsement.

How We Will Pay

The How We Will Pay condition does not apply to this endorsement. WE will pay YOU within 30 days after YOU have proved YOUR LOSS and the final amount payable has been determined.

The following conditions are added:

Protection of Records

YOU must keep the records in the receptacle(s) scheduled in the declarations when YOU are not using them or when YOU are not open for business. If YOU do not, WE will not pay the LOSS. If YOU must transfer the records to another safe place, to avoid imminent danger of LOSS, WE will cover them while temporarily there or in transit to or from there. YOU must tell US within 10 days after the transfer.

Recoveries

YOU must tell US if you collect any receivables that WE paid YOU. Any such collections belong to US. Once WE have been repaid in full, the remainder is yours.


ENDORSEMENT NO. 024

THIS ENDORSEMENT NO. 024 CURRENTLY NOT APPLICABLE. NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 025
RENTS OR RENTAL VALUE
MONTHLY LIMITATION
COVERAGE PART 330

With respect to the LOCATIONS shown in the declarations as subject to this endorsement, the following changes are made in this coverage part:

Insuring Agreement

The Insuring Agreement is changed to read:

A. WE will pay for the actual LOSS of RENTS or RENTAL VALUE directly resulting from necessary untenantability of a BUILDING, when caused by LOSS from any cause (except as excluded or as stated otherwise in the declarations) to:

1. the BUILDING at the LOCATION shown in the declarations as subject to this endorsement.
2. property, other than that at the LOCATION, that directly results in civil authorities preventing YOU from entering YOUR BUILDING. Part (b) covers for only two consecutive weeks after LOSS.

B. WE will also pay for those necessary reasonable expenses YOU incurred to reduce LOSS (except those to extinguish a fire) but only up to an amount equal to the amount the LOSS was reduced.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

C.  The period of coverage is from the date of the LOSS for as long as it reasonably takes to restore the damaged or destroyed BUILDING, regardless of the expiration date of this Coverage Part.  In no event, however, will WE pay more that the limit as shown in the declarations.

Definitions

The following definitions are added:

"RENTAL VALUE" means RENTS, plus (1) all charges which are the legal obligation of YOUR tenant(s) for which YOU become liable, and (2) the fair RENT of that portion of the BUILDING occupied by YOU.

"RENTS" means the total gross rental of that portion of the BUILDING damaged or destroyed by LOSS, as furnished and equipped by the owner of the BUILDING, less charges and expenses that do not necessarily continue during the period of untenantability.

Exclusions – Perils

Exclusions – Perils FF., GG. and HH. apply to this endorsement.

The Most We Will Pay

The Most We Will Pay condition is replaced by:

The most WE will pay for any one LOSS is the least of the following:

A.  the RENTS or RENTAL VALUE YOU lost for the period of untenantability.

B.  the percentage per month times the limit (both as shown in the declarations) for any one calendar month of untenantability.

C.  the limit in the declarations for the period of untenantability.

Coinsurance, Deductibles, Debris Removal and Demolition Costs

The Coinsurance, Deductible, and Debris Removal and Demolition Costs conditions do not apply to this endorsement.

ENDORSEMENT NO. 026
WATERCRAFT COVERED
COVERAGE PART 330

The provisions of this endorsement only apply to WATERCRAFT specifically described in the declarations:

Insuring Agreement

WE will pay for LOSS to the WATERCRAFT from any cause, except as excluded.

Definitions

The following Definitions are added:

"LOSS"  means direct and accidental physical loss or damage, including incurred loss of use, in excess of the deductible stated in the declarations, occurring during the Coverage Part period.

 Copyright © 2007 Universal Underwriters Insurance Company Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission. Edition 1-2007

"MULTIPERIL", as shown on the declarations, means LOSS to the WATERCRAFT scheduled in the declarations from any cause, except as excluded or as stated otherwise in the declarations.

"WATERCRAFT" means a boat, its equipment and motor, and when specifically described in the declarations, it means a boat carrier.  It includes similar replacement WATERCRAFT if YOU tell US within 30 days of its acquisition.  WATERCRAFT does not include any boat designed to be airborne or submerged.

Exclusions

WE will not pay for LOSS caused by, resulting from, contributed to or aggravated by:

A.  wear, tear, gradual deterioration (including marine life), rust, corrosion, inherent vice, latent or hidden defect, freezing, overheating, or mechanical, electrical, or structural breakdown.

B.  due and confined to faulty workmanship or materials in making alterations, repairs, or installations.

C.  any dishonest, fraudulent, criminal, or intentional act committed by:  (1) YOU or any of YOUR partners, executive officers, employees, stockholders, agents, other party in interest; (2) any person or organization YOU entrust the WATERCRAFT to, except a carrier for hire.

D.  while the WATERCRAFT is:

1.  operated in or in practice or preparation for nay prearranged or organized race, rally, speed, demolition or competitive contest or in any stunting activity.
2.  being used as public or livery conveyance.
3.  rented to others by YOU. This exclusion does not apply if LOSS is caused by fire or lightning.

E.  WAR.

F.  radioactive contamination or the explosion of a nuclear weapon or device, or their consequences.

The Most We Will Pay

The most WE will pay for any one LOSS to WATERCRAFT is the least of the following:

A.  the cost to repair the WATERCRAFT with like kind and quality.

B.  the cost to replace the WATERCRAFT with like kind and quality.

C.  the amount stated in the declarations as applicable to the property.

Coinsurance

Payment of LOSS to equipment is limited to the proportion that the insured value bears to the actual cash value at the time of LOSS.

We Will Also Pay

In addition to the limit stated in the declarations, WE will also pay:

A.  if YOU are legally liable, up  to $500 for accidental collision with other property while the described WATERCRAFT is afloat.

B.  with OUR written consent, up to $500 for any defense or court costs arising out of a contested collision.

How We Will Pay

At OUR option, WE will pay for, repair, or replace the damaged or destroyed property. WE may pay either YOU or the owner of the property. Before payment of LOSS, WE may take all or any part of the salvage at the agreed or appraised value. There will be no abandonment to US.

Your Duties After Loss

YOU must:

A.   protect the WATERCRAFT whether or not this insurance applies. Any further LOSS due to YOUR failure to do so will not be covered by this insurance. WE will pay all reasonable expenses YOU incur for such protection.

B.   notify US as soon as possible. If LOSS is caused by theft, also notify the police.

C.   permit US to inspect the damaged property prior to its repair or replacement, and submit a sworn proof of LOSS within 90 days.

D.   cooperate and assist US in the investigation, settlement, defense, enforcement of contribution or indemnification of any LOSS. YOU may not, except at YOUR expense, make any offer or payment, assume any obligation or incur any expenses unless otherwise permitted by this endorsement.

No Benefit To Bailee

This insurance will not benefit, directly or indirectly, any carrier or bailee.

Policy Territory

LOSS is covered only while the WATERCRAFT is on land, inland waters, and within 50 nautical miles of the shoreline of the 48 contiguous United States, the District of Columbia, and Canada.

ENDORSEMENT NO. 027
BLANKET POSITION
COVERAGE PART 380

The Most We Will Pay

Part A.1.b. of The Most We Will Pay is replaced by the following:

b.   under EMPLOYEE DISHONESTY, the limit stated in the declarations as applicable to all LOSS caused by an EMPLOYEE or in which the EMPLOYEE is concerned or implicated.

ENDORSEMENT NO. 028
PERSONAL ACCOUNTS
COVERAGE PART 380

With respect to Depositor's Forgery only, "YOU" is changed to include any individual scheduled in the declarations under "Personal Accounts".  The insurance afforded by Depositor's Forgery will apply to instruments handled by that person for his personal account.

The limit shown as applicable to that person is part of and not in addition to the limit for Depositor's Forgery.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Unicover VI
Edition 1-2007

ENDORSEMENT NO. 029
BROAD FORM PRODUCTS EXCLUDED
COVERAGE PART 500

Exclusions

The following exclusions are added:

This insurance does not apply to:

1.  INJURY to any of YOUR PRODUCTS or any of its parts, if caused by a defect existing at the time it was sold or transferred to another.
2.  labor costs caused by defective PRODUCTS to: (1) YOUR WORK; (2) other WORK performed at the same time if the defective PRODUCTS are on a necessary or customary part of the other WORK.


ENDORSEMENT NO. 030

THIS ENDORSEMENT NO. 030 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.


ENDORSEMENT NO. 031
ADDITIONAL INSURED-FURNISHED AUTO
COVERAGE PART 500

Who Is An Insured

The Who Is An Insured condition of this coverage part is changed by adding the following to "B. With respect INJURY or COVERED POLLUTION DAMAGES arising out of to the AUTO HAZARD":

The person or organization named in the declarations as subject to this endorsement, but only with respect to an AUTO furnished by YOU to such person or organization.


ENDORSEMENT NO. 032
ADDITIONAL INSURED – MUNICIPALITIES
COVERAGE PART 500

Who Is An Insured

The Who Is An Insured condition of this coverage part is changed by adding the following to "A. With respect to INJURY or COVERED POLLUTION DAMAGES arising out of YOUR GARAGE OPERATIONS (other than the AUTO HAZARD)":

The municipality or other subdivision named in the declarations as subject to this endorsement, but only with respect to the ownership, maintenance, or use of that portion of any premises where YOU conduct YOUR AUTO business.


ENDORSEMENT NO. 033
ADDITIONAL INSURED – PROPERTY
COVERAGE PART 500

Who Is An Insured

The Who Is An Insured condition of this coverage part is changed by adding the following to "A. With respect to INJURY or COVERED POLLUTION DAMAGES arising out of YOUR GARAGE OPERATIONS (other than the AUTO HAZARD)":

The person or organization named in the declarations as subject to this endorsement, but only with respect to tangible property while in YOUR possession under a written lease or rental agreement.

This endorsement does not insure any structural alterations, demolition, or new construction performed by or for such additional INSURED.

ENDORSEMENT NO. 034
DRIVE OTHER AUTOS
COVERAGE PART 500

Who Is An Insured

The Who Is An Insured condition of this coverage part is changed by adding the following to "B. With respect INJURY or COVERED POLLUTION DAMAGES arising out of to the AUTO HAZARD":

The individual (and their FAMILY MEMBERS) named in the declarations as subject to this endorsement, but only with respect to any AUTO not owned by them or any member of their household.

Definitions

The definition of AUTO HAZARD is changed to read:

"AUTO HAZARD" means the use of any AUTO (1) not owned by the individual or FAMILY MEMBERS, and (2) not used by any of them while working in the business of selling, servicing, repairing or parking AUTOS.

The following definition is added:

"FAMILY MEMBERS" means any person related to the individual named in the declarations as insured under this endorsement, by marriage, blood or adoption, who is a resident of his or her household.  FAMILY MEMBERS includes a ward or foster child.

Exclusions

These exclusions are added:

This insurance does not apply to:

1.  any AUTO while used as a residence or place of business.
2.  any AUTO furnished or available for the regular use of the individual or FAMILY MEMBERS.

Other Insurance

The insurance afforded by this endorsement is excess over any other insurance available to the INSURED.

ENDORSEMENT NO. 035
MEDICAL PAYMENTS
COVERAGE PART 500

The insurance afforded by this coverage part is extended to include the following:

Insuring Agreement

WE will pay all reasonable and necessary medical, dental, and funeral expenses (incurred for services rendered within three years after the OCCURRENCE) to or for each person who sustains INJURY to which this endorsement applies, when caused by an OCCURRENCE and arising out of:

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

1. GARAGE OPERATIONS, other than the AUTO HAZARD.
2. the AUTO HAZARD, to or for each person in, on, entering into, getting out of or off of an AUTO, if the person driving the AUTO is also an INSURED under the AUTO HAZARD.
3. the use of an AUTO by any person named in the declarations as subject to this endorsement.

The Most We Will Pay

Regardless of the number of INSUREDS or AUTOS insured by this Coverage Part, premium charged, persons who sustain INJURY, or claims made, the most WE will pay to or for any one person in any one OCCURRENCE is the limit shown in the declarations as applicable to this endorsement.

No payment will be made under this endorsement unless the injured person (or their legal representative) agrees in writing that any payment made will be applied toward any settlement or judgment that person receives for the same expenses under any other AUTO liability or Uninsured Motorists Coverage provided by this policy.

How We Will Pay

At OUR option, WE may pay the injured person or the person or organization rendering the service. Such payment does not mean WE admit any liability on any INSURED'S part.

Examinations

As soon as possible, the injured person (or someone on their behalf) must give US a written proof of claim, under oath and signed if WE require. They will also execute any documents to have medical reports and records released to US, and to submit to physical examinations by physicians chosen by US, as often as WE deem necessary.


ENDORSEMENT NO. 036
LIMITED MEDICAL PAYMENTS
COVERAGE PART 500

Endorsement No. 035 - Medical Payments is changed to remove Part 2. of the Insuring Agreement in that endorsement.


ENDORSEMENT NO. 037
INDIVIDUAL MEDICAL PAYMENTS
COVERAGE PART 500

Endorsement No. 035 - Medical Payments is changed to remove Parts 1. and 2. of the Insuring Agreement in that endorsement.


ENDORSEMENT NO. 038
AUTO LESSORS LIABILITY
COVERAGE PART 830

When "Auto Lessors Liability" is shown in the declarations, the insurance afforded by this coverage part is changed as follows, but only with respect to OWNED AUTOS as defined in this endorsement.

Definitions

These definitions are changed to read:

"AUTO" means any land motor vehicle designed for travel on public roads, and includes its permanently attached equipment. It also means a trailer or semi-trailer designed for use with a

Unicover VI                    Copyright © 2007 Universal Underwriters Insurance Company                    PAGE END-17
Edition 1-2007            Includes copyrighted material of Insurance Services Office, Inc. with its permission.

four wheel private passenger or station wagon type AUTO.  It does not include MOBILE EQUIPMENT.

"LEASE" means a written agreement for a term of 180 days or more wherein YOU are the lessor.

"OWNED AUTO" means an AUTO YOU own while under LEASE to others.

This definition is added:

"LESSEE" means the person or organization named in the LEASE as the lessee.

Exclusions

Exclusion G. is changed as follows:

Part 3. is changed to read:

3.   while rented to others by YOU.

Who Is An Insured

The Who Is An Insured condition is replaced by:

A.   With respect to this coverage part:

YOU.

B.   With respect to INJURY and COVERED POLLUTION DAMAGES:

anyone else required by law to be an INSURED while using an OWNED AUTO within scope of YOUR permission.

Who Is Not An Insured

The Who Is Not An Insured condition is replaced by:

None of the following is an INSURED:

Any INSURED covered by a policy purchased by or on behalf of the LESSEE covering the OWNED AUTO, unless the limits of that policy have been exhausted.

The Most We Will Pay

Part A.1. of The Most We Will Pay condition is replaced by:

1.   Regardless of the number of INSUREDS or AUTOS insured or premiums charged by this coverage part, persons or organizations who sustain INJURY or COVERED POLLUTION DAMAGES, claims made or suits brought, the most WE will pay for any one OCCURRENCE is the limit stated in the declarations subject to this endorsement.

The portion of the limit applicable to persons or organizations required by law to be an INSURED is only the amount (or amount in excess of any other insurance available to them) needed to comply with the minimum limits provision of such law in the jurisdiction where the OCCURRENCE takes place.

Out of State Extension

The Out of State Extension does not apply to this endorsement.

PAGE END-18          Copyright © 2007 Universal Underwriters Insurance Company          Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission.          Edition 1-2007

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Other Insurance

The Other Insurance condition in the General Conditions will apply to this endorsement.

ENDORSEMENT NO. 039
DAILY RENTAL AUTOS
COVERAGE PART 830

When "Daily Rental Autos" is shown in the declarations, the insurance afforded by this coverage part is changed as follows, but only with respect to OWNED AUTOS as defined in this endorsement.

Definitions

The definition of OWNED AUTO is changed to read:

"OWNED AUTO" means an AUTO YOU own while under a RENTAL AGREEMENT.

The following DEFINITIONS are added:

"RENTAL AGREEMENT" means a written agreement for a term of less than 180 days, specifically identifying an OWNED AUTO rented by YOU to a RENTEE in which YOU agree to provide AUTO liability insurance for the RENTEE.

"RENTEE" means the person or organization named in the RENTAL AGREEMENT as the rentee.

Who Is An Insured

The Who Is An Insured condition is replaced by:

A.   With respect to this coverage part:

YOU.

B.   With respect to INJURY and COVERED POLLUTION DAMAGES:

1.   a RENTEE;
2.   any other person using an OWNED AUTO within the scope of YOUR permission, unless it is being loaded or unloaded.  Only a RENTEE'S employee is an INSURED for loading and unloading;
3.   anyone else, but only as a result of their liability because of what an INSURED does or fails to do.

Who Is Not An Insured

Part A. of the WHO IS NOT AN INSURED condition is deleted.

Exclusions

Exclusion G. is changed as follows:

Part 3. is changed to read:

3.   while leased by YOU to others;

Unicover VI                    Copyright © 2007 Universal Underwriters Insurance Company               PAGE END-19
Edition 1-2007           Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Exclusion H. is changed to read:

H.  INJURY or COVERED POLLUTION DAMAGES to property owned by, rented or leased to, being transported by, or in the care, custody, or control of the INSURED.  This exclusion does not apply to a residence or private garage or to any AUTO owned by YOU if struck by another AUTO YOU own which is being operated by a RENTEE.

Exclusion M. is changed to read:

M.  LOSS to a camper body designed to be mounted upon an AUTO and equipped as sleeping or living quarters.  This exclusion does not apply if it is described in the RENTAL AGREEMENT.

These exclusions are added:

R.  LOSS due and confined to:  (1) faulty work performed by YOU; (2) defective parts or material furnished by YOU.

S.  any AUTO while:  (1) rented with a driver's services; (2) rented to YOUR salesman for use in YOUR business.

T.  LOSS due to conversion, embezzlement, or secretion by any person in possession of an OWNED AUTO under a RENTAL AGREEMENT.

U.  LOSS by theft, larceny, conversion, or secretion when YOU voluntarily part with evidence of title to or possession of an AUTO or TEMPORARY SUBSTITUTE AUTO.

We Will Also Pay

Part B.1. of the We Will Also Pay condition is deleted.

How We Will Pay

Part A. of the HOW WE WILL PAY condition is deleted.

Part B. of the HOW WE WILL PAY condition is replaced by:

At OUR option, WE will pay for, repair, or replace the damaged or stolen OWNED AUTO or will require YOU to replace, repair, or sublet repairs to the OWNED AUTO.  All repairs or replacements will be at YOUR actual cost exclusive of YOUR profit or overhead expenses.

The following condition is added:

You Must Report

Within 15 days after the end of each calendar month, YOU must report the total amount of gross receipts YOU are entitled to for the rental of OWNED AUTOS for that month, whether YOU collected them or not.


ENDORSEMENT NO. 040
LOWER LIMITS FOR RENTEES
COVERAGE PART 830

When "Daily Rental Autos" is shown in the declarations as subject to this endorsement, Part A.1. of The Most We Will Pay condition is replaced by:

1.  Regardless of the number of INSUREDS or AUTOS insured or premiums charged by this Coverage Part, persons or organizations who sustain INJURY or COVERED POLLUTION

DAMAGES, claims made or suits brought, the most WE will pay for any one OCCURRENCE is the limit stated in the declarations for "Daily Rental Autos".

The portion of the limit applicable to INSUREDS other than YOU, is the minimum limits of liability specified in the financial responsibility law of the jurisdiction where the OCCURRENCE takes place.  When there is other insurance applicable, WE will pay only the amount required to comply with such minimum limits after such other insurance has been exhausted.

ENDORSEMENT NO. 041
ADDITIONAL INSURED - PREMISES
COVERAGE PART 660

Who Is An Insured

The Who Is An Insured condition of this coverage part is changed by adding the following to "A. With respect to INJURY or COVERED POLLUTION DAMAGES arising out of YOUR business operations:"

With respect to PREMISES, the person or organization named in the declarations as subject to this endorsement, but only with respect to tangible property while in YOUR possession under a written lease or rental agreement.

This endorsement does not insure any structural alterations, demolition, or new construction performed by or for such additional INSURED.

ENDORSEMENT NO. 042

THIS ENDORSEMENT NO. 042 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 043
ADDITIONAL INSUREDS
COVERAGE PART 980

Who Is An Insured

Part C. of the The Who Is An Insured condition of this coverage part is replaced by:

C.  With respect to (1) any AUTO or watercraft used in YOUR business or (2) personal use of any AUTO owned or hired by YOU:

1.  any person or organization shown in the declarations for this coverage part as a Designated Person; and
2.  any of YOUR partners, paid employees, directors, executive officers, or stockholders, and members of their households.

The actual use of the AUTO must be with YOUR permission and within the scope of such permission.

ENDORSEMENT NO. 044

THIS ENDORSEMENT NO. 044 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

ENDORSEMENT NO. 045

THIS ENDORSEMENT NO. 045 CURRENTLY NOT APPLICABLE. NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 046

THIS ENDORSEMENT NO. 046 CURRENTLY NOT APPLICABLE. NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 047

THIS ENDORSEMENT NO. 047 CURRENTLY NOT APPLICABLE. NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 048

THIS ENDORSEMENT NO. 048 CURRENTLY NOT APPLICABLE. NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 049
ADDITIONAL INSUREDS
USE OF OTHER AUTOS
COVERAGE PART 980

Who Is An Insured

Part E is added to the Who Is An Insured condition of this coverage part as follows:

E. Any person or organization insured by Endorsement No. 034 (Drive Other Autos) or Endorsement No. 056 (Broad Form Drive Other Autos) in the UNDERLYING INSURANCE, but not for more coverage than is provided to them in such endorsement.

However, a "family member" is not an INSURED unless that "family member" is shown in the declarations as a Designated Person.

"Family member" means any person related to the Designated Person by marriage, blood or adoption, who is a resident of the Designated Person's household. "Family member" includes a ward or foster child.

ENDORSEMENT NO. 050
CONTINGENT LIABILITY EXCLUDED
COVERAGE PART 330

Exclusions – Perils

Exclusion X. of the Exclusions – Perils condition is changed to read:

X. enforcement of any ordinance or law regulating the construction, repair or demolition of BUILDINGS;

ENDORSEMENT NO. 051

THIS ENDORSEMENT NO. 051 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 052

THIS ENDORSEMENT NO. 052 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 053
BUILDING FOUNDATIONS EXCLUDED
COVERAGE PART 330

Exclusions – Property

With respect to BUILDINGS shown in the declarations as subject to this endorsement, the Exclusions – Property condition is changed to add:

WE will not pay for LOSS to foundations, whether above ground or underground, pipes, flues and drains which are underground; and the costs of excavations, grading, backfilling or filling. Part 4. of the definition of BUILDING is deleted.

ENDORSEMENT NO. 054
CUSTOMER RENTAL
COVERAGE EXCLUDED
COVERAGE PARTS 300 AND 500

Auto Inventory Coverage Part 300

Exclusions

Part 2. of Exclusion K. is deleted.

Garage Coverage Part 500

Exclusions

Part 1.c.(2) of Exclusion J. is deleted.

ENDORSEMENT NO. 055

THIS ENDORSEMENT NO. 055 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 056
BROAD FORM DRIVE OTHER AUTOS
COVERAGE PART 830

The insurance afforded for OWNED AUTOS under Parts A., B.1. or C. of the Insuring Agreement, if shown in the declarations as applicable to this endorsement, is extended to apply to a NON-OWNED AUTO, subject to the following:

Definitions

The following definition is added:

"NON-OWNED AUTO" means an AUTO not owned by, LEASED to, or furnished or available for the regular use of an INSURED, and not used by an INSURED while in the business of selling, servicing, repairing or parking AUTOS.

Exclusions

With respect to this endorsement only, the following changes apply:

Exclusion G.4. is changed to delete "public livery vehicle" with respect to INJURY and COVERED POLLUTION DAMAGES.
Exclusion O. does not apply to diminished value resulting from LOSS to a NON-OWNED AUTO if:

a. such diminished value results from LOSS that is covered by this endorsement; and
b. the INSURED becomes legally liable to pay for diminished value to an AUTO that is rented or hired without a driver under a written rental contract or agreement.

The following exclusions are added:

This insurance does not apply to:

1. any AUTO while used as a residence or place of business;
2. any AUTO while used in the business or occupation of the INSURED unless being operated by the INSURED or the INSURED is OCCUPYING the AUTO;
3. any INSURED while engaged in the business of their employer, with respect to INJURY to a fellow employee injured in the course of his employment.

Who Is An Insured

The Who Is An Insured condition is replaced by:

A. each person shown in the declarations as subject to this endorsement, their spouse and other members of their household;

B. under INJURY and COVERED POLLUTION DAMAGES only, anyone else but only as a result of their liability because of what an INSURED in A. above does or fails to do.

Who Is Not An Insured

The Who Is Not An Insured condition is replaced by:

None of the following is an INSURED:

A. the owner or lessor of the AUTO;

B. the employer of an INSURED;

C. a partnership in which the INSURED is a partner.

We Will Also Pay

The following is added to We Will Also Pay:

WE will pay expenses for which an Other INSURED becomes legally liable to pay for loss of use of an AUTO that rented or hired without a driver under a written rental contract or agreement. WE will pay such expenses when they result from LOSS that is covered by this endorsement.

Other Insurance

Part E.1. of the Other Insurance condition is replaced by:

This insurance is excess over any other valid and collectible insurance available to the INSURED, whether primary, excess or contingent.

ENDORSEMENT NO. 057
BUSINESS USE EXCLUDED
COVERAGE PART 830

Exclusions

With respect to OWNED AUTOS shown in the declarations as subject to this endorsement, the following exclusion is added to Endorsement No. 038 (Auto Lessors Liability):

This insurance does not apply to any OWNED AUTO used in the business or occupation of the LESSEE.  This exclusion does not apply to:

1. a four-wheel private passenger, station wagon, ½ ton pickup, ½ ton van or a jeep type OWNED AUTO;
2. an OWNED AUTO temporarily in YOUR care, custody, or control for service or repair;
3. an OWNED AUTO shown in the declarations as an "Exception" under Auto Lessors Liability.

ENDORSEMENT NO. 058

THIS ENDORSEMENT NO. 058 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 059
RENTOR ONLY COVERAGE
COVERAGE PART 830

Who Is An Insured

The WHO IS AN INSURED condition applicable to Endorsement No. 039 (Daily Rental Autos) is replaced by:

With respect to this insurance, only YOU.

ENDORSEMENT NO. 060

THIS ENDORSEMENT NO. 060 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 061

THIS ENDORSEMENT NO. 061 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

Unicover VI              Copyright © 2007 Universal Underwriters Insurance Company              PAGE END-25
Edition 1-2007        Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

ENDORSEMENT NO. 062
PHYSICAL DAMAGE IN MEXICO
COVERAGE PART 830

The following condition is added:

Any AUTO physical damage coverage applicable to an OWNED AUTO under Basic Auto coverage part 830 also applies while such AUTO is being used in the Republic of Mexico.  However:

1.  The LOSS will be paid in the United States;
2.  The most WE will pay is the lesser of the following amounts:

   a.  the cost of repairing the AUTO or replacing its parts in Mexico, or
   b.  the cost of repair or replacement at the nearest point in the United States where repair or replacement could be made.

WARNING

This endorsement does NOT provide liability insurance when the AUTO is in Mexico.  To avoid penalties under Mexico's laws YOU should buy liability insurance on that AUTO from a company licensed in Mexico to sell it.


ENDORSEMENT NO. 063
STATED AMOUNT
COVERAGE PART 830

The Most We Will Pay

With respect to any OWNED AUTO shown in the declarations as subject to this endorsement, Part C. of The Most We Will Pay condition is replaced by:

C.  Physical Damage

   The most WE will pay for any one LOSS to an OWNED AUTO is the least of the following:

   1.  the actual cost for parts, materials and labor necessary to repair the OWNED AUTO;
   2.  the amount necessary to replace the OWNED AUTO with like kind and quality;
   3.  the amount stated in the declarations for the OWNED AUTO subject to this endorsement.

   Before payment of LOSS, WE may take all or any part of the salvage at the agreed or appraised value.  There will be no abandonment to US.


ENDORSEMENT NO. 064
ANTIQUE AUTOS
COVERAGE PART 830

The following condition is added:

With respect to the AUTO(S) shown in the declarations as subject to this endorsement, the insurance provided by this coverage part applies provided the AUTO is maintained and used solely for exhibitions, club activities, parades or other functions of public interest and is only occasionally used for other purposes.

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007

ENDORSEMENT NO. 065

THIS ENDORSEMENT NO. 065 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 066
EMPLOYER'S LIABILITY COVERAGE
COVERAGE PART 980

With respect to the insurance afforded by this endorsement only, the following changes are made in this coverage part:

Insuring Agreement

    The Insuring Agreement is replaced with the following:

        WE will pay all sums YOU legally must pay as DAMAGES because of INJURY to YOUR employees caused by an OCCURRENCE arising out of and in the course of the injured employee's employment by YOU.

Definitions

    The definition of INJURY is replaced by:

        "INJURY" means bodily injury by accident or by disease.  Bodily injury includes resulting death.

    The definition of OCCURRENCE is replaced by:

        "OCCURRENCE" means INJURY by accident which occurs during the coverage part period. INJURY by disease must be caused or aggravated by the conditions of YOUR employment. The employee's last day of exposure to the conditions causing or aggravating such INJURY by disease must occur during the Coverage Part period.

Exclusions

    The Exclusions condition is replaced by the following:

    This insurance does not apply to:

A.   liability assumed under a contract.  This exclusion does not apply to a warranty that YOUR WORK will be done in a workmanlike manner;

B.   punitive or exemplary DAMAGES because of INJURY to an employee employed in violation of the law;

C.   INJURY to an employee while employed in violation of law with YOUR actual knowledge or the actual knowledge of any of YOUR executive officers;

D.   any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

E.   INJURY intentionally caused or aggravated by YOU;

F.   INJURY occurring outside the United States of America, its territories or possessions, and Canada.  This exclusion does not apply to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

G. DAMAGES arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

H. INJURY to any person in work subject to the Longshore and Harbor Workers Compensation Act (33 USC Sections 901-950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173), the Outer Continental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act (42 USC Sections 1651-1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942), and other federal workers or workers compensation law or other federal occupational disease law, or any amendments to these laws;

I. INJURY to any person in work subject to the Federal Employers Liability Act (45 USC Sections 51-60), and other federal laws obligating any employer to pay DAMAGES to an employee due to INJURY arising out of or in the course of employment, or any amendments to those laws;

J. INJURY to a master or member of the crew of any vessel;

K. Fines or penalties imposed for violation of federal or state law;

L. DAMAGES payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872), and under any other federal law awarding DAMAGES for violation of those laws or regulations issued thereunder, and any amendments to those laws.

Who Is An Insured

The Who Is An Insured condition is replaced by the following:

With respect to insurance afforded by this endorsement:

A. YOU;
B. if YOU are a partnership or joint venture, any partner or member thereof, but only with respect to their liability as such.

The Most We Will Pay

The Most We Will Pay condition is replaced with the following:

Regardless of the number of INSUREDS or premiums charged by this coverage part, persons or organizations who sustain INJURY, claims made or SUITS brought, the most WE will pay in the limit shown in the declarations.

How We Will Pay

The How We Will Pay condition is deleted.

ENDORSEMENT NO. 067

THIS ENDORSEMENT NO. 067 CURRENTLY NOT APPLICABLE. NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 068
EXTRA EXPENSE
COVERAGE PART 330

With respect to the LOCATIONS shown in the declarations as subject to this endorsement, the following changes are made in this coverage part:

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Insuring Agreement

The Insuring Agreement is changed to read:

A.  WE will pay EXTRA EXPENSE because of LOSS from any cause (except as excluded or as stated otherwise in the declarations) to:

1.  the BUILDING or CONTENTS at LOCATIONS shown in the declarations as applicable to this endorsement;
2.  property, other than at the LOCATION, that directly results in civil authorities preventing YOU from entering YOUR BUILDING.

B.  The period insured is from the date of LOSS for as long as it reasonably takes to restore the damaged or destroyed BUILDING or CONTENTS, and to resume operations with the same quality of service which existed immediately before the LOSS regardless of the expiration date of this Coverage Part.  Coverage provided under Part A.2. begins immediately after the time civil authorities prevent YOU from entering YOUR BUILDING, and ends the earlier of:

1.  three consecutive weeks after coverage begins; or
2.  the time you are allowed to enter your BUILDING.

Exclusions – Perils

The Exclusions – Perils condition is changed as follows:

Exclusion G. is replaced by the following:

G.  interruption of business, except when coverage for EXTRA EXPENSE is shown in the declarations.

Exclusions – Perils FF., GG. and HH. apply to this endorsement.

Exclusions – Property

The following exclusion is added to Exclusions – Property:

WE will not pay for LOSS to BUILDINGS in the process of construction, including materials or supplies for use therewith.

Coinsurance, Deductibles, Debris Removal and Demolition Costs

The Coinsurance, Deductible, and Debris Removal and Demolition Costs conditions do not apply to this endorsement.

Reduction of Loss

This condition is added:

YOU must do all YOU can to reduce LOSS, by:

A.  restoring the damaged, destroyed, or stolen property as soon as possible.

B.  resuming operations as the LOCATION(S), whether damaged or not, or at other premises available to YOU, even if the operations are only partial.

C.  using CONTENTS at other LOCATIONS or elsewhere.

Other Insurance

The Other Insurance condition is replaced by:

Except with respect to EXTRA EXPENSE afforded under Supplemental Limits of Property coverage part 330, this insurance is excess over all other similar insurance.


ENDORSEMENT NO. 069

THIS ENDORSEMENT NO. 069 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 070

THIS ENDORSEMENT NO. 070 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.


ENDORSEMENT NO. 071
COMPREHENSIVE EXCLUDED
ON FLOOR PLAN INSURED AUTOS
COVERAGE PART 300

The coverage afforded for COMPREHENSIVE does not apply to AUTOS owned or acquired by YOU and insured by YOUR floor plan or finance source.

ENDORSEMENT NO. 072

THIS ENDORSEMENT NO. 072 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.


ENDORSEMENT NO. 073
COLLISION EXCLUDED ON
FLOOR PLAN INSURED AUTOS
COVERAGE PART 300

The coverage afforded for COLLISION does not apply to AUTOS owned or acquired by YOU and insured by YOUR floor plan or finance source.


ENDORSEMENT NO. 074
EXTENDED THEFT EXCLUDED ON
FLOOR PLAN INSURED AUTOS
COVERAGE PART 300

The coverage afforded for EXTENDED THEFT does not apply to AUTOS owned or acquired by YOU and insured by YOUR floor plan or finance source.


ENDORSEMENT NO. 075
DEMONSTRATOR - COMPANY AUTO REDEFINED
COVERAGE PART 300

The definition of "DEMONSTRATOR-COMPANY AUTO" is changed to read:

"DEMONSTRATOR-COMPANY AUTO" means a COVERED AUTO shown on YOUR records as a demonstrator and used in YOUR sales operation.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

ENDORSEMENT NO. 076
FLOOR PLAN EXCESS INSURANCE
COVERAGE PART 300

If a COVERED AUTO is insured by YOUR floor plan or finance source, and such other insurance is limited to the amount of the encumbrance, WE will pay the difference between such other insurance and the amount of the LOSS.

This insurance applies only when the cause of the LOSS is insured by this coverage part.

This insurance is excess over any other insurance and applies only after such other insurance has been paid.


ENDORSEMENT NO. 077
VALUE PROTECTION OTHER THAN EARTHQUAKE
COVERAGE PART 330

With respect to LOSS to the BUILDING shown in the declarations as subject to this endorsement, the following changes are made in this coverage part:


Guaranteed Replacement Cost

　　The Coinsurance condition does not apply to this endorsement.  The Guaranteed Replacement Cost condition of this endorsement does not apply to the Supplemental Limits condition.

Definitions

　　If Earthquake is shown in the declarations as a covered peril, with respect to LOSS by earthquake, volcanic eruption, explosion or effusion, Part 1. of the definition of ACTUAL CASH VALUE is replaced by:

1.　a.　BUILDING, its replacement cost;
　　b.　EQUIPMENT (except DATA, IMPROVEMENTS AND BETTERMENTS, MEDIA and Property of Others), or ADDITIONAL PROPERTY, its replacement cost less actual (not tax) depreciation.

The Most We Will Pay

1.　With respect to LOSS caused by perils other than earthquake, volcanic eruption, explosion or effusion:

　　The Most We Will Pay condition is amended to delete Part A.1.h. and replace Parts A.1.a and A.1.b. with the following:

　　a.　the actual cost of repairs to the property, with like kind and quality;
　　b.　the replacement cost of the property with like kind and quality, regardless of the limit shown in the declarations, subject to the following:

　　　(1)　YOU have insured the BUILDING to 100% of its replacement cost as determined by OUR BUILDING appraisal;
　　　(2)　YOU have accepted each annual adjustment in the BUILDING amount;
　　　(3)　YOU have notified US within 90 days of any physical changes YOU have made in the BUILDING which exceed 10% of the limit, and paid any additional premium due.  If YOU fail to notify US as required, WE will pay no more than 110% of the limit shown in the declarations;
　　　(4)　If YOU replace the BUILDING at a different premises:

(a)   WE will pay no more than it would have cost YOU to replace it at the original premises;

(b)   WE will not pay for the cost of acquiring land at the new premises; and

(c).  WE will not pay for any reduction in the value of land at the original premises.

(5)  WE will not pay more than the amount actually spent to repair or replace the lost or damaged BUILDING.

(6)  Part A.1.b. does not apply to LOSS to BUILDINGS for which the only applicable coverage is provided under the Supplemental Limits condition of this coverage part.

2.  With respect to LOSS caused by earthquake, volcanic eruption, explosion or effusion (if Earthquake is shown in the declarations as a covered peril):

The changes made to The Most We Will Pay in Part 1. above do not apply.  Parts A.1.a. through A.1.h. of The Most We Will Pay in the Property coverage part apply to such LOSS.

The following conditions are added:

YOU may elect LOSS payment at replacement cost less depreciation.  YOU have 180 days after the LOSS to tell US, in writing, how YOU elect LOSS payment.

The Guaranteed Replacement Cost portion of this endorsement will not apply until YOU have actually repaired or replaced the BUILDING for the same occupancy and use.  YOU must repair or replace the BUILDING within a reasonable time after LOSS.

Debris Removal, Demolition Costs & Increased Cost of Construction

With respect to LOSS caused by perils other than earthquake, volcanic eruption, explosion or effusion, the following is added to the Supplemental Limits condition:

If a BUILDING is insured under this endorsement, up to a total of 25% of the limit for that BUILDING for any one LOSS, to apply in any combination of the following:

A.  Debris Removal

WE will pay the cost to remove debris subject to the following:

1.  the LOSS is caused by an insured peril;
2.  the expenses will be paid only if reported to US within 180 days of the earlier of (i) the date of LOSS or (ii) the end of the Coverage Part period;
3.  WE will not pay for the expense to clean up, remove, contain, treat, detoxify or neutralize POLLUTANTS or to replace polluted land or water;

B.  Demolition Costs

WE will pay the cost to demolish any undamaged portion of the BUILDING, including clearing the site subject to the following:

1.  the LOSS is caused by an insured peril;
2.  the cost is the result of the enforcement of any ordinance or law regulating the demolition of the BUILDINGS at the described premises which is in effect at the time of LOSS;

C.  Increased Cost of Construction

WE will pay for any increased cost of repair, construction or reconstruction of the BUILDING subject to the following:

1.  the LOSS is caused by an insured peril;

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

2. the cost is the result of the enforcement of any ordinance or law regulating the construction or repair of damaged BUILDINGS at the described premises which are in effect at the time of the LOSS;

3. the BUILDING must be repaired or replaced for the same occupancy and use.  YOU must repair or replace the BUILDING within a reasonable time after LOSS.

Supplemental Limits A., B. and C. above apply in addition to any amounts payable under the Debris Removal and Demolition Costs condition in the Property coverage part.

Supplemental Limits A., B. and C. above do not apply if LOSS is caused by earth movement, including but not limited to earthquake, volcanic eruption, explosion or effusion, landslide, mudflow or mudslide, tsunami, earth sinking, rising or shifting.

Exclusions – Perils X. does not apply to the SUPPLEMENTAL LIMITS portion of this endorsement.


ENDORSEMENT NO. 078
REPLACEMENT COST EQUIPMENT
COVERAGE PART 330

With respect to LOSS to the EQUIPMENT shown in the declarations as subject to this endorsement, the following changes are made in this coverage part:

Definitions

Part 1. of the definition of ACTUAL CASH VALUE is changed to read:

1. EQUIPMENT (except ELECTRONIC DATA PROCESSING EQUIPMENT, MOBILE EQUIPMENT, DATA, IMPROVEMENT AND BETTERMENTS, MEDIA and Property of Others), its replacement cost;

Part 9. of the definition of ACTUAL CASH VALUE is added:

9. ELECTRONIC DATA PROCESSING EQUIPMENT,

a. if replacement is necessary, the cost of currently available ELECTRONIC DATA PROCESSING EQUIPMENT capable of performing at least the same functions;
b. if repair is necessary, the cost to restore damaged ELECTRONIC DATA PROCESSING EQUIPMENT to its condition immediately prior to the LOSS
c. if not replaced, its replacement cost less actual (not tax) depreciation;

Part 10. of the definition of ACTUAL CASH VALUE is added:

10. MOBILE EQUIPMENT, its replacement cost less actual (not tax) depreciation.

The following definition is added:

"ELECTRONIC DATA PROCESSING EQUIPMENT" means mainframe computers, network servers, network routers, personal computers and workstations, laptops or notebook personal computers, other portable computer devices and their accessories, telecommunications equipment and facsimile machines.  ELECTRONIC DATA PROCESSING EQUIPMENT includes peripheral equipment such as printers, keyboards and other input devices, data transmission lines within YOUR BUILDING, monitors, modems and scanners.   ELECTRONIC DATA PROCESSING EQUIPMENT does not include DATA or MEDIA.

Coinsurance

The Coinsurance condition does not apply to this endorsement.

The Most We Will Pay

Part A.1.h. of THE MOST WE WILL PAY is replaced by:

h. 110% of the limit shown in the declarations for the LOCATION. This endorsement will not apply until YOU have actually repaired or replaced the EQUIPMENT. YOU must repair or replace the EQUIPMENT within a reasonable time after LOSS.

ENDORSEMENT NO. 079
EARTHQUAKE
COVERAGE PART 330

Unless "NO COVER" is shown in the declarations for the earthquake peril, the insurance afforded for such property is extended to include LOSS caused by earthquake, volcanic eruption, explosion or effusion. This Coverage Part is changed as follows:

Definitions

The following is added to the definition of LOSS:

All earthquake shocks or volcanic eruptions that occur within any 168-hour period will constitute a single earthquake or volcanic eruption. The expiration of this coverage part will not reduce the 168-hour period.

Exclusions – Perils

Exclusion R. of Exclusions – Perils is amended to read:

R. Earth Movement

1. landslide, mine subsidence, tidal wave, tsunami, flood, mudslide or mudflow even if attributable to an earthquake or volcanic eruption. If fire or explosion follows, WE will pay only for LOSS by fire or explosion. This exclusion does not apply to VOLCANIC ACTION, SINKHOLE COLLAPSE, or LOSS to property in transit.
2. any earthquake or volcanic eruption that begins before the inception of this insurance;

Deductibles

The Deductibles condition is replaced by:

Determination of the Earthquake Deductible

After the amount of LOSS has been determined under The Most We Will Pay and the Coinsurance condition applied, WE will subtract the applicable earthquake deductible shown in the declarations. The earthquake deductible will be applied separately to each BUILDING, LOCATION and item of coverage involved in the LOSS.

ENDORSEMENT NO. 080

THIS ENDORSEMENT NO. 080 CURRENTLY NOT APPLICABLE. NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

ENDORSEMENT NO. 081
WRAPAROUND COMPREHENSIVE
COVERAGE PART 300

The coverage afforded for COMPREHENSIVE does not apply to AUTOS owned or acquired by YOU and insured by YOUR floor plan or finance source.  This exclusion does not apply:

1.  to the value of improvements YOU make to the COVERED AUTO (after it is required by YOU) which increases its value and exceeds the amount due from such other insurance.
2.  to a LOSS excluded by the floor plan or finance source but which is covered under this insurance.


ENDORSEMENT NO. 082

THIS ENDORSEMENT NO. 082 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.


ENDORSEMENT NO. 083
WRAPAROUND COLLISION
COVERAGE PART 300

The coverage afforded for COLLISION does not apply to AUTOS owned or acquired by YOU and insured by YOUR floor plan or finance source.  This exclusion does not apply:

1.  to the value of improvements YOU make to the COVERED AUTO (after it is acquired by YOU) which increases its value and exceeds the amount due from such other insurance.
2.  to a LOSS excluded by the floor plan or finance source but which is covered under this insurance.


ENDORSEMENT NO. 084
WRAPAROUND EXTENDED THEFT
COVERAGE PART 300

The coverage afforded for EXTENDED THEFT does not apply to AUTOS owned or acquired by YOU and insured by YOUR floor plan or finance source.  This exclusion does not apply:

1.  to the value of improvements YOU make to the COVERED AUTO (after it is acquired by YOU) which increases its value and exceeds the amount due from such other insurance.
2.  to a LOSS excluded by the floor plan or finance source but which is covered under this insurance.
3.  to the amount of LOSS that exceeds the limit of the floor plan or finance source.


ENDORSEMENT NO. 085
BREAKDOWN EXCLUDED
COVERAGE PART 330

With respect to the property shown in the declarations as subject to this endorsement, the following change is made:

Exclusions – Perils

Exclusions – Perils W. is replaced by:

W.  explosion, rupture, or bursting or any of the following if they are owned by or leased to YOU or operated under YOUR control:

1.  pressure relief devices, boilers or other equipment for heating water.
2.  rotating or moving parts of machinery by centrifugal force or mechanical breakdown.
3.  steam boilers, steam pipes, steam turbines, or steam engines.

Unicover VI                    Copyright © 2007 Universal Underwriters Insurance Company                    PAGE END-35
Edition 1-2007          Includes copyrighted material of Insurance Services Office, Inc. with its permission.

WE will pay for LOSS by any fire or explosion that follows.

Part 3. does not apply to the explosion of accumulated gas or unconsumed fuel in the firebox or combustion chamber of a fixed vessel, or in the flues or passages leading from it.

ENDORSEMENT NO. 086
INCREASED LIMITS
FOR WELFARE AND PENSION PLANS
COVERAGE PART 380

The following condition is added:

With respect to the Welfare and Pension Benefit Plan shown in the declarations as an INSURED, the limit for Employee Dishonesty is increased to the amount shown in the declarations as "Welfare And Pension Plan Limit".

ENDORSEMENT NO. 087

THIS ENDORSEMENT NO. 087 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.

ENDORSEMENT NO. 088
ADDITIONAL INSURED - FURNISHED AUTO
HOUSEHOLD MEMBERS
COVERAGE PART 500

Who Is An Insured

The Who Is An Insured condition of this coverage part is changed by adding the following to "B. With respect INJURY or COVERED POLLUTION DAMAGES arising out of to the AUTO HAZARD":

The person (including members of their household) or organization named in the declarations as subject to this endorsement, but only with respect to an AUTO furnished by YOU to such person or organization.

ENDORSEMENT NO. 089
UMBRELLA LIMITS INCLUSIVE
COVERAGE PART 980

Part A. of The Most We Will Pay condition is replaced by:

Regardless of the number of INSUREDS, AUTOS, MOBILE EQUIPMENT, or watercraft insured or premiums charged by this coverage part, persons or organizations who sustain INJURY or COVERED POLLUTION DAMAGES, claims made or SUITS brought, the most WE will pay is the least of the following:

1.  When there is no coverage for an OCCURRENCE available to the INSURED in the UNDERLYING INSURANCE or any OTHER INSURANCE, WE will pay the difference between OUR limit and the RETENTION which are both shown in the declarations;
2.  When coverage for an OCCURRENCE is available to the INSURED in the UNDERLYING INSURANCE only, WE will pay the difference between OUR limit and the limits of such UNDERLYING INSURANCE which are both shown in the declarations, once the limits of such UNDERLYING INSURANCE are reduced or exhausted.  In that event, the difference between OUR limit and the limits of such underlying insurance will apply as follows:

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007

a.  If the limits of UNDERLYING INSURANCE have been reduced solely by payment of claims or SUITS for which coverage is afforded by this coverage part, this coverage part will drop down to become immediately excess of the reduced limits of UNDERLYING INSURANCE.; or

b.  If the limits of UNDERLYING INSURANCE have been exhausted by payment of claims or SUITS for which coverage is afforded by this coverage part, this coverage part will continue in force as UNDERLYING INSURANCE;

3.  When there is no coverage for an OCCURRENCE available to the INSURED in the UNDERLYING INSURANCE but there is coverage available under OTHER INSURANCE, WE will pay the difference between OUR limit shown in the declarations and the limits of such OTHER INSURANCE;

4.  when there is coverage for a LOSS available in both the UNDERLYING INSURANCE and any OTHER INSURANCE WE will pay the difference between the UNDERLYING INSURANCE and OUR limit (both as shown in the declarations) but only after the UNDERLYING INSURANCE and such OTHER INSURANCE have been exhausted;

5.  With respect to an obligation assumed under an INSURED CONTRACT, the most WE will pay is the lesser of:

a.  YOUR obligation under such contract in excess of the UNDERLYING INSURANCE; or

b.  the difference between the UNDERLYING INSURANCE and OUR limit shown in the declarations.


ENDORSEMENT NO. 090
STANDARD FORM MCS-90


ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980


ENDORSEMENT NO. 091
UNDERINSURED MOTORISTS
COVERAGE PARTS 500 AND 830


IF APPLICABLE, THE ENDORSEMENT FOR UNDERINSURED MOTORISTS COVERAGE WILL BE SHOWN IN THE DECLARATIONS AND ATTACHED SEPARATELY TO YOUR POLICY.


ENDORSEMENT NO. 092
DESIGNATED INDIVIDUALS
COVERAGE PARTS 500 AND 830


Who Is An Insured

The following is added:

With respect to uninsured and underinsured motorists coverage:

1.  the individual (and any "family member") designated in the declarations as subject to this endorsement; and

2.  any passengers in a COVERED AUTO driven by the Designated Individual under Part 1. above.

"Family member" means any person related to the individual designated in the declarations as subject to this endorsement, by marriage, blood or adoption, who is a resident of his or her household. "Family member" includes a ward or foster child.

The Most We Will Pay

The following is added:

1. With respect to persons insured by Part 1. of the Who Is An Insured condition above, regardless of the number of INSUREDS or AUTOS insured or premiums charged by this coverage part, claims made or vehicles involved in the ACCIDENT, the most WE will pay for all damages resulting from one ACCIDENT is the limit stated in the declarations for "Designated Individuals".
2. With respect to persons insured by Part 2. of the Who Is An Insured condition above, the most WE will pay is that portion of the limit needed to comply with the minimum limits provision of the financial responsibility or minimum liability law in the jurisdiction where the ACCIDENT took place. When there is other insurance applicable, WE will pay only the amount needed to comply with such minimum limits after such other insurance has been exhausted.

### ENDORSEMENT NO. 093
### OWNED AUTOS EXCLUDED
### COVERAGE PART 980

The following condition is added:

No insurance is afforded under this coverage part with respect to any AUTO owned by or LEASED to YOU, nor to any TEMPORARY SUBSTITUTE AUTO.

Definitions

The following definitions are added:

"LEASED" means a written agreement for a term of 180 days or more wherein YOU are named as the lessee.

"TEMPORARY SUBSTITUTE AUTO" means an AUTO not owned by or LEASED to YOU, YOUR partners, officers, employees or a member of YOUR or their household, when it is used temporarily with the owner's permission to replace an owned or LEASED AUTO which is out of service due to its repair, servicing, LOSS or destruction.

### ENDORSEMENT NO. 094
### ALL OWNED AUTOS INSURED
### COVERAGE PART 830

Definitions

The definition of OWNED AUTO is replaced by:

"OWNED AUTO" means any AUTO YOU own or LEASE during the Coverage Part period.  It also means a trailer attached to such AUTO.

### ENDORSEMENT NO. 095
### PREMISES MEDICAL PAYMENTS
### COVERAGE PART 660

The insurance afforded by this coverage part is extended to include the following:

Copyright © 2007 Universal Underwriters Insurance Company
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Unicover VI
Edition 1-2007

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Insuring Agreement

WE will pay all reasonable and necessary medical, dental, and funeral expenses (incurred for services rendered within three years after the OCCURRENCE) to or for each person who sustains INJURY to which this endorsement applies, when caused by an OCCURRENCE and arising out of the PREMISES hazard.

The Most We Will Pay

Regardless of the number of INSUREDS, premiums charged, persons who sustain INJURY, or claims made, the most WE will pay to or for any one person in any one OCCURRENCE is the limit shown in the declarations as applicable to this endorsement.

No payment will be made under this endorsement unless the injured person (or their legal representative) agrees in writing that any payment made will be applied toward any settlement or judgment that person receives for the same expenses under any other AUTO liability or Uninsured Motorists Coverage provided by this policy.

How We Will Pay

At OUR option, WE may pay the injured person or the person or organization rendering the service. Such payment does not mean WE admit any liability on any INSURED'S part.

Examinations

As soon as possible, the injured person (or someone on their behalf) must give US a written proof of claim, under oath and signed if WE require. They will also execute any documents to have medical reports and records released to US, and to submit to physical examinations by physicians chosen by US, as often as WE deem necessary.


ENDORSEMENT NO. 096

THIS ENDORSEMENT NO. 096 CURRENTLY NOT APPLICABLE.  NUMBER RESERVED FOR FUTURE USE WITH APPROVED ENDORSEMENT.


ENDORSEMENT NO. 097
AUTO SERVICE FACILITY
COVERAGE PART 500

Definitions

The definition of AUTO is replaced by:

"AUTO" means a land motor vehicle, trailer or semi-trailer, designed for travel on public roads and includes its permanently attached equipment. "AUTO" does not include MOBILE EQUIPMENT.

The definition of MOBILE EQUIPMENT is added:

"MOBILE EQUIPMENT" means vehicles designed for use principally off public roads, those not required to be licensed, and AUTOS used solely on YOUR premises.  It includes, but is not limited to, bulldozers, power shovels, rollers, graders, scrapers, and any other road construction repair equipment, farm machinery, cranes, forklifts, pumps, generators, air compressors, drills, street sweepers, diggers, or vehicles used to provide mobility for any of these when permanently attached to the equipment.

The definition of AUTO HAZARD is replaced by:

"AUTO HAZARD" means:

1. the maintenance or use of a CUSTOMER'S AUTO;
2. the ownership, maintenance or use of MOBILE EQUIPMENT YOU own or which is in YOUR care, custody, or control and used for the purpose of YOUR garage business.

Exclusions

Exclusion J. is replaced by:

INJURY or COVERED POLLUTION DAMAGES arising out of, or in connection with, the ownership, maintenance, use, operation, loading, unloading or entrustment to others of any:

1. AUTO:

   a. that is a HAULAWAY;
   b. owned by, leased or rented to any INSURED;
   c. while operated in, or in practice or preparation for, any prearranged or organized race, rally, speed, demolition or competitive contest or stunting activity;
   d. while leased or rented by YOU to others;
   e. while being used as a taxi cab, bus, public livery vehicle, emergency ambulance, long haul public freight carrier or for carrying property for a charge;
   f. while being used to transport explosives, gasoline, liquefied petroleum gas or other volatile petroleum products.

2. MOBILE EQUIPMENT, while:

   a. rented, leased or loaned by YOU to others;
   b. being operated in, or in practice or preparation for, any prearranged or organized race, rally, speed, demolition or competitive contest or stunting activity; or to any snowmobile or trailer designed for use with it.

3. Watercraft

   a. over 35 feet in length;
   b. when used for non-business purposes by any INSURED, regardless of length;
   c. when rented, leased or loaned by YOU to others;
   d. while afloat over 50 nautical miles from the coastal shoreline of the 48 contiguous United States, the District of Columbia, or Canada;
   e. while operated in, or in practice or preparation for any prearranged or organized race, rally, speed, or competitive contest or stunting activity.

Parts J.2.b. and J.2.e. do not apply to participation in a prearranged or organized rally, except when INJURY or COVERED POLLUTION DAMAGES arise from a competitive timed event at such rally.

4. This exclusion applies even if:

   a. the INJURY or COVERED POLLUTION DAMAGES involves the entrustment to others of any AUTO or watercraft described in Exclusion J. that is owned by, operated by, rented to, or loaned to an INSURED; and
   b. the SUIT or claim against the INSURED alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that INSURED.

PAGE END-40    Copyright © 2007 Universal Underwriters Insurance Company    Unicover VI
Includes copyrighted material of Insurance Services Office, Inc. with its permission.    Edition 1-2007

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



ZURICH®

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

March 3, 2016

David Hurt
Regal Car Sales and Credit LLC
PO Box 471035
12718 E 55th St
Tulsa, OK 74147

RE: Claim Number: 9340012827
Insured: Regal Car Sales and Credit LLC
Claimant: Rickey L Henderson
Case No. 15AO-AC02085

**Universal Underwriters Ins Co**

**Programs**
PO Box 4034
Schaumburg, IL
60168-4034

Telephone: (800) 228-9283
Fax: (888) 515-1452
http://www.zurichna.com

Dear Mr. Hurt:

This will confirm our conversation regarding the available coverage for this lawsuit.

As I explained, the policy contains endorsement 0367 which excludes all operations related to the repossession of vehicles . Because the suit involves the alleged violation of the Uniform Commercial Code in regards to the repossession and sale of the plaintiff vehicle, the policy does not provide coverage for this act.

However, the policy does provide Customer Complaint Defense coverage (CCD) up to $25,000 with a $2,500 deductible.

Because this is a limited coverage, you have the right to select a defense firm or we can select one for you. Please provide me with your decision.

If you have any questions, please contact me and include our claim number on all forms of communication.

Sincerely,
Universal Underwriters Ins Co

*Patti Gay*

Patti Gay
patti.gay@zurichna.com

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Page 2

March 03, 2016

(404) 270-1932

Electronically Filed - Cole Circuit - Cole Circuit - May 11, 2026 - 04:10 PM

TWENTY-NINTH JUDICIAL CIRCUIT COURT
JASPER COUNTY, MISSOURI

RECEIVED AND FILED
KIMBERLY CLINTON, CIRCUIT CLERK

MAR 2 0 2026

JASPER COUNTY CIRCUIT COURT
JASPER COUNTY, MISSOURI

Saber Acceptance Company, LLC,                    )
                                                  )
    Plaintiff/Counterclaim-Defendant,         )
                                                  )
v.                                                )     Case No. 15AO-AC02085-01
                                                  )
RICKEY L. HENDERSON &                             )
JANE HENDERSON,                                   )
                                                  )
    Defendants/Counterclaimants.              )

## Final Judgment

Upon careful review, consideration of the record, and making an independent judicial investigation into the allegations and defenses of the parties, the record, and the evidence and arguments of counsel presented at the damages hearing held on March 10, 2026; and for good cause shown, the Court enters this Final Judgment. The Court's Findings and Conclusions as to Liability and Damages are below. This Final Judgment modifies any prior interlocutory order that is inconsistent with this Final Judgment. Rule 74.01(b). "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c).

### FINDINGS AND CONCLUSIONS

1. The final class definition ("Class") is all Missouri citizens Saber mailed a presale notice that stated "will or will not, as applicable." Excluded from the Class are all persons against whom Saber has obtained a deficiency judgment; who filed for Chapter 7 bankruptcy after the date on the presale notice and whose bankruptcy ended in discharge rather than dismissal; and who filed for Chapter 13 bankruptcy pending after the date on the presale notice and whose bankruptcy is still pending or ended in discharge rather than dismissal.

### Liability

2. Every Class member obtained financing for their collateral from Saber Acceptance Company, LLC ("Saber") primarily for personal, family, or household purposes.

3. Every Class member granted Saber a security interest in their collateral.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

4.      Hendersons alleged Saber wrongfully repossessed their collateral and the Class's collateral because Saber sent defective Right to Cure Notices before repossession. In the Court's May 29, 2025, the Court found in favor of Saber on the wrongful repossession claims and post-sale notice claims. However, the Court found in favor of Hendersons and the Class on the presale notice claims.

5.      After the repossession was complete and in connection with the sale of each Class member's collateral, Saber mailed Rickey L. Henderson and Jane Henderson ("Hendersons") the same form presale notices on the dates shown in Exhibit 1.

6.      Saber's form presale notice violated the UCC as to every Class member.

7.      Saber communicated deficiency balances regarding Hendersons and each Class member to consumer reporting agencies, and that information was thereafter disseminated to third parties through consumer credit reports. These communications falsely or misleadingly represented that such balances were lawfully owed and collectible and therefore constituted oral or written publication of material to third parties that slandered or libeled Hendersons and every Class member.

8.      Saber communicated deficiency balances regarding Hendersons and each Class member to consumer reporting agencies after repossession had occurred. These communications constituted separate acts of publication of information concerning Hendersons and the Class to third parties, distinct from any repossession activities or loan-servicing functions.

9.      The publication and dissemination of misleading deficiency information to third parties injured the credit reputation and personal reputation of Hendersons and every Class member, including harm to their credit worthiness, credit standing, credit capacity, character, and general reputation.

10.     The publication and dissemination of misleading deficiency information on every Class member's credit report were oral or written publication of material that to third parties slandered or libeled Hendersons and every Class member.

11.     The publication and dissemination of misleading deficiency information on every Class member's credit report were oral or written publication of material to third parties that invaded the class members' privacy rights.

12.     Saber's publication of any false, misleading, or inaccurate derogatory information on every Class member's credit report was not done with knowledge of its falsity.

2

13. The deficiency information relating to each Class member was maintained and republished by consumer reporting agencies to third-parties over time, and each time a consumer credit report containing that information was furnished to a third party, the defamatory and privacy-invading material was republished.

14. The evidence establishes that the deficiency information regarding each Class member was maintained by consumer reporting agencies and repeatedly communicated to third parties over multiple years whenever a credit report was requested or furnished. These repeated publications occurred on numerous occasions over time and were not confined to a single date or isolated event. Expert testimony established that negative information on a credit report may remain on consumer credit reports for many years, during which time such information may continue to be disseminated to third parties.

15. Each time a consumer reporting agency furnished a credit report containing the deficiency information regarding a Class member to a lender, creditor, employer, insurer, landlord, or other third party, the defamatory and privacy-invading information was republished and newly communicated to that third party.

16. The injuries suffered by Hendersons and the Class arose from the publication and republication of misleading deficiency information to third parties and the resulting reputational and privacy harms, and not from the repossession of collateral or the servicing or collection of loans themselves. Each such communication constituted a separate publication to a third party.

17. The reputational and privacy injuries suffered by Hendersons and the Class were caused by the communication of misleading deficiency information to third parties and the resulting harm to reputation and privacy interests, rather than by Saber's repossession activities or lending operations.

18. Saber's acts that violated the UCC as to every Class member required no professional skill.

19. Saber's acts that violated the UCC as to every Class member required no specialized knowledge, labor, or skill.

20. Saber did not intend to violate the UCC and did not intend injury to any Class member because Saber believed its notices and explanations were accurate, lawful, and contained no misrepresentations.

3

21. Saber did not know its UCC violations or its publication of information concerning Class members would violate their rights or inflict injury upon them.

22. Saber's acts that violated the UCC and lowering of Class members' credit scores caused personal bankruptcies for some Class members.

23. Saber's acts that violated the UCC and lowering of Class members' credit scores caused every Class member to suffer injuries, including: grief, shame, anger, disappointment, mental anguish, mental injury, fright, shock, worry, confusion, stress, anxiety, humiliation, embarrassment; and some or all of these physical manifestations of emotional distress, including an inability to focus, anxiety attacks, loss of appetite, inability to sleep, upset stomach/nausea, and medication for these.

24. Activities related to sending a presale notice or the publication of misleading deficiency information at issue here arise from statutory duties imposed by the UCC and operate independently of Saber's lending, credit-decision, or financial-services activities. Indeed, the "duties" imposed by the UCC that are at issue here "operate wholly independent of the parties' contractual obligations" under the loan agreement. *McDonald v. Wells Fargo Bank*, N.A., 374 F. Supp. 3d 462, 479 (W.D. Pa. 2019).

25. The acts and omissions by Saber include, but are not limited to, acts and omissions of Saber's officers, directors, operators, managers, supervisors, employees, affiliates, subsidiaries, vice-principals, partners, agents, servants, and owners; and that such acts and omissions were made with Saber's express and/or implied authority, or were ratified or otherwise approved by Saber; or that such acts or omissions were made in the routine normal course and scope of their agency and employment as Saber's officers, directors, operators, managers, supervisors, employees, affiliates, subsidiaries, vice-principals, partners, agents, servants, and owners.

### Damages

26. "Under UCC § 9-625(b) and (c), the consumer may recover actual damages or statutory damages, whichever is greater." National Consumer Law Center, Repossessions § 13.2.3.2 (10th ed. 2022). The Court finds Hendersons' and the Class's actual damages are greater than the statutory damages.

27. A secured party that violates the UCC is "liable for damages in the amount of *any loss* caused by a failure to comply with" Article 9. *See* 9-625(b). "The official comments state that actual damages should be measured as those reasonably calculated to put an eligible claimant in

4

the position that it would have occupied had no violation occurred." National Consumer Law Center, *Repossessions* § 13.2.3.2 (10th ed. 2022). The damages recoverable under § 9-625(b) include damages resulting from tortious injuries caused by the secured party's conduct, including defamation, libel, slander, invasion of privacy, reputational harm, and emotional distress. "This recovery should include not only direct damages … but consequential damages as well." *Id.* "Because of the broad language 'any loss,' emotional distress damages should be recoverable as well." *Id.*; *Osborne v. Minnesota Recovery Bureau, Inc.*, 2006 WL 1314420, at *3 (D. Minn. May 12, 2006).

> Actual damages include damages for personal humiliation, embarrassment, mental anguish and emotional distress. There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish or emotional distress. Mental and emotional suffering and distress pass under various names such as mental anguish, nervous shock and the like. It includes all highly unpleasant mental reactions such as fright or grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for the kind of law.

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011) (affirming $250,000 emotional distress damages award); *PNC Bank, N.A. v. Davis*, 631 F. Supp. 3d 253, 276 (D. Md. 2022) (noting "awards more typically range between $20,000 and $75,000" and concluding $50,000 "is commensurate with emotional distress damages awarded in other consumer protection cases.")

28.     As a direct and proximate result of the publication and republication of misleading deficiency information to third parties, invasion of privacy, and Saber's failure to comply with §§ 9-601 through 9-628, Hendersons and the Class suffered actual damages, including:

    a.   deprivation of rights granted under the UCC;

    b.   harm to credit worthiness, credit standing, credit capacity, character, and general reputation;

    c.   harm caused by defamation, slander and libel;

    d.   harm caused by invasion of privacy; and

    e.   other uncertain and hard-to-quantify actual damages.

5

29. Damages suffered by Hendersons and every Class member for their injuries include damages for Saber's oral and written publication of material that: (1) slandered and libeled every Class member, including oral and written publication of negative information to collection agencies, in UCC notices and explanations to third parties, to credit reporting agencies, and on credit reports; and (2) violated Hendersons's and every Class member's right of privacy. Personal injury damages include emotional distress. Restatement (Second) of Torts § 623 (1977); Restatement (Second) of Torts § 652H (1977). These damages are, by their very nature, not readily susceptible to quantification, and therefore, the Court is given very wide latitude in determining these kinds of damages. Where the damages cannot be calculated with mathematical certainty, the Court has liberal discretion in assessing damages. *Van Den Berk v. Com'n on Human Rights,* 26 S.W.3d 406, 413–14 (Mo. App. 2000). "Fair and reasonable compensation is the ultimate goal in awarding damages." *Id.* at 414. These damages also arise from reputational and privacy injuries caused by the publication of false and/or misleading credit information to third parties.

30. It is commonly known and accepted that practices violating statutory duties owed to consumers contribute to personal bankruptcies, marital instability, job losses, invasions of privacy, mental anguish, mental injury, humiliation, and many forms of emotional distress. *See, e.g.,* 15 U.S.C. § 1692(a) ("There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."); CFPB, *Fair Debt Collection Practices Act Annual Report,* at 3 (2012) ("Illegal collection practices cause substantial harm to consumers, who may pay amounts not owed, unintentionally waive their rights, suffer emotional distress, and experience invasions of privacy.")

31. Hendersons have also submitted evidence from experts that have analyzed injury for harm done to Class members by slander, libel, and invasion of privacy. The Court finds the evidence from the experts are by witnesses that are qualified as experts by knowledge, skill, experience, training, and education; relevant; reliable; and helps the Court understand the evidence and determine facts in issue.

32. The Court finds that the expert testimony establishes that harm to credit reputation and the presence of misleading derogatory information in consumer credit reports causes real and measurable economic injury to consumers.

33. The Court finds these damages are fair, adequate, and reasonable for the claims and injuries for Hendersons and each Class member:

    a. Economic injuries related to libel, slander, and invasion of privacy, including credit damage: $21,124.

    b. Non-economic injuries related to emotional distress damages caused by Saber's libel, slander, and invasion of privacy: $60,000.

    c. **Total: $81,124**

## RELIEF/AWARD

Based on the findings above, the Court enters judgment for Hendersons and every Class member:

1. Dismissing with prejudice Saber's claims against Hendersons.

2. Barring and enjoining Saber from collecting or recovering any alleged deficiency balances from Hendersons and each Class member and ordering Saber to remove any adverse credit information on each class member's consumer credit reports, including adverse credit information regarding deficiency balances.

3. Awarding Hendersons and each Class member:

    a. $21,124 for economic damages, such as credit damage, resulting from the injuries of libel, slander, and invasion of privacy;

    b. $60,000 for non-economic damages, including emotional distress, resulting from the injuries of libel, slander, and invasion of privacy;

    c. Attorney's fees of $56,462,304 (i.e. 40%) under § 408.562; and

    d. Post-judgment interest of 9%.

The Court therefore enters Final Judgment in favor of the Class and against Saber for $197,618,064, together with post judgment interest at 9% per annum. This Final Judgment disposes of all claims between Saber, Hendersons, and the Class. It resolves all claims against all parties. The Court expressly determines there is no just reason for delay under Missouri Rule of Civil Procedure 74.01.

## ADMINISTRATION

The Court retains jurisdiction for the administration and distribution of this Final Judgment as to the Class. The Hendersons may pursue collections individually for the benefit of the Class.

Class Counsel shall file a motion with the Court once it believes collection on this Final Judgment is completed or no longer practicable. The motion must include a proposed administration plan. Once collections are found completed or no longer practicable, the amount collected (less any service award for Hendersons and attorney's fees, expenses, and costs approved by the Court) shall be distributed by a class administrator approved by the Court ("Administrator") to the class members based on their prorated percentage of the damages on Exhibit 1 (rounded as necessary) and otherwise in accordance with the court-approved administration plan.

**IT IS SO ORDERED.**

Date: 3/20/26

Judge Nicole Marie Carlton

8

EXHIBIT 1

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

|  |  |  |  |  |  |  | $ 4,697,689.81 | $ 141,155,760.00 |
|---|---|---|---|---|---|---|---|---|
| Contract | Presale Notice Date | Finance Charge | | Amount Financed | Buyer | Co-Buyer | 9-625(c)(2) Damages | Defamation/Libel/Slander |
| x | 08/21/2007 | $ | 3,340.92 | $ 10,495.00 | Garner, Terri | | $ 4,390.42 | $ 81,124.00 |
| 13688 | 12/06/2007 | $ | 2,438.42 | $ 8,685.00 | Redburn, Bridget | | $ 3,306.92 | $ 81,124.00 |
| 701320R1 | 03/28/2008 | $ | 2,780.07 | $ 11,658.00 | BRADLEY, JOHN F | LAWSON, CRYSTAL L | $ 3,945.87 | $ 162,248.00 |
| 701278 | 04/11/2008 | $ | 1,871.64 | $ 11,213.70 | WOFFORD, ADRIENNE M | WOFFORD, ANDREW L | $ 2,993.01 | $ 162,248.00 |
| AC10668 | 05/12/2008 | $ | 2,190.54 | $ 7,599.43 | Daniel, Jeffrey | | $ 2,950.48 | $ 81,124.00 |
| 1071 | 10/07/2008 | $ | 2,279.31 | $ 10,658.00 | GRUBBS, ARISTA D | | $ 3,345.11 | $ 81,124.00 |
| 601046 | 10/07/2008 | $ | 1,077.03 | $ 7,859.00 | IOANIS, SENIORIDA | KOSMAS, DAMIAN | $ 1,862.93 | $ 162,248.00 |
| 1076 | 12/19/2008 | $ | 1,604.95 | $ 8,708.00 | CURRAN, BRENT D | | $ 2,475.75 | $ 81,124.00 |
| 14503 | 03/05/2009 | $ | 3,235.95 | $ 8,835.00 | McDonald, Vicky | | $ 4,119.45 | $ 81,124.00 |
| 12312 | 03/09/2009 | $ | 1,302.56 | $ 9,935.00 | Holman, Bryon | | $ 2,296.06 | $ 81,124.00 |
| 12808R | 07/10/2009 | $ | 1,715.18 | $ 6,000.00 | Martin, Viola | | $ 2,315.18 | $ 81,124.00 |
| 17829 | 08/11/2009 | $ | 2,007.58 | $ 8,400.00 | Marcella, Drake | | $ 2,847.58 | $ 81,124.00 |
| 16799 | 08/18/2009 | $ | 1,496.56 | $ 1,496.56 | Pielach, David | | $ 1,646.22 | $ 81,124.00 |
| 12819R | 08/31/2009 | $ | 1,139.52 | $ 10,885.00 | Paquin, Michael | | $ 2,228.02 | $ 81,124.00 |
| 16394 | 09/14/2009 | $ | 3,126.25 | $ 9,085.00 | Lambert, Anthony | | $ 4,034.75 | $ 81,124.00 |
| 18562 | 10/01/2009 | $ | 3,330.09 | $ 9,435.00 | Moore, William F. | | $ 4,273.59 | $ 81,124.00 |
| 17518R | 11/05/2009 | $ | 3,067.93 | $ 9,400.00 | Willhite, Justin | | $ 4,007.93 | $ 81,124.00 |
| 15957 | 12/02/2009 | $ | 1,385.80 | $ 12,053.10 | Talbott, Jeff | | $ 2,591.11 | $ 81,124.00 |
| 14381 | 12/10/2009 | $ | 1,431.23 | $ 9,935.00 | Ortiz, Jose | | $ 2,424.73 | $ 81,124.00 |
| 1102 | 12/14/2009 | $ | 2,198.57 | $ 12,508.00 | SECREST, SHELBY J | SECREST, BRIAN D | $ 3,449.37 | $ 162,248.00 |
| AC18262R | 01/04/2010 | $ | 1,322.57 | $ 5,206.60 | MARTIN, MICHELLE A | | $ 1,843.23 | $ 81,124.00 |
| 20544 | 01/06/2010 | $ | 2,522.61 | $ 8,000.00 | Ramirez, Breanna | | $ 3,322.61 | $ 81,124.00 |
| 18730 | 01/18/2010 | $ | 5,333.66 | $ 13,285.00 | Murray, Christopher | | $ 6,662.16 | $ 81,124.00 |
| 17381 | 01/18/2010 | $ | 3,095.23 | $ 9,100.00 | Armstrong-Starks, Lynnette | | $ 4,005.23 | $ 81,124.00 |
| 16238 | 01/25/2010 | $ | 3,619.35 | $ 10,390.00 | Holden, Bruce | | $ 4,658.35 | $ 81,124.00 |
| 18903 | 01/28/2010 | $ | 1,374.17 | $ 8,185.00 | Carter, Tom | | $ 2,192.67 | $ 81,124.00 |
| 16479R | 02/16/2010 | $ | 1,132.04 | $ 9,685.00 | Hopkins-Laky, Susan | | $ 2,100.54 | $ 81,124.00 |
| AC20305 | 02/19/2010 | $ | 765.05 | $ 6,159.12 | PERRY, DALE A | | $ 1,380.96 | $ 81,124.00 |
| 21591 | 03/16/2010 | $ | 1,685.54 | $ 7,485.00 | BUCHANAN, HAROLD SCOTT | SULLIVAN, MISTY L | $ 2,434.04 | $ 162,248.00 |
| 21643 | 03/29/2010 | $ | 2,864.54 | $ 9,370.64 | MCCLINTIC, SCOTT L | | $ 3,801.60 | $ 81,124.00 |
| ACX13445 | 04/09/2010 | $ | 2,391.39 | $ 10,398.05 | KINCAID, RAYMOND C | | $ 3,431.20 | $ 81,124.00 |
| 21328 | 04/26/2010 | $ | 4,005.52 | $ 12,900.00 | PATE, TRAVIS W | | $ 5,295.52 | $ 81,124.00 |
| 21902 | 04/30/2010 | $ | 4,538.68 | $ 11,085.00 | JONES, BRADLEY W | JONES, MARIA L | $ 5,647.18 | $ 162,248.00 |
| 21258 | 05/04/2010 | $ | 2,200.34 | $ 6,985.00 | DOWLER, GREGORY D | DOWLER, JOSH D | $ 2,898.84 | $ 162,248.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 17160R1 | 05/11/2010 | $ | 2,813.74 | $ | 8,085.00 | LAMMON, STEPHANIE J | | $ | 3,622.24 | $ | 81,124.00 |
| 21904 | 05/12/2010 | $ | 3,780.38 | $ | 10,800.00 | SCHREIER, DONALD G | | $ | 4,860.38 | $ | 81,124.00 |
| 21147 | 05/17/2010 | $ | 863.62 | $ | 5,685.00 | NEILL, STEVE L | | $ | 1,432.12 | $ | 81,124.00 |
| 21856 | 05/24/2010 | $ | 3,507.45 | $ | 9,085.00 | CASTRO HOWELL, JENNIFER L | LIWENA, MUNALULA | $ | 4,415.95 | $ | 162,248.00 |
| 18781R | 05/28/2010 | $ | 2,084.58 | $ | 10,785.00 | GRAVES, CHERIL E | | $ | 3,163.08 | $ | 81,124.00 |
| 17687R | 06/07/2010 | $ | 2,991.96 | $ | 7,785.00 | CAMERON, APRIL D | MCCARTY, ERIC J | $ | 3,770.46 | $ | 162,248.00 |
| 22352 | 06/09/2010 | $ | 2,765.97 | $ | 7,740.00 | WEBER, BARBARA L | | $ | 3,539.97 | $ | 81,124.00 |
| AC20025 | 06/11/2010 | $ | 568.93 | $ | 8,495.72 | ERVANS, SCOTT A | ERVANS, LAURIE A | $ | 1,418.50 | $ | 162,248.00 |
| 21871 | 06/22/2010 | $ | 4,785.03 | $ | 11,721.16 | BEAN, ANGELA JO | CRUMBY, SHAWNA LYNN | $ | 5,957.15 | $ | 162,248.00 |
| AC19350 | 06/23/2010 | $ | 2,101.80 | $ | 9,365.69 | LEIGHTON, ELYSE M | | $ | 3,038.37 | $ | 81,124.00 |
| 16457 | 06/24/2010 | $ | 2,408.73 | $ | 7,500.00 | ROBERTS, WILLIAM D | PARRISH, JESSICA R | $ | 3,158.73 | $ | 162,248.00 |
| 21462 | 06/28/2010 | $ | 2,203.86 | $ | 7,285.00 | LOESCH, SHARON KAY | WILLIAMS, LOYAL DEAN | $ | 2,932.36 | $ | 162,248.00 |
| 22218 | 07/09/2010 | $ | 2,594.14 | $ | 8,385.00 | WHEELER, WILLIAM A | | $ | 3,432.64 | $ | 81,124.00 |
| 21368 | 07/14/2010 | $ | 2,766.29 | $ | 8,985.00 | NIELSON, BRANDON J | | $ | 3,664.79 | $ | 81,124.00 |
| 21599 | 07/19/2010 | $ | 2,251.94 | $ | 7,500.00 | RITTER, CYNTHIA M | FINK, DANIEL A SR | $ | 3,001.94 | $ | 162,248.00 |
| 22183 | 07/23/2010 | $ | 3,625.22 | $ | 8,400.00 | MORRISON, GEORGIA D | | $ | 4,465.22 | $ | 81,124.00 |
| 18761 | 08/06/2010 | $ | 3,599.21 | $ | 9,885.00 | LEDET, DONNA R | LEDET, FELTON | $ | 4,587.71 | $ | 162,248.00 |
| 20848 | 08/12/2010 | $ | 3,879.45 | $ | 9,800.00 | ISLEY, LAURIE D | | $ | 4,859.45 | $ | 81,124.00 |
| 22295 | 08/13/2010 | $ | 2,757.85 | $ | 8,785.00 | HORINE, LISA J | | $ | 3,636.35 | $ | 81,124.00 |
| 22055 | 08/13/2010 | $ | 1,366.35 | $ | 13,485.00 | KEMPER, JOHN W | | $ | 2,714.85 | $ | 81,124.00 |
| 22575 | 08/16/2010 | $ | 741.37 | $ | 9,000.00 | HENDERSON, PHILLIP J | | $ | 1,641.37 | $ | 81,124.00 |
| 21852 | 08/18/2010 | $ | 994.33 | $ | 7,485.00 | TELENCIO, DAVID G | | $ | 1,742.83 | $ | 81,124.00 |
| 18449R | 08/20/2010 | $ | 298.23 | $ | 4,985.00 | GILLIAM, JASON L | GILLIAM, REBECCA L | $ | 796.73 | $ | 162,248.00 |
| 19015 | 08/24/2010 | $ | 1,113.30 | $ | 6,485.00 | Park, Nadya | | $ | 1,761.80 | $ | 81,124.00 |
| 20635 | 08/25/2010 | $ | 3,396.00 | $ | 12,100.00 | WILLIAMS, MARK L | | $ | 4,606.00 | $ | 81,124.00 |
| 17519R | 09/03/2010 | $ | 3,037.92 | $ | 8,285.00 | BRYANT'BAKER, ANA MAY | | $ | 3,866.42 | $ | 81,124.00 |
| 22660 | 09/07/2010 | $ | 1,953.92 | $ | 7,500.00 | WALLACE, CHAD A | | $ | 2,703.92 | $ | 81,124.00 |
| 21722 | 09/10/2010 | $ | 1,268.65 | $ | 13,085.00 | BLACKWELL, JAMES D | | $ | 2,577.15 | $ | 81,124.00 |
| 22385 | 09/10/2010 | $ | 2,799.82 | $ | 10,885.00 | MINCKS, KRISTIN L | | $ | 3,888.32 | $ | 81,124.00 |
| 21952 | 09/10/2010 | $ | 1,167.92 | $ | 11,590.00 | RILEY, JOHN A | CHILDS, SYNTHIA M | $ | 2,326.92 | $ | 162,248.00 |
| 21808 | 09/13/2010 | $ | 855.80 | $ | 9,485.00 | THOMPSON, RUSTY A | MILLER, KRISTIN N | $ | 1,804.30 | $ | 162,248.00 |
| 22415 | 09/15/2010 | $ | 3,238.63 | $ | 9,600.00 | STEWART, SANDRA K | STEWART, RYAN M | $ | 4,198.63 | $ | 162,248.00 |
| 21524 | 09/16/2010 | $ | 2,962.68 | $ | 8,485.00 | ERICKSON-MINICK, BOBBI D | | $ | 3,811.18 | $ | 81,124.00 |
| 22186 | 09/24/2010 | $ | 2,868.41 | $ | 7,985.00 | HEDGES, GARY | SIMPSON, RENEE L | $ | 3,666.91 | $ | 162,248.00 |
| 24069 | 09/25/2010 | $ | 592.68 | $ | 6,785.00 | MASTERS, CARRIE F | GREER, NOAH S | $ | 1,271.18 | $ | 162,248.00 |
| 22454 | 09/29/2010 | $ | 1,876.23 | $ | 10,000.66 | RAGLAND, TANYETA M | | $ | 2,876.30 | $ | 81,124.00 |
| 21532 | 10/06/2010 | $ | 1,668.60 | $ | 8,985.00 | TAYLOR-BLEVINS, MARY C | | $ | 2,567.10 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 20353 | 10/08/2010 | $ | 2,391.39 | $ | 10,398.05 | GARCIA, ANDREA | DAVILA, JAVIER | $ | 3,431.20 | $ | 162,248.00 |
| 20351R | 10/11/2010 | $ | 2,324.33 | $ | 6,985.00 | POELZL, DAVID K | POELZL, TIANA L | $ | 3,022.83 | $ | 162,248.00 |
| 21789 | 10/14/2010 | $ | 1,486.54 | $ | 4,485.00 | DILDAY, TERESA L | | $ | 1,935.04 | $ | 81,124.00 |
| 22606 | 10/27/2010 | $ | 3,094.18 | $ | 9,485.00 | BLAZIER, SHAINE E | | $ | 4,042.68 | $ | 81,124.00 |
| 17839R | 10/28/2010 | $ | 2,645.55 | $ | 9,285.00 | HILL, MELISSA L | | $ | 3,574.05 | $ | 81,124.00 |
| 22414 | 11/08/2010 | $ | 3,151.06 | $ | 8,785.00 | CLOUD, TERRY R | | $ | 4,029.56 | $ | 81,124.00 |
| 23439 | 11/17/2010 | $ | 2,740.15 | $ | 10,485.00 | COACH, STACEY L | | $ | 3,788.65 | $ | 81,124.00 |
| 22518 | 11/22/2010 | $ | 1,194.38 | $ | 8,485.00 | GERBER, DAVID A | | $ | 2,042.88 | $ | 81,124.00 |
| 23689 | 11/22/2010 | $ | 3,005.67 | $ | 13,485.00 | WALL, DAVID D | | $ | 4,354.17 | $ | 81,124.00 |
| 22683 | 11/23/2010 | $ | 3,766.29 | $ | 10,885.00 | KENYON, DANIELLE | TYLER, JESSICA | $ | 4,854.79 | $ | 162,248.00 |
| 21723 | 11/24/2010 | $ | 3,644.10 | $ | 10,385.00 | WOODWARD, TYE L | CHRISTENSEN, BRIAN D | $ | 4,682.60 | $ | 162,248.00 |
| 24179 | 11/29/2010 | $ | 1,306.63 | $ | 6,785.00 | MATTHEWS, ANGELINE H | | $ | 1,985.13 | $ | 81,124.00 |
| 19601 | 11/29/2010 | $ | 2,092.16 | $ | 8,185.00 | NIELSEN, PAMELA S | | $ | 2,910.66 | $ | 81,124.00 |
| 23053 | 11/30/2010 | $ | 2,602.15 | $ | 10,885.00 | ANNIS, KENNETH C | ANNIS, DIXIE J | $ | 3,690.65 | $ | 162,248.00 |
| 21601 | 12/01/2010 | $ | 2,402.47 | $ | 7,585.00 | WINCHESTER, MICHELLE M | | $ | 3,160.97 | $ | 81,124.00 |
| 23409 | 12/03/2010 | $ | 2,292.95 | $ | 7,785.00 | HYLTON, JOYCE A | | $ | 3,071.45 | $ | 81,124.00 |
| 18934 | 12/03/2010 | $ | 2,028.11 | $ | 7,985.00 | TUCKER, FORREST ANTHONY | | $ | 2,826.61 | $ | 81,124.00 |
| 22523 | 12/03/2010 | $ | 3,910.09 | $ | 8,785.00 | VICTOR, GORDON G | VICTOR, SHALISHA J | $ | 4,788.59 | $ | 162,248.00 |
| 22389 | 12/06/2010 | $ | 2,391.39 | $ | 10,398.05 | MCKNIGHT, BRANDEY K | | $ | 3,431.20 | $ | 81,124.00 |
| 20641R1 | 12/06/2010 | $ | 1,094.10 | $ | 5,085.00 | ROBINSON, MARK A JR | | $ | 1,602.60 | $ | 81,124.00 |
| 23793 | 12/13/2010 | $ | 1,454.11 | $ | 5,785.00 | FAUSEY, DONALD C | | $ | 2,032.61 | $ | 81,124.00 |
| 21376 | 12/15/2010 | $ | 2,687.25 | $ | 8,200.00 | Webb, Johnny | White, Peggy | $ | 3,507.25 | $ | 162,248.00 |
| 22215 | 12/23/2010 | $ | 2,391.39 | $ | 10,398.05 | STEPHENS, PHILLIP G | STEPHENS, KATHARINE P | $ | 3,431.20 | $ | 162,248.00 |
| 22185 | 12/27/2010 | $ | 1,825.90 | $ | 11,979.34 | ROWDEN, ANGELA D | | $ | 3,023.83 | $ | 81,124.00 |
| 23688 | 12/27/2010 | $ | 1,793.24 | $ | 6,685.00 | STOLICHNAYA, NATALE | | $ | 2,461.74 | $ | 81,124.00 |
| 20723 | 12/28/2010 | $ | 2,391.39 | $ | 10,398.05 | HARBOUR, GARY D | | $ | 3,431.20 | $ | 81,124.00 |
| 23622 | 12/29/2010 | $ | 2,652.65 | $ | 10,785.00 | METCALF, EMILY R | MOSER, JESSE J | $ | 3,731.15 | $ | 162,248.00 |
| 23461 | 12/30/2010 | $ | 3,586.07 | $ | 12,800.00 | THOMPSON, ZACHARY M | | $ | 4,866.07 | $ | 81,124.00 |
| 22219 | 12/31/2010 | $ | 3,403.51 | $ | 8,885.00 | WATTS, LESTER D | | $ | 4,292.01 | $ | 81,124.00 |
| 20354 | 01/05/2011 | $ | 2,608.15 | $ | 8,585.00 | STAFFORD, GARY W JR | YOUNT, SONYA L | $ | 3,466.65 | $ | 162,248.00 |
| 22609 | 01/11/2011 | $ | 4,523.68 | $ | 11,185.00 | SMITH, LEMUEL L | SMITH, GEORGIA ANN | $ | 5,642.18 | $ | 162,248.00 |
| 22413 | 01/13/2011 | $ | 1,312.15 | $ | 12,985.00 | BATES, JAMES W | | $ | 2,610.65 | $ | 81,124.00 |
| 18216R | 01/13/2011 | $ | 1,399.59 | $ | 6,285.00 | GADDY, SHANE R | | $ | 2,028.09 | $ | 81,124.00 |
| 23282 | 01/13/2011 | $ | 2,609.88 | $ | 9,400.00 | ROSS, MICHAEL E | PHILLIPS, ERIC S | $ | 3,549.88 | $ | 162,248.00 |
| 22667 | 01/14/2011 | $ | 2,175.95 | $ | 13,785.00 | GARRISON, MARK S | GARRISON, ERIN G | $ | 3,554.45 | $ | 162,248.00 |
| AC20446 | 01/17/2011 | $ | 1,613.50 | $ | 11,200.00 | FANNING, KEVIN L | | $ | 2,733.50 | $ | 81,124.00 |
| 22297 | 01/20/2011 | $ | 2,854.16 | $ | 9,485.00 | BAYSINGER, TONYA W | | $ | 3,802.66 | $ | 81,124.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 20636 | 01/24/2011 | $ | 3,294.81 | $ | 11,600.00 | BURTON, JEFFREY W | JARAMILLO, TIFFANY D | $ | 4,454.81 | $ | 162,248.00 |
| 24552 | 01/25/2011 | $ | 1,295.36 | $ | 6,085.00 | CLARKE, JOSEPHINE | WILLIAMS, ALBERT L | $ | 1,903.86 | $ | 162,248.00 |
| 22293 | 01/27/2011 | $ | 2,870.72 | $ | 9,785.00 | RAMIREZ, KRYSTAL G | | $ | 3,849.22 | $ | 81,124.00 |
| 23204 | 01/28/2011 | $ | 2,391.39 | $ | 10,398.05 | HASH, JEDEDIAH V | | $ | 3,431.20 | $ | 81,124.00 |
| 23013 | 01/28/2011 | $ | 970.46 | $ | 10,385.00 | SIMPSON, LARRY A | BUDD, MARGARET KAY | $ | 2,008.96 | $ | 162,248.00 |
| 19182 | 01/31/2011 | $ | 2,494.47 | $ | 9,585.00 | HEATH-BREWER-SHAFER, TAUNIE M | | $ | 3,452.97 | $ | 81,124.00 |
| 23738 | 01/31/2011 | $ | 1,989.90 | $ | 7,985.00 | MCINTYRE, TIJUANA L | | $ | 2,788.40 | $ | 81,124.00 |
| 21790 | 02/04/2011 | $ | 2,365.54 | $ | 7,485.00 | HOLLAR, JOSHUA E | | $ | 3,114.04 | $ | 81,124.00 |
| 24505 | 02/07/2011 | $ | 1,284.82 | $ | 7,785.00 | MARTIN, DONNA L | | $ | 2,063.32 | $ | 81,124.00 |
| 24313 | 02/07/2011 | $ | 2,139.03 | $ | 10,785.00 | SEXTON, SHERRY S | | $ | 3,217.53 | $ | 81,124.00 |
| 24731 | 02/11/2011 | $ | 1,952.25 | $ | 7,225.00 | DOMIGAN, SIERRA S | | $ | 2,674.75 | $ | 81,124.00 |
| 23963 | 02/17/2011 | $ | 936.28 | $ | 9,585.00 | JAMES, JACOB A | | $ | 1,894.78 | $ | 81,124.00 |
| 22812 | 02/18/2011 | $ | 3,085.07 | $ | 11,085.00 | GAGE, TROY E | | $ | 4,193.57 | $ | 81,124.00 |
| AC23006 | 02/18/2011 | $ | 1,622.34 | $ | 10,885.00 | HILTON, JAMES L | | $ | 2,710.84 | $ | 81,124.00 |
| 23612 | 02/18/2011 | $ | 3,260.07 | $ | 10,485.00 | RIDDICK, TOMMY D JR | | $ | 4,308.57 | $ | 81,124.00 |
| 23473 | 02/21/2011 | $ | 4,242.82 | $ | 12,485.00 | ECK, CAROL A | | $ | 5,491.32 | $ | 81,124.00 |
| 18781R1 | 02/22/2011 | $ | 3,450.57 | $ | 10,285.00 | ELLIS, PATTIE L | | $ | 4,479.07 | $ | 81,124.00 |
| 22349 | 02/22/2011 | $ | 3,896.95 | $ | 13,285.00 | JOHNSON, EVELYN D | JOHNSON, RONALD JR | $ | 5,225.45 | $ | 162,248.00 |
| 22513 | 02/22/2011 | $ | 1,199.25 | $ | 4,985.00 | REEVES, SHANNON L | | $ | 1,697.75 | $ | 81,124.00 |
| 20412R | 02/23/2011 | $ | 4,051.01 | $ | 11,485.00 | LEWIS, GLYNN V | | $ | 5,199.51 | $ | 81,124.00 |
| 22474 | 02/23/2011 | $ | 3,037.54 | $ | 7,985.00 | LEWSADER, HOLLY L | | $ | 3,836.04 | $ | 81,124.00 |
| 19601R | 02/24/2011 | $ | 1,341.37 | $ | 6,285.00 | HALE, JEFFREY S | | $ | 1,969.87 | $ | 81,124.00 |
| 23711 | 02/25/2011 | $ | 2,987.71 | $ | 10,385.00 | RAMEY, KEVIN P | | $ | 4,026.21 | $ | 81,124.00 |
| 21829R1 | 02/28/2011 | $ | 1,308.31 | $ | 5,785.00 | JESTICE, THOMAS B | MURPHY, ANNETTE M | $ | 1,886.81 | $ | 162,248.00 |
| 23408 | 03/07/2011 | $ | 1,937.88 | $ | 6,985.00 | ATTEBURY, JOHN T | FRUIT, DORIS J | $ | 2,636.38 | $ | 162,248.00 |
| 22668 | 03/08/2011 | $ | 3,194.32 | $ | 13,585.00 | MURPHY, DIANE L | | $ | 4,552.82 | $ | 81,124.00 |
| 22516 | 03/15/2011 | $ | 2,920.28 | $ | 9,000.00 | TAYLOR, GEORGIA M | | $ | 3,820.28 | $ | 81,124.00 |
| 23410 | 03/18/2011 | $ | 3,825.51 | $ | 12,445.00 | OFFILL, JORDAN R | | $ | 5,070.01 | $ | 81,124.00 |
| 19973AC | 03/28/2011 | $ | 2,391.39 | $ | 10,398.05 | GREENWELL, BECKY L | GREENWELL, JASON W | $ | 3,431.20 | $ | 162,248.00 |
| 21788 | 03/31/2011 | $ | 2,533.91 | $ | 8,185.00 | GONZALEZ, BOBBY A | WHITAKER, MARIA L | $ | 3,352.41 | $ | 162,248.00 |
| 23154 | 04/07/2011 | $ | 2,391.39 | $ | 10,398.05 | BRAKER, RYAN D | BRAKER, SHEENA | $ | 3,431.20 | $ | 162,248.00 |
| 24410 | 04/19/2011 | $ | 2,510.08 | $ | 11,385.00 | CIRILLO, JOHN ROBERT JR | | $ | 3,648.58 | $ | 81,124.00 |
| 25595 | 04/27/2011 | $ | 2,507.56 | $ | 9,985.00 | WILSON, CAROL L. | | $ | 3,506.06 | $ | 81,124.00 |
| 24727 | 04/29/2011 | $ | 2,391.39 | $ | 10,398.05 | JOINER, ORLANDO M | | $ | 3,431.20 | $ | 81,124.00 |
| 25664 | 05/03/2011 | $ | 2,751.38 | $ | 10,185.00 | SAUNDERS, ADAM J | | $ | 3,769.88 | $ | 81,124.00 |
| 24404 | 05/04/2011 | $ | 2,718.37 | $ | 9,585.00 | BOOTH, MEGAN C | BOOTH, AARON L | $ | 3,676.87 | $ | 162,248.00 |
| 22145 | 05/06/2011 | $ | 3,163.67 | $ | 9,185.00 | BROWN, SHAUN M | | $ | 4,082.17 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 24131 | 05/06/2011 | $ | 3,606.54 | $ | 7,285.00 | HUFF, NATHAN D | | $ | 4,335.04 | $ | 81,124.00 |
| 21521 | 05/09/2011 | $ | 3,545.40 | $ | 13,884.79 | SIMPSON, LYNDA D | | $ | 4,933.88 | $ | 81,124.00 |
| 21724 | 05/10/2011 | $ | 3,777.42 | $ | 10,885.00 | LONG, EDWARD J | | $ | 4,865.92 | $ | 81,124.00 |
| 22622 | 05/17/2011 | $ | 2,187.61 | $ | 7,785.00 | HARDWICK, BRANDON T | | $ | 2,966.11 | $ | 81,124.00 |
| 23315R | 05/18/2011 | $ | 1,079.03 | $ | 11,085.00 | BUSH, JAY C JR | | $ | 2,187.53 | $ | 81,124.00 |
| 18204R1 | 05/20/2011 | $ | 2,391.39 | $ | 10,398.05 | LECK, STEPHEN H | | $ | 3,431.20 | $ | 81,124.00 |
| 21901 | 05/20/2011 | $ | 4,224.22 | $ | 13,299.00 | THORNHILL, BRENT R | LONG, AMY J | $ | 5,554.12 | $ | 162,248.00 |
| 20718 | 05/23/2011 | $ | 2,391.39 | $ | 10,398.05 | BEAL, JAMES E | | $ | 3,431.20 | $ | 81,124.00 |
| 25843 | 05/25/2011 | $ | 1,826.70 | $ | 7,785.00 | VAN VLEET, TIMOTHY A | MYERS, KRYSTAL M | $ | 2,605.20 | $ | 162,248.00 |
| 24570 | 05/31/2011 | $ | 1,993.53 | $ | 7,985.00 | EVANS, CHRISTINA M | EVANS, ADAM C | $ | 2,792.03 | $ | 162,248.00 |
| 22348 | 06/01/2011 | $ | 3,951.02 | $ | 11,285.00 | MAGGARD, MICHELLE R | | $ | 5,079.52 | $ | 81,124.00 |
| AC23205 | 06/08/2011 | $ | 2,325.78 | $ | 11,185.00 | BURNSIDE, MICHAEL A | | $ | 3,444.28 | $ | 81,124.00 |
| 24644 | 06/10/2011 | $ | 1,940.25 | $ | 7,785.00 | ROUGHTON, ROBIN D | | $ | 2,718.75 | $ | 81,124.00 |
| 21905 | 06/16/2011 | $ | 2,051.64 | $ | 10,164.76 | DEARING, LARISSA D | WHITELEY, FRANKIE L | $ | 3,068.12 | $ | 162,248.00 |
| 23345 | 06/17/2011 | $ | 4,037.93 | $ | 11,185.00 | BONNER, KEVIN J | | $ | 5,156.43 | $ | 81,124.00 |
| 24735 | 06/20/2011 | $ | 2,302.26 | $ | 9,085.00 | LANKFORD, TRACEY L. | | $ | 3,210.76 | $ | 81,124.00 |
| 23350 | 06/20/2011 | $ | 2,695.34 | $ | 8,785.00 | ROBERTSON, SHILAH N | | $ | 3,573.84 | $ | 81,124.00 |
| 22185R | 06/23/2011 | $ | 3,066.03 | $ | 10,185.00 | COLBERT, JACKLYNN S | | $ | 4,084.53 | $ | 81,124.00 |
| 25677 | 06/24/2011 | $ | 1,303.52 | $ | 9,485.00 | SMITH, ALICIA J | | $ | 2,252.02 | $ | 81,124.00 |
| 21642 | 06/27/2011 | $ | 2,050.19 | $ | 6,500.00 | OXENDINE, SAMANTHA LEIGH | DURALL, DAVID LEE II | $ | 2,700.19 | $ | 162,248.00 |
| 22683R | 06/28/2011 | $ | 2,686.79 | $ | 10,085.00 | FOREMAN, ROBERT W | | $ | 3,695.29 | $ | 81,124.00 |
| 23543 | 07/01/2011 | $ | 2,391.39 | $ | 10,398.05 | MONTGOMERY, LORI L | | $ | 3,431.20 | $ | 81,124.00 |
| 25754 | 07/11/2011 | $ | 1,920.12 | $ | 7,785.00 | PARGEON, CHARLES J | | $ | 2,698.62 | $ | 81,124.00 |
| 26004 | 07/13/2011 | $ | 1,366.93 | $ | 6,235.00 | CARLSON, GRANT J | | $ | 1,990.43 | $ | 81,124.00 |
| 24177 | 07/14/2011 | $ | 1,168.57 | $ | 11,900.00 | ULCH, CHARLES G | | $ | 2,358.57 | $ | 81,124.00 |
| 25264 | 07/14/2011 | $ | 2,029.55 | $ | 8,085.00 | VEST, TONY K | | $ | 2,838.05 | $ | 81,124.00 |
| 25829 | 07/20/2011 | $ | 1,309.31 | $ | 8,085.00 | HARRELSON, TODD A. | | $ | 2,117.81 | $ | 81,124.00 |
| 24873 | 07/29/2011 | $ | 2,391.39 | $ | 10,398.05 | JONES, WILLIAM J | SALES, CAROLINE D | $ | 3,431.20 | $ | 162,248.00 |
| 24924 | 08/01/2011 | $ | 1,553.82 | $ | 6,785.00 | JOINER, KARLA A | | $ | 2,232.32 | $ | 81,124.00 |
| 23206 | 08/03/2011 | $ | 2,329.24 | $ | 6,485.00 | PAYNE, CHRISTINA I | | $ | 2,977.74 | $ | 81,124.00 |
| 24651 | 08/04/2011 | $ | 2,663.16 | $ | 9,900.00 | COOPER, KEM F | | $ | 3,653.16 | $ | 81,124.00 |
| 24649 | 08/04/2011 | $ | 2,719.61 | $ | 10,085.00 | KIRKLAND, STEVEN L | | $ | 3,728.11 | $ | 81,124.00 |
| 25535 | 08/08/2011 | $ | 1,904.92 | $ | 8,585.00 | BROCKITT, FLOYD F. | | $ | 2,763.42 | $ | 81,124.00 |
| 26383 | 08/08/2011 | $ | 1,165.53 | $ | 7,485.00 | WALKER, NORA K. | | $ | 1,914.03 | $ | 81,124.00 |
| 25418 | 08/09/2011 | $ | 1,554.53 | $ | 7,785.00 | FULMER, LINDA K | HASTINGS, STEVEN | $ | 2,333.03 | $ | 162,248.00 |
| 19601R1 | 08/10/2011 | $ | 1,988.80 | $ | 7,285.00 | BOXLEY, ELDON T | DECKARD, THALIA A | $ | 2,717.30 | $ | 162,248.00 |
| 26121 | 08/10/2011 | $ | 2,575.09 | $ | 9,585.00 | BROWER, SHAWN R | | $ | 3,533.59 | $ | 81,124.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 22137R | 08/10/2011 | $ | 2,697.18 | $ | 9,385.00 | RACE, CHRISTOPHER M | | $ | 3,635.68 | $ | 81,124.00 |
| 26204 | 08/11/2011 | $ | 1,952.77 | $ | 8,400.00 | GOEBEL, CHRIS A | | $ | 2,792.77 | $ | 81,124.00 |
| 26245 | 08/11/2011 | $ | 1,603.46 | $ | 6,985.00 | STRUNK, JUSTIN D | | $ | 2,301.96 | $ | 81,124.00 |
| 25182 | 08/11/2011 | $ | 2,178.07 | $ | 8,082.00 | THIEM, DANIEL G JR | ANTUNEZ-THIEM, STEPHANIE L | $ | 2,986.27 | $ | 162,248.00 |
| 25415 | 08/18/2011 | $ | 1,528.27 | $ | 7,085.00 | BRIGHT, KRISTY K | | $ | 2,236.77 | $ | 81,124.00 |
| 23857 | 08/22/2011 | $ | 2,391.39 | $ | 10,398.05 | MARSHALL, THERESA C | | $ | 3,431.20 | $ | 81,124.00 |
| 25095 | 08/23/2011 | $ | 5,275.14 | $ | 15,500.00 | NORTON, JASON G | | $ | 6,825.14 | $ | 81,124.00 |
| 24850 | 08/23/2011 | $ | 1,792.36 | $ | 9,085.00 | VETTER, KIMBERLY S | | $ | 2,700.86 | $ | 81,124.00 |
| 23742 | 08/24/2011 | $ | 1,591.33 | $ | 13,985.00 | WALLEN, THOMAS L | | $ | 2,989.83 | $ | 81,124.00 |
| 26795 | 08/25/2011 | $ | 1,438.89 | $ | 8,085.00 | MAHONEY, JEREMY M | | $ | 2,247.39 | $ | 81,124.00 |
| 23687 | 08/26/2011 | $ | 2,391.39 | $ | 10,398.05 | TRESSLER, ANDREA D | | $ | 3,431.20 | $ | 81,124.00 |
| 23413 | 09/01/2011 | $ | 4,187.29 | $ | 12,385.00 | COTNER, CALOB A | | $ | 5,425.79 | $ | 81,124.00 |
| 24317 | 09/01/2011 | $ | 2,983.76 | $ | 9,985.00 | LOCKE, JOSHUA A | | $ | 3,982.26 | $ | 81,124.00 |
| 25625AC | 09/06/2011 | $ | 2,851.00 | $ | 9,920.39 | SABLAN, GINA MARIE Y | SABLAN, CONSEPSION Y | $ | 3,843.04 | $ | 162,248.00 |
| 20291 | 09/07/2011 | $ | 1,853.27 | $ | 7,485.00 | DILLARD, EVELYN L | | $ | 2,601.77 | $ | 81,124.00 |
| 26903 | 09/12/2011 | $ | 1,443.92 | $ | 6,785.00 | FINCHER, MELVIN J | KELLY, KIMBERLEY S | $ | 2,122.42 | $ | 162,248.00 |
| 26768 | 09/12/2011 | $ | 1,416.58 | $ | 6,785.00 | LAWSON, DAVID W | HEINLEIN, JENNIFER D | $ | 2,095.08 | $ | 162,248.00 |
| 26269 | 09/14/2011 | $ | 2,546.87 | $ | 8,085.00 | KINNEY, TANYA M | | $ | 3,355.37 | $ | 81,124.00 |
| 25420 | 09/14/2011 | $ | 2,635.69 | $ | 9,585.00 | SCROGGINS, ASHLEY E. | SCROGGINS, SUSAN E | $ | 3,594.19 | $ | 162,248.00 |
| 21849 | 09/15/2011 | $ | 2,534.92 | $ | 9,500.00 | COOPER, GAIL R | | $ | 3,484.92 | $ | 81,124.00 |
| 23203 | 09/15/2011 | $ | 3,862.19 | $ | 12,385.00 | MEDLOCK, STACEY D. | | $ | 5,100.69 | $ | 81,124.00 |
| 26003 | 09/16/2011 | $ | 3,254.32 | $ | 11,600.00 | EAGLEBURGER, LORI A | EAGLEBURGER, BRADLEY K | $ | 4,414.32 | $ | 162,248.00 |
| 25005 | 09/16/2011 | $ | 1,376.27 | $ | 13,285.00 | PEACOCK, LYNN J | DEWALL, PATRICIA J | $ | 2,704.77 | $ | 162,248.00 |
| 25262 | 09/20/2011 | $ | 2,203.26 | $ | 9,250.00 | COULSON, SHANNON L | | $ | 3,128.26 | $ | 81,124.00 |
| 25805 | 09/20/2011 | $ | 2,153.02 | $ | 9,385.00 | HARVEY, CHARLES D JR | | $ | 3,091.52 | $ | 81,124.00 |
| AC22610 | 09/20/2011 | $ | 264.82 | $ | 3,960.49 | HYETT, MICHAEL D | HYETT, TRACY LYNN | $ | 660.87 | $ | 162,248.00 |
| 21902R | 09/21/2011 | $ | 4,420.59 | $ | 11,185.00 | YOCUM, TAMARA M | YOCUM, ADAM B | $ | 5,539.09 | $ | 162,248.00 |
| 26628 | 09/22/2011 | $ | 1,801.61 | $ | 11,685.00 | JEFFERSON, HERBERT T | | $ | 2,970.11 | $ | 81,124.00 |
| AC18317R | 09/23/2011 | $ | 2,391.39 | $ | 10,398.05 | ARMER, JONI L | | $ | 3,431.20 | $ | 81,124.00 |
| 23580R | 09/27/2011 | $ | 1,501.79 | $ | 6,785.00 | BARLETT, KAREN D. | | $ | 2,180.29 | $ | 81,124.00 |
| 25261 | 09/27/2011 | $ | 2,945.60 | $ | 11,585.00 | BOOTH, AARON L | BOOTH, MEGAN C | $ | 4,104.10 | $ | 162,248.00 |
| 26307 | 09/27/2011 | $ | 1,475.63 | $ | 8,585.00 | LAKE, RECINDA S | MORRIS, NICOLE L | $ | 2,334.13 | $ | 162,248.00 |
| 24319 | 09/27/2011 | $ | 2,669.76 | $ | 9,985.00 | WHITTENBURG, EUGENE K | WILSON, MICHELLE A | $ | 3,668.26 | $ | 162,248.00 |
| 25804 | 10/05/2011 | $ | 2,022.70 | $ | 10,785.00 | DAKE, ERIC R | | $ | 3,101.20 | $ | 81,124.00 |
| 23474R | 10/05/2011 | $ | 3,833.23 | $ | 12,185.00 | MOELLER, JEFFREY W | MOELLER, GLENDA R | $ | 5,051.73 | $ | 162,248.00 |
| 25523 | 10/06/2011 | $ | 1,900.52 | $ | 7,785.00 | WILLIAMS, JAMES J | | $ | 2,679.02 | $ | 81,124.00 |
| 24181R | 10/06/2011 | $ | 1,277.80 | $ | 6,585.00 | WITT, BRENNA J | | $ | 1,936.30 | $ | 81,124.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 22348R | 10/10/2011 | $ 2,855.21 | $ 9,585.00 | Stafford, Timothy | | $ 3,813.71 | $ 81,124.00 |
| 24767 | 10/10/2011 | $ 3,449.93 | $ 10,700.00 | CLEMONS, KARLA K | CLEMONS, CHARLES R | $ 4,519.93 | $ 162,248.00 |
| 25664R | 10/10/2011 | $ 2,628.23 | $ 9,900.00 | MURRAY, ERIN A | | $ 3,618.23 | $ 81,124.00 |
| 26714 | 10/10/2011 | $ 3,317.10 | $ 11,485.00 | MURRAY, SUZI | | $ 4,465.60 | $ 81,124.00 |
| 26852 | 10/11/2011 | $ 3,273.63 | $ 12,200.00 | ROARK, JERRY L. | | $ 4,493.63 | $ 81,124.00 |
| 26792 | 10/12/2011 | $ 2,686.79 | $ 10,085.00 | ADAMS, ANGELA D | | $ 3,695.29 | $ 81,124.00 |
| 26104 | 10/13/2011 | $ 3,202.73 | $ 11,900.00 | HOFMANN, AMBER M | | $ 4,392.73 | $ 81,124.00 |
| 26898 | 10/13/2011 | $ 2,769.34 | $ 9,900.00 | MARTIN, STACIE L | | $ 3,759.34 | $ 81,124.00 |
| 24848 | 10/13/2011 | $ 3,235.34 | $ 11,985.00 | TODD, TIMOTHY M | | $ 4,433.84 | $ 81,124.00 |
| 25073 | 10/14/2011 | $ 1,472.07 | $ 14,185.00 | MOORE, ALISON M | ELLIOT, CHARLES J | $ 2,890.57 | $ 162,248.00 |
| 26311 | 10/17/2011 | $ 1,865.74 | $ 7,785.00 | SMITH, ANNA M | | $ 2,644.24 | $ 81,124.00 |
| 25093 | 10/19/2011 | $ 1,957.38 | $ 7,785.00 | VANDERPOOL, PEPPER A | | $ 2,735.88 | $ 81,124.00 |
| 26804 | 10/20/2011 | $ 4,082.53 | $ 12,485.00 | DOCKERY, HAZEL I | TAYLOR, CHARLENE K | $ 5,331.03 | $ 162,248.00 |
| 27182 | 10/20/2011 | $ 1,878.06 | $ 8,085.00 | GIBBINS, RANDY E. | THORNBERRY, AMBER D. | $ 2,686.56 | $ 162,248.00 |
| 27119 | 10/24/2011 | $ 2,209.58 | $ 9,085.00 | EARNEY, JESS M | | $ 3,118.08 | $ 81,124.00 |
| 26309 | 10/27/2011 | $ 2,029.24 | $ 7,785.00 | TATE, ISACC L | TATE, CRISSY J | $ 2,807.74 | $ 162,248.00 |
| 22064 | 11/01/2011 | $ 3,020.99 | $ 11,085.00 | STEVENS, TONI M | | $ 4,129.49 | $ 81,124.00 |
| 26766 | 11/04/2011 | $ 1,319.21 | $ 12,485.00 | BRIGHT, BRADLEY E. | PHIPPS, ASHLEY G | $ 2,567.71 | $ 162,248.00 |
| 26899 | 11/04/2011 | $ 1,549.42 | $ 6,785.00 | STINN, EDNA C | STINN, DALE E | $ 2,227.92 | $ 162,248.00 |
| 23266 | 11/07/2011 | $ 3,216.51 | $ 10,885.00 | BUCK, XAVIER C | | $ 4,305.01 | $ 81,124.00 |
| 25220 | 11/07/2011 | $ 1,109.95 | $ 8,085.00 | TURNER, ASHLEY M | | $ 1,918.45 | $ 81,124.00 |
| 26297 | 11/11/2011 | $ 1,989.57 | $ 12,500.00 | CARTER, MATTHEW J | MCSPADDEN, JOHN C | $ 3,239.57 | $ 162,248.00 |
| 25975 | 11/11/2011 | $ 3,474.04 | $ 11,600.00 | ROBINSON, CHAD R. | JONES, LATISHA G. | $ 4,634.04 | $ 162,248.00 |
| 25997 | 11/11/2011 | $ 2,562.12 | $ 11,985.00 | WILSON, MICHELLE D | WILSON, JOSEPH W JR | $ 3,760.62 | $ 162,248.00 |
| 26709 | 11/14/2011 | $ 1,999.77 | $ 7,785.00 | KING, JOHN F | | $ 2,778.27 | $ 81,124.00 |
| 27022 | 11/14/2011 | $ 1,073.44 | $ 11,285.00 | WHITE, JOSHUA L | RUSTON, JUDY L | $ 2,201.94 | $ 162,248.00 |
| 24855 | 11/17/2011 | $ 2,832.18 | $ 10,800.00 | DANIELS, COLBY J | DANIELS, SHAYLA N | $ 3,912.18 | $ 162,248.00 |
| 22413R | 11/17/2011 | $ 1,083.76 | $ 11,385.00 | HARDY, MARK A | HARDY, SHANNON K | $ 2,222.26 | $ 162,248.00 |
| 25900 | 11/17/2011 | $ 1,873.26 | $ 7,785.00 | SHORE, RENA N | | $ 2,651.76 | $ 81,124.00 |
| 24731R | 11/22/2011 | $ 1,467.68 | $ 6,785.00 | ANDEKIN, MELISSA J | | $ 2,146.18 | $ 81,124.00 |
| 26711 | 11/23/2011 | $ 1,838.39 | $ 7,985.00 | BERNATH, MICHELLE R | | $ 2,636.89 | $ 81,124.00 |
| 26850 | 11/28/2011 | $ 2,718.67 | $ 11,000.00 | BRUSHWOOD, JEREMY W | BRUSHWOOD, RYANNA H | $ 3,818.67 | $ 162,248.00 |
| 25185 | 11/28/2011 | $ 3,421.56 | $ 12,485.00 | LITTLE, JACOB L. | ERARD, KATRINIA M. | $ 4,670.06 | $ 162,248.00 |
| 27091 | 11/28/2011 | $ 1,373.92 | $ 7,785.00 | PAGE, CYNTHIA A | | $ 2,152.42 | $ 81,124.00 |
| 24746R | 12/02/2011 | $ 1,880.96 | $ 8,585.00 | BUNCE, LARRY A. JR | BUNCE, PAMELA E. | $ 2,739.46 | $ 162,248.00 |
| 24569R | 12/02/2011 | $ 902.57 | $ 9,985.00 | PRINCE, JEREMY B | LANGSTON, HEATHER R | $ 1,901.07 | $ 162,248.00 |
| 27187 | 12/02/2011 | $ 2,962.66 | $ 10,785.00 | ROBERSON, SEAN D | | $ 4,041.16 | $ 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| Case No. | Date | Amount | Amount | Debtor | Co-Debtor | | Amount | | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 27405 | 12/06/2011 | $ | 3,421.59 | $ 11,085.00 | SPRADLIN, JEREMY S | SPRADLIN, MISTY G | $ | 4,530.09 | $ 162,248.00 |
| 22297R | 12/06/2011 | $ | 2,109.02 | $ 7,785.00 | SPRADLIN, MISTY G | SPRADLIN, JEREMY S | $ | 2,887.52 | $ 162,248.00 |
| 22607 | 12/13/2011 | $ | 3,387.22 | $ 11,800.00 | CORNELISON, CODI M | | $ | 4,567.22 | $ 81,124.00 |
| 27430 | 12/21/2011 | $ | 2,717.57 | $ 10,085.00 | WOODS, ZACHARY D | WOODS, AMBER N | $ | 3,726.07 | $ 162,248.00 |
| 26057 | 12/29/2011 | $ | 2,402.07 | $ 9,900.00 | GUNTHER, CHARITY R | GUNTHER, JAMIE | $ | 3,392.07 | $ 162,248.00 |
| 25677R | 12/30/2011 | $ | 2,614.94 | $ 9,585.00 | FOREMAN, JOY R | | $ | 3,573.44 | $ 81,124.00 |
| 24862 | 12/30/2011 | $ | 2,304.44 | $ 9,385.00 | WHITTINGTON, NICOLE M | WHITTINGTON, CRAIG T | $ | 3,242.94 | $ 162,248.00 |
| 26950 | 01/01/2012 | $ | 2,391.39 | $ 10,398.05 | MORGAN, LEROY A | MORGAN, JEAN A | $ | 3,431.20 | $ 162,248.00 |
| 26479 | 01/02/2012 | $ | 2,391.39 | $ 10,398.05 | KELLER, KASEY L. | HOFFMAN, TAMMY S. | $ | 3,431.20 | $ 162,248.00 |
| AC23274 | 01/03/2012 | $ | 1,380.26 | $ 13,585.00 | SADLER, TRAVIS J | SADLER, MELISSA A | $ | 2,738.76 | $ 162,248.00 |
| 26902 | 01/03/2012 | $ | 1,648.39 | $ 10,785.00 | SMITH, SHERWOOD S | | $ | 2,726.89 | $ 81,124.00 |
| 25477R | 01/04/2012 | $ | 1,429.62 | $ 10,085.00 | GADDY, JIMMY C | | $ | 2,438.12 | $ 81,124.00 |
| 26167 | 01/04/2012 | $ | 2,363.79 | $ 8,585.00 | VERNON, KAYLA N | MARTIN, JUSTIN M | $ | 3,222.29 | $ 162,248.00 |
| 27340 | 01/05/2012 | $ | 1,918.26 | $ 7,285.00 | SMITH, KAREN S | LOVEQUIST'HERRERA, MICHAEL A | $ | 2,646.76 | $ 162,248.00 |
| 26627 | 01/05/2012 | $ | 3,596.10 | $ 12,800.00 | TAYLOR, TONY M | LEMMON, BETHENEY A | $ | 4,876.10 | $ 162,248.00 |
| 25336 | 01/09/2012 | $ | 1,199.78 | $ 12,485.00 | DIAZ-GOMEZ, JERSSON | GOMEZ-DIAZ, MARIO HERNAN | $ | 2,448.28 | $ 162,248.00 |
| 27345 | 01/12/2012 | $ | 2,686.79 | $ 9,085.00 | GAMMONS, KELLY R | | $ | 3,595.29 | $ 81,124.00 |
| 26945 | 01/13/2012 | $ | 913.76 | $ 10,285.00 | HOWERTON, DUSTIN E. | WEBB, TINA M | $ | 1,942.26 | $ 162,248.00 |
| 22381R1 | 01/13/2012 | $ | 1,989.38 | $ 9,900.00 | KING, LACEE N. | | $ | 2,979.38 | $ 81,124.00 |
| 27543 | 01/13/2012 | $ | 2,798.18 | $ 10,000.00 | STEWART, BENJAMIN E | | $ | 3,798.18 | $ 81,124.00 |
| 26900 | 01/16/2012 | $ | 2,391.39 | $ 10,398.05 | DINES, CHRISTOPHER L | DOLLARHIDE, SAMANTHA M | $ | 3,431.20 | $ 162,248.00 |
| 27406 | 01/17/2012 | $ | 2,643.94 | $ 9,085.00 | PEEK, SHAWN M | | $ | 3,552.44 | $ 81,124.00 |
| 24323 | 01/17/2012 | $ | 682.26 | $ 6,285.00 | STONE, JARED S | | $ | 1,310.76 | $ 81,124.00 |
| 26726 | 01/17/2012 | $ | 2,391.39 | $ 10,398.05 | TRUJILLO, MICHEAL A | | $ | 3,431.20 | $ 81,124.00 |
| 22261R1 | 01/18/2012 | $ | 2,029.27 | $ 8,585.00 | CASADA, JONATHAN W | LAXTON, BRANDI L | $ | 2,887.77 | $ 162,248.00 |
| 24649R | 01/18/2012 | $ | 2,006.17 | $ 8,585.00 | HOBBS, JOSH R | REYNOLDS, NANCY A | $ | 2,864.67 | $ 162,248.00 |
| 27404 | 01/19/2012 | $ | 2,391.39 | $ 10,398.05 | TSOTIGH, VIRGINIA N | | $ | 3,431.20 | $ 81,124.00 |
| 26951R | 01/23/2012 | $ | 2,018.56 | $ 7,785.00 | LAWMASTER, SHELDON R | | $ | 2,797.06 | $ 81,124.00 |
| 27092 | 01/25/2012 | $ | 606.51 | $ 7,685.00 | HANCOCK, BRANDON M | | $ | 1,375.01 | $ 81,124.00 |
| 24926 | 01/25/2012 | $ | 2,391.39 | $ 10,398.05 | STANFILL, JUSTIN W | | $ | 3,431.20 | $ 81,124.00 |
| 26825 | 01/26/2012 | $ | 1,360.47 | $ 9,985.00 | MORGAN, LORI A. | | $ | 2,358.97 | $ 81,124.00 |
| 24880A | 01/31/2012 | $ | 2,391.39 | $ 10,398.05 | WILSON, JOSHUA M | | $ | 3,431.20 | $ 81,124.00 |
| 26849 | 02/02/2012 | $ | 2,507.18 | $ 10,400.00 | LEE, CHRISTINA F. | LEE, WESLEY F | $ | 3,547.18 | $ 162,248.00 |
| 22503R | 02/06/2012 | $ | 2,481.75 | $ 9,585.00 | GRASS, ARTHUR W IV | GRASS, ARTHUR W III | $ | 3,440.25 | $ 162,248.00 |
| AC20348R | 02/06/2012 | $ | 182.37 | $ 2,176.36 | LEWIS, LAVADA Q | LEWIS, CHARLES L | $ | 400.01 | $ 162,248.00 |
| 26688 | 02/06/2012 | $ | 1,838.00 | $ 7,785.00 | PAULETTE, INDIA D | PAULETTE, JAMES T | $ | 2,616.50 | $ 162,248.00 |
| 27634 | 02/06/2012 | $ | 1,406.86 | $ 8,085.00 | SHERWOOD, MARVIN V | | $ | 2,215.36 | $ 81,124.00 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 26499 | 02/08/2012 | $ | 2,485.15 | $ | 10,000.00 | DURR, TYSON A | HAWKINS, JANELL L | $ | 3,485.15 | $ 162,248.00 |
| 26691 | 02/08/2012 | $ | 2,982.08 | $ | 10,496.00 | HALL, CHELSEA N | WILSON, WILLIAM R | $ | 4,031.68 | $ 162,248.00 |
| 25845 | 02/09/2012 | $ | 2,247.71 | $ | 11,385.00 | BLACKMON, WILLIE E | | $ | 3,386.21 | $ 81,124.00 |
| 26531 | 02/09/2012 | $ | 3,040.57 | $ | 10,485.00 | CROSBIE, KATHY ANN | | $ | 4,089.07 | $ 81,124.00 |
| 23541 | 02/09/2012 | $ | 2,449.96 | $ | 10,000.00 | MILLS, GARY L III | | $ | 3,449.96 | $ 81,124.00 |
| 20047R | 02/09/2012 | $ | 2,407.09 | $ | 8,585.00 | NEILL, STEVE L | | $ | 3,265.59 | $ 81,124.00 |
| 27789 | 02/09/2012 | $ | 1,892.56 | $ | 7,185.00 | TEETERS, CHRISTY D | | $ | 2,611.06 | $ 81,124.00 |
| 23799 | 02/10/2012 | $ | 2,391.39 | $ | 10,398.05 | BRAY, JASON M | | $ | 3,431.20 | $ 81,124.00 |
| 25765R | 02/13/2012 | $ | 3,168.57 | $ | 10,685.00 | FIEKER, LADONNA R | SANCHEZ, KAROL A | $ | 4,237.07 | $ 162,248.00 |
| 27365 | 02/15/2012 | $ | 2,734.99 | $ | 10,085.00 | ASBURY, CASSANDRA M | | $ | 3,743.49 | $ 81,124.00 |
| 26554 | 02/17/2012 | $ | 1,367.43 | $ | 12,085.00 | HARDY, CHERRI C | | $ | 2,575.93 | $ 81,124.00 |
| 23013R | 02/17/2012 | $ | 1,029.73 | $ | 11,385.00 | SAMUEL, JEREMY B | | $ | 2,168.23 | $ 81,124.00 |
| 26004R | 02/20/2012 | $ | 2,391.39 | $ | 10,398.05 | CALTON, JOSEPH N | CALTON, JESSICA S | $ | 3,431.20 | $ 162,248.00 |
| 27592 | 02/20/2012 | $ | 1,573.35 | $ | 11,000.00 | JOHNSON, SHANICE A | JOHNSON, JOSEPH M | $ | 2,673.35 | $ 162,248.00 |
| 27352 | 02/21/2012 | $ | 3,257.27 | $ | 10,785.00 | MILLICAN, LEANN A | MILLICAN, LIEF B | $ | 4,335.77 | $ 162,248.00 |
| 25083 | 02/22/2012 | $ | 2,391.39 | $ | 10,398.05 | HUBBS, JERRY A | | $ | 3,431.20 | $ 81,124.00 |
| 24440 | 02/23/2012 | $ | 1,323.99 | $ | 12,185.00 | MOELLER, JEFFREY W | MOELLER, GLENDA R | $ | 2,542.49 | $ 162,248.00 |
| 26568R | 03/01/2012 | $ | 1,812.12 | $ | 7,400.00 | STILES, KAREN D | | $ | 2,552.12 | $ 81,124.00 |
| 25786R | 03/02/2012 | $ | 2,391.39 | $ | 10,398.05 | BENSON, BOBBY L | CONLEY, SONDRA L | $ | 3,431.20 | $ 162,248.00 |
| 24066 | 03/02/2012 | $ | 932.32 | $ | 7,785.00 | GRIFFEY, LOUIE W | | $ | 1,710.82 | $ 81,124.00 |
| 26389AR | 03/09/2012 | $ | 1,885.56 | $ | 7,785.00 | HENSON, BOBBY J | HENSON, CARLA L | $ | 2,664.06 | $ 162,248.00 |
| 27674 | 03/19/2012 | $ | 2,939.12 | $ | 11,385.00 | JORDAN, ARTHUR E JR | JORDAN, ARTHUR E | $ | 4,077.62 | $ 162,248.00 |
| 28207 | 03/20/2012 | $ | 1,950.26 | $ | 12,485.00 | WILLIAMS, DAVID S | | $ | 3,198.76 | $ 81,124.00 |
| 26165 | 03/23/2012 | $ | 831.06 | $ | 9,916.06 | RECTOR, EVERETT L | RECTOR, MARTHA L | $ | 1,822.67 | $ 162,248.00 |
| 26751 | 03/23/2012 | $ | 2,391.39 | $ | 10,398.05 | RUBLE, TIMOTHY T | | $ | 3,431.20 | $ 81,124.00 |
| 25546 | 03/30/2012 | $ | 1,914.51 | $ | 9,985.00 | BUNCE, LARRY A. JR | | $ | 2,913.01 | $ 81,124.00 |
| 27848 | 03/30/2012 | $ | 2,391.39 | $ | 10,398.05 | HAWKINS, MICHAEL SHANE | | $ | 3,431.20 | $ 81,124.00 |
| 26466R | 04/02/2012 | $ | 687.26 | $ | 8,085.00 | SMITH, TIFFANY D | QUALLATE, JAMES A | $ | 1,495.76 | $ 162,248.00 |
| 27273 | 04/06/2012 | $ | 2,524.05 | $ | 12,500.00 | SMITH, WILLIAM J | | $ | 3,774.05 | $ 81,124.00 |
| 24499 | 04/10/2012 | $ | 3,413.03 | $ | 10,928.77 | BANKSON, JOSEPH W | | $ | 4,505.91 | $ 81,124.00 |
| 25775R | 04/11/2012 | $ | 1,867.57 | $ | 8,085.00 | LONG, JACOB E | | $ | 2,676.07 | $ 81,124.00 |
| 25510R | 04/11/2012 | $ | 1,758.16 | $ | 7,785.00 | MALIN, DEBORAH M | MALIN, NATHAN P | $ | 2,536.66 | $ 162,248.00 |
| 27120 | 04/12/2012 | $ | 1,288.56 | $ | 12,200.00 | WRENFROW, DOYLE G | | $ | 2,508.56 | $ 81,124.00 |
| 27673 | 04/16/2012 | $ | 2,238.80 | $ | 8,085.00 | BETTIGA, JOHN O | | $ | 3,047.30 | $ 81,124.00 |
| 24588 | 04/17/2012 | $ | 1,099.32 | $ | 11,385.00 | MCGINNIS, ROBERT D | WHITE, MICHAEL D | $ | 2,237.82 | $ 162,248.00 |
| 27224 | 04/19/2012 | $ | 962.47 | $ | 9,985.00 | WACHS, JODIE R | ROTSART, JEFFREY A | $ | 1,960.97 | $ 162,248.00 |
| 27616 | 04/19/2012 | $ | 2,391.39 | $ | 10,398.05 | WILSON, JAMIE A | | $ | 3,431.20 | $ 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Case 2:26-cv-04162-WJE   Document 1-2   Filed 07/10/26   Page 552 of 634
Page 552 of 634

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 28200 | 04/23/2012 | $ | 2,655.78 | $ | 9,985.00 | COLLINS, BENJIMAN P | | $ | 3,654.28 | $ | 81,124.00 |
| 26712R | 04/27/2012 | $ | 1,263.12 | $ | 6,250.00 | VEERHUSEN, BRITTANY R | MALEY, NATHAN C | $ | 1,888.12 | $ | 162,248.00 |
| 27437 | 05/03/2012 | $ | 1,529.57 | $ | 8,800.00 | PARKER, TAMMY M | | $ | 2,409.57 | $ | 81,124.00 |
| 27530 | 05/03/2012 | $ | 2,594.36 | $ | 9,000.00 | POPE, HEATHER D | | $ | 3,494.36 | $ | 81,124.00 |
| 27936 | 05/04/2012 | $ | 2,100.81 | $ | 10,585.00 | LUTEN, CHRISTIE R | LUTEN, CHRISTOPHER C | $ | 3,159.31 | $ | 162,248.00 |
| 25262R | 05/09/2012 | $ | 1,751.23 | $ | 9,485.00 | COLLINS, WILLIAM T | | $ | 2,699.73 | $ | 81,124.00 |
| 26767 | 05/09/2012 | $ | 1,494.66 | $ | 6,785.00 | DICKINSON, VICTORIA L | | $ | 2,173.16 | $ | 81,124.00 |
| 26666 | 05/09/2012 | $ | 3,661.42 | $ | 11,785.00 | TATUM, RANDY L | | $ | 4,839.92 | $ | 81,124.00 |
| 25843R1 | 05/16/2012 | $ | 1,375.36 | $ | 6,500.00 | FITZER, KRYSTA D. | | $ | 2,025.36 | $ | 81,124.00 |
| 26242 | 05/16/2012 | $ | 2,482.56 | $ | 9,400.00 | ROGERS, MELISSA A | ROGERS, GEORGE A | $ | 3,422.56 | $ | 162,248.00 |
| 28381 | 05/21/2012 | $ | 2,613.13 | $ | 11,685.00 | HORN, ANDREA R | MARLETT, KEITH W | $ | 3,781.63 | $ | 162,248.00 |
| AC24921 | 05/25/2012 | $ | 2,391.39 | $ | 10,398.05 | WRIGHT, MICHAEL D | | $ | 3,431.20 | $ | 81,124.00 |
| 21849R | 05/30/2012 | $ | 1,072.91 | $ | 11,085.00 | ROBINSON, JEFFREY B | ROBINSON, JAMIE K | $ | 2,181.41 | $ | 162,248.00 |
| 27452 | 05/31/2012 | $ | 2,082.09 | $ | 8,400.00 | MELTON, LEIGH A | CALLAHAN, MITCHELL C | $ | 2,922.09 | $ | 162,248.00 |
| 27993 | 06/05/2012 | $ | 2,581.45 | $ | 9,985.00 | STONE, BRANDY L | GASTON, DUSTIN K | $ | 3,579.95 | $ | 162,248.00 |
| AC26086 | 06/07/2012 | $ | 1,351.11 | $ | 6,703.46 | GOSWICK, JANET M | | $ | 2,021.46 | $ | 81,124.00 |
| 28676 | 06/11/2012 | $ | 1,935.58 | $ | 11,085.00 | BRADY, LARISSA A | | $ | 3,044.08 | $ | 81,124.00 |
| 26715 | 06/15/2012 | $ | 2,423.04 | $ | 8,900.00 | ELDER, CHRISTY A | | $ | 3,313.04 | $ | 81,124.00 |
| 27365R | 06/15/2012 | $ | 1,981.78 | $ | 8,085.00 | MAHONEY, MICHAEL L | | $ | 2,790.28 | $ | 81,124.00 |
| 25584 | 06/15/2012 | $ | 2,391.39 | $ | 10,398.05 | WILLIAMS, CRYSTAL M | | $ | 3,431.20 | $ | 81,124.00 |
| 27391 | 06/20/2012 | $ | 1,797.78 | $ | 7,785.00 | QUALLS, ROBERTA J | ROLAND, STACIE J | $ | 2,576.28 | $ | 162,248.00 |
| 27003 | 06/20/2012 | $ | 2,517.18 | $ | 11,216.11 | SANDERS, CHRISTOPHER LYNN | | $ | 3,638.79 | $ | 81,124.00 |
| 25002 | 06/25/2012 | $ | 3,726.00 | $ | 13,185.00 | JETT, MICHAEL R | | $ | 5,044.50 | $ | 81,124.00 |
| AC23743 | 06/27/2012 | $ | 3,462.66 | $ | 10,685.00 | CHRISTENSEN, JON R | | $ | 4,531.16 | $ | 81,124.00 |
| 24561 | 06/27/2012 | $ | 3,029.22 | $ | 11,300.00 | SAXTON, KEVIN R | | $ | 4,159.22 | $ | 81,124.00 |
| 25896 | 06/29/2012 | $ | 3,969.72 | $ | 13,985.00 | ROGERS, COURTNEY S | | $ | 5,368.22 | $ | 81,124.00 |
| 27438R | 07/05/2012 | $ | 2,391.39 | $ | 10,398.05 | WILSON, PHILLIP L | WILSON, REGINA A | $ | 3,431.20 | $ | 162,248.00 |
| 23435R2 | 07/17/2012 | $ | 803.58 | $ | 8,900.00 | DETHERAGE, DILLON E. | | $ | 1,693.58 | $ | 81,124.00 |
| 25921R | 07/23/2012 | $ | 3,119.73 | $ | 10,700.00 | DODSON, TRAVIS W | | $ | 4,189.73 | $ | 81,124.00 |
| AC22770R | 07/27/2012 | $ | 1,739.88 | $ | 8,400.75 | WILSON, ANTHONY S. | | $ | 2,579.96 | $ | 81,124.00 |
| 27183 | 07/31/2012 | $ | 3,570.32 | $ | 11,785.00 | BUCKLEW, KEENAN L | BLAKE, BAMBI L | $ | 4,748.82 | $ | 162,248.00 |
| 21148 | 08/02/2012 | $ | 3,578.22 | $ | 11,885.00 | BANDY, JESSICA L | VERTZ, DWIGHT TYSON | $ | 4,766.72 | $ | 162,248.00 |
| 28076 | 08/02/2012 | $ | 2,136.86 | $ | 9,300.00 | BYERS, TINA L | BUTLER, ELIJAH J | $ | 3,066.86 | $ | 162,248.00 |
| 26800 | 08/03/2012 | $ | 2,391.39 | $ | 10,398.05 | COBLE, JULIE A | | $ | 3,431.20 | $ | 81,124.00 |
| 26804R | 08/03/2012 | $ | 1,246.37 | $ | 11,685.00 | ROLLING, KIMBERLEE | ROLLING, SAMUEL E | $ | 2,414.87 | $ | 162,248.00 |
| 23053R | 08/06/2012 | $ | 2,005.53 | $ | 10,185.00 | ROBERTS, ROBIN L JR | GOODMAN, MISTY L | $ | 3,024.03 | $ | 162,248.00 |
| 28192 | 08/07/2012 | $ | 2,391.39 | $ | 10,398.05 | JAMES, EMPTY | | $ | 3,431.20 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 22302 | 08/07/2012 | $ | 3,365.82 | $ | 10,585.00 | JEAN, TERESA K | | $ | 4,424.32 | $ | 81,124.00 |
| 29068 | 08/09/2012 | $ | 341.53 | $ | 4,985.00 | GANT, LARRY V. | | $ | 840.03 | $ | 81,124.00 |
| 25766 | 08/10/2012 | $ | 1,900.52 | $ | 7,785.00 | JONES, JAMES JR | | $ | 2,679.02 | $ | 81,124.00 |
| AC24539 | 08/13/2012 | $ | 581.22 | $ | 5,504.72 | HOLLAND, BRANDI R | | $ | 1,131.69 | $ | 81,124.00 |
| 26456RJ | 08/14/2012 | $ | 1,401.13 | $ | 7,000.00 | JACKSON, CRYSTAL D. | JACKSON, CHARLES S. | $ | 2,101.13 | $ | 162,248.00 |
| 22240 | 08/16/2012 | $ | 2,391.39 | $ | 10,398.05 | FARR, TWYLLA K | WEBB, KERRI D | $ | 3,431.20 | $ | 162,248.00 |
| 27622 | 08/16/2012 | $ | 933.26 | $ | 9,785.00 | LYELL, MICHAEL E | LYELL, CHARLEEN M | $ | 1,911.76 | $ | 162,248.00 |
| 29345 | 08/21/2012 | $ | 1,467.78 | $ | 7,000.00 | NEAHRING, HOLLY R | WALKER, JODY M | $ | 2,167.78 | $ | 162,248.00 |
| 26645 | 08/22/2012 | $ | 2,391.39 | $ | 10,398.05 | CASTON, ADAM L | | $ | 3,431.20 | $ | 81,124.00 |
| 28611 | 09/05/2012 | $ | 2,129.17 | $ | 10,985.00 | HOSLER, JUSTIN M | SHARP, SAVANNA M | $ | 3,227.67 | $ | 162,248.00 |
| 24916 | 09/05/2012 | $ | 2,286.04 | $ | 11,085.00 | JARMAN, LARRY E JR | | $ | 3,394.54 | $ | 81,124.00 |
| 26487 | 09/05/2012 | $ | 2,984.16 | $ | 11,385.00 | WILSON, PHILLIP L | WILSON, REGINA A | $ | 4,122.66 | $ | 162,248.00 |
| 24005 | 09/06/2012 | $ | 3,418.81 | $ | 11,385.00 | LONG, KERRI E | | $ | 4,557.31 | $ | 81,124.00 |
| 29255 | 09/06/2012 | $ | 4,820.95 | $ | 12,685.00 | NEILL, RONDA J | | $ | 6,089.45 | $ | 81,124.00 |
| 21959R | 09/11/2012 | $ | 2,332.28 | $ | 11,085.00 | COX, DAVID R | | $ | 3,440.78 | $ | 81,124.00 |
| 28240 | 09/12/2012 | $ | 840.28 | $ | 9,985.00 | COLE, JOHNNY A | | $ | 1,838.78 | $ | 81,124.00 |
| 28542 | 09/13/2012 | $ | 2,497.21 | $ | 10,785.00 | PURCELL, JESSE SR | | $ | 3,575.71 | $ | 81,124.00 |
| 27549 | 09/13/2012 | $ | 1,928.33 | $ | 10,485.00 | STENNETT, DANNY G JR | ROBERTS, ROBIN L JR | $ | 2,976.83 | $ | 162,248.00 |
| AC23689R | 09/19/2012 | $ | 2,480.07 | $ | 11,021.57 | HUGGINS, CHRISTOPHER L | | $ | 3,582.23 | $ | 81,124.00 |
| 29086 | 09/27/2012 | $ | 2,785.20 | $ | 9,400.00 | CROW, AMANDA R | | $ | 3,725.20 | $ | 81,124.00 |
| 28476R | 09/27/2012 | $ | 1,439.94 | $ | 7,000.00 | ROBERTSON, SAMANTHA J | | $ | 2,139.94 | $ | 81,124.00 |
| 27979 | 09/28/2012 | $ | 1,369.51 | $ | 7,985.00 | MILLS, ASHLEY N | | $ | 2,168.01 | $ | 81,124.00 |
| 29781 | 09/28/2012 | $ | 2,307.91 | $ | 10,485.00 | SHEMBER, KIMBERLY A | | $ | 3,356.41 | $ | 81,124.00 |
| 25997R | 10/02/2012 | $ | 1,353.41 | $ | 10,385.00 | DEGONIA, JAMES E. | | $ | 2,391.91 | $ | 81,124.00 |
| 24185 | 10/04/2012 | $ | 2,391.39 | $ | 10,398.05 | CHERRY, DEBBIE Y | CAMPBELL, AARIKA M | $ | 3,431.20 | $ | 162,248.00 |
| 23349 | 10/04/2012 | $ | 2,975.25 | $ | 12,185.00 | MANN, APRIL L | | $ | 4,193.75 | $ | 81,124.00 |
| 28767R | 10/04/2012 | $ | 4,183.11 | $ | 12,085.00 | HARO, CYNTHIA K | | $ | 5,391.61 | $ | 81,124.00 |
| 28154 | 10/08/2012 | $ | 3,129.00 | $ | 11,700.00 | LOUNIS, ELIMO E IV | LOUNIS, ANGELA S | $ | 4,299.00 | $ | 162,248.00 |
| 27524A | 10/11/2012 | $ | 2,391.39 | $ | 10,398.05 | MAHONEY, CARA M | | $ | 3,431.20 | $ | 81,124.00 |
| 25265 | 10/15/2012 | $ | 1,785.51 | $ | 7,635.00 | URTON, MICHAEL A | | $ | 2,549.01 | $ | 81,124.00 |
| 28609 | 10/19/2012 | $ | 2,210.43 | $ | 10,185.00 | FORD, ERIC J | | $ | 3,228.93 | $ | 81,124.00 |
| 28364R | 10/24/2012 | $ | 2,391.39 | $ | 10,398.05 | LEE, ASHLEY N | | $ | 3,431.20 | $ | 81,124.00 |
| 24649R1 | 10/26/2012 | $ | 2,391.39 | $ | 10,398.05 | LAYMAN, GREG J | | $ | 3,431.20 | $ | 81,124.00 |
| AC24969 | 10/29/2012 | $ | 2,391.39 | $ | 10,398.05 | OLIVER, QUINCA Y | | $ | 3,431.20 | $ | 81,124.00 |
| 23610R1 | 10/29/2012 | $ | 858.15 | $ | 8,885.00 | MAHONEY, DIANNA L | | $ | 1,746.65 | $ | 81,124.00 |
| 27531 | 11/05/2012 | $ | 961.99 | $ | 6,485.00 | CLOUD, KYLE D | | $ | 1,610.49 | $ | 81,124.00 |
| 27791 | 11/06/2012 | $ | 2,085.20 | $ | 11,685.00 | BURNEY, LARRY G | BURNEY, SHEILA K | $ | 3,253.70 | $ | 162,248.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 27091R | 11/08/2012 | $ | 2,391.39 | $ | 10,398.05 | GARCIA, BRENDA K | | $ | 3,431.20 | $ | 81,124.00 |
| 29885 | 11/08/2012 | $ | 3,178.91 | $ | 10,585.00 | POWELL, RICHARD A | | $ | 4,237.41 | $ | 81,124.00 |
| 30062 | 11/08/2012 | $ | 1,921.19 | $ | 9,785.00 | POWELL, AMY L | | $ | 2,899.69 | $ | 81,124.00 |
| 24529 | 11/12/2012 | $ | 3,166.96 | $ | 11,085.00 | MAYABB, DESTINEY M | | $ | 4,275.46 | $ | 81,124.00 |
| AC26921 | 11/13/2012 | $ | 1,873.05 | $ | 7,880.80 | NOWLIN, ANDREA T | NOWLIN, DAVID I | $ | 2,661.13 | $ | 162,248.00 |
| AC23762 | 11/14/2012 | $ | 2,391.39 | $ | 10,398.05 | MITTELSTEADT, CONNIE R | | $ | 3,431.20 | $ | 81,124.00 |
| 29532 | 11/16/2012 | $ | 2,327.72 | $ | 15,679.18 | LANG, MATTHEW D | | $ | 3,895.64 | $ | 81,124.00 |
| 26242R | 11/26/2012 | $ | 723.31 | $ | 6,685.00 | GORMLEY, ANTHONY F | | $ | 1,391.81 | $ | 81,124.00 |
| 28375 | 11/29/2012 | $ | 1,698.39 | $ | 7,685.00 | REYNOLDS, EATHIEL L. | REYNOLDS, HEATHER C. | $ | 2,466.89 | $ | 162,248.00 |
| 29344 | 12/03/2012 | $ | 2,696.71 | $ | 9,785.00 | NICHOLS, JUSTIN R | NICHOLS, HEATHER L | $ | 3,675.21 | $ | 162,248.00 |
| 29084 | 12/03/2012 | $ | 1,620.17 | $ | 14,385.00 | REYNOLDS, SUSAN E | REYNOLDS, DAVID E | $ | 3,058.67 | $ | 162,248.00 |
| AC26241 | 12/05/2012 | $ | 2,966.30 | $ | 13,485.00 | ELLISON, JAMES S JR | | $ | 4,314.80 | $ | 81,124.00 |
| 30737 | 12/05/2012 | $ | 2,391.39 | $ | 10,398.05 | TURPENNING, MASHAUN K | | $ | 3,431.20 | $ | 81,124.00 |
| 27405R | 12/06/2012 | $ | 2,007.61 | $ | 9,585.00 | JIMENEZ, KESHEE M | | $ | 2,966.11 | $ | 81,124.00 |
| 29706 | 12/10/2012 | $ | 2,965.82 | $ | 13,385.00 | CHEW, PRESTON L | | $ | 4,304.32 | $ | 81,124.00 |
| AC24927 | 12/13/2012 | $ | 2,079.67 | $ | 9,140.47 | FOSTER, ROBERT L | FOSTER, LINDA D | $ | 2,993.72 | $ | 162,248.00 |
| 28556 | 12/14/2012 | $ | 1,093.22 | $ | 6,185.00 | MCBRAYER, KRISTINA R | MINCKS, COREY E | $ | 1,711.72 | $ | 162,248.00 |
| 24650 | 12/17/2012 | $ | 3,557.90 | $ | 10,399.45 | ENGLAND, JOHN K | | $ | 4,597.85 | $ | 81,124.00 |
| 26898R | 12/19/2012 | $ | 2,391.39 | $ | 10,398.05 | CHERILUS, EMMANUEL E | | $ | 3,431.20 | $ | 81,124.00 |
| 24465 | 12/19/2012 | $ | 2,823.46 | $ | 12,485.00 | NETROY, PAUL A | | $ | 4,071.96 | $ | 81,124.00 |
| 27789R | 12/20/2012 | $ | 1,035.43 | $ | 5,985.00 | SULLIVAN, JENNIFER M | | $ | 1,633.93 | $ | 81,124.00 |
| 29323R | 12/20/2012 | $ | 1,106.45 | $ | 8,900.00 | GRIESI, SHAWN E | | $ | 1,996.45 | $ | 81,124.00 |
| 29089 | 12/26/2012 | $ | 569.96 | $ | 6,985.00 | MARTINEZ, CHRISTOPHER E. | | $ | 1,268.46 | $ | 81,124.00 |
| 28313 | 01/04/2013 | $ | 2,391.39 | $ | 10,398.05 | BERNER, ERIC R | | $ | 3,431.20 | $ | 81,124.00 |
| 27366 | 01/09/2013 | $ | 2,391.39 | $ | 10,398.05 | TUCKER, TESSA A | TUCKER, JEREMY R | $ | 3,431.20 | $ | 162,248.00 |
| 27352R | 01/09/2013 | $ | 2,391.39 | $ | 10,398.05 | GOODMAN, MEAGAN G | PATE, JAMES A | $ | 3,431.20 | $ | 162,248.00 |
| 29083 | 01/10/2013 | $ | 1,844.69 | $ | 8,185.00 | MILFORD, TODD A | | $ | 2,663.19 | $ | 81,124.00 |
| 27690 | 01/10/2013 | $ | 2,958.47 | $ | 10,485.00 | MCGLAWN, CAROLYN A | MITCHELL, SHANNON D | $ | 4,006.97 | $ | 162,248.00 |
| 27567 | 01/11/2013 | $ | 2,391.39 | $ | 10,398.05 | RILEY, JANET L | RILEY, GERALD J | $ | 3,431.20 | $ | 162,248.00 |
| 29530 | 01/16/2013 | $ | 1,295.17 | $ | 12,385.00 | HOOD, RICKY A | | $ | 2,533.67 | $ | 81,124.00 |
| 30353 | 01/18/2013 | $ | 3,268.67 | $ | 12,385.00 | MOELLER, GLENDA R | | $ | 4,507.17 | $ | 81,124.00 |
| 26766R | 01/22/2013 | $ | 3,683.47 | $ | 12,485.00 | SHOCKLEY, LARRY D JR | | $ | 4,931.97 | $ | 81,124.00 |
| 30556 | 01/24/2013 | $ | 1,409.74 | $ | 12,985.00 | POTTER, GREGORY S | | $ | 2,708.24 | $ | 81,124.00 |
| 30330 | 01/24/2013 | $ | 3,023.76 | $ | 12,300.00 | YOUNG, SAMANTHA LYNN | | $ | 4,253.76 | $ | 81,124.00 |
| 27427 | 01/30/2013 | $ | 3,436.28 | $ | 10,640.00 | WRIGHT, BARBARA L | | $ | 4,500.28 | $ | 81,124.00 |
| 30938 | 01/31/2013 | $ | 1,019.12 | $ | 11,000.00 | HARRIS, TAMMY M | HARRIS, TRAVIS E | $ | 2,119.12 | $ | 162,248.00 |
| 22979R | 02/05/2013 | $ | 2,183.21 | $ | 8,285.00 | CARLINO, RICHARD G | CARLINO, DIANA M | $ | 3,011.71 | $ | 162,248.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 29957 | 02/05/2013 | $ | 3,643.53 | $ | 13,685.00 | MARLETT, ANGELA M | | $ | 5,012.03 | $ | 81,124.00 |
| 30723 | 02/05/2013 | $ | 2,834.88 | $ | 9,700.00 | RAINEY, PHILLIP RAY | BIGHAM, APRIL LOUISE | $ | 3,804.88 | $ | 162,248.00 |
| 30147 | 02/14/2013 | $ | 2,391.39 | $ | 10,398.05 | BROWER, SHAWN R | | $ | 3,431.20 | $ | 81,124.00 |
| 30653 | 02/14/2013 | $ | 2,472.59 | $ | 9,585.00 | CARTER, SHARON A | | $ | 3,431.09 | $ | 81,124.00 |
| 28494 | 02/14/2013 | $ | 2,818.42 | $ | 12,385.00 | LURVEY, RONALD L JR | | $ | 4,056.92 | $ | 81,124.00 |
| 29565 | 02/15/2013 | $ | 3,919.71 | $ | 11,700.00 | BAXTER, FRED R | BAXTER, MARY J. | $ | 5,089.71 | $ | 162,248.00 |
| 30372 | 02/21/2013 | $ | 2,391.39 | $ | 10,398.05 | FORD, DANIELLE F | | $ | 3,431.20 | $ | 81,124.00 |
| 27715 | 02/25/2013 | $ | 2,875.90 | $ | 9,985.00 | BROWN, WILLAMAE ONA | | $ | 3,874.40 | $ | 81,124.00 |
| AC27422R | 02/25/2013 | $ | 414.83 | $ | 6,479.36 | MILAM, ROBERT A | | $ | 1,062.77 | $ | 81,124.00 |
| 26144R | 02/27/2013 | $ | 1,314.61 | $ | 6,500.00 | VOORHEES, TRACI L | | $ | 1,964.61 | $ | 81,124.00 |
| 28207R | 03/05/2013 | $ | 1,420.26 | $ | 12,585.00 | BOWERS, RICHARD A | | $ | 2,678.76 | $ | 81,124.00 |
| AC28198 | 03/07/2013 | $ | 3,179.00 | $ | 12,185.00 | DAMPIER, DANA S | | $ | 4,397.50 | $ | 81,124.00 |
| 30384 | 03/07/2013 | $ | 4,200.01 | $ | 12,685.00 | MULDER, CHRISTOPHER L | | $ | 5,468.51 | $ | 81,124.00 |
| 30882 | 03/07/2013 | $ | 2,391.39 | $ | 10,398.05 | VANDERHOOF, APRIL R | | $ | 3,431.20 | $ | 81,124.00 |
| 29776 | 03/11/2013 | $ | 3,690.69 | $ | 12,085.00 | FISHER, KEITH L | | $ | 4,899.19 | $ | 81,124.00 |
| 28865 | 03/11/2013 | $ | 3,437.02 | $ | 12,785.00 | CLINTON, KIMBERLY D | FROST, DAVID L | $ | 4,715.52 | $ | 162,248.00 |
| 26122R | 03/12/2013 | $ | 1,716.90 | $ | 7,900.00 | BOYD, LINDA S | | $ | 2,506.90 | $ | 81,124.00 |
| 28199 | 03/12/2013 | $ | 2,391.39 | $ | 10,398.05 | COX, DAVID R | | $ | 3,431.20 | $ | 81,124.00 |
| 26504R | 03/19/2013 | $ | 2,508.75 | $ | 10,000.00 | STAKLEY, JOHN H. | | $ | 3,508.75 | $ | 81,124.00 |
| 22297R1 | 03/20/2013 | $ | 2,391.39 | $ | 10,398.05 | WASHBURN, DONNIE E | | $ | 3,431.20 | $ | 81,124.00 |
| 28714R | 03/21/2013 | $ | 3,411.04 | $ | 10,285.00 | SANCHEZ, DANA L JR | | $ | 4,439.54 | $ | 81,124.00 |
| 29696R | 03/28/2013 | $ | 2,734.76 | $ | 13,000.00 | STUTMAN, LOUIS G | | $ | 4,034.76 | $ | 81,124.00 |
| 25730R | 03/29/2013 | $ | 2,391.39 | $ | 10,398.05 | GRIMES, WILLIAM S | | $ | 3,431.20 | $ | 81,124.00 |
| 30558 | 04/02/2013 | $ | 4,151.87 | $ | 12,685.00 | WRIGHT, NOLAN W | | $ | 5,420.37 | $ | 81,124.00 |
| 27684 | 04/03/2013 | $ | 2,584.95 | $ | 10,485.00 | ROGERS, DEBORAH L | ROGERS, DYTON W | $ | 3,633.45 | $ | 162,248.00 |
| 30012 | 04/03/2013 | $ | 2,082.16 | $ | 12,685.00 | SUMAGPANS, BRITTANY N | | $ | 3,350.66 | $ | 81,124.00 |
| 27635 | 04/04/2013 | $ | 2,391.39 | $ | 10,398.05 | ROBSON, KERI A | | $ | 3,431.20 | $ | 81,124.00 |
| 29663 | 04/05/2013 | $ | 2,302.07 | $ | 11,285.00 | BRITT, LATOYA K | | $ | 3,430.57 | $ | 81,124.00 |
| 28223A | 04/08/2013 | $ | 1,472.37 | $ | 6,785.00 | BENNET, CHELSI R | | $ | 2,150.87 | $ | 81,124.00 |
| 30565 | 04/08/2013 | $ | 1,557.30 | $ | 12,685.00 | BRAND, TEREASA L | | $ | 2,825.80 | $ | 81,124.00 |
| 30492 | 04/17/2013 | $ | 1,832.27 | $ | 11,585.00 | DIGGS, JUSTIN C | | $ | 2,990.77 | $ | 81,124.00 |
| 30554 | 04/18/2013 | $ | 1,634.83 | $ | 13,985.00 | ANDERSEN, SHELLY R. | | $ | 3,033.33 | $ | 81,124.00 |
| 28685R1 | 04/18/2013 | $ | 3,785.56 | $ | 11,800.00 | NABORS, KIERRA C | | $ | 4,965.56 | $ | 81,124.00 |
| AC25510R | 04/19/2013 | $ | 563.75 | $ | 6,233.29 | SHARPE, PEGGY S | | $ | 1,187.08 | $ | 81,124.00 |
| 28824 | 04/23/2013 | $ | 1,169.21 | $ | 11,785.00 | Garrison, Michael | | $ | 2,347.71 | $ | 81,124.00 |
| 30560 | 04/24/2013 | $ | 3,526.63 | $ | 11,185.00 | TANDY, STEPHEN L | | $ | 4,645.13 | $ | 81,124.00 |
| 27467 | 04/25/2013 | $ | 2,391.39 | $ | 10,398.05 | JACKSON, LASHAUNDA D | | $ | 3,431.20 | $ | 81,124.00 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 31324 | 04/25/2013 | $ | 1,437.27 | $ | 6,985.00 | YORK, GINA M | | $ | 2,135.77 | $ | 81,124.00 |
| 30638 | 05/03/2013 | $ | 1,306.70 | $ | 10,800.00 | WHITE, PATRICK H | | $ | 2,386.70 | $ | 81,124.00 |
| 24737 | 05/07/2013 | $ | 2,909.89 | $ | 10,685.00 | PEPPERS, CHANA K | | $ | 3,978.39 | $ | 81,124.00 |
| 28963R | 05/16/2013 | $ | 2,391.39 | $ | 10,398.05 | RICE, KARI L | | $ | 3,431.20 | $ | 81,124.00 |
| 31232 | 05/16/2013 | $ | 2,391.39 | $ | 10,398.05 | WHITE, KIMBERLY | | $ | 3,431.20 | $ | 81,124.00 |
| 21904R | 05/17/2013 | $ | 2,391.39 | $ | 10,398.05 | MURRAY, CHARLES W JR | MURRAY, AMBER L | $ | 3,431.20 | $ | 162,248.00 |
| 28767R1 | 05/20/2013 | $ | 2,391.39 | $ | 10,398.05 | FORD, MATTHEW V | | $ | 3,431.20 | $ | 81,124.00 |
| 31533 | 05/23/2013 | $ | 2,394.25 | $ | 8,985.00 | BOWLES, ALMA J | | $ | 3,292.75 | $ | 81,124.00 |
| AC21926 | 05/23/2013 | $ | 371.39 | $ | 5,481.91 | ROBERTS, REBECCA L | | $ | 919.58 | $ | 81,124.00 |
| 29698R | 05/24/2013 | $ | 1,395.27 | $ | 12,385.00 | FREDRICK, BENSTER JR | | $ | 2,633.77 | $ | 81,124.00 |
| 27365R1 | 05/29/2013 | $ | 1,506.35 | $ | 7,185.00 | ASANTI, PATRICIA A | ASANTI, CODY T | $ | 2,224.85 | $ | 162,248.00 |
| 30410 | 05/31/2013 | $ | 2,743.35 | $ | 14,985.00 | AMERSON, DAVID W | | $ | 4,241.85 | $ | 81,124.00 |
| 30172 | 05/31/2013 | $ | 2,391.39 | $ | 10,398.05 | BUCKNER, SHANNON M | BUCKNER, MICHAEL E | $ | 3,431.20 | $ | 162,248.00 |
| 29483 | 06/03/2013 | $ | 2,391.39 | $ | 10,398.05 | LIPPINCOTT, ANDREW C | | $ | 3,431.20 | $ | 81,124.00 |
| 30497 | 06/04/2013 | $ | 2,391.39 | $ | 10,398.05 | LIPPINCOTT, ANDREW C | | $ | 3,431.20 | $ | 81,124.00 |
| 24678 | 06/07/2013 | $ | 2,391.39 | $ | 10,398.05 | KINNISON, STEPHEN D | KINNISON, DIXIE L | $ | 3,431.20 | $ | 162,248.00 |
| 23682R | 06/07/2013 | $ | 3,783.49 | $ | 12,236.00 | NEWMAN, DALLAS B | | $ | 5,007.09 | $ | 81,124.00 |
| 31018 | 06/11/2013 | $ | 3,401.96 | $ | 10,700.00 | JANES, ALICIA D. | | $ | 4,471.96 | $ | 81,124.00 |
| 27405R1 | 06/11/2013 | $ | 1,801.10 | $ | 7,900.00 | MAY, TORIE E | | $ | 2,591.10 | $ | 81,124.00 |
| 22311R1 | 06/25/2013 | $ | 892.70 | $ | 9,685.00 | HAYNES, ALFRED D | | $ | 1,861.20 | $ | 81,124.00 |
| 30933 | 06/28/2013 | $ | 3,439.81 | $ | 10,900.00 | ADAMS, MARK L | | $ | 4,529.81 | $ | 81,124.00 |
| 31693 | 06/28/2013 | $ | 2,906.96 | $ | 11,000.00 | BLEVINS, SAMANTHA A | POWERS, TIFFANY D | $ | 4,006.96 | $ | 162,248.00 |
| 17093R2 | 06/28/2013 | $ | 2,391.39 | $ | 10,398.05 | HATLEY, ANGEL L | GRIFFIN, TELLY O | $ | 3,431.20 | $ | 162,248.00 |
| 29018R | 07/01/2013 | $ | 2,391.39 | $ | 10,398.05 | BENNETT, DAVID L | | $ | 3,431.20 | $ | 81,124.00 |
| 31610 | 07/08/2013 | $ | 2,826.57 | $ | 12,785.00 | MORRIS, PHILLIP E | | $ | 4,105.07 | $ | 81,124.00 |
| 25227R | 07/11/2013 | $ | 2,541.86 | $ | 8,900.00 | HENSLEY, MEGAN M | | $ | 3,431.86 | $ | 81,124.00 |
| AC27884 | 07/11/2013 | $ | 2,391.39 | $ | 10,398.05 | NEILL, STEVE L | | $ | 3,431.20 | $ | 81,124.00 |
| 31582 | 07/16/2013 | $ | 1,748.84 | $ | 7,285.00 | MOORE, ANN M | MOORE, JOSH J | $ | 2,477.34 | $ | 162,248.00 |
| 30277 | 07/16/2013 | $ | 2,391.39 | $ | 10,398.05 | SANDERS, WENDY M | | $ | 3,431.20 | $ | 81,124.00 |
| 31371 | 07/19/2013 | $ | 906.25 | $ | 6,585.00 | JONES, WILLIAM J | | $ | 1,564.75 | $ | 81,124.00 |
| AC27220R | 07/19/2013 | $ | 2,391.39 | $ | 10,398.05 | STROM, REBECCA L | | $ | 3,431.20 | $ | 81,124.00 |
| 28444R | 07/22/2013 | $ | 2,902.32 | $ | 9,785.00 | DAVIS, KATHY A | DAVIS, SARAH L | $ | 3,880.82 | $ | 162,248.00 |
| 31304 | 07/23/2013 | $ | 5,221.24 | $ | 14,185.00 | BRIGHT, JOSHUA L | | $ | 6,639.74 | $ | 81,124.00 |
| 30880 | 07/23/2013 | $ | 1,053.44 | $ | 9,700.00 | WEAVER, JESSE A | | $ | 2,023.44 | $ | 81,124.00 |
| 31174 | 07/25/2013 | $ | 2,391.39 | $ | 10,398.05 | UNRUH, VICKI J | | $ | 3,431.20 | $ | 81,124.00 |
| 20958R | 07/29/2013 | $ | 2,391.39 | $ | 10,398.05 | OWENS, CHRISTY A | OWENS, CLIFFORD T | $ | 3,431.20 | $ | 162,248.00 |
| 23914R | 07/29/2013 | $ | 1,007.63 | $ | 11,785.00 | SMITH, JEFFREY S | | $ | 2,186.13 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 30496 | 07/31/2013 | $ | 1,813.99 | $ | 8,685.00 | FERGUSON, JANICE M | | $ | 2,682.49 | $ | 81,124.00 |
| 31297 | 07/31/2013 | $ | 3,854.16 | $ | 10,885.00 | SPRUK, SUE A | SPRUK, JAMES T | $ | 4,942.66 | $ | 162,248.00 |
| 30424 | 08/01/2013 | $ | 4,068.48 | $ | 11,135.00 | BRAKE, REMINGTON A | | $ | 5,181.98 | $ | 81,124.00 |
| AC29813 | 08/02/2013 | $ | 570.33 | $ | 8,182.47 | BUTLER, JAMES D. | | $ | 1,388.58 | $ | 81,124.00 |
| 30454R | 08/05/2013 | $ | 5,704.44 | $ | 14,285.00 | CLEVELAND, OLYMPIA | | $ | 7,132.94 | $ | 81,124.00 |
| AC19350R | 08/05/2013 | $ | 2,391.39 | $ | 10,398.05 | EMERSON, ERICK G | EMERSON, LESLIE N | $ | 3,431.20 | $ | 162,248.00 |
| 26020 | 08/05/2013 | $ | 1,669.42 | $ | 11,385.00 | MYERS, AMY L | | $ | 2,807.92 | $ | 81,124.00 |
| 31421 | 08/13/2013 | $ | 5,053.20 | $ | 12,985.00 | WESTERN, MARCUS A | | $ | 6,351.70 | $ | 81,124.00 |
| 24916R | 08/14/2013 | $ | 2,391.39 | $ | 10,398.05 | DAWSON, LEANDRAE J | | $ | 3,431.20 | $ | 81,124.00 |
| 30500 | 08/16/2013 | $ | 3,774.97 | $ | 13,985.00 | GAMBLE, JESSICA M | | $ | 5,173.47 | $ | 81,124.00 |
| 30991 | 08/19/2013 | $ | 4,343.64 | $ | 14,000.00 | MILLER, KYLE L | TALLEY, MIRANDA L | $ | 5,743.64 | $ | 162,248.00 |
| 31063 | 08/20/2013 | $ | 3,568.79 | $ | 11,500.00 | RILEY, JUDITH A | RILEY, DONALD | $ | 4,718.79 | $ | 162,248.00 |
| 26241R | 08/26/2013 | $ | 1,942.27 | $ | 10,985.00 | JONES, RYAN D | | $ | 3,040.77 | $ | 81,124.00 |
| 31284 | 08/26/2013 | $ | 3,098.55 | $ | 10,761.59 | SHANKS, THERESA L | | $ | 4,174.71 | $ | 81,124.00 |
| 31201 | 08/28/2013 | $ | 2,391.39 | $ | 10,398.05 | HANSEN, TERRY K | | $ | 3,431.20 | $ | 81,124.00 |
| 31606 | 09/05/2013 | $ | 2,857.19 | $ | 11,936.00 | CAIN, KAYLA R | | $ | 4,050.79 | $ | 81,124.00 |
| 29225R | 09/09/2013 | $ | 2,966.42 | $ | 10,336.00 | HATFIELD, BONNIE J | BURLEY, MELISSA L | $ | 4,000.02 | $ | 162,248.00 |
| 31612 | 09/11/2013 | $ | 1,238.88 | $ | 8,685.00 | BLACK, SHAWNDA S | | $ | 2,107.38 | $ | 81,124.00 |
| 30820R | 09/11/2013 | $ | 1,436.93 | $ | 12,536.00 | STARK, STEPHEN D | | $ | 2,690.53 | $ | 81,124.00 |
| AC30494 | 09/12/2013 | $ | 4,240.03 | $ | 12,361.29 | HAMPTON, REBECCA A | HAMPTON, DENNIS C | $ | 5,476.16 | $ | 162,248.00 |
| 30877 | 09/13/2013 | $ | 3,635.04 | $ | 10,695.00 | EVANS, DEBBIE H | | $ | 4,704.54 | $ | 81,124.00 |
| 31501 | 09/13/2013 | $ | 1,317.92 | $ | 7,936.00 | MAGUIRE, MICHAEL R | | $ | 2,111.52 | $ | 81,124.00 |
| 31401 | 09/16/2013 | $ | 2,391.39 | $ | 10,398.05 | BUCHANAN, CODY W | | $ | 3,431.20 | $ | 81,124.00 |
| 29344R | 09/18/2013 | $ | 2,621.68 | $ | 8,936.00 | GUNTHER, CHARITY R | | $ | 3,515.28 | $ | 81,124.00 |
| 31934 | 09/20/2013 | $ | 3,598.39 | $ | 14,336.00 | CURBOW, LISA D | | $ | 5,031.99 | $ | 81,124.00 |
| 28865R | 09/20/2013 | $ | 3,860.11 | $ | 9,800.00 | HENRY, JOSEPH C | FISHER, HANNAH M | $ | 4,840.11 | $ | 162,248.00 |
| 23186R2 | 09/20/2013 | $ | 1,564.24 | $ | 6,985.00 | PEARDON, MELANIE M | | $ | 2,262.74 | $ | 81,124.00 |
| 32079 | 09/23/2013 | $ | 1,184.67 | $ | 8,935.00 | GRAY, CLINTON JOHN | | $ | 2,078.17 | $ | 81,124.00 |
| 28557 | 09/25/2013 | $ | 1,896.38 | $ | 7,800.00 | PULIS, DONNA F | | $ | 2,676.38 | $ | 81,124.00 |
| 30417 | 10/01/2013 | $ | 2,391.39 | $ | 10,398.05 | POWELL, GEORGIA F | | $ | 3,431.20 | $ | 81,124.00 |
| 32268 | 10/01/2013 | $ | 4,837.48 | $ | 13,985.00 | RALSTON, JAMES A | | $ | 6,235.98 | $ | 81,124.00 |
| 27850R1 | 10/02/2013 | $ | 3,051.92 | $ | 11,636.00 | TEEL, MATTHEW A | | $ | 4,215.52 | $ | 81,124.00 |
| 31812 | 10/04/2013 | $ | 3,388.66 | $ | 12,385.00 | HODGES, HEATHER N | | $ | 4,627.16 | $ | 81,124.00 |
| 31175 | 10/04/2013 | $ | 4,299.48 | $ | 14,012.49 | WOODARD, STANLEY E | | $ | 5,700.73 | $ | 81,124.00 |
| 32113 | 10/07/2013 | $ | 1,490.54 | $ | 13,685.00 | BREWER, RONDA L | BREWER, BILLY J. JR | $ | 2,859.04 | $ | 162,248.00 |
| 31611 | 10/10/2013 | $ | 1,523.60 | $ | 13,085.00 | BRIXEY, ROBERT E | | $ | 2,832.10 | $ | 81,124.00 |
| AC23903R | 10/10/2013 | $ | 2,391.39 | $ | 10,398.05 | KUEHNE, DENNIS G | CHAVEZ, MARYLOU | $ | 3,431.20 | $ | 162,248.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 31756 | 10/10/2013 | $ | 3,288.76 | $ | 11,536.00 | STANLEY, ERIC R | | $ | 4,442.36 | $ 81,124.00 |
| 31936 | 10/17/2013 | $ | 3,229.24 | $ | 12,536.00 | SUTTON, THOMAS S | SUTTON, KIMBERLY S | $ | 4,482.84 | $ 162,248.00 |
| 31533R | 10/18/2013 | $ | 1,537.75 | $ | 9,985.00 | ERICKSON, TROY G | PENDERGRAFT, NICOLE L | $ | 2,536.25 | $ 162,248.00 |
| 33474 | 10/22/2013 | $ | 4,572.94 | $ | 12,985.00 | HUTCHISON, JACOB T | | $ | 5,871.44 | $ 81,124.00 |
| 27111AC | 10/24/2013 | $ | 1,369.11 | $ | 12,311.20 | DEWALL, PATRICIA J | PEACOCK, LYNN J | $ | 2,600.23 | $ 162,248.00 |
| 31846 | 10/24/2013 | $ | 2,866.06 | $ | 12,385.00 | GEIMAN, JOANNA D | | $ | 4,104.56 | $ 81,124.00 |
| 3AC28611 | 10/25/2013 | $ | 1,520.06 | $ | 9,673.14 | HARLEMAN, MICHAEL T. | | $ | 2,487.37 | $ 81,124.00 |
| 26631 | 10/25/2013 | $ | 3,363.59 | $ | 11,985.00 | MCDONALD, RICHARD W. | MCDONALD, TARA R. | $ | 4,562.09 | $ 162,248.00 |
| 31569 | 10/31/2013 | $ | 3,409.65 | $ | 13,985.00 | CLOVER, DAVID A | | $ | 4,808.15 | $ 81,124.00 |
| 31289 | 10/31/2013 | $ | 1,576.31 | $ | 10,285.00 | JOHNSTON, DARRELL L | WHITAKER, MARGRET A | $ | 2,604.81 | $ 162,248.00 |
| 30150 | 11/01/2013 | $ | 3,520.98 | $ | 14,385.00 | VIRGIN, SHERI L | VIRGIN, CHARLES E JR | $ | 4,959.48 | $ 162,248.00 |
| 32974 | 11/04/2013 | $ | 2,228.10 | $ | 9,685.00 | GOODMAN, CHARMIN C | MCGOWAN, BRITTA G | $ | 3,196.60 | $ 162,248.00 |
| 31702 | 11/06/2013 | $ | 5,288.02 | $ | 14,085.00 | BECK, CRYSTAL J | | $ | 6,696.52 | $ 81,124.00 |
| 30653R | 11/06/2013 | $ | 866.14 | $ | 7,435.00 | UNDERWOOD, JEREMY L | | $ | 1,609.64 | $ 81,124.00 |
| 32998 | 11/11/2013 | $ | 3,713.09 | $ | 12,985.00 | DURBIN, SHAUN L | | $ | 5,011.59 | $ 81,124.00 |
| AC30143 | 11/11/2013 | $ | 4,825.79 | $ | 13,985.00 | SAM, JOE S | | $ | 6,224.29 | $ 81,124.00 |
| 32406 | 11/27/2013 | $ | 2,091.78 | $ | 9,085.00 | CLARK, JERRY T | | $ | 3,000.28 | $ 81,124.00 |
| 30014 | 11/29/2013 | $ | 5,335.05 | $ | 14,385.00 | HOBBS, JAMES H | HOBBS, LADONNA L | $ | 6,773.55 | $ 162,248.00 |
| 27884R | 12/02/2013 | $ | 2,393.97 | $ | 12,885.00 | BLISH, CHRISTOPHER M | | $ | 3,682.47 | $ 81,124.00 |
| 33194 | 12/03/2013 | $ | 1,032.20 | $ | 6,585.00 | ALLEN, COURTNEY M | | $ | 1,690.70 | $ 81,124.00 |
| 28444R1 | 12/04/2013 | $ | 1,808.74 | $ | 9,485.00 | BOCHMEYER, LEVI A | | $ | 2,757.24 | $ 81,124.00 |
| 28886 | 12/06/2013 | $ | 1,441.34 | $ | 8,400.00 | Simone, Paul | Lawson, Danielle | $ | 2,281.34 | $ 162,248.00 |
| 33398 | 12/12/2013 | $ | 1,488.56 | $ | 7,000.00 | COLLINS, NICOLE R | | $ | 2,188.56 | $ 81,124.00 |
| 31613 | 12/16/2013 | $ | 2,391.39 | $ | 10,398.05 | ALLISON, ASHLEY N | ANGLE, DONALD C | $ | 3,431.20 | $ 162,248.00 |
| 32476 | 12/16/2013 | $ | 2,496.92 | $ | 13,885.00 | AUSTIN, DARRIN R | SIDENSTRICKER, APRIL M | $ | 3,885.42 | $ 162,248.00 |
| 27549R | 12/17/2013 | $ | 1,747.22 | $ | 7,985.00 | DURHAM, CHRISTIAN N | | $ | 2,545.72 | $ 81,124.00 |
| 31448 | 12/17/2013 | $ | 1,493.59 | $ | 7,000.00 | WELCH, ROBIN L | | $ | 2,193.59 | $ 81,124.00 |
| 32354 | 12/18/2013 | $ | 2,391.39 | $ | 10,398.05 | MCCUTCHEN, RICHARD J | | $ | 3,431.20 | $ 81,124.00 |
| 22990R | 12/24/2013 | $ | 1,083.39 | $ | 10,785.00 | CAMPBELL, RANDALL D | | $ | 2,161.89 | $ 81,124.00 |
| 31855 | 12/24/2013 | $ | 2,391.39 | $ | 10,398.05 | ROBBINS, MENDY J | | $ | 3,431.20 | $ 81,124.00 |
| 32306 | 12/24/2013 | $ | 1,763.88 | $ | 14,385.00 | WHEELER, JAMES M | | $ | 3,202.38 | $ 81,124.00 |
| 32051 | 12/30/2013 | $ | 2,850.43 | $ | 14,785.00 | GRINTER, JEFFREY L | GRINTER, CARA R | $ | 4,328.93 | $ 162,248.00 |
| AC31794 | 12/30/2013 | $ | 3,233.08 | $ | 12,634.81 | LEWIS, CHARLES SCOTT JR | | $ | 4,496.56 | $ 81,124.00 |
| 31363R | 12/30/2013 | $ | 2,946.65 | $ | 9,436.00 | PIERCE, CHRISTOPHER E | | $ | 3,890.25 | $ 81,124.00 |
| 28039 | 12/30/2013 | $ | 2,443.39 | $ | 8,985.00 | QUINN, AMANDA L | QUINN, CHRISTOPHER J | $ | 3,341.89 | $ 162,248.00 |
| 32918 | 12/31/2013 | $ | 1,944.21 | $ | 8,185.00 | BROWN, TRAVIS J | | $ | 2,762.71 | $ 81,124.00 |
| 33197 | 01/02/2014 | $ | 1,482.98 | $ | 13,585.00 | ANGLE, JOSHUA C | | $ | 2,841.48 | $ 81,124.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 32121 | 01/07/2014 | $ | 837.33 | $ | 8,885.00 | NICKS, BRITTANIE N | | $ | 1,725.83 $ | 81,124.00 |
| 29483R | 01/08/2014 | $ | 2,886.10 | $ | 11,485.00 | CAROTHERS, DELANA R | | $ | 4,034.60 $ | 81,124.00 |
| 26565 | 01/08/2014 | $ | 1,387.99 | $ | 12,585.00 | MINNICK, MARK S | MINNICK, WENDY L | $ | 2,646.49 $ | 162,248.00 |
| 31583 | 01/08/2014 | $ | 2,441.84 | $ | 8,985.00 | ZIEGENFUSS, CHERIE R | ZIEGENFUSS, TONY | $ | 3,340.34 $ | 162,248.00 |
| 30788R | 01/10/2014 | $ | 1,114.48 | $ | 8,185.00 | OATMAN, RONALD D | OATMAN, CAROL A | $ | 1,932.98 $ | 162,248.00 |
| 30089R | 01/10/2014 | $ | 2,504.27 | $ | 10,900.00 | SULLIVAN, CLARENCE J | | $ | 3,594.27 $ | 81,124.00 |
| 32784 | 01/14/2014 | $ | 1,105.31 | $ | 6,185.00 | JOHNSON, MAYLENA J | | $ | 1,723.81 $ | 81,124.00 |
| 31558A | 01/14/2014 | $ | 2,391.39 | $ | 10,398.05 | LOYD, CHARMAE L | | $ | 3,431.20 $ | 81,124.00 |
| 27003R | 01/21/2014 | $ | 2,391.39 | $ | 10,398.05 | KUEHNE, DENNIS G | CHAVEZ, MARYLOU | $ | 3,431.20 $ | 162,248.00 |
| AC25777 | 01/21/2014 | $ | 1,256.95 | $ | 6,793.26 | MCTHOMPSON, LESLIE L | | $ | 1,936.28 $ | 81,124.00 |
| 29415AR | 01/24/2014 | $ | 1,758.95 | $ | 9,185.00 | CARRIER, JOHN H IV | | $ | 2,677.45 $ | 81,124.00 |
| 32108 | 01/24/2014 | $ | 1,329.01 | $ | 12,536.00 | MORRISON, ANTHONY W | | $ | 2,582.61 $ | 81,124.00 |
| 31124 | 01/28/2014 | $ | 2,784.05 | $ | 11,785.00 | KIPPER, DYLAN D | | $ | 3,962.55 $ | 81,124.00 |
| 31881 | 01/28/2014 | $ | 1,569.67 | $ | 12,085.00 | MCFARLAND, EMILY S | | $ | 2,778.17 $ | 81,124.00 |
| 31927 | 01/28/2014 | $ | 805.56 | $ | 9,000.00 | VAUGHN, DANIEL A | | $ | 1,705.56 $ | 81,124.00 |
| 33477 | 01/29/2014 | $ | 2,110.32 | $ | 10,936.00 | DURHAM, CHARLES D | DURHAM, KAYLEE S | $ | 3,203.92 $ | 162,248.00 |
| 32786 | 01/29/2014 | $ | 1,182.23 | $ | 10,585.00 | FISHER, TRACY A | | $ | 2,240.73 $ | 81,124.00 |
| 30757 | 02/11/2014 | $ | 2,842.00 | $ | 11,585.00 | CALOVICH, JOSHUA A | WARE, JENNIFER L | $ | 4,000.50 $ | 162,248.00 |
| 33616 | 02/13/2014 | $ | 917.26 | $ | 9,785.00 | MENDOZA, AMY M | | $ | 1,895.76 $ | 81,124.00 |
| 31930 | 02/17/2014 | $ | 1,027.26 | $ | 10,585.00 | DICKENS, LACEY K | | $ | 2,085.76 $ | 81,124.00 |
| 33790 | 02/17/2014 | $ | 2,391.39 | $ | 10,398.05 | SKIVER, GERALD W | | $ | 3,431.20 $ | 81,124.00 |
| 33891 | 02/19/2014 | $ | 2,077.50 | $ | 9,685.00 | BOTTOROFF, DOUGLAS J | | $ | 3,046.00 $ | 81,124.00 |
| 33200 | 02/20/2014 | $ | 4,128.00 | $ | 14,285.00 | DAVIS, ALISHA S | | $ | 5,556.50 $ | 81,124.00 |
| 27024 | 02/20/2014 | $ | 3,496.55 | $ | 11,585.00 | MITCHELL, BRANDON L | | $ | 4,655.05 $ | 81,124.00 |
| 29237R1 | 02/20/2014 | $ | 1,613.34 | $ | 13,085.00 | PILMORE, BUDDY R | | $ | 2,921.84 $ | 81,124.00 |
| 31541 | 02/25/2014 | $ | 4,352.26 | $ | 12,685.00 | CASEY, GARY L | BROWN, FRANCES D | $ | 5,620.76 $ | 162,248.00 |
| 28714R1 | 02/25/2014 | $ | 2,613.90 | $ | 10,785.00 | MULLINS, DAVID M | | $ | 3,692.40 $ | 81,124.00 |
| 32118 | 02/26/2014 | $ | 2,454.50 | $ | 13,985.00 | ROBERTS, DARREN W | | $ | 3,853.00 $ | 81,124.00 |
| 32921 | 02/27/2014 | $ | 2,391.39 | $ | 10,398.05 | SMITH, HACKETT | | $ | 3,431.20 $ | 81,124.00 |
| 29726 | 03/06/2014 | $ | 3,244.35 | $ | 12,385.00 | LEE, NICOLE MICHELE | | $ | 4,482.85 $ | 81,124.00 |
| 32259 | 03/07/2014 | $ | 3,299.42 | $ | 12,785.00 | KNIGHT, ADRIAN M | KNIGHT, AMANDA M | $ | 4,577.92 $ | 162,248.00 |
| 33615 | 03/07/2014 | $ | 4,613.92 | $ | 12,385.00 | MARTIN, DEBORAH A | | $ | 5,852.42 $ | 81,124.00 |
| AC32830 | 03/10/2014 | $ | 1,474.45 | $ | 12,311.33 | HOPPER, NICOLE L | HOPPER, ROBERT A | $ | 2,705.58 $ | 162,248.00 |
| 30822 | 03/11/2014 | $ | 4,232.42 | $ | 12,085.00 | GOODNIGHT, CHRISTOPHER L | | $ | 5,440.92 $ | 81,124.00 |
| 33271 | 03/13/2014 | $ | 1,751.76 | $ | 14,185.00 | Canterbury, Stephanie | | $ | 3,170.26 $ | 81,124.00 |
| 29098R | 03/13/2014 | $ | 836.94 | $ | 6,085.00 | BREWER, BRANDI A | | $ | 1,445.44 $ | 81,124.00 |
| 28720R | 03/19/2014 | $ | 4,991.75 | $ | 13,685.00 | CLIFTON, TREVOR K | | $ | 6,360.25 $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 32991 | 03/19/2014 | $ | 1,466.59 | $ | 12,985.00 | LABOUNTY, PAUL N | | $ 2,765.09 $ 81,124.00 |
| 30306R | 03/28/2014 | $ | 3,505.98 | $ | 10,885.00 | HARDY, JAMES D | WILKINSON, ALBERTA L | $ 4,594.48 $ 162,248.00 |
| AC31265 | 03/28/2014 | $ | 2,160.01 | $ | 10,330.21 | MINNICK, MARK S | MINNICK, WENDY L | $ 3,193.03 $ 162,248.00 |
| 33613 | 03/28/2014 | $ | 3,901.35 | $ | 14,085.00 | NORTH, HEATHER R | | $ 5,309.85 $ 81,124.00 |
| 29934R1 | 03/31/2014 | $ | 4,019.94 | $ | 11,635.00 | BARNES, JOHN I | | $ 5,183.44 $ 81,124.00 |
| 31324R | 04/03/2014 | $ | 1,454.34 | $ | 7,085.00 | ATKINSON, HEATHER A | | $ 2,162.84 $ 81,124.00 |
| 33196 | 04/08/2014 | $ | 2,919.89 | $ | 10,185.00 | NEAL, GARLAND E | | $ 3,938.39 $ 81,124.00 |
| 33480 | 04/10/2014 | $ | 1,698.31 | $ | 13,985.00 | CLIFTON, TREVOR K | CLIFTON, BRANDEI L | $ 3,096.81 $ 162,248.00 |
| 30145 | 04/10/2014 | $ | 2,489.38 | $ | 11,500.00 | SOFIA, LARRY RAY | | $ 3,639.38 $ 81,124.00 |
| 31419 | 04/16/2014 | $ | 3,092.16 | $ | 12,885.00 | HALE, SHERRY A | | $ 4,380.66 $ 81,124.00 |
| 29301R1 | 04/17/2014 | $ | 645.00 | $ | 5,285.00 | TREAT, CHANCE D | TREAT, TARI L | $ 1,173.50 $ 162,248.00 |
| 29957R | 04/22/2014 | $ | 2,997.41 | $ | 12,185.00 | HOLLAND, DUANE M | | $ 4,215.91 $ 81,124.00 |
| 34745 | 04/22/2014 | $ | 4,390.59 | $ | 12,685.00 | LOVAS, SHAWN P | | $ 5,659.09 $ 81,124.00 |
| 34245 | 04/28/2014 | $ | 1,726.84 | $ | 14,085.00 | JOHNSON, VERONICA D | JOHNSON, ROBERT R | $ 3,135.34 $ 162,248.00 |
| 34287 | 04/28/2014 | $ | 3,178.01 | $ | 12,385.00 | VOSS, KENNETH B | VOSS, ANDREA D | $ 4,416.51 $ 162,248.00 |
| 30494R | 05/02/2014 | $ | 3,664.21 | $ | 12,685.00 | BURNEY, LARRY G | | $ 4,932.71 $ 81,124.00 |
| 31859 | 05/02/2014 | $ | 2,110.49 | $ | 8,400.00 | MCCRORY, TROY | MCCRORY, ZANITA | $ 2,950.49 $ 162,248.00 |
| 34255 | 05/06/2014 | $ | 1,964.00 | $ | 13,100.00 | OLIVER, KIMBERLY S | | $ 3,274.00 $ 81,124.00 |
| 27850R2 | 05/08/2014 | $ | 2,544.93 | $ | 11,685.00 | CAMPBELL, TOLIVER T | | $ 3,713.43 $ 81,124.00 |
| 33500 | 05/08/2014 | $ | 4,725.39 | $ | 12,585.00 | SUTTEN, NE'TASHA E | | $ 5,983.89 $ 81,124.00 |
| 34290 | 05/13/2014 | $ | 2,018.96 | $ | 8,400.00 | DELLA-CALCE, TAMSIN H | | $ 2,858.96 $ 81,124.00 |
| 33172 | 05/13/2014 | $ | 2,455.65 | $ | 8,900.00 | HENDERSON, PAMELA K | | $ 3,345.65 $ 81,124.00 |
| 32836 | 05/20/2014 | $ | 1,518.07 | $ | 7,000.00 | BRYANT, KAREN L | | $ 2,218.07 $ 81,124.00 |
| 22311R2 | 05/20/2014 | $ | 726.23 | $ | 8,285.00 | POOR, BRIAN S | POOR, NICOLE E | $ 1,554.73 $ 162,248.00 |
| 33983 | 05/22/2014 | $ | 1,120.12 | $ | 7,000.00 | DART, GABRIEL T | | $ 1,820.12 $ 81,124.00 |
| 31001 | 05/28/2014 | $ | 3,330.84 | $ | 10,685.00 | MARTIN, DAVID L | | $ 4,399.34 $ 81,124.00 |
| 25945 | 05/29/2014 | $ | 2,391.39 | $ | 10,398.05 | LEE, LINDA F | | $ 3,431.20 $ 81,124.00 |
| 34304 | 06/02/2014 | $ | 2,875.00 | $ | 9,585.00 | BAGGET, MENDY J | | $ 3,833.50 $ 81,124.00 |
| 33671 | 06/02/2014 | $ | 1,816.61 | $ | 10,885.00 | EDWARDS, DENEA L | | $ 2,905.11 $ 81,124.00 |
| 34746 | 06/06/2014 | $ | 3,409.85 | $ | 10,785.00 | GETZ, BRANDON N | GETZ, AMANDA D | $ 4,488.35 $ 162,248.00 |
| 31977R | 06/06/2014 | $ | 2,782.15 | $ | 9,085.00 | NUTTLE, CHRISTOPHER L | | $ 3,690.65 $ 81,124.00 |
| 32996 | 06/11/2014 | $ | 2,640.84 | $ | 8,985.00 | MOLDEN, NANCY K | | $ 3,539.34 $ 81,124.00 |
| 31615 | 06/12/2014 | $ | 4,460.37 | $ | 12,735.00 | TRACY, JOHN W | | $ 5,733.87 $ 81,124.00 |
| 32352 | 06/16/2014 | $ | 4,802.95 | $ | 12,685.00 | HANNER, RONALD T | HANNER, SUSAN M | $ 6,071.45 $ 162,248.00 |
| 32051R | 06/16/2014 | $ | 5,141.13 | $ | 13,885.00 | HANNER, RONALD T | HANNER, SUSAN M | $ 6,529.63 $ 162,248.00 |
| 31690 | 06/19/2014 | $ | 5,189.32 | $ | 13,685.00 | DILLARD, THOMAS S | | $ 6,557.82 $ 81,124.00 |
| 27405R2 | 06/19/2014 | $ | 1,144.38 | $ | 7,185.00 | MORIN, ALAN A | | $ 1,862.88 $ 81,124.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 34024 | 06/23/2014 | $ | 4,322.84 | $ | 12,385.00 | HENDERSON, RICKEY L. | HENDERSON, JANE E | $ | 5,561.34 | $ | 162,248.00 |
| 31943 | 06/24/2014 | $ | 3,901.35 | $ | 14,085.00 | NORTH, HEATHER R | NORTH, CHRISTOPHER A | $ | 5,309.85 | $ | 162,248.00 |
| AC31502 | 06/27/2014 | $ | 1,971.74 | $ | 9,803.92 | MATHIES, TITA M | | $ | 2,952.13 | $ | 81,124.00 |
| 31815 | 06/30/2014 | $ | 4,480.56 | $ | 13,136.00 | CARRIER, JEREMY J | MCGUIRK, YVONNE E | $ | 5,794.16 | $ | 162,248.00 |
| 35378 | 06/30/2014 | $ | 1,324.54 | $ | 10,485.00 | MCKNIGHT, KRISTIN M | MCKNIGHT, DARRIN G | $ | 2,373.04 | $ | 162,248.00 |
| 28252R | 07/01/2014 | $ | 2,708.14 | $ | 9,785.00 | CORNELISON, KENNETH C | | $ | 3,686.64 | $ | 81,124.00 |
| 29798R1 | 07/02/2014 | $ | 1,505.67 | $ | 13,685.00 | DUNHAM, LYLE N. | | $ | 2,874.17 | $ | 81,124.00 |
| 30827R | 07/02/2014 | $ | 1,197.85 | $ | 11,085.00 | LINK, NICHOLAS J | | $ | 2,306.35 | $ | 81,124.00 |
| AC32525 | 07/08/2014 | $ | 2,391.39 | $ | 10,398.05 | JOHNSON, KRISTINE N | | $ | 3,431.20 | $ | 81,124.00 |
| 34382 | 07/09/2014 | $ | 2,797.28 | $ | 10,885.00 | Staggs, Gary | | $ | 3,885.78 | $ | 81,124.00 |
| 25975R | 07/09/2014 | $ | 2,028.34 | $ | 7,885.00 | NEEL, SHELLY M. | | $ | 2,816.84 | $ | 81,124.00 |
| AC31926 | 07/09/2014 | $ | 1,891.02 | $ | 8,718.14 | SUTTON, SHYANNE D | | $ | 2,762.83 | $ | 81,124.00 |
| 34288 | 07/10/2014 | $ | 554.57 | $ | 7,085.00 | KING, MELISSA F. | | $ | 1,263.07 | $ | 81,124.00 |
| 29241R | 07/11/2014 | $ | 2,391.39 | $ | 10,398.05 | ANDERSON, JENNIFER J | LANGLEY, ONEY J | $ | 3,431.20 | $ | 162,248.00 |
| 35126 | 07/11/2014 | $ | 2,630.53 | $ | 9,100.00 | GRANT, DELORIS MAE | | $ | 3,540.53 | $ | 81,124.00 |
| 34242 | 07/11/2014 | $ | 1,551.93 | $ | 8,400.00 | MCCUBBIN, DAVID LEROY | | $ | 2,391.93 | $ | 81,124.00 |
| 34744 | 07/11/2014 | $ | 1,706.94 | $ | 14,490.00 | SAMAYOA, SHERRY A | | $ | 3,155.94 | $ | 81,124.00 |
| 30150R | 07/14/2014 | $ | 3,971.90 | $ | 11,485.00 | BRESEE, EVERETT L | | $ | 5,120.40 | $ | 81,124.00 |
| 30265R | 07/14/2014 | $ | 1,673.51 | $ | 14,085.00 | COUNTS, ROBERT L JR | | $ | 3,082.01 | $ | 81,124.00 |
| 34052 | 07/14/2014 | $ | 3,410.91 | $ | 10,900.00 | KEMP, BRIANA TIESHAE | | $ | 4,500.91 | $ | 81,124.00 |
| 29407R | 07/15/2014 | $ | 2,391.39 | $ | 10,398.05 | ALUMBAUGH, JENNIFER D | FRANKLIN, HARLIN L | $ | 3,431.20 | $ | 162,248.00 |
| 35104 | 07/15/2014 | $ | 1,558.88 | $ | 13,185.00 | POUNDS, JOSEPH A | | $ | 2,877.38 | $ | 81,124.00 |
| 34440 | 07/18/2014 | $ | 2,103.73 | $ | 11,985.00 | RAY, RACHANDA R | | $ | 3,302.23 | $ | 81,124.00 |
| 35219 | 07/21/2014 | $ | 2,391.39 | $ | 10,398.05 | BROWDER, BRIAN L | | $ | 3,431.20 | $ | 81,124.00 |
| 32995R | 07/25/2014 | $ | 4,026.63 | $ | 12,385.00 | DYKEMA, HANJA Y | | $ | 5,265.13 | $ | 81,124.00 |
| 33716 | 07/28/2014 | $ | 1,506.32 | $ | 7,185.00 | MCGEE, CLARISSA JEAN | | $ | 2,224.82 | $ | 81,124.00 |
| AC34741 | 07/29/2014 | $ | 2,621.13 | $ | 14,640.38 | JOHNSON, STEPHANIE D | | $ | 4,085.17 | $ | 81,124.00 |
| 33931 | 07/29/2014 | $ | 1,551.66 | $ | 13,085.00 | JONES, ANDREW CHRISTIAN | | $ | 2,860.16 | $ | 81,124.00 |
| 35023 | 07/29/2014 | $ | 2,215.19 | $ | 13,585.00 | TEETER, JOHN B | | $ | 3,573.69 | $ | 81,124.00 |
| 35704 | 07/30/2014 | $ | 982.18 | $ | 8,385.00 | DORMAN, ANGELA LORRAINE | | $ | 1,820.68 | $ | 81,124.00 |
| 33698 | 08/01/2014 | $ | 3,385.38 | $ | 13,585.00 | HILL, REGINALD A | | $ | 4,743.88 | $ | 81,124.00 |
| 34680 | 08/01/2014 | $ | 4,740.59 | $ | 13,700.00 | HOWARD, JAMES HENRY JR | HOWARD, FRANCES SHANAE | $ | 6,110.59 | $ | 162,248.00 |
| 30372R | 08/05/2014 | $ | 4,249.68 | $ | 11,885.00 | LEAL, ZACHARY K | LEAL, MELISSA D | $ | 5,438.18 | $ | 162,248.00 |
| 33504R | 08/05/2014 | $ | 929.96 | $ | 8,085.00 | MAYES, BRANDIE J | MAYES, JOB D | $ | 1,738.46 | $ | 162,248.00 |
| 33653 | 08/06/2014 | $ | 1,101.03 | $ | 8,585.00 | SPRY, THEDA R | SPRY, JOSEPH F | $ | 1,959.53 | $ | 162,248.00 |
| 34301 | 08/06/2014 | $ | 1,146.86 | $ | 6,500.00 | STAPLETON, MICHEAL CORTEZ | | $ | 1,796.86 | $ | 81,124.00 |
| 34161 | 08/11/2014 | $ | 1,073.28 | $ | 5,500.00 | KITCHEN, EBONY FAYE | | $ | 1,623.28 | $ | 81,124.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 28714R2 | 08/11/2014 | $ | 1,128.02 | $ | 9,085.00 | LEACH, MARK L | | $ | 2,036.52 | $ | 81,124.00 |
| 30488R | 08/12/2014 | $ | 2,704.89 | $ | 10,785.00 | CRAIG, DOROTHY L | | $ | 3,783.39 | $ | 81,124.00 |
| 31521R | 08/15/2014 | $ | 1,236.79 | $ | 10,785.00 | AARONSON, BRUCE L | MORGAN, MAXWELL C | $ | 2,315.29 | $ | 162,248.00 |
| 30105R | 08/15/2014 | $ | 3,070.52 | $ | 9,785.00 | CLAXTON, LISA G | | $ | 4,049.02 | $ | 81,124.00 |
| 33610 | 08/15/2014 | $ | 4,302.48 | $ | 12,685.00 | YONALLY, KRISTLE R | | $ | 5,570.98 | $ | 81,124.00 |
| 33986 | 08/21/2014 | $ | 2,172.15 | $ | 10,285.00 | COLE, KATHERINE L | | $ | 3,200.65 | $ | 81,124.00 |
| 36002 | 08/21/2014 | $ | 990.55 | $ | 7,885.00 | FUGATE, STEPHEN LEO | | $ | 1,779.05 | $ | 81,124.00 |
| 34787 | 08/22/2014 | $ | 2,290.34 | $ | 9,900.00 | JONES, ROBERT R | CLARK, CARISSA L | $ | 3,280.34 | $ | 162,248.00 |
| 30822R | 08/22/2014 | $ | 2,632.57 | $ | 13,885.00 | NANCE, JEFFREY E | | $ | 4,021.07 | $ | 81,124.00 |
| 34811 | 08/25/2014 | $ | 4,102.37 | $ | 13,400.00 | ALBERT, NICOLE | | $ | 5,442.37 | $ | 81,124.00 |
| 33891R | 08/25/2014 | $ | 1,234.75 | $ | 9,085.00 | CANO, ANDREA L | | $ | 2,143.25 | $ | 81,124.00 |
| 35546 | 08/25/2014 | $ | 2,391.39 | $ | 10,398.05 | LANE, CHRISTOPHER ALAN | | $ | 3,431.20 | $ | 81,124.00 |
| 34364 | 08/25/2014 | $ | 3,619.65 | $ | 13,785.00 | LUTTRELL, JOSHUA J | | $ | 4,998.15 | $ | 81,124.00 |
| 33929 | 08/25/2014 | $ | 2,619.59 | $ | 9,785.00 | WATSON, JOHNATHAN MONTGOMERY | DURHAM, BROOKE NICHOLE | $ | 3,598.09 | $ | 162,248.00 |
| 32991R | 08/26/2014 | $ | 1,903.13 | $ | 12,585.00 | SPICER, GERALD CURTIS | | $ | 3,161.63 | $ | 81,124.00 |
| 33193 | 08/27/2014 | $ | 4,082.68 | $ | 13,785.00 | POTTER, DENNISE A | FONTENEAU, WALLY D JR | $ | 5,461.18 | $ | 162,248.00 |
| 35833 | 08/28/2014 | $ | 1,380.07 | $ | 10,385.00 | STONE, NICHOLE LYNN | | $ | 2,418.57 | $ | 81,124.00 |
| Redacted | 09/02/2014 | $ | 2,589.71 | $ | 9,400.00 | Horn, Marvin | | $ | 3,529.71 | $ | 81,124.00 |
| 33039 | 09/03/2014 | $ | 2,002.87 | $ | 11,585.00 | BEEGHLY, JOSEPH A | BEEGHLY, KAREN E | $ | 3,161.37 | $ | 162,248.00 |
| 33818 | 09/03/2014 | $ | 3,254.72 | $ | 10,585.00 | BLAIR, MIGUEL | | $ | 4,313.22 | $ | 81,124.00 |
| 35824 | 09/03/2014 | $ | 2,281.41 | $ | 13,985.00 | DRYDEN, JILL E | | $ | 3,679.91 | $ | 81,124.00 |
| 30823R | 09/05/2014 | $ | 2,391.39 | $ | 10,398.05 | RUDY, CHARITY L | | $ | 3,431.20 | $ | 81,124.00 |
| 28902R1 | 09/10/2014 | $ | 2,236.55 | $ | 13,985.00 | MORRISSETTE, TIFFANY NICOLE | HARRIS, JACQUELINE | $ | 3,635.05 | $ | 162,248.00 |
| 31736 | 09/15/2014 | $ | 2,391.51 | $ | 8,985.00 | CLARKE, WILLIAM C JR | SIMS, LISA M | $ | 3,290.01 | $ | 162,248.00 |
| 33152 | 09/15/2014 | $ | 4,608.25 | $ | 12,536.00 | STARKEY, JAMIE L. | | $ | 5,861.85 | $ | 81,124.00 |
| 35825 | 09/15/2014 | $ | 1,409.30 | $ | 9,985.00 | YUNEK, MELISSA LYNN | | $ | 2,407.80 | $ | 81,124.00 |
| 35703 | 09/16/2014 | $ | 2,391.39 | $ | 10,398.05 | HOWARD, DANNY WILLIAM | | $ | 3,431.20 | $ | 81,124.00 |
| 34502 | 09/16/2014 | $ | 4,418.41 | $ | 12,585.00 | MCCALLUM, SHAWN P | | $ | 5,676.91 | $ | 81,124.00 |
| 31083R | 09/17/2014 | $ | 1,779.71 | $ | 13,185.00 | GIBSON, HEATHER R | | $ | 3,098.21 | $ | 81,124.00 |
| 34596 | 09/18/2014 | $ | 2,972.97 | $ | 10,100.00 | ADDINGTON, JOSHUA R. | | $ | 3,982.97 | $ | 81,124.00 |
| 34713 | 09/18/2014 | $ | 1,275.73 | $ | 9,485.00 | STOUGHTON, JOSEPH D | | $ | 2,224.23 | $ | 81,124.00 |
| 30368R | 09/19/2014 | $ | 1,288.76 | $ | 9,335.00 | ANDERSON, CYNTHIA L | | $ | 2,222.26 | $ | 81,124.00 |
| 33399 | 09/19/2014 | $ | 1,612.00 | $ | 12,836.00 | MCCLURE, JUSTIN S | | $ | 2,895.60 | $ | 81,124.00 |
| 35247 | 09/22/2014 | $ | 2,391.39 | $ | 10,398.05 | FOUSHEE, MARY IRENE | | $ | 3,431.20 | $ | 81,124.00 |
| 30498 | 09/22/2014 | $ | 4,320.15 | $ | 13,185.00 | WARD, CARL A | | $ | 5,638.65 | $ | 81,124.00 |
| 35179 | 09/30/2014 | $ | 1,103.27 | $ | 11,300.00 | BARTLETT, HOY A | | $ | 2,233.27 | $ | 81,124.00 |
| 32352R | 09/30/2014 | $ | 2,006.45 | $ | 11,885.00 | BURK, CHRISTINE M | SEWELL, PATRICK A | $ | 3,194.95 | $ | 162,248.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 35275 | 09/30/2014 | $ | 1,254.94 | $ | 9,785.00 | FARIS, ERNIE L | | $ | 2,233.44 | $ | 81,124.00 |
| 34892 | 09/30/2014 | $ | 2,600.79 | $ | 11,785.00 | HARRISON, JAMES D | | $ | 3,779.29 | $ | 81,124.00 |
| 34946 | 10/02/2014 | $ | 1,137.42 | $ | 8,800.00 | WOODBRIDGE, CURTIS J | CACKLEY, SHANNON D | $ | 2,017.42 | $ | 162,248.00 |
| 35866 | 10/03/2014 | $ | 1,960.02 | $ | 12,885.00 | MCLEES, AMBER S | | $ | 3,248.52 | $ | 81,124.00 |
| 35828 | 10/06/2014 | $ | 1,390.22 | $ | 10,485.00 | JACKSON, REGINA LE ESTHER | JACKSON, WADE ANTHONY | $ | 2,438.72 | $ | 162,248.00 |
| 35952 | 10/06/2014 | $ | 798.09 | $ | 7,385.00 | ROWE, ANDREW GRANT | | $ | 1,536.59 | $ | 81,124.00 |
| 36466 | 10/06/2014 | $ | 2,639.52 | $ | 12,285.00 | MILLS, KARLA EILEEN | | $ | 3,868.02 | $ | 81,124.00 |
| 34852 | 10/08/2014 | $ | 2,391.39 | $ | 10,398.05 | HOLMES, MARGARET LOUISE | | $ | 3,431.20 | $ | 81,124.00 |
| 35917 | 10/09/2014 | $ | 2,331.26 | $ | 13,485.00 | BROWN, ROYCE E II | | $ | 3,679.76 | $ | 81,124.00 |
| 33401 | 10/10/2014 | $ | 2,391.39 | $ | 10,398.05 | ISAACS, ADAM D | | $ | 3,431.20 | $ | 81,124.00 |
| 35616A | 10/13/2014 | $ | 2,805.32 | $ | 14,885.00 | TUCKER, KIM S | | $ | 4,293.82 | $ | 81,124.00 |
| 35756 | 10/14/2014 | $ | 2,041.69 | $ | 13,185.00 | MOATS, CHRISTOPHER THOMAS | | $ | 3,360.19 | $ | 81,124.00 |
| 31242R | 10/14/2014 | $ | 3,951.75 | $ | 12,235.00 | WITTNER, ANGIE L | WITTNER, JOHN M | $ | 5,175.25 | $ | 162,248.00 |
| 35614 | 10/17/2014 | $ | 2,317.75 | $ | 13,885.00 | BRAZILE, PHILLIP T | | $ | 3,706.25 | $ | 81,124.00 |
| 28822 | 10/17/2014 | $ | 3,129.28 | $ | 11,085.00 | PORTER, TARA S | | $ | 4,237.78 | $ | 81,124.00 |
| 36296 | 10/17/2014 | $ | 2,392.69 | $ | 15,085.00 | PYNE, PATTY ANN | | $ | 3,901.19 | $ | 81,124.00 |
| 34594 | 10/20/2014 | $ | 1,561.46 | $ | 10,985.00 | CLARK, JUSTIN W | | $ | 2,659.96 | $ | 81,124.00 |
| 28060 | 10/22/2014 | $ | 3,540.00 | $ | 12,385.00 | MORRISON, THEO L SR | MORRISON, OPAL B | $ | 4,778.50 | $ | 162,248.00 |
| 36158 | 10/24/2014 | $ | 783.04 | $ | 6,985.00 | ITAMIN, CARLA | RUDA, ICHOK ELIAS | $ | 1,481.54 | $ | 162,248.00 |
| 35568 | 10/27/2014 | $ | 2,948.58 | $ | 16,285.00 | GIBBENS, CLINTON J | GIBBENS, DARCAS A | $ | 4,577.08 | $ | 162,248.00 |
| 28333R | 10/27/2014 | $ | 2,017.73 | $ | 13,185.00 | JOHNSON, CRYSTAL D | JOHNSON, DUANE H | $ | 3,336.23 | $ | 162,248.00 |
| 32109R1 | 10/28/2014 | $ | 939.87 | $ | 7,485.00 | CARPENTER, SHEILA A | | $ | 1,688.37 | $ | 81,124.00 |
| 35944 | 10/28/2014 | $ | 1,534.86 | $ | 10,485.00 | NANCE, JEFFREY E | NANCE, KIRSTEN N | $ | 2,583.36 | $ | 162,248.00 |
| 35533 | 10/29/2014 | $ | 2,391.39 | $ | 10,398.05 | DEW, JAMES DONALD | | $ | 3,431.20 | $ | 81,124.00 |
| 30882R | 10/29/2014 | $ | 2,961.67 | $ | 11,975.33 | RUST, DEBORAH L | | $ | 4,159.20 | $ | 81,124.00 |
| 33501 | 10/30/2014 | $ | 3,155.70 | $ | 9,735.00 | LEE, JANIS L | | $ | 4,129.20 | $ | 81,124.00 |
| 34442A | 10/30/2014 | $ | 729.10 | $ | 6,485.00 | NEWMAN, JENNIFER L | | $ | 1,377.60 | $ | 81,124.00 |
| 31541R | 10/31/2014 | $ | 1,696.91 | $ | 10,985.00 | COTNER, ANITA S | | $ | 2,795.41 | $ | 81,124.00 |
| 32954R1 | 10/31/2014 | $ | 1,694.83 | $ | 10,985.00 | HOUSTON, MATTIE ANN | | $ | 2,793.33 | $ | 81,124.00 |
| 35616 | 11/04/2014 | $ | 2,391.39 | $ | 10,398.05 | BENNETT, JUSTIN W | BENNETT, ANDREA M | $ | 3,431.20 | $ | 162,248.00 |
| 28877 | 11/04/2014 | $ | 2,366.06 | $ | 9,285.00 | CARTER, MARK A | INMAN, DIANA D | $ | 3,294.56 | $ | 162,248.00 |
| 33397 | 11/04/2014 | $ | 2,484.92 | $ | 9,000.00 | KENNEDY, ROBERT L III | | $ | 3,384.92 | $ | 81,124.00 |
| 34510 | 11/07/2014 | $ | 4,368.70 | $ | 13,100.00 | BRADLEY, BENJAMIN H | | $ | 5,678.70 | $ | 81,124.00 |
| 35277 | 11/07/2014 | $ | 2,439.19 | $ | 12,163.61 | FOOTE, MICHAEL A | | $ | 3,655.55 | $ | 81,124.00 |
| 35456 | 11/07/2014 | $ | 2,391.39 | $ | 10,398.05 | GLASGOW, DIETRICH LEON | | $ | 3,431.20 | $ | 81,124.00 |
| 34147 | 11/10/2014 | $ | 1,323.93 | $ | 11,985.00 | STAPLE, BERTHA | | $ | 2,522.43 | $ | 81,124.00 |
| 31934R | 11/10/2014 | $ | 2,315.58 | $ | 14,036.00 | STEWART, BILLY L | | $ | 3,719.18 | $ | 81,124.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 34771 | 11/14/2014 | $ | 2,391.39 | $ | 10,398.05 | CLAY, GABRIELLE FIKISHA | | $ | 3,431.20 | $ | 81,124.00 |
| 35192 | 11/14/2014 | $ | 2,391.39 | $ | 10,398.05 | KERSEY, TIMOTHY ALLEN | KERSEY, STEPHEN KELLY | $ | 3,431.20 | $ | 162,248.00 |
| 33055 | 11/17/2014 | $ | 1,264.55 | $ | 6,935.00 | BLATTEL, SARAH E | | $ | 1,958.05 | $ | 81,124.00 |
| 35634 | 11/17/2014 | $ | 2,391.39 | $ | 10,398.05 | NORRIS, SHAWN R | | $ | 3,431.20 | $ | 81,124.00 |
| 35181 | 11/18/2014 | $ | 1,580.71 | $ | 14,085.00 | BAILEY, RICKY DEAN | BAILEY, DOROTHY CHARLENE | $ | 2,989.21 | $ | 162,248.00 |
| 35800 | 11/18/2014 | $ | 2,069.99 | $ | 12,785.00 | POWERS, PAMELA S | | $ | 3,348.49 | $ | 81,124.00 |
| 31153 | 11/19/2014 | $ | 4,293.05 | $ | 12,685.00 | LEIGH, JAMES R | | $ | 5,561.55 | $ | 81,124.00 |
| 35246 | 11/20/2014 | $ | 2,391.39 | $ | 10,398.05 | COPELAND, NICOLE R | COPELAND, DENNIS TERRY JR | $ | 3,431.20 | $ | 162,248.00 |
| 34026 | 11/20/2014 | $ | 2,391.39 | $ | 10,398.05 | WRIGHT, MONIC R | | $ | 3,431.20 | $ | 81,124.00 |
| 36157 | 12/01/2014 | $ | 1,456.26 | $ | 9,985.00 | BRANCH, TARA JULIE | BRANCH, JONATHAN WESLEY | $ | 2,454.76 | $ | 162,248.00 |
| 33217R | 12/01/2014 | $ | 2,412.15 | $ | 14,285.00 | SMITH, CHRISTINA GRACE | | $ | 3,840.65 | $ | 81,124.00 |
| 29027R | 12/01/2014 | $ | 3,396.88 | $ | 10,740.00 | WHEELOCK, MICHAEL G | | $ | 4,470.88 | $ | 81,124.00 |
| 32114 | 12/03/2014 | $ | 4,791.40 | $ | 12,685.00 | WILLIAMS, KERRY D | | $ | 6,059.90 | $ | 81,124.00 |
| 36047 | 12/04/2014 | $ | 1,059.05 | $ | 8,985.00 | ERICKSON, DONIEL R | | $ | 1,957.55 | $ | 81,124.00 |
| 31819 | 12/08/2014 | $ | 1,382.69 | $ | 12,585.00 | KING, TOBY L | | $ | 2,641.19 | $ | 81,124.00 |
| 33138R | 12/08/2014 | $ | 1,755.74 | $ | 10,985.00 | MYERS, LASTAYSHA MARIE | TANDY, STEPHEN L | $ | 2,854.24 | $ | 162,248.00 |
| 36545 | 12/09/2014 | $ | 981.83 | $ | 6,785.00 | ARDISON, MICHAEL DEWAYNE | | $ | 1,660.33 | $ | 81,124.00 |
| 35653 | 12/09/2014 | $ | 2,391.39 | $ | 10,398.05 | BROOKS, JANICE LASHAWN | | $ | 3,431.20 | $ | 81,124.00 |
| 34918 | 12/11/2014 | $ | 2,391.39 | $ | 10,398.05 | WHITE, MICHAEL DEANGELO | WILLIAMS, APRIL LAMAR | $ | 3,431.20 | $ | 162,248.00 |
| AC34616 | 12/15/2014 | $ | 2,391.39 | $ | 10,398.05 | REED, CURTIS WILLIAM | | $ | 3,431.20 | $ | 81,124.00 |
| 34214 | 12/16/2014 | $ | 4,009.52 | $ | 12,885.00 | BARNETT, VANESSA N | | $ | 5,298.02 | $ | 81,124.00 |
| 31017 | 12/17/2014 | $ | 3,920.00 | $ | 11,985.00 | BOYKE, GINA R | | $ | 5,118.50 | $ | 81,124.00 |
| 34843 | 12/17/2014 | $ | 2,680.98 | $ | 14,585.00 | WOELICH, ROBERT L | | $ | 4,139.48 | $ | 81,124.00 |
| 34745R | 12/18/2014 | $ | 2,010.32 | $ | 13,585.00 | VASSER, BYRON L | | $ | 3,368.82 | $ | 81,124.00 |
| 32051R1 | 12/19/2014 | $ | 2,549.69 | $ | 14,557.00 | JONES, DANIELLE L | | $ | 4,005.39 | $ | 81,124.00 |
| 35705 | 12/22/2014 | $ | 1,649.20 | $ | 12,385.00 | EBERS, SHIRLEY | | $ | 2,887.70 | $ | 81,124.00 |
| 33715AC | 12/24/2014 | $ | 1,423.77 | $ | 6,505.00 | DABNEY, WILLIAM C | CLARK-DABNEY, CONSTANCE DENISE | $ | 2,074.27 | $ | 162,248.00 |
| 34055 | 12/26/2014 | $ | 2,982.19 | $ | 15,999.70 | BENNETT, JUSTIN W | BENNETT, ANDREA M | $ | 4,582.16 | $ | 162,248.00 |
| 26166R | 12/30/2014 | $ | 2,822.24 | $ | 10,985.00 | WILKERSON, ALEXANDRIA D | | $ | 3,920.74 | $ | 81,124.00 |
| 34627 | 12/31/2014 | $ | 4,431.79 | $ | 11,885.00 | DAMERON, TONY CALVIN | | $ | 5,620.29 | $ | 81,124.00 |
| 31920R1 | 01/07/2015 | $ | 2,338.25 | $ | 12,185.00 | LACY, KENNETH LEE | | $ | 3,556.75 | $ | 81,124.00 |
| 32926R | 01/09/2015 | $ | 4,074.67 | $ | 13,485.00 | TILLMAN, LEROY | | $ | 5,423.17 | $ | 81,124.00 |
| 31205 | 01/09/2015 | $ | 4,309.09 | $ | 13,985.00 | WEBB, FRANK L | | $ | 5,707.59 | $ | 81,124.00 |
| 36271 | 01/12/2015 | $ | 3,474.28 | $ | 15,085.00 | STRAWMYER, DONEVA J | STRAWMYER, MICHAEL G | $ | 4,982.78 | $ | 162,248.00 |
| 34305 | 01/13/2015 | $ | 2,391.39 | $ | 10,398.05 | SHIVERS, DONISHEKA CHERAIL | | $ | 3,431.20 | $ | 81,124.00 |
| 36463 | 01/14/2015 | $ | 2,240.36 | $ | 12,285.00 | MCREAKEN, MICHAEL J | | $ | 3,468.86 | $ | 81,124.00 |
| 36544 | 01/14/2015 | $ | 1,569.27 | $ | 8,185.00 | PAIGE, EVELYN LORRAINE | | $ | 2,387.77 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 34079 | 01/16/2015 | $ | 755.60 | $ | 5,085.00 | BONAPARTE, ROSETTA JEANETE | | $ | 1,264.10 | $ | 81,124.00 |
| 30495R | 01/19/2015 | $ | 699.70 | $ | 6,835.00 | GOODMAN, IRMA R | GOODMAN, TERRY L | $ | 1,383.20 | $ | 162,248.00 |
| 36197 | 01/20/2015 | $ | 954.19 | $ | 7,985.00 | ARMSTRONG, ALEX STEVEN | ARMSTRONG, BRITTANY NICOLE | $ | 1,752.69 | $ | 162,248.00 |
| 30291R1 | 01/20/2015 | $ | 591.23 | $ | 7,185.00 | STEPHENSON, ALYSSA ANNE | | $ | 1,309.73 | $ | 81,124.00 |
| 31702R | 01/22/2015 | $ | 1,532.82 | $ | 13,185.00 | KAESSER, JASON A | | $ | 2,851.32 | $ | 81,124.00 |
| 36465 | 01/23/2015 | $ | 1,852.19 | $ | 10,285.00 | MCCOY, MICHAEL | | $ | 2,880.69 | $ | 81,124.00 |
| 36057 | 01/26/2015 | $ | 4,097.97 | $ | 11,936.00 | MANGRUM, TARA DAWN | MANGRUM, CHARLES WYMAN | $ | 5,291.57 | $ | 162,248.00 |
| 36455 | 01/27/2015 | $ | 1,687.62 | $ | 10,785.00 | KING, STEPHEN W | | $ | 2,766.12 | $ | 81,124.00 |
| 34625R | 01/27/2015 | $ | 2,616.50 | $ | 12,485.00 | STEPHENS, JOSHUA L | | $ | 3,865.00 | $ | 81,124.00 |
| AC30241 | 01/28/2015 | $ | 1,160.02 | $ | 6,726.17 | MATHIS, DORRECE A | | $ | 1,832.64 | $ | 81,124.00 |
| 35058 | 01/28/2015 | $ | 2,391.39 | $ | 10,398.05 | POWELL-SUTTON, BRIDGETTE L | | $ | 3,431.20 | $ | 81,124.00 |
| 28714R3 | 01/29/2015 | $ | 1,816.41 | $ | 10,285.00 | JOHNSON, LAWRENCE W | | $ | 2,844.91 | $ | 81,124.00 |
| 31940 | 02/03/2015 | $ | 3,149.53 | $ | 10,785.00 | COOPER, LOU L | | $ | 4,228.03 | $ | 81,124.00 |
| 30877R | 02/03/2015 | $ | 2,308.13 | $ | 9,985.00 | KUECHLIN, DEVON A | KNOWLES, BRANDY N | $ | 3,306.63 | $ | 162,248.00 |
| 29798R2 | 02/04/2015 | $ | 2,103.86 | $ | 13,785.00 | FORD, TALISHA F | | $ | 3,482.36 | $ | 81,124.00 |
| 36093 | 02/04/2015 | $ | 2,463.14 | $ | 14,085.00 | MCKEE, CHRISTINA M | | $ | 3,871.64 | $ | 81,124.00 |
| 31614 | 02/09/2015 | $ | 4,509.35 | $ | 12,835.00 | SOLE, JASON M | | $ | 5,792.85 | $ | 81,124.00 |
| 33824 | 02/09/2015 | $ | 1,854.10 | $ | 11,395.56 | WEBER, KRISTINE M | WEBER, BRITTANY N | $ | 2,993.66 | $ | 162,248.00 |
| 34304R | 02/10/2015 | $ | 1,178.42 | $ | 10,285.00 | VILLAGRES AJTUN, FAITH A | VELEZ CASTRO, JAIME | $ | 2,206.92 | $ | 162,248.00 |
| 31735 | 02/11/2015 | $ | 3,304.51 | $ | 11,135.00 | DELEON, ZHANE S | | $ | 4,418.01 | $ | 81,124.00 |
| 35961 | 02/11/2015 | $ | 2,653.32 | $ | 13,885.00 | WESLEY, TIMOTHY J | | $ | 4,041.82 | $ | 81,124.00 |
| 34512 | 02/18/2015 | $ | 2,391.39 | $ | 10,398.05 | CAIN, TRAVIS JAMEL | | $ | 3,431.20 | $ | 81,124.00 |
| 31028 | 02/18/2015 | $ | 4,194.52 | $ | 11,000.00 | HUNT, RACHELL L | | $ | 5,294.52 | $ | 81,124.00 |
| 31268 | 02/19/2015 | $ | 2,118.91 | $ | 13,100.00 | SHANKLES, HAROLD R | | $ | 3,428.91 | $ | 81,124.00 |
| 30772 | 02/23/2015 | $ | 3,766.24 | $ | 13,285.00 | NUGENT, JASON A | NUGENT, CHRISTINA M | $ | 5,094.74 | $ | 162,248.00 |
| 35833R | 02/24/2015 | $ | 1,851.71 | $ | 10,285.00 | MOORE, JUSTIN ALAN | | $ | 2,880.21 | $ | 81,124.00 |
| 33791 | 02/25/2015 | $ | 3,567.45 | $ | 14,285.00 | DABNEY, TIFFANY J | DABNEY, ROBERT S | $ | 4,995.95 | $ | 162,248.00 |
| 35521 | 02/27/2015 | $ | 1,984.43 | $ | 9,985.00 | WILBURN, SHAYNE L | | $ | 2,982.93 | $ | 81,124.00 |
| 36204A | 03/03/2015 | $ | 671.68 | $ | 7,300.00 | BRESEE, BILLY J JR | BRESEE, MELISSA M | $ | 1,401.68 | $ | 162,248.00 |
| 36170 | 03/03/2015 | $ | 903.88 | $ | 7,785.00 | ROBERTSON, AMANDA N | | $ | 1,682.38 | $ | 81,124.00 |
| 35396 | 03/04/2015 | $ | 2,391.39 | $ | 10,398.05 | WOODEN, JASMINE MONNETTE | | $ | 3,431.20 | $ | 81,124.00 |
| 36783 | 03/06/2015 | $ | 2,830.08 | $ | 14,285.00 | COSLET, BRANDON WAYNE | | $ | 4,258.58 | $ | 81,124.00 |
| 36417 | 03/09/2015 | $ | 1,693.58 | $ | 9,585.00 | ARLINT, SCOTT M | | $ | 2,652.08 | $ | 81,124.00 |
| 36936 | 03/09/2015 | $ | 2,042.39 | $ | 10,785.00 | ROBERTS, ALFRED LEE | | $ | 3,120.89 | $ | 81,124.00 |
| 36853 | 03/11/2015 | $ | 3,130.33 | $ | 13,485.00 | RAYMOND, WARREN R | | $ | 4,478.83 | $ | 81,124.00 |
| 33196R | 03/16/2015 | $ | 1,198.66 | $ | 10,185.00 | HAMER, ALAN E | | $ | 2,217.16 | $ | 81,124.00 |
| 36680 | 03/16/2015 | $ | 920.38 | $ | 6,785.00 | JOY, TABITHA F | | $ | 1,598.88 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 36002R | 03/16/2015 | $ | 1,297.64 | $ | 8,285.00 | MONCRIEF, KARLETTA MARIE | | $ | 2,126.14 | $ | 81,124.00 |
| 35731 | 03/16/2015 | $ | 2,391.39 | $ | 10,398.05 | POWELL-SUTTON, BRIDGETTE L | | $ | 3,431.20 | $ | 81,124.00 |
| 35060 | 03/20/2015 | $ | 1,508.21 | $ | 12,800.00 | JOHNSON, ROY L | | $ | 2,788.21 | $ | 81,124.00 |
| 31304R | 03/27/2015 | $ | 5,332.85 | $ | 14,285.00 | BUTTS, JAMES R | | $ | 6,761.35 | $ | 81,124.00 |
| 35529R | 03/30/2015 | $ | 2,226.09 | $ | 10,785.00 | MIDGYETT, TINA MICHELLE | | $ | 3,304.59 | $ | 81,124.00 |
| 34009R | 03/30/2015 | $ | 1,365.05 | $ | 10,485.00 | MINTON, AMBER NICOLE | | $ | 2,413.55 | $ | 81,124.00 |
| AC36265 | 04/03/2015 | $ | 1,203.32 | $ | 9,285.00 | MORENO, MARIO D | | $ | 2,131.82 | $ | 81,124.00 |
| 34893 | 04/07/2015 | $ | 2,391.39 | $ | 10,398.05 | DRISKILL, CLAYTON J | | $ | 3,431.20 | $ | 81,124.00 |
| 36272 | 04/09/2015 | $ | 3,939.36 | $ | 15,685.00 | BASKIN, BARRY W JR | BASKIN, CAROLYN S | $ | 5,507.86 | $ | 162,248.00 |
| 36884 | 04/10/2015 | $ | 3,204.52 | $ | 14,685.00 | HAMILTON, LARRY D | HAMILTON, KIMBERLY D | $ | 4,673.02 | $ | 162,248.00 |
| 30822R1 | 04/10/2015 | $ | 2,618.73 | $ | 12,285.00 | HUFF, DUSTIN W | HUFF, BRITTANY L | $ | 3,847.23 | $ | 162,248.00 |
| 33932 | 04/13/2015 | $ | 3,342.76 | $ | 10,585.00 | JACKSON, DEBORAH ELAINE | HOLDEN, ALEX | $ | 4,401.26 | $ | 162,248.00 |
| AC30330R | 04/14/2015 | $ | 2,921.49 | $ | 11,754.79 | COOPER, LOU L | | $ | 4,096.97 | $ | 81,124.00 |
| 35831 | 04/14/2015 | $ | 724.47 | $ | 6,485.00 | JOHNSON, ALICIA RENEE | | $ | 1,372.97 | $ | 81,124.00 |
| 32259R | 04/17/2015 | $ | 1,432.18 | $ | 9,906.74 | COCHRANE, KASEY M | | $ | 2,422.85 | $ | 81,124.00 |
| 34247 | 04/17/2015 | $ | 1,320.33 | $ | 11,552.40 | JARMAN, LARRY E JR | | $ | 2,475.57 | $ | 81,124.00 |
| Redacted | 04/21/2015 | $ | 782.79 | $ | 6,985.00 | Mease, Matthew | | $ | 1,481.29 | $ | 81,124.00 |
| 34907 | 04/21/2015 | $ | 2,189.29 | $ | 13,485.00 | CRABTREE, RICHARD J | | $ | 3,537.79 | $ | 81,124.00 |
| 35184AC | 04/22/2015 | $ | 1,217.10 | $ | 8,785.00 | FRANKLIN, EVERETT L | FRANKLIN, ZELDA D | $ | 2,095.60 | $ | 162,248.00 |
| 34618 | 04/23/2015 | $ | 4,837.84 | $ | 13,100.00 | BROWN, GENEVA | | $ | 6,147.84 | $ | 81,124.00 |
| 35691 | 04/23/2015 | $ | 2,391.39 | $ | 10,398.05 | MADDIX, POLLY | | $ | 3,431.20 | $ | 81,124.00 |
| 36702 | 04/27/2015 | $ | 3,004.08 | $ | 14,685.00 | BRUTON, TIM LEON | BRUTON, TAMELA MARIE | $ | 4,472.58 | $ | 162,248.00 |
| 35747 | 04/29/2015 | $ | 3,094.15 | $ | 16,085.00 | GROVES, GARY L | GROVES, KAYLA M | $ | 4,702.65 | $ | 162,248.00 |
| 32110 | 04/29/2015 | $ | 2,781.09 | $ | 14,385.00 | STEPHENS, ALLISON W | | $ | 4,219.59 | $ | 81,124.00 |
| 34078 | 04/30/2015 | $ | 2,684.83 | $ | 11,500.00 | NICHOLS, KEVIN R | | $ | 3,834.83 | $ | 81,124.00 |
| 34502R | 05/07/2015 | $ | 2,378.90 | $ | 13,385.00 | EASLEY, BRIAN L | EASLEY, TINA A | $ | 3,717.40 | $ | 162,248.00 |
| 35126R | 05/08/2015 | $ | 935.75 | $ | 7,985.00 | BROWN, CYNTHIA HELEN | PRUITT, WHITNEY DENISE | $ | 1,734.25 | $ | 162,248.00 |
| 36159 | 05/08/2015 | $ | 1,887.46 | $ | 9,285.00 | LUCAS, TIERRA LYNN | | $ | 2,815.96 | $ | 81,124.00 |
| 36934 | 05/11/2015 | $ | 1,387.27 | $ | 8,285.00 | SIMPSON, ASHLEY NICHOLE | SIMPSON, WILLIAM EARL | $ | 2,215.77 | $ | 162,248.00 |
| 34810 | 05/12/2015 | $ | 2,391.39 | $ | 10,398.05 | DENHAM, WESLEY AARON | | $ | 3,431.20 | $ | 81,124.00 |
| 36518 | 05/13/2015 | $ | 2,958.94 | $ | 12,000.00 | TILLMAN, EUGENE | | $ | 4,158.94 | $ | 81,124.00 |
| 23017R3 | 05/18/2015 | $ | 2,573.03 | $ | 8,885.00 | COLON-OTERO, ERIC A. | | $ | 3,461.53 | $ | 81,124.00 |
| 34872 | 05/19/2015 | $ | 2,391.39 | $ | 10,398.05 | CARTRIGHT, JOHNNY R | | $ | 3,431.20 | $ | 81,124.00 |
| 34945 | 05/21/2015 | $ | 2,294.21 | $ | 8,435.00 | KNIGHTEN, NOLLETTA L | | $ | 3,137.71 | $ | 81,124.00 |
| 38004 | 05/21/2015 | $ | 1,930.12 | $ | 7,500.00 | BEERS, ERICKA DANIELLE | | $ | 2,680.12 | $ | 81,124.00 |
| 38143 | 05/26/2015 | $ | 4,537.01 | $ | 13,585.00 | CARTER, KEVIN L | | $ | 5,895.51 | $ | 81,124.00 |
| 34030 | 05/27/2015 | $ | 4,322.92 | $ | 13,985.00 | HIGGINBOTHAM, COY L | | $ | 5,721.42 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 37292 | 05/28/2015 | $ 2,391.39 | $ 10,398.05 | CARROLL, LINDSEY J | | $ 3,431.20 | $ 81,124.00 |
| 34742 | 06/02/2015 | $ 2,222.92 | $ 14,235.00 | DYE, LISA M | | $ 3,646.42 | $ 81,124.00 |
| 36681 | 06/03/2015 | $ 2,236.41 | $ 10,500.00 | SMITH, ALVA D | SMITH, LAURA V | $ 3,286.41 | $ 162,248.00 |
| 35497 | 06/05/2015 | $ 1,444.29 | $ 10,800.00 | DAVIS, WENDY C | | $ 2,524.29 | $ 81,124.00 |
| 35782 | 06/05/2015 | $ 2,157.15 | $ 13,385.00 | HERREL, SHANDY L | | $ 3,495.65 | $ 81,124.00 |
| 36045 | 06/05/2015 | $ 1,677.05 | $ 12,185.00 | JONES, COLLIS E III | | $ 2,895.55 | $ 81,124.00 |
| 35881 | 06/08/2015 | $ 1,860.48 | $ 11,985.00 | LANDRETH, ANTHONY LEE | | $ 3,058.98 | $ 81,124.00 |
| 34456R | 06/08/2015 | $ 2,391.39 | $ 10,398.05 | PETTIGREW, NATISHA LYNN | | $ 3,431.20 | $ 81,124.00 |
| 31690R | 06/09/2015 | $ 2,085.41 | $ 12,385.00 | HOOK, JOSHUA J | | $ 3,323.91 | $ 81,124.00 |
| 37702 | 06/10/2015 | $ 2,333.19 | $ 10,485.00 | MCQUEGGE, MORGAN L | | $ 3,381.69 | $ 81,124.00 |
| 32855 | 06/10/2015 | $ 3,363.73 | $ 12,385.00 | MITCHELL, MARY A | | $ 4,602.23 | $ 81,124.00 |
| 30144 | 06/10/2015 | $ 2,391.39 | $ 10,398.05 | SULLIVAN, SANDRA F | | $ 3,431.20 | $ 81,124.00 |
| 35871 | 06/11/2015 | $ 1,411.62 | $ 9,485.00 | MATHIES, ERIKA S | | $ 2,360.12 | $ 81,124.00 |
| 37286 | 06/12/2015 | $ 2,391.39 | $ 10,398.05 | ROGERS, DEBORAH L | | $ 3,431.20 | $ 81,124.00 |
| 36519 | 06/15/2015 | $ 2,264.51 | $ 9,985.00 | GREMMELS, DEVIN S | | $ 3,263.01 | $ 81,124.00 |
| 37026 | 06/15/2015 | $ 1,589.64 | $ 9,000.00 | SANNING-BUTLER, CHRISTINA ANN | | $ 2,489.64 | $ 81,124.00 |
| 37566 | 06/18/2015 | $ 2,391.39 | $ 10,398.05 | PAYNE, ANNA F | | $ 3,431.20 | $ 81,124.00 |
| 36763 | 06/19/2015 | $ 2,734.86 | $ 12,985.00 | SARTIN, NATHAN W | | $ 4,033.36 | $ 81,124.00 |
| 35021 | 06/22/2015 | $ 1,685.68 | $ 12,085.00 | HERR, KATHLEEN A | | $ 2,894.18 | $ 81,124.00 |
| 35448 | 06/22/2015 | $ 1,449.18 | $ 9,985.00 | LAWRENCE, ROBERT J | | $ 2,447.68 | $ 81,124.00 |
| 37367 | 06/22/2015 | $ 2,391.39 | $ 10,398.05 | ODORIZZI, BRANDON W | HARRILL, MIRANDA C | $ 3,431.20 | $ 162,248.00 |
| 36699 | 06/22/2015 | $ 981.76 | $ 6,785.00 | PARROTT, BEVERLY ANN | | $ 1,660.26 | $ 81,124.00 |
| 35249 | 06/22/2015 | $ 1,525.45 | $ 11,400.00 | ROBBINS, TONY RAY | ROBBINS, MARY JUNE | $ 2,665.45 | $ 162,248.00 |
| 36399 | 06/23/2015 | $ 3,228.61 | $ 13,085.00 | KIRK, DANIEL L | | $ 4,537.11 | $ 81,124.00 |
| 36619 | 06/23/2015 | $ 2,472.36 | $ 11,785.00 | MITCHELL, BRANDI D | | $ 3,650.86 | $ 81,124.00 |
| 36400 | 06/23/2015 | $ 1,321.09 | $ 9,545.00 | SMITH, THOMAS R. | | $ 2,275.59 | $ 81,124.00 |
| 33900A | 06/24/2015 | $ 4,490.08 | $ 11,985.00 | KOENIG, KENNETH M | | $ 5,688.58 | $ 81,124.00 |
| 32786R | 06/24/2015 | $ 2,031.41 | $ 9,185.00 | MCCALL, BRETT | KELLER-REDDIC, DEJA R | $ 2,949.91 | $ 162,248.00 |
| 35250 | 06/24/2015 | $ 2,391.39 | $ 10,398.05 | MOONEY, LAURA JEAN | | $ 3,431.20 | $ 81,124.00 |
| 36087 | 06/25/2015 | $ 2,391.39 | $ 10,398.05 | RAINEY, QUINTON D | | $ 3,431.20 | $ 81,124.00 |
| 36685R | 06/26/2015 | $ 2,537.25 | $ 12,985.00 | STREET, SUMMER D | | $ 3,835.75 | $ 81,124.00 |
| 36738 | 06/29/2015 | $ 2,060.97 | $ 10,085.00 | DOWNEY, CHARLES W | CLEMENT, HEATHER L | $ 3,069.47 | $ 162,248.00 |
| 34519 | 06/29/2015 | $ 2,391.39 | $ 10,398.05 | MCKIRE, JERICKA TANESE | | $ 3,431.20 | $ 81,124.00 |
| 35191R | 06/29/2015 | $ 2,391.39 | $ 10,398.05 | RAINEY, QUINTON D | | $ 3,431.20 | $ 81,124.00 |
| 35671 | 07/01/2015 | $ 1,454.85 | $ 11,985.00 | BANNISTER, PAMELA K | | $ 2,653.35 | $ 81,124.00 |
| 33929R | 07/02/2015 | $ 2,391.39 | $ 10,398.05 | MORRIS, DENNIS | | $ 3,431.20 | $ 81,124.00 |
| 36787 | 07/07/2015 | $ 1,201.43 | $ 7,285.00 | FRISTOE, DEBORAH KATHLEEN | | $ 1,929.93 | $ 81,124.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 35402 | 07/08/2015 | $ | 2,391.39 | $ | 10,398.05 | BROWNLEE, LATRICIA | | $ | 3,431.20 | $ | 81,124.00 |
| 35591 | 07/08/2015 | $ | 2,391.39 | $ | 10,398.05 | HICKS, TONIKKA DENISE | | $ | 3,431.20 | $ | 81,124.00 |
| 35852 | 07/08/2015 | $ | 2,483.18 | $ | 13,935.00 | MARN, JOHNNIE L | | $ | 3,876.68 | $ | 81,124.00 |
| 33499 | 07/09/2015 | $ | 2,354.38 | $ | 12,885.00 | STOWERS, DOUGLAS W | LAMBETH, SUMMER D | $ | 3,642.88 | $ | 162,248.00 |
| 36270 | 07/10/2015 | $ | 2,523.27 | $ | 9,785.00 | HOWARD, WANDA R | | $ | 3,501.77 | $ | 81,124.00 |
| 34526AC | 07/13/2015 | $ | 3,011.86 | $ | 12,700.00 | MAHANEY, LATICA | | $ | 4,281.86 | $ | 81,124.00 |
| 36765 | 07/13/2015 | $ | 1,702.78 | $ | 9,285.00 | WEATHERS, KENDRIA L | | $ | 2,631.28 | $ | 81,124.00 |
| 34440R | 07/14/2015 | $ | 1,993.79 | $ | 11,885.00 | AYERS, JACKIE D. | AYERS, SHAWNA M. | $ | 3,182.29 | $ | 162,248.00 |
| 35139 | 07/14/2015 | $ | 2,127.17 | $ | 13,485.00 | CHRISTIAN, KELLY APRIL | | $ | 3,475.67 | $ | 81,124.00 |
| 36781 | 07/14/2015 | $ | 2,929.05 | $ | 13,485.00 | OSTRANDER, SCOTT ARTHUR | | $ | 4,277.55 | $ | 81,124.00 |
| 37366 | 07/14/2015 | $ | 3,668.56 | $ | 14,685.00 | SIMPSON, TASIA D | | $ | 5,137.06 | $ | 81,124.00 |
| 30554R | 07/14/2015 | $ | 5,187.21 | $ | 14,285.00 | SWANSON, NATHAN P | SWANSON, SHIRLEY M | $ | 6,615.71 | $ | 162,248.00 |
| 31364R1 | 07/16/2015 | $ | 2,391.39 | $ | 10,398.05 | GEORGE, KRISTINE E | | $ | 3,431.20 | $ | 81,124.00 |
| 36933 | 07/21/2015 | $ | 2,238.12 | $ | 13,485.00 | ZARAZUA, ARMANDO A | | $ | 3,586.62 | $ | 81,124.00 |
| 36701 | 07/22/2015 | $ | 1,447.48 | $ | 8,285.00 | WILLIAMS, GWENDOLYN LASHA | | $ | 2,275.98 | $ | 81,124.00 |
| 37444 | 07/24/2015 | $ | 3,065.03 | $ | 14,735.00 | ADKINS, REBECCA D | | $ | 4,538.53 | $ | 81,124.00 |
| 36003 | 07/27/2015 | $ | 2,169.90 | $ | 13,585.00 | LAMBERT, ANTOINE | | $ | 3,528.40 | $ | 81,124.00 |
| 36851 | 07/29/2015 | $ | 1,606.23 | $ | 9,100.00 | HUFFMAN, AMANDA N | | $ | 2,516.23 | $ | 81,124.00 |
| 34052R | 07/30/2015 | $ | 1,951.18 | $ | 11,285.00 | PHIPPS, COREY LEE | PHIPPS, HEATHER CAROL | $ | 3,079.68 | $ | 162,248.00 |
| 35706 | 07/31/2015 | $ | 2,948.82 | $ | 15,609.44 | HEBERT, CHRISTOPHER RAY | HEBERT, JENNIFER LEEANN | $ | 4,509.76 | $ | 162,248.00 |
| 37125 | 07/31/2015 | $ | 2,674.39 | $ | 14,285.00 | SAWYER, CHRISTOPHER M | SAWYER, DESTINI R | $ | 4,102.89 | $ | 162,248.00 |
| 35826 | 08/03/2015 | $ | 665.18 | $ | 6,485.00 | COLE, DOLORES JEAN | | $ | 1,313.68 | $ | 81,124.00 |
| 37549 | 08/03/2015 | $ | 1,701.16 | $ | 9,185.00 | GOOCH, ROBERT T | | $ | 2,619.66 | $ | 81,124.00 |
| 34306 | 08/03/2015 | $ | 1,780.80 | $ | 7,900.00 | HART, JIMMY LEE | | $ | 2,570.80 | $ | 81,124.00 |
| 32306R | 08/03/2015 | $ | 2,738.74 | $ | 11,485.00 | MAYES, JOHN D | | $ | 3,887.24 | $ | 81,124.00 |
| 34164 | 08/03/2015 | $ | 2,391.39 | $ | 10,398.05 | WILLIAMS, HAYDEN LYNN | | $ | 3,431.20 | $ | 81,124.00 |
| 2AC31984 | 08/04/2015 | $ | 3,362.74 | $ | 12,685.00 | COUNCIL, JENNIFER K | COUNCIL, THOMAS B | $ | 4,631.24 | $ | 162,248.00 |
| 34255R | 08/04/2015 | $ | 2,520.39 | $ | 15,485.00 | EDWARDS, TAWANDA LASHAE | SLAYTON, RODNEY M JR | $ | 4,068.89 | $ | 162,248.00 |
| 36938 | 08/04/2015 | $ | 1,506.81 | $ | 8,785.00 | KEMP, CHERIE YVONNE | | $ | 2,385.31 | $ | 81,124.00 |
| 36098 | 08/10/2015 | $ | 2,665.71 | $ | 11,300.00 | BEESON, BILLY R | | $ | 3,795.71 | $ | 81,124.00 |
| 33039R | 08/10/2015 | $ | 1,796.31 | $ | 10,285.00 | TRUDELL, TERRANCE N | | $ | 2,824.81 | $ | 81,124.00 |
| 36803 | 08/11/2015 | $ | 2,820.47 | $ | 13,885.00 | POOLE, GRADY L III | | $ | 4,208.97 | $ | 81,124.00 |
| 35384 | 08/13/2015 | $ | 2,731.96 | $ | 15,685.00 | LEE, LANDON W | | $ | 4,300.46 | $ | 81,124.00 |
| 36427RA1 | 08/14/2015 | $ | 3,238.28 | $ | 9,785.00 | MASON, DEIRDEA LYNN | | $ | 4,216.78 | $ | 81,124.00 |
| 38251 | 08/18/2015 | $ | 2,094.56 | $ | 7,485.00 | CORDER, JACKIE | | $ | 2,843.06 | $ | 81,124.00 |
| 36785 | 08/18/2015 | $ | 2,393.91 | $ | 12,285.00 | WEATHERSPOON, DAVON ANTONIO | | $ | 3,622.41 | $ | 81,124.00 |
| 34786 | 08/19/2015 | $ | 1,307.72 | $ | 11,800.00 | HENDRICKSON, HAROLD L | | $ | 2,487.72 | $ | 81,124.00 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 35752 | 08/19/2015 | $ | 1,007.22 | $ | 8,485.00 | REGER, EARL ROBERT | REGER, DONDI GAYE | $ | 1,855.72 | $ 162,248.00 |
| 36433R | 08/21/2015 | $ | 1,916.84 | $ | 10,385.00 | BAKER, HOLLY M | | $ | 2,955.34 | $ 81,124.00 |
| 36679 | 08/21/2015 | $ | 1,737.38 | $ | 9,685.00 | MORRIS, KERI S | | $ | 2,705.88 | $ 81,124.00 |
| 36929 | 08/24/2015 | $ | 2,412.42 | $ | 12,285.00 | JAMES, KATHY R | JAMES, CHRISTOPHER B | $ | 3,640.92 | $ 162,248.00 |
| 36417R | 08/25/2015 | $ | 1,911.81 | $ | 7,500.00 | RUNNELS, NATASHA R | | $ | 2,661.81 | $ 81,124.00 |
| 32118R | 08/25/2015 | $ | 1,512.62 | $ | 12,385.00 | SNIDER, SAMUEL K | | $ | 2,751.12 | $ 81,124.00 |
| 36462R | 08/25/2015 | $ | 1,748.42 | $ | 10,100.00 | SOBELMAN, LISA MARIE | | $ | 2,758.42 | $ 81,124.00 |
| 38212 | 08/25/2015 | $ | 2,391.39 | $ | 10,398.05 | WAYLAND, ADER I | HIGHFILL, AMANDA M | $ | 3,431.20 | $ 162,248.00 |
| 31595R | 08/27/2015 | $ | 1,677.70 | $ | 10,156.39 | BELL, ANGELA D | | $ | 2,693.34 | $ 81,124.00 |
| 36293 | 08/28/2015 | $ | 1,690.28 | $ | 9,285.00 | BARRETT, NICHOLE RAYSHEA | | $ | 2,618.78 | $ 81,124.00 |
| 37255 | 08/31/2015 | $ | 2,391.39 | $ | 10,398.05 | BAYS, LEONARD C | BAYS, MEGAN L | $ | 3,431.20 | $ 162,248.00 |
| 37787 | 08/31/2015 | $ | 1,768.07 | $ | 10,100.00 | BLACK-UNDERWOOD, DAKOTA L | | $ | 2,778.07 | $ 81,124.00 |
| 37641 | 09/09/2015 | $ | 1,557.46 | $ | 8,885.00 | FIELDS, MARY ELIZABETH | | $ | 2,445.96 | $ 81,124.00 |
| 34444R | 09/09/2015 | $ | 2,572.72 | $ | 12,285.00 | JONES, CHRISTOPHER D | TUNNELL, NIKKOLE F | $ | 3,801.22 | $ 162,248.00 |
| 38416 | 09/10/2015 | $ | 2,909.01 | $ | 10,035.00 | SCHAFER, RONNIE C | | $ | 3,912.51 | $ 81,124.00 |
| 36233 | 09/14/2015 | $ | 1,259.56 | $ | 7,785.00 | WEILER, JOHN EDGAR | | $ | 2,038.06 | $ 81,124.00 |
| 37415 | 09/15/2015 | $ | 2,391.39 | $ | 10,398.05 | ANTHONY, IVER L | WILKINS, WILLIAM L | $ | 3,431.20 | $ 162,248.00 |
| 37658 | 09/16/2015 | $ | 1,359.35 | $ | 8,555.00 | MERMAN, JOHN C | | $ | 2,214.85 | $ 81,124.00 |
| 35879 | 09/17/2015 | $ | 2,384.81 | $ | 15,000.00 | SAM, SAM ATH | RAPPA-SAM, DENISE | $ | 3,884.81 | $ 162,248.00 |
| 34748 | 09/21/2015 | $ | 2,784.98 | $ | 13,885.00 | DOWNEY, CHARLES W | | $ | 4,173.48 | $ 81,124.00 |
| 34894 | 09/21/2015 | $ | 2,182.65 | $ | 13,285.00 | MOSS, RYAN M | | $ | 3,511.15 | $ 81,124.00 |
| 35058R | 09/21/2015 | $ | 1,410.76 | $ | 8,285.00 | WILKERSON, JAMES R | | $ | 2,239.26 | $ 81,124.00 |
| 37413 | 09/21/2015 | $ | 2,391.39 | $ | 10,398.05 | WILLIAMS, ANDRE D | | $ | 3,431.20 | $ 81,124.00 |
| 35958 | 09/23/2015 | $ | 2,447.36 | $ | 13,000.00 | YOUNG, SHEMEKIA A | | $ | 3,747.36 | $ 81,124.00 |
| 36767 | 09/24/2015 | $ | 3,589.08 | $ | 14,585.00 | FURTADO, ANGELA K | | $ | 5,047.58 | $ 81,124.00 |
| 35155R | 09/25/2015 | $ | 1,878.64 | $ | 10,300.00 | SCHRODT, LAURA D | | $ | 2,908.64 | $ 81,124.00 |
| 38475 | 09/28/2015 | $ | 2,391.39 | $ | 10,398.05 | DALTON, BRITTANY L | | $ | 3,431.20 | $ 81,124.00 |
| 37546 | 09/29/2015 | $ | 1,346.84 | $ | 7,800.00 | ABBOTT, WENDY J | | $ | 2,126.84 | $ 81,124.00 |
| 30305R1 | 09/29/2015 | $ | 1,557.85 | $ | 11,012.00 | JONES, JOSHUA MICHAEL | JONES, MARLISHA AMANDA | $ | 2,659.05 | $ 162,248.00 |
| 35277R | 09/29/2015 | $ | 2,391.39 | $ | 10,398.05 | TALTON, SANDRA | | $ | 3,431.20 | $ 81,124.00 |
| 31939 | 10/06/2015 | $ | 3,108.76 | $ | 9,435.00 | AYLER, JAMES B | | $ | 4,052.26 | $ 81,124.00 |
| 31920R2 | 10/06/2015 | $ | 2,391.39 | $ | 10,398.05 | BIHOMORA, GEORGE MUTUNGURA | BIHOMORA, MALIK MWEZI | $ | 3,431.20 | $ 162,248.00 |
| 37642 | 10/06/2015 | $ | 1,421.08 | $ | 8,500.00 | SIMON, COREY LEE JR | | $ | 2,271.08 | $ 81,124.00 |
| 37293 | 10/06/2015 | $ | 2,391.39 | $ | 10,398.05 | YOUNG, LINDA K | | $ | 3,431.20 | $ 81,124.00 |
| 36217 | 10/08/2015 | $ | 1,196.08 | $ | 7,285.00 | DAVIDSON, DAKOTA D | | $ | 1,924.58 | $ 81,124.00 |
| 37283 | 10/08/2015 | $ | 1,408.93 | $ | 8,500.00 | TAYLOR, JAH'ME CARTEZ | | $ | 2,258.93 | $ 81,124.00 |
| 35808 | 10/12/2015 | $ | 3,081.77 | $ | 15,985.00 | DREW, CHERIE M | | $ | 4,680.27 | $ 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 37635 | 10/12/2015 | $ | 2,619.83 | $ | 8,500.00 | PEARL, JAMES TOM | | $ | 3,469.83 | $ | 81,124.00 |
| 36398 | 10/12/2015 | $ | 1,890.50 | $ | 9,585.00 | TOPPER, SANDRA L | TOPPER, JERRY A | $ | 2,849.00 | $ | 162,248.00 |
| 35917R | 10/14/2015 | $ | 3,078.73 | $ | 13,085.00 | STAUFFER, WILLIAM R | | $ | 4,387.23 | $ | 81,124.00 |
| 30558R1 | 10/15/2015 | $ | 4,111.90 | $ | 11,000.00 | WHITTAKER, HAKEEM PAUL ALAN | | $ | 5,211.90 | $ | 81,124.00 |
| 34511AC | 10/16/2015 | $ | 2,023.65 | $ | 8,035.00 | DOLE, DANNY L | | $ | 2,827.15 | $ | 81,124.00 |
| 38364 | 10/21/2015 | $ | 2,391.39 | $ | 10,398.05 | HARRIS, LEVI C | USSERY, TIFFANI N | $ | 3,431.20 | $ | 162,248.00 |
| 31752R | 10/23/2015 | $ | 2,871.46 | $ | 11,000.00 | FLEMING, JAMES L | | $ | 3,971.46 | $ | 81,124.00 |
| 29885R | 10/27/2015 | $ | 2,842.09 | $ | 10,185.00 | WILLIS, ANDREW G | | $ | 3,860.59 | $ | 81,124.00 |
| 36930 | 10/28/2015 | $ | 1,763.12 | $ | 9,785.00 | TILLMAN, JACOB T | | $ | 2,741.62 | $ | 81,124.00 |
| 38362 | 10/29/2015 | $ | 1,226.02 | $ | 10,685.00 | HOPKINS, CECIL E | | $ | 2,294.52 | $ | 81,124.00 |
| 31083R1 | 11/02/2015 | $ | 2,132.72 | $ | 10,600.00 | JOHNSON, LORI D | | $ | 3,192.72 | $ | 81,124.00 |
| 36805 | 11/02/2015 | $ | 1,987.39 | $ | 7,785.00 | TYNES, JANICE E | | $ | 2,765.89 | $ | 81,124.00 |
| 38147 | 11/03/2015 | $ | 2,391.39 | $ | 10,398.05 | PETRIE, MELISSA N | | $ | 3,431.20 | $ | 81,124.00 |
| 37495 | 11/04/2015 | $ | 2,052.83 | $ | 10,785.00 | LUGO, DANIEL | | $ | 3,131.33 | $ | 81,124.00 |
| 35051 | 11/04/2015 | $ | 4,946.88 | $ | 14,200.00 | WOODS, TIFFANY M | | $ | 6,366.88 | $ | 81,124.00 |
| 37413R | 11/05/2015 | $ | 2,469.99 | $ | 8,800.00 | ROGERS, JESSE A | | $ | 3,349.99 | $ | 81,124.00 |
| 37832 | 11/06/2015 | $ | 3,517.00 | $ | 10,300.00 | WATSON, CODY A | | $ | 4,547.00 | $ | 81,124.00 |
| 35753 | 11/09/2015 | $ | 2,255.53 | $ | 15,385.00 | HAMILTON, KENYON MARIUS | ADAMS, DONNA MARIE | $ | 3,794.03 | $ | 162,248.00 |
| 36402 | 11/09/2015 | $ | 2,573.38 | $ | 12,685.00 | MOAD, JAMES M | MOAD, SAMANTHA K | $ | 3,841.88 | $ | 162,248.00 |
| 32922 | 11/09/2015 | $ | 1,629.37 | $ | 12,885.00 | MYERS, MICHAEL P | | $ | 2,917.87 | $ | 81,124.00 |
| 34259 | 11/09/2015 | $ | 4,183.03 | $ | 12,485.00 | SUTHERLAND, JOSHUA A | | $ | 5,431.53 | $ | 81,124.00 |
| 29813R | 11/10/2015 | $ | 2,848.09 | $ | 11,585.00 | CROUCH, KENNITH L | | $ | 4,006.59 | $ | 81,124.00 |
| 38119 | 11/10/2015 | $ | 2,391.39 | $ | 10,398.05 | EMMETT, AMBER L | | $ | 3,431.20 | $ | 81,124.00 |
| 37292R | 11/11/2015 | $ | 1,903.55 | $ | 9,000.00 | COATNEY, BRANDON R | | $ | 2,803.55 | $ | 81,124.00 |
| 37503 | 11/11/2015 | $ | 1,648.25 | $ | 13,500.00 | MAXEY, CRAIG ALAN | MAXEY, LARISSA MICHELE | $ | 2,998.25 | $ | 162,248.00 |
| 34303 | 11/16/2015 | $ | 2,391.39 | $ | 10,398.05 | SAGER, RENEE MARIE | | $ | 3,431.20 | $ | 81,124.00 |
| 37824 | 11/17/2015 | $ | 2,391.39 | $ | 10,398.05 | HOLTON, JENNY L | | $ | 3,431.20 | $ | 81,124.00 |
| 34915 | 11/17/2015 | $ | 2,391.39 | $ | 10,398.05 | KENNEY, JANA L WALDEN- | | $ | 3,431.20 | $ | 81,124.00 |
| 35250R | 11/17/2015 | $ | 2,391.39 | $ | 10,398.05 | WRIGHT, ANISHA BRIANA | WRIGHT, LENISE AQUANETTA | $ | 3,431.20 | $ | 162,248.00 |
| 37279 | 11/18/2015 | $ | 1,811.11 | $ | 9,335.00 | DAVIS, SHEPEL M | | $ | 2,744.61 | $ | 81,124.00 |
| 35564 | 11/20/2015 | $ | 1,830.74 | $ | 11,985.00 | PORTER, HARRISON J II | | $ | 3,029.24 | $ | 81,124.00 |
| 36518R | 11/20/2015 | $ | 1,222.19 | $ | 10,785.00 | STERLING, TAMMY R | | $ | 2,300.69 | $ | 81,124.00 |
| 34947 | 11/23/2015 | $ | 1,469.36 | $ | 12,185.00 | DEVOE, MICHAEL J | | $ | 2,687.86 | $ | 81,124.00 |
| 36271R | 11/23/2015 | $ | 2,383.40 | $ | 13,535.00 | WALKER, SANDRA L | | $ | 3,736.90 | $ | 81,124.00 |
| AC32891 | 11/24/2015 | $ | 347.15 | $ | 3,768.14 | BAUCOM, PATTY A | | $ | 723.96 | $ | 81,124.00 |
| 34247R | 11/24/2015 | $ | 2,391.39 | $ | 10,398.05 | KRAGH, FRED R | KRAGH, SARAH M | $ | 3,431.20 | $ | 162,248.00 |
| 38728 | 11/27/2015 | $ | 2,391.39 | $ | 10,398.05 | BYRD, CHRISTOPHER D | | $ | 3,431.20 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 38179 | 12/04/2015 | $ | 3,426.43 | $ | 11,500.00 | MISNER, AMY L | | $ | 4,576.43 | $ | 81,124.00 |
| 34857R | 12/07/2015 | $ | 1,748.15 | $ | 11,485.00 | BUCK, XAVIER C | | $ | 2,896.65 | $ | 81,124.00 |
| 35675 | 12/08/2015 | $ | 2,391.39 | $ | 10,398.05 | BUCK, XAVIER C | | $ | 3,431.20 | $ | 81,124.00 |
| 35351 | 12/08/2015 | $ | 1,900.29 | $ | 12,000.00 | CLARK, EDWINNA K | CLARK, CHARLES D | $ | 3,100.29 | $ | 162,248.00 |
| 29663R | 12/09/2015 | $ | 2,785.54 | $ | 10,100.00 | ROSS, JOE J | | $ | 3,795.54 | $ | 81,124.00 |
| 35943 | 12/10/2015 | $ | 2,178.51 | $ | 10,985.00 | BURGESS, MELISSA S | | $ | 3,277.01 | $ | 81,124.00 |
| 38406 | 12/10/2015 | $ | 2,106.35 | $ | 8,200.00 | GRINER, RODNEY J | | $ | 2,926.35 | $ | 81,124.00 |
| 36157R | 12/10/2015 | $ | 2,391.39 | $ | 10,398.05 | RANCHER, PAMELA ANN | | $ | 3,431.20 | $ | 81,124.00 |
| 34810R | 12/10/2015 | $ | 2,391.39 | $ | 10,398.05 | THOMAS, JUSTIN D | BELL, CHRISTINA Y | $ | 3,431.20 | $ | 162,248.00 |
| 33142R | 12/14/2015 | $ | 2,092.99 | $ | 10,031.88 | ARNOLD, FELICIA A | | $ | 3,096.18 | $ | 81,124.00 |
| 34456R1 | 12/15/2015 | $ | 1,842.03 | $ | 7,100.00 | LITTON, AARON PAUL | | $ | 2,552.03 | $ | 81,124.00 |
| 29829RAC | 12/15/2015 | $ | 3,674.29 | $ | 10,500.00 | MOORE, ASHLEY R | | $ | 4,724.29 | $ | 81,124.00 |
| 37592 | 12/28/2015 | $ | 2,120.25 | $ | 8,000.00 | COX, ERICA L | | $ | 2,920.25 | $ | 81,124.00 |
| 38685 | 12/29/2015 | $ | 2,391.39 | $ | 10,398.05 | SIMMONS, MICHEL A | | $ | 3,431.20 | $ | 81,124.00 |
| 33613R1 | 01/05/2016 | $ | 2,391.39 | $ | 10,398.05 | PARKS, AUSTIN L | | $ | 3,431.20 | $ | 81,124.00 |
| 30744R1 | 01/07/2016 | $ | 1,793.62 | $ | 13,185.00 | SPELLMAN, PAULA J | | $ | 3,112.12 | $ | 81,124.00 |
| 36466R | 01/13/2016 | $ | 2,391.39 | $ | 10,398.05 | MARS, LATASHA NICOLE | | $ | 3,431.20 | $ | 81,124.00 |
| 38144 | 01/14/2016 | $ | 1,956.70 | $ | 10,000.00 | BOWMAN, GARY L II | | $ | 2,956.70 | $ | 81,124.00 |
| 36646 | 01/14/2016 | $ | 2,343.91 | $ | 12,185.00 | GOEBEL, CHRIS A | GOEBEL, MARTI J | $ | 3,562.41 | $ | 162,248.00 |
| 37959 | 01/14/2016 | $ | 2,966.48 | $ | 9,850.00 | GUYTON, MARCELLUS MARSHAUNE | | $ | 3,951.48 | $ | 81,124.00 |
| 36270R | 01/15/2016 | $ | 1,577.37 | $ | 6,700.00 | COBERLEY, ROBERT Z | | $ | 2,247.37 | $ | 81,124.00 |
| A33217R1 | 01/15/2016 | $ | 2,203.71 | $ | 11,170.04 | HOWDESHELL, AMBER DAWN | | $ | 3,320.71 | $ | 81,124.00 |
| 35703R | 01/15/2016 | $ | 2,391.39 | $ | 10,398.05 | LINGERFELT, MELODY LEIGH | | $ | 3,431.20 | $ | 81,124.00 |
| 39211 | 01/18/2016 | $ | 2,391.39 | $ | 10,398.05 | KEEL, ELIZABETH MARIE | | $ | 3,431.20 | $ | 81,124.00 |
| 37019 | 01/18/2016 | $ | 1,966.61 | $ | 10,300.00 | MORGAN, SABRINA M | | $ | 2,996.61 | $ | 81,124.00 |
| 36746 | 01/19/2016 | $ | 2,021.00 | $ | 10,785.00 | LEE, TISHA D | | $ | 3,099.50 | $ | 81,124.00 |
| 35699 | 01/21/2016 | $ | 1,674.89 | $ | 12,385.00 | MAXSON, MICHAEL J | HETIBACK, JORDAN S | $ | 2,913.39 | $ | 162,248.00 |
| 38955 | 01/21/2016 | $ | 1,313.70 | $ | 11,485.00 | NEWTON, BARBARA K | | $ | 2,462.20 | $ | 81,124.00 |
| 35881R | 01/21/2016 | $ | 2,391.39 | $ | 10,398.05 | SMITHEE, JAMES DAVID JR | | $ | 3,431.20 | $ | 81,124.00 |
| 33715R | 01/25/2016 | $ | 2,391.39 | $ | 10,398.05 | BELL, GREGSBY EUGENE | | $ | 3,431.20 | $ | 81,124.00 |
| 35029 | 01/25/2016 | $ | 2,391.39 | $ | 10,398.05 | MATHEW, ERICSON R | MATHEW, MELISSA R | $ | 3,431.20 | $ | 162,248.00 |
| 39625 | 01/25/2016 | $ | 1,757.53 | $ | 13,985.00 | MATHEW, ERICSON R | | $ | 3,156.03 | $ | 81,124.00 |
| 39917 | 01/25/2016 | $ | 3,633.44 | $ | 10,500.00 | HURST, JOHNATHON R | | $ | 4,683.44 | $ | 81,124.00 |
| 34894R | 01/29/2016 | $ | 3,730.56 | $ | 11,800.00 | LUCKETT, ERIN L | ADAMS, ANITRA N | $ | 4,910.56 | $ | 162,248.00 |
| 36782 | 01/29/2016 | $ | 1,998.87 | $ | 10,785.00 | ROBINSON, DOUGLAS LEON | WILSON, JESSICA ELIZABETH | $ | 3,077.37 | $ | 162,248.00 |
| 37662 | 02/02/2016 | $ | 931.91 | $ | 8,555.00 | DALE, LINDA M | | $ | 1,787.41 | $ | 81,124.00 |
| 37468 | 02/02/2016 | $ | 3,257.81 | $ | 15,285.00 | REYNOLDS, VALERIE A | | $ | 4,786.31 | $ | 81,124.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 33152R | 02/05/2016 | $ | 2,011.97 | $ | 11,285.00 | STARNES, ARTHUR JAMES III | STARNES, JESSICA L | $ | 3,140.47 | $ | 162,248.00 |
| 39207 | 02/09/2016 | $ | 2,391.39 | $ | 10,398.05 | WELCH, ROBERTA JEAN | | $ | 3,431.20 | $ | 81,124.00 |
| 38607 | 02/12/2016 | $ | 1,306.82 | $ | 6,200.00 | HAYES, SHEANTE RENEE | | $ | 1,926.82 | $ | 81,124.00 |
| 36702R | 02/12/2016 | $ | 2,391.39 | $ | 10,398.05 | MOORE, CLARENCE AARON | | $ | 3,431.20 | $ | 81,124.00 |
| 37027 | 02/12/2016 | $ | 3,249.37 | $ | 10,500.00 | SCOTT, TRAVERSIAL CHARLES | | $ | 4,299.37 | $ | 81,124.00 |
| 36399R | 02/15/2016 | $ | 2,391.39 | $ | 10,398.05 | WHITE, AMANDA DIANE | | $ | 3,431.20 | $ | 81,124.00 |
| 39268 | 02/18/2016 | $ | 2,391.39 | $ | 10,398.05 | CARR, CHAKA SHARRINET | | $ | 3,431.20 | $ | 81,124.00 |
| 37642R | 02/19/2016 | $ | 2,391.39 | $ | 10,398.05 | LANE, EBONY JEAN | | $ | 3,431.20 | $ | 81,124.00 |
| 33892 | 02/23/2016 | $ | 2,391.39 | $ | 10,398.05 | ROLAND, WILLIAM A JR | | $ | 3,431.20 | $ | 81,124.00 |
| 37966 | 02/25/2016 | $ | 3,761.44 | $ | 12,235.00 | HARRIS, WILLIAM DAKOTA | | $ | 4,984.94 | $ | 81,124.00 |
| 37641R | 02/25/2016 | $ | 2,132.58 | $ | 7,600.00 | HOLMAN, JOHN C | STAMPER, KATHERINE E | $ | 2,892.58 | $ | 162,248.00 |
| 36936R | 02/25/2016 | $ | 2,391.39 | $ | 10,398.05 | MCGEE, JEFF MICHAEL | BRUMLEY, MELISSA VON | $ | 3,431.20 | $ | 162,248.00 |
| 36003R | 02/25/2016 | $ | 3,106.87 | $ | 11,100.00 | MILES, ROBERT C | | $ | 4,216.87 | $ | 81,124.00 |
| 38942 | 02/25/2016 | $ | 2,759.64 | $ | 14,045.00 | PICKERING, TANDRA D | | $ | 4,164.14 | $ | 81,124.00 |
| 37116 | 02/25/2016 | $ | 3,307.14 | $ | 15,285.00 | SAUNDERS, GALEN MAURICE | | $ | 4,835.64 | $ | 81,124.00 |
| 37302 | 02/25/2016 | $ | 2,391.39 | $ | 10,398.05 | STOUT, JEFFERY A | | $ | 3,431.20 | $ | 81,124.00 |
| 39352 | 02/25/2016 | $ | 1,238.62 | $ | 10,810.00 | TAYLOR, DEEANN | | $ | 2,319.62 | $ | 81,124.00 |
| 38149 | 02/29/2016 | $ | 2,391.39 | $ | 10,398.05 | GRANDMAISON, JEFFREY L | GRANDMAISON, JANELLE M | $ | 3,431.20 | $ | 162,248.00 |
| AC37238 | 02/29/2016 | $ | 2,941.67 | $ | 13,610.64 | JAMES, CHRISTOPHER M | JAMES, SARA A | $ | 4,302.73 | $ | 162,248.00 |
| 38306 | 02/29/2016 | $ | 1,146.97 | $ | 9,995.00 | SPENCER, TERRY WAYNE | SPENCER, MICHELLE R | $ | 2,146.47 | $ | 162,248.00 |
| 38836 | 03/01/2016 | $ | 3,665.81 | $ | 10,500.00 | VERNON, JULIA LEE | | $ | 4,715.81 | $ | 81,124.00 |
| 35373 | 03/04/2016 | $ | 1,766.86 | $ | 11,040.60 | NEILL, JAMISON H | | $ | 2,870.92 | $ | 81,124.00 |
| 35103 | 03/04/2016 | $ | 1,879.22 | $ | 12,026.16 | URLICKS, JENNIFER A | CLARK, TOMMY H | $ | 3,081.84 | $ | 162,248.00 |
| 34424 | 03/07/2016 | $ | 4,777.89 | $ | 14,985.00 | SOFIA, LARRY RAY | | $ | 6,276.39 | $ | 81,124.00 |
| 39700 | 03/11/2016 | $ | 2,391.39 | $ | 10,398.05 | CUPPETT, JENNIFER M | | $ | 3,431.20 | $ | 81,124.00 |
| 39399 | 03/16/2016 | $ | 2,391.39 | $ | 10,398.05 | DUBEA, SAMUEL LEE | | $ | 3,431.20 | $ | 81,124.00 |
| 38768 | 03/18/2016 | $ | 950.49 | $ | 7,000.00 | OSBORNE, DAKOTA JERAMIAH | | $ | 1,650.49 | $ | 81,124.00 |
| 39910 | 03/18/2016 | $ | 1,387.29 | $ | 9,000.00 | REED, TRISTAN A | | $ | 2,287.29 | $ | 81,124.00 |
| 37696 | 03/29/2016 | $ | 2,935.80 | $ | 9,300.00 | RAGAIN, SHAWN MICHELLE | RAGAIN, ERIC STEVEN | $ | 3,865.80 | $ | 162,248.00 |
| 39825 | 03/29/2016 | $ | 638.40 | $ | 7,235.00 | WRIGHT, JESSICA S | HALE, DONALD W | $ | 1,361.90 | $ | 162,248.00 |
| 36463R | 03/31/2016 | $ | 2,079.92 | $ | 11,300.00 | FREEMON, KUIANA NYREE | KENNEDY, MARIE ANTOINETTE | $ | 3,209.92 | $ | 162,248.00 |
| 38936 | 04/04/2016 | $ | 3,071.28 | $ | 13,100.00 | TAYLOR, LAFONDA M | | $ | 4,381.28 | $ | 81,124.00 |
| 34907R1 | 04/06/2016 | $ | 2,391.39 | $ | 10,398.05 | HAVRUM, JESSICA NICHOLE | | $ | 3,431.20 | $ | 81,124.00 |
| 35984 | 04/11/2016 | $ | 1,117.44 | $ | 8,485.00 | ROST, PATRICIA L | | $ | 1,965.94 | $ | 81,124.00 |
| 40248 | 04/11/2016 | $ | 2,391.39 | $ | 10,398.05 | SCOTT, SHERRY DARLENE | | $ | 3,431.20 | $ | 81,124.00 |
| 39093 | 04/12/2016 | $ | 663.62 | $ | 7,500.00 | BOYD, HEATHER MARIE | | $ | 1,413.62 | $ | 81,124.00 |
| 35691R | 04/12/2016 | $ | 2,391.39 | $ | 10,398.05 | PERSINGER, CATHY LYNN | PERSINGER, RONALD WAYNE | $ | 3,431.20 | $ | 162,248.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 36996 | 04/12/2016 | $ | 2,988.18 | $ | 14,585.00 | PYLE, JAMES LEE | PYLE, KENDALL B | $ | 4,446.68 | $ | 162,248.00 |
| 36644 | 04/13/2016 | $ | 2,515.10 | $ | 11,785.00 | HUTSELL, MICHAEL L | | $ | 3,693.60 | $ | 81,124.00 |
| 31546R | 04/18/2016 | $ | 4,332.81 | $ | 12,385.00 | NUNNERY, GEORGE W. JR | | $ | 5,571.31 | $ | 81,124.00 |
| 39465A | 04/20/2016 | $ | 2,470.89 | $ | 8,000.00 | WHITE, CARMEN CARMEL | | $ | 3,270.89 | $ | 81,124.00 |
| 39015 | 04/21/2016 | $ | 3,745.05 | $ | 12,200.00 | MCGILL, TRACY L | | $ | 4,965.05 | $ | 81,124.00 |
| 39914 | 04/25/2016 | $ | 2,391.39 | $ | 10,398.05 | HASSELL, MIQUEL L | | $ | 3,431.20 | $ | 81,124.00 |
| 36680R | 04/25/2016 | $ | 1,248.67 | $ | 6,970.00 | SCOTT, LORENZO M | | $ | 1,945.67 | $ | 81,124.00 |
| 34378 | 04/26/2016 | $ | 2,391.39 | $ | 10,398.05 | GAINER, ELTARON DIAIRRO | | $ | 3,431.20 | $ | 81,124.00 |
| 36074 | 04/28/2016 | $ | 2,131.53 | $ | 14,685.00 | JACKSON, BOBBY J | | $ | 3,600.03 | $ | 81,124.00 |
| 37636 | 04/29/2016 | $ | 1,047.44 | $ | 7,000.00 | MORGAN, CORLA GENE | | $ | 1,747.44 | $ | 81,124.00 |
| 39965 | 05/04/2016 | $ | 5,416.35 | $ | 14,800.00 | CROSS, TIMOTHY S | CROSS, SHAYNA M | $ | 6,896.35 | $ | 162,248.00 |
| 37026R | 05/06/2016 | $ | 618.72 | $ | 7,200.00 | HEWITT, BARBARA ANN | | $ | 1,338.72 | $ | 81,124.00 |
| 39130 | 05/06/2016 | $ | 2,391.39 | $ | 10,398.05 | JORDAN, ANDREA LAJUANA | | $ | 3,431.20 | $ | 81,124.00 |
| 38429 | 05/10/2016 | $ | 2,761.17 | $ | 9,550.00 | ARDISON, STEPHFANIE LAVELLE | | $ | 3,716.17 | $ | 81,124.00 |
| 38002 | 05/11/2016 | $ | 2,391.39 | $ | 10,398.05 | HASLETT, MORIAH J | | $ | 3,431.20 | $ | 81,124.00 |
| 38964 | 05/16/2016 | $ | 6,196.57 | $ | 15,700.00 | HUDDLESTON, JEREMY AARON | | $ | 7,766.57 | $ | 81,124.00 |
| 38209 | 05/16/2016 | $ | 2,151.56 | $ | 8,199.21 | NASH, PAULINE | | $ | 2,971.48 | $ | 81,124.00 |
| 35126R1 | 05/16/2016 | $ | 2,391.39 | $ | 10,398.05 | SHAVER, BOBBIE JEAN | | $ | 3,431.20 | $ | 81,124.00 |
| 39186 | 05/17/2016 | $ | 3,117.77 | $ | 9,500.00 | FULTZ, LARRY G | | $ | 4,067.77 | $ | 81,124.00 |
| 31791R | 05/18/2016 | $ | 2,531.29 | $ | 12,985.00 | SELLERS, LEON S | SELLERS, CHANDRA L | $ | 3,829.79 | $ | 162,248.00 |
| 38691 | 05/19/2016 | $ | 1,396.95 | $ | 11,940.00 | PRICE, JENNIFER MARIE | | $ | 2,590.95 | $ | 81,124.00 |
| 36851R | 05/20/2016 | $ | 2,391.39 | $ | 10,398.05 | DAVIS, KIMBERLY JO | | $ | 3,431.20 | $ | 81,124.00 |
| 40796 | 05/20/2016 | $ | 1,234.43 | $ | 5,800.00 | HAMPTON, ZACHARY J | RYAN, WHITNEY T | $ | 1,814.43 | $ | 162,248.00 |
| AC32639R | 05/24/2016 | $ | 2,391.39 | $ | 10,398.05 | SAMS, LORANZA | | $ | 3,431.20 | $ | 81,124.00 |
| 37216A | 05/25/2016 | $ | 3,277.56 | $ | 10,500.00 | BUNTS, KAELA A | | $ | 4,327.56 | $ | 81,124.00 |
| 40133 | 05/26/2016 | $ | 2,391.39 | $ | 10,398.05 | HOLT, SHAWNTA NACOLE | | $ | 3,431.20 | $ | 81,124.00 |
| 37700 | 05/27/2016 | $ | 2,275.84 | $ | 8,500.00 | ELLIOTT, TIFFANIE R | | $ | 3,125.84 | $ | 81,124.00 |
| 38248 | 05/31/2016 | $ | 3,148.35 | $ | 10,385.00 | CHAMBERS, CODY | | $ | 4,186.85 | $ | 81,124.00 |
| 38639 | 06/01/2016 | $ | 5,543.56 | $ | 13,945.00 | KELLEY, ANGELA DENISE | | $ | 6,938.06 | $ | 81,124.00 |
| 38231R | 06/02/2016 | $ | 2,391.39 | $ | 10,398.05 | STEWART, DEIONDRE R | STEWART, NIKOLA M | $ | 3,431.20 | $ | 162,248.00 |
| 34539R | 06/03/2016 | $ | 2,391.39 | $ | 10,398.05 | HARVEY, DANEISHA LANAI  JOYCE | | $ | 3,431.20 | $ | 81,124.00 |
| 33790R1 | 06/03/2016 | $ | 2,391.39 | $ | 10,398.05 | LEWIS, HUEY O | | $ | 3,431.20 | $ | 81,124.00 |
| 38900 | 06/07/2016 | $ | 3,074.88 | $ | 10,285.00 | BENSLEY, HEATHER LYNN | | $ | 4,103.38 | $ | 81,124.00 |
| 29726R1 | 06/07/2016 | $ | 2,391.39 | $ | 10,398.05 | BUSS, MCCOY D | | $ | 3,431.20 | $ | 81,124.00 |
| 40037 | 06/07/2016 | $ | 2,391.39 | $ | 10,398.05 | FITCH, HEATHER LEE | EDWARDS, JIMMY RAY | $ | 3,431.20 | $ | 162,248.00 |
| 37287 | 06/07/2016 | $ | 3,269.64 | $ | 10,585.00 | SNYDER, BRENTNEY S | | $ | 4,328.14 | $ | 81,124.00 |
| 35943R | 06/08/2016 | $ | 1,470.48 | $ | 6,000.00 | MARTIN, CERI A | | $ | 2,070.48 | $ | 81,124.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 39915 | 06/09/2016 | $ | 3,651.97 | $ | 11,000.00 | CLOUD, JULIE R | | $ | 4,751.97 | $ | 81,124.00 |
| 38413 | 06/09/2016 | $ | 1,561.60 | $ | 11,800.00 | PRUST, PERRY D | | $ | 2,741.60 | $ | 81,124.00 |
| 38426 | 06/10/2016 | $ | 2,732.85 | $ | 9,145.00 | GOODMAN, AARON RAY | | $ | 3,647.35 | $ | 81,124.00 |
| 35155R1 | 06/10/2016 | $ | 2,391.39 | $ | 10,398.05 | MOZEE, RACHELLE LEANN | | $ | 3,431.20 | $ | 81,124.00 |
| 40593 | 06/20/2016 | $ | 3,722.66 | $ | 10,985.00 | MCKEE, JOHNNY L | | $ | 4,821.16 | $ | 81,124.00 |
| 30558R2 | 06/21/2016 | $ | 3,323.23 | $ | 9,800.00 | AMLIN, KWAUNE S | | $ | 4,303.23 | $ | 81,124.00 |
| 40592 | 06/21/2016 | $ | 1,305.52 | $ | 8,800.00 | MOORE, JASON R | | $ | 2,185.52 | $ | 81,124.00 |
| 36281 | 06/21/2016 | $ | 1,569.38 | $ | 9,285.00 | SULTZER, LINDA JANE | | $ | 2,497.88 | $ | 81,124.00 |
| 35250R1 | 06/22/2016 | $ | 1,936.12 | $ | 7,200.00 | LEONARD, CHRISTA NICOLE | | $ | 2,656.12 | $ | 81,124.00 |
| 39024 | 06/24/2016 | $ | 2,391.39 | $ | 10,398.05 | JONES, JUSTIN D | | $ | 3,431.20 | $ | 81,124.00 |
| 34429R | 06/24/2016 | $ | 2,096.58 | $ | 11,485.00 | WINGO, LYNDSEY L | LANG, ANDREW L | $ | 3,245.08 | $ | 162,248.00 |
| 39698 | 06/28/2016 | $ | 4,964.85 | $ | 13,300.00 | LOPEZ, ANTONIO LAMONT | PRAYER, DARLISA M | $ | 6,294.85 | $ | 162,248.00 |
| 36698 | 06/30/2016 | $ | 1,867.31 | $ | 10,300.00 | COATS, MARGARET ELAINE | | $ | 2,897.31 | $ | 81,124.00 |
| 31205R | 07/06/2016 | $ | 2,624.24 | $ | 10,442.50 | FREEMAN, AUTUMN D | | $ | 3,668.49 | $ | 81,124.00 |
| 38600 | 07/06/2016 | $ | 6,130.89 | $ | 14,835.00 | STANTON, AKILAH RA'SHIDAH | BASKETT, RANDALL ALLEN | $ | 7,614.39 | $ | 162,248.00 |
| 35693 | 07/07/2016 | $ | 1,750.96 | $ | 12,385.00 | COLLINS, BRYAN SETH | | $ | 2,989.46 | $ | 81,124.00 |
| 39845 | 07/07/2016 | $ | 2,391.39 | $ | 10,398.05 | LEE, HAROLD JEROME | | $ | 3,431.20 | $ | 81,124.00 |
| 37984 | 07/08/2016 | $ | 2,391.39 | $ | 10,398.05 | AHUMADA, CHARLES B | | $ | 3,431.20 | $ | 81,124.00 |
| 39486 | 07/08/2016 | $ | 2,391.39 | $ | 10,398.05 | NUNNELLY, HEATHER SHERMICK | | $ | 3,431.20 | $ | 81,124.00 |
| 39067 | 07/08/2016 | $ | 2,391.39 | $ | 10,398.05 | SIMMONS, KIMBERLY A | | $ | 3,431.20 | $ | 81,124.00 |
| 39504 | 07/11/2016 | $ | 2,391.39 | $ | 10,398.05 | REED, ADRIANA L | | $ | 3,431.20 | $ | 81,124.00 |
| 36543 | 07/12/2016 | $ | 2,054.74 | $ | 12,685.00 | MAUPIN, KIMBERLY LEANN | | $ | 3,323.24 | $ | 81,124.00 |
| 37281 | 07/18/2016 | $ | 2,442.41 | $ | 12,735.00 | KELLEY, JAYNE E | KELLEY, JOSEPH D | $ | 3,715.91 | $ | 162,248.00 |
| 37891 | 07/19/2016 | $ | 5,535.79 | $ | 15,000.00 | SMALL-VOSSEN, NANCY J | | $ | 7,035.79 | $ | 81,124.00 |
| 39400 | 07/20/2016 | $ | 2,391.39 | $ | 10,398.05 | MOORE, JEFFREY ALLAN | | $ | 3,431.20 | $ | 81,124.00 |
| 40595 | 07/20/2016 | $ | 3,538.85 | $ | 10,800.00 | NITZSCHE, VICTORIA L | | $ | 4,618.85 | $ | 81,124.00 |
| 37697 | 07/20/2016 | $ | 1,412.52 | $ | 10,885.00 | SMITH, DONALD EDWARD | SMITH, BETTY ANN | $ | 2,501.02 | $ | 162,248.00 |
| 38800J | 07/21/2016 | $ | 4,826.33 | $ | 13,985.00 | KING, TONY ALLEN | | $ | 6,224.83 | $ | 81,124.00 |
| 39838 | 07/22/2016 | $ | 2,642.91 | $ | 9,300.00 | ANDERSON, SUVINA M | | $ | 3,572.91 | $ | 81,124.00 |
| 36644R | 07/22/2016 | $ | 3,077.45 | $ | 10,285.00 | HAMMERS, DUSTIN R | HAMMERS, TRACI A | $ | 4,105.95 | $ | 162,248.00 |
| 40333 | 07/25/2016 | $ | 1,302.06 | $ | 11,500.00 | ABEYTA, KACHERRI ANNE | WHITNEY, RAY ALAN II | $ | 2,452.06 | $ | 162,248.00 |
| 40391 | 07/26/2016 | $ | 3,099.63 | $ | 12,900.00 | ALLEN, CHRISTIAN R | | $ | 4,389.63 | $ | 81,124.00 |
| 40641 | 07/27/2016 | $ | 2,733.16 | $ | 11,900.00 | SAUERWIN, JOSH A | SAUERWIN, GEORGIA D | $ | 3,923.16 | $ | 162,248.00 |
| 40921 | 07/29/2016 | $ | 2,138.64 | $ | 8,300.00 | BUTCHER, BRANDY L | BUTCHER, DUSTIN A | $ | 2,968.64 | $ | 162,248.00 |
| 29431 | 08/01/2016 | $ | 1,382.49 | $ | 6,500.00 | CARROLL, SHANNA M | | $ | 2,032.49 | $ | 81,124.00 |
| 29957R1 | 08/03/2016 | $ | 1,947.70 | $ | 11,785.00 | FARLEY, RICK J | | $ | 3,126.20 | $ | 81,124.00 |
| 39840 | 08/12/2016 | $ | 2,391.39 | $ | 10,398.05 | DYE, DAVID ANDREW SENIOR | | $ | 3,431.20 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 33106 | 08/15/2016 | $ | 1,821.60 | $ | 11,985.00 | MANGRUM, TARA DAWN | | $ | 3,020.10 | $ | 81,124.00 |
| 33517R1 | 08/16/2016 | $ | 2,391.39 | $ | 10,398.05 | DOZIER, JENNIFER L | DOZIER, JEREMIAH A | $ | 3,431.20 | $ | 162,248.00 |
| 39580R | 08/18/2016 | $ | 458.38 | $ | 5,800.00 | ROBINSON-JOHNSON, KAYSHUN DEARIONE | | $ | 1,038.38 | $ | 81,124.00 |
| 40054 | 08/22/2016 | $ | 3,874.44 | $ | 12,385.00 | SALAS, JESUS M | | $ | 5,112.94 | $ | 81,124.00 |
| 34943 | 08/23/2016 | $ | 2,386.55 | $ | 8,900.00 | BAKER, DEBORAH | | $ | 3,276.55 | $ | 81,124.00 |
| 40372 | 08/23/2016 | $ | 1,300.11 | $ | 11,000.00 | HAMMOCK, STEVEN D | | $ | 2,400.11 | $ | 81,124.00 |
| 41055 | 08/26/2016 | $ | 2,391.39 | $ | 10,398.05 | JACKSON, ROBERT | | $ | 3,431.20 | $ | 81,124.00 |
| 39191 | 08/30/2016 | $ | 2,391.39 | $ | 10,398.05 | JOHNSON, RANDY E | | $ | 3,431.20 | $ | 81,124.00 |
| 38428 | 08/30/2016 | $ | 771.57 | $ | 8,200.00 | LAWSON, NORMA ANN | | $ | 1,591.57 | $ | 81,124.00 |
| 39691 | 08/30/2016 | $ | 1,605.04 | $ | 13,000.00 | PAXSTON, AMANDA | | $ | 2,905.04 | $ | 81,124.00 |
| 39017 | 08/30/2016 | $ | 2,391.39 | $ | 10,398.05 | RANEY, KATHERINE A | | $ | 3,431.20 | $ | 81,124.00 |
| 35570 | 08/31/2016 | $ | 3,162.56 | $ | 15,905.57 | LEMON, MEGAN P | | $ | 4,753.12 | $ | 81,124.00 |
| 39360 | 09/01/2016 | $ | 1,493.39 | $ | 6,000.00 | SPRENKLE, JOSHUA L | | $ | 2,093.39 | $ | 81,124.00 |
| 40739 | 09/06/2016 | $ | 845.78 | $ | 8,500.00 | ASHLEY, ROMEO D | | $ | 1,695.78 | $ | 81,124.00 |
| 40989 | 09/09/2016 | $ | 930.03 | $ | 8,785.00 | PHILLIPS, MELISSA K | | $ | 1,808.53 | $ | 81,124.00 |
| 38830 | 09/16/2016 | $ | 1,584.47 | $ | 13,135.00 | BAILEY, RICKY DEAN | BAILEY, DOROTHY CHARLENE | $ | 2,897.97 | $ | 162,248.00 |
| 40738 | 09/23/2016 | $ | 2,391.39 | $ | 10,398.05 | BARNES, MICHAEL SHANE | | $ | 3,431.20 | $ | 81,124.00 |
| 37941R | 09/23/2016 | $ | 2,391.39 | $ | 10,398.05 | WHITAKER, ARTRICE DENISE | | $ | 3,431.20 | $ | 81,124.00 |
| 39703 | 09/27/2016 | $ | 4,392.24 | $ | 13,000.00 | LAMMERS, STEVEN LEE | | $ | 5,692.24 | $ | 81,124.00 |
| 38880 | 10/05/2016 | $ | 2,391.39 | $ | 10,398.05 | HYLTON, CHRISTA D | | $ | 3,431.20 | $ | 81,124.00 |
| 40632 | 10/05/2016 | $ | 3,510.27 | $ | 10,800.00 | JOHNSON, AMIA S | MCGARY, BRANDON A | $ | 4,590.27 | $ | 162,248.00 |
| 36084 | 10/05/2016 | $ | 3,426.78 | $ | 13,885.00 | SMITH, JEREMY T | SMITH, CYNDA L | $ | 4,815.28 | $ | 162,248.00 |
| 40273 | 10/05/2016 | $ | 1,392.88 | $ | 11,500.00 | STEEDMAN, CODY L | | $ | 2,542.88 | $ | 81,124.00 |
| 41162 | 10/07/2016 | $ | 948.46 | $ | 7,300.00 | PADILLA, LAURA P | | $ | 1,678.46 | $ | 81,124.00 |
| 38770 | 10/07/2016 | $ | 2,391.39 | $ | 10,398.05 | THULIN, CARA P | HULSE, BRIAN R | $ | 3,431.20 | $ | 162,248.00 |
| 41120 | 10/11/2016 | $ | 1,604.79 | $ | 6,800.00 | TROUT-ROJAS, JANAE M | | $ | 2,284.79 | $ | 81,124.00 |
| 36507 | 10/13/2016 | $ | 3,729.04 | $ | 15,085.00 | HALL, TISHA KAYE | | $ | 5,237.54 | $ | 81,124.00 |
| 40380 | 10/13/2016 | $ | 4,964.89 | $ | 13,300.00 | PRESTON, SALENA L | | $ | 6,294.89 | $ | 81,124.00 |
| 35575 | 10/14/2016 | $ | 2,391.39 | $ | 10,398.05 | BELCHER, KELLY LACHELLE | HOOVER, JACOB TRANLIN | $ | 3,431.20 | $ | 162,248.00 |
| 37702RAC | 10/14/2016 | $ | 3,101.41 | $ | 9,550.00 | BELCHER, KIMBERLY LEE ANN | | $ | 4,056.41 | $ | 81,124.00 |
| 34446R1 | 10/17/2016 | $ | 2,391.39 | $ | 10,398.05 | SULLIVAN, CLARENCE J | | $ | 3,431.20 | $ | 81,124.00 |
| 34378R | 10/18/2016 | $ | 2,391.39 | $ | 10,398.05 | CASE, ERICA MARIE | | $ | 3,431.20 | $ | 81,124.00 |
| 40477 | 10/19/2016 | $ | 832.09 | $ | 8,500.00 | DORRELL, TIFFANY M | | $ | 1,682.09 | $ | 81,124.00 |
| 37636R | 10/19/2016 | $ | 1,317.92 | $ | 5,885.00 | FOX-BROWN, SHANELL RENA | | $ | 1,906.42 | $ | 81,124.00 |
| 41606 | 10/20/2016 | $ | 2,838.98 | $ | 14,400.00 | HAYES, THALESSIA L | | $ | 4,278.98 | $ | 81,124.00 |
| 40473 | 10/21/2016 | $ | 2,391.39 | $ | 10,398.05 | LOGSDON, EMILY ELIZABETH | | $ | 3,431.20 | $ | 81,124.00 |
| 37368 | 10/25/2016 | $ | 2,904.13 | $ | 13,444.00 | ALLEN, KATINA LASHELLA | | $ | 4,248.53 | $ | 81,124.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 39913 | 10/25/2016 | $ | 1,553.02 | $ | 15,500.00 | YOUNG, BRIAN K | | $ | 3,103.02 | $ | 81,124.00 |
| 39705 | 11/01/2016 | $ | 2,391.39 | $ | 10,398.05 | DOUGHERTY, DAHNA L | | $ | 3,431.20 | $ | 81,124.00 |
| 39561 | 11/02/2016 | $ | 2,391.39 | $ | 10,398.05 | HOLLOMAN, JASMINE T | | $ | 3,431.20 | $ | 81,124.00 |
| 31565R1 | 11/03/2016 | $ | 2,992.67 | $ | 12,385.00 | EVANS, DAVID SR | EVANS, FABIOLA | $ | 4,231.17 | $ | 162,248.00 |
| 38605 | 11/04/2016 | $ | 2,599.07 | $ | 9,000.00 | STEGEMAN, ROSIE GENEVA | | $ | 3,499.07 | $ | 81,124.00 |
| 40482 | 11/07/2016 | $ | 2,391.39 | $ | 10,398.05 | JENKINS, THRESIA MARIE | | $ | 3,431.20 | $ | 81,124.00 |
| 39827 | 11/08/2016 | $ | 848.45 | $ | 8,500.00 | MCCRACKEN, WANDA S | | $ | 1,698.45 | $ | 81,124.00 |
| 36196 | 11/09/2016 | $ | 1,578.46 | $ | 9,285.00 | WEST, DANNY LYNN | | $ | 2,506.96 | $ | 81,124.00 |
| 38039 | 11/11/2016 | $ | 2,828.49 | $ | 9,295.00 | MIDGYETT, NATALEE QUENTILLA | | $ | 3,757.99 | $ | 81,124.00 |
| 39627 | 11/15/2016 | $ | 3,948.20 | $ | 12,385.00 | RANDALL, BOBBI-JO | | $ | 5,186.70 | $ | 81,124.00 |
| 29483R1 | 11/18/2016 | $ | 3,932.56 | $ | 10,900.00 | BECK, MATTHEW L. | BECK, CANDACE C. | $ | 5,022.56 | $ | 162,248.00 |
| 36399R1 | 11/18/2016 | $ | 2,391.39 | $ | 10,398.05 | GRAY, PREONICA RAE | | $ | 3,431.20 | $ | 81,124.00 |
| 41884 | 11/18/2016 | $ | 1,069.25 | $ | 9,800.00 | INGALSBE, AARON S | | $ | 2,049.25 | $ | 81,124.00 |
| 39399R | 11/23/2016 | $ | 4,320.84 | $ | 12,300.00 | WINN, CHRISTOPHER DAVID | | $ | 5,550.84 | $ | 81,124.00 |
| 37125R | 11/30/2016 | $ | 4,197.75 | $ | 12,800.00 | GABRIEL, STEPHEN J | | $ | 5,477.75 | $ | 81,124.00 |
| 37485R1 | 11/30/2016 | $ | 2,391.39 | $ | 10,398.05 | STEWART, DAKOTA C | | $ | 3,431.20 | $ | 81,124.00 |
| 39911 | 11/30/2016 | $ | 2,568.67 | $ | 8,885.00 | TATUM, JULIA H | | $ | 3,457.17 | $ | 81,124.00 |
| 40918 | 12/01/2016 | $ | 1,239.64 | $ | 11,300.00 | THOMAS, ROBERT W | | $ | 2,369.64 | $ | 81,124.00 |
| 40009 | 12/06/2016 | $ | 1,920.98 | $ | 7,485.00 | SHARP, MICHAEL C | | $ | 2,669.48 | $ | 81,124.00 |
| 31846R | 12/08/2016 | $ | 2,789.58 | $ | 11,800.00 | ESGUERRA, GARRY A | ESGUERRA, VICTOR M | $ | 3,969.58 | $ | 162,248.00 |
| 30105R1 | 12/08/2016 | $ | 2,151.29 | $ | 11,215.00 | JOHNS, MELISSA D | | $ | 3,272.79 | $ | 81,124.00 |
| AC39069 | 12/09/2016 | $ | 2,227.74 | $ | 7,700.00 | DICKENS, BARBARA J | | $ | 2,997.74 | $ | 81,124.00 |
| 39208 | 12/09/2016 | $ | 2,391.39 | $ | 10,398.05 | MOORE, COURTNEY LAMONT | | $ | 3,431.20 | $ | 81,124.00 |
| 37566RAC | 12/09/2016 | $ | 1,604.71 | $ | 6,750.00 | SALLEE, CHRISTOPHER S | | $ | 2,279.71 | $ | 81,124.00 |
| 39048 | 12/13/2016 | $ | 4,079.92 | $ | 12,600.00 | DUNCAN, ADAM JOSEPH | | $ | 5,339.92 | $ | 81,124.00 |
| 41332 | 12/13/2016 | $ | 3,681.48 | $ | 11,800.00 | JOHNSON, MARQUEZ JERMAINE | BALLEW, DAVID A | $ | 4,861.48 | $ | 162,248.00 |
| 39843 | 12/13/2016 | $ | 4,648.61 | $ | 13,800.00 | STEGEMAN, CHRISTOPHER MICHAEL | | $ | 6,028.61 | $ | 81,124.00 |
| 40489 | 12/14/2016 | $ | 2,391.39 | $ | 10,398.05 | KEMP, BRIANA TIESHAE | | $ | 3,431.20 | $ | 81,124.00 |
| 41054 | 12/14/2016 | $ | 2,391.39 | $ | 10,398.05 | LAFFERTY, JOSHUA VANCE | | $ | 3,431.20 | $ | 81,124.00 |
| 36698R | 12/14/2016 | $ | 1,716.32 | $ | 7,300.00 | WALKER, KARLA KAY | | $ | 2,446.32 | $ | 81,124.00 |
| 36782R | 12/15/2016 | $ | 2,411.47 | $ | 8,000.00 | GLOVER, GARNIKKA LEETAZ | | $ | 3,211.47 | $ | 81,124.00 |
| 38729R | 12/16/2016 | $ | 2,341.23 | $ | 8,485.00 | COOPER, RAY FRANKLIN | | $ | 3,189.73 | $ | 81,124.00 |
| 40983 | 12/16/2016 | $ | 628.52 | $ | 6,785.00 | HARRIS, BRANDON J | | $ | 1,307.02 | $ | 81,124.00 |
| 37701 | 12/21/2016 | $ | 1,232.99 | $ | 7,785.00 | BRADY, ZENDRA LASHAY | | $ | 2,011.49 | $ | 81,124.00 |
| 35448R | 12/21/2016 | $ | 2,132.89 | $ | 7,700.00 | MUHAMMAD, ALMETA | | $ | 2,902.89 | $ | 81,124.00 |
| 39356 | 12/22/2016 | $ | 2,391.39 | $ | 10,398.05 | PARRISH-EDWARDS, JOSEPH D | | $ | 3,431.20 | $ | 81,124.00 |
| 39919R | 12/23/2016 | $ | 3,080.29 | $ | 10,300.00 | MEEK, KENNETH H | JOHNSON, ASHLEY D | $ | 4,110.29 | $ | 162,248.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 40056 | 12/27/2016 | $ | 3,475.97 | $ | 10,300.00 | SOLES, CRYSTAL L | | $ | 4,505.97 | $ | 81,124.00 |
| 39099 | 01/05/2017 | $ | 1,897.30 | $ | 7,485.00 | BURTON, JORDAN J | | $ | 2,645.80 | $ | 81,124.00 |
| 39609 | 01/05/2017 | $ | 1,614.88 | $ | 12,900.00 | TAYLOR, ANJELINA C | | $ | 2,904.88 | $ | 81,124.00 |
| 40433 | 01/09/2017 | $ | 2,666.74 | $ | 9,300.00 | RESER, DAVID W | | $ | 3,596.74 | $ | 81,124.00 |
| 39917R | 01/10/2017 | $ | 2,391.39 | $ | 10,398.05 | HOWARD, BRIAN | | $ | 3,431.20 | $ | 81,124.00 |
| 38248R | 01/13/2017 | $ | 3,286.52 | $ | 11,300.00 | GEHLERT, BREANNA N | BURLINGAME, DUSTIN D | $ | 4,416.52 | $ | 162,248.00 |
| 40996 | 01/13/2017 | $ | 2,391.39 | $ | 10,398.05 | GIBBS, EARL STANLEY | | $ | 3,431.20 | $ | 81,124.00 |
| 40333R | 01/13/2017 | $ | 2,391.39 | $ | 10,398.05 | HEDGECORTH, STEVEN T | ETCHESON-GORDON, DEVINNE L | $ | 3,431.20 | $ | 162,248.00 |
| 38260 | 01/18/2017 | $ | 1,542.51 | $ | 8,200.00 | EHLER, DANYL MARIE | | $ | 2,362.51 | $ | 81,124.00 |
| 41353 | 01/18/2017 | $ | 1,911.12 | $ | 15,485.00 | HARRIS, JUNIOR LEROY | HARRIS, WENDY L | $ | 3,459.62 | $ | 162,248.00 |
| 39255 | 01/18/2017 | $ | 4,284.83 | $ | 12,000.00 | MCDANIEL, CHRISTOPHER R | MARTIN, AMANDA N | $ | 5,484.83 | $ | 162,248.00 |
| 37962R | 01/18/2017 | $ | 2,391.39 | $ | 10,398.05 | ROBINSON, CHARLES EMMEN | ROBINSON, TAMMY S | $ | 3,431.20 | $ | 162,248.00 |
| 41554 | 01/18/2017 | $ | 2,264.11 | $ | 10,000.00 | STERLING, TAMMY R | | $ | 3,264.11 | $ | 81,124.00 |
| 36704R | 01/19/2017 | $ | 2,166.01 | $ | 8,300.00 | SCOTT, GREGG W | | $ | 2,996.01 | $ | 81,124.00 |
| 31501R1 | 01/23/2017 | $ | 2,101.00 | $ | 8,585.00 | SMITH, COURTNEY E | | $ | 2,959.50 | $ | 81,124.00 |
| 33790R2 | 01/27/2017 | $ | 2,391.39 | $ | 10,398.05 | SMITH, ZACHARY EDWARD ALAN | | $ | 3,431.20 | $ | 81,124.00 |
| 39121 | 01/30/2017 | $ | 4,583.28 | $ | 13,985.00 | MILLER, ASA P | | $ | 5,981.78 | $ | 81,124.00 |
| 38694 | 01/31/2017 | $ | 5,438.87 | $ | 15,000.00 | WRIGHT, HORACE RAYSHAWN | | $ | 6,938.87 | $ | 81,124.00 |
| 37732R | 02/02/2017 | $ | 2,391.39 | $ | 10,398.05 | COLBERT, LISA M | | $ | 3,431.20 | $ | 81,124.00 |
| 37281R | 02/02/2017 | $ | 2,941.80 | $ | 9,800.00 | GREEN, MICHAEL T | WISTROM, STUART M | $ | 3,921.80 | $ | 162,248.00 |
| 38942R | 02/02/2017 | $ | 2,391.39 | $ | 10,398.05 | MOORE, DALE E | | $ | 3,431.20 | $ | 81,124.00 |
| 39410 | 02/06/2017 | $ | 2,338.45 | $ | 8,000.00 | BENN, MASON CHRISTOPHER | | $ | 3,138.45 | $ | 81,124.00 |
| 35956 | 02/06/2017 | $ | 2,527.92 | $ | 13,985.00 | GROSS, TIMOTHY F | | $ | 3,926.42 | $ | 81,124.00 |
| 40387 | 02/06/2017 | $ | 2,338.98 | $ | 8,485.00 | PEARCE, TONYA D | | $ | 3,187.48 | $ | 81,124.00 |
| 38964R | 02/07/2017 | $ | 4,020.81 | $ | 14,400.00 | LEWIS, PATRICIA J | | $ | 5,460.81 | $ | 81,124.00 |
| 36375 | 02/07/2017 | $ | 3,368.47 | $ | 15,085.00 | MELLO, ANTHONY E | MELLO, RAYNA J | $ | 4,876.97 | $ | 162,248.00 |
| 35808R | 02/09/2017 | $ | 1,163.91 | $ | 10,500.00 | MOORE, CHRISTINA M | | $ | 2,213.91 | $ | 81,124.00 |
| 35529R1 | 02/14/2017 | $ | 2,942.91 | $ | 9,300.00 | BOSTON, KEVIN ANTHONY | BOSTON, JESSICA MONIQUE | $ | 3,872.91 | $ | 162,248.00 |
| 39889 | 02/15/2017 | $ | 1,820.11 | $ | 10,800.00 | PITTS, JAMES B | PITTS, LADAWNNA J | $ | 2,900.11 | $ | 162,248.00 |
| 41755 | 02/16/2017 | $ | 2,900.60 | $ | 8,885.00 | SNYDER, KASSIDY | | $ | 3,789.10 | $ | 81,124.00 |
| 40592R | 02/17/2017 | $ | 2,215.31 | $ | 9,800.00 | DARROW, ANDY W | | $ | 3,195.31 | $ | 81,124.00 |
| 40011 | 02/17/2017 | $ | 4,136.94 | $ | 11,000.00 | MOORE, JENNIA M | MOORE, RYAN A | $ | 5,236.94 | $ | 162,248.00 |
| 35881R2 | 02/20/2017 | $ | 2,391.39 | $ | 10,398.05 | WOOLDRIDGE, AMANDA MARIE | LITTON, AARON PAUL | $ | 3,431.20 | $ | 162,248.00 |
| 36177 | 02/23/2017 | $ | 2,726.44 | $ | 12,285.00 | CLOYD, KIMBERLY K | | $ | 3,954.94 | $ | 81,124.00 |
| 42300 | 02/23/2017 | $ | 1,240.84 | $ | 10,485.00 | MYERS, RUSSELL A | MYERS, CODY N | $ | 2,289.34 | $ | 162,248.00 |
| 31920R3 | 02/27/2017 | $ | 2,172.77 | $ | 8,000.00 | FRANSE, JENNIFER K | | $ | 2,972.77 | $ | 81,124.00 |
| 35051R1 | 03/01/2017 | $ | 840.15 | $ | 8,500.00 | HARRIS, RYAN D | | $ | 1,690.15 | $ | 81,124.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 39257R | 03/06/2017 | $ | 2,391.39 | $ | 10,398.05 | KENT, MECKENSE L | | $ | 3,431.20 | $ | 81,124.00 |
| 37940 | 03/07/2017 | $ | 1,632.81 | $ | 12,355.00 | HENNING, JENNIFER M | HENNING, CARL W JR | $ | 2,868.31 | $ | 162,248.00 |
| 33613R2 | 03/07/2017 | $ | 1,627.61 | $ | 6,500.00 | HOWZE, LATOSHA LYNN | MOORE, MARK S | $ | 2,277.61 | $ | 162,248.00 |
| 34680RAC | 03/09/2017 | $ | 3,291.69 | $ | 15,285.00 | ATKINS, KIMBERLY ANTINETTE | LENNOX, CHARLES MICHELE | $ | 4,820.19 | $ | 162,248.00 |
| 39268R | 03/09/2017 | $ | 2,153.67 | $ | 11,700.00 | MUDD, DUSTY | | $ | 3,323.67 | $ | 81,124.00 |
| 40258 | 03/16/2017 | $ | 1,642.47 | $ | 13,285.00 | DAVIS, JAMES F | | $ | 2,970.97 | $ | 81,124.00 |
| 41626 | 03/16/2017 | $ | 2,391.39 | $ | 10,398.05 | FINNEY, ALAN LEE JR | | $ | 3,431.20 | $ | 81,124.00 |
| 39015R | 03/22/2017 | $ | 2,391.39 | $ | 10,398.05 | TRAINER, BENJAMIN J.F | | $ | 3,431.20 | $ | 81,124.00 |
| 41100 | 03/23/2017 | $ | 1,861.80 | $ | 7,485.00 | KLINGE, LINSEY R | | $ | 2,610.30 | $ | 81,124.00 |
| 39128 | 03/27/2017 | $ | 3,091.66 | $ | 10,300.00 | KLOEPPEL, TRISHA M | | $ | 4,121.66 | $ | 81,124.00 |
| 38213 | 03/29/2017 | $ | 2,391.39 | $ | 10,398.05 | BELLOMY, WILLIAM J | | $ | 3,431.20 | $ | 81,124.00 |
| 39698R | 03/29/2017 | $ | 4,050.34 | $ | 12,685.00 | BRADSHAW, ZJONDERA RENAE | | $ | 5,318.84 | $ | 81,124.00 |
| 30269AC | 04/03/2017 | $ | 1,579.75 | $ | 7,356.76 | HICKS, MICHELE D | HICKS, RICKY D. | $ | 2,315.43 | $ | 162,248.00 |
| 40523 | 04/05/2017 | $ | 1,328.68 | $ | 11,385.00 | ARMSTRONG, CORINA K | ARMSTRONG, SHAWN E | $ | 2,467.18 | $ | 162,248.00 |
| 39079 | 04/11/2017 | $ | 2,391.39 | $ | 10,398.05 | RIDDLE, LOUIS WAYNE | GOULD, NATALIA SUSANNA | $ | 3,431.20 | $ | 162,248.00 |
| 38151 | 04/11/2017 | $ | 5,443.67 | $ | 14,363.67 | RUPORT, CHRISTOPHER M | RUPORT, COURTNEY N | $ | 6,880.04 | $ | 162,248.00 |
| 37787RT | 04/17/2017 | $ | 1,373.96 | $ | 10,800.00 | PATTERSON, HAILEY S | PATTERSON, ZACHARY J | $ | 2,453.96 | $ | 162,248.00 |
| 42263 | 04/26/2017 | $ | 2,391.39 | $ | 10,398.05 | LESTER, MICHAEL CRAIG | BURNS, JENNIFER LEIGH | $ | 3,431.20 | $ | 162,248.00 |
| 38006R2 | 05/04/2017 | $ | 1,537.33 | $ | 7,485.00 | SHERRICK, JAIMEE DENAE | | $ | 2,285.83 | $ | 81,124.00 |
| 37099AC | 05/17/2017 | $ | 1,245.78 | $ | 7,800.00 | LONG, RONALD KEITH | | $ | 2,025.78 | $ | 81,124.00 |
| 42469 | 05/17/2017 | $ | 2,655.71 | $ | 10,785.00 | RUDE, CHARLES E | | $ | 3,734.21 | $ | 81,124.00 |
| 38046 | 05/22/2017 | $ | 4,382.99 | $ | 12,995.00 | ARNOLD, JESSE JAMES | | $ | 5,682.49 | $ | 81,124.00 |
| 37442 | 05/25/2017 | $ | 2,391.39 | $ | 10,398.05 | BOWERS, JONATHAN B | | $ | 3,431.20 | $ | 81,124.00 |
| 41251A | 05/25/2017 | $ | 2,334.75 | $ | 8,500.00 | SMITH, MARY A | | $ | 3,184.75 | $ | 81,124.00 |
| 38575 | 06/02/2017 | $ | 3,191.71 | $ | 10,500.00 | BOONE, LANDON MICHAEL | ERAVI, NICOLE LYNN | $ | 4,241.71 | $ | 162,248.00 |
| 39769 | 06/06/2017 | $ | 3,640.39 | $ | 11,700.00 | LEWIS, MARCELLUS L | KENJALO, SHELLY D | $ | 4,810.39 | $ | 162,248.00 |
| 40071 | 06/07/2017 | $ | 3,025.90 | $ | 12,285.00 | COOPER, HAROLD D | | $ | 4,254.40 | $ | 81,124.00 |
| 40921R | 06/07/2017 | $ | 2,391.39 | $ | 10,398.05 | TACHO, JASMINE B | | $ | 3,431.20 | $ | 81,124.00 |
| 37959R | 06/13/2017 | $ | 785.04 | $ | 8,000.00 | LOWE, CAITLYN NICOLE | | $ | 1,585.04 | $ | 81,124.00 |
| 40985 | 06/21/2017 | $ | 1,492.44 | $ | 7,800.00 | GAUT, KELLIE J | | $ | 2,272.44 | $ | 81,124.00 |
| 37501 | 06/26/2017 | $ | 2,786.29 | $ | 11,985.00 | THOMAS, KIMBERLY D | | $ | 3,984.79 | $ | 81,124.00 |
| 41388 | 06/28/2017 | $ | 2,697.60 | $ | 9,300.00 | STRAYHORN, GREGORIO | | $ | 3,627.60 | $ | 81,124.00 |
| 35103R | 07/03/2017 | $ | 1,915.01 | $ | 7,200.00 | PORTER, TARA S | | $ | 2,635.01 | $ | 81,124.00 |
| 38270R | 07/10/2017 | $ | 5,404.19 | $ | 14,785.00 | SWARTZ, COREY D. | | $ | 6,882.69 | $ | 81,124.00 |
| 36326AC | 07/10/2017 | $ | 2,480.96 | $ | 12,385.00 | WEAVER, KAREN L | WEAVER, JEFFREY M | $ | 3,719.46 | $ | 162,248.00 |
| 40634 | 07/11/2017 | $ | 3,061.24 | $ | 12,235.00 | HENRY, JOSEPH C | | $ | 4,284.74 | $ | 81,124.00 |
| 35639 | 07/11/2017 | $ | 837.02 | $ | 6,985.00 | JOHNSON, MARK | | $ | 1,535.52 | $ | 81,124.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 38473 | 07/13/2017 | $ | 1,456.30 | $ | 12,535.00 | BRECKENRIDGE, MARY D | | $ | 2,709.80 | $ | 81,124.00 |
| 35929R | 07/13/2017 | $ | 1,298.00 | $ | 11,535.00 | KOUMA, EDWARD D | | $ | 2,451.50 | $ | 81,124.00 |
| 40417 | 07/13/2017 | $ | 4,002.93 | $ | 12,100.00 | STEGALL, KESHIA L | | $ | 5,212.93 | $ | 81,124.00 |
| 40981 | 07/25/2017 | $ | 1,737.25 | $ | 13,785.00 | FURTADO, MICHAEL J | | $ | 3,115.75 | $ | 81,124.00 |
| 38571 | 07/25/2017 | $ | 2,391.39 | $ | 10,398.05 | PARRACK, TIMMY L | PARRACK, BRENDA L | $ | 3,431.20 | $ | 162,248.00 |
| 40277 | 07/25/2017 | $ | 2,920.99 | $ | 9,800.00 | PORTER, ALQUINO JAWAN | | $ | 3,900.99 | $ | 81,124.00 |
| 30991R1 | 07/26/2017 | $ | 1,184.28 | $ | 10,500.00 | DONELLO, MICHAEL A | | $ | 2,234.28 | $ | 81,124.00 |
| 41334A | 07/31/2017 | $ | 2,181.49 | $ | 7,985.00 | WILKS, DEANNA G | | $ | 2,979.99 | $ | 81,124.00 |
| 40516 | 08/10/2017 | $ | 787.89 | $ | 8,000.00 | MCELROY, KYRIA K | | $ | 1,587.89 | $ | 81,124.00 |
| 41840 | 08/15/2017 | $ | 2,448.24 | $ | 8,300.00 | MEEK, SABRINA RENEE | | $ | 3,278.24 | $ | 81,124.00 |
| 40833 | 08/22/2017 | $ | 2,307.57 | $ | 8,515.00 | SIMS, MELISSA S | SIMS, MARCUS D | $ | 3,159.07 | $ | 162,248.00 |
| 41144 | 08/23/2017 | $ | 2,460.51 | $ | 8,704.40 | HAWKINS, RACHEL | | $ | 3,330.95 | $ | 81,124.00 |
| 41399 | 08/24/2017 | $ | 2,391.39 | $ | 10,398.05 | SIDEBOTTOM, BRENDA SUE | | $ | 3,431.20 | $ | 81,124.00 |
| 40832 | 08/25/2017 | $ | 2,391.39 | $ | 10,398.05 | MARQUETTE, TAMARIKA LYNZEE RUCHELLE | | $ | 3,431.20 | $ | 81,124.00 |
| 41861 | 08/29/2017 | $ | 4,711.00 | $ | 12,600.00 | NELSON, JAMES F | | $ | 5,971.00 | $ | 81,124.00 |
| 39700R | 09/07/2017 | $ | 2,470.70 | $ | 8,300.00 | WILSON, SHERRY LENE | | $ | 3,300.70 | $ | 81,124.00 |
| 40130 | 09/22/2017 | $ | 1,808.33 | $ | 13,585.00 | WADDELL, LAURREN M | | $ | 3,166.83 | $ | 81,124.00 |
| 39793 | 10/12/2017 | $ | 3,008.41 | $ | 11,800.00 | HANNA, ROBERT A. | HANNA, CAROL L. | $ | 4,188.41 | $ | 162,248.00 |
| 38306R | 10/13/2017 | $ | 2,391.39 | $ | 10,398.05 | O'HARE, MEGAN L | | $ | 3,431.20 | $ | 81,124.00 |
| 40920 | 10/18/2017 | $ | 2,035.75 | $ | 7,800.00 | STERNER, MARYANN E | | $ | 2,815.75 | $ | 81,124.00 |
| 42368 | 10/18/2017 | $ | 3,887.94 | $ | 12,285.00 | SUTTON, SHYANN D | | $ | 5,116.44 | $ | 81,124.00 |
| 37629 | 10/18/2017 | $ | 3,643.86 | $ | 15,985.00 | THATCHER, SCOTT MICHAEL | | $ | 5,242.36 | $ | 81,124.00 |
| 40148 | 10/24/2017 | $ | 5,118.81 | $ | 14,600.00 | FROST, AMANDA JOLEE | FROST, VIVIAN G | $ | 6,578.81 | $ | 162,248.00 |
| 38692 | 11/03/2017 | $ | 4,322.10 | $ | 12,930.00 | SHAW, MIA SHANAE | | $ | 5,615.10 | $ | 81,124.00 |
| 39258 | 11/10/2017 | $ | 3,387.80 | $ | 9,800.00 | BARTON, CARISA DERYEA | MAWSON, MICHAEL ALLEN | $ | 4,367.80 | $ | 162,248.00 |
| 39697 | 11/16/2017 | $ | 2,293.91 | $ | 16,000.00 | KELLEY, JAYNE E | KELLEY, CHELSEY D | $ | 3,893.91 | $ | 162,248.00 |
| 36258R | 11/21/2017 | $ | 1,246.71 | $ | 6,998.88 | WOOD, JAMIE SHANELL | | $ | 1,946.60 | $ | 81,124.00 |
| 39019 | 11/24/2017 | $ | 1,775.38 | $ | 14,385.00 | JONES, LARRY D | JONES, KARLA S | $ | 3,213.88 | $ | 162,248.00 |
| 41227 | 11/29/2017 | $ | 2,742.46 | $ | 11,900.00 | HALL, KIM REANETTA | | $ | 3,932.46 | $ | 81,124.00 |
| 39964 | 11/29/2017 | $ | 2,391.39 | $ | 10,398.05 | TOWNSEND, CHAQUILA SHONTA' | | $ | 3,431.20 | $ | 81,124.00 |
| 40517 | 12/12/2017 | $ | 2,275.46 | $ | 8,500.00 | LOW, BRANDII D | | $ | 3,125.46 | $ | 81,124.00 |
| 40727 | 12/13/2017 | $ | 5,331.88 | $ | 14,085.00 | WELLS, STEVEN JAMES | WELLS, BRITTANIE NICKOLE | $ | 6,740.38 | $ | 162,248.00 |
| 39080 | 01/04/2018 | $ | 2,391.39 | $ | 10,398.05 | LEWIS, MARISSA JANEEN | | $ | 3,431.20 | $ | 81,124.00 |
| AC33481 | 01/10/2018 | $ | 4,085.93 | $ | 11,000.00 | GILBERT, LORETTA S | GILBERT, DAVID R | $ | 5,185.93 | $ | 162,248.00 |
| 31595R1 | 01/10/2018 | $ | 2,391.39 | $ | 10,398.05 | GRAGG, TINA L | | $ | 3,431.20 | $ | 81,124.00 |
| 41367 | 01/17/2018 | $ | 2,363.58 | $ | 8,500.00 | SMITH, ANTONIA C | | $ | 3,213.58 | $ | 81,124.00 |
| 40521 | 02/15/2018 | $ | 3,334.15 | $ | 10,500.00 | DOZIER, JEREMIAH A | DOZIER, JENNIFER L | $ | 4,384.15 | $ | 162,248.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 37984R | 02/16/2018 | $ | 2,645.19 | $ | 9,300.00 | REDD, ANGEL S | REDD, EDWARD L II | $ | 3,575.19 | $ | 162,248.00 |
| 41941 | 02/20/2018 | $ | 5,470.61 | $ | 14,200.00 | METCALF, GLEN F | | $ | 6,890.61 | $ | 81,124.00 |

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



JUL 1 1 2025

CLAY COUNTY
CIRCUIT COURT    TIME:_____

## EXPERT DECLARATION OF JOSEPH A. KROCK, Ph.D.

### I.    INTRODUCTION

1.    My name is Joseph A. Krock, Ph.D. I reside in Los Angeles County, California. I have personal knowledge of the facts set forth in this declaration, and, if called to testify to these facts, I would and could competently and readily testify.

2.    I am an economist and Managing Director of The Claro Group, LLC ("Claro"), a multi-disciplinary consulting firm with offices in Austin, Chicago, Houston, Los Angeles, and Washington, D.C. My office is located in Los Angeles, California.

3.    I earned Master of Arts and Doctorate Degrees in Economics from the University of Chicago, and Bachelor of Arts Degree in Economics-Mathematics from the University of California, Santa Barbara. I have extensive training in economic, statistical, and econometric methods at both the undergraduate and graduate level. I have served as a lecturer in Economic Theory at the University of Chicago, and I regularly speak before professional groups regarding, among other topics, the use of sampling and statistics in litigation, database management and analysis, and damages calculation.

4.    I lead the Economic Consulting Practice at Claro, and I have been retained in connection with various types of litigation including wage and hour class and collective actions, consumer class actions, as well as antitrust, intellectual property and breach of contract matters. I have testified in numerous cases in which class certification and economic damages were at issue. Prior to joining Claro, I worked for Micronomics, Inc. and Deloitte & Touche, LLC performing similar duties as I am for Claro.

5.    My experience with class and collective actions extends over 20 years. I have been retained by numerous clients to provide testimony regarding suitability and feasibility of calculating liability and damages on a class-wide basis for both wage and hour class actions and consumer class actions. I regularly am asked to opine on the economic value of various things,

**EXHIBIT**

**2**

typically related to potential damages in litigation. Broadly speaking, my industry experience includes, among others, consumer products, building products, commercial and residential services, financial services, agriculture, oil and gas, and transportation.

6. I have been designated as an expert witness and testified at trial and in depositions as an expert witness in several cases in state and federal district courts in California, Florida, Illinois, Louisiana, Minnesota, Nevada, New Jersey, and Oregon, including Federal Multi-District Litigation ("MDL") matters. I have been retained as an expert in more than 100 cases in state and federal courts in California, Florida, Illinois, Louisiana, Minnesota, Nevada, New Jersey, New York, Oregon, and Wisconsin.

7. My curriculum vitae, including a list of all publications I authored in the previous ten years and a list of all other cases in which I have testified as an expert at trial or by deposition in the last four years, is attached at Exhibit A. Claro is being compensated for my time at a rate of $650 per hour. I have been assisted by members of my staff whose rates may range from $285 to $600 per hour. My compensation is not dependent on the outcome of this litigation.

8. I also rely upon my training and experience as an economist, statistician and expert witness. I have been involved in class action litigation matters for approximately 22 years. My experience in these matters involves pre-trial exposure calculations, class certification analysis, review of trial plans and methods related to statistical sampling and surveys, the execution of surveys and interpretation of results, damages and liability calculations, and post-trial claims-made processes.

## II.   ASSIGNMENT

9. I have been retained by OnderLaw, counsel for Nicole M. Bell and the Class, to review and research publicly available information to determine the economic benefit of the removal of adverse credit information from credit reports on a class-wide basis and to provide a range of estimates that are supported by reliable sources of information. I also was asked by counsel to review the Affidavit of A.W. Pickel, III, and opine as to the reasonableness of the economic benefit/cost he calculates.

– 2 –

## III.    SUMMARY OF CONCLUSIONS

10.    I researched information regarding outstanding debt in the United States, as well as information regarding the impact of various credit scores on the costs of borrowing. I determined that there is sufficient information available that would allow me to estimate the class wide economic benefit of having a negative trade line related to GM Financial removed from Class Member credit reports.

11.    Using the information obtained from reputable sources, including sources relied upon by the Federal Reserve Bank ("Fed") and the Consumer Financial Protection Bureau ("CFPB"), I am able to reliably estimate the total amount of debt for the average American, $90,834, which includes credit products such as Mortgages, Home Equity Lines of Credit ("HELOCs"), Home Equity Loans ("HELOANs"), Auto Loans, Credit Cards, Student Loans, and Personal Loans.

12.    I also was able to determine the impact of various credit scores on the cost of borrowing for five credit products: Mortgages, HELOCs, New Car Loans, Credit Cards, and Personal Loans. Based on the market interest rates across credit scores, I defined three severity levels of the impact of negative trade lines on an individual: Severe Credit Impact, Moderate Credit Impact, and Minor Credit Impact. Generally speaking, Severe Credit Impact measures the difference between a Prime Plus Credit (a FICO Score of 720 or better) and Subprime Credit (600 or less). Moderate Credit Impact measures the difference between Prime Credit (660 or better) and Subprime Credit. Minor Credit Impact measures the difference between Near Prime Credit (600 or better) and Subprime Credit. Some products, e.g., Mortgages, are not generally available for Subprime Credit. I have utilized the lowest available level in place of Subprime Credit.

13.    It is worth noting that the absence of availability to certain credit products at the Subprime Credit level could foreclose on the opportunities to engage in certain investments and/or operate financially without restriction. The cost (or conversely benefit) of the inability to

– 3 –

access credit is not calculable but will exceed the impacts I have measured. To that extent the values reached are conservative.

14.     Using the average amount of outstanding debt by credit product, I calculated the weighted average impacts at the Severe, Moderate and Minor severities. By calculating a weighted average, Mortgages heavily influence the average impact, as it is the largest amount of outstanding debt despite the fact only approximately 1/3 of Americans hold a mortgage. The range of impacts I have calculated range from 1.30 percent for Minor Credit Impact to 3.32 percent for Severe Credit Impact.

15.     As the injunctive remedy of removing the negative trade line will occur in the near future, I have calculated three scenarios as to the economic benefit: 7-years, 3.5 years, and 2.33 years. Negative reporting on a credit report lasts seven to ten years depending on the type of reporting.[1] I understand that there might be circumstances that would extend the length of the impact beyond seven years. The first scenario calculates the economic benefit across all seven years. The second scenario calculates the economic benefit for 3.5 years, which could be interpreted as half of the Class Members would receive zero benefit while others would capture the full benefit for seven years. It could also be interpreted that the Class Members have varying lengths of impact from zero to seven. The final scenario assumes Class Members are uniformly distributed across the 12 years since the beginning of the class period (January 30, 2010). I then assumed that Class Members who received the negative report on or before January 30, 2015 (i.e., approximately seven years ago) would not receive any benefit from the removal of the trade line, while every Class Member who received the negative report since would receive the benefit for between one and seven years, depending on when the reporting was made. The weighted average length of benefit using this method is 2.33 years.

---

[1] Equifax, "How Long Does Information Stay on My Equifax Credit Report?" (https://www.equifax.com/personal/education/credit/report/how-long-does-information-stay-on-credit-report/#:~:text=Most%20negative%20information%20generally%20stays,for%20up%20to%2010%20years)

– 4 –

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

16. Based on the inputs I identified and calculated, I estimate that the most conservative estimate of the economic benefit for the removal of a negative trade-line is $44 million. Under the Severe Credit Impact and benefits extending seven years, I estimate the economic benefit at $337 million. Based on the information I reviewed, I believe a reasonable range of the estimated economic benefit would be between $110 million and $170 million, or more. There are numerous factors, such as missed economic opportunities or extended negative impacts that would increase the economic benefit above which I have calculated.

17. I also was asked to review the Affidavit of A.W. Pickel, III, and to comment on the reasonableness of the estimated economic benefit/cost he calculates. I have not reviewed the methodology Mr. Pickel utilizes to reach his conclusion, but I find his conclusion that the "economic cost estimate to the class greater than $150 million"[2] is reasonable, as it lies in the middle of the range I calculated.

## IV. DISCUSSION

### A. Data Reviewed

#### 1. Outstanding Consumer Debt

18. I reviewed outstanding debt information from three sources that are relied upon by numerous business and government agencies: Equifax, TransUnion, and Experian. These agencies are the primary credit reporting agencies that collect credit information for millions of individuals. This information is aggregated and reported in various ways and is used in many ways. For example, Equifax provides credit information to the Federal Reserve Bank of New York, which publishes a "Quarterly Report on Household Debt and Credit." Equifax, Experian and TransUnion also provide business intelligence services related to consumer credit to a wide variety of customers.

19. Each of these sources summarizes the debt using a variety of methods, from statistical sampling to a full population accounting, and at various intervals, which results in

---

[2] Affidavit of A.W. Pickel, III.

some dispersion in the amounts cited. However, these sources are generally similar in the amounts reported. The table below presents the total amounts of outstanding consumer debt for

**Total Consumer Debt by Credit Product (In $ Billion)**

|  | Experian 4/6/2021 | TransUnion 6/9/2021 | Equifax 1/31/2022 |
|---|---|---|---|
| As of: |  |  |  |
| **Types** |  |  |  |
| **Mortgage** | 10,310 | 10,310 | 10,881 |
| **HELOC** | 374 | 285 | 300 |
| **HELOAN** | 120 | 125 | 133 |
| **Auto Loans & Lease** | 1,350 | 1,370 | 1,471 |
| **Credit Card** | 756 | 707 | 773 |
| **Retail Card** | 80 | 113 | 69 |
| **Student Loan** | 1,570 |  | 1,555 |
| **Personal Loan** | 324 | 146 | 127 |
| **Total** | 14,880 | 13,057 | 15,570 |

various credit products and in aggregate.[3]

20.     As shown in the table, Mortgage debt is by far the largest amount of debt outstanding across all products. According to TransUnion, approximately 30 percent of all credit consumers hold mortgages, whereas most credit consumers hold a credit card. Additionally, approximately half of credit consumers hold an Auto Loan.

21.     Experian and TransUnion report average consumer debt for various categories of credit products: Experian also provides a summary of total debt held by consumers. TransUnion provides enough information that a similar weighted average of consumer debt can be calculated, which I present in the table below.[4]

---

[3] Sources: Stolba, Stefan Lembo, "Average U.S. Consumer Debt Reaches New Record in 2020," April 6, 2021. (https://www.experian.com/blogs/ask-experian/research/consumer-debt-study/), "Quarterly Overview of Consumer Credit Trends Released by TransUnion Financial Services (Q2 2021), and Equifax, "U.S. National Consumer Credit Trends Report: Portfolio," Feb 17, 2022 (https://www.equifax.com/resource/-/asset/consumer-report/monthly-us-national-consumer-credit-trends-report-feb-2022-portfolio/).

[4] Sources: Stolba, Stefan Lembo, "Average U.S. Consumer Debt Reaches New Record in 2020," April 6, 2021. (https://www.experian.com/blogs/ask-experian/research/consumer-debt-study/), and "Quarterly Overview of Consumer Credit Trends Released by TransUnion Financial Services (Q2 2021).

–6–

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**Average Consumer Debt**
**by Credit Product (In $)**

| | Experian | TransUnion | |
| | 4/6/2021 | 6/9/2021 | Average |
| As of: | | | |
| **Types** | | | |
| **Mortgage** | 208,185 | 229,009 | 218,597 |
| **HELOC** | 41,954 | 55,433 | 48,694 |
| **HELOAN** | | 47,440 | 47,440 |
| **Auto Loan** | 19,703 | 20,466 | 20,085 |
| **Credit Card** | 5,315 | 4,817 | 5,066 |
| **Retail Card** | | 1,942 | 1,942 |
| **Student Loan** | 38,792 | | 38,792 |
| **Personal Loan** | 16,458 | 9,079 | 12,769 |
| **Total Avg. Balance** | **92,727** | **88,941** | **90,834** |

22. Using the amounts calculated by Experian and my weighted average for TransUnion, I have determined that the best estimate of average consumer debt as of approximately 12/31/2020 is $90,834. This average recognizes that there are consumers who may have far less debt, as well as those who have far more debt. For the purposes of these calculations, identification of the precise situation for each Class Member is unnecessary.

**2.      Impact of Negative Credit Reporting on Borrowing Rates**

23. It is my understanding that Class Members have suffered potential negative credit impacts based on the reporting of car repossessions and deficiency balances to each Class Member's credit file. It is also my understanding that one aspect of the judgment in this matter is to require GM Financial to remove negative credit reporting related to the car repossessions and deficiencies from each Class Member's credit file.

24. Negative reporting can result in lower credit scores and higher borrowing costs.[5] I have researched numerous publicly available sources to determine whether the impact of negative scores can be measured, and if so, what the impact will be.

---

[5] Irby, Latoya, "How to Handle a Negative Credit History." (https://www.thebalance.com/can-you-shake-a-negative-credit-history-960490#:~:text=The%20effects%20of%20a%20negative,even%20from%20getting%20a%20job.)

– 7 –

25. The specific circumstances for each Class Member are currently unknown, but I am able to derive a range of credit impacts based on three potential outcomes: 1) Severe Credit Impact, 2) Moderate Credit Impact, and 3) Minor Credit Impact. Severe Credit Impact assumes that the debtor maintained a credit file that would qualify as Prime Plus, i.e., a FICO score of 720 or better, and fell to a Subprime level, i.e., a FICO score of 600 or worse. Moderate Credit Impact assumes the debtor maintained a credit file that would qualify as Prime, i.e., a FICO score of 660 or better, and fell to a Subprime level. Minor Credit Impact assumes the debtor maintained a credit file that would qualify as Near Prime, i.e., 600 or better, and fell to a Subprime level.

26. The impact of lower credit scores translates differently into the various credit products. My research indicates that the following products are followed by various analysts who publish rate differentials by credit profile: First Mortgages, Home Equity Lines of Credit (HELOCs), Auto Loans, Credit Cards, and Personal Loans. I summarize below the information I gathered regarding each product.

*Mortgage*

27. MyFICO, using information obtained from Informa Research Services provides a summary of current Annual Percentage Rates (APRs), as of March 9, 2022, by FICO Score Ranges. The table below summarizes that information.[6]

### Home Mortgage Rates by FICO Score Range

| As of: | 3/9/2022 | Interest Rate |
|--------|----------|---------------|
| 620 | 639 | 5.185 |
| 640 | 659 | 4.639 |
| 660 | 679 | 4.209 |
| 680 | 699 | 3.995 |
| 700 | 759 | 3.818 |
| 760 | 850 | 3.596 |

---

[6] Source: Knueven, Liz and Laura Grace Tarpley, "The average mortgage interest rate by state, credit score, year and loan type," Business Insider, March 1, 2022. (https://www.businessinsider.com/personal-finance/average-mortgage-interest-rate)

– 8 –

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

28. For the Severe Credit Impact, I assume the debtor starts (and, after removing the trade line, will subsequently return to) in the 700-759 FICO Score range. As seen, it is difficult, if not impossible, to receive funding through traditional mortgage avenues. I will conservatively assume that the debtor will land in the lowest (620-639) category. The resulting increase in borrowing rates will be 1.367-percent. It is possible that the impact of falling into subprime credit rating will dramatically increase the economic cost of receiving a negative report because the opportunity to purchase a property by a Class Member would have been foreclosed by the inability to acquire credit. In those situations, the Severe-Credit-Impact (as well as the other measures) will understate the true economic cost of the negative report, or alternatively the benefit to having that negative report expunged.

29. For the Moderate Credit Impact, I assume the debtor starts in the 660-679 FICO range and land in the lowest category. The impact on interest rates, in that case is 0.976-percent. For the Minor Credit Impact, I assume the debtor falls from the second to last category to the last. The impact of this is 0.546 percent.

### *HELOC*

30. MyFICO also publishes HELOC rates by FICO Score Range. The rates identified as of January 31, 2022 are shown below.[7]

**HELOC Rates
by FICO Score Range**

| As of: | 3/9/2022 | Interest Rate |
|---|---|---|
| 620 | 639 | 10.74 |
| 640 | 659 | 9.24 |
| 660 | 679 | 7.74 |
| 680 | 699 | 6.37 |
| 700 | 759 | 5.12 |
| 760 | 850 | 4.74 |

---

[7] Source: Knueven, Liz and Wangman, "The average HELOC interest rate by loan type, credit score, and state," Business Insider, January 31, 2022. (https://www.businessinsider.com/personal-finance/average-heloc-interest-rate)

– 9 –

31. Utilizing the same definitions as with the Home Mortgages, I found the Severe Credit Impact is 5.62-percent, the Moderate Credit Impact is 3.0-percent, and the Minor Credit Impact is 1.5-percent for HELOCs.

### *Auto Loans*

32. Auto Loan rates are tracked by various sources that utilize either proprietary databases of loan offers or information reported through credit rating agencies, such as Experian. My research indicates that the numbers vary a little within FICO ranges across methodologies, but the magnitude of differences across FICO ranges remain consistent. The table below indicates the average APR for new car sales from Experian's "State of the Automotive Finance Report – Q4 2021." It is worth noting that used-car rates are considerably higher and the penalty for poor credit increases. To provide conservative estimates, I have used the new car rates.[8]

**New Car Loan Rates
by FICO Score Range**

| As of: Q3 2021 | | Interest Rate |
|---|---|---|
| 300 | 500 | 12.53 |
| 501 | 600 | 9.41 |
| 601 | 660 | 6.07 |
| 661 | 780 | 3.51 |
| 781 | 850 | 2.47 |

33. I identified the Severe Credit Impact as the difference between the highest FICO Score range (781-850) and the second to lowest FICO Score range (501-600). The Severe Credit Impact for Auto Loans is estimate to be 6.94-percent. The Moderate Credit Impact (between 661-780 and 501-600) is estimated to be 5.90-percent, and the Minor Credit Impact (between 601-660 and 501-600) is estimated to be 3.34 percent.

---

[8] Experian, "State of the Automotive Finance Report – Q4 2021," December 31, 2021. (https://www.experian.com/automotive/auto-credit-webinar-form)

34. I identified two sources of information regarding the impact of credit worthiness on credit card rates. WalletHub reports interest rates for borrowers with Excellent, Good or Fair Credit as of January 20, 2022. The Table below summarizes their published information.[9]

**Credit Card Rates
by FICO Score Range
WalletHub**

| As of: 1/20/2022 | Interest Rate |
|---|---|
| Fair | 23.25 |
| Good | 19.40 |
| Excellent | 13.09 |

35. This summary does not provide information regarding poor credit ratings, but it does indicate that moving from Excellent to Fair results in interest rates 10.16 percent higher and moving from Good to Fair results in interest rates 3.85 percent higher.

36. I alternatively found a summary of information regarding Consumer Credit Card usage from the Consumer Financial Protection Bureau ("CFPB"). The Bureau tracks many different aspects of credit usage and the cost of credit. They publish a bi-annual study, "The Consumer Credit Card Market," which was most recently published in September 2021 and relates to 2020. While it is not current, it provides corroborating information to the WalletHub summary. The table below provides a summary of the information provided by the CFPB.[10]

---

[9] McCann, Adam, "Credit Card Interest Rates Guide," WalletHub, January 20, 2022. (https://wallethub.com/edu/cc/credit-card-interest-rates/52541)

[10] Consumer Financial Protection Bureau, "The Consumer Credit Card Market," September 29, 2021. (https://www.consumerfinance.gov/data-research/research-reports/consumer-credit-card-market/)

– 11 –

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**Credit Card Rates**
**by FICO Score Range**
**CFPB CCCMR**

| As of: 2020 | | Interest Rate |
|---|---|---|
| 300 | 579 | 21 |
| 580 | 619 | 20 |
| 620 | 659 | 18.5 |
| 660 | 719 | 16.5 |
| 720 | 850 | 13 |

37.   Both of these sources indicate the Severe Credit Impact is approximately 7-percent, the Moderate Credit Impact is 3.5-percent, and the Minor Credit Impact is 1.5-percent.

### *Personal Loans*

38.   I was able to identify some information regarding the interest rates related to Personal Loans from a site named ValuePenguin, a division of LendingTree. They provide similar information as the other information providers, which is summarized in the table below.[11]

**Personal Loan Rates**
**by FICO Score Range**

| As of: 4/30/2021 | | Interest Rate |
|---|---|---|
| 300 | 639 | 30.00 |
| 640 | 679 | 22.16 |
| 680 | 719 | 17.82 |
| 720 | 759 | 13.32 |
| 760 | 850 | 9.30 |

39.   The Severe Credit Impact (between 720-759 and 300-639) is 16.68-percent, the Moderate Credit Impact (between 680-719 and 300-639) is 12.18-percent, and the Minor Credit Impact (between 640-679 and 300-639) is 7.84-percent.

---

[11] Song, Justin, "Average Personal Loan Interest Rates," September 15, 2021. (https://www.valuepenguin.com/personal-loans/average-personal-loan-interest-rates)

– 12 –

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

### 3. Calculation of Average Impact Across All Credit Products

40. I utilized a weighted average approach to calculate the average Credit Impact across all credit products. I weighted each interest rate by the Average Amount of Outstanding Debt as reported by Experian.

**Weighted Average Credit Impact**
**By Severity Across Five Credit Products**

| | | Interest Rate Impacts (Percent) | | |
|---|---|---|---|---|
| Types | Avg. Debt | Minor | Moderate | Severe |
| Mortgage | 208,185 | 0.546 | 0.976 | 1.367 |
| HELOC | 41,954 | 1.500 | 3.000 | 5.620 |
| Auto Loan | 19,703 | 3.340 | 5.900 | 6.940 |
| Credit Card | 5,315 | 1.500 | 3.500 | 7.000 |
| Personal Loan | 16,458 | 7.840 | 12.180 | 16.680 |
| Total Debt | 291,615 | | | |
| | | | | |
| Weighted Avg. Rate | | 1.301% | 2.278% | 3.322% |

41. On average, the Minor Credit Impact is 1.30 percent, the Moderate Credit Impact is 2.28 percent, and the Severe Credit Impact is 3.32 percent.

42. I then calculate the average annual impact for each severity by multiplying the average amount of outstanding debt ($90,834) by the weighted average Credit Impact. I find that the Minor Credit Impact results in an annual amount of $1,181.81, the Moderate Credit Impact results in an annual amount of $2,069.39, and the Severe Credit Impact results in an annual amount of $3,017.78.

43. I understand that a negative reporting on a credit file can persist for seven years or longer. As the Class Members may have been affected at various times during the 12-year class period, I have calculated three scenarios that account for the potential variation in the economic benefit that Class Members may receive by the removal of the negative trade line.

– 13 –

44.     The first scenario assumes that all Class Members would receive a benefit that lasts seven years. Under that assumption, the average economic benefit per Class Member would range from $8,273 to $21,124 depending on the severity of the credit impact. Multiplying that average by the total number of Class Members, 15,962, results in a range of estimated economic benefit to the Class from $132 million to $337 million. The table below displays the specific calculations by severity and assumed duration.

### Calculation of Estimated Total Credit Impact
### By Severity

| | | | |
|---|---|---|---|
| Avg. Debt Outstanding | 90,834.00 | | |
| Class Members | 15,962.00 | | |
| | **Minor** | **Moderate** | **Severe** |
| Weighted Avg. Rate | 1.30% | 2.28% | 3.32% |
| Annual | 1,181.81 | 2,069.39 | 3,017.78 |
| 7 Years | 8,273 | 14,486 | 21,124 |
| Class Wide | 132,048,700 | 231,220,790 | 337,188,795 |
| 3.5 Years | 4,136 | 7,243 | 10,562 |
| Class Wide | 66,024,350 | 115,610,395 | 168,594,398 |
| 2.33 Years | 2,758 | 4,828 | 7,041 |
| Class Wide | 44,015,605 | 77,072,495 | 112,394,659 |

45.     The second scenario assumes that all Class Members would receive a benefit that lasts half of the full seven years or 3.5 years. Under that assumption, the average economic benefit per Class Member would range from $4,136 to $10,562 depending on the severity of the credit impact. Multiplying that average by the total number of Class Members, 15,962, results in a range of estimated economic benefit to the Class from $66 million to $169 million. The third scenario assumes that the economic benefit to Class Members will vary based on when the negative event occurred during the class period. I assume that the maximum length of the benefit is seven years, however I understand that the impact of a negative trade line could last ten years or longer. Under this scenario, Class members who received the negative trade line more than

– 14 –

seven years ago would not accrue a benefit from the removal of the trade line. Class Members who received the negative trade line six year ago would accrue one year of benefit from the removal. Class members who received the negative trade line five years ago would accrue two years of benefit from the removal, and so on. Class Members who recently received the negative trade line would receive a benefit that would last seven years. For the purpose of this exercise I assumed that the negative events for the Class were evenly distributed across the 12-year Class Period, i.e., during each year 1,330 Class Members received the negative trade line. I calculated a weighted average of the length of economic benefit that would accrue across all twelve years of 2.33 years.

46.     Under the third scenario, the average economic benefit per Class Member would range from $2,758 to $7,041 depending on the severity of the credit impact. Multiplying that average by the total number of Class Members, 15,962, results in a range of estimated economic benefit to the Class from $44 million to $112 million.

47.     Based on my review of the information and the conservative assumptions I used in my calculations, I believe that a reasonable range for the Class Wide economic benefit for the removal of a negative trade line would be between $110 million and $170 million.

48.     There are numerous other factors, such as lost economic opportunities, from the lack of access to credit because of a negative report. Additionally, there may be emotional or other non-monetary costs that my estimates cannot incorporate. Incorporating these additional factors would increase my estimate of the economic benefit, which indicates that my range falls on the conservative end of the true economic benefit.

## V.     CONCLUSION

49.     As described in this report, I researched information regarding outstanding debt in the United States, as well as information regarding the impact of various credit scores on the costs of borrowing. I determined that there is sufficient information available that would allow me to estimate the class wide economic benefit of having the negative trade lines related to GM Financial removed from Class Members' credit reports.

– 15 –

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

50. Based on the inputs I identified and calculated, I estimate that the most conservative estimate of the economic benefit for the removal of a negative trade line is $44 million. Under the Severe Credit Impact and benefits extending seven years, I estimate the economic benefit at $337 million. Based on the information I reviewed, I believe a reasonable range of the estimated economic benefit would be between $110 million and $170 million, or more. There are numerous factors, such as missed economic opportunities or extended negative impacts that would increase the economic benefit above that which I have calculated.

* * * * * *

My analyses, observations and opinions contained in this declaration are based upon information available to date. I reserve the right to supplement and/or revise my opinion and this Expert Report in response to any further information provided by the parties and/or in light of additional documents or testimony, which may be brought to my attention after the date of my signature below.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this fourteenth day of March, 2022 in Los Angeles, California.

_____
Joseph A. Krock, Ph.D.

# Exhibit A



Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**Joseph A. Krock, Ph.D.**
Managing Director

**The Claro Group, LLC**
350 South Grand Avenue
Suite 2350
Los Angeles, CA  90071

Tel   213-784-3079
Cell   310-213-7776
Fax   213-229-9014
jkrock@theclarogroup.com

**EDUCATION**
Ph.D., Economics
    University of Chicago

M.A., Economics
    University of Chicago

B.A., Economics-Mathematics
    University of California, Santa
    Barbara, with Honors

Dr. Krock is a Managing Director with The Claro Group. He heads the Economic Consulting Practice and is the Office Managing Partner of the Los Angeles office. He specializes in economic and statistical analysis, including the use of advanced techniques involving econometrics, risk analysis, sampling, and survey design, with an emphasis on collecting, managing, and analyzing complex financial, economic, and statistical data. He works extensively on class and collective actions for which class certification, liability and damages issues are at stake.  He consults on a wide variety of matters relating to antitrust, consumer class action, breach of contract, labor and employment, lost profits, valuation, and other general commercial litigation issues.

As an expert economic and statistical witness, Dr. Krock has testified at trial and deposition in matters pending before the U.S. District Courts in California, Illinois, and New Jersey, the Superior Court of the State of California, the Circuit Court of Florida and the Civil District Court of Louisiana.  He also participates in private arbitration and mediation matters, and assists clients with corporate decision-making.

Prior to joining The Claro Group, Dr. Krock held senior positions at Micronomics, Inc. and Deloitte & Touche.

**Fields of Concentration**

- Statistical Analysis, Surveys and Sampling, Statistical Analysis, Econometrics, Damages Calculations, Complex Data Management and Analysis, Antitrust Economics, Labor and Employment

**Selected Consulting Experience**

### Statistical Analysis

- Pharmaceutical Industry - Analyzed patterns of breakthrough bleeding and spotting for various formulations of oral contraceptives
- Labor Class Action - Performed statistical analysis to ascertain whether response rates in a class action claims process were representative of the whole class.
- Discrimination - Reviewed data and prepared an econometric analysis of government agricultural lending practices in a lending discrimination matter.
- Discrimination – Analyzed reduction-in-force data for age discrimination claims.
- Directed sampling and review of documents to determine extent of duplication in document production.
- Assisted clients with sampling, survey design, and hypothesis testing.

### Econometrics

- Antitrust - Performed econometric analysis of antitrust pass-through damages in connection with indirect purchaser antitrust matter.
- Pharmaceutical Industry - Estimated own- and cross-price elasticity of demand for pharmaceuticals.
- Employed event study methodology in connection with securities fraud, intellectual property, and breach of contract matters.
- Prepared and evaluated revenue and earnings forecasts on behalf of plaintiffs and defendants involved in commercial litigation.
- Assisted clients with survey design, sampling, and hypothesis testing.
- Labor Class Actions - Analyzed differences among groups of potential class members in labor and employment matters using econometric and statistical techniques.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



- Discrimination - Reviewed data and prepared an econometric analysis of government agricultural lending practices for a lending discrimination matter.

**Class and Collective Actions**

- Provided analysis and expert testimony regarding the economic and statistical appropriateness of proposed class action trial plans.
- Prepared evaluations of random sample survey plans.
- Executed random sample surveys regarding damages calculations.
- Performed post-trial damages calculations.
- Evaluated economic exposure associated with putative class claims for numerous clients across a wide range of industries.

**Economic Damages/Lost Profits**

- Commercial Litigation - Calculated lost profits and economic damages on behalf of plaintiffs and defendants in connection with contract disputes, fraud, business interruption, and other causes of action. Addressed lost sales, incremental costs, capacity, and mitigation.
- Breach of Contract/Non-Compete – Performed damages calculation for alleged breach of contract claims associated with non-compete covenant, including lost profits and tortious interference aspects.Real Estate - Valued real estate and other assets lost as a result of wrongful conduct.
- Wrongful Death - Calculated lost wages and benefits in connection with wrongful death and personal injury matters.
- Determined lost sales and lost profits as a result of alleged wrongful conduct and breach of contract.

**Antitrust**

- Prepared econometric analyses in direct purchaser and indirect purchaser price fixing antitrust matters.
- Conducted studies of market definition, below-cost pricing, price discrimination, and economic damages on behalf of plaintiffs and defendants involved with antitrust litigation.

**Consumer Class Action**

- Evaluated appropriateness of class treatment for large consumer class action
- Analyzed and rebutted plaintiffs' class-wide damages model for alleged false advertising claims

**Risk Analysis**

- Assisted law firms, corporate legal departments, and mediators with assessments of litigation risk and the expected value of litigation.
- Analyzed risk associated with litigation versus settlement in insurance claim disputes on behalf of insurers and insured parties.

**Healthcare**

- Performed billing review for a regional hospital to assess potential exposure for Medicare billing non-compliance issues.
- Built comprehensive Medicare billing database to assist a client in the re-pricing of Medicare billings for services provided to correct for reimbursement rates under OPPS, APC, and the Physician Fee Schedule, which were incorrectly billed

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



- Created and analyzed comprehensive payroll and timekeeping database for multi-facility health system to assist with class certification issues

**Labor and Employment**

- Retained as economic and statistical expert for state and federal labor and employment cases.

- Developed and implemented sampling strategies for large state and federal wage and hour class actions.

- Assisted counsel in creating interview and deposition scripts regarding labor and employment issues.

- Managed large employment-related databases and determined class eligibility for numerous state and federal labor and employment class actions.

- Performed statistical and econometric analyses related to labor and employment issues.

- Assessed past and ongoing exposure regarding potential wage and hour issues to assist executives in corporate decision-making.

**Valuation**

- Sports - Developed model for valuing NFL franchises and studied impact of stadium construction and naming rights on franchise value.

- Insolvency - Analyzed value of a proposed reorganized entity seeking to emerge from Chapter 11 bankruptcy.

- Determined actual and but-for market capitalization in connection with wrongful conduct and breach of contract matters.

- Performed option valuation calculations in connection with wrongful conduct and breach of contract matters.

- Valued commercial real estate in connection with wrongful conduct matters.

**TESTIMONY/EXPERT REPORTS/MEDIATION**

1. Simeon Hunter, v. Rivian Automotive, LLC
   American Arbitration Association
   Case No. 01-20-0015-8379
   Wrongful Termination
   Report

2. Rickey Henry, et al., v. Central Freight Lines, Inc.
   U.S. District Court, Eastern District of California
   Case No. 2:16-CV-00280
   Wage & Hour
   Report

3. Roger Flores, et al., v. Element Materials Technology Huntington Beach LLC
   Superior Court of California, County of Los Angeles
   Case No. 18STCV10074
   Wage & Hour
   Report

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



4. Norma Espino, et al., v. Sky Chefs, Inc.
   Superior Court of California, County of Los Angeles
   Case No. 19STCV44265
   Wage & Hour
   Report

5. Julian Vargas, et al., v. Quest Diagnostics, Inc.
   U.S. District Court, Central District of California
   Case No. 2:19-CV-08108
   ADA Violations
   Deposition, Report

6. Alvaro Lopez Cabrera, et al., v. South Valley Almond Company, LLC
   U.S. District Court, Eastern District of California
   Case No. 1:21-CV-00748-AWI-JLT
   Wage & Hour
   Report

7. Fabian Gonzalez, et al., v. HUB International Midwest, LTD
   Superior Court of California, County of San Bernardino
   Case No. CIVDS1900463
   Wage & Hour
   Report

8. Ethan Noyer, v. AEROTEK, Inc., and GM Cruise Holdings
   JAMS
   Case No. 1100108393
   Wrongful Termination, Disability Discrimination
   Arbitration, Deposition, Report

9. Mark Luna, et al., v. Penske Logistics, LLC
   U.S. District Court, Eastern District of California
   Case No. 2:21-cv-00081
   Wage & Hour
   Report

10. Roosevelt Luckett, v. McDonald's Restaurants of California, Inc.
    Superior Court of California, County of Los Angeles
    Case No. 20STCV05066
    Wage & Hour
    Report

11. Michell Fernandez, et al., v. Suburban Propane LP
    Superior Court of California, County of Fresno
    Case No. 16CECG00418
    Wage & Hour
    Report

12. Alfred Johnson, et al., v. WinCo Foods, LLC and WinCo Holdings, Inc.
    U.S. District Court, Central District of California
    Case No. 5:17-cv-02288
    Wage & Hour Wage & Hour
    Report



13. Kevin Edwards v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6486
    Wage & Hour
    Report

14. Tessema Estifanos v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6487
    Wage & Hour
    Report

15. Richard Grinesey-Miller v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6488
    Wage & Hour
    Report

16. Marc Grozinger v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6489
    Wage & Hour
    Report

17. Alex Luevano v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6490
    Wage & Hour
    Report

18. Angel Zamora, et al., v. Penske Truck Leasing Co.
    U.S. District Court, Central District of California
    Case No. 2:20-cv-2503
    Wage & Hour
    Report

19. Omero Torres, v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6469
    Wage & Hour
    Arbitration, Report

20. Patrick Kinney, v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6468
    Wage & Hour
    Arbitration, Report

21. Andrew Anderson, v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6465
    Wage & Hour
    Arbitration, Report

JOSEPH A. KROCK, Ph.D.
January 2022

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



22. Rudy Garcia, v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6478
    Wage & Hour
    Arbitration, Report

23. Robert Blakeley, v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6476
    Wage & Hour
    Arbitration, Report

24. Joe Azevedo, v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6474
    Wage & Hour
    Arbitration, Report

25. Stacy Bauman, v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-6475
    Wage & Hour
    Arbitration, Report

26. Pamela Rubin-Knudsen, et al., v. Arthur J. Gallagher & Co.
    U.S. District Court, Central District of California
    Case No. 2:18-cv-6227
    Wage & Hour
    Report

27. Kristal Nucci, et al., v. Rite Aid Corp., et al.
    U.S. District Court, Central District of California
    Case No. 19-cv-01434
    Wage & Hour
    Report

28. Rina Acosta, et al., v. Remington Lodging & Hospitality, LLC
    Superior Court of California, County of Contra Costa
    Case No. 016-02404
    Wage & Hour
    Report

29. Jasmine Estrada, v. Paletz and Agatstein Urology Medical Group, Inc.
    Superior Court of California, County of Los Angeles
    Case No. 18STCV03003
    Discrimination, Wage & Hour
    Report

30. Mark Brewer, v. Ecolab, Inc.
    American Arbitration Association
    Case No. 01-19-0000-1056
    Wage & Hour
    Arbitration, Report

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



31. Morgena Carter and Cornelia Brandon, v. Telecare Corp.
U.S. District Court, Central District of California
Case No. 2:18-cv-10748
Wrongful Termination, Discrimination
Deposition, Report

32. Stephen Craig, v. Ecolab, Inc.
American Arbitration Association
Case No. 01-19-0000-1058
Wage & Hour
Arbitration, Report

33. Maria Vecchio, et al., v. Quest Diagnostics Inc., et al.
U.S. District Court, Southern District of New York
Case No. 1:16-cv-05165
Wage & Hour
Deposition, Report

34. Lloyd T. Briggs III, et al., v. OS Restaurants Services, LLC, et al.
U.S. District Court, Central District of California
Case No. 2:18-cv-08457-JAK-AFM
Wage & Hour
Report

35. Elizabeth Khaled, v. Library Systems & Services, LLC
Superior Court of California, County of Riverside
Case No. RIC1903238
Wage & Hour
Report

36. Eduardo Chavez, v. Smurfit Kappa North America LLC
U.S. District Court, Central District of California
Case No. 2:18-cv-05106
Wage & Hour
Report

37. William Sario, v. California Rail Builders, LLC, et al.
Superior Court of California, County of Los Angeles
Case No. BC679635
Wrongful Termination
Trial, Deposition

38. Robert Bankwitz, v. Ecolab, Inc.
American Arbitration Association
Case No. 01-18-0003-2812
Wage & Hour
Arbitration, Report

39. Matthew Bruers, v. Flowers Foods, Inc., et al.
U.S. District Court, Central District of California
Case No. 18-cv-01442-JLS-ADS
Wage & Hour
Report

JOSEPH A. KROCK, Ph.D.
January 2022

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



40. William Jacobo, v. Ecolab, Inc.
American Arbitration Asssociation
Case No. 01-18-0003-2797
Wage & Hour
Arbitration, Deposition, Report

41. Todd Bedingfield, Jack Hall, v. American International Group, Inc.
U.S. District Court, Central District of California
Case No. 2:18-cv-04249-DSF-AFM
Wrongful Termination, Age Discrimination
Report

42. Farah, et al., v. Claim Jumper Restaurants, Inc., et al.
Superior Court of California, County of Los Angeles
Case No. BC583679
Wage & Hour
Report

43. United States of America and State of New York, *ex rel.* Edward Lacey, v. Visiting Nurse
Service of New York
U.S. District Court, Southern District of New York
Case No. 14-cv-5739
False Claims Act
Deposition, Report

44. Simon Goro, et al., v. Flowers Foods, Inc.
U.S. District Court, Southern District of California
Case No. 17-cv-02580
Wage & Hour
Deposition, Report

45. Anne de Lacour, et al., v. Colgate-Palmolive Co.
U.S. District Court, Southern District of New York
Case No. 1:16-cv-08364
Consumer Class Action
Deposition, Report

46. Kenneth Hernandez, et al., v. AutoZone, Inc.
U.S. District Court, Eastern District of New York
Case No. 1:15-cv-05593
ADA Violations
Report

47. Scott Reising, v. Western Alliance Bank
ADR Arbitration
ADR Case No. 13-7830
Wrongful Termination
Arbitration, Deposition

48. Alma Gomez, v. Henry Mayo Newhall Memorial Hospital
Superior Court of California, County of Los Angeles
Case No. BC511293
Wrongful Termination
Deposition



49.  Victor Zepeda, et al., v. Wonderful Citrus Packing LLC
     Superior Court of California, County of Kern
     Case No. S-1500-CV-282439
     Wage & Hour
     Deposition, Report

50.  Christine Dancel, et al., v. Groupon, Inc.
     U.S. District Court, Northern District of Illinois
     Case No. 1:18-cv-02027
     Illinois Right to Privacy Act
     Deposition, Report

51.  Ismael Sanchez Ruiz, et al., v. Daniel C. Salas Harvesting, Inc.
     Superior Court of California, County of Kings
     Case No. 16 C0214
     Wage & Hour
     Report

52.  Stephanie Stiavetti, et al., v. Pamela Ahlin, et al.
     Superior Court of California, County of Alameda
     Case No. RG15779731
     Civil Rights
     Report

53.  Miguel Valadez, et al., v. CSX Intermodal Terminals, Inc.
     U.S. District Court, Northern District of California
     Case No. 3:15-cv-05433-EDL
     Wage & Hour
     Report

54.  Jeffrey Johnston, et al., v. Schiff Nutrition International and Reckitt Benckiser
     U.S. District Court, Northern District of California
     Case No. 3:15-cv-03669-PH
     Consumer Class Action
     Report

55.  Maria Del Carmen Acosta, et al., v. Bee Sweet Citrus, Inc., et al.
     Superior Court of California, County of Fresno
     Case No. 16-CECG-01253
     Wage & Hour
     Report

56.  Patrick E. Runyon, et al., v. Bostik, Inc., et al.
     U.S. District Court, Central District of California
     Case No. 5:16-cv-2413
     Products Liability, Consumer Class Action
     Report

57.  Beatriz Aldapa, et al., v. Fowler Packing Company, Inc., et al.
     U.S. District Court, Eastern District of California
     Case No. 1:15-CV-00420
     Wage & Hour
     Report

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



58. Manuel de Luna, et al., v. Pacific Rim Dairy, et al.
Superior Court of California, County of Kings
Case No. 14C0070
Wage & Hour
Report

59. Cynthia Arroyo v. CERES, Inc.
Superior Court of California, County of Ventura
Case No. 56-2015-00475199
Wage & Hour
Report

60. Talbert Mitchell v. SEIU Local 721, et al.
Superior Court of California, County of Los Angeles
Case No. BC575572
Discrimination, Wrongful Termination
Trial, Deposition

61. Vegas Holding Corp, et al., v. Geoffrey Knapp
Superior Court of California, County of Orange
Case No. 30-2012-00551681
Fraud, Breach of Contract
Deposition

62. Alicia Rogan, et al., v. Montage Hotels & Resorts, LLC
Judicial Arbitration and Mediation Services
JAMS Ref. No. 1200051035
Wage & Hour
Report

63. Kevin Woodruff, et al., v. Broadspectrum Downstream Services, Inc.
U.S. District Court, Northern District of California
Case No. 3:14-cv-04105
Wage & Hour
Deposition, Report

64. Audrey Pena, Naila Zavala, et al., v. Sea World, LLC
Superior Court of California, County of San Diego
Case No. 37-2013-00081715
Wage & Hour
Report

65. Giovanni Martinez, et al., v. Flowers Foods, Inc., et al.
U.S. District Court, Central District of California
Case No. 2:15-cv-5112
Wage & Hour
Report

66. KIPP v. Lukin & Associates, Inc., et al.
Superior Court of California, County of Los Angeles
Case No. NC053503
Contract Dispute
Trial, Deposition

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



67.  3M Company, v. ACE Bermuda Insurance, Ltd.
London Courts of International Arbitration
Insurance Dispute
Report

68.  Miguel Sanchez, et al., v. CHLN, Inc.
Superior Court of California, County of Los Angeles
Case No. BC532190
Wage & Hour
Report

69.  Juan Uribe, et al., v. Total Transportation Services, Inc.
Superior Court of California, County of Los Angeles
Case No. NC059374
Wage & Hour
Report

70.  In Re: Morgan Stanley Smith Barney LLC Wage and Hour Litigation
U.S. District Court, District of New Jersey
MDL 2280, Master Case No. 11-cv-3121
Wage & Hour
Report, Deposition

71.  LMP Services, Inc., v. City of Chicago, IL
Circuit Court of Cook County, Illinois
Case No. 2012 CH 41235
Civil Rights
Report, Deposition

72.  Victor Almaraz, et al., v. American Residential Services
Superior Court of California, County of Los Angeles
Case No. 37-2015-00006918-CU-OE-CTL
Wage & Hour
Report

73.  M&I Bank FSB, v. Old Republic Insurance Company, Guaranty Bank, F.S.B., and GB
Reit Corporation
Guaranty Bank, F.S.B., v. Old Republic Insurance Company
Circuit Court of Wisconsin, County of Milwaukee
Case No. 09-CV-7648 & 09-CV-13592
Insurance Dispute
Report

74.  Barbara Rivard-Crook, et al., v. Accelerated Payment Technologies, Inc., et al..
U.S. District Court, District of Nevada
Case No. 2:10-cv-02215-MMD-GWF
Breach of Contract
Deposition, Report

75.  Lovco Construction, Inc., v. W. A. Rasic Construction, Inc.
Superior Court of California, County of Los Angeles
Case No. NC057835
Tortious Interference
Trial, Deposition

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



76. Barr Segal v. TCW Group, Inc., and Marc Stern
    Judicial Arbitration and Mediation Service
    Arbitration Ref. No. 1220045625
    Wrongful Termination, Age Discrimination
    Arbitration, Deposition

77. Donovan Long, David Horn, et al., v. Stanley Black & Decker, Inc., et al.
    U.S. District Court, Southern District of California
    Case No. 3:14-cv-01246-JLS-BGS
    Wage & Hour
    Report

78. Chelly Bergstrom, et al., v. Circle K Stores, Inc.
    Superior Court of California, County of Riverside
    Case No. RIC 1206463
    Wage & Hour
    Report

79. Pablo Amado, et al., v. ServiceMaster Global Holdings, Inc., et al.
    Judicial Arbitration Mediation Service
    Arbitration Ref. No. 1100073286
    Wage & Hour
    Report

80. Scarlet Keshishzadeh, et al., v. Zurich American Insurance Company
    Superior Court of California, County of Los Angeles
    Case No. BC516292
    Wage & Hour
    Report

81. Sabas Arredondo, et al., v. Delano Farms Company, et al.
    U.S. District Court, Eastern District of California
    Case No. 1:09-cv-01247-MJS
    Wage & Hour
    Report

82. Claudia DeSilva, et al., v. North Shore-Long Island Jewish Health System Inc., et al.
    U.S. District Court, Eastern District of New York
    Case No. 2:10-cv-1341-JFB-ETB
    Wage & Hour
    Report

83. Patrick Bellinghausen, et al., v. Tractor Supply Company
    Superior Court of California, County of Alameda
    Case No. RG13677135
    Wage & Hour
    Report

84. Scott Nance, Frederick Freedman, et al., v. May Trucking Co.
    U.S. District Court, District of Oregon – Portland Division
    Case No. 3:12-cv-01655-HZ
    Wage & Hour
    Deposition, Report

JOSEPH A. KROCK, Ph.D.
January 2022

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



85. Benjamin Nilsson, Michael Meeks, et al, v. Longs Drug Stores, LLC
Superior Court of California, County of Santa Barbara
Case No. 1304153
Wage & Hour
Deposition, Report

86. Lisa Garvey, et al., v. Kmart Corp.
U.S. District Court, Northern District of California
Case No. 11-2575
Wage & Hour
Report

87. Shane Simmons, et al., v. Valspar Corp.
U.S. District Court, District of Minnesota
Case No. 10-3026 RHK/SER
Wage & Hour
Deposition, Report

88. Emerita V. Chavez, et al., v. Angelica Textile Services, Inc.
Superior Court of California, County of San Diego
Case No. 37-2010-00086997-CU-OE-CTL
Wage & Hour
Deposition, Report

89. Simon V. Garcia, et al., v. Gordon Trucking, Inc., et al.
U.S. District Court, Eastern District of California – Fresno Division
Case No. 1:10-cv-00324-OWW-SKO
Wage & Hour
Deposition, Report

90. Susan Gayle Holt, et al., v. K Mart Corporation
Superior Court of California, County of San Francisco
Case No. CGC-10-496141
Wage & Hour
Report

91. Bay Point Oil Corp., et al., v. Motiva Enterprises LLC, et al.
Hollywood Hills Servicecenter, Inc., et al., v. Motiva Enterprises LLC, et al.
Circuit Court of Florida, County of Miami-Dade
Case Nos. 03-03572 CA 30 and 04-13857 CA 30
Antitrust
Deposition

92. William Dailey, et al., v. Sears, Roebuck and Co.
Superior Court of California, County of San Diego
Case No. 37-2009-00054168-CU-OE-NC
Wage & Hour
Report

93. Edward Arciniega, v. D.R. Horton, Inc., et al.
American Arbitration Association Case No. 72 160 00321 10
Case No. 72 160 00321 10
Wrongful Termination
Arbitration, Deposition

JOSEPH A. KROCK, Ph.D.
January 2022

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 611 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



94. Richard B. Melbye, v. Accelerated Payment Technologies, Inc.
U.S. District Court, Southern District of California
No. 3:10-cv-IEG-JMA
Breach of Contract
Trial, Deposition, Report

95. Shaunetta Eddings, et al., v. Health Net, Inc., et al.
U.S. District Court, Central District of California
No. CV10-1744 JST
Wage & Hour
Deposition, Report

96. Jose Jimenez v. Sears, Roebuck & Co.
Superior Court of California, County of Los Angeles
Case No. BC 383006
Wage & Hour
Deposition, Report

97. Spencer De La Cruz, v. Abercrombie & Fitch Co., et al.
Superior Court of California, County of Orange
Case No. 30-2007-00036240
Wage & Hour
Deposition, Report

98. Clarke and Rebecca Wixon, et al., v. Wyndham Resort Development Corp., et al.
U.S. District Court, Northern District of California
No. C 07-02361 JSW
Breach of Contract
Report

99. Maisah Muhammad, et al., v. Bare Escentuals, Inc.
Superior Court of California, County of Los Angeles
Case No. BC 405569
Wage & Hour
Deposition, Report

100. Kim McBride, et al., v. Jenny Craig, Inc., et al.
U.S. District Court, Southern District of California
No. 07CV2382 JLS (AJB)
Wage & Hour
Report

101. Hans J. Rapold, v. Baxter International, Inc.
U.S. District Court, Northern District of Illinois
No. 08CV7369
Breach of Contract
Report

102. Daynna Wood, et al., v. Vie-Del Company
Superior Court of California, County of Fresno
Case No. 08CECG01289
Wage & Hour
Report

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 612 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



103. Thomas La Parne, et al., v. Monex Deposit Company, et al.
U.S. District Court, Central District of California
No. SACV-08-302 DOC (MLGx)
Wage & Hour
Deposition, Report

104. The Administrators of the Tulane Educational Fund v. Marsh USA, Inc., et al.
Civil District Court For The Parish of Orleans, State of Louisiana
Case No. 2006-09555
Insurance Dispute
Report

105. Allison L. Knox v. Dynamic Nursing Services, Inc.
Superior Court of California, County of Los Angeles
Case No. BC 360621
Wage & Hour
Trial, Report

106. Judith A. Smith v. IHOP Corp.
Superior Court of California, County of Los Angeles
Case No. BC 382940
Age Discrimination
Report

107. Bich D. Nguyen v. Computer Sciences Corporation, et al.
Superior Court of California, County of Los Angeles
Case No. BC 358617
Age Discrimination
Deposition

108. Equilon Enterprises LLC v. Nikrad Enterprises, Inc.
U.S. District Court, Central District of California
No. CV-07-2562 ABC
Antitrust, Breach of Contract
Report

109. Ruben Pablo, et al., v. ServiceMaster Global Holdings, Inc., et al.
U.S. District Court, Northern District of California
No. 3:08-CV-03894
Wage & Hour
Report

110. Holly Walker, Carol Paradise, et al., v. Bankers Life & Casualty Co.
U.S. District Court, Northern District of Illinois
No. CV 06906
Wage & Hour
Deposition, Report

111. Cynthia Fernandez, et al., v. Victoria's Secret Stores, Inc.
U.S. District Court, Central District of California
No. CV 06-4149 MMM (SHx)
Wage & Hour
Report

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



112. In re Terminix Employment Practices Litigation
   U.S. District Court, Northern District of California
   MDL Docket No. 1809
   Wage & Hour
   Report, Mediation

113. Shiloh Hood, et al., v. Terminix International Co., L.P.
   Superior Court of California, County of Alameda
   Case No. RG 05245029
   Wage & Hour
   Report, Mediation

114. Christopher Roy, et al., v. Terminix International Co., L.P.
   Superior Court of California, County of San Bernardino
   Case No. SCVSS 140622
   Wage & Hour
   Report, Mediation

115. Derain Clark, Maxine Gaines, et al., v. American Residential Services, L.L.C.
   Superior Court of California, County of Los Angeles
   Case No. BC 332632
   Wage & Hour
   Report, Mediation

116. Janice Millius, et al., v. Los Angeles Unified School District
   Superior Court of California, County of Los Angeles
   Case No. BC 325763
   Wage & Hour
   Mediation

117. Ortho-McNeil Pharmaceutical Inc., et al., v. Barr Laboratories, Inc.
   U.S. District Court, District of New Jersey
   No. 2:03-CV-04678-SRC-CCC
   Patent Infringement
   Deposition, Report

118. Micrel, Inc., v. Deloitte & Touch, L.L.P.
   Superior Court of California, County of Santa Clara
   Case No. 1-03-CV-816477
   Professional Negligence
   Deposition, Report

119. In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation
   U.S. District Court, District of Oregon
   MDL Docket No. 1439
   Wage & Hour
   Report

120. Paula Chase, et al., v. Farmers Insurance Exchange, et al.
   District Court of Colorado, City and County of Denver
   Case No. 01CV4773
   Wage & Hour
   Report

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



121. Mark Severn, et al., v. Farmers Insurance Exchange, et al.
Circuit Court of Michigan, County of Oakland
Case No. 2001-035558-CZ
Wage & Hour
Report

122. Gary J. Milner, et al., v. Farmers Insurance Exchange, et al.
District Court of Minnesota, County of Hennepin
Case No. 01-15004
Wage & Hour
Report

123. Robert Salcido, et al., v. Farmers Insurance Exchange, et al.
District Court of New Mexico, County of Albuquerque
Case No. 202-CV-200106330
Wage & Hour
Report

124. Robert C. Westcott, et al., v. Farmers Insurance Exchange
U.S. District Court, District of Oregon
No. 3:01-1105
Wage & Hour
Report

125. Robert B. Dietz, et al., v. Farmers Insurance Exchange Co., Inc.
Superior Court of Washington, County of Snohomish
Case No. 01-2-07091-4
Wage & Hour
Report

126. Jennifer Petre v. Farmers Insurance Exchange, et al.
Superior Court of Washington, County of King
Case No. 01-2-21799-2
Wage & Hour
Report

127. Rose M. Bell, et al., v. Farmers Insurance Exchange
Superior Court of California, County of Alameda
Case No. 774013-0
Wage & Hour
Report, Mediation

128. Guadalupe L. Garcia, Jr., et al., v. Ann Veneman
U.S. District Court, District of Columbia
No. 1:00CV02945
Lending Discrimination
Report

129. Raymond Verdin, et al., v. R&B Falcon Drilling USA, Inc., et al.
U.S. District Court, Southern District of Texas
No. G-00-488
Antitrust
Report

JOSEPH A. KROCK, Ph.D.
January 2022

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 615 of 634
Page 615 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



130. Inter-Tel, Inc., v. Bank of America
     Superior Court of Arizona, County of Maricopa
     Case No. CV 96-00867
     Breach of Contract, Wrongful Conduct
     Arbitration

## PUBLICATIONS & PRESENTATIONS

- "Damages & Penalties in Exemption and Misclassification Cases," (with Robert Drexler, Capstone Law, and Bradley Hamburger, Gibson Dunn), MCLE Presentation, Bridgeport Continuing Education, Independent Contractor, Joint Employment Misclassification Litigation 2019, Los Angeles, California, July 12, 2019.

- "Practical/Discovery Data Management Issues Facing In-House HR" (with Andrew J. Cook, Ph.D.), 14th Annual Labor and Employment Law Advanced Practices Symposium, Las Vegas, Nevada, April 11, 2018.

- "An In-Depth Examination of Class Certification Featuring a Close Look at Daubert Considerations," (with David Scheidemantle, Scheidemantle Law Group, and Andre Mura, Gibbs Law Group), MCLE Presentation, Bridgeport Continuing Education, 2018 Consumer Class Action Litigation Conference, Costa Mesa, California, January 19, 2018.

- "A Careful Look at Spokeo and Its Meaning in Wage & Hour Litigation," (with Christina Humphrey, Humphrey & Rist, and Timothy Long, Orrick), MCLE Presentation, Bridgeport Continuing Education, 2017 Wage & Hour Litigation and Management, Los Angeles, California, December 8, 2017.

- "When and How to Use Experts" & "Live Deposition and Trial Demonstration: Economists," (with MiRi Song, Paul Hastings, and Phil Horowitz, Law Office of Phil Horowitz), MCLE Presentation, The State Bar of California Program on Using Expert Witnesses to Win Employment Cases, San Francisco, California, August 10, 2017.

- "Practical/Discovery Data Management Issues Facing In-House HR," (with Andrew Cook, The Claro Group, and Kathy Perkins, Kathy Perkins LLC), 13th Annual Labor and Employment Law Advanced Practices Symposium, Las Vegas, Nevada, March 29, 2017.

- "Tips on Damages Analysis for Mediation and Settlement," (with Christina Humphrey, Humphrey & Rist), MCLE Presentation, Bridgeport Continuing Education, 2016 Wage & Hour Litigation and Management, Los Angeles, California, December 9, 2016.

- "Changing Standards for Class Certification: Experts and Statistical Sampling in Light of Spokeo and Tyson," (with Rachel R. Brass, Gibson Dunn; E. Michelle Drake, Berger & Montague, P.C.; and Vandy M. Howell, Ph.D., Cornerstone Research), MCLE Presentation, Bridgeport Continuing Education, 2016 Class Action Litigation Conference, San Francisco, California, September 16, 2016.

- "How to Leverage Your Company's Data to Prevent and Win Employment Lawsuits," (with Andrew Cook, The Claro Group), 12th Annual Labor and Employment Law Advanced Practices Symposium, Las Vegas, Nevada, March 16, 2016.

- "Consumer Class Action Claims: Give Peace a Chance," (with Dan Cunningham, Tressler, LLP; David Nelson, Barnes & Thornburg, LLP; and Brad Seiling, Manatt), MCLE Presentation, Emerging and Complex Insurance Claims Forum 2016, Los Angeles, California, February 25, 2016.

- "Bell to Duran: The Evolution of the Use of Sampling & Statistics in Wage & Hour Litigation & A Brief Primer on the California Fair Pay Act," (with Andrew Cook), MCLE Presentation, Carothers DiSante & Freudenberger, Irvine, California, October 16, 2015.

JOSEPH A. KROCK, Ph.D.
January 2022

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



- "Bell to Duran: The Evolution of the Use of Sampling & Statistics in Wage & Hour Litigation," (with Andrew Cook and Christopher Paskach), MCLE Presentation, Morrison & Foerster, Los Angeles, California, May 27, 2015.

- "Data Analytics in Discovery – Structured and Unstructured ESI," (with Christopher Paskach), CPE Presentation, OC-ACFE, Irvine, California, March 19, 2015.

- "The Use of Experts in the Certification Phase of Class Litigation," (with Mark Campbell, Loeb & Loeb, and Graham LippSmith, Girardi|Keese), MCLE Presentation, Bridgeport Continuing Education, 2013 Class Action Litigation & Management Conference, Los Angeles, California, April 11, 2013.

- "New Rules for the Use of Statistical Evidence in Wage & Hour Cases," MCLE Presentation, Bridgeport Continuing Education Conference on Wage & Hour Litigation, San Diego, California, June 15, 2012.

- "Damage Modeling in Wage and Hour Class Actions Including Lost Income & PAGA Penalties," (with Fraser A. McAlpine, Hunton & Williams), MCLE Presentation, Bridgeport Continuing Education Conference on Wage & Hour Litigation, San Francisco, California, October 14, 2011.

- "Damage Modeling in Wage and Hour Class Actions," (with Daniel Chammas, Venable, and Steven Pearl, The Pearl Law Firm), MCLE Presentation, Bridgeport Continuing Education Conference on Wage & Hour Litigation, Los Angeles, California, December 16, 2010.

- "Calculating Damages at Class Certification: Effect of New Class Certification Standards on Calculation of Damages," (with Miranda Kolbe, Schubert Jonckheer & Kolbe), MCLE Presentation, Bridgeport Continuing Education Conference on Class Action Litigation, San Francisco, California, August 13, 2010.

- "Approaches to Calculating, Proving and Arguing Monetary Relief," (with T. Blood, Blood Hurst & O'Reardon, and G. Knopp, Akin Gump), MCLE Presentation, Bridgeport Continuing Education Conference on Class Action Litigation, Los Angeles, California, April 23, 2010.

- "Approaches to Calculating, Proving and Arguing Damages," (with D. Barclay Edmundson, Orrick), MCLE Presentation, Bridgeport Continuing Education Conference on Class Action Litigation, Los Angeles, California, April 30, 2009.

- "Effective Use of Experts in Employment Litigation," MCLE Presentation, Bridgeport Continuing Education Conference on Trial Preparation for Employment Litigation, San Diego, California, January 28, 2009.

- "Approaches to Calculating and Proving Damages," MCLE Presentation, Bridgeport Continuing Education Conference on Wage & Hour Litigation, Los Angeles, California, December 3, 2008.

- "Approaches to Calculating and Proving Damages," MCLE Presentation, Bridgeport Continuing Education Conference on Wage & Hour Litigation, San Diego, California, June 13, 2008.

- "Working With Experts: The SET Approach," (with Gary Holmen), ACC Docket, May 2008.

- "Efficient Management of Data in Class Action Litigation," (with Jean Nicole Taylor Moore), California Litigation, Volume 21, Number 1, 2008.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



- "Efficient Management of Data in Wage & Hour Class Actions," MCLE Presentation, Bridgeport Continuing Education Conference on Wage & Hour Litigation, Sacramento, California, March 6, 2008.

- "Managing Experts," MCLE Presentation, TroyGould, Los Angeles, California, February 28, 2008.

- "Sampling Class Action," (with Stevan Porter), The Los Angeles Daily Journal, January 7, 2008.

- "Statistics: Sampling, Descriptive Statistics and Regression," (with Stevan Porter), MCLE Presentation, Davis Wright Tremaine, Los Angeles, California, September 19, 2007.

- "Efficient Discovery and Management of Data in Wage and Hour Litigation," (with Karen Santos), MCLE Presentation, The Quisenberry Law Firm, Los Angeles, California, July 10, 2007.


**AFFILIATIONS**

- American Economics Association, Member

- National Association of Business Economists, Member

- American Bar Association, Associate Member

- Los Angeles County Bar Association, Associate Member

   Litigation Section, Labor and Employment Section

- Loyola High School – Alumni Association

- St. Lawrence Martyr Parish Finance Council, Chairman

JOSEPH A. KROCK, Ph.D.
January 2022

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

☰ **Menu**                    ***PROGRESSIVE***                    👤 **Log In**

ANSWERS    |    Articles by Product ⌄    Articles by Topic ⌄

# What is car depreciation?

Car depreciation is the rate at which your vehicle loses its value over time. After five years, vehicles can lose roughly half their value, although some models retain their value better than others. While you can't avoid depreciation, you can estimate what your vehicle will be worth in a few years if you choose to sell it.

🕐 3 min to read

*P* · <u>Answers</u> · <u>Car insurance information</u> · What is car depreciation?

## How does car depreciation work?

Cars lose their value over time. Certain factors will influence how much they depreciate. Make and model, age, condition, mileage, ownership history, and even the vehicle's color may affect your car's value. A new car will typically depreciate much faster than a used car. But staying on top of your car's maintenance needs can preserve its value for longer. Use our <u>car depreciation calculator</u> to get an idea of how much your car may be worth over six years.

## How fast do cars depreciate per year?

There's no pre-determined rate at which a vehicle will depreciate. Within the first year, many cars will lose up to 20% of their value. After that, they may lose about 15% more per year until the four-or five-year mark.

## What factors affect car depreciation?

Keep these factors in mind when estimating your vehicle's value:

- **Make and model**: If you own a popular <u>make and model of a car</u>, it will likely retain its value longer than one with fewer fans.

- **Condition**: A vehicle with normal wear and tear will retain its value better than one that's been involved in accidents or used for work. For example, a truck that routinely goes off-road will suffer more damage than a <u>car used for pleasure or commute</u> to and from the ...

- **Age**: The older your vehicle is, the lower its value — with certain exceptions, s| <u>values</u>.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 6

- **Mileage**: Vehicles have a practical upper limit on the number of miles they can accumulate without major, expensive repairs. The more miles on a vehicle, the lower its value is likely to be.

Other factors, such as ownership history and even the vehicle's color, can sometimes play a part in depreciation. A custom paint job will likely depreciate a car more than a solid black or grey paint job, for instance.

## How can I limit my car's depreciation?

Although you can't prevent car depreciation, there are steps you can take to limit how much value your vehicle loses:

- **Limit how much you drive**: Putting less than 10,000 miles per year on your vehicle not only keeps the odometer reading low, but it also reduces the risk of accidents and damage.

- **Keep your car in a garage or covered spot**: Reducing exposure to the elements will preserve the paint job and limit damage from severe weather like hail.

- **Perform regular maintenance on your vehicle**: Abide by the manufacturer's suggestions on when to receive oil changes, tire rotations, and more. Avoid neglecting the engine, and the vehicle will be worth far more, especially if it's a sought-after model and buyers want all original parts.

---

**PRO TIP:**

If you purchase a used vehicle, it won't depreciate as fast as a new one will. However, its overall value may be lower.

---

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 620 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



## Quote car insurance online or give us a call

**Get a quote**

Or, call 1-866-749-7436

Learn more about car insurance policies.

## Related articles



### What is usage-based insurance?

🕐 5 min to read



### How much does car insurance cost?

🕐 7 min to read

## Related categories

Coverages explained     Costs and rate factors



## Have more questions? Browse articles by insurance type

See all articles by product

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



Car insurance

432 articles



Home insurance

156 articles



Renters insurance

25 articles



Condo insurance

7 articles



Motorcycle insurance

56 articles



Boat & PWC insurance

38 articles



RV/Trailer insurance

35 articles



Life insurance

90 articles



Pet insurance

21 articles

**Please note:** The above is meant as general information to help you understand the different aspects of insurance. Read our editorial standards for Answers content. This information is not an insurance policy, does not refer to any specific insurance policy, and does not modify any provisions, limitations, or exclusions expressly stated in any insurance policy. Descriptions of all coverages and other features are necessarily brief; in order to fully understand the coverages and other features of a specific insurance policy, we encourage you to read the applicable policy and/or speak to an insurance representative. Coverages and other features vary between insurers, vary by state, and are not available in all states. Whether an accident or other loss is covered is subject to the terms and conditions of the actual insurance policy or policies involved in the claim. References to average or typical premiums, amounts of losses, deductibles, costs of coverages/repair, etc., are illustrative and may not apply to your situation. We are not responsible for the content of any third-party sites linked from this page.

Case 2:26-cv-04162-WJE    Document 1-2    Filed 07/10/26    Page 623 of 634

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Insurance                                                                    ⌃

Our Company                                                                  ⌃

Quick Links                                                                  ⌃

Connect                                                                      ⌃

🔍  Search / Keywords                                    | Search |

f    📷    ▶    ♪    𝕏    ↳

Contact Us                              Site Map

Accessibility Services                  Technical Help

Privacy & Security                      Terms of Use

CA Notice at Collection                 Insurance Resources

Do Not Sell or Share My Personal
Information (CA Residents Only)

**THE #1 INSURANCE WEBSITE**

Copyright 1995 – 2024. Progressive Casualty Insurance Company. All Rights Reserved.

We offer insurance by phone, online and through independent agents. Prices vary based on how you buy.

ΔDiscount varies and is not available in all states or situations.

Insurance carrier website ranking by Keynova Group – Q4 2022 Online Insurance Scorecard.

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM



## Affidavit of A.W. Pickel, III

I, A.W. Pickel, III, being duly sworn and on my oath, state:

1. In 1978, I graduated from the University of Illinois, Champaign/Urbana with a Bachelor of Science in the field of accounting.

2. From 1992 to 2016, I founded, led, and developed LeaderOne Financial Corporation as its CEO and founder. At the time I sold the company, LeaderOne was in forty states originating approximately $2 billion in new home loans with 550 employees.

3. I am currently a consultant to the mortgage industry.

4. I have served as the President of the National Association of Mortgage Brokers and served as a member of the Fannie Mae Housing Impact Advisory Council as well as the Freddie Mac Independent Mortgage Bankers Advisory Board.

5. I have provided expert testimony in both the United States House of Representatives and the United States Senate on mortgage issues affecting the banking industry.

6. I have served on the National Association of Mortgage Broker's Board of Directors and was named Kansas Broker of the Year in 1999.

7. I have provided expert witness testimony in more than twenty-five cases regarding economic cost to credit.

8. The economic cost to credit is real and capable of quantification and unless removed will have a severe economic cost for a significant period.

9. I have examined in detail the credit history for the Class Representative (Mr. David Dilley) in the case *Notre Dame Federal Credit Union v. David Dilley*, Case No. 43D04-2109-CC-000568.

EXHIBIT
4

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

10. I have determined that Mr. Dilley's credit has been affected adversely due to an auto repossession and deficiency balance on his credit and this estimate of economic cost is within a range of $15000 to $25000 ($19400 is the actual total). This is a conservative estimate and more than likely will exceed that range I have determined.

11. Based on my experience in examining the credit histories of similarly situated consumers as David Dilley and the other class members, my conservative estimate of $19400 for Mr. Dilley's economic cost to credit would apply to each of the class members he represents. That said, at a minimum I would submit that $19400 would be for each class member. Further, it is likely some class members suffered credit damages as high as $150000.

12. It is my understanding that this case involves around 915 class members. I estimate that total credit damages to the class exceed $17,751,000.

13. I reserve the right to my opinions as they stand based on the information that I have received.

1-21-25

_____
Date

_____
A.W. Pickel, III

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

STATE OF KANSAS           )
                          ) ss.
COUNTY OF JOHNSON         )

    IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this 20th day of January, 2025.

                                  _Garcia_
                                NOTARY PUBLIC

My Commission Expires:

_7/27/25_

FAHIMA GARCIA
Notary Public - State of Kansas
My Appointment Expires 7-27-75

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

## POST-JUDGMENT COLLECTION AGREEMENT

This Post-Judgment Collection Agreement ("Agreement") is entered into as of _____, 2026, between Rickey L. Henderson and Jane Henderson, individually and on behalf of the certified Class ("Creditor"), and Saber Acceptance Company, LLC ("Debtor").

1. **Recitals**

    1.1. On March 20, 2026, the Circuit Court of Jasper County, Missouri, Case No. 15AO-AC02085, entered a final judgment in favor of Creditor and against Debtor for $197,618,064 with post-judgment interest at 9% per year (the "Judgment").

    1.2. The Judgment was entered following litigation conducted before the Court and was determined independently by the Court based on the evidence and applicable law.

    1.3. Debtor has lending relationships with certain lenders identified on **Exhibit A** ("Priority Lenders"), which may have contractual, statutory, or security-based rights relating to certain assets or revenue streams of Debtor. One or more Priority Lenders hold security interests in substantially all of Debtor's assets, including accounts, inventory, equipment, and proceeds.

    1.4. The parties recognize that actions impairing the rights of Priority Lenders could trigger defaults, accelerate obligations, and force Debtor out of business or into bankruptcy, thus materially reducing the assets available to satisfy the Judgment.

    1.5. The parties desire to structure post-judgment enforcement in a way that preserves Debtor's going-concern value and maximizes the total recovery available to Creditor and the Class.

    1.6. In consideration of the assignment of claims and agreements herein, Debtor agrees to pay Creditor $100,000.

2. **Preservation of Judgment**

    The Judgment remains a valid, final, and enforceable obligation.

3. **Payment**

    Within 60 days of execution of this Agreement, Debtor shall pay Creditor $100,000. This payment is partial consideration for the Agreement but does not satisfy the Judgment. Unless otherwise agreed in writing, the payment shall be credited against the outstanding balance of the Judgment.

4. **Creditor's Rights to Enforce Judgment**

    Following receipt of the payment identified in Section 3 of this Agreement, Creditor agrees that neither Creditor, nor any persons, heirs, assigns, personal representatives, trustees, firms, corporations, or other entities claiming by or through Creditor, shall pursue collection activity or activity to enforce the Judgment against Debtor or its guarantors, employees, officers, members, affiliates, parent companies, or subsidiaries, or pursue collection activities related to the Judgment, except as set forth below:

### 4.1. Recognition of Creditor Priorities and Non-Interference

Creditor acknowledges Priority Lenders may have contractual, statutory, or security-based rights relating to certain assets or operations of Debtor. Creditor agrees its rights to enforce the Judgment shall be subordinate to such rights as they exist under applicable law and the governing agreements between Debtor and Priority Lenders, and Creditor will exercise its rights to enforce the Judgment in such a manner as to preserve Debtor's ongoing operations and prevent a lender default that could force Debtor out of business or into bankruptcy.

This Section 4.1 reflects the parties' recognition of existing creditor priorities.

### 4.2. Coordinated Enforcement Process

Before initiating collection activity or activity to enforce the Judgment, Creditor agrees to confer with Debtor and, at Debtor's option, the applicable lenders, including Priority Lenders. If Debtor represents that a proposed collection activity or activity to enforce the Judgment would materially impair its contractual relationships or trigger a default under Debtor's lending arrangements, Creditor agrees not to pursue that collection activity or activity to enforce the Judgment unless Debtor consents in writing, including but not limited to executing on, garnishing, levying on, attaching, or forcing sale of any assets of Debtor or its guarantors, employees, officers, members, affiliates, parent companies, or subsidiaries.

It is the parties' intent that any obligation of Debtor, its guarantors, employees, officers, members, affiliates, parent companies, or subsidiaries to satisfy the Judgment shall be limited to the payment identified in Section 3 of this Agreement, unless Debtor consents otherwise in writing as stated in this Section 4.2.

In the event that any court should determine that any portion of this Agreement is unenforceable or legally void, such determination shall in no way result in Creditor, or any persons, heirs, assigns, personal representatives, trustees, firms, corporations, or other entities claiming by or through Creditor, pursing collection activity or activity to enforce the Judgment against Debtor or its guarantors, employees, officers, members, affiliates, parent companies, or subsidiaries beyond the payment provided in Section 3 of this Agreement.

The parties agree this coordinated enforcement process is intended to preserve Debtor's ongoing operations and prevent a lender default that could force Debtor out of business or into bankruptcy. The parties believe coordinating collection activity in this manner maximizes the likelihood that the Hendersons and the Class will ultimately recover on the Judgment.

### 5. Waiver of Appeal

In further consideration of the agreements contained herein, including but not limited to the payment described in Section 3 and the assignment of claims described in Section 6, Debtor knowingly and voluntarily:

a. waives any right to appeal, seek review of, or otherwise challenge the Judgment in any appellate court or other tribunal; and

b. agrees not to file any motion or proceeding seeking to vacate, modify, or set aside the Judgment, except as may be required to effectuate the terms of this Agreement.

Debtor further agrees that it will not assist or support any person[1] in challenging the Judgment.

## 6. Assignment of Claims

Debtor assigns to Creditor all rights, claims, and causes of action Debtor may have against any insurer (including without limitation Universal Underwriters Insurance Company) relating to:

a. insurance coverage for the liability reflected in the pleadings and/or Judgment, underlying occurrences, and/or underlying offenses;

b. any duty to defend or indemnify Debtor relating to the pleadings and/or Judgment, underlying occurrences, and/or underlying offenses;

c. any denial, limitation, or reservation of insurance coverage relating to the pleadings and/or Judgment, underlying occurrences, and/or underlying offenses; and

d. the investigation or handling of insurance claims relating to the pleadings and/or Judgment, underlying occurrences, and/or underlying offenses.

This assignment includes all rights necessary to pursue such claims in Debtor's name where legally required or in Creditor's own name as permitted by law.

Creditor hereby expressly assumes the risk that a court or courts may determine that any claims and causes of action assigned herein lack merit or adjudicate such claims in a manner adverse to Creditor and agrees that this Agreement shall not be contingent upon the success of any such claim or cause of action.

## 7. Prosecution of Assigned Claims

**7.1.** Creditor shall have the right, but not the duty, to pursue the assigned claims. Debtor agrees to reasonably cooperate with the prosecution of such claims, including:

a. executing any other documents considered necessary to effectuate the assignment;

b. providing testimony, witnesses, and documents; and

c. assisting with discovery where reasonably required.

**7.2.** Creditor agrees neither Debtor, nor its guarantors, employees, officers, members, affiliates, parent companies, or subsidiaries, shall have any further obligations under this Agreement after:

a. the conclusion of any prosecution of the assigned claims, regardless of the amount recovered, if any, the manner of resolution, or outcome; and

b. the Court finds collections are completed or no longer practicable according to the "Administration" paragraph of the Judgment.

Upon the conclusion of the events described in Section 7.2.a. of this Agreement, Creditor agrees not to seek revival of the Judgment under § 511.430, RSMo.

---

[1] "Person" means any natural person, corporation, limited liability company, partnership, joint venture, association, trust, estate, governmental entity, or any other legal or commercial entity.

Upon the conclusion of the events described in Section 7.2.a. and Section 7.2.b. of this Agreement, Creditor agrees to file a satisfaction of the Judgment entered against Debtor for purposes of completing Administration of the Judgment.

## 8. Allocation of Recoveries

Any amounts recovered by Creditor from the assigned claims shall be allocated, administered, and distributed according to the "Administration" paragraph of the Judgment.

## 9. Deficiency Balances and Credit Reporting

Notwithstanding anything to the contrary, this Agreement has no application to Paragraph 2 of the "Relief/Award" section of the Judgment.

## 10. Entire Agreement

This Agreement is the entire understanding between the parties and only agreement regarding the matters addressed.

## 11. Governing Law

This Agreement shall be governed by and construed under the laws of the State of Missouri.

## 12. Counterparts

This Agreement may be executed in counterparts, each of which shall be considered an original.

**RICKY L. HENDERSON AND JANE HENDERSON, INDIVIDUALLY AND ON BEHALF OF THE CLASS**

By: _____   By: _____

Date: 4-20-26   Date: 4-20-26

**SABER ACCEPTANCE COMPANY, LLC**

By: _____

Name: _____

Date: _____

4

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

Upon the conclusion of the events described in Section 7.2.a. and Section 7.2.b. of this Agreement, Creditor agrees to file a satisfaction of the Judgment entered against Debtor for purposes of completing Administration of the Judgment.

## 8. Allocation of Recoveries

Any amounts recovered by Creditor from the assigned claims shall be allocated, administered, and distributed according to the "Administration" paragraph of the Judgment.

## 9. Deficiency Balances and Credit Reporting

Notwithstanding anything to the contrary, this Agreement has no application to Paragraph 2 of the "Relief/Award" section of the Judgment.

## 10. Entire Agreement

This Agreement is the entire understanding between the parties and only agreement regarding the matters addressed.

## 11. Governing Law

This Agreement shall be governed by and construed under the laws of the State of Missouri.

## 12. Counterparts

This Agreement may be executed in counterparts, each of which shall be considered an original.

**RICKY L. HENDERSON AND JANE HENDERSON,
INDIVIDUALLY AND ON BEHALF OF THE CLASS**

By: _____        By: _____

Date: _____      Date: _____

**SABER ACCEPTANCE COMPANY, LLC**

By: _____

Name: _____Robert Mukfy_____

Date: _____Apr 15, 2026_____

4

Electronically Filed - Cole Circuit - May 11, 2026 - 04:10 PM

**<u>EXHIBIT A</u>**

"Priority Lenders" include:

- Busey Bank and its parent companies, affiliates, subsidiaries, successors, and assigns.