**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| RICKEY L. HENDERSON and JANE HENDERSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:26-CV-04162-WJE |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## NOTICE

A proposed scheduling order complying with Local Rule 16.1 should be filed by counsel on or before October 10, 2026, and should state whether the case is to be tried to the Court or jury and the anticipated length of trial. The parties are to follow the Court's procedures and requirements for filing a proposed scheduling order, which are attached to this order.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting shall take place on or before September 19, 2026. In cases assigned to the Court's Mediation and Assessment Program (MAP), please note that the MAP General Order requires that parties assigned to the outside mediator category file the designation of mediator within 14 days after the Rule 26 meeting and mediate the case within 75 days of the Rule 26 meeting. When discovery begins in this case, *see* Rule 26(d) and Local Rule 26.1(b), counsel are reminded that:

1) The number and form of interrogatories, and the number of depositions are governed by Rules 30(a)(2)(A) and 33(a).

2) The form of answers to discovery requests and the form of Rule 26 disclosures are governed by Local Rule 26.2.

3)      The procedure for resolving discovery disputes is established by Local Rule 37.1.

4)      The filing of motions does not postpone discovery. *See* Local Rule 26.1(b).

The Court requests the parties to provide a courtesy copy of documents and/or exhibits which are fifteen pages or longer in length.

The Court anticipates counsel will comply with the Tenets of Professional Courtesy, which are attached for easy reference by counsel unfamiliar with them.

**IT IS, THEREFORE, ORDERED.**

Dated this 11th day of August, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge

**The Honorable Willie J. Epps, Jr.**
**Chief United States Magistrate Judge**
**Western District of Missouri**

<u>Procedures as to Proposed Civil Scheduling Orders</u>

As provided in Fed. R. Civ. P 26(f) and Local Rule 26.1(a), the parties shall meet to discuss settlement, make or arrange for disclosures required by Fed. R. Civ. P. 26(a)(1), and develop a proposed discovery plan as required by Fed. R. Civ. P. 26(f). This meeting shall take place no later than 21 days before the proposed scheduling order is due. Discovery shall commence immediately after this Rule 26(f) conference is held. The parties will be responsible for filing one Joint Proposed Scheduling Order that is signed by all the parties. The Proposed Civil Scheduling Order should include:

1. Proposed trial date, anticipated length of trial, and whether trial will be before a jury.
2. Proposed date for adding parties.
3. Proposed date for amending the pleadings.
4. Discovery completion date.
5. Dates for designating expert witnesses.
6. Dispositive motion filing deadline.

On CM/ECF, this document should be filed in your case under *Other Filings–Other Documents–Proposed Scheduling Order.* The following chart provides guidance as to Judge Epps' expectations for some of your proposed dates.

| Matter | Time before trial |
| --- | --- |
| Designation of Experts | 4 months before discovery completion deadline |
| Discovery Completion | 6 months before trial |
| Dispositive Motions deadline | 4-5 months before trial |
| *Daubert* Motion deadline | 4-5 months before trial |
| Teleconference with Court to discuss status of settlement negotiations | Automatically set 4-6 weeks before trial |
| Pretrial Date | Automatically set 2-3 weeks before trial |
| Trial Date | Typically 150 days after the deadline for filing dispositive motions |

For details regarding deadlines set relative to the pretrial conference date and trial date, as well as general procedures to be followed when practicing in this division, please refer to the sample civil scheduling order provided on Judge Epps' webpage at http://www.mow.uscourts.gov/judges/epps.

**<u>TENETS OF PROFESSIONAL COURTESY</u>**

I. A lawyer should never knowingly deceive another lawyer.

II.     A lawyer should honor promises or commitments made to another lawyer.

III.     A lawyer should make all reasonable efforts to schedule matters with opposing counsel by agreement.

IV.     A lawyer should maintain a cordial and respectful relationship with opposing counsel.

V.     A lawyer should seek sanctions against opposing counsel only where required for the protection of the client and not for malicious purposes or for mere tactical advantage.

VI.     A lawyer should not make unfounded accusations of unethical conduct about opposing counsel.

VII.     A lawyer should not intentionally embarrass another lawyer and should avoid personal criticism of another lawyer.

VIII.     A lawyer should always be punctual.

IX.     A lawyer should seek informal agreement on procedural and preliminary matters.

X.     A lawyer should not be rude or disrespectful to witnesses or opposing parties.

XI.     A lawyer is both an officer of the Court and an advocate.  As such, the lawyer should always strive to uphold the honor and dignity of the profession, avoid disorder and disruption in the courtroom, and maintain a respectful attitude toward the Court.

XII.     Court personnel are an integral part of the justice system and should be treated with courtesy and respect at all times.