**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| RICKEY L. HENDERSON and JANE HENDERSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:26-CV-04162-WJE |
| | ) | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiffs Rickey and Jane Henderson's Motion to Remand to State Court.[1] (Doc. 7). Defendant Universal Underwriters Insurance Company ("UUIC") has filed suggestions in opposition to the motion (Doc. 15), to which Plaintiffs have filed a reply (Doc. 16). For the reasons set forth below, the Plaintiffs' Motion to Remand to State Court is GRANTED.

## I. Background

This action arises from an insurance dispute between the Hendersons and UUIC. (Doc. 1-2 at 6). Mr. and Ms. Henderson were sued by a third party for a deficiency judgment on November 16, 2015. (*Id.*). The third party was insured by UUIC. (*Id.*). The Hendersons counterclaimed in that case, and UUIC disclaimed coverage for the counterclaim. (*Id.* at 7). On March 20, 2026, judgment was entered on the counterclaim in favor of the Hendersons, and the Hendersons were made assignees of the insured's rights relating to the insurance coverage. (*Id.*). On May 11, 2026,

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the Hendersons brought suit in the Circuit Court of Cole County, Missouri, against UUIC for breach of contract relating to payment of the final judgment. (*See* Doc. 1-2).

## II. Discussion

On May 11, 2026, the Hendersons filed a Petition in the Circuit Court of Cole County, Missouri, for declaratory judgment, breach of contract, bad faith failure to defend or settle, and an alleged violation of Missouri Revised Statute § 375.420. (Doc. 1-2). On July 10, 2026, UUIC filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc 1).

On July 21, 2026, the Plaintiffs filed the instant Motion to Remand to State Court claiming that this Court lacks subject-matter jurisdiction because UUIC is a Missouri corporation and therefore there is no diversity of citizenship. (Doc. 7). UUIC filed suggestions in opposition to the Motion to Remand asserting that it its incorporation in Missouri ceased when the company redomesticated to Kansas in 1998. (Doc. 15). The Plaintiffs filed a reply opposing UUIC's arguments and reasserting the arguments raised in the Motion to Remand. (Doc. 16). For the reasons that follow, the Court finds that remand is not required.

### A. Legal Standard

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir 2009). A federal district court may exercise removal jurisdiction only when the court would have had original jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). A plaintiff may move to remand the case to state court if the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

Federal district courts have original diversity jurisdiction over cases "between citizens of different states" when "the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

The removing party has the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro*, 591 F.3d at 620. If there are any doubts about whether removal is proper, the federal court must remand the case to state court. *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 405 (8th Cir. 2013) (quoting *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

**B. UUIC is a citizen of Missouri for federal diversity purposes.**

Plaintiff argues that because UUIC has been incorporated in Missouri, it is therefore a citizen of Missouri for diversity purposes. (Doc. 7 at 1-4). UUIC argues that its incorporation in Missouri ceased upon its redomestication to Kansas in 1998. (Doc. 15 at 7-12). The Court finds that UUIC is a citizen of Missouri for federal diversity purposes.

A corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In some instances, a corporation may "redomesticate" itself and become a domestic corporation of a state other than the one in which it was originally incorporated. Missouri Revised Statute § 375.908.2 provides that a domestic insurance company may "transfer its domicile to any other state in which it is admitted to transact the business of insurance, and upon such transfer shall cease to be a domestic insurer" and shall instead become a foreign insurer to the state of Missouri. The Eighth Circuit has

held that a corporation's status as a domestic corporation in a state "is not the same legal issue as its citizenship for diversity purposes." *Union Pac. R. Co. v. 174 Acres of Land Located in Crittenden Cnty., Ark.*, 193 F.3d 944, 946 (8th Cir. 1999). The act of redomesticating does not, on its own, change a corporation's state of incorporation. *Id.* (citing *St. Louis & S.F. Ry. Co. v. James*, 161 U.S. 545, 565 (1896)). "A corporation may be made what is termed a domestic corporation of a state in compliance with the legislation thereof. It does not thereby become a citizen of the state in which a copy of its charter is filed, so far as to affect the jurisdiction of the Federal courts upon a question of diverse citizenship." *Id.* (citing *Southern Ry. Co. v. Allison*, 190 U.S. 326, 337 (1903)).

Defendant UUIC was originally incorporated in Missouri under the name "Zurich Insurance Company of Missouri" on January 25, 1982. (Doc. 7-3 at 14). On January 1, 1983, Zurich Insurance Company and UUIC merged and continued operating under the name "Universal Underwriters Insurance Company." (Doc. 7-4 at 14). In 1998, UUIC completed a formal redomestication from Missouri to Kansas, filed Amended Articles of Incorporation in Kansas, and became a Kansas corporation. (*See* Doc. 15-6); *see* Mo. Rev. Stat. § 375.908.2. In 2012, UUIC redomesticated again from Kansas to Illinois, filed Amended Articles of Incorporation in Illinois, and became an Illinois domestic insurer. (*See* Doc. 15-7). Since 1982, however, UUIC has maintained its corporate charter in Missouri and filed the required annual reports. (*See* Docs. 7-1, 7-2). UUIC has not dissolved, surrendered, or otherwise ended its Missouri corporate charter and incorporation. The Missouri Secretary of State identifies UUIC as a corporation "created under the laws of this state on the 25th day of January, 1982," and which "is in good standing." (Doc. 7-1).

In 1998, UUIC transferred its domicile from Missouri to Kansas and became a "foreign insurer" in Missouri under Missouri insurance law. (*See* Doc. 15-6); *see* Mo. Rev. Stat. § 375.908.2. However, that change in status under Missouri insurance law, without more, does not

cancel out the fact that UUIC was originally incorporated in Missouri and has not relinquished that incorporation. Relying on out-of-circuit case law, UUIC argues that this redomestication has annulled its status as a citizen of Missouri for diversity purposes. (Doc. 15 at 7). But the Eighth Circuit has held the opposite. In *Union Pacific*, the Eighth Circuit determined that redomestication does not, on its own, change a corporation's state of incorporation. *Union Pacific*, 193 F.3d at 946 (citing *James*, 161 U.S. at 565). UUIC argues that the holding in *Union Pacific* is applicable only to railroad companies, but the Court is not convinced. First, the Eighth Circuit does not cabin its holding in *Union Pacific* to railroad companies alone. *See* 193 F.3d 944. Additionally, the Eighth Circuit based its reasoning, in part, on the legislative history of the amendments to the diversity jurisdiction statute, as well as binding Supreme Court precedent dealing with corporate citizenship of corporations that have redomesticated. The Eighth Circuit found notable that the Senate Judiciary Committee, in formulating amendments to the diversity jurisdiction statute, considered how the amendments would affect corporate citizenship for "corporations which do business over a large number of States, such as the railroads, *insurance companies*, and other corporations whose businesses are not localized in one particular state." 193 F.3d at 947 (emphasis added). The Court is not convinced that *Union Pacific* does not apply to the instant question of an insurance company's corporate citizenship for diversity purposes after redomestication.

UUIC's incorporation in Missouri has not been surrendered, cancelled, or dissolved. (*See* Doc. 7-1). Redomestication alone does not change UUIC's state of incorporation for federal diversity purposes. *Union Pacific*, 193 F.3d at 946 (citing *James*, 161 U.S. at 565). The plain language of the diversity jurisdiction statute states that a corporation is a citizen of every state in which it "has been" incorporated. 28 U.S.C. § 1332(c)(1). UUIC "has been" incorporated in Missouri. *See id.*; *Colon v. Ashby*, 314 F. Supp. 3d 116, 120-21 (D.D.C. 2018) ("[A] corporation

[is] a citizen of every state in which it 'has been' incorporated, not in which it 'is' incorporated."); *see also Bradley Timberland*, 712 F.3d at 405 (resolving "all doubts about federal jurisdiction in favor of remand"). Therefore, for federal diversity purposes, UUIC is a citizen of Missouri.

Redomestication of a Missouri corporation to Kansas does not alone create diversity between the corporation and a citizen of Missouri. *See Union Pacific*, 193 F.3d at 946 (citing *James*, 161 U.S. at 565). The Hendersons are citizens of Missouri. (Doc. 7 at 2; Doc. 1 at ¶ 5). UUIC is also a citizen of Missouri. Accordingly, there is no diversity of citizenship, and this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332. The case is therefore remanded to state court. 28 U.S.C. § 1447(c).

**C. Plaintiff's request for attorney fees and costs incurred as a result of challenging the removal is denied.**

Plaintiffs have also moved for attorney fees and costs that they incurred as a result of challenging the removal. (Doc. 7 at 3). UUIC opposes this and moves for an award of attorney fees and costs "for responding to Plaintiffs' frivolous motion." (Doc. 15 at 13).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). It is within the Court's discretion to determine whether or not to award attorney fees. *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 482 (8th Cir. 2015). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

In this case, UUIC had an objectively reasonable basis for removal. UUIC believed that its redomestication from Missouri to Kansas with the state insurance-regulating agency negated its classification as a Missouri corporation for diversity purposes. Although that was erroneous, it was objectively reasonable as a basis for removal. Further, Plaintiffs' motion for remand was not

frivolous, and the Court sees no reason to award UUIC attorney fees and costs. Accordingly, both parties' motions for attorney fees and costs are denied.

## III. Conclusion

For the reasons set forth above, the Court finds that the Motion to Remand to State Court (Doc. 7) should be **GRANTED**. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to Remand to State Court is GRANTED as set forth herein.

IT IS FURTHER ORDERED that this matter be remanded to the Circuit Court of Cole County, Missouri.

Dated this 11th day of September, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge